UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>HOLLISTER CONSTRUCTION<br>SERVICES, LLC,<br><br>   Debtor. | Chapter 11<br><br>Case No.: 19-27439-MBK |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF JORDANO ELECTRIC, INC. TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER: (I) RESTATING AND ENFORCING THE AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS AND *IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE AND (II) AUTHORIZING USE OF CASH COLLATERAL**

Jordano Electric, Inc. ("Jordano"), by and through its undersigned counsel, hereby submit this Limited Objection and Reservation of Rights (the "Objection") to the motion of Hollister Construction Services, LLC (the "Debtor") for entry of an order: (i) restating and enforcing the automatic stay, anti-discrimination provisions and *ipso facto* protections of the Bankruptcy Code ("Stay Motion"); and (ii) authorizing use of cash collateral ("Cash Collateral Motion"). In support of its Limited Objection, Jordano respectfully submits the following:

**PRELIMINARY STATEMENT**

1.   Granting the Stay Motion, despite the Debtor's claim in paragraph 13 of its application, may expand the scope of the automatic stay provisions of section 362 of the Bankruptcy Code by preventing Jordano from filing, perfecting and enforcing a

construction lien against trust funds that are not property of the
Debtor's estate.  Given the substantive relief sought and the lack
of information available, the Stay Motion should not be granted
using the Debtor's proposed form of order, particularly given the
shortened time and limited notice being provided to all creditors
and parties-in interest. Accordingly, Jordano respectfully objects
to the entry of Debtor's Stay Motion unless the proposed form of
order is modified to: (i) expressly provide that it is not
expanding the scope of section 362(a) of the Bankruptcy Code; and
(ii) excludes liens against trust funds that are not property of
the Debtor's estate.

2.   Likewise, granting the Collateral Stay Motion may
infringe on contractual or equitable trust funds that are not
property of the Debtor's Estate. Given the substantive relief
sought and the lack of information available, the Cash Collateral
Motion should not be granted using the Debtor's proposed form of
order, particularly given the shortened time and limited notice
being provided to all creditors and parties-in interest.
Accordingly, Jordano respectfully objects to the entry of Debtor's
Cash Collateral Motion unless the proposed form of order is
modified as follows:

    a. Neither Debtor nor any assignee of Debtor,
       including, but not limited to any lender
       including PNC Bank, shall have, or be deemed
       to have, any beneficial interest in or lien
       upon any contractual or equitable trust

funds unless and until the trust fund
beneficiaries are fully paid and satisfied.

b. With respect to any construction project
where a contractual or equitable trust
exists, the Debtor is authorized to
establish separate escrow accounts with PNC
Bank as a Debtor-in-Possession trust
account for each such construction project
into which all proceeds from the
construction project shall be deposited.
Funds from each such trust account shall be
used only to pay trust fund beneficiaries
until further Order of the court.

## BACKGROUND

3.    Upon information and belief, Debtor entered into a
contract (the "Contract") with Fairleigh Dickinson University
("Owner") in connection with a project known as the "FDU Pedestrian
Bridge" and bearing project number 16-086 (the "Project").

4.    The Debtor did not provide a copy of the Contract to
Jordano.

5.    On or about May 26, 2019, Debtor executed a subcontract,
bearing subcontract number SC-16086-008 ("Subcontract"), with
Jordano wherein Jordano agreed to perform certain work on behalf
of the Debtor in connection with the Project.

6.    As of this date, Jordano fully and faithfully performed
its obligations under the Subcontract and is owed a significant
sum of money for work performed on the Project to date.

7.    On September 11, 2019 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code.

8.    On the Petition Date, the Debtor also filed the Stay Motion wherein the Debtor seeks entry of an order: (i) restating and enforcing the automatic stay, anti-discrimination provisions, and ipso facto protections of title Bankruptcy Code, (ii) approving the form and manner of notice related thereto, and (iii) granting related relief.

9.    In addition, on the Petition Date, the Debtor filed the Cash Collateral Motion wherein the Debtor seeks authority to use Cash Collateral, as defined therein, of the Debtor's secured lender PNC Bank, National Association.

**LEGAL ARGUMENT**

10.    Pursuant to section 362(a) of the Bankruptcy Code, the commencement of a bankruptcy case results in an automatic stay that enjoins all persons and entities from, among other things, taking any action to obtain possession of property of the estate or to exercise control over property of the estate.  *See* 11 U.S.C. § 362(a)(3).

11.    Property of a bankruptcy estate is defined by Section 541 of the Bankruptcy Code as "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).  "Property in which the debtor holds, as of

the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate . . . only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold."  11 U.S.C. § 541(d).

12.  "Because the debtor does not own an equitable interest in property he holds in trust for another, that interest is not 'property of the estate.'"  Beiger v. Internal Revenue Svc., 496 U.S. 53, 59 (1990); *see also In re Columbia Gas*, 997 F.2d 1039, 1059 (3d Cir. 1993) ("[I]f the [debtor] holds the customer refunds in trust, as it asserts, these refunds are excluded from [the debtor's] bankruptcy estate and are immediately payable to its customers").

13.  In the matter *In re Alcon Demolition, Inc.*, 204 B.R. 440, 448 (Bankr. D.N.J. 1997), the Debtor entered into an agreement that expressly provided "all monies due or to become due under any contract or contracts covered by the Bonds are trust funds," with the debtor as trustee and the laborers and materialmen as beneficiaries.  Relying on the language of the contractual trust, the court in *Alcon Demolition* held that funds constituting trust assets are not part of the bankruptcy estate because the debtor held the property as trustee for the benefit and enjoyment of another.

14.    Here, at this early stage of this bankruptcy matter, the record is unclear whether the Contract required the Debtor to hold any monies due or to become due to the Debtor under the Contract in trust for the benefit of the subcontractors, suppliers and laborers performing work in connection with the Project, including Jordano.   Nor is it clear whether there exists an equitable trust for the benefit of subcontractors, such as Jordano.

15.    In the event the Contract created a contractual trust or an equitable trust exists for the benefit of Jordano, among others, the automatic stay would not prevent Jordano from filing, perfecting or prosecuting a construction lien claim for pre-petition services rendered.[1]   Indeed, unlike the circumstances in *In re Linear Electric Company, Inc.*, 852, F. 3d 313 (3d Cir. 2017), Jordano's construction lien would not attach to the Debtor's property *i.e.*, its account receivables.   Rather, the lien would attach to only the trust's account receivable, to which the Debtor has no equitable interest in and is not part of its estate.[2]

16. Similarly, in the event the Contract created a contractual trust or an equitable trust exists for the benefit of

---

[1] Jordano may have an equitable lien against the amounts due to the Debtor under the Contract and reserves all of its rights and remedies in connection therewith.   Likewise, all amounts due or that may become due under the Contract may be subject to an equitable trust and Jordano reserves all of its rights and remedies in connection therewith.

[2] The funds due to the Debtor under the Contract may not constitute property of the Debtor's estate and Jordano expressly reserves all of its rights and remedies in connection therewith.

Jordano, among others, any payments to the Debtor from the Contract should be held in trust in a segregated account subject to payment only to the proper trust beneficiaries.   As the Third Circuit recognized in *In re Modular Structures, Inc.*, 27 F. 3d 72 (3rd Cir. 1994), a secured creditor's rights can rise no higher than the rights of its assignor.   Thus, neither the Debtor nor any of its assignees, including, but not limited to, any lender such as PNC Bank, have (or can have) any rights or liens against contractual or equitable trust funds.

## **RESERVATION OF RIGHTS**

17.   Jordano reserves all of its rights, remedies and issues with respect to the Contract and Project including, without limitation, enforcement of an equitable lien and contention that all monies due or may become due under the Contract are not property of the Debtor's estate and/or are subject to a trust and/or not subject to the automatic stay.

## CONCLUSION

**WHEREFORE,** Jordano respectfully requests that the Court deny

the Debtor's Stay Motion and Cash Collateral Motion unless the

Interim Order is modified as requested herein.

<div style="margin-left:2em">

TRIF LAW LLC
*Attorneys for Creditor and Party in Interest,*
Jordano Electric, Inc.


*/s/ Greg Trif*
Greg Trif
89 headquarters Plaza
North Tower, Suite 201
Morristown, New Jersey 07960
Telephone:  973-860-2030
Facsimile:  974-554-1220

</div>

Dated:  September 15, 2019