UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**LOWENSTEIN SANDLER LLP**
Arielle Adler, Esq.
Bruce Buechler, Esq.
Joseph DiPasquale, Esq.
Jennifer B. Kimble, Esq.
Kenneth A. Rosen, Esq.
Mary E. Seymour, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Proposed Counsel to the Debtor and
Debtor-in-Possession*

Order Filed on September 16, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

HOLLISTER CONSTRUCTION SERVICES, LLC[1]

       Debtor.

Chapter 11

Case No. 19-27439 (MBK)

## FIRST INTERIM ORDER (I) AUTHORIZING THE USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION, (III) SCHEDULING A FINAL HEARING AND, (IV) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through and including twenty-seven (27), is hereby **ORDERED**.

**DATED:**  September __, 2019

**DATED: September 16, 2019**

Honc
Unite

*Michael B. Kaplan*

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is Hollister Construction Services, LLC (5404).

Page:       2
Debtor:     Hollister Constructions Services, LLC
Case No.:   19-27439 (MBK)
Caption:    Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
            Scheduling a Final Hearing, and (IV) Granting Related Relief

---

This matter is before the Court on the motion (the "Motion")[2] of the above captioned debtor

and debtor-in-possession (the "Debtor") for entry of an interim order (the "Interim Cash

Collateral Order" or "Interim Order"), and a final order (the "Final Cash Collateral Order" or

"Final Order"), pursuant to sections 105(a), 361, 362 and 363 of title 11 of the United States

Code, 11 U.S.C. §§ 101, *et. seq.* (the "Bankruptcy Code"), (i) authorizing the Debtor's use of

cash collateral pursuant to section 363 of the Bankruptcy Code; (ii) granting adequate protection

for such use of cash collateral pursuant to sections 361 and 363 of the Bankruptcy Code; (iii)

scheduling a hearing (the "Final Hearing") to consider entry of the Final Cash Collateral Order

authorizing and approving use of cash collateral on a final basis; and (iv) granting related relief

pursuant to Rules 4001(b)(2) and (c)(2) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").   The Court considered the Motion on an interim basis and the limited

objections filed thereto or as stated on the record, at a hearing held on September 16, 2019, and

after having heard from parties in interest at that hearing, and after due deliberation and good and

sufficient cause appearing for the entry of the within order,

**IT IS HEREBY FOUND, DETERMINED, ORDERED, AND ADJUDGED**, that:[3]

1.    Motion Granted. The Motion is granted on an interim basis in accordance with the

terms of this Interim Order.  Any objections to the Motion with respect to the entry of this Interim

Order that have not been withdrawn, waived or settled, and all reservations of rights included

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3]  The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant
to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  Findings of fact
shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, as appropriate.

Page:        3
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
             Scheduling a Final Hearing, and (IV) Granting Related Relief

---

therein or raised on the record at the hearing are hereby continued until September 24, 2019 at

11:30 a.m., the date upon which the Court will hold a subsequent interim hearing on the Motion.

2.      <u>Jurisdiction</u>. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§

157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of the

Debtor's Chapter 11 Case and the Motion is proper under 28 U.S.C. §§ 1408 and 1409.

3.      <u>Statutory Predicates</u>.  The statutory predicates for the relief sought in the Motion

are Bankruptcy Code §§ 105, 361, 362 and 363, Rule 4001 of the Federal Rules of Bankruptcy

Procedures (the "<u>Bankruptcy Rules</u>"), and Rule 4001-3 of the Local Rules of the United States

Bankruptcy Court for the District of New Jersey (the "<u>Local Rules</u>").

4.      <u>Notice</u>. Notice of the Motion for the preliminary hearing on the Debtor's proposed

use of cash collateral has been served in accordance with section 102(1) of the Bankruptcy Code,

Bankruptcy Rule 4001(b), and D.N.J. LBR 9013-1(e), which notice is appropriate and sufficient

for all purposes under the Bankruptcy Code and the applicable Bankruptcy Rules with respect to

the interim relief requested in the Motion.

5.      <u>Debtor's Stipulations with Respect to PNC</u>.  Without prejudice to the rights of any

other party, but subject to the limitations thereon contained in paragraph 14 of this Interim Order,

and subject to the provisions of Paragraphs 18 and 19 hereof, the Debtor represents, admits,

stipulates, and agrees that (collectively, the "<u>Debtor's PNC Stipulations</u>"):[4]

---

[4] None of Debtor's PNC Stipulations set forth in this Order shall limit, impair or modify in any way the rights,
protections or remedies of PNC, including with respect to any default or "Event of Default" (as defined in the
Prepetition PNC Credit Documents (as defined in Paragraph 5(c) of this Interim Order)) under any of the loan
documents evidencing the Prepetition Facilities.

Page:        4
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
             Scheduling a Final Hearing, and (IV) Granting Related Relief

---

A.     <u>PNC Cash Collateral</u>. Except as otherwise provided herein, any and all of the Debtor's cash and other amounts on deposit or maintained in any account or accounts by the Debtor generated by the collection of accounts receivable or other disposition of the Prepetition PNC Collateral (as defined herein) existing as of the Petition Date, and the proceeds of any of the foregoing, is PNC's cash collateral within the meaning of section 363(a) of the Bankruptcy Code (the "<u>Cash Collateral</u>").

B.     <u>Prepetition Line of Credit Loan Documents</u>.  On or about November 13, 2014, PNC extended a line of credit to the Debtor in the principal amount of $15,000,000.00 (the "<u>Prepetition Line of Credit</u>").  The Prepetition Line of Credit is evidenced by, *inter alia*, that certain Amended and Restated Committed Line of Credit Note dated December 30, 2015 executed and delivered by the Debtor to PNC (the "<u>Committed Line Note</u>") and related (i) Borrowing Base Rider dated November 13, 2014 between the Debtor and PNC and (ii) Security Agreement dated November 13, 2014 executed and delivered by the Debtor in favor of PNC (collectively, and together with the Committed Line Note and all other documents related to and/or evidencing the Prepetition Line of Credit, as amended, supplemented, modified and/or restated prior to the date hereof, the "<u>Prepetition Line of Credit Loan Documents</u>").

C.     <u>Prepetition Term Loan Documents</u>.  On or about September 26, 2018, PNC loaned the Debtor the principal amount of $1,600,000.00 (the "<u>Prepetition Term Loan</u>").  The Prepetition Term Loan is evidenced by, *inter alia*, that certain Term Loan Note dated as of September 26, 2018 (the "<u>Prepetition Term Loan Note</u>") (together, and with all other documents related to and/or evidencing the Prepetition Term Loan, as amended, supplemented, modified

Page:       5
Debtor:     Hollister Constructions Services, LLC
Case No.:   19-27439 (MBK)
Caption:    Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

and/or restated prior to the date hereof, the "Prepetition Term Loan Documents" and, together with the Prepetition Line of Credit Loan Documents, the "Prepetition PNC Credit Documents").

D.     Acknowledgement of Default.   As of the Petition Date, Debtor was in default of its obligations under the Prepetition PNC Credit Documents.

E.     Existing Bank Accounts.   As of the date hereof, Debtor holds depository bank accounts as set forth in the Debtor's Cash Management Motion [Docket No. 11].

F.     Outstanding Prepetition Secured Obligations.

(1)     As of the Petition Date, the outstanding principal amount of the obligations owing by the Debtor to PNC under and in connection with the Prepetition Line of Credit was $14,000,000, together with all accrued interest, charges, fees, costs and expenses (including attorneys' fees and legal expenses), which, in the aggregate, totaled at least $14,012,345.53 as of the Petition Date.

(2)     As of the Petition Date, the outstanding principal amount of the obligations owing by the Debtor to PNC under and in connection with the Prepetition Term Loan was $1,306,666.83 together with all accrued interest, charges, fees, costs and expenses (including attorneys' fees and legal expenses), which, in the aggregate, totaled at least $1,309,025.57 as of the Petition Date.

(3)     Taken together, as of the Petition Date, the outstanding amounts due and owing to PNC under the Prepetition Line of Credit and Prepetition Term Loan were, in the aggregate, together with all accrued interest, charges, fees, costs and expenses (including attorneys' fees and legal expenses), at least $15,321,371 (collectively, the "Secured Obligations") as of the Petition Date.

Page:       6
Debtor:     Hollister Constructions Services, LLC
Case No.:   19-27439 (MBK)
Caption:    Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
            Scheduling a Final Hearing, and (IV) Granting Related Relief

---

(4)     The Secured Obligations constitute allowed, legal, valid, binding, enforceable and non-avoidable obligations of the Debtor and are not subject to any offset, defense, counterclaim, avoidance, recharacterization or subordination pursuant to the Bankruptcy Code or any other applicable law, and the Debtor does not possess and shall not assert any claim, counterclaim, setoff or defense of any kind, nature or description which would in any way affect the validity, enforceability and nonavoidability of any of the Secured Obligations.

G.      <u>Prepetition Liens and Collateral</u>.  Except as otherwise set forth herein, as of the Petition Date, the Secured Obligations were secured by a valid, perfected, and enforceable and non-avoidable first priority security interest and lien (the "<u>Prepetition PNC Lien</u>") granted by the Debtor to PNC upon the Collateral (as defined in the Prepetition PNC Credit Documents, hereafter the "<u>Prepetition PNC Collateral</u>"). The Prepetition PNC Lien in and against the Prepetition PNC Collateral (i) is a valid, binding, perfected, and enforceable lien and security interest on the Prepetition PNC Collateral, (ii) is not subject, pursuant to the Bankruptcy Code or other applicable law, to avoidance, recharacterization, recovery, subordination, attack, offset, counterclaim, defense, or "claim" (as defined in the Bankruptcy Code) of any kind, (iii) is subject and/or subordinate only to any validly perfected and unavoidable liens that existed on the Petition Date and are senior to the Prepetition PNC Lien under applicable non-bankruptcy law, and (iv) constitute the legal, valid, unavoidable and binding obligation of the Debtor, enforceable in accordance with the terms of the Prepetition PNC Credit Documents.

H.      <u>Adequate Protection for PNC</u>.  As a result of the Debtor's authorization to use PNC's Cash Collateral as set forth herein, PNC is entitled to receive adequate protection pursuant to sections 361, 362, and 363 of the Bankruptcy Code for and solely to the extent of any

Page:        7
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
             Scheduling a Final Hearing, and (IV) Granting Related Relief

---

actual diminution in the value, from and after the Petition Date, of its interests in the Prepetition

PNC Collateral (including the Cash Collateral) resulting from the automatic stay and/or from the

Debtor's use, sale or lease of the Prepetition PNC Collateral (including the Cash Collateral), or

otherwise during the Chapter 11 Case.  As adequate protection, PNC will receive the adequate

protection described in this Interim Order. In light of such adequate protection, PNC has consented

to the Debtor's use of PNC's Cash Collateral, solely on the terms and conditions set forth in this

Interim Order. The adequate protection provided herein and other benefits and privileges contained

herein are consistent with and authorized by the Bankruptcy Code and are necessary to obtain

PNC's consent to the Debtor's use of Cash Collateral.

I.      No Claims.  Subject to  the provisions of Paragraph 14 of this Interim Order

and entry of a Final Order, the Debtor, on behalf of itself and its estate and all of its past, present

and future predecessors, successors, heirs, subsidiaries and assigns (collectively, the "Releasors"),

agree that as of the Petition Date it holds no valid or enforceable "claims" (as defined in the

Bankruptcy Code), counterclaims, causes of action, defenses, or setoff rights of any kind against

PNC and its officers, directors, equity holders, members or shareholders arising out of, relating to,

or in connection with, *inter alia*, the Prepetition PNC Credit Documents, the Secured Obligations,

the Prepetition PNC Collateral, the lending relationship with the Debtor under the Prepetition PNC

Credit Documents, any action or inaction of PNC prior to the Petition Date under the Prepetition

PNC Credit Documents or in connection with the filing of the Chapter 11 Case. The Releasors

hereby forever waive and release any and all "claims" (as defined in the Bankruptcy Code),

counterclaims, causes of action, defenses, or setoff rights against PNC and/or its officers, directors,

equity holders, members, partners, funds, managers, managing members, employees, advisors,

Page:       8
Debtor:     Hollister Constructions Services, LLC
Case No.:   19-27439 (MBK)
Caption:    Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
            Scheduling a Final Hearing, and (IV) Granting Related Relief

---

principals, attorneys, professionals, accountants, investment bankers, consultant, agents, and other

representatives that may have existed as of the Petition Date, whether arising at law or in equity,

including any recharacterization, subordination, lender liability type claims, avoidance, or other

claim arising under or pursuant to section 105 or chapter 5 of the Bankruptcy Code or under any

other similar provisions of applicable state or federal law, arising out of, relating to, or in

connection with, *inter alia*, the Prepetition PNC Credit Documents, the Secured Obligations, the

Prepetition PNC Collateral, the lending relationship with the Debtor under the Prepetition PNC

Credit Documents, any action or inaction of PNC prior to the Petition Date in connection with the

lending relationship under the Prepetition PNC Credit Documents or in connection with the filing

of the Chapter 11 Case.

6.      Necessity for Relief Requested. The Debtor does not have sufficient unencumbered

cash or other assets to continue to operate its business during the Chapter 11 Case or to effectuate

a reorganization.  The Debtor will be immediately and irreparably harmed if it is not immediately

granted the authority to use PNC's Cash Collateral in order to permit, among other things, the

continuation of its business, the ability to fund payroll and other taxes, the maintenance of their

relations with vendors and suppliers, satisfaction of their working capital needs, as well as the

ability to pay for inventory, supplies, overhead, insurance and other necessary expenses and pay

any statutory fees pursuant to 28 U.S.C.§ 1930(a)(6).  The access of the Debtor to sufficient

working capital and liquidity made available through the use of PNC's Cash Collateral is vital to

the preservation and maintenance of the going concern value of the Debtor and to a successful

reorganization of the Debtor.

Page:      9
Debtor:    Hollister Constructions Services, LLC
Case No.:  19-27439 (MBK)
Caption:   Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
           Scheduling a Final Hearing, and (IV) Granting Related Relief

---

7.    <u>Good Cause</u>. Good cause has been shown for entry of this Interim Order, and the entry of this Interim Order is in the best interests of the Debtor and its estate and creditors. Among other things, the relief granted herein will permit the Debtor to preserve and maintain the value of its assets. The stipulated terms of the Debtor's use of PNC's Cash Collateral and proposed adequate protection arrangements, as set forth in this Interim Order, are fair and reasonable under the circumstances, and reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties.

8.    <u>Good Faith</u>. The Debtor's use of Cash Collateral on an interim basis has been negotiated in good faith and at arms' length between and among the Debtor and PNC and PNC's consent to the Debtor's use of Cash Collateral shall be deemed to have been made in "good faith."

9.    <u>Authorization to Use PNC's Cash Collateral</u>. Until the earlier to occur of (i) to and through September 24, 2019 or (ii) the Termination Date (as defined below), the Debtor is hereby authorized to use PNC's Cash Collateral pursuant to and in accordance with the terms of this Interim Order and the Week 1 Budget (as defined below).

10.    <u>Budget</u>.

a)    Except as otherwise provided herein, the Debtor may only use PNC's Cash Collateral for, among other things, (i) working capital requirements, (ii) general corporate purposes, and (iii) certain costs and expenses related to the administration of the Chapter 11 Case (including making adequate protection payments and paying any statutory fees pursuant to 28 U.S.C. § 1930(a)(6)), in each case, pursuant to and solely in accordance with the one (1) week cash collateral budget attached as **Exhibit 1** hereto (the "<u>Week 1 Budget</u>" or "<u>Budget</u>"), which Budget has been approved by PNC. Use of Cash Collateral for category items in the Contingency

Page:        10
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
             Scheduling a Final Hearing, and (IV) Granting Related Relief

---

Line of the Budget shall be subject to the prior consent of PNC.  Nothing contained in this Interim

Order including, without limitation, reference to future dates, reporting requirements, or otherwise,

shall be deemed to constitute consent or agreement to consent on PNC's part for the use of Cash

Collateral beyond September 24, 2019.

b)        Commencing September 19, 2019, and then every seven (7) days thereafter,

until entry of a subsequent Interim Order or Final Order instructing otherwise, the Debtor shall

deliver an updated weekly budget (the "Proposed Weekly Budget") to PNC and its advisors, the

Office of the U.S. Trustee and counsel to any Creditors' Committee that may be appointed in the

Chapter 11 Case (the "Committee"), for the week beginning September 22, 2019 (and then every

week thereafter).

c)        Commencing September 24, 2019, and then every seven (7) days thereafter,

until entry of a subsequent Interim Order or Final Order instructing otherwise, Debtor shall deliver

to PNC a report for the prior one (1) week fiscal period (the "1-Week Fiscal Period") comparing

the actual receipts and disbursements of the Debtor during that 1-Week Fiscal Period with the

receipts and disbursements in the Weekly Budget for the applicable periods.

d)        During the term of this Interim Order, the Debtor may not use PNC's Cash

Collateral: (i) to investigate, initiate, prosecute, join, or finance the initiation or prosecution of any

claim, counterclaim, action, suit, arbitration, proceeding, application, motion, objection, defense,

or other litigation of any type: (A) against PNC or seek relief that would impair the rights and

remedies of PNC under the Prepetition PNC Credit Documents or this Interim Order, including,

without limitation, for the payment of any services rendered by the professionals retained by the

Debtor in connection with the assertion of or joinder in any claim, counterclaim, action,

Page:        11
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
             Scheduling a Final Hearing, and (IV) Granting Related Relief

---

proceeding, application, motion, objection, defense, or other contested matter, the purpose of

which is to seek, or the result of which would be to obtain, any order, judgment determination,

declaration, or similar relief that would impair the ability of PNC to recover on the Secured

Obligations or seeking affirmative relief against PNC; (B) invalidating, setting aside, avoiding, or

subordinating, in whole or in part, the Secured Obligations, PNC's liens or security interests in the

Prepetition PNC Collateral; or (C) for monetary, injunctive, or other affirmative relief against PNC

or its liens on or security interests in the Prepetition PNC Collateral that would impair the ability

of PNC to assert or enforce any lien, claim, right, or security interest or to realize or recover on the

Secured Obligations; (ii) for objecting to or challenging in any way the legality, validity, priority,

perfection, or enforceability of the claims, liens, or interests (including the Prepetition PNC Liens)

held by or on behalf of PNC; (iii) for asserting, commencing, or prosecuting any claims or causes

of action whatsoever, including, without limitation, any Avoidance Actions against PNC; or (iv)

for prosecuting an objection to, contesting in any manner, or raising any defenses to, the validity,

extent, amount, perfection, priority, or enforceability of the Prepetition PNC Liens or any other

rights or interests of PNC.

      11.    <u>Termination Date</u>. The Debtor's authorization, and the consent of PNC to use

PNC's Cash Collateral shall terminate on the earliest to occur of (the "<u>Termination Date</u>"): (i) the

termination or non-consensual modification of this Interim Order or the failure of this Interim

Order to be in full force and effect; (ii) the entry of an order of this Court terminating the Debtor's

right to use Cash Collateral; (iii) the dismissal of the Chapter 11 Case or the conversion of the

Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code; (iv) the appointment of a trustee

Page:      12
Debtor:    Hollister Constructions Services, LLC
Case No.:  19-27439 (MBK)
Caption:   Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

---

or an examiner with expanded powers; and (vi) the expiration of the Cure Period following the delivery of a Default Notice (as defined herein) by PNC, as set forth below.

12.     <u>Insurance</u>. At all times, the Debtor shall maintain casualty and loss insurance coverage for the Prepetition PNC Collateral on substantially the same basis as maintained prior to the Petition Date and shall, if not already done, name PNC as a loss payee.

13.     <u>Sole Depository.</u>  In consideration for the use of PNC's Cash Collateral, within ten (10) business days from the entry of this Interim Order the Debtor shall utilize PNC as its sole depository and any and all deposit accounts maintained at other banking institutions shall be transferred to PNC and thereafter maintained by PNC as debtor-in-possession accounts.  For the avoidance of doubt, the Debtor may continue to maintain its operating account related to payroll at TD Bank solely as conduit operating account.

14.     <u>Reservation of Certain Third Party Rights and Bar of Challenges and Claims</u>.  The rights of any creditor, party in interest or committee, whether formal or informal, including a Creditor's Committee, to dispute or challenge the validity, perfection, extent, amount and priority of PNC's claims and liens and/or the right to dispute PNC's right to any Adequate Protection Payments authorized under this Order (collectively, a "Challenge") are expressly preserved for sixty (60) days from the date that counsel for a Creditor's Committee has been retained, if a Creditor's Committee is formed, and as to all other parties in interest, sixty (60) days from the date that the Court has entered an Order approving this Interim Order (the "Challenge Period"), or upon the entry of a subsequent Interim Order or Final Order.

a)      Nothing in this Interim Order vests or confers on any person (as defined in the Bankruptcy Code), including any Creditors' Committee, if appointed, standing or authority to

Page:        13
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
             Scheduling a Final Hearing, and (IV) Granting Related Relief

---

pursue any claim or cause of action belonging to the Debtor and/or its bankruptcy estate, including,

without limitation, any Challenge with respect to the Prepetition Financing Documents or the

Secured Obligations.

15.    <u>Adequate Protection Lien and Priority</u>.  As adequate protection for (i) the Debtor's

postpetition use of PNC's Cash Collateral, (ii) the Debtor's postpetition use, sale or lease of the

Prepetition PNC Collateral, and (iii) the imposition of the automatic stay (the "<u>Adequate Protection</u>

<u>Obligations</u>"), PNC is hereby granted an additional and replacement security interest in and lien

on (the "<u>Adequate Protection Lien</u>") all post-petition assets of the Debtor, but solely to the extent

of any actual diminution in the value of the PNC Prepetition Collateral, and to the extent and with

the same priority in the Debtor's post-petition collateral, and proceeds thereof, that PNC had in

the Debtor's Prepetition PNC Collateral.  The Adequate Protection Lien shall extend to any claims

or causes of action of the Debtor under 11 U.S.C. §§ 544, 547, 548, 549, 550 or 551 ("<u>Avoidance</u>

<u>Actions</u>") or any proceeds of any of such claims or causes of action ("<u>Avoidance Proceeds</u>").

For the avoidance of doubt, the Adequate Protection Lien shall be junior in priority only to

any fees payable to the Clerk of this Court and statutory fees pursuant to 28 U.S.C. § 1930(a)(6).

The Adequate Protection Lien granted to PNC shall be a (x) first priority perfected lien on

the Prepetition PNC Collateral on which PNC had a valid and perfected first priority lien on as of

the Petition Date, even if such collateral is subject to a validly perfected lien that is junior to the

lien of PNC, and (y) junior perfected lien on the Prepetition PNC Collateral that is subject to a

validly perfected lien with priority over PNC's liens as of the Petition Date.

The Adequate Protection Lien granted to PNC pursuant to this Interim Order is deemed

valid and perfected upon entry of this Interim Order without the necessity of PNC taking

Page:        14
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

possession of, filing financing statements, mortgages, or other documents. Upon the request of PNC, the Debtor shall execute and deliver to PNC any and all UCC financing statements, mortgages, notes, assignments, or other instruments or documents considered by PNC necessary in order to perfect the Adequate Protection Liens; and PNC is hereby granted relief from the automatic stay embodied in section 362(a) of the Bankruptcy Code to receive, file, and record the foregoing.

The provisions of this Paragraph 15 are subject to the provisions of Paragraphs 18 and 19 hereof.

16.     <u>Adequate Protection Superpriority Claims</u>.  To the extent the adequate protection provided is insufficient to protect PNC's interest in and to the Cash Collateral, PNC shall have a superpriority administrative expense claim pursuant to Section 507(b) of the Bankruptcy Code, senior to any and all claims against the Debtor under Section 507(a) of the Bankruptcy Code, subject to statutory fees pursuant to 28 USC 1930(a)(6).

17.     <u>Adequate Protection Fees and Interest</u>.  As further adequate protection PNC shall be entitled to (i) interest on account of the outstanding Secured Obligations, which shall accrue at the non-default rate of interest in accordance with the amounts, time and manner set forth in the Prepetition PNC Credit Documents, and (ii) the reasonable and documented fees, costs and expenses incurred by PNC after the Petition Date, including, but not limited to, attorneys' fees and expenses (the "<u>Adequate Protection Fees</u>"), which shall also accrue in accordance with the amounts, time and manner set forth in the Prepetition PNC Credit Documents. Consistent with Paragraph 18 of this Order, said interest, fees and costs, shall not, absent a further Order of this Court, be paid from the Bonded Project Proceeds.

Page:       15
Debtor:     Hollister Constructions Services, LLC
Case No.:   19-27439 (MBK)
Caption:    Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

---

18.     PNC and Arch's Competing Interests in Bonded Projects and Proceeds therefrom.

Prior to the Petition Date, Arch executed certain performance and payment bonds (the "Bonds") on behalf of the Debtor including the Bonds bearing bond numbers and for obligees (the "Project Owners") of and for certain of the Debtor's ongoing construction projects (the "Bonded Projects") which Bonds relate to certain of the contracts which the Debtor was performing under as of the Petition Date. Arch contends that progress payments, retainage, change order and claim proceeds that are outstanding and which may be earned with respect to the Bonded Projects (collectively, the "Bonded Project Proceeds"), when held by Project Owners or when paid by Project Owners constitute trust funds for the benefits of laborers, subcontractors, suppliers, and materialmen of the Bonded Projects pursuant to applicable state statutes.

Neither Debtor nor any assignee of Debtor (except for any junior perfected residual interest, if any, held by PNC following payment of the obligations on any Bonded Projects), including but not limited to any lender, shall have, or been deemed to have, any beneficial interest in or lien upon the Bonded Project Proceeds of any Bonded Project unless and until all of that Bonded Project is complete, all bonded obligations arising out of that Bonded Project have been satisfied, and the Bonds relating to that Bonded Project have been released or discharged.

With respect to each of the Bonded Projects, the Debtor and Surety are authorized to establish separate escrow accounts with PNC as Debtor-in-Possession trust accounts for each such Bonded Project into which all Bonded Project Proceeds shall be deposited (the "Bonded Project Escrow Accounts"). The Bonded Project Proceeds shall be deposited into the respective Bonded Projects Escrow Accounts, when due and payable by the Bonded Project Owners to Debtor or its assigns. The Surety shall designate a representative who shall serve as signatory on each account

Page:      16
Debtor:    Hollister Constructions Services, LLC
Case No.:  19-27439 (MBK)
Caption:   Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

and, with the Debtor's prior approval or consent, and upon notice to the United States Trustee, funds from each such Bonded Project Escrow Account shall be used only to fund the actual and reasonable direct costs from completion of the respective Bonded Project, to pay valid bonded obligations, and to pay Trust Fund Beneficiaries' claims including but not limited to: (a) payment of laborers, payroll taxes on wages paid to such laborers, union fringe benefits funds, subcontractors and materialman for labor, services and materials; (b) payment of the actual, reasonable, and proper claims of and obligations owing to laborers, union fringe benefit funds, subcontractors, suppliers, materialmen, laborers, subcontractors, suppliers to subcontractors for labor, materials or services supplied in furtherance of the Bonded Projects and/or to reimburse the Surety for any such payments made by it under or by virtue of the Bonds; and (c) payment of claims of "beneficiaries," as defined in applicable state law.

Notwithstanding any other provisions to the contrary in this Interim Order, neither Arch, PNC nor the Debtors waive or release any defenses, rights and claims with respect to the Bonds, Bonded Projects Proceeds or otherwise, all rights being expressly reserved.

19.     <u>Post-Petition Non-Bonded Project Receivables.</u>     Various parties in interest including, but not limited to subcontractors, project owners, PNC, the Debtor, and others, may assert rights, claims or other interests in the post-petition receivables of the Debtor for work performed or services provided on the Debtor's non-bonded projects (the "<u>Non-Bonded Project Receivables</u>"). In order to preserve the rights of all parties in interest, all Non-Bonded Project Receivables received by the Debtor on non-bonded projects after the Petition Dates shall be placed into one (1) separate bank account to be opened by the Debtor at PNC Bank (the "<u>Non-Bonded Project Post-Petition Account</u>") with a separate accounting internally by the Debtor for each such

Page:       17
Debtor:     Hollister Constructions Services, LLC
Case No.:   19-27439 (MBK)
Caption:    Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
            Scheduling a Final Hearing, and (IV) Granting Related Relief

---

non-bonded project.  No Non-Bonded Project Receivables or other amounts held in the Non-

Bonded Project Post-Petition Account shall be disbursed by the Debtor during the period covered

by this Interim Order.  Nothing in this Interim Order is intended to adjudicate, waive or release

any claims or rights with respect to the Non-Bonded Project Receivables or funds held in the Non-

Bonded Post-Petition Account.  All rights of all parties in the Non-Bonded Project Receivables

are being expressly reserved.

20.    <u>Modification of Automatic Stay.</u> The automatic stay under section 362(a) of the

Bankruptcy Code is hereby modified as necessary to effectuate all of the terms and provisions of

this Interim Order, including, without limitation, to: (a) permit the Debtor to provide the adequate

protection provided herein; (b) permit the Debtor to perform such acts as PNC may reasonably

request to assure the perfection and priority of the liens granted herein; and (c) authorize the Debtor

to make payments in accordance with the terms of this Interim Order.

21.    <u>Disposition of Collateral.</u>  Unless otherwise provided for herein, the Debtor shall

not sell, transfer, lease, encumber or otherwise dispose of any portion of the Prepetition PNC

Collateral without the prior written consent of PNC, unless done so in the ordinary course of

business. Further, unless otherwise agreed to by PNC in writing, all proceeds of any sale or other

disposition of the Prepetition PNC Collateral in which PNC has a first priority security interest,

outside of the ordinary course of business shall be paid over to PNC as and to the extent required

by this Interim Order.

22.    <u>Events of Default.</u>  The occurrence of any of the following events, unless waived

in writing by PNC, shall constitute an event of default (each, an "<u>Event of Default</u>"):

Page:        18
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
             Scheduling a Final Hearing, and (IV) Granting Related Relief

---

a)      the Debtor's continued use of PNC's Cash Collateral after the Termination Date without the written consent of PNC;

b)      the Debtor's failure to (i) comply with the Weekly Budget and related reporting requirements, or (ii) perform, in any material respect, any of its obligations under this Interim Order;

c)      except as otherwise permitted herein, the Debtor obtaining post-petition credit or incurring post-petition indebtedness that is (i) secured by a security interest, mortgage or lien on all or any portion of the Prepetition PNC Collateral which is equal to or senior to, any security interest, mortgage or lien of PNC, or (ii) entitled to priority administrative status which is equal to or senior to that granted to PNC;

d)      any lien or security interest purported to be created under the Prepetition PNC Credit Documents shall cease to be, shall be asserted by the Debtor not to be, or shall otherwise be determined by the Bankruptcy Court not to be a valid and perfected lien on or security interest in any Prepetition PNC Collateral, with the priority required by the Prepetition PNC Credit Documents or the provisions of this Interim Order;

e)      dismissal of the Chapter 11 Case, conversion of the Chapter 11 Case to chapter 7, or the appointment of a chapter 11 trustee or examiner with expanded powers in the case;

f)      an order shall be entered staying, reversing, vacating, amending, or rescinding any of the terms of this Interim Order without the consent of PNC;

g)      the entry of an order or judgment by this Court or any other court: (i) modifying, limiting, subordinating, or avoiding the priority of the obligations of the Debtor under

DM3\6056798.2

Page:        19
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
             Scheduling a Final Hearing, and (IV) Granting Related Relief

---

this Interim Order, the obligations of the Debtor under the Prepetition PNC Credit Documents, or

the perfection, priority, or validity of the Prepetition PNC Liens, or the Adequate Protection Lien;

(ii) imposing, surcharging, or assessing against PNC's claims or the Prepetition PNC Collateral,

any costs or expenses, whether pursuant to section 506(c) of the Bankruptcy Code or otherwise;

(iii) impairing PNC's right to credit bid; and (iv) authorizing the obtaining of post-petition credit

or the incurrence of postpetition indebtedness that is secured by a security interest, mortgage, or

other lien on all or any portion of the Prepetition PNC Collateral which is equal to or senior to any

security interest, mortgage, or other lien of PNC, or entitled to administrative expense priority

status which is equal or senior to that granted to PNC herein;

h)      the sale of any material portion of the Debtor's assets outside of the ordinary

course of business without the prior written consent of PNC, unless, as a result of the sale, PNC is

paid in full;

i)      any proceeds of any sale or other disposition of the Prepetition PNC

Collateral are not paid over to PNC despite a requirement to do so in this Interim Order, unless

otherwise previously agreed to by PNC in writing, in its sole discretion; or

j)      any of PNC's Cash Collateral is used, whether or not pursuant to Court

order, in a manner prohibited by this Interim Order, including Paragraph 10 hereof unless

otherwise agreed to by PNC.

23.      <u>Exercise of Remedies</u>. Upon the occurrence and at any time during the continuation

of an Event of Default, PNC may deliver a written notice of an Event of Default (a "<u>Default

Notice</u>"), and the automatic stay is hereby vacated to allow the delivery of any Default Notice,

which Default Notice shall be given by email, facsimile, or other electronic means to counsel to

Page:        20
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
             Scheduling a Final Hearing, and (IV) Granting Related Relief

---

the Debtor, the U.S. Trustee, and counsel to the Committee (if appointed). The Debtor shall have

three (3) business days from the date of delivery of such Default Notice to cure such Event of

Default (the "Cure Period") (provided the Debtor shall have the ability to seek an emergency

hearing within 48 hours to challenge any such written notice, and authority to continue usage of

Cash Collateral until the Court rules on such dispute).  Upon the expiration of the Cure Period, the

automatic stay shall be deemed terminated (except as otherwise ordered by the Court for cause)

and PNC shall be entitled to take any action and exercise all rights and remedies provided to it by

this Interim Order, the Prepetition PNC Credit Documents, and/or applicable law as PNC may

deem appropriate in its sole discretion to, among other things, proceed against and realize upon

the assets or properties of Debtor's estate (including the Prepetition PNC Collateral) upon which

PNC has been granted liens and security interests. The Debtor and/or any estate representative

shall cooperate and make all information and documents readily available and turned over to PNC

to realize against the Collateral.

24.     Reversal, Modification, Vacatur, or Stay.  Any reversal, modification, vacatur, or

stay of any or all of the provisions of this Interim Order shall not affect the validity or enforceability

of any Adequate Protection Liens, or any claim, lien, security interest, or priority authorized or

created hereby with respect to any Adequate Protection Liens, incurred prior to the effective date

of such reversal, modification, vacatur, or stay. Notwithstanding any reversal, modification,

vacatur, or stay (a) this Interim Order shall govern, in all respects, any use of Cash Collateral or

Adequate Protection Liens or Adequate Protection Superpriority Claims incurred by the Debtor

prior to the effective date of such reversal, modification, vacatur, or stay, and (b) PNC shall be

entitled to all the benefits and protections granted by this Interim Order with respect to any such

Page:      21
Debtor:    Hollister Constructions Services, LLC
Case No.:  19-27439 (MBK)
Caption:   Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
           Scheduling a Final Hearing, and (IV) Granting Related Relief

---

use of Cash Collateral or such Adequate Protection Liens or Adequate Protection Superpriority

Claims incurred by the Debtor.

25.     <u>Reservation of Rights</u>. Notwithstanding anything to the contrary herein, the entry

of this Interim Order and the transactions contemplated hereby shall not constitute an admission

nor be deemed an admission by PNC that absent its consent to the Debtor's use of PNC's Cash

Collateral under this Interim Order its interest in the Prepetition PNC Collateral would be

adequately protected.  Except as otherwise expressly set forth herein, the entry of this Interim

Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, or

otherwise impair: (a) PNC's right to seek any other or supplemental relief in respect of the Debtor,

including the right to seek additional adequate protection; (b) PNC's rights under the Bankruptcy

Code or under non-bankruptcy law, including, without limitation, the right of PNC to (i) request

modification of the automatic stay of section 362 of the Bankruptcy Code, (ii) request dismissal

of the Chapter 11 Case, conversion of the Chapter 11 Case to a case under chapter 7, or

appointment of a chapter 11 trustee or examiner with expanded powers, (iii) seek to propose,

subject to the provisions of section 1121 of the Bankruptcy Code, a chapter 11 plan or plans; or

(c) any other rights, claims, or privileges (whether legal, equitable, or otherwise) of PNC.

26.     <u>No Waiver for Failure to Seek Relief</u>.  The failure or delay of PNC to seek relief or

otherwise exercise any of its rights and remedies under this Interim Order, the Prepetition PNC

Credit Documents, or applicable law, as the case may be, shall not constitute a waiver of any rights

hereunder, thereunder, or otherwise, by PNC.

27.     <u>Section 507(b) Reservation</u>.  Nothing herein shall impair or modify the application

of section 507(b) of the Bankruptcy Code in the event that the adequate protection provided

Page:        22
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
             Scheduling a Final Hearing, and (IV) Granting Related Relief

_____

hereunder is insufficient to compensate for the Adequate Protection Obligations during the Chapter

11 Case. Nothing contained herein shall be deemed a finding by the Court, or an acknowledgment

by PNC that the adequate protection granted herein does in fact adequately protect it against any

actual diminution in value of its interests in and against the Prepetition PNC Collateral (including

PNC's Cash Collateral).

28.      Section 552(b) Waiver.  Upon the entry of a Final Order, PNC shall be entitled to

all of the rights and benefits of Bankruptcy Code section 552(b) and the "equities of the case"

exception shall not apply.

29.      Section 506(c) Waiver.  Upon entry of a Final Order, neither the Debtor nor any

other person shall assert a claim under section 506(c) of the Bankruptcy Code for any costs and

expenses incurred in connection with the preservation, protection or enhancement of, or realization

by PNC, the Prepetition Collateral or the collateral subject to the Adequate Protection Liens or for

any expenses of the administration of the estate.

30.      No Marshalling/Application of Proceeds.  Following entry of a Final Order, in no

event shall PNC be subject to the equitable doctrine of "marshalling" or any other similar doctrine

with respect to any of the Prepetition PNC Collateral.

31.      No Third Party Rights. Except as explicitly provided for herein, this Interim Order

does not create any rights for the benefit of any third party, creditor, equity holder, or any direct,

indirect, or incidental beneficiary.

32.      No Liability to Third Parties. In permitting the use of PNC's Cash Collateral or in

exercising any rights or remedies as and when permitted pursuant to this Interim Order, PNC shall

not be deemed to be in control of the operations of the Debtor or the or to be acting as a "responsible

Page:        23
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
             Scheduling a Final Hearing, and (IV) Granting Related Relief

person" or "owner or operator" with respect to the operation or management of the Debtor (as such terms, or any similar terms, are used in the United States Comprehensive Environmental Response, Compensation and Liability Act, 29 U.S.C. §§ 9601 et seq. as amended, or any similar federal or state statute), nor shall PNC owe any fiduciary duty to the Debtor, its creditors or estate, or shall constitute or be deemed to constitute a joint venture or partnership with the Debtor. Furthermore, nothing in this Interim Order shall in any way be construed or interpreted to impose upon the PNC any liability for any claims arising from the prepetition or postpetition activities of the Debtor and/or its affiliates (as defined in Bankruptcy Code section 101(2)).

33.    <u>Proof of Claim</u>.  PNC is not required to file a proof of claim in the Chapter 11 Case or any converted case with respect to any obligations under the Prepetition PNC Credit Documents or any other claims or liens granted hereunder or created hereby. Any order entered by the Bankruptcy Court in relation to the establishment of a bar date in the Chapter 11 Case will provide that PNC shall have no obligation to comply with the bar date.

34.    <u>Successor and Assigns</u>.  Unless otherwise provided herein, the provisions of this Interim Order shall be binding upon and insure to the benefit of PNC and the Debtor and their respective successors and assigns (including any trustee or other fiduciary hereafter appointed as legal representative of the Debtor or with respect to the property of the estate of the Debtor) whether in this Chapter 11 Case, in any subsequent case under chapter 7 of the Bankruptcy Code, or upon dismissal of any such chapter 11 or chapter 7 case.

35.    <u>Immediate Entry of Order</u>.  The Debtor has requested the immediate entry of this Interim Order pursuant to Bankruptcy Rules 4001(b) and Local Rule 4001-3.  Absent the entry of this Interim Order, the Debtor and its estate will be immediately and irreparably harmed.

Page:       24
Debtor:     Hollister Constructions Services, LLC
Case No.:   19-27439 (MBK)
Caption:    Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
            Scheduling a Final Hearing, and (IV) Granting Related Relief

---

36.    <u>Order Immediately Effective</u>.   The provisions of this Interim Order shall be immediately effective upon its entry by the Bankruptcy Court as provided for in Bankruptcy Rules 6004(g) and 7062.

37.    <u>Second Interim Hearing</u>.  A subsequent interim hearing on the Motion is scheduled for September 24, 2019, at 11:30 a.m. (ET) (the "<u>Second Interim Hearing</u>"), before the Honorable Michael B. Kaplan, U.S.B.J., at the United States Bankruptcy Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 08608, Courtroom # 8.

**38.**    <u>Service of Interim Order</u>.  The Debtor is hereby directed to serve a copy of this Interim Order, by regular mail or overnight mail, within one (1) business day of entry of this Interim Order on (i) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (ii) counsel for PNC Bank, Duane Morris LLP, 30 South 17th Street, Philadelphia, PA 19103-4196, Attention: James J. Holman; (iii) the Internal Revenue Service, 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016; (iv) the Office of the United States Attorney, Peter Rodino Federal Building, 970 Broad Street, Suite 700, Newark, NJ 07102; (v) the New Jersey Division of Taxation Compliance and Enforcement - Bankruptcy Unit, 50 Barrack Street, 9th Floor, Trenton, NJ 08695; (vi) the Office of the Attorney General of the State of New Jersey, Division of Law, Richard J. Hughes Justice Complex, 25 Market Street, Trenton, NJ 08625; (vii) the Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 2809467, Harrisburg, PA 17128-0946; (viii) Commonwealth of Pennsylvania Office of Attorney General, 16th Floor, Strawberry Square, Harrisburg, PA 17120; (ix) New York State Department of Taxation and Finance, Attention: Office of Counsel, Building 9, W A Harriman Campus, Albany NY 12227; (x) New York State Office of Attorney General, The

Page:       25
Debtor:     Hollister Constructions Services, LLC
Case No.:   19-27439 (MBK)
Caption:    Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
            Scheduling a Final Hearing, and (IV) Granting Related Relief

---

Capitol, Albany, NY 12224-0341; (xi) Arch Insurance Company c/o Armen Shahinian, Esq.,

Chiesa Shahinian & Giantomasi PC, One Boland Drive, West Orange, NJ 07052 and 11 Times

Square, 31st Floor, New York, NY 10036; (xii) the Debtor's twenty largest unsecured creditors;

and (xiii) all parties that have requested to receive notice pursuant to Bankruptcy Rule 2002.  The

Debtor shall file with the Clerk a Certificate of Service of said mailing.

39.    Objections.  Any party in interest filing written objections to the relief sought in the

Motion at the Second Interim Hearing shall file a written objection with the Clerk of the Court and

serve a copy on: (i) Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, New Jersey

07068, Attention:  Kenneth A. Rosen, Esq., attorneys for the Debtors; (ii) Duane Morris LLP, 30

S. 17th Street, Philadelphia, Pennsylvania, 19103, Attention:  James J. Holman, Esq. and Sommer

L. Ross, Esq., attorneys for PNC; and (iii) the Office of the United States Trustee for the District

of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102.

# EXHIBIT 1

**Exhibit 1**
**8 Day Budget**
**Hollister Constructions Serivces, LLC**

| Daily Disbursements Forecast | 9/11/2019 | 9/12/2019 | 9/13/2019 | 9/14/2019 | 9/15/2019 | 9/16/2019 | 9/17/2019 | 9/18/2019 | 9/19/2019 | 9/20/2019 | 9/21/2019 | 9/22/2019 | 9/23/2019 | 9/24/2019 | 8 Day Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Payroll | | | | | | | | | | | | | | | $0 |
| Payroll Employer Taxes | | | | | | | | | | | | | | | $0 |
| Rent - 339 Jefferson Office | | | | | | | | | | | | | | | $0 |
| Rent - NYC Office | | | | | | | | | | | | | | ($5,000) | ($5,000) |
| Insurance - Travelers - G/L | | | | | | ($103,314) | | | | | | | | | ($103,314) |
| Insurance - Bank Direct - Auto, etc. | | | | | | | | | | | | | | | $0 |
| Insurance - NJM - W/C | | | | | | | | | | | | | | | $0 |
| Insurance - Principal – Life | | | | | | | | | | | | | | | $0 |
| Insurance - Beneflex - Health | | | | | | | | ($3,000) | | | | | | | ($3,000) |
| Insurance - BCBS - Health | | | | | | ($135,572) | | | | | | | | | ($135,572) |
| Insurance - Guardian – Dental/Vision | | | | | | ($12,126) | | | | | | | | | ($12,126) |
| Clarity Benefit Solutions | | | | | | | | | | | | | | | $0 |
| Postage-Purch Power/Pitney Bowes | | | | | | ($300) | | | | | | | ($500) | | ($800) |
| Bank Fees | | | | | ($1,603) | | | | | | | | | | ($1,603) |
| UPS / Fedex Delivery | | | | | | ($200) | | | | | | | ($200) | | ($400) |
| Verizon Wireless | | | | | | | | | | ($5,000) | | | | | ($5,000) |
| Legal Services (Bankruptcy) | | | | | | | | | | | | | | | $0 |
| U.S. Trustee Fees | | | | | | | | | | | | | | | $0 |
| IT - Cloudnexa | | | | | | | | | | | | | | | $0 |
| IT - Exigent Technologies | | | | | ($3,400) | | | | | | | | | | ($3,400) |
| IT - Microsft - email | | | | | | | | | | | | | | | $0 |
| IT - Grasshopper - Voicemail | | | | | | | | | | | | | | | $0 |
| IT - Zoom | | | | | | | | | | | | | | | $0 |
| IT - Carbonite - Backup | | | | | | | | | | ($327) | | | | | ($327) |
| IT - Building Connected Renewal | | | | | | | | | | | | | | | $0 |
| IT - Optimum | | | | | | | | | | ($250) | | | | | ($250) |
| IT - Copier Leases | | | | | ($1,400) | | | | | | | | | | ($1,400) |
| IT - Dropbox | | | | | | | | | | ($160) | | | | | ($160) |
| IT - Matterport | | | | | | | | | | ($99) | | | | | ($99) |
| IT - Plangrid | | | | | | | | | | ($49) | | | | | ($49) |
| IT - Crashplan.com | | | | | | | | | | ($50) | | | | | ($50) |
| U.S. Trustee Fees | | | | | | | | | | ($35) | | | | | ($35) |
| IT - Slack | | | | | | | | | | ($8) | | | | | ($8) |
| IT - Constant Contact | | | | | | | | | | ($125) | | | | | ($125) |
| IT - Sprout Social | | | | | | | | | | ($149) | | | | | ($149) |
| IT - LinkedIn | | | | | | | | | | ($25) | | | | | ($25) |
| IT - Creative Cloud | | | | | | | | | | | | | | | $0 |
| PNC Line of Credit Interest Payments | | | | | | | | | | | | | | | $0 |
| Contingency (Footnote #1) | | | | | | ($11,833) | ($11,833) | ($11,833) | ($11,833) | ($11,833) | | | ($11,833) | ($11,833) | ($82,833) |
| **Total** | $0 | $0 | $0 | $0 | ($6,403) | ($263,345) | ($11,833) | ($14,833) | ($11,833) | ($18,110) | $0 | $0 | ($12,533) | ($16,833) | ($565,725) |

**Footnotes on Disbursements:**
(1) Any amounts disbursed as a Contingency require the pre-approval of PNC