**LOWENSTEIN SANDLER LLP**
Arielle B. Adler, Esq. (aadler@lowenstein.com)
Bruce Buechler, Esq. (bbuechler@lowenstein.com)
Joseph J. DiPasquale, Esq. (jdipasquale@lowenstein.com)
Jennifer B. Kimble, Esq. (jkimble@lowenstein.com)
Kenneth A. Rosen, Esq. (krosen@lowenstein.com)
Mary E. Seymour, Esq. (mseymour@lowenstein.com)
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Proposed Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **In re:**<br><br>**HOLLISTER CONSTRUCTION SERVICES, LLC,**<br><br>        **Debtor.** | **Chapter 11**<br><br>**Case No. 19-27439 (MBK)** |
| **In re:**<br><br>**HOLLISTER CONSTRUCTION SERVICES, LLC,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**PENTEL DRYWALL, INC.,**<br><br>        **Defendant.** | **Adv. Pro. No.** |

**ADVERSARY COMPLAINT TO AVOID AND RECOVER
PREFERENTIAL TRANSFERS AND TO DISALLOW CLAIMS
<u>PURSUANT TO 11 U.S.C. §§ 547, 550 AND 502(D)</u>**

Hollister Construction Services, LLC (the "Debtor"),[1] by and through its undersigned proposed counsel, submits this adversary complaint (the "Complaint") against Pentel Drywall, Inc. (the "Defendant"), and alleges as follows:

### NATURE OF THE ACTION[2]

1. The Debtor demands a money judgment and other relief resulting from certain Transfers (as defined herein), including but not limited to those specified on "Exhibit A" attached hereto, made by the Debtor or for the benefit of the Debtor to the Defendant during the 90-day period prior to the commencement of the Debtor's bankruptcy case. Specifically, the Debtor seeks entry of a judgment against the Defendant: (a) pursuant to 11 U.S.C. § 547(b), avoiding the Transfers; (b) pursuant to 11 U.S.C. § 550(a), directing the Defendant to pay the Debtor an amount to be determined at trial that is not less than the amount of the Transfers; (c) pursuant to 11 U.S.C. § 502(d), disallowing any claim of the Defendant against the Debtor until the Defendant pays in full the amount so determined; (d) awarding the Debtor prejudgment interest at the maximum amount allowed by law; (e) awarding the Debtor reasonable attorneys' fees and costs of collection; and (f) granting the Debtor such other and further relief as the Court deems just and equitable.

2. Upon information and belief, the Defendant, at all times material hereto, was a vendor, supplier, subcontractor or otherwise maintained a business relationship with the Debtor, and received one or more Transfers from the Debtor.

### JURISDICTION, VENUE AND STATUTORY PREDICATES

3. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this adversary proceeding pursuant to to 28 U.S.C. § 1334 and the *Standing*

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).
[2] Capitalized terms used but not defined in this section shall have the meanings ascribed to said terms below.

*Order of Reference to the Bankruptcy Court Under Title 11* dated as of September 18, 2012 (Simandle, C.J.).

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F) and (O).

5. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

6. The statutory predicates for the relief requested in this Complaint are 11 U.S.C. §§ 547, 550 and 502(d) and Rules 3007 and 7001 of the Bankruptcy Rules.

7. On September 11, 2019 (the "Petition Date"), the Debtor (Hollister Construction Services, LLC) filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey, Case No. 19-27439 (MBK) (the "Chapter 11 Case").

8. The Debtor agrees to the entry of a final order or judgment in this adversary proceeding if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

9. The Debtor continues to operate its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

10. No party has requested the appointment of a trustee or examiner.

11. On September 23, 2019, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in this Chapter 11 Case.

## THE PARTIES

**A.   The Debtor**

12. The Debtor is a New Jersey limited liability company. Based in New Jersey, the Debtor is a regional general construction firm that provides construction management services, *i.e.*, professional management services for construction projects. The Debtor's principal office is

located in Parsippany, New Jersey and the Debtor has project locations across New Jersey and New York.[3]

13. With a team of more than ninety (90) construction professionals, the Debtor utilizes the latest in technology and employs best practices in project management to deliver results for its clients. The Debtor's principals have over fifty (50) years of experience serving as construction managers, design builders and general contractors for a broad spectrum of clients. The Debtor's range of construction services has established it as one of the region's leading construction service providers with the versatility to accommodate construction projects of any size.

14. The Debtor does not perform construction work itself, but instead partners with subcontractors through the pre-construction, construction, and post-construction phases of a project to accomplish the goals established by the project owner and the project owner's professionals. The Debtor's areas of expertise include construction projects for the corporate, education, healthcare, industrial, retail and residential industries. The Debtor leverages technology such as cloud-based construction software, applications to integrate data across programs, and drone technology to allow clients and project partners to collaborate conveniently and in real time.

15. Additional details regarding the Debtor's business and the facts and circumstances supporting the relief requested herein are set forth in the the *Declaration of Brendan Murray in Support of First Day Relief* (Case No. 19-27439 (MBK), Docket No. 15), which is incorporated herein by reference.

**B.     The Defendant**

16. Upon information and belief, the Defendant is a New Jersey corporation with a business address located at 32 Ironside Court, Willingboro, New Jersey 08046.

---

[3] The Debtor currently has no projects in Pennsylvania, though it has in past years.

## STATEMENT OF FACTS

17. On or within 90 days before the Petition Date, *i.e.*, between June 13, 2019 and September 11, 2019 (the "Preference Period"), the Debtor made one or more transfers of an interest (cash, credit card payment, funds via check, wire transfer or ACH payment, or other transfer) in the Debtor's property totaling not less than $421,876.02 as set forth on Exhibit A, consisting of payments to or for the benefit of the Defendant, on the dates and in the amounts set forth on Exhibit A.

18. Exhibit A reflects the Debtor's current knowledge of the transfers made to the Defendant during the Preference Period. During the course of the Chapter 11 Case, the Debtor may learn (through discovery or otherwise) of additional transfers made to the Defendant during the Preference Period. The Debtor's intention is to avoid and recover all such transfers, whether or not such transfers are reflected in Exhibit A. Collectively, all transfers made by the Debtor of an interest in the Debtor's property to or for the benefit of the Defendant during the Preference Period (whether or not such transfers are reflected in Exhibit A) are referred to herein as the "Transfers."

19. The Debtor reserves the right to amend this Complaint to include further information on the Transfers, additional Transfers, revision of the Defendant's name, additional defendants, and/or additional causes of action including, but not limited to, those pursuant to 11 U.S.C. §§ 542, 544, 545, 547, 548 and 549 (collectively, the "Amendments"), that may become known to the Debtor at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the date of the filing of this Complaint.

## COUNT I

(Avoidance of Preferential Transfers -- 11 U.S.C. § 547)

20. The Debtor repeats and realleges the allegations set forth above as if fully set forth herein.

21. All of the Transfers were transfers of property, or an interest in property, of the Debtor.

22. At all relevant times, the Defendant was a creditor of the Debtor as defined by 11 U.S.C. § 101(10).

23. The Transfers were made by the Debtor to or for the benefit of the Defendant.

24. The Transfers were made during the Preference Period.

25. The Transfers were made for or on account of an antecedent debt owed by the Debtor to the Defendant before the Transfers were made.

26. The Transfers were made while the Debtor was insolvent.

27. The Transfers enabled the Defendant to receive more than the Defendant would have received if: (a) the Transfers had not been made; (b) the Debtor's Chapter 11 Case was a case under Chapter 7; and (c) the Defendant had received payments of its debt to the extent provided by the provisions of the Bankruptcy Code.

28. Each of the Transfers constitutes an avoidable preference within the meaning of 11 U.S.C. § 547(b).

## COUNT II

(Recovery of Property -- 11 U.S.C. § 550)

29. The Debtor repeats and realleges the allegations set forth above as if fully set forth herein.

30. The Debtor is entitled to avoid the Transfers described above pursuant to 11 U.S.C. § 547.

31. The Defendant was the initial transferee of the Transfers, the intermediate or mediate transferee of the Transfers, or the person for whose benefit the Transfers were made.

32. Pursuant to 11 U.S.C. § 550(a), the Debtor is entitled to recover from the Defendant an amount, to be determined at trial, that is not less than the sum of the Transfers, plus prejudgment interest at the maximum rate allowed by law and the costs of this action.

## COUNT III

(Disallowance of Claims -- 11 U.S.C. § 502(d))

33. The Debtor repeats and realleges the allegations set forth above as if fully set forth herein.

34. The Defendant is the transferee of the Transfers by the Debtor avoidable under 11 U.S.C. § 547, which are recoverable from the Defendant under 11 U.S.C. § 550. Pursuant to 11 U.S.C. § 502(d), in the event that the Defendant is liable for any avoidable Transfers under 11 U.S.C. § 547, any claim(s) of the Defendant against the Debtor (regardless of whether or not the claim(s) were assigned) must be disallowed unless the Defendant pays the amount of the Transfers.

35. Pursuant to 11 U.S.C. § 502(d), any claim(s) of the Defendant against the Debtor and/or the Debtor's estate (regardless of whether or not the claim(s) were assigned) must be disallowed.

## COUNT IV

(Attorneys' Fees, Expenses and Costs)

36. The Debtor repeats and realleges the allegations set forth above as if fully set forth herein.

37. In order to make the Debtor whole by virtue of the voidable Transfers received by the Defendant, the Debtor is entitled to recover its reasonable attorneys' fees, expenses and costs of collection incurred in the prosecution of this adversary proceeding.

## COUNT V

(Prejudgment Interest)

38. The Debtor repeats and realleges the allegations set forth above as if fully set forth herein.

39. As a result of the Defendant's failure to pay the Debtor the amount of the Transfers, the Debtor is entitled to recover prejudgment interest at the maximum amount permitted by law from the date of the Transfers until the collection of judgment in this adversary proceeding.

**WHEREFORE**, the Debtor requests the entry of a judgment against the Defendant as follows:

(a) Avoiding the aforementioned Transfers as a preference under 11 U.S.C. § 547;

(b) Granting judgment in favor of the Debtor pursuant to 11 U.S.C. § 550 in the amount of not less than $421,876.02, plus such other and further amounts as may be proven at trial and directing the Defendant to turnover this sum to the Debtor;

(c) For disallowance pursuant to 11 U.S.C. § 502(d) of any claim(s) of the Defendant against the Debtor (regardless of whether or not the claim(s) were assigned), unless the amount of any judgment for avoidance of the Transfers is paid in full to the Debtor;

(d) Awarding the Debtor prejudgment interest at the maximum amount allowed by law;

(e) Awarding the Debtor reasonable attorneys' fees and costs of collection; and

   (f) Granting the Debtor such other and further relief as the Court deems just and equitable.

Dated: September 26, 2019       **LOWENSTEIN SANDLER LLP**

                /s/ *Kenneth A. Rosen*
                Kenneth A. Rosen, Esq.
                Bruce Buechler, Esq.
                Joseph J. DiPasquale, Esq.
                Mary E. Seymour, Esq.
                Jennifer B. Kimble, Esq. (pro hac vice)
                Arielle B. Adler, Esq.
                One Lowenstein Drive
                Roseland, New Jersey 07068
                (973) 597-2500 (Telephone)
                (973) 597-2400 (Facsimile)
                krosen@lowenstein.com
                bbuechler@lowenstein.com
                dipasquale@lowenstein.com
                mseymour@lowenstein.com
                jkimble@lowenstein.com
                aadler@lowenstein.com

                *Proposed Counsel to the Debtor and Debtor-in-Possession*

# EXHIBIT A

**Payments from Debtor to Defendant Pentell Drywall, Inc.
During Preference Period**

|  | Check Date | Amount Paid | Check Number |
|---|---|---|---|
|  | July 1, 2019 | $310,925.70 | 13044 |
|  | August 21, 2019 | $110,950.32 | 03754 |
|  |  |  |  |
| **Total** |  | $421,876.02 |  |