**McMANIMON, SCOTLAND & BAUMANN, LLC**
75 Livingston Avenue, Suite 201
Roseland, New Jersey 07068
(973) 622-1800
Sam Della Fera, Jr., Esq. (sdellafera@msbnj.com)
Joshua H. Raymond, Esq. (jraymond@msbnj.com)
Anthony Sodono III, Esq. (asodono@msbnj.com)
Andrea Dobin, Esq. (adobin@msbnj.com)
*Proposed Attorneys for Official Committee of Unsecured*
*Creditors of Hollister Construction Services, LLC*

| | |
|---|---|
| In re:<br><br>HOLLISTER CONSTRUCTION SERVICES, LLC,<br><br>       Debtor. | Chapter 11<br><br>Case No. 19-27439 (MBK)<br><br>(Honorable Michael B. Kaplan) |

### OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF HOLLISTER CONSTRUCTION SERVICES, LLC TO DEBTOR'S RETENTION OF 10X CEO COACHING, LLC

The Official Committee of Unsecured Creditors (the "Committee") of Hollister Construction Services, LLC (the "Debtor"), hereby objects to the Debtor's Application to (i) Employ and Retain 10X CEO Coaching, LLC ("10X") and (ii) Designate Paul Belair as Chief Restructuring Officer ("CRO") for the Debtor as of the Petition Date (the "10X Application"). In support of its objection, the Committee respectfully states as follows:

1.      On September 13, 2019, the Debtor filed the 10X Application pursuant to sections 105(a) and 363 of the Bankruptcy Code. The terms of 10X's engagement are set forth in an Engagement Letter dated September 3, 2019, a copy of which is attached to the 10X Retention Application.

2.      As set forth in the 10X Application, Mr. Belair commenced providing services to the Debtor in May 2016. 10X Application at ¶24. Specifically, "Mr. Belair provided executive

coaching services to various members of senior management for approximately $9,000 per month." Id. The 10X Application further provides that Mr. Belair was appointed as the Debtor's CRO in September, shortly before the Petition Date. Id.

3. In light of the eventual chapter 11 filing by the Debtor after receiving services rendered by Mr. Belair for nearly 2 and 1/2 years, it is not clear what benefit those services provided. The bankruptcy casts doubt on the value of the services provided by 10X over a lengthy period of time, and also on the utility of Mr. Belair now acting as CRO.

4. Pursuant to the 10X Application, the "Debtor will pay 10X the sum of $550.00 per hour for the CRO services." Id. at ¶ 17. In addition, if 10X retains independent contractors, the costs of such contractors will be passed on to the Debtor. Id. at ¶19. It is unknown at what hourly rate the Debtor paid Mr. Belair pre-bankruptcy. That information should be disclosed.

5. Pursuant to the 10X Application, in the ninety (90) days prior to the Petition Date, the Debtor paid $79,828 to 10X for professional services and expenses incurred. Id. at ¶23. This amount is wildly inconsistent with the Debtor's representation that 10X and Mr. Belair provided services to the Debtor's management at the monthly rate of about $9,000. The Debtor should disclose the monthly amounts paid to 10X for each of the 12 months before the petition date, describe the services rendered, and explain the discrepancy between the $9,000 per month approximation and the nearly $27,000 per month reality.

6. In a single sentence, without more, both the 10X Application and the supporting Declaration of Mr. Belair allege that "[t]he services provided by 10X will complement, and not duplicate, the services to be rendered by any other professional retained in this Chapter 11 case." 10X Application at ¶24; Declaration of Paul Belair, ¶9. However, several of the services proposed to be rendered by 10X as set forth in the 10X Application appear to be duplicative of

2

the services proposed to be rendered by The Parkland Group, Inc. as financial advisor to the Debtor, including with respect to 13-week cash flows, budget review, communicating with various stakeholders, and plan formulation  Compare 10X Application at ¶14 and Debtor's Application for Entry of an Order Authorizing the Retention and Employment of The Parkland Group, Inc. (ECF Doc. No. 37) at ¶13.

7. Pursuant to the 10X Application, 10X "received a retainer from the Debtor in the amount of $220,000" (the "10X Retainer").  10X Application at ¶23.  However, the 10X Application does not disclose the date on which the 10X retainer was actually received by 10X.

8. Finally, the 10X Application does not disclose if any other 10X members or employees will be rendering services to the Debtor and, if so, at what hourly rates.

9. Based upon the foregoing, the Committee objects to the Debtor's retention of 10X and the designation of Mr. Belair as CRO.  At a minimum, the Debtor, 10X, and Mr. Belair should be required to make additional disclosures to address the inconsistencies and omissions noted above.

Respectfully submitted,

**McMANIMON, SCOTLAND
 & BAUMANN, LLC**
*Proposed Attorneys for Official Committee
of Unsecured Creditors of Hollister
Construction Services, LLC*

Dated:  October 2, 2019                                By:    */s/ Sam Della Fera, Jr.*
                                                                     Sam Della Fera, Jr.

3

4837-2546-0904, v. 1