NOT FOR PUBLICATION

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-2(c) | |
| | |
| IN RE: KARA HOMES, INC. et al., <br><br> Debtor. | Adversary Case No. 12-01185 <br><br> Case No. 06-19626 |
| ZUDHI KARAGJOZI, <br><br>        Plaintiff, <br> v. <br> DAVID BRUCK, ESQ., et al., <br><br>        Defendants. | Chapter 11 <br><br> Hearing Date: August 29, 2019 <br><br> Judge: Michael B. Kaplan |

**Bruce J. Duke, Esq.**
Tabernacle Legal Group
P.O. Box 1418
648 Tabernacle Road
Medford, NJ 08055
*Counsel for Plaintiff*

**Shalom D. Stone, Esq.**
Stone Conroy LLC
25A Hanover Road
Ste 301
Florham Park, NJ 07932
*Co-Counsel for Defendants*

**Justin Perry Walder, Esq.**
Pashman Stein Walder Hayden, P.C.
21 Main Street
Court Plaza South, Ste 200
Hackensack, NJ 07601
*Co-Counsel for Defendants*

**MEMORANDUM OPINION GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION**

This matter comes before the Court on a Motion for Reconsideration (ECF No. 141) filed

by Defendants David Bruck, Esq. and Greenbaum, Rowe, Smith & Davis LLP ("Defendants")

seeking reconsideration of this Court's July 26, 2019 Opinion and Order[1] which denied Defendants' Motion (ECF No. 116) seeking dismissal of the Amended Complaint under Federal Rule of Civil Procedure 12(c). On August 22, 2019, Plaintiff Zudhi Karagjozi ("Plaintiff") filed a letter (ECF No. 146) which he labels as a response to the motion for reconsideration, but which does not provide any substantive objections or arguments. Instead, Plaintiff suggests his own amendment to the Court's Order and requests the addition of specific language. At the hearing on August 29, 2019, the parties engaged in oral argument and the Court reserved on its decision. The Court has reviewed the parties' submissions and considered fully the arguments. This Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, referring all bankruptcy cases to the bankruptcy court. For the reasons set forth below, the Defendants' Motion for Reconsideration (ECF No. 141) is GRANTED and the Court reconsiders its prior Order denying Defendants' Motion to Dismiss. Accordingly, the Court will recommend dismissal of the Amended Complaint in its entirety and submit proposed findings of fact and conclusions of law to the district court pursuant to 28 U.S.C. § 157(c)(1) and Federal Rule of

---

[1] A "Corrected Amended Order" was entered on August 6, 2019 (ECF No. 143).

Bankruptcy Procedure 9033.[2]  The following constitutes the Court's findings of fact and conclusions of law as required by FED. R. BANKR. P. 7052.[3]

I.  **Background**

The factual background and procedural history of this matter are well known to the parties and will not be repeated in detail here.  For purposes of this Opinion, the Court provides the following summary:

In 2006, Plaintiff's company, Kara Homes, Inc. was having cash flow problems.  Plaintiff sought the advice of legal counsel and consulted with Defendants; specifically, Defendant Bruck. Ultimately, on the advice of Defendant Bruck, Kara Homes, Inc. filed a voluntary bankruptcy under chapter 11 on October 5, 2006.  The Court approved Defendants as counsel for the Debtor, Kara Homes, Inc. and on September 26, 2007, the Court entered an Order confirming the Debtor's Plan of Reorganization.

More than four years later, on January 13, 2012, Plaintiff filed a Complaint in the Superior Court of New Jersey, Law Division, alleging—among other things—professional negligence

---

[2] The Court is cognizant that Judge Thompson, in her earlier ruling, dated September 20, 2017 (ECF No. 77) denying Plaintiff's motion to withdraw the reference of this action (ECF No. 60), determined that the proceeding involved core matters under 28 U.S.C § 157(b)(2) in that the claims addressed the administration of the Kara Homes, Inc. chapter 11 proceeding. Likewise, this Court previously ruled that Plaintiff's claims involved core matters in that they arose in a case under Title 11. *See* 28 U.S.C. § 157(a).  Plaintiff now represents to the Court that he will not introduce any evidence nor raise any issues relative to the filing or conduct of the Kara Homes Inc. chapter 11 case.  This Court continues to view these claims as sufficiently akin to the claims identified in *Stern v. Marshall*, 564 U.S. 462 (2011), for which this Court does not have the constitutional authority to enter final judgment notwithstanding the fact that they are core matters.  As a result, the Court must submit proposed findings of fact and conclusions of law. *See* 28 U.S.C. § 157(c)(1); *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 134 S. Ct. 2165, 189 L. Ed. 2d 83 (2014).

[3] To the extent that any of the findings of fact might constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact, they are adopted as such.

against Defendants. Defendants believed that the Complaint implicated Defendants' handling of the Kara Homes, Inc. bankruptcy proceedings and removed the case to the bankruptcy court (ECF No. 1). Plaintiff filed a motion to remand (ECF No. 10), which was denied because the bankruptcy court determined that the Complaint contained allegations relating to the chapter 11 bankruptcy case. (ECF No. 14). Ultimately, Plaintiff filed an Amended Complaint which dropped all claims relating to the Kara Homes, Inc. bankruptcy and, on the basis of that amendment, the bankruptcy court remanded the case to state court (ECF No. 24, 26). The case then proceeded in state court over the next several years.

On the eve of trial in state court, Plaintiff served a trial brief which Defendants believed again implicated arguments and claims concerning the Kara Homes, Inc. chapter 11 case. Accordingly, Defendants once again removed the case to bankruptcy court (ECF No. 28). Plaintiff filed a motion to remand the matter to state court (ECF No. 40). After substantial briefing, motion practice, and oral argument, this Court denied the request to remand for reasons set forth on the record during a December 14, 2016 hearing (ECF No. 54, 58). Plaintiff then filed a motion for leave to appeal (ECF No. 62), which was denied by the district court (ECF No. 71). Likewise, Plaintiff's motion to withdraw the reference (ECF No. 60) was also denied by the district court (ECF No. 77), and the case then proceeded before this Court, including a period of time in which the parties attempted mediation.

On April 5, 2019, Defendants filed a motion seeking dismissal of the Amended Complaint on the basis of res judicata, exculpation, and judicial estoppel (ECF No. 121). In an Opinion dated July 26, 2019, this Court denied the motion because the claims in the Amended Complaint—as

4

characterized by Plaintiff in his responsive certification (ECF No. 125)—did not relate to the exculpation clause or any of the judicial doctrines asserted in Defendants' motion. Specifically, Plaintiff acknowledged that his claims do not, and would not, relate to the bankruptcy proceedings, the decision to file the bankruptcy, the filing of the petition, or any actions that occurred after the October 5, 2006 filing date. In a footnote, this Court noted that it was unclear how Plaintiff could establish that his injuries were caused by Defendants' alleged misconduct without introducing into evidence any facts relative to the bankruptcy filing on October 5, 2006, or events which transpired thereafter. Nevertheless, the Court observed that Plaintiff had voluntarily accepted that burden and the Court permitted the matter to proceed to trial with the limitations proposed by Plaintiff. Defendants now ask the Court to reconsider the Opinion and Order denying the motion to dismiss.

## II.   Standard of Review

### A.  Motion for Reconsideration

The Court notes that, in support of their motion, Defendants cite to Federal Rule of Civil Procedure 59(e), which is made applicable to the bankruptcy court under Federal Rule of Bankruptcy Procedure 9023. However, Rule 59 encompasses a Motion for a New Trial or to Alter or Amend a Judgment and "the rule only applies to final judgments, not interlocutory orders." *Zitter v. Petruccelli*, No. 15-6488, 2017 WL 1837850, at *2 (D.N.J. May 8, 2017). Here, the Court is tasked with reconsideration of an interlocutory order, thus, Rule 59(e) does not apply.

The Court also notes that the Federal Rules of Bankruptcy Procedure do not recognize a "motion for reconsideration." Such a motion is not mentioned in the Federal Rules of Civil Procedure, nor is it provided for in our Local Bankruptcy Rules. Nevertheless, this Court has

5

previously determined that it possesses the inherent power to reconsider its orders at any time before final judgment. *See In re Dots, LLC*, 562 B.R. 286, 291 (Bankr. D.N.J. 2017) (collecting cases and discussing bankruptcy court's authority to reconsider its interlocutory orders at any time when it is consonant with justice to do so). The Third Circuit has likewise reached this conclusion. *In re Energy Future Holdings Corp.,* 904 F.3d 298 (3d Cir. 2018), *cert. denied sub nom. NextEra Energy, Inc. v. Elliott Assocs., L.P.*, 139 S. Ct. 1620, 203 L. Ed. 2d 898 (2019) (holding that while the bankruptcy rules do not expressly authorize motions for reconsideration, bankruptcy courts, like any other federal court, possess inherent authority, and such authority permits courts to reconsider prior interlocutory orders at any point during which the litigation continues, as long as the court retains jurisdiction over the case).

Furthermore, litigants may seek relief from orders of the bankruptcy court under Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 60(b). Notably, while Rule 60(b) applies only to *final* orders or judgments in the district court, Congress distinguished Bankruptcy Rule 9024 from its federal counterpart and made it applicable to *all* orders of the bankruptcy court. *See* FED. R. BANKR. P. 9024 advisory committee notes ("For the purpose of this rule all orders of the bankruptcy court are subject to Rule 60."). Accordingly, the authority for a bankruptcy court to grant relief from an interlocutory order can stem from both its inherent powers and Bankruptcy Rule 9024.

### B. Motion Under Federal Rule of Civil Procedure 12(c)

Rule 12(c) of the Federal Rules of Civil Procedure is made applicable to bankruptcy proceedings by Rule 7012 of the Federal Rules of Bankruptcy Procedure. Where, as here, a motion

is filed after the pleadings are closed, the motion is appropriately titled a motion for judgment on the pleadings under Rule 12(c). *See Kamden-Ouaffo v. Plaza Square Apartments*, 740 F. App'x 766, 767 n.1 (3d Cir. 2018) (citing *Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004)). Nevertheless, the applicable legal standards for motions under 12(c) and 12(b)(6) are the same. *Id.*; *see also e.g.*, *In re Qureshi*, No. 14-35109, 2015 WL 5254717, at *4 (Bankr. D.N.J. Sept. 8, 2015); *In re Tarragon Corp.*, No. 09-10555, 2012 WL 71597, at *3 (Bankr. D.N.J. Jan. 10, 2012).

In determining the sufficiency of a complaint under Rule 12(b)(6), courts may "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon the documents." *Logan v. Bd. of Educ. of Sch. Dist. of Pittsburgh*, 742 F. App'x 628, 631–32 (3d Cir. 2018) (quoting *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016)).[4] Public records include—among other things—judicial opinions, judicial proceedings, and hearing transcripts. *Id.* at 632 (citing *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993)). "To survive a motion to dismiss, a complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" *Fleisher v. Standard Ins.*, 679 F.3d 116, 120 (3d Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). In reviewing a motion under 12(c), as with reviewing a motion under 12(b)(6), a court must "view the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most

---

[4] To the extent matters outside the complaint are considered for purposes of a motion under 12(b)(6) or 12(c), "the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d).

7

favorable to the plaintiff, and judgment should not [be] granted unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law." *Leamer v. Fauver*, 288 F.3d 532, 535 (3d Cir. 2002) (citation omitted); *see also Grimes v. Avis Budget Grp.*, 762 F. App'x 130, 132 (3d Cir. 2019).

### III. Discussion

In addressing this motion, this Court again considers the pleadings in the adversary proceeding, the submissions and arguments of the parties submitted in connection with this motion, as well as the Confirmation Order entered in the underlying Kara Homes, Inc. bankruptcy case. Furthermore, the Court has the benefit of oral argument made and clarification provided during the hearing on this motion held on August 29, 2019.

In support of their motion, Defendants assert that, in light of Plaintiff's acknowledgement that he will not raise any issues related to the Kara Homes, Inc. bankruptcy, Plaintiff has no sustainable causation theory and the Amended Complaint should be dismissed in its entirety. As stated previously, Plaintiff's submission in opposition to the motion did not provide a substantive response to the motion and instead was limited to language concerns regarding the Order at issue. To the extent that Plaintiff's responsive submission (ECF No. 125) was, itself, a request for this Court to reconsider the language of its Order, the Court notes that Plaintiff has presented no argument or legal support for this request; therefore, such motion is denied.

As to Defendants' request, this Court recognizes that reconsideration is a remedy that is available in only limited circumstances. Nevertheless, it is within a court's power to reconsider a prior order when it is consonant with justice to do so. *See United States v. Jerry*, 487 F.2d 600,

605 (3d Cir. 1973); *see also In re Energy Future Holdings Corp.,* 904 F.3d 298. A careful review of the record in this case—in concert with the clarification provided by counsel at the hearing on this motion—leads this Court to conclude that unique circumstances are present warranting reconsideration of the prior Order.

In granting reconsideration, this Court first acknowledges its misunderstanding regarding the status of the proceedings in state court. As stated above, this matter was set to go before a jury in the state court when, on the eve of trial, Plaintiff submitted a trial brief which Defendants believed improperly implicated the underlying bankruptcy. This Court was under the impression that all parties were prepared to litigate all the claims in the Amended Complaint before a jury and this belief influenced the Court's decision to deny Defendants' Motion to Dismiss and allow this case to again go before a jury—albeit this time with explicit restrictions on the introduction of evidence and issues implicating the bankruptcy. However, at oral argument, Defendants clarified that the state court proceedings were broken into two separate phases. The parties were prepared only to proceed to trial on "Phase I," limited to the issue of whether or not an attorney-client relationship existed. Given this information—and the clarification that not all of Plaintiff's claims were ripe for litigation—the fact that the parties were prepared to go to trial in state court no longer weighs in favor of permitting the matter to go forward.

Ultimately, the Court concedes also that it initially erred on the side of being too cautious. In the Opinion denying Defendants' Motion to Dismiss (ECF No. 136), the Court specifically noted that it was "unclear to this Court how Plaintiff can establish that his injuries were caused by Defendants' alleged misconduct without introducing into evidence any facts relative to the

9

bankruptcy filing on October 5, 2006 or events which transpired thereafter; however, Plaintiff has voluntarily accepted this burden and the Court will permit the matter to proceed to trial as such." Thus, although this Court doubted that Plaintiff's claims could succeed as pleaded, the Court chose to afford Plaintiff the opportunity to prove his case at trial. In reaching this determination, the Court was influenced by dicta in controlling case law which cautions against considering a plaintiff's chances of success at the motion to dismiss stage. *See, e.g. Ashcroft v. Iqbal*, 556 U.S. 662, 696, 129 S. Ct. 1937, 1959, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (stating that a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely); *id.* at 563 n.8 (citations omitted) (explaining that a trial court's role in weighing a motion to dismiss is not to decide plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims). However, in exhibiting caution and permitting the matter to proceed, this Court failed to abide by the well-settled principle that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. at 679.

This Court is persuaded by the arguments raised by Defendants during oral argument and has re-evaluated its responsibility as a gate-keeper of claims. It would be a disservice to both the litigants and our federal district court, which currently faces a crisis-level shortage of judges, to simply "shrug-off" legitimate concerns, out of an abundance of caution, in favor of allowing the matter to proceed to trial or additional substantive motion practice before the district court. In fulfilling this responsibility, the Court must be mindful that "when the allegations in a complaint,

10

however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.' " *Twombly*, 550 U.S. at 558, (citing 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, *Federal Practice & Procedure* § 1216 *Statement of the Claim—Significance of "Claim for Relief"* (3d ed. 1998) (internal quotations omitted)). The deficiencies of the Amended Complaint in this case—discussed below—should have outweighed this Court's hesitance to dismiss claims before allowing them to go before a jury. A re-evaluation of the claims of the Amended Complaint, with consideration given to the limitations on Plaintiff's ability to introduce evidence as to what occurred in the underlying bankruptcy case, leads to the inescapable conclusion that Plaintiff cannot establish an entitlement to relief. Therefore, controlling case law and principles of judicial efficiency demand dismissal of the Amended Complaint in its entirety.

At the outset, the Court notes that Plaintiff agreed multiple times throughout the course of this litigation that nothing in this civil action would implicate the Kara Homes, Inc. bankruptcy filing. Indeed, Plaintiff recently filed a Certification confirming that his claims relate to what happened prior to the bankruptcy filing and that "any evidence or submissions at trial will be limited to acts prior to October 5, 2006 [the Petition Date]." *Supplemental Certification* ¶ 7, ECF No. 125. Moreover, a Consent Order dated November 4, 2013 entered in the state court states the following:

1. Plaintiff will not question or challenge the advice given by Defendants to Kara Homes that Kara Homes should file a bankruptcy petition.
2. Plaintiff will not question or challenge anything that occurred in, or happened to Kara Homes in, Kara Homes' bankruptcy proceedings.

11

> 3. Plaintiff's claims against the Defendants arise solely from the Defendants' alleged acts and commissions prior to the filing of the Kara Homes' bankruptcy petition on or about October 5, 2006.

*Consent Order – Exhibit 22 to Stone Certification*, ECF No. 119-24.

Thus, it is clearly established—and Plaintiff agrees—that he may not challenge the advice to file for bankruptcy, or anything that occurred in the bankruptcy, and that if any issue relative to the bankruptcy is raised, it shall be stricken. *See e.g.*, *Supplemental Certification* ¶ 13, ECF No. 125. This prohibition is fatal to the Amended Complaint.

Plaintiff's Amended Complaint alleges five causes of action: (1) Negligence; (2) Negligent Failure to Disclose Conflict of Interest; (3) Intentional Failure to Disclose Conflict of Interest; (4) Breach of Fiduciary Duty; and (5) Fraud. Thus, all of the claims in the Amended Complaint fall under one of two broader categories—claims for either negligence or fraud. *See, e.g.*, *F.G. v. MacDonell*, 150 N.J. 550, 563, 696 A.2d 697, 703 (1997) (citation omitted) (stating claim for breach of fiduciary duty is essentially claim for negligence); *Baldasarre v. Butler*, 132 N.J. 278, 281, 625 A.2d 458, 459 (1993) (noting that attorney's failure to disclose conflict of interest could constitute equitable and legal fraud). Under either theory, Plaintiff must adequately plead causation in order to survive a motion to dismiss. *See, e.g., Robinson v. Vivirito*, 217 N.J. 199, 208, 86 A.3d 119, 124 (2014) (citations omitted) ("The fundamental elements of a negligence claim are a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, injury to the plaintiff proximately caused by the breach, and damages."); *Innes v. Marzano-Lesnevich*, 435 N.J. Super. 198, 243, 87 A.3d 775, 802 (App. Div. 2014), *aff'd as modified*, 224 N.J. 584, 136 A.3d 108 (2016) (stating in order to succeed on a claim for breach of fiduciary duty—whether in

12

context of malpractice or as an independent tort—a plaintiff must show that an attorney-defendant's conduct was the direct and proximate cause of damages); *see also City of Millville v. Rock*, 683 F. Supp. 2d 319, 329 (D.N.J. 2010) (citing *Gennari v. Weichert Co. Realtors,* 148 N.J. 582, 691 A.2d 350, 367 (1997)) (noting that "proximate cause" must be satisfied in common law fraud claim). Here, the Amended Complaint does not adequately plead the element of causation. More specifically, the Amended Complaint's causation theory is entirely dependent on the underlying bankruptcy—which Plaintiff is explicitly forbidden from implicating in this case.

"Causation includes cause in fact and legal causation, which is often referred to as proximate cause." *Fedorczyk v. Caribbean Cruise Lines, Ltd.*, 82 F.3d 69, 73 (3d Cir. 1996) (citing W. PAGE KEETON ET AL., *Prosser and Keeton on the Law of Torts* § 41, at 263 (5th ed. 1984)). Although the difference between "cause in fact" and "proximate cause" "defies easy summary," for purposes of this decision "cause in fact" can be understood using the "but for" test—but for one event, another event would not have occurred—while "proximate cause" serves to limit liability and ensure that a sufficient connection exists between the alleged wrongdoing and the injury. *Paroline v. United States*, 572 U.S. 434, 444, 134 S. Ct. 1710, 1719, 188 L. Ed. 2d 714 (2014); *see also Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 655, 128 S. Ct. 2131, 2142, 170 L. Ed. 2d 1012 (2008); *Port Auth. of New York & New Jersey v. Arcadian Corp.*, 189 F.3d 305, 318 (3d Cir. 1999). Here, Plaintiff attempts to frame the cause of his damages as a failure to give proper advice. Indeed, at oral argument on the Motion for Reconsideration, counsel for Plaintiff described a "fine line" and urged the Court to recognize a distinction between the advice given to file the bankruptcy and the advice *not* given to Plaintiff—to find his own counsel and

protect himself—which, according to counsel, has nothing to do with the decision to file bankruptcy.

Even if the Court accepts that the failure to give proper advice was the "cause in fact" of Plaintiff's injuries (but for Defendants' failure to give proper advice, Plaintiff would not have sustained damages), Plaintiff cannot escape the conclusion that it was the advice to file for bankruptcy and the events that transpired during the bankruptcy would necessarily be treated as the "proximate cause" of his injuries. Indeed, in the first count of the Amended Complaint ("Negligence"), Plaintiff explicitly states that "[Defendants'] legal advice to Plaintiff to file the Kara Homes bankruptcy was negligent and was the *proximate cause* of harm to the Plaintiff." *Amended Complaint* ¶ 17, ECF No. 21 (emphasis added). As discussed, the legal advice to file the bankruptcy may not be challenged in this litigation and must be stricken; therefore, the necessary element of "proximate cause" is absent from this claim. Likewise, Counts II and III of the Amended Complaint allege Negligent Failure to Disclose a Conflict of Interest and Intentional Failure to Disclose a Conflict of Interest. In these claims, Plaintiff alleges that Defendant Bruck negligently and/or wrongfully advised Plaintiff to put Kara Homes, Inc. into bankruptcy in order to generate fees for his own personal gain, and the Amended Complaint specifically references the advice to file bankruptcy as the wrongful conduct. *See Amended Complaint* ¶ 22 & 28 ("Plaintiff's decision to place Kara Homes in bankruptcy was predicated on the advice [Defendant] gave to Plaintiff prior to the bankruptcy. [Defendant] specifically told Plaintiff that bankruptcy was the best path for Plaintiff to preserve and protect his assets.") ("[Defendant], before the filing of the bankruptcy, wrongfully advised Plaintiff to put Kara Homes into bankruptcy.").

14

Counts IV and V of the Amended Complaint allege Breach of Fiduciary Duty and Fraud, respectively. In these counts, Plaintiff does not specifically reference the bankruptcy or the advice to file bankruptcy. Instead, these claims focus on Defendant Bruck's alleged failure to inform Plaintiff of the risks of filing for bankruptcy, and on alleged intentional misrepresentations that Defendant Bruck made to Plaintiff prior to the bankruptcy filing. Even accepting these allegations as true, *see Leamer v. Fauver*, 288 F.3d at 535, Plaintiff is unable to connect the alleged negligent or wrongful actions to the damages incurred without implicating the underlying bankruptcy. The Amended Complaint cites damages in the form of "lawsuits and [j]udgments against him with regard to the personal guarantees, the loss of his contractor's license, loss of reputation in the real estate development, loss of credit rating, tax liabilities, restitution paid by Plaintiff personally and other damages." *Amended Complaint* ¶ 37. However, neither pre-petition misrepresentations or omissions, nor a lack of understanding of the risks of bankruptcy—without more—could cause a judgment to be entered against Plaintiff or any of the other injuries alleged. Rather, these consequences undeniably resulted from events that transpired in the bankruptcy. For this reason, the advice to file for bankruptcy and the bankruptcy, itself, are the proximate causes of Plaintiff's alleged injuries.

During oral argument, Counsel for Plaintiff challenged this Court's ability to make a ruling on this issue on the pleadings. He acknowledged the Court's concerns regarding causation but argued that the issue was one for the trial judge and the jury. Indeed, the issue of "proximate cause" is generally a question of fact and ordinarily reserved for a jury. *See, e.g., City of Millville v. Rock*, 683 F. Supp. 2d 319, 335 (D.N.J. 2010). However, "when there is no evidence from

15

which a jury could reasonably find the required proximate cause," it becomes an issue of law that can be resolved by the court. *Johnson v. City of Philadelphia*, 837 F.3d 343, 352 (3d Cir. 2016) (citing *Port Auth. of New York & New Jersey v. Arcadian Corp.*, 189 F.3d at 318 (collecting cases and noting that "New Jersey courts have on many occasions held that proximate causation did not exist as a matter of law")). As discussed, the proximate causes of Plaintiff's damages in this case would have to be the advice to file for bankruptcy and the events that took place during the bankruptcy—issues which Plaintiff admittedly cannot raise in this litigation. Although at oral argument Counsel for Plaintiff requested the opportunity to present these arguments before a jury at trial, he is expressly forbidden from doing so. Simply put, Plaintiff's inability to challenge the bankruptcy or the advice to file for bankruptcy precludes him from presenting evidence of proximate cause to a jury. As a result, this Court can resolve these claims as a matter of law. *See, e.g.*, *Johnson v. City of Philadelphia*, 837 F.3d at 352; *Port Auth. of New York & New Jersey v. Arcadian Corp.*, 189 F.3d at 318.

**IV.    Conclusion**

For the foregoing reasons, Defendant's Motion for Reconsideration (ECF No. 141) is GRANTED.  In reconsidering its prior Order denying Defendants' Motion to Dismiss, the Court determines that the necessary element of proximate cause is absent from the Amended Complaint; therefore, none of Plaintiff's claims are plausible on their face.  Accordingly, this Court will recommend dismissal of the Amended Complaint in its entirety and submit proposed findings of fact and conclusions of law to the district court pursuant to 28 U.S.C. § 157(c)(1) and Federal Rule of Bankruptcy Procedure 9033.  The Court will enter a form of Order consistent with this Opinion.

*[Signature]*

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Dated: October 3, 2019