**McMANIMON, SCOTLAND & BAUMANN, LLC**
75 Livingston Avenue, Second Floor
Roseland, New Jersey  07068
(973) 622-1800
Sam Della Fera, Jr., Esq. (sdellafera@msbnj.com)
Joshua H. Raymond, Esq. (jraymond@msbnj.com)
Anthony Sodono III, Esq. (asodono@msbnj.com)
*Proposed Attorneys for Official Committee of Unsecured*
*Creditors of Hollister Construction Services, LLC*

| | |
|---|---|
| In re: | Chapter 11 |
| HOLLISTER CONSTRUCTION SERVICES, LLC, | Case No. 19-27439 (MBK) |
| Debtor. | Hearing Date:  October 8, 2019 at 11:30 a.m. |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' (1) JOINDER IN THE LIMITED OBJECTION OF THE ACTING UNITED STATES TRUSTEE AND (2) LIMITED OBJECTION TO THE DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING BUT NOT DIRECTING THE DEBTOR TO PAY (A) PRE-PETITION WAGES, SALARIES, AND RELATED OBLIGATIONS, (B) PAY AND REMIT PRE-PETITON PAYROLL TAXES AND OTHER DEDUCTIONS TO THIRD PARTIES, AND (C) HONOR EMPLOYEE BENEFIT PROGRAMS IN THE ORDINARY COURSE OF BUSINESS; (II) AUTHORIZING AND DIRECTING BANKS TO HONOR CHECKS AND TRANSERS OF PAYMENT OF PRE-PETITION EMPLOYEE OBLIGATIONS; AND (III) GRANTING RELATED RELIEF, AS SUPPLEMENTED**

The Official Committee of Unsecured Creditors (the "Committee") of Hollister Construction Services, LLC (the "Debtor"), hereby (1) joins in the limited objection of the Acting United States Trustee (the "UST Objection") and (2) submits this limited objection on its own behalf to the Debtor's Motion (the "Wage Motion") for Interim and Final Orders (i) Authorizing But Not Directing the Debtor to Pay (a) Pre-Petition Wages, Salaries, and Related Obligations, (b) Pay and Remit Pre-Petition Payroll Taxes and Other Deductions to Third

Parties, and (c) Honor Employee Benefit Programs in the Ordinary Course of Business; (ii) Authorizing and Directing Banks to Honor Checks and Transfers of Payment of Pre-Petition Employee Obligations; and (iii) Granting Related Relief, as supplemented (the "Supplement"), and in support thereof respectfully states:

1. The Committee joins in the UST Objection, adopts the positions stated therein, and respectfully requests that the Wage Motion be denied to the extent that it seeks authority to pay employee American Express bills as described in the Supplement.

2. In addition, the Committee objects to the relief requested in the Supplement to the Wage Motion for the reasons set forth below.

3. The Debtor's reliance on the doctrine of necessity to support the relief requested in the Supplement is misplaced. That doctrine is to be used sparingly by the Courts, only when the record demonstrates that payment of a prepetition claim "is essential to the continued operation of the [business] during reorganization," In re Lehigh & New England Ry. Co., 657 F.2d 570, 581 (3d Cir. 1981) (emphasis added), or is "critical to debtor's reorganization." In re Just for Feet, Inc., 242 B.R. 821, 826 (D. Del. 1999) (stating that the doctrine of necessity should be invoked to permit payment of prepetition claims only where the debtor "cannot survive" absent payment) (emphasis added). See also In re Eagle-Picher Indus., Inc., 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) ("[T]o justify payment of a pre-petition unsecured creditor, a debtor must show that the payment is necessary to avert a serious threat to the Chapter 11 process."). The Debtor has made no such showing here.

4. Before the Court elevates the prepetition claims of certain employees and, indirectly, the subcontractors and vendors paid with the subject American Express cards, over other unsecured creditors, it should require the Debtor to demonstrate through testimony and/or

4824-8958-3528, v. 1

documentary proof that payment of those claims is "essential" or "critical" to the Debtor's reorganization, with which the Debtor "cannot survive."[1]

5.  Based upon the foregoing, and for the reasons stated in the UST Objection, the relief requested in the Supplement should be denied.  At a minimum, the Court should schedule an evidentiary hearing at which testimony in support of invocation of the doctrine of necessity can be elicited, and in advance of which supporting documentation and other information can be provided by the Debtor to the Committee.

                                              Respectfully submitted,

                                              **McMANIMON, SCOTLAND & BAUMANN, LLC**
*Proposed Attorneys for the Official Committee of Unsecured Creditors of Hollister Construction Services, LLC*

Dated:  October 4, 2019                   By:      */s/ Sam Della Fera, Jr.*
                                                                  Sam Della Fera, Jr.

---

[1] The Debtor also should confirm that it has stopped allowing its employees to use their American Express cards, and that the cards have been cancelled.

4824-8958-3528, v. 1