UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**LOWENSTEIN SANDLER LLP**
Arielle Adler, Esq.
Bruce Buechler, Esq.
Joseph DiPasquale, Esq.
Jennifer B. Kimble, Esq.
Kenneth A. Rosen, Esq.
Mary E. Seymour, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Proposed Counsel to the Debtor and
Debtor-in-Possession*

**Order Filed on October 2, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

HOLLISTER CONSTRUCTION SERVICES, LLC[1]

        Debtor.

Chapter 11

Case No. 19-27439 (MBK)

## THIRD INTERIM ORDER (I) AUTHORIZING THE USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION, (III) SCHEDULING A FINAL HEARING AND, (IV) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through and including twenty-seven (27), is hereby **ORDERED**.

**DATED: October 2, 2019**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is Hollister Construction Services, LLC (5404).

Page:      2
Debtor:    Hollister Constructions Services, LLC
Case No.:  19-27439 (MBK)
Caption:   Third Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
           Scheduling a Final Hearing, and (IV) Granting Related Relief

---

This matter is before the Court on the motion (the "Motion")[2] of the above captioned debtor and debtor-in-possession (the "Debtor") for entry of an interim order and a final order (the "Final Cash Collateral Order" or "Final Order"), pursuant to sections 105(a), 361, 362 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* (the "Bankruptcy Code"), (i) authorizing the Debtor's use of cash collateral pursuant to section 363 of the Bankruptcy Code; (ii) granting adequate protection for such use of cash collateral pursuant to sections 361 and 363 of the Bankruptcy Code; (iii) scheduling a hearing (the "Final Hearing") to consider entry of the Final Cash Collateral Order authorizing and approving use of cash collateral on a final basis; and (iv) granting related relief pursuant to Rules 4001(b)(2) and (c)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Court considered the Motion on an interim basis and the limited objections filed thereto or as stated on the record at a hearing held on September 16, 2019, and at a Second Interim Hearing held on September 24, 2019, and after due deliberation and good and sufficient cause appearing for the entry of the within order,

**IT IS HEREBY FOUND, DETERMINED, ORDERED, AND ADJUDGED**, that:[3]

1.    Motion Granted. The Motion was granted on an interim basis pursuant to the terms of the Interim Order entered by the Court on September 16, 2019 (the "Interim Order") [Docket No. 90] and the Second Interim Order entered by the Court on  September 25, 2019 [Docket No. 158].  The Motion is hereby granted on a further interim basis in accordance with

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3]  The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, as appropriate.

DM3\6056798.2

Page:        3
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Third Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
             Scheduling a Final Hearing, and (IV) Granting Related Relief

---

the terms of this Third Interim Order, entered without a hearing and based on the consent of the parties.  Any objections to the Motion that have not been withdrawn, waived or settled, and all reservations of rights included therein or raised on the record at the hearings are hereby continued until October 8, 2019 at 11:30 a.m., the date upon which the Court will hold a further Hearing on the Motion.

2.      Jurisdiction. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of the Debtor's Chapter 11 Case and the Motion is proper under 28 U.S.C. §§ 1408 and 1409.

3.      Statutory Predicates.  The statutory predicates for the relief sought in the Motion are Bankruptcy Code §§ 105, 361, 362 and 363, Rule 4001 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 4001-3 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

4.      Notice. Notice of the Motion on the Debtor's proposed use of cash collateral has been served in accordance with section 102(1) of the Bankruptcy Code, Bankruptcy Rule 4001(b), and D.N.J. LBR 9013-5(f), which notice is appropriate and sufficient for all purposes under the Bankruptcy Code and the applicable Bankruptcy Rules with respect to the interim relief requested in the Motion.

5.      Debtor's Stipulations with Respect to PNC.  Without prejudice to the rights of any other party, but subject to the limitations thereon contained in paragraph 14 of this Third

Page:       4
Debtor:     Hollister Constructions Services, LLC
Case No.:   19-27439 (MBK)
Caption:    Third Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
            Scheduling a Final Hearing, and (IV) Granting Related Relief

---

Interim Order, and subject to the provisions of Paragraphs 18 and 20 hereof, the Debtor represents, admits, stipulates, and agrees that (collectively, the "Debtor's PNC Stipulations"):[4]

      A.    PNC Cash Collateral. Except as otherwise provided herein, any and all of the Debtor's cash and other amounts on deposit or maintained in any account or accounts by the Debtor generated by the collection of accounts receivable or other disposition of the Prepetition PNC Collateral (as defined herein) existing as of the Petition Date, and the proceeds of any of the foregoing, is PNC's cash collateral within the meaning of section 363(a) of the Bankruptcy Code (the "Cash Collateral").

      B.    Prepetition Line of Credit Loan Documents. On or about November 13, 2014, PNC extended a line of credit to the Debtor in the principal amount of $15,000,000.00 (the "Prepetition Line of Credit"). The Prepetition Line of Credit is evidenced by, *inter alia*, that certain Amended and Restated Committed Line of Credit Note dated December 30, 2015 executed and delivered by the Debtor to PNC (the "Committed Line Note") and related (i) Borrowing Base Rider dated November 13, 2014 between the Debtor and PNC and (ii) Security Agreement dated November 13, 2014 executed and delivered by the Debtor in favor of PNC (collectively, and together with the Committed Line Note and all other documents related to and/or evidencing the Prepetition Line of Credit, as amended, supplemented, modified and/or restated prior to the date hereof, the "Prepetition Line of Credit Loan Documents").

---

[4] None of Debtor's PNC Stipulations set forth in this Third Interim Order shall limit, impair or modify in any way the rights, protections or remedies of PNC, including with respect to any default or "Event of Default" (as defined in the Prepetition PNC Credit Documents (as defined in Paragraph 5(c) of this Third Interim Order)) under any of the loan documents evidencing the Prepetition Facilities.

Page:        5
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Third Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
             Scheduling a Final Hearing, and (IV) Granting Related Relief

C.        Prepetition Term Loan Documents.  On or about September 26, 2018, PNC loaned the Debtor the principal amount of $1,600,000.00 (the "Prepetition Term Loan").  The Prepetition Term Loan is evidenced by, *inter alia*, that certain Term Loan Note dated as of September 26, 2018 (the "Prepetition Term Loan Note") (together, and with all other documents related to and/or evidencing the Prepetition Term Loan, as amended, supplemented, modified and/or restated prior to the date hereof, the "Prepetition Term Loan Documents" and, together with the Prepetition Line of Credit Loan Documents, the "Prepetition PNC Credit Documents").

D.        Acknowledgement of Default.  As of the Petition Date, Debtor was in default of its obligations under the Prepetition PNC Credit Documents.

E.        Existing Bank Accounts.  As of the date hereof, Debtor holds depository bank accounts as set forth in the Debtor's Cash Management Motion [Docket No. 11], as modified by the Interim Order.

F.        Outstanding Prepetition Secured Obligations.

(1)       As of the Petition Date, the outstanding principal amount of the obligations owing by the Debtor to PNC under and in connection with the Prepetition Line of Credit was $14,000,000, together with all accrued interest, charges, fees, costs and expenses (including attorneys' fees and legal expenses), which, in the aggregate, totaled at least $14,012,345.53 as of the Petition Date.

(2)       As of the Petition Date, the outstanding principal amount of the obligations owing by the Debtor to PNC under and in connection with the Prepetition Term Loan was  $1,306,666.83 together with all accrued interest, charges, fees, costs and expenses (including

DM3\6056798.2

Page:        6
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Third Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
             Scheduling a Final Hearing, and (IV) Granting Related Relief

---

attorneys' fees and legal expenses), which, in the aggregate, totaled at least $1,309,025.57 as of the Petition Date.

(3)    Taken together, as of the Petition Date, the outstanding amounts due and owing to PNC under the Prepetition Line of Credit and Prepetition Term Loan were, in the aggregate, together with all accrued interest, charges, fees, costs and expenses (including attorneys' fees and legal expenses), at least $15,321,371.10 (collectively, the "Secured Obligations") as of the Petition Date.

(4)    The Secured Obligations constitute allowed, legal, valid, binding, enforceable and non-avoidable obligations of the Debtor and are not subject to any offset, defense, counterclaim, avoidance, recharacterization or subordination pursuant to the Bankruptcy Code or any other applicable law, and the Debtor does not possess and shall not assert any claim, counterclaim, setoff or defense of any kind, nature or description which would in any way affect the validity, enforceability and nonavoidability of any of the Secured Obligations.

G.    Prepetition Liens and Collateral.  Except as otherwise set forth herein, as of the Petition Date, the Secured Obligations were secured by a valid, perfected, and enforceable and non-avoidable first priority security interest and lien (the "Prepetition PNC Lien") granted by the Debtor to PNC upon the Collateral (as defined in the Prepetition PNC Credit Documents, hereafter the "Prepetition PNC Collateral"). The Prepetition PNC Lien in and against the Prepetition PNC Collateral (i) is a valid, binding, perfected, and enforceable lien and security interest on the Prepetition PNC Collateral, (ii) is not subject, pursuant to the Bankruptcy Code or other applicable law, to avoidance, recharacterization, recovery, subordination, attack, offset, counterclaim, defense, or "claim" (as defined in the Bankruptcy Code) of any kind, (iii) is subject and/or

Page:         7
Debtor:       Hollister Constructions Services, LLC
Case No.:     19-27439 (MBK)
Caption:      Third Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
              Scheduling a Final Hearing, and (IV) Granting Related Relief

---

subordinate only to any validly perfected and unavoidable liens that existed on the Petition Date

and are senior to the Prepetition PNC Lien under applicable non-bankruptcy law, and (iv)

constitute the legal, valid, unavoidable and binding obligation of the Debtor, enforceable in

accordance with the terms of the Prepetition PNC Credit Documents.

        H.      <u>Adequate Protection for PNC</u>.  As a result of the Debtor's authorization to

use PNC's Cash Collateral as set forth herein, PNC is entitled to receive adequate protection

pursuant to sections 361, 362, and 363 of the Bankruptcy Code for and solely to the extent of any

actual diminution in the value, from and after the Petition Date, of its interests in the Prepetition

PNC Collateral (including the Cash Collateral) resulting from the automatic stay and/or from the

Debtor's use, sale or lease of the Prepetition PNC Collateral (including the Cash Collateral), or

otherwise during the Chapter 11 Case.  As adequate protection, PNC will receive the adequate

protection described in this Third Interim Order. In light of such adequate protection, PNC has

consented to the Debtor's use of PNC's Cash Collateral, solely on the terms and conditions set

forth in this Third Interim Order. The adequate protection provided herein and other benefits and

privileges contained herein are consistent with and authorized by the Bankruptcy Code and are

necessary to obtain PNC's consent to the Debtor's use of Cash Collateral.

        I.      <u>No Claims</u>.  Subject to the provisions of Paragraph 14 of this Third Interim

Order and entry of a Final Order, the Debtor, on behalf of itself and its estate and all of its past,

present and future predecessors, successors, heirs, subsidiaries and assigns (collectively, the

"<u>Releasors</u>"), agree that as of the Petition Date it holds no valid or enforceable "claims" (as defined

in the Bankruptcy Code), counterclaims, causes of action, defenses, or setoff rights of any kind

against PNC and its officers, directors, equity holders, members or shareholders arising out of,

Page:        8
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Third Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
             Scheduling a Final Hearing, and (IV) Granting Related Relief

---

relating to, or in connection with, *inter alia*, the Prepetition PNC Credit Documents, the Secured

Obligations, the Prepetition PNC Collateral, the lending relationship with the Debtor under the

Prepetition PNC Credit Documents, any action or inaction of PNC prior to the Petition Date under

the Prepetition PNC Credit Documents or in connection with the filing of the Chapter 11 Case.

The Releasors hereby forever waive and release any and all "claims" (as defined in the Bankruptcy

Code), counterclaims, causes of action, defenses, or setoff rights against PNC and/or its officers,

directors, equity holders, members, partners, funds, managers, managing members, employees,

advisors, principals, attorneys, professionals, accountants, investment bankers, consultant, agents,

and other representatives that may have existed as of the Petition Date, whether arising at law or

in equity, including any recharacterization, subordination, lender liability type claims, avoidance,

or other claim arising under or pursuant to section 105 or chapter 5 of the Bankruptcy Code or

under any other similar provisions of applicable state or federal law, arising out of, relating to, or

in connection with, *inter alia*, the Prepetition PNC Credit Documents, the Secured Obligations,

the Prepetition PNC Collateral, the lending relationship with the Debtor under the Prepetition PNC

Credit Documents, any action or inaction of PNC prior to the Petition Date in connection with the

lending relationship under the Prepetition PNC Credit Documents or in connection with the filing

of the Chapter 11 Case.

      6.    <u>Necessity for Relief Requested</u>.  The Debtor does not have sufficient

unencumbered cash or other assets to continue to operate its business during the Chapter 11 Case

or to effectuate a reorganization.  The Debtor will be immediately and irreparably harmed if it is

not immediately granted the authority to use PNC's Cash Collateral in order to permit, among

other things, the continuation of its business, the ability to fund payroll and other taxes, the

Page:       9
Debtor:     Hollister Constructions Services, LLC
Case No.:   19-27439 (MBK)
Caption:    Third Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
            Scheduling a Final Hearing, and (IV) Granting Related Relief

---

maintenance of their relations with vendors and suppliers, satisfaction of their working capital needs, as well as the ability to pay for inventory, supplies, overhead, insurance and other necessary expenses and pay any statutory fees pursuant to 28 U.S.C. § 1930(a)(6). The access of the Debtor to sufficient working capital and liquidity made available through the use of PNC's Cash Collateral is vital to the preservation and maintenance of the going concern value of the Debtor and to a successful reorganization of the Debtor.

7.      <u>Good Cause</u>. Good cause has been shown for entry of this Third Interim Order, and the entry of this Third Interim Order is in the best interests of the Debtor and its estate and creditors. Among other things, the relief granted herein will permit the Debtor to preserve and maintain the value of its assets. The stipulated terms of the Debtor's use of PNC's Cash Collateral and proposed adequate protection arrangements, as set forth in this Third Interim Order, are fair and reasonable under the circumstances, and reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties.

8.      <u>Good Faith</u>. The Debtor's use of Cash Collateral on an interim basis has been negotiated in good faith and at arms' length between and among the Debtor and PNC and PNC's consent to the Debtor's use of Cash Collateral shall be deemed to have been made in "good faith."

9.      <u>Authorization to Use PNC's Cash Collateral</u>. Until the earlier to occur of (i) to and through October 8, 2019 or (ii) the Termination Date (as defined below), the Debtor is hereby authorized to use PNC's Cash Collateral pursuant to and in accordance with the terms of this Third Interim Order and the Week 3 Budget (as defined below).

10.     <u>Budget</u>.

Page:       10
Debtor:     Hollister Constructions Services, LLC
Case No.:   19-27439 (MBK)
Caption:    Third Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
Scheduling a Final Hearing, and (IV) Granting Related Relief

a)      Except as otherwise provided herein, the Debtor may only use PNC's Cash Collateral for, among other things, (i) working capital requirements, (ii) general corporate purposes, and (iii) certain costs and expenses related to the administration of the Chapter 11 Case (including making adequate protection payments and paying any statutory fees pursuant to 28 U.S.C. § 1930(a)(6)), in each case, pursuant to and solely in accordance with the one (1) week cash collateral budget attached as **Exhibit 1** hereto (the "Week 3 Budget" or "Budget"), which Budget has been approved by PNC.  Use of Cash Collateral for category items in the Contingency Line of the Budget shall be subject to the prior consent of PNC.  Nothing contained in this Third Interim Order including, without limitation, reference to future dates, reporting requirements, or otherwise, shall be deemed to constitute consent or agreement to consent on PNC's part for the use of Cash Collateral beyond October 8, 2019.

b)      Commencing on September 19, 2019, and then every seven (7) days thereafter, until entry of a subsequent interim order or Final Order instructing otherwise, the Debtor shall deliver an updated weekly budget (the "Proposed Weekly Budget") to PNC and its advisors, the Office of the U.S. Trustee and counsel to any Creditors' Committee that may be appointed in the Chapter 11 Case (the "Committee"), for the week beginning September 22, 2019 (and then every week thereafter).

c)      Commencing on September 24, 2019, and then every seven (7) days thereafter, until entry of a subsequent interim order or Final Order instructing otherwise, Debtor shall deliver to PNC a report for the prior one (1) week fiscal period (the "1-Week Fiscal Period") comparing the actual receipts and disbursements of the Debtor during that 1-Week Fiscal Period with the receipts and disbursements in the Budget for the applicable periods.

Page:        11
Debtor:     Hollister Constructions Services, LLC
Case No.:   19-27439 (MBK)
Caption:    Third Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
            Scheduling a Final Hearing, and (IV) Granting Related Relief

d)        During the term of this Third Interim Order, the Debtor may not use PNC's Cash Collateral: (i) to investigate, initiate, prosecute, join, or finance the initiation or prosecution of any claim, counterclaim, action, suit, arbitration, proceeding, application, motion, objection, defense, or other litigation of any type: (A) against PNC or seek relief that would impair the rights and remedies of PNC under the Prepetition PNC Credit Documents or this Third Interim Order, including, without limitation, for the payment of any services rendered by the professionals retained by the Debtor in connection with the assertion of or joinder in any claim, counterclaim, action, proceeding, application, motion, objection, defense, or other contested matter, the purpose of which is to seek, or the result of which would be to obtain, any order, judgment determination, declaration, or similar relief that would impair the ability of PNC to recover on the Secured Obligations or seeking affirmative relief against PNC; (B) invalidating, setting aside, avoiding, or subordinating, in whole or in part, the Secured Obligations, PNC's liens or security interests in the Prepetition PNC Collateral; or (C) for monetary, injunctive, or other affirmative relief against PNC or its liens on or security interests in the Prepetition PNC Collateral that would impair the ability of PNC to assert or enforce any lien, claim, right, or security interest or to realize or recover on the Secured Obligations; (ii) for objecting to or challenging in any way the legality, validity, priority, perfection, or enforceability of the claims, liens, or interests (including the Prepetition PNC Liens) held by or on behalf of PNC; (iii) for asserting, commencing, or prosecuting any claims or causes of action whatsoever, including, without limitation, any Avoidance Actions against PNC; or (iv) for prosecuting an objection to, contesting in any manner, or raising any defenses to, the validity, extent, amount, perfection, priority, or enforceability of the Prepetition PNC Liens or any other rights or interests of PNC.

DM3\6056798.2

Page:       12
Debtor:     Hollister Constructions Services, LLC
Case No.:   19-27439 (MBK)
Caption:    Third Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
            Scheduling a Final Hearing, and (IV) Granting Related Relief

---

11.    <u>Termination Date</u>. The Debtor's authorization, and the consent of PNC to use PNC's Cash Collateral shall terminate on the earliest to occur of (the "<u>Termination Date</u>"): (i) the termination or non-consensual modification of this Third Interim Order or the failure of this Third Interim Order to be in full force and effect; (ii) the entry of an order of this Court terminating the Debtor's right to use Cash Collateral; (iii) the dismissal of the Chapter 11 Case or the conversion of the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code; (iv) the appointment of a trustee or an examiner with expanded powers; and (vi) the expiration of the Cure Period following the delivery of a Default Notice (as defined herein) by PNC, as set forth below.

12.    <u>Insurance</u>. At all times, the Debtor shall maintain casualty and loss insurance coverage for the Prepetition PNC Collateral on substantially the same basis as maintained prior to the Petition Date and shall, if not already done, name PNC as a loss payee.

13.    <u>Sole Depository.</u>  In consideration for the use of PNC's Cash Collateral, within ten (10) business days from the entry of the Interim Order the Debtor shall utilize PNC as its sole depository and any and all deposit accounts maintained at other banking institutions shall be transferred to PNC and thereafter maintained by PNC as debtor-in-possession accounts.  For the avoidance of doubt, the Debtor may continue to maintain its operating account related to payroll at TD Bank solely as conduit operating account.

14.    <u>Reservation of Certain Third Party Rights and Bar of Challenges and Claims</u>.  The rights of any creditor, party in interest or committee, whether formal or informal, including a Creditor's Committee, to dispute or challenge the validity, perfection, extent, amount and priority of PNC's claims and liens and/or the right to dispute PNC's right to any Adequate

Page:        13
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Third Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
             Scheduling a Final Hearing, and (IV) Granting Related Relief

---

Protection Payments authorized under this Order including, without limitations, to dispute the

release provided by the Debtor in paragraph 5.I of this Third Interim Order (collectively, a

"Challenge") are expressly preserved for sixty (60) days from the date that counsel for a

Creditor's Committee has been retained, if a Creditor's Committee is formed, and as to all other

parties in interest, sixty (60) days from the date that the Court entered the Interim Order (the

"Challenge Period").

      15.    <u>Adequate Protection Lien and Priority</u>.  As adequate protection for (i) the

Debtor's post-petition use of PNC's Cash Collateral, (ii) the Debtor's postpetition use, sale or

lease of the Prepetition PNC Collateral, and (iii) the imposition of the automatic stay (the

"<u>Adequate Protection Obligations</u>"), PNC is hereby granted a replacement security interest in

and lien on (the "<u>Adequate Protection Lien</u>") all post-petition assets of the Debtor, but solely to

the extent of any actual diminution in the value of the PNC Prepetition Collateral, and to the

extent and with the same priority in the Debtor's post-petition collateral, and proceeds thereof,

that PNC had in the Debtor's Prepetition PNC Collateral.  The Adequate Protection Lien shall

extend to any claims or causes of action of the Debtor under 11 U.S.C. §§ 544, 547, 548, 549,

550 or 551 ("<u>Avoidance Actions</u>") or any proceeds of any of such claims or causes of action

("<u>Avoidance Proceeds</u>").

      For the avoidance of doubt, the Adequate Protection Lien shall be junior in priority only to

any fees payable to the Clerk of this Court and statutory fees pursuant to 28 U.S.C. § 1930(a)(6).

      The Adequate Protection Lien granted to PNC shall be a (x) first priority perfected lien on

the Prepetition PNC Collateral on which PNC had a valid and perfected first priority lien on as of

the Petition Date, even if such collateral is subject to a validly perfected lien that is junior to the

Page:        14
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Third Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
             Scheduling a Final Hearing, and (IV) Granting Related Relief

---

lien of PNC, and (y) junior perfected lien on the Prepetition PNC Collateral that is subject to a

validly perfected lien with priority over PNC's liens as of the Petition Date.

The Adequate Protection Lien granted to PNC pursuant to this Third Interim Order is

deemed valid and perfected upon entry of this Third Interim Order without the necessity of PNC

taking possession of, filing financing statements, mortgages, or other documents.  Upon the request

of PNC, the Debtor shall execute and deliver to PNC any and all UCC financing statements,

mortgages, notes, assignments, or other instruments or documents considered by PNC necessary

in order to perfect the Adequate Protection Liens; and PNC is hereby granted relief from the

automatic stay embodied in section 362(a) of the Bankruptcy Code to receive, file, and record the

foregoing.

The provisions of this Paragraph 15 are subject to the provisions of Paragraphs 18 and 20

hereof.

16.    <u>Adequate Protection Superpriority Claims</u>.  To the extent the adequate protection

provided is insufficient to protect PNC's interest in and to the Cash Collateral, PNC shall have

a superpriority administrative expense claim pursuant to Section 507(b) of the Bankruptcy Code,

senior to any and all claims against the Debtor under Section 507(a) of the Bankruptcy Code,

subject to statutory fees pursuant to 28 USC 1930(a)(6).

17.    <u>Adequate Protection Fees and Interest</u>.  As further adequate protection PNC shall

be entitled to (i) interest on account of the outstanding Secured Obligations, which shall accrue

at the non-default rate of interest in accordance with the amounts, time and manner set forth in

the Prepetition PNC Credit Documents, and (ii) the reasonable and documented fees, costs and

expenses incurred by PNC after the Petition Date, including, but not limited to, attorneys' fees

Page:      15
Debtor:    Hollister Constructions Services, LLC
Case No.:  19-27439 (MBK)
Caption:   Third Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
           Scheduling a Final Hearing, and (IV) Granting Related Relief

---

and expenses (the "Adequate Protection Fees"), which shall also accrue in accordance with the

amounts, time and manner set forth in the Prepetition PNC Credit Documents. Consistent with

Paragraph 18 of this Order, said interest, fees and costs, shall not, absent a further Order of this

Court, be paid from the Bonded Project Proceeds.

18.      PNC and Arch's Competing Interests in Bonded Projects and Proceeds therefrom.

Prior to the Petition Date, Arch executed certain performance and payment bonds (the "Bonds")

on behalf of the Debtor including the Bonds bearing bond numbers and for obligees (the "Project

Owners") of and for certain of the Debtor's ongoing construction projects (the "Bonded

Projects") which Bonds relate to certain of the contracts which the Debtor was performing under

as of the Petition Date. Arch contends that progress payments, retainage, change order and claim

proceeds that are outstanding and which may be earned with respect to the Bonded Projects

(collectively, the "Bonded Project Proceeds"), when held by Project Owners or when paid by

Project Owners constitute trust funds for the benefits of laborers, subcontractors, suppliers, and

materialmen of the Bonded Projects pursuant to applicable state statutes.

Neither Debtor nor any assignee of Debtor (except for any junior perfected residual

interest, if any, held by PNC following payment of the obligations on any Bonded Projects),

including but not limited to any lender, shall have, or been deemed to have, any beneficial interest

in or lien upon the Bonded Project Proceeds of any Bonded Project unless and until all of that

Bonded Project is complete, all bonded obligations arising out of that Bonded Project have been

satisfied, and the Bonds relating to that Bonded Project have been released or discharged.

With respect to each of the Bonded Projects, the Debtor and Surety have established

separate escrow accounts with PNC as Debtor-in-Possession trust accounts for each such Bonded

Page:        16
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Third Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
             Scheduling a Final Hearing, and (IV) Granting Related Relief

Project into which all Bonded Project Proceeds shall be deposited (the "Bonded Project Escrow Accounts"). The Bonded Project Proceeds shall be deposited into the respective Bonded Projects Escrow Accounts, when due and payable by the Bonded Project Owners to Debtor or its assigns. The Surety has designated a representative who shall serve as signatory on each account and, with the Debtor's prior approval or consent, and upon notice to the United States Trustee and the Committee, funds from each such Bonded Project Escrow Account shall be used only to fund the actual and reasonable direct costs from completion of the respective Bonded Project, to pay valid bonded obligations, and to pay Trust Fund Beneficiaries' claims including but not limited to: (a) payment of laborers, payroll taxes on wages paid to such laborers, union fringe benefits funds, subcontractors and materialman for labor, services and materials; (b) payment of the actual, reasonable, and proper claims of and obligations owing to laborers, union fringe benefit funds, subcontractors, suppliers, materialmen, laborers, subcontractors, suppliers to subcontractors for labor, materials or services supplied in furtherance of the Bonded Projects and/or to reimburse the Surety for any such payments made by it under or by virtue of the Bonds; and (c) payment of claims of "beneficiaries," as defined in applicable state law.

To the extent that any Bonded Project Proceeds are deemed to be held in trust, whether by statute, contract or other applicable law for any Trust Fund Beneficiary, such Bonded Project Proceeds shall retain their trust status upon their deposit into any escrow account identified in this Third Interim Order or any previous interim cash collateral order entered by the Court through the transfer of such funds to such Trust Fund Beneficiary.

Page:        17
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Third Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
             Scheduling a Final Hearing, and (IV) Granting Related Relief

---

Nothing in this Third Interim Order or the previous interim cash collateral orders entered by the Court shall create or impose an obligation on any Project Owner to make a payment that would not otherwise be due and payable to the Debtor.

Notwithstanding any other provisions to the contrary in this Third Interim Order or the previous interim cash collateral orders entered by the Court, neither Arch, PNC, the Project Owners, nor the Debtor waive or release any defenses, rights and claims with respect to the Bonds, Bonded Projects Proceeds or otherwise, all rights being expressly reserved.

19.    <u>The Minerva Entities and Bay Street Entities Bonded Project Escrow Accounts.</u> Notwithstanding anything in this Third Interim Order or the previous interim cash collateral orders to the contrary, with respect to the Debtor's Bonded Projects with 10 Minerva Place L.P. and 10 Minerva Place Housing Development Fund Corporation (collectively the "<u>Minerva Entities</u>") and with 5 Bay Street Phase 1 LLC, 5 Bay Street Phase 1 Sponsor Member Inc., and 5 Bay Street Phase 3 LLC (collectively the "<u>Bay Street Entities</u>"), prior to either the Bay Street Entities or the Minerva Entities making a payment to their respective Bonded Project Escrow Account, the Bay Street Entities on their Bonded Project or, as the case may be, the Minerva Entities on their Bonded Project, the Debtor and the Surety shall agree upon the disposition and uses of the funds to be paid by such Project Owner (consents may be provided in writing by electronic mail), including the specific amounts to be paid to one or more Trust Fund Beneficiaries, and the Debtor shall represent to such Project Owner that all notices required by this Third Interim Order necessary to make such payments to any such Trust Fund Beneficiaries have been provided, and forthwith following the payment by such Project Owner to the Bonded Project Escrow Account established for such Project Owner's Bonded Project, Surety shall pay

DM3\6056798.2

Page:          18
Debtor:        Hollister Constructions Services, LLC
Case No.:      19-27439 (MBK)
Caption:       Third Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
               Scheduling a Final Hearing, and (IV) Granting Related Relief

---

each such Trust Fund Beneficiary the amounts previously agreed by the Debtor, Surety and such

Project Owner.

20.     Post-Petition Non-Bonded Project Receivables.    Various parties in interest

including, but not limited to subcontractors, Project Owners, PNC, the Debtor, and others, may

assert rights, claims or other interests in the post-petition receivables of the Debtor for work

performed or services provided on the Debtor's non-bonded projects (the "Non-Bonded Project

Receivables"). In order to preserve the rights of all parties in interest, all Non-Bonded Project

Receivables received by the Debtor on non-bonded projects after the Petition Date shall be

placed into the separate post-petition bank account opened by the Debtor at PNC Bank (the

"Non-Bonded Project Post-Petition Account") with a separate accounting internally by the

Debtor for each such non-bonded project.  No Non-Bonded Project Receivables or other amounts

held in the Non-Bonded Project Post-Petition Account shall be disbursed by the Debtor during

the period covered by this Third Interim Order.  Nothing in this Third Interim Order is intended

to adjudicate, waive or release any claims or rights with respect to the Non-Bonded Project

Receivables or funds held in the Non-Bonded Post-Petition Account.  All rights of all parties in

the Non-Bonded Project Receivables are being expressly reserved.

21.     Modification of Automatic Stay. The automatic stay under section 362(a) of the

Bankruptcy Code is hereby modified as necessary to effectuate all of the terms and provisions

of this Third Interim Order, including, without limitation, to: (a) permit the Debtor to provide

the adequate protection provided herein; (b) permit the Debtor to perform such acts as PNC may

reasonably request to assure the perfection and priority of the liens granted herein; and (c)

authorize the Debtor to make payments in accordance with the terms of this Third Interim Order.

DM3\6056798.2

Page:        19
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Third Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
             Scheduling a Final Hearing, and (IV) Granting Related Relief

---

22.    <u>Disposition of Collateral</u>.  Unless otherwise provided for herein, the Debtor shall

not sell, transfer, lease, encumber or otherwise dispose of any portion of the Prepetition PNC

Collateral without the prior written consent of PNC, unless done so in the ordinary course of

business. Further, unless otherwise agreed to by PNC in writing, all proceeds of any sale or other

disposition of the Prepetition PNC Collateral in which PNC has a first priority security interest,

outside of the ordinary course of business shall be paid over to PNC as and to the extent required

by this Third Interim Order.

23.    <u>Events of Default.</u>  The occurrence of any of the following events, unless waived

in writing by PNC, shall constitute an event of default (each, an "<u>Event of Default</u>"):

a)    the Debtor's continued use of PNC's Cash Collateral after the Termination

Date without the written consent of PNC;

b)    the Debtor's failure to (i) comply with the Budget and related reporting

requirements, or (ii) perform, in any material respect, any of its obligations under this Third Interim

Order;

c)    except as otherwise permitted herein, the Debtor obtaining post-petition

credit or incurring post-petition indebtedness that is (i) secured by a security interest, mortgage or

lien on all or any portion of the Prepetition PNC Collateral which is equal to or senior to, any

security interest, mortgage or lien of PNC, or (ii) entitled to priority administrative status which is

equal to or senior to that granted to PNC;

d)    any lien or security interest purported to be created under the Prepetition

PNC Credit Documents shall cease to be, shall be asserted by the Debtor not to be, or shall

otherwise be determined by the Bankruptcy Court not to be a valid and perfected lien on or security

Page:        20
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Third Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
             Scheduling a Final Hearing, and (IV) Granting Related Relief

---

interest in any Prepetition PNC Collateral, with the priority required by the Prepetition PNC Credit

Documents or the provisions of this Third Interim Order;

e)    dismissal of the Chapter 11 Case, conversion of the Chapter 11 Case to

chapter 7, or the appointment of a chapter 11 trustee or examiner with expanded powers in the

case;

f)    an order shall be entered staying, reversing, vacating, amending, or

rescinding any of the terms of this Third Interim Order without the consent of PNC;

g)    the entry of an order or judgment by this Court or any other court: (i)

modifying, limiting, subordinating, or avoiding the priority of the obligations of the Debtor under

this Third Interim Order, the obligations of the Debtor under the Prepetition PNC Credit

Documents, or the perfection, priority, or validity of the Prepetition PNC Liens, or the Adequate

Protection Lien; (ii) imposing, surcharging, or assessing against PNC's claims or the Prepetition

PNC Collateral, any costs or expenses, whether pursuant to section 506(c) of the Bankruptcy Code

or otherwise; (iii) impairing PNC's right to credit bid; and (iv) authorizing the obtaining of post-

petition credit or the incurrence of postpetition indebtedness that is secured by a security interest,

mortgage, or other lien on all or any portion of the Prepetition PNC Collateral which is equal to or

senior to any security interest, mortgage, or other lien of PNC, or entitled to administrative expense

priority status which is equal or senior to that granted to PNC herein;

h)    the sale of any material portion of the Debtor's assets outside of the ordinary

course of business without the prior written consent of PNC, unless, as a result of the sale, PNC is

paid in full;

DM3\6056798.2

Page:       21
Debtor:     Hollister Constructions Services, LLC
Case No.:   19-27439 (MBK)
Caption:    Third Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
            Scheduling a Final Hearing, and (IV) Granting Related Relief

i)      any proceeds of any sale or other disposition of the Prepetition PNC

Collateral are not paid over to PNC despite a requirement to do so in this Third Interim Order,

unless otherwise previously agreed to by PNC in writing, in its sole discretion; or

j)      any of PNC's Cash Collateral is used, whether or not pursuant to Court

order, in a manner prohibited by this Third Interim Order, including Paragraph 10 hereof unless

otherwise agreed to by PNC.

24.     <u>Exercise of Remedies</u>. Upon the occurrence and at any time during the

continuation of an Event of Default, PNC may deliver a written notice of an Event of Default (a

"<u>Default Notice</u>"), and the automatic stay is hereby vacated to allow the delivery of any Default

Notice, which Default Notice shall be given by email, facsimile, or other electronic means to

counsel to the Debtor, the U.S. Trustee, and counsel to the Committee. The Debtor shall have

three (3) business days from the date of delivery of such Default Notice to cure such Event of

Default (the "<u>Cure Period</u>") (provided the Debtor shall have the ability to seek an emergency

hearing within 48 hours to challenge any such written notice, and authority to continue usage of

Cash Collateral until the Court rules on such dispute).  Upon the expiration of the Cure Period,

the automatic stay shall be deemed terminated (except as otherwise ordered by the Court for

cause) and PNC shall be entitled to take any action and exercise all rights and remedies provided

to it by this Third Interim Order, the Prepetition PNC Credit Documents, and/or applicable law

as PNC may deem appropriate in its sole discretion to, among other things, proceed against and

realize upon the assets or properties of Debtor's estate (including the Prepetition PNC Collateral)

upon which PNC has been granted liens and security interests. The Debtor and/or any estate

Page:        22
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Third Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
             Scheduling a Final Hearing, and (IV) Granting Related Relief

representative shall cooperate and make all information and documents readily available and turned over to PNC to realize against the Collateral.

25.     <u>Reversal, Modification, Vacatur, or Stay</u>.  Any reversal, modification, vacatur, or stay of any or all of the provisions of this Third Interim Order shall not affect the validity or enforceability of any Adequate Protection Liens, or any claim, lien, security interest, or priority authorized or created hereby with respect to any Adequate Protection Liens, incurred prior to the effective date of such reversal, modification, vacatur, or stay. Notwithstanding any reversal, modification, vacatur, or stay (a) this Third Interim Order shall govern, in all respects, any use of Cash Collateral or Adequate Protection Liens or Adequate Protection Superpriority Claims incurred by the Debtor prior to the effective date of such reversal, modification, vacatur, or stay, and (b) PNC shall be entitled to all the benefits and protections granted by this Third Interim Order with respect to any such use of Cash Collateral or such Adequate Protection Liens or Adequate Protection Superpriority Claims incurred by the Debtor.

26.     <u>Reservation of Rights</u>. Notwithstanding anything to the contrary herein, the entry of this Third Interim Order and the transactions contemplated hereby shall not constitute an admission nor be deemed an admission by PNC that absent its consent to the Debtor's use of PNC's Cash Collateral under this Third Interim Order its interest in the Prepetition PNC Collateral would be adequately protected.  Except as otherwise expressly set forth herein, the entry of this Third Interim Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, or otherwise impair: (a) PNC's right to seek any other or supplemental relief in respect of the Debtor, including the right to seek additional adequate protection; (b) PNC's rights under the Bankruptcy Code or under non-bankruptcy law, including, without

Page:      23
Debtor:    Hollister Constructions Services, LLC
Case No.:  19-27439 (MBK)
Caption:   Third Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
           Scheduling a Final Hearing, and (IV) Granting Related Relief

---

limitation, the right of PNC to (i) request modification of the automatic stay of section 362 of

the Bankruptcy Code, (ii) request dismissal of the Chapter 11 Case, conversion of the Chapter

11 Case to a case under chapter 7, or appointment of a chapter 11 trustee or examiner with

expanded powers, (iii) seek to propose, subject to the provisions of section 1121 of the

Bankruptcy Code, a chapter 11 plan or plans; or (c) any other rights, claims, or privileges

(whether legal, equitable, or otherwise) of PNC.

27.     <u>No Waiver for Failure to Seek Relief</u>.  The failure or delay of PNC to seek relief

or otherwise exercise any of its rights and remedies under this Third Interim Order, the

Prepetition PNC Credit Documents, or applicable law, as the case may be, shall not constitute a

waiver of any rights hereunder, thereunder, or otherwise, by PNC.

28.     <u>Section 507(b) Reservation</u>.   Nothing herein shall impair or modify the

application of section 507(b) of the Bankruptcy Code in the event that the adequate protection

provided hereunder is insufficient to compensate for the Adequate Protection Obligations during

the Chapter 11 Case. Nothing contained herein shall be deemed a finding by the Court, or an

acknowledgment by PNC that the adequate protection granted herein does in fact adequately

protect it against any actual diminution in value of its interests in and against the Prepetition

PNC Collateral (including PNC's Cash Collateral).

29.     <u>Section 552(b) Waiver</u>.  Upon the entry of a Final Order, PNC shall be entitled to

all of the rights and benefits of Bankruptcy Code section 552(b) and the "equities of the case"

exception shall not apply.

30.     <u>Section 506(c) Waiver</u>.  Upon entry of a Final Order, neither the Debtor nor any

other person shall assert a claim under section 506(c) of the Bankruptcy Code for any costs and

DM3\6056798.2

Page:        24
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Third Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
             Scheduling a Final Hearing, and (IV) Granting Related Relief

expenses incurred in connection with the preservation, protection or enhancement of, or realization by PNC, the Prepetition Collateral or the collateral subject to the Adequate Protection Liens or for any expenses of the administration of the estate.

31.    <u>No Marshalling/Application of Proceeds</u>.  Following entry of a Final Order, in no event shall PNC be subject to the equitable doctrine of "marshalling" or any other similar doctrine with respect to any of the Prepetition PNC Collateral.

32.    <u>No Third Party Rights.</u> Except as explicitly provided for herein, this Third Interim Order does not create any rights for the benefit of any third party, creditor, equity holder, or any direct, indirect, or incidental beneficiary.

33.    <u>No Liability to Third Parties</u>. In permitting the use of PNC's Cash Collateral or in exercising any rights or remedies as and when permitted pursuant to this Third Interim Order, PNC shall not be deemed to be in control of the operations of the Debtor or the or to be acting as a "responsible person" or "owner or operator" with respect to the operation or management of the Debtor (as such terms, or any similar terms, are used in the United States Comprehensive Environmental Response, Compensation and Liability Act, 29 U.S.C. §§ 9601 et seq. as amended, or any similar federal or state statute), nor shall PNC owe any fiduciary duty to the Debtor, its creditors or estate, or shall constitute or be deemed to constitute a joint venture or partnership with the Debtor. Furthermore, nothing in this Third Interim Order shall in any way be construed or interpreted to impose upon the PNC any liability for any claims arising from the prepetition or postpetition activities of the Debtor and/or its affiliates (as defined in Bankruptcy Code section 101(2)).

DM3\6056798.2

Page:       25
Debtor:    Hollister Constructions Services, LLC
Case No.:  19-27439 (MBK)
Caption:   Third Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
           Scheduling a Final Hearing, and (IV) Granting Related Relief

34.    Proof of Claim.  PNC is not required to file a proof of claim in the Chapter 11 Case or any converted case with respect to any obligations under the Prepetition PNC Credit Documents or any other claims or liens granted hereunder or created hereby. Any order entered by the Bankruptcy Court in relation to the establishment of a bar date in the Chapter 11 Case will provide that PNC shall have no obligation to comply with the bar date.

35.    Successor and Assigns.  Unless otherwise provided herein, the provisions of this Third Interim Order shall be binding upon and inure to the benefit of PNC and the Debtor and their respective successors and assigns (including any trustee or other fiduciary hereafter appointed as legal representative of the Debtor or with respect to the property of the estate of the Debtor) whether in this Chapter 11 Case, in any subsequent case under chapter 7 of the Bankruptcy Code, or upon dismissal of any such chapter 11 or chapter 7 case.

36.    Immediate Entry of Order.  The Debtor has requested the immediate entry of this Third Interim Order pursuant to Bankruptcy Rules 4001(b) and Local Rule 4001-3.  Absent the entry of this Third Interim Order, the Debtor and its estate will be immediately and irreparably harmed.

37.    Order Immediately Effective.  The provisions of this Third Interim Order shall be immediately effective upon its entry by the Bankruptcy Court as provided for in Bankruptcy Rules 6004(g) and 7062.

38.    Third Interim Hearing.  A subsequent interim hearing on the Motion is scheduled for October 8, 2019, at 11:30 a.m. (ET) (the "Third Interim Hearing"), before the Honorable Michael B. Kaplan, U.S.B.J., at the United States Bankruptcy Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 08608, Courtroom # 8.

DM3\6056798.2

Page:       26
Debtor:     Hollister Constructions Services, LLC
Case No.:   19-27439 (MBK)
Caption:    Third Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
            Scheduling a Final Hearing, and (IV) Granting Related Relief

---

39.    <u>Service of Third Interim Order</u>.  The Debtor is hereby directed to serve a copy of

this Third Interim Order, by e-mail where available or first class mail if no e-mail address is

available, within one (1) business day of entry of this Third Interim Order on (i) the Office of

the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100,

Newark, NJ 07102; (ii) counsel for PNC Bank, Duane Morris LLP, 30 South 17th Street,

Philadelphia, PA 19103-4196, Attention: James J. Holman; (iii) the Internal Revenue Service,

2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016; (iv) the Office of the

United States Attorney, Peter Rodino Federal Building, 970 Broad Street, Suite 700, Newark,

NJ 07102; (v) the New Jersey Division of Taxation Compliance and Enforcement - Bankruptcy

Unit, 50 Barrack Street, 9th Floor, Trenton, NJ 08695; (vi) the Office of the Attorney General of

the State of New Jersey, Division of Law, Richard J. Hughes Justice Complex, 25 Market Street,

Trenton, NJ 08625; (vii) the Pennsylvania Department of Revenue, Bankruptcy Division, P.O.

Box 2809467, Harrisburg, PA 17128-0946; (viii) Commonwealth of Pennsylvania Office of

Attorney General, 16th Floor, Strawberry Square, Harrisburg, PA 17120; (ix) New York State

Department of Taxation and Finance, Attention: Office of Counsel, Building 9, W A Harriman

Campus, Albany NY 12227; (x) New York State Office of Attorney General, The Capitol,

Albany, NY 12224-0341; (xi) Arch Insurance Company c/o Armen Shahinian, Esq., Chiesa

Shahinian & Giantomasi PC, One Boland Drive, West Orange, NJ 07052 and 11 Times Square,

31st Floor, New York, NY 10036; (xii) counsel for the Official Committee of Unsecured

Creditors, McManimon, Scotland & Baumann, LLC, 75 Livingston Avenue, Suite 201,

Roseland, New Jersey, 07068, Attn: Sam Della Fera, Jr and Joshua H. Raymond; and (xiii) all

Page:       27
Debtor:     Hollister Constructions Services, LLC
Case No.:   19-27439 (MBK)
Caption:    Third Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III)
            Scheduling a Final Hearing, and (IV) Granting Related Relief

---

parties that have requested to receive notice pursuant to Bankruptcy Rule 2002. The Debtor shall

file with the Clerk a Certificate of Service of said mailing.

40.     Objections.   Any party in interest filing written objections to the relief sought in

the Motion at the Third Interim Hearing shall file a written objection with the Clerk of the Court

and serve a copy on: (i) Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, New Jersey

07068, Attention:  Kenneth A. Rosen, Esq., attorneys for the Debtors; (ii) Duane Morris LLP,

30 S. 17th Street, Philadelphia, Pennsylvania, 19103, Attention:  James J. Holman, Esq. and

Sommer L. Ross, Esq., attorneys for PNC; (iii) counsel for the Official Committee of Unsecured

Creditors, McManimon, Scotland & Baumann, LLC, 75 Livingston Avenue, Suite 201,

Roseland, New Jersey, 07068, Attn: Sam Della Fera, Jr. and Joshua H. Raymond (iv) the Office

of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100,

Newark, NJ 07102.

**Exhibit 1**
**Budget from 10/02/19 thru 10/08/19**
**Hollister Constructions Services, LLC**

| | | 3rd Cash Collateral Order | | | | |
|---|---|---|---|---|---|---|
| **Daily Disbursements Forecast** | 10/2/2019 | 10/3/2019 | 10/4/2019 | 10/7/2019 | 10/8/2019 | **Total** |
| Payroll | | | | | | $0 |
| Payroll Employer Taxes | | | | | | $0 |
| Rent - 339 Jefferson Office | | | | | | $0 |
| Rent - NYC Office | | | | | | $0 |
| Insurance - Travelers - G/L | | | | | | $0 |
| Insurance - Bank Direct - Auto, etc. | | | | | | $0 |
| Insurance - NJM - W/C | | | | | | $0 |
| Insurance - Principal - Life | | | | | | $0 |
| Insurance - Beneflex - Health | | | | | | $0 |
| Insurance - BCBS - Health | | | | | | $0 |
| Insurance - Guardian - Dental/Vision | | | | | | $0 |
| Clarity Benefit Solutions | | | | | | $0 |
| Postage-Purch Power/Pitney Bowes | | | | | | $0 |
| Bank Fees | | | | | | $0 |
| UPS / Fedex Delivery | | | | ($100) | | ($100) |
| Verizon Wireless | | | | | | $0 |
| Legal Services (Bankruptcy) | | | | | | $0 |
| U.S. Trustee Fees | | | | | | $0 |
| IT - Cloudnexa | | | | | | $0 |
| IT - Exigent Technologies | | | | | | $0 |
| IT - Microsft - email | | | | | | $0 |
| IT - Grasshopper - Voicemail | | | | | | $0 |
| IT - Zoom | | | | | | $0 |
| IT - Carbonite - Backup | | | | | | $0 |
| IT - Building Connected Renewal | | | | | | $0 |
| IT - Optimum | | | | | | $0 |
| IT - Copier Leases | | | | | | $0 |
| IT - Dropbox | | | | | | $0 |
| IT - Matterport | | | | | | $0 |
| IT - Plangrid | | | | | | $0 |
| IT - Crashplan.com | | | | | | $0 |
| IT - Sling | | | | | | $0 |
| IT - Slack | | | | | | $0 |
| IT - Constant Contact | | | | | | $0 |
| IT - Sprout Social | | | | | | $0 |
| IT - LinkedIn | | | | | | $0 |
| IT - Creative Cloud | | | | | | $0 |
| PNC Line of Credit Interest Payments | | | | | | $0 |
| Office Supplies -Premier Supplies | | | | | | $0 |
| Contract Employee - Dan Garfinkel | | | | | | $0 |
| Contract Employee - Dom Aquilina | | | | | | $0 |
| Pre-Petition Non-Member Expense Reports | | | | | | $0 |
| Contingency Usage - Zoom.com | | | | | | $0 |
| Contingency Usage - Contractor D.Garfinkel | | | | | | $0 |
| Contingency Usage - Unauthorized Pre-Pet. Checks Cashed | | | | | | $0 |
| | | | | | | $0 |
| | | | | | | $0 |
| Contingency (Footnote # 1) | ($11,833) | ($11,833) | ($11,833) | ($11,833) | ($11,833) | ($59,167) |
| **Total  (Footnote # 2)** | **($11,833)** | **($11,833)** | **($11,833)** | **($11,933)** | **($11,833)** | **($59,267)** |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Beginning Cash | $ | 502,482 | $ | 490,648 | $ | 478,815 | $ | 466,982 | $ | 455,048 | $ | 502,482 |
| Plus: Receipts | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| Less: Disbursements | $ | (11,833) | $ | (11,833) | $ | (11,833) | $ | (11,933) | $ | (11,833) | $ | (59,267) |
| Ending Cash | $ | 490,648 | $ | 478,815 | $ | 466,982 | $ | 455,048 | $ | 443,215 | $ | 443,215 |

**Footnotes on Disbursements:**

(1) Any amounts disbursed as a Contingency require the pre-approval of PNC.

(2) Does not include any funds for job-related costs.

United States Bankruptcy Court
District of New Jersey

In re:                                                                      Case No. 19-27439-MBK
Hollister Construction Services, LLC                                        Chapter 11
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin              Page 1 of 3          Date Rcvd: Oct 02, 2019
                             Form ID: pdf903           Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 04, 2019.
db              +Hollister Construction Services, LLC,    339 Jefferson Road,    Parsippany, NJ 07054-3707

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                    TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 04, 2019

                              Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 2, 2019 at the address(es) listed below:
          Adrienne C Rogove    on behalf of Creditor    640 Columbia Owner LLC rogove@blankrome.com
          Alan J. Brody    on behalf of Creditor    EWA Moonachie 77, LLC brodya@gtlaw.com,
           NJLitDock@gtlaw.com
          Albert A. Ciardi, III    on behalf of Interested Party    Pentel Drywall, Inc.
           aciardi@ciardilaw.com,
           sfrizlen@ciardilaw.com;dtorres@ciardilaw.com;jcranston@ciardilaw.com;aaecf-pa@ciardilaw.com
          Albert A. Ciardi, III    on behalf of Interested Party    Delcon Builders, Inc.
           aciardi@ciardilaw.com,
           sfrizlen@ciardilaw.com;dtorres@ciardilaw.com;jcranston@ciardilaw.com;aaecf-pa@ciardilaw.com
          Alex A Pisarevsky    on behalf of Creditor    Pereira Electrical Contracting, Inc. ap@njlawfirm.com
          Allen J Barkin    on behalf of Creditor    Drobach Equipment Rental Co. abarkin@sbmesq.com,
           sandyr@sbmesq.com
          Andrea Dobin    on behalf of Creditor Committee    Official Committee of Unsecured Creditors
           ecftrusteead@msbnj.com,  NJ55@ecfcbis.com
          Andrew R. Macklin    on behalf of Creditor    Pereira Electrical Contracting, Inc. arm@njlawfirm.com
          Angelo Anthony Stio, III    on behalf of Interested Party    10 Minerva Place, L.P. and 10 Minerva
           Place Housing Development Fund Corporation stioa@pepperlaw.com
          Angelo Anthony Stio, III    on behalf of Interested Party    5 Bay Street Phase 1 LLC, 5 Bay Street
           Phase 1 Sponsor Member Inc. and 5 Bay Street Phase 3 LLC stioa@pepperlaw.com
          Anthony Sodono, III    on behalf of Creditor Committee    Official Committee of Unsecured
           Creditors asodono@msbnj.com
          Anthony M. Rainone    on behalf of Creditor    Industrial Maintenance Industries
           arainone@bracheichler.com,  cbudris@bracheichler.com;palonso@bracheichler.com
          Arielle Adler    on behalf of Debtor    Hollister Construction Services, LLC aadler@lowenstein.com,
           elawler@lowenstein.com
          Benjamin A. Stanziale, Jr.    on behalf of Creditor    Life Town Inc. ben@stanzialelaw.com
          Brett Berman    on behalf of Creditor    Joffe Lumber & Supply Co., Inc. bberman@foxrothschild.com
          Bryce Wallace Newell    on behalf of Creditor    L&G Acquisition LLC bnewell@rosenbergestis.com
          Carl J. Soranno    on behalf of Creditor    Air Group, LLC csoranno@bracheichler.com,
           dfamula@bracheichler.com;jpmartin@bracheichler.com
          Charles R Cohen    on behalf of Creditor    Pereira Electrical Contracting, Inc. crc@njlawfirm.com
          Christopher M. Santomassimo    on behalf of Creditor    Dancker csantomassimo@ndslaw.com
          Daniel Stolz    on behalf of Creditor    147 Bloomfield Ave J.V. LLC dstolz@wjslaw.com,
           dstolz@ecf.inforuptcy.com;msousa@wjslaw.com;btorres@ecf.inforuptcy.com
          Danielle Cohen    on behalf of Creditor    National Fireproofing & Insulation Co., Inc.
           dcohen@tessercohen.com,  ddelucia@tessercohen.com
          Danielle Cohen    on behalf of Creditor    Herc Rentals, Inc. dcohen@tessercohen.com,
           ddelucia@tessercohen.com
          Danielle Cohen    on behalf of Creditor    MDS Construction dcohen@tessercohen.com,
           ddelucia@tessercohen.com
          Danielle Cohen    on behalf of Creditor    Samph Contracting, LLC dcohen@tessercohen.com,
           ddelucia@tessercohen.com

District/off: 0312-3          User: admin              Page 2 of 3               Date Rcvd: Oct 02, 2019
                             Form ID: pdf903           Total Noticed: 1

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
          Danielle  Cohen    on behalf of Creditor    Orion Interiors, Inc. dcohen@tessercohen.com,
           ddelucia@tessercohen.com
          Danielle  Cohen    on behalf of Creditor    Global Development Contractors, LLC
           dcohen@tessercohen.com,  ddelucia@tessercohen.com
          David E. Sklar    on behalf of Creditor    Atlantic Engineering Laboratories of NY, Inc.
           dsklar@scuramealey.com,  ecfbkfilings@scuramealey.com;mmack@scura.com;lrichard@scura.com
          David H. Stein    on behalf of Creditor    CTC Academy dstein@wilentz.com,  ciarkowski@wilentz.com
          David L. Bruck    on behalf of Creditor    Nomad Framing, LLC bankruptcy@greenbaumlaw.com
          Donna L. Thompson    on behalf of Creditor    Prendimano Electrical Maintenance Co. t/a PEMCO
           donna.thompson@dlthompsonlaw.com,  dlthompsonlaw@aol.com
          Edmund Campbell    on behalf of Creditor    Glass Systems Tech, LLC
           aweisenberger@campbellroccolaw.com
          Felice R. Yudkin    on behalf of Interested Party    Newkirk Realty LLC fyudkin@coleschotz.com,
           fpisano@coleschotz.com
          Grant  Cornehls    on behalf of Creditor    Nickerson Corporation gcornehls@wbny.com,
           lschindler@wbny.com
          Greg  Trif    on behalf of Creditor    Sparwick Contracting, Inc. gtrif@triflaw.com,
           gtrif@triflaw.com
          Greg  Trif    on behalf of Creditor    Jordano Electric Inc. gtrif@triflaw.com,  gtrif@triflaw.com
          Ilana  Volkov    on behalf of Creditor    Kone Inc. ivolkov@mcgrailbensinger.com,
           fpisano@coleschotz.com;ssallie@coleschotz.com
          James C. Dezao, III    on behalf of Creditor Antonio  Zarfino gerald@dezaolaw.com
          James C. Dezao, III    on behalf of Creditor Mayer  Weberman gerald@dezaolaw.com
          Jason C Manfrey    on behalf of Creditor    Joffe Lumber & Supply Co., Inc.
           jmanfrey@foxrothschild.com,
           jdistanislao@foxrothschild.com;rsolomon@foxrothschild.com;brian-oneill-fox-5537@ecf.pacerpro.com
          Jay L. Lubetkin    on behalf of Interested Party Christopher  Johnson jlubetkin@rltlawfirm.com,
           rgaydos@rltlawfirm.com
          Jay L. Lubetkin    on behalf of Interested Party Kieran  Flanagan jlubetkin@rltlawfirm.com,
           rgaydos@rltlawfirm.com
          Jeffrey W. Herrmann    on behalf of Creditor    Pereira Electrical Contracting, Inc.
           jwh@njlawfirm.com,  ap@njlawfirm.com;md@njlawfirm.com;r57289@notify.bestcase.com
          Joseph H. Lemkin    on behalf of Creditor    Conewago Enterprises, Inc. jlemkin@stark-stark.com
          Joseph H. Lemkin    on behalf of Creditor    High Concrete Group, LLC jlemkin@stark-stark.com
          Joseph L. Schwartz    on behalf of Creditor    Newark Warehouse Urban Renewal, LLC
           jschwartz@riker.com
          Joseph L. Schwartz    on behalf of Creditor    Edison Construction Management jschwartz@riker.com
          Joseph L. Schwartz    on behalf of Creditor    Newark Warehouse Redevelopment Company
           jschwartz@riker.com
          Joshua A. Zielinski    on behalf of Creditor    DeSesa Engineering Company, Inc.
           jzielinski@oslaw.com,  clupi@mdmc-law.com
          Joshua H. Raymond    on behalf of Creditor Committee    Official Committee of Unsecured Creditors
           jraymond@msbnj.com
          Kenneth A. Rosen    on behalf of Plaintiff    Hollister Construction Services, LLC
           krosen@lowenstein.com,  dclaussen@lowenstein.com
          Kenneth A. Rosen    on behalf of Debtor    Hollister Construction Services, LLC
           krosen@lowenstein.com,  dclaussen@lowenstein.com
          Larry L. Miller    on behalf of Creditor    L&W Supply Corporation llmlaw@outlook.com
          Lauren  Bielskie    on behalf of U.S. Trustee    U.S. Trustee lauren.bielskie@usdoj.gov
          Laurence D. Pittinsky    on behalf of Attorney    Boyd Mechanical, LLC larry@rpllaw.com
          Marguerite  Schaffer    on behalf of Creditor c/o Marguerite M. Unique Scaffolding Systems, LLC
           mschaffer@shainlaw.com
          Mark E. Felger    on behalf of Interested Party    Ricoh USA, Inc. mfelger@cozen.com,
           sshidner@cozen.com
          Martin P. Skolnick    on behalf of Creditor    Archmills LLC d/b/a ArchMills Doors and Hardware
           mskolnick@gmail.com
          Martin P. Skolnick    on behalf of Creditor    Stateline Fabricators, LLC mskolnick@gmail.com
          Meredith I. Friedman    on behalf of Creditor    CTC Academy mfriedman@wilentz.com,
           ciarkowski@wilentz.com
          Michael Kahme    on behalf of Creditor    Accordia Harrison Urban Renewal, LLC
           mkahme@hillwallack.com,  fmansmann@hillwallack.com
          Michael Stafford    on behalf of Creditor    Anvil Craft Corp. mjstafford@nordlaw.legal,
           norddemaio@aol.com;adamnorddemaio@aol.com
          Michael D. Sirota    on behalf of Interested Party    Newkirk Realty LLC msirota@coleschotz.com,
           fpisano@coleschotz.com
          Michael J. Shavel    on behalf of Creditor    Accordia Harrison Urban Renewal, LLC
           mshavel@hillwallack.com
          Michael R. Herz    on behalf of Creditor    Troon Electric of New Jersey LLC
           mherz@foxrothschild.com,  cbrown@foxrothschild.com
          Nicole M. Nigrelli    on behalf of Interested Party    Delcon Builders, Inc.
           nnigrelli@ciardilaw.com,  sfrizlen@ciardilaw.com;dtorres@ciardilaw.com
          Nicole M. Nigrelli    on behalf of Interested Party    Pentel Drywall, Inc. nnigrelli@ciardilaw.com,
           sfrizlen@ciardilaw.com;dtorres@ciardilaw.com
          Pearl  Shah    on behalf of Creditor    Kone Inc. pshah@mcgrailbensinger.com
          Peter  Broege    on behalf of Creditor    Encon Mechancial Corp pbroege@bnfsbankruptcy.com,
           G1580@notify.cincompass.com
          Philip William Allogramento    on behalf of Creditor    FM Construction Group, LLC
           pallogramento@connellfoley.com

District/off: 0312-3          User: admin              Page 3 of 3               Date Rcvd: Oct 02, 2019
                             Form ID: pdf903           Total Noticed: 1

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)

          Robert E. Nies    on behalf of Creditor    Arch Insurance Company and Arch Reinsurance Company
            rnies@csglaw.com
          Robert M Hirsh    on behalf of Creditor    SBLP Princeton, LLC, a Delaware limited liability
            company hirsh.robert@arentfox.com,
            indelicato.lisa@arentfox.com;Mary.Dowd@arentfox.com;Mark.Bloom@arentfox.com;Jackson.Toof@arentfox
            .com
          Ryan M. Ernst    on behalf of Creditor    Lally Pipe & Tube rernst@oeblegal.com
          Sam Della Fera    on behalf of Creditor Committee    Official Committee of Unsecured Creditors
            sdellafera@msbnj.com
          Seth Ptasiewicz    on behalf of Creditor    New Jersey Building Laborers Statewide Benefit Funds
            (the "Funds") sptasiewicz@krollfirm.com
          Sommer Leigh Ross    on behalf of Creditor    PNC Bank, National Association slross@duanemorris.com,
            AutoDocketWILM@duanemorris.com
          Stephanie L. Jonaitis    on behalf of Interested Party    10 Minerva Place, L.P. and 10 Minerva
            Place Housing Development Fund Corporation jonaitis@pepperlaw.com,
            balaa@pepperlaw.com;molitorm@pepperlaw.com
          Stephanie L. Jonaitis    on behalf of Interested Party    5 Bay Street Phase 1 LLC, 5 Bay Street
            Phase 1 Sponsor Member Inc. and 5 Bay Street Phase 3 LLC jonaitis@pepperlaw.com,
            balaa@pepperlaw.com;molitorm@pepperlaw.com
          Stephen V. Falanga    on behalf of Interested Party    Fairleigh Dickinson University
            sfalanga@thewalshfirm.com,  chemrick@thewalshfirm.com;mvargas@thewalshfirm.com
          Stephen V. Falanga    on behalf of Creditor    Schindler Elevator Corporation
            sfalanga@thewalshfirm.com,  chemrick@thewalshfirm.com;mvargas@thewalshfirm.com
          Steven B Smith    on behalf of Interested Party    CS Utica & Remsen LLC ssmith@herrick.com
          Stuart M. Brown    on behalf of Interested Party    Waypoint Hackensack Urban Renewal Owner LLC
            stuart.brown@dlapiper.com,  stuart-brown-7332@ecf.pacerpro.com
          Sydney J. Darling    on behalf of Interested Party    Fairleigh Dickinson University
            sdarling@walsh.law,  mvargas@walsh.law
          Sydney J. Darling    on behalf of Creditor    Schindler Elevator Corporation sdarling@walsh.law,
            mvargas@walsh.law
          Tara J. Schellhorn    on behalf of Creditor    Newark Warehouse Redevelopment Company
            tschellhorn@riker.com
          Tara J. Schellhorn    on behalf of Creditor    Newark Warehouse Urban Renewal, LLC
            tschellhorn@riker.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
          William G. Wright    on behalf of Creditor    Graybar Electric Company, Inc. wwright@capehart.com,
            jlafferty@capehart.com
                                                                              TOTAL: 87