| **UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY** | |
| --- | --- |
| Caption in Compliance with D.N.J. LBR 9004-1<br><br>Duane Morris LLP<br>James J. Holman, Esq. (jjholman@duanemorris.com)<br>Sommer L. Ross, Esq. (slross@duanemorris.com)<br>222 Delaware Avenue, Suite 1600<br>Wilmington, DE 19801-1659<br>T: (302) 657-4900<br>F: (302) 657-4901<br><br>*Counsel to PNC Bank, National Association* | |
| In re:<br><br>HOLLISTER CONSTRUCTION SERVICES, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-27439 (MBK)<br><br>Hearing Date: October 8, 2019 at 11:30 a.m. |

## LIMITED OBJECTION OF PNC BANK, NATIONAL ASSOCIATION TO THE DEBTOR'S MOTION FOR AN ORDER APPROVING SETTLEMENT AND COMPROMISE BY AND AMONG THE DEBTOR AND WAYPOINT HACKENSACK URBAN RENEWAL OWNER LLC AND FOR THE ASSUMPTION AND ASSIGNMENT AND REJECTION OF CERTAIN EXECUTORY CONTRACTS [DOCKET NO. 234]

PNC Bank, National Association ("PNC"), by and through its undersigned counsel, hereby files this limited objection ("Limited Objection") to the *Debtor's Motion for an Order Approving Settlement and Compromise by and among the Debtor and Waypoint Hackensack Urban Renewal Owner LLC Pursuant to Fed. R. Bankr. P. 9019 and for the Assumption and Assignment and Rejection of Certain Executory Contracts* [Docket No. 234] (the "Settlement Motion") filed by the above-captioned debtor ("Debtor"). In support of this Limited Objection, PNC respectfully states as follows:

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

## PRELIMINARY STATEMENT

1.  PNC does not object to the Debtor entering into a settlement agreement with Waypoint Hackensack Urban Renewal Owner LLC ("Waypoint").  However, since the Debtor has only a finite amount of cash on hand, all of which is PNC's cash collateral, and no current debtor-in-possession facility exists or appears to be on the horizon, PNC objects to the Settlement Agreement (as defined herein) to the extent that it releases Waypoint from any and all avoidance or recovery actions, in part because, upon information and belief, Waypoint received at least $322,567.41 from the Debtor in the ninety (90) days prior to the Petition Date (as defined below).

## RELEVANT FACTUAL BACKGROUND

**A.  The Debtor**

2.  The Debtor is a commercial construction services firm that provides construction management services, *i.e.*, professional management services for construction projects.  The Debtor does not perform construction work itself, but instead partners with subcontractors through the pre-construction, construction, and post-construction phases of a project to accomplish the goals established by the project owner and the project owner's professionals.  *See Declaration of Brendan Murray in Support of First Day Relief* ("First Day Declaration"), Docket No. 15 at ¶ 5.

3.  Specifically, the Debtor employs and oversees the work of vendors, contractors, subcontractors and materialmen (together, "Subcontractors") on the projects.  Typically, the project owners compensate the Debtor pursuant to progress payment orders for the work performed on their projects.  In turn, the Debtor pays the Subcontractors for the goods and/or services they provided for the particular project.  *Id*. at ¶ 13.  Project owner payments and receivables are the Debtor's sole source of operating revenue. *Id*. at ¶ 14.

4.      Prior to the Petition Date (defined below), the Debtor was unable to fully service all of its project owners' projects. *Id.* at ¶ 34. The Debtor was also not able to ensure that its Subcontractors were paid on the agreed-upon schedule. *Id.* As a result, certain Subcontractors stopped performing on their contracts with the Debtor and certain project owners ceased making remittance or progress payments to the Debtor on projects that were pending or completed, but not yet paid in full. *Id.* at ¶ 35. As project owner payments are the Debtor's sole source of operating revenue, non-payment led to the Debtor experiencing significant operational cash flow and liquidity issues. *Id.*

**B.      The Chapter 11 Case**

5.      On September 11, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

6.      The Debtor is operating its business and managing its assets as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.      On September 23, 2019, the United States Trustee for the District of New Jersey appointed an Official Committee of Unsecured Creditors.

**C.      PNC and The Secured Obligations**

8.      PNC is Debtor's secured creditor. PNC extended a line of credit to the Debtor in the principal amount of $15,000,000.00, as evidenced by a certain credit note dated December 30, 2015 (the "Credit Note") and related (i) Borrowing Base Rider dated November 13, 2014 between the Debtor and PNC and (ii) Security Agreement dated November 13, 2014 executed and delivered by the Debtor in favor of PNC (collectively, and together with the Credit Note and all other documents related to and/or evidencing the Line of Credit, as amended, supplemented, modified

and/or restated prior to the date hereof, the "Line of Credit Loan Documents"). In addition, PNC loaned the Debtor the principal amount of $1,600,000.00 (the "Term Loan"). The Term Loan is evidenced by, *inter alia*, the Term Loan Note dated as of September 26, 2018 (the "Term Loan Note") (together, and with all other documents and/or restated prior to the date hereof, the "Term Loan Documents" and, together with the Line of Credit Loan Documents, the "PNC Credit Documents").

9. The Debtor's obligations under the PNC Credit Documents ("Secured Obligations") are secured by a first priority security interest and lien upon substantially all of the Debtor's assets, including, but not limited to, all of the Debtor's accounts receivable, cash, and other amounts on deposit or maintained in any account or accounts by the Debtor generated by the collection of accounts receivable, and the proceeds of any of the foregoing (the "Cash Collateral").

10. As of the Petition Date, the Debtor was in default of its Secured Obligations. In the aggregate, approximately $15,321,371 was due and owing to PNC as of the Petition Date.

### D.    The Interim Cash Collateral Orders

11. On the Petition Date, the Debtor filed *Debtor's Motion for Entry of Interim and Final Orders (A) Authorizing Use of Cash Collateral, (B) Granting Adequate Protection, (C) Scheduling a Final Hearing and (D) Granting Related Relief* [Docket No. 14] (the "Cash Collateral Motion").

12. On September 16, 2019, the Court entered the *First Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Scheduling a Final Hearing and, (IV) Granting Related Relief* [Docket No. 90] (the "First Interim Cash Collateral Order"). The First Interim Cash Collateral Order authorized the Debtor's use of PNC's Cash Collateral

pursuant to a one (1) week cash collateral budget that was approved by PNC and ran through September 24, 2019.

13.    On September 25, 2019, the Court entered the *Second Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Scheduling a Final Hearing and, (IV) Granting Related Relief* [Docket No. 158] (the "Second Interim Cash Collateral Order"). The Second Interim Cash Collateral Order authorizes the Debtor's use of PNC's Cash Collateral pursuant to a second one (1) week cash collateral budget that was approved by PNC and runs through October 1, 2019.

14.    On October 2, 2019, the Court entered the *Third Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Scheduling a Final Hearing and, (IV) Granting Related Relief* [Docket No. 219] (the "Third Interim Cash Collateral Order"). The Third Interim Cash Collateral Order authorizes the Debtor's use of PNC's Cash Collateral pursuant to a third one (1) week cash collateral budget that was approved by PNC and runs through October 8, 2019.

15.    A further hearing on the Cash Collateral Motion is scheduled for October 8, 2019.

**E.    Post-Petition Financing**

16.    As of the date hereof, PNC has not consented to or provided the Debtor with any post-petition financing.

**F.    The Settlement Motion**

17.    On October 3, 2019, the Debtor filed the Settlement Motion. By the Settlement Motion, the Debtor requests the entry of an order approving a settlement and compromise by and among the Debtor and Waypoint (the "Settlement Agreement"), for the assumption and assignment of certain agreements with subcontractors and third parties to Waypoint, and for the assumption

and rejection of the Debtor's agreement with Waypoint.  Settlement Motion at ¶ 10.  The proposed Settlement Agreement is attached as Exhibit A to the Settlement Motion.

18.     A hearing on the Settlement Motion is scheduled for October 8, 2019.

## LIMITED OBJECTION

19.     PNC objects to the Settlement Agreement to the extent that it releases Waypoint from any and all avoidance or recovery actions arising under chapter 5 of the Bankruptcy Code or other applicable law.

20.     According to the Settlement Motion, pursuant to the Settlement Agreement the "Debtor and Waypoint will mutually release each other … except for their respective obligations under the Settlement Agreement."  Settlement Motion at ¶ 9.  The Settlement Agreement states that the Debtor and its officers, directors, managers, and members "unconditionally and irrevocably release, discharge, waive and abandon any and all claims … including, but not limited to claims under section 365 and 503 of the Bankruptcy Code, or causes of action of any kind and nature (including any avoidance or recovery actions arising under chapter 5 of the Bankruptcy Code or other applicable law) … related to, arising under, or in any way connected to obligations arising under, or payments made with respect to, the Project Agreement."  Ex. A at 2.

21.     Upon information and belief, in the ninety (90) days prior to the Petition Date Waypoint received at least $322,567.41 from the Debtor.

22.     Accordingly, PNC objects to the Waypoint Settlement Agreement because it releases Waypoint from any and all avoidance or recovery actions, the recovery of which could, if necessary, help to make the Debtor's creditors whole.

## **RESERVATION OF RIGHTS**

23.     In addition to its Limited Objection, PNC hereby reserves and preserves any and all rights afforded to it, either at law or in equity, to (i) enforce its rights and interests under the PNC Credit Documents, (ii) exercise the right to terminate or object to the Debtor's continued or future use of PNC's Cash Collateral, and/or (iii) to take such other action as PNC may deem necessary and appropriate to preserve, protect, and enforce its rights under the PNC Credit Documents or other applicable law.

WHEREFORE, PNC respectfully requests that any Order entered granting the Settlement Motion (i) exclude any avoidance or recover actions from the release provided for in the Settlement Agreement; (ii) preserve any and all rights afforded to PNC, either at law or in equity to: (a) enforce its rights and interests under the PNC Credit Documents; (b) to terminate or object to the Debtor's continued or future use of PNC's Cash Collateral; and/or (c) to take such other action as PNC may deem necessary and appropriate to preserve, protect, and enforce its rights under the PNC Credit Documents or other applicable law; and (iii) grant such other relief as is just and proper.


Respectfully submitted,

Dated: October 8, 2019            */s/ Sommer L. Ross*
                    DUANE MORRIS LLP
                    James J. Holman, Esq. (NJ Bar No. 015341989)
                    Sommer L. Ross, Esq. (NJ Bar No. 004112005)
                    222 Delaware Avenue, Suite 1600
                    Wilmington, DE 19801-1659
                    Telephone: (302) 657-4900
                    Facsimile: (302) 657-4901
                    E-mail: jjholman@duanemorris.com
                            slross@duanemorris.com

                    *Counsel for PNC Bank, National Association*