UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-1

**LOWENSTEIN SANDLER LLP**
Arielle B. Adler, Esq.
Bruce Buechler, Esq.
Joseph J. DiPasquale, Esq.
Jennifer B. Kimble, Esq.
Kenneth A. Rosen, Esq.
Mary E. Seymour, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Proposed Counsel to the Debtor and Debtor-in-Possession*

FILED
JEANNE A. NAUGHTON, CLERK
OCT 07 2019
U.S. BANKRUPTCY COURT
TRENTON, NJ
BY_____DEPUTY

In re:

HOLLISTER CONSTRUCTION SERVICES, LLC,[1]

Debtor.

Chapter 11

Case No. 19-27439 (MBK)

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF LOWENSTEIN SANDLER LLP AS COUNSEL TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE

The relief set forth on the following pages, numbered two (2) through four (4), is hereby **ORDERED**.

10/7/2019

Michael B Kaplan
MICHAEL B KAPLAN,
USBJ

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

37322/2
10/07/2019 204988212.2

Page: 2
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Order Authorizing the Employment and Retention of Lowenstein Sandler LLP as Counsel to the Debtor Effective as of the Petition Date

---

Upon consideration of the application (the "Application")[2] of the above captioned debtor and debtor-in-possession (the "Debtor") for entry of an order, pursuant to sections 327(a), 329, and 330 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1, authorizing the Debtor to employ and retain Lowenstein Sandler LLP ("Lowenstein Sandler") as its counsel in this Chapter 11 Case, effective as of the Petition Date; and the Court having reviewed the declaration of Kenneth A. Rosen, a partner at Lowenstein Sandler (the "Rosen Declaration"), and the declaration of Paul Belair, the Debtor's Chief Restructuring Officer, filed in support of the Application; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Rosen Declaration that (a) Lowenstein Sandler does not hold or represent an interest adverse to Debtor's estate and (b) Lowenstein Sandler is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the Court having found that the relief requested in the Application is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and the Court having reviewed and considered

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

Page:    3
Debtor:  Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Order Authorizing the Employment and Retention of Lowenstein Sandler LLP as Counsel to the Debtor Effective as of the Petition Date

---

the Application; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Application is granted as set forth herein.

2. The Debtor is authorized to employ and retain Lowenstein Sandler, effective as of the Petition Date, as its counsel in this Chapter 11 Case.

3. Lowenstein Sandler shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this Chapter 11 Case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court.

4. Lowenstein Sandler may apply any remaining amounts of its prepetition Retainer as a credit toward post-petition fees and expenses, after such post-petition fees and expenses are approved pursuant to an order of this Court awarding fees and expenses to Lowenstein Sandler. Lowenstein Sandler is authorized, without further order of this Court, to apply amounts from the prepetition Retainer that would otherwise be applied toward payment of post-petition fees and expenses as are necessary to compensate and reimburse Lowenstein Sandler for fees or expenses incurred on or prior to the Petition Date, after final reconciliation thereof by Lowenstein Sandler, consistent with its ordinary course billing practices.

5. Lowenstein Sandler shall provide notice to the Debtor, the U.S. Trustee, and any official committee appointed by the U.S. Trustee of any increases in the hourly rates set forth in the Application and shall file such notice with the Court. The U.S. Trustee and any official committee retain all rights to object to any hourly rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

Page:     4
Debtor:   Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption:  Order Authorizing the Employment and Retention of Lowenstein Sandler LLP as Counsel to the Debtor Effective as of the Petition Date

---

6. Lowenstein Sandler intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330 by Attorneys in Larger Chapter 11 Cases,* effective as of November 1, 2013.

7. To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

8. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order.

9. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.