**LOWENSTEIN SANDLER LLP**
Arielle B. Adler, Esq. (aadler@lowenstein.com)
Bruce Buechler, Esq. (bbuechler@lowenstein.com)
Joseph J. DiPasquale, Esq. (jdipasquale@lowenstein.com)
Jennifer B. Kimble, Esq. (jkimble@lowenstein.com)
Kenneth A. Rosen, Esq. (krosen@lowenstein.com)
Mary E. Seymour, Esq. (mseymour@lowenstein.com)
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtor and*
*Debtor-in-Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| **HOLLISTER CONSTRUCTION SERVICES, LLC**,[1] | Case No. 19-27439 (MBK) |
| | Hearing Date: October 17, 2019 at 10:00 a.m. |
| Debtor. | Re: Docket Nos. 36 and 225 |

**DEBTOR'S RESPONSE TO OBJECTION OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF HOLLISTER CONSTRUCTION
SERVICES, LLC TO DEBTOR'S RETENTION OF 10X CEO COACHING, LLC**

Hollister Construction Services, LLC (the "Debtor")[2] hereby responds to the *Objection of the Official Committee of Unsecured Creditors of Hollister Construction Services, LLC to the Debtor's Retention of 10X CEO Coaching, LLC* (the "Objection") [Docket No. 225], and respectfully states:

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is Hollister Construction Services, LLC (5404).

[2] Capitalized terms not defined in this Response shall have the meanings ascribed to them in the *Application of Debtor's to (i) Employ and Retain 10X CEO Coaching, LLC and (ii) Designate Paul Belair as CRO for the Debtor Effective as of the Petition Date* filed on September 13, 2019 [Docket No. 36].

1. The Official Committee of Unsecured Creditors' (the "Committee") Objection to the retention of 10X and the designation of Paul Belair as the Debtor's CRO is disingenuous because prior to the Committee's filing of the Objection, counsel for the Debtor spoke with counsel for the Committee and answered most of the issues raised in the Objection. Nonetheless, the Debtor must now spend time and money to respond to the Objection.

2. In paragraph 3 of the Objection, the Committee "casts doubt on the value of the services provided by 10X over a lengthy period of time, and also the utility of Mr. Belair now acting as CRO." As set forth in paragraph 24 of the Debtor's Application, from May 2016 to August 2019, Mr. Belair provided only executive coaching services, not CRO services, to various members of senior management amounting to no more than 9 hours of time each month for approximately $9,000 per month. Mr. Belair's time only ramped up in early August 2019 through the Petition Date as the Debtor realized the extent of its financial situation and liquidity crisis and ultimately made a decision to file for bankruptcy. Mr. Belair's prior services provided to the Debtor consisted of executive coaching services, not acting as the Debtor's CRO or a member of Debtor's management team.

3. 10X's sole professional is Mr. Belair. As the Application makes clear in paragraph 19, if 10X uses the services of independent contractors, it will pass through the cost at the same rate 10X pays those contractors. To date, 10X has utilized no such contractors, but solely the services of Mr. Belair. 10X does not intend to use any contractors on its engagement for the Debtor. If for some reason that changes, the Debtor will file a pleading on the Court's docket stating the name of the independent contractor and their hourly rate.

4. Prior to the Petition Date, when Mr. Belair was providing executive coaching services to the Debtor, Mr. Belair charged the Debtor $1,000 per hour. He reduced his hourly rate to $550 for the purpose of the bankruptcy case in light of the Debtor's financial situation.

5. The Debtor was current on its monthly payments to 10X on a regular basis through the Petition Date. 10X was paid $50,363.00 for services rendered and $2,465.60 for reimbursement of expenses for the period from August 1 through and including September 10,

2019[3] by a wire transfer of $72,828.65 that 10X received from the Debtor on September 10, 2019. This wire transfer included $20,000 of 10X's retainer for the Chapter 11 case. 10x's invoice for its September 11, 2019 time totaling $8,277.50 was applied against a second wire transfer 10X received from the Debtor for its retainer in the amount of $200,000 on September 10, 2019. Thus, the Committee's assertion in paragraph 5 of its Objection that somehow 10X was billing the Debtor pre-petition "nearly $27,000 per month" has no foundation. The $79,828 number set forth in paragraph 23 of the Application and paragraph 17 of the Belair Declaration was the total amount paid to 10X during the 90-day period prior to the Petition Date, not the approximate 42-day period from August 1 through and including September 11, 2019.

6.      The services provided by 10X do not duplicate the services provided by any other professional retained by the Debtor. While the Debtor has filed an application to retain The Parkland Group, Inc. ("Parkland") as its financial advisor effective as of the Petition Date [Docket No. 37], which application is pending before the Court for approval, the Debtor made a determination within the past week to terminate the services of Parkland. Nonetheless, because Parkland provided certain services to the Debtor, the Debtor submits that Parkland should be retained so it can seek compensation for the post-petition work it rendered. Parkland consists of one professional, Larry Goddard. Mr. Goddard provided traditional financial advisory services for a short period after the Petition Date for the Debtor and, therefore, there was no overlap of the services provided by 10X. The Committee, through its counsel, was advised of this by this by telephone by Debtor's counsel prior to filing the Objection.

7.      In light of the foregoing information, the Debtor respectfully requests that the Court overrule the Committee's Objection and enter the proposed form of order submitted by the Debtor authorizing it to employ and retain 10X and appoint Mr. Belair as CRO effective as of the Petition Date. The Committee has set forth no valid reason demonstrating that 10X is not disinterested and that there is any valid basis upon which to deny the Debtor's application to

---

[3] 10X was paid an additional $9,000 by the Debtor for 10X's August 2019 time for services rendered, which payment was received by 10X on August 1, 2019.

retain 10X and Mr. Belair as the Debtor's CRO.

Dated:  October 8, 2019  			Respectfully submitted,

**LOWENSTEIN SANDLER LLP**

/s/ *Kenneth A. Rosen*
Arielle B. Adler, Esq.
Bruce Buechler, Esq.
Joseph J. DiPasquale, Esq.
Jennifer B. Kimble, Esq. (admitted *pro hac vice*)
Kenneth A. Rosen, Esq.
Mary E. Seymour, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone:  (973) 597-2500
Facsimile:  (973) 597-2400
aadler@lowenstein.com
bbuechler@lowenstein.com
jdipasquale@lowenstein.com
jkimble@lowenstein.com
krosen@lowenstein.com
mseymour@lowenstein.com

*Counsel to the Debtor and*
*Debtor-in-Possession*