IN RE:

**HOLLISTER CONSTRUCTION SERVICES, LLC**

Debtor.

Order Filed on October 7, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No.: 19-27439
Chapter 11

**CONSENT ORDER (1) AUTHORIZING THE DEBTOR TO REJECT CERTAIN EQUIPMENT LEASES BETWEEN THE DEBTOR AND UNIQUE SCAFFOLDING, LLC AND (2) LIFTING THE AUTOMATIC STAY, TO THE EXTENT IT APPLIES, TO ALLOW THE REMOVAL OF THE EQUIPMENT FROM THE PROJECT LOCATED AT 292-306 DR. M.L.K. JR. BOULEVARD, NEWARK, NEW JERSEY**

The relief set forth on the following pages two (2) through five (5) is hereby **ORDERED.**

**DATED: October 7, 2019**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

**WHEREAS** Unique Scaffolding, LLC, ("Unique") asserts that, pre-petition, it leased to the Debtor shoring towers, sidewalk bridges and scaffolding ("Leased Equipment"), which is installed on real property owned by 306 M.L.K. BLVD Urban Renewal Company LLC at 292-306 Dr. M.L.K. Jr. Boulevard, Newark, New Jersey (the "Property");

**WHEREAS** the City of Newark issued Street-Sidewalk Occupancy Permit number O-19-007292 for the Leased Equipment, which expires on September 26, 2019;

**WHEREAS** Unique allegedly leased the Leased Equipment to the Debtor pursuant to two letter agreements between the parties dated June 4, 2018 and October 5, 2018, respectively (together, the "Leases");

**WHEREAS** the Debtor ceased work at the Property prior to the commencement of this Chapter 11 case on September 11, 2019 (the "Petition Date");

**WHEREAS** Unique seeks to disassemble and remove the Leased Equipment from the Property and the Debtor does not oppose such request;

**WHEREAS,** in response to Unique's request, the Debtor and Unique agree to reject the Leases as of the Petition Date pursuant to 11 U.S.C. § 365; and

**WHEREAS** the parties hereto consent to the form and entry of this Consent Order; and it appearing that the relief requested is in the best interests of the Debtor, its estate and its creditors; and for good cause;

**IT IS HEREBY ORDERED THAT:**

1. The Leases are hereby rejected effective as of the Petition Date.

2. The automatic stay is hereby modified, but only to the extent set forth in this Consent Order.

3. Unique may remove the Leased Equipment from the Property.

Document    Page 3 of 5

4. Unique agrees that it does not have a claim against the Debtor for any amounts due for services or goods Unique provided on the Project after the Petition Date.

5. Unique agrees that any claim it has against the Debtor is limited to pre-petition amounts due related to the alleged rental of the Leased Equipment from Unique and retainage.

6. Unique asserts that it has a pre-petition claim against the Debtor in an amount not to exceed $93,000 (the "Claim").

7. Unique may file a proof of claim against the Debtor in this Chapter 11 case on account of its Claim and the Debtor reserves all rights to object to any such proof of claim, including any amounts related to the removal of the Leased Equipment from the Property.

8. Unique agrees that it cannot and will not file a lien against the Property on account of its Claim or for any amounts it believes the Debtor owes Unique for services or goods Unique provided on the Project.

9. Unique agrees that it cannot assert its Claim or any other claims for any amounts it believes the Debtor owes it for services or goods Unique provided on the Project against any entity other than the Debtor's estate.

10. Except as explicitly provided in this Consent Order, Unique and its successors, designees, assignees, officers, directors, members and managers, on the one hand, and the Debtor and the Debtor's officers, directors, managers and members, on the other hand, hereby unconditionally and irrevocably release, discharge, waive and abandon any and all claims (as such term is defined in section 101(5) of 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code")), including, but not limited to, claims under sections 365 and 503 of the Bankruptcy Code, or causes of action of any kind and nature (including any avoidance or recovery actions arising under chapter 5 of the Bankruptcy Code or other applicable law), whether sounding in tort,

contract or other applicable law, whether known or unknown, whether anticipated or unanticipated, whether presently existing or existing at any time in the future, whether or not asserted, and whether founded in fact or law or in equity, and whether held directly, representatively or in any other capacity, related to, arising under, or in any way connected to obligations arising under, or payments made with respect to, the Leases.  Unique agrees that it is forever barred, estopped and enjoined from asserting any claims (as such term is defined in section 101(5) of the Bankruptcy Code) against the Debtor based on or arising from obligations under the Leases, except that Unique may file a proof of claim in this Chapter 11 case on account of its Claim.

11. This Consent Order shall be immediately effective and enforceable upon its entry.

12. The parties are authorized to take all actions necessary to effectuate the relief granted pursuant to this Consent Order.

13. The requirement set forth in Local Rule 9013-1(a)(3) that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the Application, or otherwise waived.

14. This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation, and enforcement of this Consent Order.

*[remainder of page intentionally left blank]*

**CONSENTED TO AS TO FORM AND ENTRY**

| | |
|---|---|
| **SHAIN SCHAFFER PC** | **LOWENSTEIN SANDLER LLP** |
| 150 Morristown Road, Ste. 105 | One Lowenstein Drive |
| Bernardsville, New Jersey 07924 | Roseland, New Jersey 07068 |
| Telephone (908) 953-9300 | Telephone (973) 597-2500 |
| gpasquale@shainlaw.com | aadler@lowenstein.com |
| *Attorneys for Unique Scaffolding, LLC* | *Attorneys for Debtor* |
| | *Hollister Construction Services, LLC* |
| | |
| By: */s/ Gregory B. Pasquale* | By: */s/ Arielle B. Adler* |
|     Gregory B. Pasquale, Esq. |     Arielle B. Adler, Esq. |
| | |
| Dated: September 26, 2019 | Dated: September 26, 2019 |