UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-1

**LOWENSTEIN SANDLER LLP**
Arielle B. Adler, Esq.
Bruce Buechler, Esq.
Joseph J. DiPasquale, Esq.
Jennifer B. Kimble, Esq.
Kenneth A. Rosen, Esq.
Mary E. Seymour, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Proposed Counsel to the Debtor and*
*Debtor-in-Possession*

Order Filed on October 10, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

HOLLISTER CONSTRUCTION SERVICES, LLC,[1]

                Debtor.

Chapter 11

Case No. 19-27439 (MBK)

## ORDER APPROVING A SETTLEMENT AND COMPROMISE BY AND AMONG THE DEBTOR AND VETERANS ROAD SPE LLC PURSUANT TO FED. R. BANKR. P. 9019

The relief set forth on the following pages, numbered two (2) through and including four (4), is hereby **ORDERED**.[2]

**DATED: October 10, 2019**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page 2
Debtor:    Hollister Construction Services, LLC
Case No.:  19-27439 (MBK)
Caption:   Order Approving a Settlement and Compromise By and Among the Debtor and
           Veterans Road SPE LLC Pursuant to Fed. R. Bankr. P. 9019

Upon the motion (the "Motion") of the above-captioned debtor and debtor-in-possession, Hollister Construction Services, LLC (the "Debtor"), for entry of an Order Approving a Settlement and Compromise By and Among the Debtor and Veterans Road SPE LLC Pursuant to Fed. R. Bankr. P. 9019, and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey entered on July 23, 1984, as amended on September 18, 2012 (Simandle, C.J.); and the Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court having found that it has the authority to enter a final order consistent with Article III of the United States Constitution; and the Court having found that the venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors and other parties-in-interest; the Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice of the Motion need be provided; and upon the filing of an Amended Settlement Agreement, and the Court having reviewed the Motion and having heard the statements of counsel in support of the relief requested therein at a hearing held before the Court (the "Hearing"); and the Court having considered any opposition thereto; and the Court having determined that good cause exists for granting the relief requested;

**IT IS HEREBY ORDERED** as follows:

1.      The Motion is **GRANTED** as set forth herein.

2.      The Amended Settlement Agreement is hereby approved pursuant to Bankruptcy Rule 9019. The Debtor and Veterans Road SPE LLC are authorized and directed to fulfill their respective obligations under the Amended Settlement Agreement and execute all documents necessary to effectuate the Amended Settlement Agreement.

Page 3
Debtor:   Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption:  Order Approving a Settlement and Compromise By and Among the Debtor and
          Veterans Road SPE LLC Pursuant to Fed. R. Bankr. P. 9019

3.      Upon distribution of the proceeds of the Debtor's Equity Participation
(defined in the Amended Settlement Agreement) to the Escrow Account (defined in the Amended
Settlement Agreement), the Owner Releasors (defined in the Amended Settlement Agreement)
release and forever discharge the Debtor Released Parties (defined in the Amended Settlement
Agreement) of and from all claims, obligations and causes of action, of any nature whatsoever,
whether known or unknown, asserted or unasserted, fixed or contingent, which the Owner
Releasors, or any of them, ever had or now has against any one or more of the Debtor Released
Parties, arising out of or related to the Contract.

4.      Upon distribution of the proceeds of the Debtor's Equity Participation to the
Escrow Account, the Debtor Releasors (defined in the Amended Settlement Agreement) release
and forever discharge the Owner Released Parties (defined in the Amended Settlement Agreement)
and the Knighthead Released Parties (defined in the Amended Settlement Agreement) of and from
all claims, obligations and causes of action, of any nature whatsoever, whether known or unknown,
asserted or unasserted, fixed or contingent, which the Debtor Releasors, or any of them, ever had
or now has against any one or more of the Owner Released Parties or the Knighthead Released
Parties, arising out of or related to the Contract.

5.      Upon payment of the Remaining Retainage into the Escrow Account, all
payment obligations of the Owner under the terms of the Contract, other than relating to the Equity
Participation, shall be deemed satisfied in full and no further money shall be due from Owner to
the Debtor in accordance with the terms of the Contract.  As such, in accordance with applicable
New York Law, the Owner and Project, upon disbursement of the Remaining Retainage into the
Escrow Account, are released from any liens, claims or encumbrances of any subcontractors or
suppliers arising out of or related to the contract and the Project, which liens, claims or
encumbrances, if any, shall attach to monies deposited in the Escrow Account together with any
and all other claims to the monies in the Escrow Account, the priority, right to and distribution of

Page 4
Debtor:    Hollister Construction Services, LLC
Case No.:  19-27439 (MBK)
Caption:   Order Approving a Settlement and Compromise By and Among the Debtor and
           Veterans Road SPE LLC Pursuant to Fed. R. Bankr. P. 9019

---

any sums deposited in the Escrow Account shall be subject to further Order of the Bankruptcy
Court.

6.     Notice of the Motion as provided is hereby deemed good and sufficient
notice and no further notice is required.

7.     This Order is effective immediately upon its entry and the provisions of
Bankruptcy Rules 6004(h) and/or 6006(b) are hereby waived.

8.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be
accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion
or otherwise waived.

9.     The Court shall retain jurisdiction to hear and determine any and all matters
or disputes arising from or related to the implementation, enforcement and/or interpretation of this
Order and the Amended Settlement Agreement.

EXHIBIT A

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Bruce Buechler, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500
*Proposed Counsel to the Debtor and*
*Debtor-In-Possession*

**WESTERMAN BALL EDERER MILLER**
**ZUCKER & SHARFSTEIN, LLP**
John E. Westerman, Esq.
1201 RXR Plaza
Uniondale, New York 11556
(516) 622-9200
*Counsel to Veterans Road SPE LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>HOLLISTER CONSTRUCTION SERVICES, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 19-27439 (MBK) |

## AMENDED STIPULATION OF SETTLEMENT WITH VETERANS ROAD SPE LLC

WHEREAS, Hollister Construction Services, LLC, as Construction Manager (the "Debtor") and Veterans Road SPE LLC, as Owner ("Owner") are parties ("Parties") to certain Contract Documents dated as of December 21, 2017, including, without limitation, certain AIA Documents, A133 and A201-2007 forms and Rider No. 1 to Agreement By and Between Veterans Road SPE LLC, as Owner, and Hollister Construction Services, LLC as Construction Manager

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

dated as of December 21, 2017, and Exhibits annexed thereto (collectively, the "Contract"),[2] relating to construction of Veterans' Road Self Storage at 2601 Veteran's Rd. West, Staten Island, New York (the "Project"); and

WHEREAS, the Owner believes it has a right to terminate the Contract for cause and otherwise asserts that the Debtor has defaulted on the Contract by, among other things, failing to timely complete the Project (collectively as of the date of this Stipulation, the "Defaults"); and

WHEREAS, if the Contract were terminated, the Debtor may lose a substantial amount of contract revenue and retainage as well as its interest in an Equity Participation (described and defined below) with an estimated value of $500,000; and

WHEREAS, the Owner will suffer substantial damages attendant with delay and completion costs due a replacement contractor if the Owner exercised its rights to terminate the Contract; and

WHEREAS, on September 11, 2019 ("Petition Date"), the Debtor filed a voluntary petition under Chapter 11, Title 11 of the United States Code (§§ 101 *et seq.*, the "Bankruptcy Code"); and

WHEREAS, the Parties are desirous of finishing the Project, which is extremely close to completion,  in accordance with the terms of the Contract, as modified herein, it being in the best interests of the Debtor, its estate and creditors to complete the Project as soon as possible and with as little delay as possible,

NOW, THEREFORE, subject to Bankruptcy Court approval, the Parties stipulate and agree as follows:

---

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Contract.

2

1.      Acknowledgement of Contract Amounts.  Each of the Parties acknowledges and agrees that (a) $700,679.03 remains to be paid to the Debtor under the Contract as of September 19, 2019 if the Project is completed by the Debtor, and (b) the Owner is holding as security under the Contract an additional $1,060,911.60 as retainage ("Retainage") which would be due to the Debtor upon completion of the Contract, as modified herein.

2.      Acknowledgement of Equity Participation.  The Parties acknowledge and agree that, pursuant to paragraph 19 of Rider No. 1 to the Contract, the Debtor has an equity interest in the Project (the "Equity Participation") and, that upon sale or refinance or merger, the Debtor's Equity Participation is presently estimated to be worth approximately $500,000.

3.      Acknowledgement of Defaults.  The Parties acknowledge and agree that (a) the Debtor is presently in default under the Contract and that Owner has the right to seek to terminate the Contract, (b) if the Contract were terminated as a result of Debtor's alleged Defaults, the Debtor would lose its Equity Participation, and (c) Owner will suffer damages in the event it is forced to terminate the Contract and replace the Debtor, including, without limitation, the costs of a replacement contractor and additional delay.

4.      Performance of the Contract As Modified.  In order to avoid the damages to the Debtor and Owner described in paragraph 3, and subject to Bankruptcy Court approval, the Debtor agrees to perform its obligations under the Contract as modified herein.  Approval of this Stipulation by the Bankruptcy Court is and shall be deemed approval of the Contract as modified herein.

5.      Waiver of Defaults and Delay Claims.  Upon approval of this Stipulation, Owner waives any Defaults or other monetary claims for delay existing as of the date of Owner's

3

execution of this Stipulation, without prejudice to any other rights and remedies of the Owner

under the Contract from and after Owner's execution of this Stipulation.

6.    Payment of Subcontractors and Project Management Costs. Notwithstanding

anything to the contrary in the Contract, the Debtor will continue to supervise its subcontractors

on the Project through completion of same and authorizes Owner's Lender (*i.e.,* KH-REIT II

Funding XIV, LLC, "Knighthead") to pay, either directly or through Owner (as determined in

Knighthead's sole and absolute discretion), (a) such subcontractors amounts due for all post-

Petition Date work as necessary to obtain the Temporary Certificate of Occupancy for the Project

(which work is estimated to cost approximately $500,000, the "TCO") and the Final or Permanent

Certificate of Occupancy for the Project (which work is estimated to cost approximately $250,000,

the "Final CO"); (b) Debtor's reasonable Project management costs incurred to obtain the TCO

(estimated to cost approximately $75,000); and (c) Debtor's reasonable Project management costs

incurred to obtain the Final CO (estimated to cost approximately $50,000).    All such payments

shall be subject to prior approval by the Debtor, which approval shall not be unreasonably withheld

or delayed.    Such payments shall be credited first against the remaining Contract balance then,

against the Retainage. For the avoidance of doubt, upon Bankruptcy Court approval of this

Stipulation, the Owner or the Owner's Lender can pay subcontractors directly for amounts due for

post-petition goods and services provided to the Owner's Project, and the Owner and/or Owner's

Lender will give two (2) business days' notice by electronic mail to the Debtor of its intent to make

any such payments, with such notice to include reasonable detail of the payment, including the

name of the subcontractor, the amount to be paid to the subcontractor and a true copy of the

subcontractor's invoice or payment requisition. The Owner and/or the Owner's Lender shall

promptly provide a weekly report to the Debtor on all post-petition payments made to

4

subcontractors as detailed herein and the Debtor shall provide a copy of such report to counsel for

PNC Bank, National Association ("PNC"), counsel for the Official Committee of Unsecured

Creditors (the "Committee") and the Office of the U.S. Trustee ("UST"). Nothing herein shall be

construed to give PNC, the Committee or the UST approval rights over any payments to be made

by the Owner or the Owner's Lender pursuant to this paragraph.

    7.    Payment Due to Debtor upon Delivery of TCO to Owner.    Upon delivery of the

TCO, Owner will pay at the Debtor's direction the sum equal to all remaining contract balances

and all Retainage in excess of One Million Dollars ($1,000,000), which sum should amount to

approximately $185,000, to a segregated escrow account established for this Project (the "Escrow

Account"). Debtor's counsel shall be the Escrow Account agent and shall not disburse any monies

from the Escrow Account absent further Order of the Bankruptcy Court.

    8.    Payment Due to Debtor upon Delivery of Final CO to Owner.   Upon delivery of

the Final CO, all remaining Retainage, estimated to be approximately $700,000 (the "Remaining

Retainage"), will be paid into the Escrow Account. Upon payment of the Remaining Retainage

into the Escrow Account, all payment obligations of the Owner under the terms of the Contract,

other than relating to the Equity Participation, shall be deemed satisfied in full and no further

money shall be due from Owner to the Debtor in accordance with the terms of the Contract. As

such, in accordance with applicable New York Law, the Owner and Project, upon disbursement of

the Remaining Retainage into the Escrow Account, are released from any liens, claims or

encumbrances of any subcontractors or suppliers arising out of or related to the Contract and the

Project, which liens, claims or encumbrances, if any, shall attach to monies deposited in the Escrow

Account together with any and all other claims to the monies in the Escrow Account; the priority,

right to and distribution of any sums deposited in the Escrow Account shall be subject to further Order of the Bankruptcy Court.

9.    Equity Participation. If after approval of this Stipulation there is an event of default that could result in a termination of the Contract, as modified by this Stipulation, by the Owner that could impact the Debtor's right, upon a sale, refinance or merger of the Project to be paid the proceeds of the Debtor's Equity Participation, which sum shall be distributed into the Escrow Account, the maximum reduction of the Debtor's Equity Participation is capped at 50% of the total value of the Debtor's Equity Participation; provided, however, that the Debtor's alleged delay in engaging replacement subcontractors if existing subcontractors do not return to the Project in a timely manner is agreed not to be an event of default.

10.    Releases.

(a)    Release by Owner. Upon distribution of the proceeds of the Debtor's Equity Participation to the Escrow Account, Owner, its parents, subsidiaries, divisions and affiliates, and the officers, directors, employees, partners, members, agents, representatives, predecessors, successors and assigns of each of them (collectively, the "Owner Releasors") do hereby release and forever discharge the Debtor, its parents, subsidiaries, divisions and affiliates, and the officers, directors, employees, partners, members, agents, representatives, predecessors, successors and assigns of each of them (collectively, the "Debtor Released Parties") of and from all claims, obligations and causes of action, of any nature whatsoever, whether known or unknown, asserted or unasserted, fixed or contingent, which the Owner Releasors, or any of them, ever had or now has against any one or more of the Debtor Released Parties, arising out of or related to the Contract.

(b)    Release by the Debtor. Upon distribution of the proceeds of the Debtor's Equity Participation to the Escrow Account, Debtor, its parents, subsidiaries, divisions and

affiliates, and the officers, directors, employees, partners, members, agents, representatives, predecessors, successors and assigns of each of them (collectively, the "Debtor Releasors") do hereby release and forever discharge (i) the Owner, its parents, subsidiaries, divisions and affiliates, and the officers, directors, employees, partners, members, agents, representatives, predecessors, successors and assigns of each of them (collectively, the "Owner Released Parties"), and (ii) Knighthead, its parents, subsidiaries, divisions, affiliates and consultants, and the officers, directors, employees, partners, members, agents, representatives, predecessors, successors and assigns of each of them (the "Knighthead Released Parties"), of and from all claims, obligations and causes of action, of any nature whatsoever, whether known or unknown, asserted or unasserted, fixed or contingent, which the Debtor Releasors, or any of them, ever had or now has against any one or more of the Owner Released Parties or the Knighthead Released Parties, arising out of or in any way related to the Contract.

11.    Releases as a Defense.  Each of the Owner and Debtor acknowledge and agree that (i) the releases set forth in this Stipulation may be pleaded as a full and complete defense and may be used as a basis for an injunction against any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of the provisions of such release; and (ii) no fact, event, circumstance, evidence or transaction which could now be asserted or which may hereafter be discovered shall affect in any manner the final and unconditional nature of such releases.

12.    No Assignment of Released Claims.  Each of the Owner and Debtor represents and warrants that as of the date of this Stipulation, it, she or he as applicable has not assigned, transferred or sold (or purported to assign, transfer or sell) all or any portion of any claim, obligation or cause of action against any Party herein released, nor shall either Owner or Debtor

assign, transfer or sell (or purport to assign, transfer or sell) all or any portion of any claim, obligation or cause of action against any Party herein released.

13.    Governing Law.   This Agreement shall be governed and construed in accordance with the laws of the State of New York without giving effect to the conflict of laws or choice of law provisions thereof, except to the extent that the law of the United States, including the Bankruptcy Code, governs any matters set forth herein, in which case such federal law shall govern.

14.    Contract as Modified In Full Force and Effect.   Except as modified herein, the Contract shall be binding upon, and shall inure to the benefit of, the Parties hereto and remains in full force and effect.

15.    Headings.   The heading references herein are for convenience purposes only, and shall not be deemed to limit or affect any of the provisions of this Stipulation.

16.    Counterparts.   This Stipulation may be executed in one of more counterparts, each of which shall be deemed an original, and all of which shall constitute one and the same instrument.

17.    No Oral Modification, Termination or Waiver.    This Stipulation cannot be modified, terminated or waived orally.

18.    Further Assurances.   The Parties hereto shall execute and deliver such additional documents and take such additional action as may be necessary or desirable to effectuate the provisions and purposes of this Stipulation without the need for further Order of the Bankruptcy Court.

IN WITNESS WHEREOF, the Parties hereto have executed, or caused this Stipulation to be executed by their duly authorized representatives, as of the date(s) set forth below.

8

Dated:  October 4, 2019
       Uniondale, New York

**WESTERMAN BALL EDERER**
**MILLER ZUCKER & SHARFSTEIN LLP**

*/s/ John E. Westerman*
John E. Westerman, Esq.
1201 RXR Plaza
Uniondale, New York 11556
(516) 622-9200

*Attorneys for Veterans Road SPE LLC*

Dated:  October 4, 2019
       Roseland, New Jersey

**LOWENSTEIN SANDLER LLP**

*/s/ Kenneth A. Rosen*
Kenneth A. Rosen, Esq.
One Lowenstein Drive
Roseland, New Jersey  07068
(973) 597-2500

*Attorneys for Hollister Construction Services, LLC*