UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

Order Filed on October 11, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

Hollister Construction Services, LLC

Case No.: 19-27439

Adv. No.:

Hearing Date:

Judge: Michael B. Kaplan

# STIPULATION AND ORDER REGARDING TERMINATION OF GENERAL CONTRACTOR AGREEMENT FOR 640 COLUMBIA STREET PROJECT

The relief set forth on the following page is hereby **ORDERED**.

**DATED: October 11, 2019**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

*EXECUTION VERSION*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| **BLANK ROME LLP**<br>*A Pennsylvania LLP*<br>Adrienne C. Rogove, Esq.<br>New Jersey Resident Partner<br>300 Carnegie Center, Suite 220<br>Princeton, NJ 08540<br>Telephone: (609) 750-2648<br>Facsimile: (609) 897-7288<br>Rogove@BlankRome.com | **FRIED FRANK HARRIS SHRIVER &<br>JACOBSON LLP**<br>Gary L. Kaplan, Esq.<br>Carl I. Stapen, Esq. (admitted pro hac vice)<br>One New York Plaza<br>New York, NY 10004<br>Phone: (212) 859-8812<br>Gary.Kaplan@FriedFrank.com<br>Carl.Stapen@FriedFrank.com |

*Attorneys for 640 Columbia Owner LLC*

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400
krosen@lowenstein.com

*Attorneys for the Debtor*

| | |
|---|---|
| IN RE:<br><br>HOLLISTER CONSTRUCTION SERVICES LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 3:19-BK-27439-MBK<br><br>Honorable Michael B. Kaplan |

### STIPULATION AND ORDER REGARDING TERMINATION OF GENERAL CONTRACTOR AGREEMENT FOR 640 COLUMBIA STREET PROJECT

This Stipulation and Order (the "**Stipulation and Order**") is made as of October 7, 2019, between Hollister Construction Services, LLC, the debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Debtor**") and 640 Columbia Owner LLC ("**Owner**" and

---

[1] The Debtor is this Chapter 11 Case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

together with the Debtor, collectively, the "**Parties**") through their respective and duly authorized counsel of record. All capitalized terms used herein that are not otherwise defined herein shall have the same meaning ascribed to them in the GC Agreement (as defined below).

## RECITALS

WHEREAS, on November 17, 2017, the Debtor, as general contractor, and Owner entered into that certain Standard Form of Agreement Between Owner and Design-Builder - Cost Plus Fee with an Option for a Guaranteed Maximum Price (as at any time amended, the "**GC Agreement**") for the intended design and construction by Debtor on behalf of Owner of a three story Class A industrial facility and associated improvements to be located at 640 Columbia Avenue, Brooklyn, New York 11231 (the "**Project**");

WHEREAS, on May 15, 2019, the Parties entered into that certain First Amendment to the GC Agreement to revise, among other things, the scope of Work and reestablish the Guaranteed Maximum Price with respect to the Project;

WHEREAS, on September 10, 2019, Owner delivered a written notice to the Debtor stating that it is terminating the GC Agreement;

WHEREAS, on September 11, 2019 (the "**Petition Date**"), the Debtor filed a voluntary petition with the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**") for relief under title 11 of the United States Code (the "**Bankruptcy Code**");

WHEREAS, on September 24, 2019, pursuant to Section 1102(a)(1) of the Bankruptcy Code, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "**Committee**");

WHEREAS, on September 29, 2019, Owner filed with the Bankruptcy Court (i) that certain Motion for Entry of An Order (I) Granting Owner Relief From the Automatic Stay to Enforce Termination of GC Agreement or, in the Alternative, (II) Compelling the Debtor to Immediately Reject the GC Agreement at Docket No. 186 (the "**Lift Stay Motion**") and (ii) an application to shorten the notice period in connection with the Lift Stay Motion at Docket No. 187 (the "**AST**");

WHEREAS, on September 30, 2019, the Bankruptcy Court approved the AST and entered an order shortening the notice period and scheduled a hearing on the Lift Stay Motion for October 8, 2019 at 11:30a.m.;

WHEREAS, as of the date hereof, no request has been made for the appointment of a trustee or examiner in the Chapter 11 Case and the Debtor remains in possession and continues to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, the Debtor does not believe that it is in its best interest or in the best interest of its estate to try to continue the Project; and

WHEREAS, the Debtor and the Owner have agreed to the termination of the GC Agreement and the resolution of the Lift Stay Motion pursuant to the terms and conditions set forth in this Stipulation and Order.

## AGREEMENT

NOW, THEREFORE, for good and valuable consideration, the adequacy of which is hereby acknowledged, and based upon the mutual agreements and covenants set forth in this Stipulation and Order, and with the foregoing recitals incorporated as if set forth fully below, for good and sufficient cause, the Parties hereby stipulate and agree as follows:

3

1. Upon approval of this Stipulation and Order, and without any further action by the Parties, the Parties confirm and agree that the GC Agreement was properly terminated.

2. The Debtor agrees to cooperate with and take all reasonable actions requested by the Owner, other than expenditure of funds or incurrence of new contractual obligations (financial or otherwise), to facilitate an orderly transition of the Project from the Debtor to a new general contractor chosen by the Owner.

3. With respect to all contractors, subcontractors, design consultants and material suppliers that have contractual arrangements with the Debtor to perform work in connection with the Project (collectively, the "**Subcontractors**"), the Debtor shall coordinate with the Subcontractors and the Owner to provide the Owner with all pertinent information regarding each Subcontractor's work on the Project, including any outstanding amounts due under each Subcontractor's contractual arrangement with the Debtor. Additionally, with respect to all liability and subcontractor default insurance policies obtained by the Debtor from any insurer (the "**Insurers**"), the Debtor shall coordinate with the Insurers to provide the Owner with all pertinent information regarding each insurance policy, including any outstanding amounts due under each Insurer's contractual arrangement with the Debtor.

4. The Owner shall have all rights provided for under the GC Agreement, and as such may, but is not obligated to, use all design plans and directly contact, negotiate with, and, if deemed by Owner as appropriate, enter into contractual arrangements with, and make direct payments to, any new general contractor, Subcontractor or Insurer in connection with the Project, including with respect to amounts currently outstanding under any Subcontractor or Insurer's contractual arrangement with the Debtor.

5. Other than as expressly provided for herein, nothing herein is intended to release or modify any claims of any of the Parties hereto.

6. Upon approval of this Stipulation and Order, the Lift Stay Motion shall be deemed withdrawn without prejudice to any Party and any future hearings on the Lift Stay Motion shall be cancelled.

7. Within ten (10) days of the Bankruptcy Court's approval of this Stipulation and Order, Owner shall provide the Debtor with a statement showing, to the best of Owner's then available information and belief, all amounts, if any, due and owing as of the Petition Date, including any amounts offset (i) by the Owner to the Debtor under the GC Agreement, and (ii) by the Debtor to each of the Subcontractors and Insurers under the GC Agreement or other applicable agreement.

8. In the event that the Bankruptcy Court does not approve this Stipulation and Order, either Party shall have the right to terminate this Stipulation and Order and all rights of the Parties prior to entry into this Stipulation and Order will be restored.

9. The Parties are authorized to take all actions necessary to effectuate the relief granted pursuant to this Stipulation and Order and, for the avoidance of doubt, the automatic stay embodied in section 362(a) of the Bankruptcy Code shall not apply to the Parties' termination of the GC Agreement or any other relief granted pursuant to this Stipulation and Order.

10. Except as set forth in this Stipulation and Order, none of the assertions and/or allegations made in the Lift Stay Motion are admitted or acknowledged by the Debtor and all rights of the Parties are reserved in connection therewith.

11. The Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation, implementation or enforcement of the terms and provisions of this Stipulation and Order.

*[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]*

Dated: October 7, 2019
Trenton, New Jersey

_____
Kenneth A. Rosen, Esq.
**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)
krosen@lowenstein.com

*Attorneys for the Debtor*

_____
Gary L. Kaplan, Esq.
**FRIED FRANK HARRIS SHRIVER &
JACOBSON LLP**
One New York Plaza
New York, New York 10004
(212) 859-8812 (Telephone)
Gary.Kaplan@FriedFrank.com

--and--

Adrienne C. Rogove, Esq.
**BLANK ROME LLP**
300 Carnegie Center, Suite 220
Princeton, New Jersey 08540
Telephone: (609) 750-2648
Facsimile: (609) 897-7288
Rogove@BlankRome.com

*Attorneys for 640 Columbia
Owner LLC*

7