| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>**LOWENSTEIN SANDLER LLP**<br>Arielle Adler, Esq.<br>Bruce Buechler, Esq.<br>Joseph DiPasquale, Esq.<br>Jennifer B. Kimble, Esq.<br>Kenneth A. Rosen, Esq.<br>Mary E. Seymour, Esq.<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>(973) 597-2500 (Telephone)<br>(973) 597-2400 (Facsimile)<br><br>*Proposed Counsel to the Debtor and*<br>*Debtor-in-Possession* | Order Filed on October 11, 2019<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>**HOLLISTER CONSTRUCTION SERVICES, LLC**,[1] | Chapter 11<br><br>Case No. 19-27439 (MBK) |

### ORDER AUTHORIZING REJECTION OF CERTAIN UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY AS OF SEPTEMBER 27, 2019 AND <u>GRANTING RELATED RELIEF</u>

The relief set forth on the following pages, numbered two (2) through and including three (3), is hereby **ORDERED**.

**DATED: October 11, 2019**

/s/ Michael B. Kaplan
Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page:     2
Debtor:   Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption:  Order Authorizing Rejection of Certain Unexpired Lease of Nonresidential Real Property as of September 27, 2019 and Granting Related Relief

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtor and debtor-in-possession (the "Debtor") for entry of an order (a) rejecting the Marlton Lease, effective as of September 27, 2019, (b) authorizing the Debtor to abandon any Related Property in place at the Marlton leased premises, (c) establishing a bar date, thirty calendar days after the date of entry of such order, by which the counterparty to the Marlton Lease must assert any and all claims arising from the rejection of the Marlton Lease or be forever barred from asserting any such claims, and (d) waiving, each to the extent applicable, the fourteen-day stay and related notice provisions of Bankruptcy Rules 6003, 6004, and 6006; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor and its estate and creditors; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Because the Debtor has demonstrated that immediate rejection of the Marlton Lease is a sound exercise of the Debtor's business judgment, the Marlton Lease is hereby deemed rejected, effective as of September 27, 2019.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Page: 3
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Order Authorizing Rejection of Certain Unexpired Lease of Nonresidential Real Property as of September 27, 2019 and Granting Related Relief

3. Because the Debtor has demonstrated that the Related Property is burdensome to its estate, is of inconsequential value, and/or is of inconsequential benefit to its estate, the Debtor is authorized to abandon the Related Property in place.

4. The counterparty to the Marlton Lease must file a proof of claim asserting any claims related to or arising out of the rejection of the Marlton Lease ("Rejection Damage Claims") on or before the first day that is at least thirty calendar days after the date of entry of this Order and is not a Saturday, Sunday, or legal holiday (the "Rejection Damage Bar Date"). Any Rejection Damage Claims not asserted in a proof of claim filed on or before the Rejection Damage Bar Date are hereby deemed waived, released, and disallowed pursuant to section 502(b)(9) of the Bankruptcy Code, and the counterparty to the Marlton Lease shall be, from and after the Rejection Damage Bar Date, barred, estopped, and enjoined from asserting any Rejection Damage Claims that were not timely filed in accordance with this paragraph.

5. Because the Debtor has demonstrated that its estate and creditors would suffer immediate and irreparable harm if this Order is not effective immediately, the fourteen-day stay and related notice requirements of Bankruptcy Rules 6003, 6004, and 6006, each to the extent applicable, are hereby waived and this Order shall be effective immediately upon entry.

6. This Court retains exclusive jurisdiction over all issues related to the implementation and interpretation of this Order.

7. The Debtor shall serve a copy of this Order on the counterparty to the Marlton Lease promptly following entry hereof.