| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP<br>Joseph L. Schwartz, Esq.(JS-5525)<br>Tara J. Schellhorn, Esq. (TS-8155)<br>Headquarters Plaza<br>One Speedwell Avenue<br>Morristown, NJ 07962-1981<br>(973) 538-0800<br>jschwartz@riker.com<br>tschellhorn@riker.com<br><br>Counsel to Newark Warehouse Urban Renewal, LLC and Newark Warehouse Redevelopment Company, LLC | FILED<br>JEANNE A. NAUGHTON, CLERK<br>OCT 1 1 2019<br>U.S. BANKRUPTCY COURT<br>TRENTON, NJ<br>BY_____DEPUTY |
| In re:<br><br>Hollister Construction Services, LLC,<br><br>Debtor. | Case No. 19-27439 (MBK)<br><br>Hon. Michael B. Kaplan, U.S.B.J.<br><br>Chapter 11 |

**ORDER GRANTING THE NWR ENTITIES RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1) TO TERMINATE GMP CONTRACT**

The relief set forth on the following pages numbered two (2) and three (3) is hereby **ORDERED**.

_/s/ Michael B. Kaplan_
MICHAEL B. KAPLAN, USBJ

10/11/2019

37322/3
10/10/2019 205191394.2

| | |
|---|---|
| Debtor: | Hollister Construction Services, LLC |
| Case No.: | 19-27439 (MBK) |
| Caption of Order: | ORDER GRANTING THE NWR ENTITIES RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1) TO TERMINATE GMP CONTRACT |
| Page: | 2 of 3 |

**THIS MATTER** having been opened to the Court upon the Motion of Newark Warehouse Urban Renewal, LLC ("NWUR") and Newark Warehouse Redevelopment Company, LLC ("NWRC," and together, the "NWR Entities") for entry of an order: (i) confirming that the GMP Contract[1] entered into by and among the NWR Entities and the Debtor, Hollister Construction Services, LLC (the "Debtor"), is not property of the estate and that the automatic stay is inapplicable to the termination of the GMP Contract, or in the alternative, granting the NWR Entities relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to enable the NWR Entities to terminate the GMP Contract, and (ii) for related relief (the "Motion"); and the Court having considered the Motion, the limited objections filed thereto by Graybar Electric Company, Inc. ("Graybar"), PNC Bank, National Association ("PNC") and the Debtor; and the Court having conducted a hearing on the Motion, at which time the Court heard and considered all oral arguments of counsel; and the NWR Entities having advised the Court that they had voided the Joint Checks referenced in the Motion, thereby rendering moot the limited objection filed by PNC; and good and sufficient notice of the Motion having been provided to all interested parties; and for good cause shown,

**IT IS HEREBY ORDERED** that:

1. The NWR Entities be and are hereby granted relief from the automatic stay under 11 U.S.C. § 362(d)(1) for "cause" to terminate the GMP Contract.

2. The GMP Contract be and is hereby deemed terminated as of the date hereof.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

| | |
|---|---|
| Debtor: | Hollister Construction Services, LLC |
| Case No.: | 19-27439 (MBK) |
| Caption of Order: | ORDER GRANTING THE NWR ENTITIES RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1) TO TERMINATE GMP CONTRACT |
| Page: | 3 of 3 |

3. The NWR Entities are entitled to assert any and all of their non-monetary post-termination rights as set forth in Section 14.6 of the GMP Contract, including but not limited to, the right, in the NWR Entities' sole discretion, to take by way of assignment any of the Debtor's contracts with the Debtor's subcontractors. Any affected subcontractors shall be bound by any such assignment upon receipt written notice from the NWR Entities in accordance with Sections 4.2.2 and 14.6(d) of the GMP Contract.

4. To the extent the NWR Entities determine to take by way of assignment any subcontractor contract pursuant to Sections 4.2.2 and 14.6(d) of the GMP Contract, such assignment shall not be deemed an assumption and assignment within the meaning set forth in 11 U.S.C. § 365, and this Order shall in no way require the Debtor to assume and/or assign any such contract under 11 U.S.C. § 365, or pay any cure or other obligation associated therewith under 11 U.S.C. § 365.

5. All other rights and remedies of the NWR Entities, the Debtor and its estate as to all other issues are hereby reserved and preserved.

6. The limited objection to the Motion filed by Graybar be and is hereby overruled.

5082208v1