UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-1

**LOWENSTEIN SANDLER LLP**
Arielle Adler, Esq.
Bruce Buechler, Esq.
Joseph DiPasquale, Esq.
Jennifer B. Kimble, Esq.
Kenneth A. Rosen, Esq.
Mary E. Seymour, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Proposed Counsel to the Debtor and Debtor-in-Possession*



Order Filed on October 9, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

HOLLISTER CONSTRUCTION SERVICES, LLC,[1]

Debtor.

Chapter 11

Case No. 19-27439 (MBK)

### FINAL ORDER (A) AUTHORIZING THE DEBTOR TO (I) CONTINUE ITS CASH MANAGEMENT SYSTEM, (II) HONOR CERTAIN RELATED PREPETITION OBLIGATIONS, AND (III) MAINTAIN EXISTING BUSINESS FORMS, (B) AUTHORIZING AND DIRECTING THE DEBTOR'S BANKS TO HONOR ALL RELATED PAYMENT REQUESTS, (C) GRANTING INTERIM AND FINAL WAIVERS OF THE DEBTOR'S COMPLIANCE WITH SECTION 345(B) OF THE BANKRUPTCY CODE, <u>AND (D) GRANTING RELATED RELIEF</u>

The relief set forth on the following pages, numbered two (2) through and including ten (10), is hereby **ORDERED.**

**DATED: October 9, 2019**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

37322/2
10/09/2019 205173785.1

Page:     2
Debtor:   Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption:  Final Order (a) Authorizing the Debtor to (i) Continue Its Cash Management System, (ii) Honor Certain Related Prepetition Obligations, and (iii) Maintain Existing Business Forms, (b) Authorizing and Directing the Debtor's Banks to Honor All Related Payment Requests, (c) Granting Interim and Final Waivers of the Debtor's Compliance with Section 345(b) of the Bankruptcy Code, and (d) Granting Related Relief

---

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of interim and final orders (a) authorizing the Debtor to (i) continue its Cash Management System, (ii) honor certain related prepetition obligations, and (iii) maintain existing Business Forms, (b) authorizing and directing the Debtor's Banks to honor all related payment requests, (c) waiving the Debtor's compliance with section 345(b) of the Bankruptcy Code, (d) scheduling a final hearing, and (e) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984 and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having entered an order granting the relief requested in the Motion on an interim basis [Docket No. 95], and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Page:    3
Debtor:  Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Final Order (a) Authorizing the Debtor to (i) Continue Its Cash Management System, (ii) Honor Certain Related Prepetition Obligations, and (iii) Maintain Existing Business Forms, (b) Authorizing and Directing the Debtor's Banks to Honor All Related Payment Requests, (c) Granting Interim and Final Waivers of the Debtor's Compliance with Section 345(b) of the Bankruptcy Code, and (d) Granting Related Relief

---

support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtor is hereby authorized, in its sole discretion, to maintain and utilize its existing Cash Management System and Bank Accounts in accordance with any agreements governing the Cash Management System and Bank Accounts (collectively, the "Bank Account Agreements") and subject to the relevant provisions of the *First Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief* with respect to the Debtor's Bank Accounts, specifically with respect to segregating in separate accounts Bonded Project Proceeds from Non-Bonded Project Proceeds, as those terms are defined in the *Debtor's Motion for Entry of Interim and Final Orders (A) Authoring Use of Cash Collateral, (B) Granting Adequate Protection, (C) Scheduling a Final Hearing and (D) Granting Related Relief* (Docket No. 14) and any subsequent cash collateral order entered by the Court.

3. The requirements of section 345(b) of the Bankruptcy Code are hereby waived as to the Debtor's Bank Accounts and the Banks.

Page:    4
Debtor:  Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Final Order (a) Authorizing the Debtor to (i) Continue Its Cash Management System, (ii) Honor Certain Related Prepetition Obligations, and (iii) Maintain Existing Business Forms, (b) Authorizing and Directing the Debtor's Banks to Honor All Related Payment Requests, (c) Granting Interim and Final Waivers of the Debtor's Compliance with Section 345(b) of the Bankruptcy Code, and (d) Granting Related Relief

---

4. The Debtor is authorized, but not directed, to: (a) continue operating the Cash Management System (and to implement non-material changes thereto), as described in the Motion; (b) honor its prepetition obligations related thereto; and (c) maintain its existing Business Forms; in each case subject to the limitations described in the Motion and this Order.

5. The Debtor is further authorized, in its sole discretion, to: (a) continue to use, with the same account numbers, the Bank Accounts in existence as of the Petition Date, including those accounts identified on <u>Exhibit A</u> attached to the Motion; (b) use, in its present form, the Business Forms, as well as correspondence, checks and other documents related to the Bank Accounts existing immediately before the Petition Date and thereafter, without reference to the Debtor's status as debtor in possession, except that any check issued post-petition shall bear a "DIP" or "Debtor-in-Possession" designation and the case number (excluding payroll and any payroll checks sent by the Debtor's third-party payroll provider); provided that following the depletion of the Debtor's Business Form stock, the Debtor shall obtain new Business Forms reflecting its status as debtor-in-possession; (c) treat the Debtor's existing Bank Accounts for all purposes as accounts of the Debtor as debtor in possession; (d) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, wire transfers, and other debits; (e) pay the prepetition Bank Fees; and (f) pay any ordinary course Bank Fees incurred in connection with the Debtor's existing Bank Accounts, and to otherwise perform obligations under the documents governing the Debtor's existing Bank Accounts. Any requirements by the

Page:    5
Debtor:   Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption:  Final Order (a) Authorizing the Debtor to (i) Continue Its Cash Management System, (ii) Honor Certain Related Prepetition Obligations, and (iii) Maintain Existing Business Forms, (b) Authorizing and Directing the Debtor's Banks to Honor All Related Payment Requests, (c) Granting Interim and Final Waivers of the Debtor's Compliance with Section 345(b) of the Bankruptcy Code, and (d) Granting Related Relief

---

United States Trustee or otherwise to open separate debtor-in-possession accounts are waived, unless otherwise specified herein.

6.  Each of the Banks is authorized to debit the Debtor's accounts in the ordinary course of business without need for further order of this Court for: (a) all checks, items, and other payment orders drawn on the Debtor's accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Bank's receipt of notice of filing of the Chapter 11 Case; (b) all checks, automated clearing house entries, and other items deposited or credited to one of the Debtor's accounts with such Bank prior to the commencement of the Chapter 11 Cases which have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the respective Debtor was responsible for such items prior to commencement of the Chapter 11 Case; and (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

7.  All Banks at which the Debtor's existing Bank Accounts are maintained are authorized to continue to maintain, service, and administer the Debtor's existing Bank Accounts as accounts of the Debtor as debtor in possession, without interruption and in the ordinary course in accordance with the Bank Account Agreements, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, credit card

Page:    6
Debtor:  Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Final Order (a) Authorizing the Debtor to (i) Continue Its Cash Management System, (ii) Honor Certain Related Prepetition Obligations, and (iii) Maintain Existing Business Forms, (b) Authorizing and Directing the Debtor's Banks to Honor All Related Payment Requests, (c) Granting Interim and Final Waivers of the Debtor's Compliance with Section 345(b) of the Bankruptcy Code, and (d) Granting Related Relief

---

payments, and ACH transfers issued and drawn on the Debtor's existing Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

8. All Banks shall honor any and all of the Debtor's payroll checks issued prior to the Petition Date, subject to 11 U.S.C. § 507(a)(4).

9. All Banks provided with notice of this Final Order maintaining any of the Debtor's existing Bank Accounts shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued before the Petition Date for which the Debtor specifically issues stop payment orders in accordance with the documents governing such Bank Accounts.

10. In the course of providing cash management services to the Debtor, each of the Banks is authorized, without further order of this Court, to deduct the applicable fees from the appropriate accounts of the Debtor, and further, to charge back to the appropriate accounts of the Debtor any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, or other electronic transfers of any kind, regardless of whether such items were deposited or transferred prepetition or post-petition and regardless of whether the returned items relate to prepetition or post-petition items or transfers.

11. Subject to the terms set forth herein, any of the Debtor's Banks may rely on the representations of the Debtor with respect to whether any check, item, or other payment order drawn or issued by the Debtor prior or subsequent to filing of the Petition should be

Page: 7
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Final Order (a) Authorizing the Debtor to (i) Continue Its Cash Management System, (ii) Honor Certain Related Prepetition Obligations, and (iii) Maintain Existing Business Forms, (b) Authorizing and Directing the Debtor's Banks to Honor All Related Payment Requests, (c) Granting Interim and Final Waivers of the Debtor's Compliance with Section 345(b) of the Bankruptcy Code, and (d) Granting Related Relief

---

honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtor as provided for herein.

12. Any Banks are further authorized to (a) honor the Debtor's directions with respect to the opening and closing of any Bank Account and (b) accept and hold, or invest, the Debtor's funds in accordance with the Debtor's instructions; *provided*, *however*, that the Debtor's Banks shall not have any liability to any party for relying on such representations to the extent such reliance otherwise complies with applicable law.

13. The Debtor is authorized to open any additional post-petition accounts with a bank or financial institution (and to enter into any ancillary agreements related to the foregoing as they may deem necessary and appropriate) and to close any existing accounts as the Debtor may deem necessary and appropriate, and the banks and financial institutions are authorized to honor the Debtor's requests to open or close, as the case may be, such accounts or additional accounts; *provided*, *however*, that any new accounts shall be designated debtor-in-possession accounts and shall be opened with a bank or financial institution that has or will execute a depository agreement in a form acceptable to the Office of the United States Trustee.

14. Notice of the opening of any post-petition account with a bank or financial institution or closing of any existing or post-petition accounts shall be provided to the Office of the United States Trustee within five (5) business days after such opening or closing.

Page:      8
Debtor:    Hollister Construction Services, LLC
Case No.:  19-27439 (MBK)
Caption:   Final Order (a) Authorizing the Debtor to (i) Continue Its Cash Management System, (ii) Honor Certain Related Prepetition Obligations, and (iii) Maintain Existing Business Forms, (b) Authorizing and Directing the Debtor's Banks to Honor All Related Payment Requests, (c) Granting Interim and Final Waivers of the Debtor's Compliance with Section 345(b) of the Bankruptcy Code, and (d) Granting Related Relief

---

15.     The Debtor is authorized but not directed to continue to operate under its merchant services agreements.  The Debtor is authorized to pay or reimburse the credit card processors for any obligations under the merchant services agreement, including, without limitation, fees, charges, refunds, chargebacks, reserves and other amounts due and owing from the Debtor to credit card processors, whether such obligations are incurred prepetition or post-petition, and the credit card processors are authorized to receive or obtain payment for such merchant services obligations, as provided under, and in the manner set forth in, the merchant services agreement, including, without limitation, by way of recoupment or setoff without further order of the Court. Any claim which a credit card processor may have under the merchant services agreement shall be entitled to, in addition to any other lien, collateral or payment priority rights in support thereof, administrative expense priority status pursuant to section 503(b) of the Bankruptcy Code.  All Banks with which the Debtor maintains Bank Accounts are authorized and directed to follow any instruction of any lender party to a blocked account or control agreement with respect to the disposition of any such Bank Accounts (and all deposits therein) following the exercise of any remedies of such lender in accordance and consistent with the documents and orders (including any interim and/or final orders with respect to the use of cash collateral or any debtor in possession financing that may be obtained pursuant to Court order.

Page: 9
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Final Order (a) Authorizing the Debtor to (i) Continue Its Cash Management System, (ii) Honor Certain Related Prepetition Obligations, and (iii) Maintain Existing Business Forms, (b) Authorizing and Directing the Debtor's Banks to Honor All Related Payment Requests, (c) Granting Interim and Final Waivers of the Debtor's Compliance with Section 345(b) of the Bankruptcy Code, and (d) Granting Related Relief

---

16. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any prepetition claim against the Debtor; (b) a waiver of the Debtor's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law.

17. Any payment made or to be made under this Order, and any authorization contained in this Order, shall be subject to the terms of any orders authorizing the Debtor to obtain debtor-in-possession financing and use of cash collateral entered by this Court in the Chapter 11 Case.

18. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are waived.

19. The relief granted in this Order is necessary to avoid immediate and irreparable harm to the Debtor and the requirements of Bankruptcy Rule 6004(h) are waived.

20. Notwithstanding any applicability of any of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Page:     10
Debtor:   Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption:  Final Order (a) Authorizing the Debtor to (i) Continue Its Cash Management System, (ii) Honor Certain Related Prepetition Obligations, and (iii) Maintain Existing Business Forms, (b) Authorizing and Directing the Debtor's Banks to Honor All Related Payment Requests, (c) Granting Interim and Final Waivers of the Debtor's Compliance with Section 345(b) of the Bankruptcy Code, and (d) Granting Related Relief

---

21.    The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

22.    The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

23.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

United States Bankruptcy Court
District of New Jersey

In re:                                                                          Case No. 19-27439-MBK
Hollister Construction Services, LLC                                            Chapter 11
         Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin              Page 1 of 1              Date Rcvd: Oct 09, 2019
                              Form ID: pdf903          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 11, 2019.
db              +Hollister Construction Services, LLC,   339 Jefferson Road,   Parsippany, NJ 07054-3707

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                 TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                 TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 11, 2019                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 9, 2019 at the address(es) listed below:
NONE.                                                                                                 TOTAL: 0