| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>**LOWENSTEIN SANDLER LLP**<br>Arielle Adler, Esq.<br>Bruce Buechler, Esq.<br>Joseph DiPasquale, Esq.<br>Jennifer B. Kimble, Esq.<br>Kenneth A. Rosen, Esq.<br>Mary E. Seymour, Esq.<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>(973) 597-2500 (Telephone)<br>(973) 597-2400 (Facsimile)<br><br>*Proposed Counsel to the Debtor and*<br>*Debtor-in-Possession* | <br><br>**Order Filed on October 9, 2019<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In re:<br><br>HOLLISTER CONSTRUCTION SERVICES, LLC,[1]<br><br>                                  Debtor. | Chapter 11<br><br>Case No. 19-27439 (MBK) |

**FINAL ORDER UNDER SECTION 366 OF
THE BANKRUPTCY CODE (A) PROHIBITING UTILITY PROVIDERS FROM
ALTERING, REFUSING, OR DISCONTINUING SERVICE, (B) DEEMING UTILITIES
ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (C) ESTABLISHING
PROCEDURES FOR RESOLVING REQUESTS FOR ADDITIONAL OR DIFFERENT
<u>ADEQUATE ASSURANCE OF PAYMENT</u>**

       The relief set forth on the following pages, numbered two (2) through and including seven (7), is hereby **ORDERED.**

**DATED: October 9, 2019**

                                                            */s/ Michael B. Kaplan*
                                                           Honorable Michael B. Kaplan
                                                           United States Bankruptcy Judge

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

37322/2
10/09/2019 205173838.1

Page: 2
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Final Order Under Section 366 of the Bankruptcy Code (a) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Service, (b) Deeming Utilities Adequately Assured of Future Performance, and (c) Establishing Procedures for Resolving Requests for Additional or Different Adequate Assurance of Payment

---

Upon consideration of the motion (the "Motion")[2] of the above captioned debtor and debtor in possession (the "Debtor") for entry of an order (a) prohibiting utility providers from altering, refusing, or discontinuing service, (b) deeming utilities adequately assured of future performance, and (c) establishing procedures for resolving requests for additional or different adequate assurance of payment; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and adequate and sufficient notice of the Motion having been given; and the Court having previously entered an order granting the relief sought in the Motion on an interim basis (the "Interim Order") [Docket No. 96]; and the Court having reviewed and considered the Motion, all pleadings related thereto and the arguments of counsel made, and any evidence proffered or adduced, at the interim hearing and the final hearing, it is hereby:

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is **GRANTED** on a final basis as set forth herein.

2. Each Utility Provider is prohibited from: (a) altering, refusing, or discontinuing service to, or discriminating against the Debtor solely on the basis of the commencement of these cases or on account of any unpaid invoice for services provided before

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

-2-

Page:     3
Debtor:   Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption:  Final Order Under Section 366 of the Bankruptcy Code (a) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Service, (b) Deeming Utilities Adequately Assured of Future Performance, and (c) Establishing Procedures for Resolving Requests for Additional or Different Adequate Assurance of Payment

---

the commencement of these cases; and (b) requiring the payment of any additional deposit or other security in connection with the Utility Providers' continued provision of Utility Services, including the furnishing of gas, electricity, water, sewer, sanitation or telecommunication services, or any other utility service of similar kind to the Debtor other than as provided in this Final Order.

3. The Debtor shall maintain a segregated account funded with deposit(s) (the "Utility Deposits") in the amounts set forth on Exhibit A to the Motion for the purpose of providing such Utility Provider with adequate assurance of payment of its post-petition services to the Debtor.

4. The Debtor may supplement the list of Utility Providers on Exhibit A to the Motion (each such additional Utility Provider, a "Subsequently Identified Utility Provider"). If the Debtor supplement the list subsequent to the filing of the Motion, the Debtor will serve a copy of the Motion and this Final Order on any Utility Provider that is added to the list by such a supplement (the "Supplemental Service"). In addition, the Debtor will deposit 50% of the Debtor's average monthly utility charges over the preceding twelve months (subject to adjustments to account for pre-petition security deposits and claims as set forth in the Motion), as estimated by the Debtor, as a Utility Deposit for the added Subsequently Identified Utility Provider at each applicable location. Any Subsequently Identified Utility Provider set forth on a supplement to Exhibit A to the Motion will fall within the scope of this Final Order from the date of the filing of the supplemental Exhibit A.

Page: 4
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Final Order Under Section 366 of the Bankruptcy Code (a) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Service, (b) Deeming Utilities Adequately Assured of Future Performance, and (c) Establishing Procedures for Resolving Requests for Additional or Different Adequate Assurance of Payment

---

5. The following procedures (the "Procedures") by which a Utility Provider may request additional adequate assurance of future payment, in the event that such Utility Provider believes that its Utility Deposit does not provide it with satisfactory adequate assurances, are approved on a final basis:

    a. In the event that any Utility Provider was omitted from Exhibit A, the Debtor shall have the right to supplement Exhibit A and shall promptly serve this Final Order upon such omitted Subsequently Identified Utility Provider upon learning of such Utility Provider.

    b. Any Subsequently Identified Utility Provider that is not satisfied with the Utility Deposit provided by the Debtor and seeks additional assurance of payment must serve a written request (the "Request") upon the Debtor no later than the date that is fourteen (14) days after the date such Subsequently Identified Utility Provider receives notice (the "Request Deadline") by serving such request upon: (i) the Debtor; and (ii) proposed counsel to the Debtor, Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, New Jersey 07068, Attn: Bruce Buechler, Esq. (bbuechler@lowenstein.com).

    c. Any Request must: (i) be in writing, (ii) set forth the location for which Utility Services are provided, (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtor, (iv) describe in sufficient detail the reason(s) why the proposed treatment afforded pursuant to the procedures set forth herein does not constitute satisfactory adequate assurance of payment, and (v) include a proposal for what would constitute adequate assurance from the Debtor, along with an explanation of why such proposal is reasonable.

    d. Without further order of the Court, the Debtor may enter into agreements granting additional adequate assurance to a Utility Provider serving a timely Request, if the Debtor, in its discretion, determine that the Request or the additional amount agreed upon is reasonable.

    e. If the Debtor believes that a Request is unreasonable, then they shall, within fourteen (14) days after the Request Deadline date, file a motion pursuant to section 366(c)(2) of the Bankruptcy Code (a "Determination

Page:    5
Debtor:    Hollister Construction Services, LLC
Case No.:    19-27439 (MBK)
Caption:    Final Order Under Section 366 of the Bankruptcy Code (a) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Service, (b) Deeming Utilities Adequately Assured of Future Performance, and (c) Establishing Procedures for Resolving Requests for Additional or Different Adequate Assurance of Payment

---

Motion"), seeking a determination from the Court that the Utility Deposit, plus any additional consideration offered by the Debtor, constitutes adequate assurance of payment. Pending a Court ruling on the Determination Motion, the Utility Provider that is the subject of the unresolved Request may not alter, refuse, or discontinue services to the Debtor nor recover or setoff against a pre-Petition Date deposit.

f.    If a Utility Provider fails to send a Request by the applicable Request Deadline, such Utility Provider shall have waived its right to make a Request and shall be deemed to have received adequate assurance of payment in accordance with section 366(c)(1)(A)(vi) of the Bankruptcy Code by virtue of the Utility Deposit.

6.    The Debtor may terminate the services of any Utility Provider by providing written notice (a "Termination Notice") to the Utility Provider. After receipt of a Termination Notice by a Utility Provider, the Debtor may cause the release of any Utility Deposit to the Debtor, provided that the Utility Provider has been paid for all charges that accrued after the commencement of the Chapter 11 Case, without giving effect to any rights of setoff or any pre-petition claims the Utility Provider may assert against the Debtor.

7.    No portion of the Adequate Assurance Deposit shall be applied toward any outstanding pre-petition amount owed to any Utility Company.

8.    Nothing in this Final Order shall be deemed to vacate or modify any other restrictions on the termination of service by a Utility Provider as provided by sections 362 and 366 of the Bankruptcy Code or other applicable law and nothing herein or in the Motion shall constitute post-petition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code, nor shall anything herein be deemed a waiver by the Debtor or any other party of any rights with respect to the assumption or rejection of an executory contract.

Page: 6
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Final Order Under Section 366 of the Bankruptcy Code (a) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Service, (b) Deeming Utilities Adequately Assured of Future Performance, and (c) Establishing Procedures for Resolving Requests for Additional or Different Adequate Assurance of Payment

---

9. Any payment made or to be made under this Final Order, and any authorization contained in this Final Order, shall be subject to the terms of any orders authorizing the Debtor to obtain debtor-in-possession financing and use cash collateral entered by this Court in this Chapter 11 Case.

10. All time periods set forth in this Final Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

12. Notwithstanding the applicability of any of the Bankruptcy Rules, the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

13. The requirement set forth in Local Rule 9013-1(a)(3) that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

14. Within three (3) business days after entry of this Final Order, the Debtor shall serve a copy of this Final Order by first class mail on each of the Utility Providers set forth on <u>Exhibit A</u> to the Motion.

15. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order.

Page:     7
Debtor:   Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption:  Final Order Under Section 366 of the Bankruptcy Code (a) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Service, (b) Deeming Utilities Adequately Assured of Future Performance, and (c) Establishing Procedures for Resolving Requests for Additional or Different Adequate Assurance of Payment

---

16. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Final Order.

United States Bankruptcy Court
District of New Jersey

In re:                                                                                  Case No. 19-27439-MBK
Hollister Construction Services, LLC                                                    Chapter 11
         Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3           User: admin            Page 1 of 1              Date Rcvd: Oct 09, 2019
                               Form ID: pdf903        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 11, 2019.
db              +Hollister Construction Services, LLC,   339 Jefferson Road,   Parsippany, NJ 07054-3707

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                  TOTAL: 0

         ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                  TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 11, 2019                                 Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 9, 2019 at the address(es) listed below:
NONE.                                                                                                  TOTAL: 0