| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-1 |
|---|
| **LOWENSTEIN SANDLER LLP**<br>Arielle B. Adler, Esq.<br>Bruce Buechler, Esq.<br>Joseph J. DiPasquale, Esq.<br>Jennifer B. Kimble, Esq.<br>Kenneth A. Rosen, Esq.<br>Mary E. Seymour, Esq.<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>(973) 597-2500 (Telephone)<br>(973) 597-2400 (Facsimile)<br><br>*Proposed Counsel to the Debtor and*<br>*Debtor-in-Possession* |
| In re:<br><br>HOLLISTER CONSTRUCTION SERVICES, LLC,[1]<br><br>Debtor. |

**FILED**
JEANNE A. NAUGHTON, CLERK

OCT 0 8 2019

U.S. BANKRUPTCY COURT
TRENTON, NJ
BY_____DEPUTY

Chapter 11

Case No. 19-27439 (MBK)

## ADMINISTRATIVE FEE ORDER ESTABLISHING CERTAIN PROCEDURES FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT AND REIMBURSEMENT <u>OF EXPENSES BY COMMITTEE MEMBERS</u>

The relief set forth on the following pages, numbered two (2) through and including six (6), is hereby **ORDERED**.

10/8/2019

MICHAEL B. KAPLAN
USBJ

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

37322/2
10/07/2019 205021373.2

Page 2
Debtor:    Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption:   Administrative Fee Order Establishing Certain Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court and Reimbursement of Expenses by Committee Members

---

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtor and debtor-in-possession (the "Debtor") for entry of an administrative fee order pursuant to sections 105(a) and 331 of the Bankruptcy Code and District of New Jersey Local Bankruptcy Rule 2016-3; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012; and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its estate and creditors; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. Except as may otherwise be provided in Court orders authorizing the retention of specific Professionals, all Professionals retained in this case pursuant to section 327 and, to the extent applicable, sections 328(a) and 1103 of the Bankruptcy Code, may seek monthly compensation in accordance with the following procedures (the "Compensation Procedures"):

   (a)    Monthly fee statement.
       (1)    By on or about the 25th day of the month (or if such date falls on a weekend or federal holiday, on the next business day thereafter)

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Page 3
Debtor:   Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption:  Administrative Fee Order Establishing Certain Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court and Reimbursement of Expenses by Committee Members

---

following the month for which compensation is sought (including, for the avoidance of doubt, by October 25, 2019 for services rendered by Professionals for the period from the Petition Date through and including September 30, 2019), each Professional seeking compensation under this Order may file and serve, by electronic transmission, hand delivery, or overnight delivery, or by any means directed by the Court, a monthly fee and expense statement on the following parties (collectively, the "Notice Parties"):

    (A)    Lowenstein Sandler LLP, as Debtor's counsel;

    (B)    Counsel for any official committee appointed in the Chapter 11 Cases;

    (C)    the United States Trustee;

    (D)    Counsel for PNC Bank, the Debtor's secured lender, Duane Morris LLP, 30 South 17th Street, Philadelphia, PA 19103-4196, Attention: James J. Holman;

    (E)    Any party requesting notice of all proceedings; and

    (F)    Any other party designated by the Court.

(2) A monthly fee statement must comply with Local Bankruptcy Rule 2016-1(a).

(b) Objection.

(1) An objection to a monthly fee statement must be filed and served on the Professional and the Notice Parties listed in subdivision (a)(1) not later than 14 days after service of the statement. The objection must set forth the nature of the objection and the amount of fees and expenses at issue. Grounds for objection include: (i) the Debtor's failure to timely file monthly operating reports; and (ii) the Debtor's failure to remain current with administrative expenses and fees under 28 U.S.C. § 1930.

(2) A decision by any party not to object to a monthly fee statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code and applicable rules.

Page 4
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Administrative Fee Order Establishing Certain Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court and Reimbursement of Expenses by Committee Members

---

    (3)    An objection to a monthly fee statement shall not prejudice the objecting party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code and applicable rules on any ground, whether raised in the objection to the monthly fee statement or not.

(c)    Payment.

    (1)    On the expiration of the objection deadline under subdivision (b), a Professional may file and serve on the Notice Parties *Local Form Certification of No Objection or Certification of Partial Objection*, and then receive 80% of the fees and 100% of the expenses not subject to an objection. The Professional may seek authorization as part of its next interim or final fee application to receive the remaining 20% of fees not subject to an objection.

    (2)    If the parties resolve an objection and if the Professional files and serves on the Notice Parties a statement indicating that the objection is withdrawn and describing the terms of the resolution, the Debtor may pay in accordance with subdivision (c)(1) that portion of the monthly fee statement which is no longer subject to an objection.

    (3)    If the parties are unable to reach a resolution of the objection not later than 14 days after the deadline for filing an objection under subdivision (b), the Professional may either (i) file a response to the objection together with a request for payment of the fees and expenses to which the objection applies; or (ii) forgo payment of those fees and expenses until the next interim or final fee application or another date directed by the court.

(d)    Fee application.

    (1)    A Professional who has received monthly payments under the administrative fee order may, at three month intervals (beginning with the period from the Petition Date through and including November 30, 2019 and every three months thereafter), file and serve on the Notice Parties within approximately forty-five (45) days of the conclusion of each three month interval[3] an interim

---

[3] For the avoidance of doubt, an interim fee application for the period September 11, 2019 through November 30, 2019 would be filed by on or about January 14, 2020. Thereafter, an interim fee application for the period December 1, 2019 through February 28, 2020 would be filed by on or about April 13, 2020, and the same would apply for each three-month period thereafter.

Page 5
Debtor:    Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption:   Administrative Fee Order Establishing Certain Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court and Reimbursement of Expenses by Committee Members

---

application under § 331 of the Bankruptcy Code for allowance of the compensation and reimbursement of the expenses sought in the monthly statements issued by Professionals during the applicable period.

(2) The interim fee application must include a summary of the monthly fee statements that are the subject of the request and any other information requested by the Court.

(3) The pendency of a fee application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular monthly fee statement shall not disqualify a Professional from the further payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court. Additionally, the pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from future payment of compensation or reimbursement of expenses, unless the Court orders otherwise.

(4) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals.

(e) <u>Reimbursement of Committee Member Expenses</u>.

(1) Counsel for each official committee appointed may, in accordance with the foregoing procedure for monthly compensation and reimbursement to Professionals, collect and submit statements of expenses, with supporting vouchers, from members of the committee he or she represents; provided, however, that such committee counsel ensures that these reimbursement requests comply with the applicable rules and guidelines.

3. The Debtor shall include all payments to Professionals on its monthly operating reports, detailed so as to state the amount paid to each Professional.

4. Time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

Page 6
Debtor:   Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption:  Administrative Fee Order Establishing Certain Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court and Reimbursement of Expenses by Committee Members

---

5.    All fees and expenses paid to Professionals are subject to disgorgement until final allowance by the Court.

6.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

United States Bankruptcy Court
District of New Jersey

In re:                                                                  Case No. 19-27439-MBK
Hollister Construction Services, LLC                                    Chapter 11
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin              Page 1 of 1          Date Rcvd: Oct 09, 2019
                              Form ID: pdf903          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 11, 2019.
db              +Hollister Construction Services, LLC,    339 Jefferson Road,    Parsippany, NJ 07054-3707

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 11, 2019                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 9, 2019 at the address(es) listed below:
NONE.                                                                                              TOTAL: 0