**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>HOLLISTER CONSTRUCTION SERVICES, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-27439 (MBK) |

**DECLARATION OF BRENDAN MURRAY**
**IN SUPPORT OF SUPPLEMENT TO DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING, BUT NOT DIRECTING THE DEBTOR TO (A) PAY PRE-PETITION WAGES, SALARIES, AND RELATED OBLIGATIONS, (B) PAY AND REMIT PRE-PETITION PAYROLL TAXES AND OTHER DEDUCTIONS TO THIRD PARTIES, AND (C) HONOR EMPLOYEE BENEFIT PROGRAMS IN THE ORDINARY COURSE OF BUSINESS; (II) AUTHORIZING AND DIRECTING BANKS TO HONOR CHECKS AND TRANSFERS FOR PAYMENT OF PRE-PETITION EMPLOYEE OBLIGATIONS; AND (III) GRANTING RELATED RELIEF**

I, Brendan Murray, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am the President ("President") of Hollister Construction Services, LLC ("Hollister" or the "Company"), the above-captioned debtor and debtor-in-possession (the "Debtor"). I have served as the President of Hollister since June 2018. In my capacity as President, I am generally familiar with the Debtor's day-to-day operations and its employees.

2. I submit this declaration (the "Declaration") in further support of the *Debtor's Motion For Interim and Final Orders (I) Authorizing, But Not Directing, the Debtor to (A) Pay Pre-Petition Wages, Salaries and Related Obligations, (B) Pay and Remit Pre-Petition Payroll Taxes and Other Deductions to Thirds Parties, and (C) Honor Employee Benefit Programs in the Ordinary Course of Business, (II) Authorizing and Directing Banks to Honor Checks and*

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

*Transfers For Payment of Pre-Petition Employee Obligations; and (iii) Granting Related Relief* (the "Wage Motion") [Docket No. 8] filed on the Petition Date.

3. As set forth in the Wage Motion, as of the Petition Date, the Debtor employed approximately ninety-four (94) employees ("Employees"), none of whom are subject to a collective bargaining agreement. Of these Employees, approximately ninety-two (92) are salaried and two (2) are hourly.

4. Pre-petition, the Debtor also engaged two (2) independent contractors to work as construction project supervisors at specific construction projects (the "Independent Contractors"). The Independent Contractors were not included as Employees in the Wage Motion.

5. While the Wage Motion requested authority to pay pre-petition Employee-related payroll obligations, tax withholdings and other payroll deductions, the Wage Motion inadvertently omitted the pre-petition amount due to one of the Independent Contractors for services provided to the Debtor during the period of September 1, 2019 through September 11, 2019 in the total amount of $4,307.20.

6. The Independent Contractor's pre-petition services as the project supervisor were critical to the Debtor's ability to continue work on a construction project which the Debtor needed to complete in the weeks leading up to the Petition Date. I believe the services of the Independent Contractor were critical and necessary for the Debtor to timely complete the construction project as the Debtor would have suffered immediate and irreparable harm if it did not complete the project on time. In my opinion, any interruption in the provision of services by the Independent Contractor on that construction project would have jeopardized the Debtor's ability to collect payment from the owner of that job. In the Debtor's business judgment, the Independent Contractor provided necessary services to the Debtor and should be paid for the services rendered to the Debtor.

7. I am advised by Debtor's counsel that section 507(a)(4) of the Bankruptcy Code provides that claims against a debtor for "wages, salaries, or commissions" that are "earned within 180 days before" the date that a debtor's chapter 11 case is commenced are given priority unsecured claim status up to an aggregate cap of $13,650 per individual. The Debtor seeks authority to pay the Independent Contractor the amount of $4,307.20, which is well below this priority cap.

8. Further, I believe that authorization to pay the amount due to the Independent Contractor is warranted as the Independent Contractor provided vital services to the Debtor which enabled the Debtor to timely perform its obligations at the construction project where the Independent Contractor served as project supervisor. Finally, the Independent Contractor will suffer undue hardship and financial difficulties absent payment of the pre-petition amount due to him.

9. Accordingly, for the reasons stated herein and in the Wage Motion, the Debtor requests authority to supplement the Wage Motion to include its request to pay the Independent Contractor the amount of $4,307.20 for pre-petition services provided to the Debtor during the period of September 1, 2019 through September 11, 2019 and that the Wage Motion be granted on a final basis, as supplemented herein.

-4-

I declare under penalty of perjury that, to the best of my knowledge, information and belief, the foregoing is true and correct.

**Hollister Construction Services, LLC**
*Chapter 11 Debtor and Debtor in Possession*

Dated:  October 16, 2019                By: */s/  Brendan Murray*_____
                                             Brendan Murray
                                             President