**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1**

**LOWENSTEIN SANDLER LLP**
Arielle B. Adler, Esq.
Bruce Buechler, Esq.
Joseph J. DiPasquale, Esq.
Jennifer B. Kimble, Esq.
Kenneth A. Rosen, Esq.
Mary E. Seymour, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Proposed Counsel to the Debtor and*
*Debtor-in-Possession*

Order Filed on October 15, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

HOLLISTER CONSTRUCTION SERVICES, LLC,[1]

                                        Debtor.

Chapter 11

Case No. 19-27439 (MBK)

**ORDER APPROVING A SETTLEMENT AND COMPROMISE BY AND AMONG THE
DEBTOR AND WAYPOINT HACKENSACK URBAN RENEWAL OWNER LLC
PURSUANT TO FED. R. BANKR. P. 9019 AND AUTHORIZING THE DEBTOR TO
ASSUME AND ASSIGN AND REJECT CERTAIN EXECUTORY CONTRACTS**

        The relief set forth on the following pages, numbered two (2) through and including four (4), is hereby **ORDERED.**[2]

**DATED: October 15, 2019**

_Michael B. Kaplan_
Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page 2
Debtor:   Hollister Construction Services, LLC
Case No.:   19-27439 (MBK)
Caption:   Order Approving a Settlement and Compromise By and Among the Debtor and
Waypoint Hackensack Urban Renewal Owner LLC Pursuant to Fed. R. Bankr. P.
9019 and Authorizing the Debtor to Assume and Assign and Reject Certain
Executory Contracts

---

Upon the motion (the "Motion") of the above-captioned debtor and debtor-in-possession, Hollister Construction Services, LLC (the "Debtor"), for entry of an Order Approving a Settlement and Compromise By and Among the Debtor and Waypoint Hackensack Urban Renewal Owner LLC ("Waypoint") Pursuant to Fed. R. Bankr. P. 9019 and Authorizing the Debtor to Assume and Assign and Reject Certain Executory Contracts, and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey entered on July 23, 1984, as amended on September 18, 2012 (Simandele, C.J.); and the Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court having found that it has the authority to enter a final order consistent with Article III of the United States Constitution; and the Court having found that the venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors and other parties-in-interest; the Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice of the Motion need be provided; and the Court having reviewed the Motion and having heard the statements of counsel in support of the relief requested therein at a hearing held before the Court (the "Hearing"); and the Court having considered any opposition thereto; and the Court having determined that good cause exists for granting the relief requested;

**IT IS HEREBY ORDERED** as follows:

1.      The Motion is **GRANTED** as set forth herein.

Page 3
Debtor:   Hollister Construction Services, LLC
Case No.:  19-27439 (MBK)
Caption:   Order Approving a Settlement and Compromise By and Among the Debtor and
Waypoint Hackensack Urban Renewal Owner LLC Pursuant to Fed. R. Bankr. P.
9019 and Authorizing the Debtor to Assume and Assign and Reject Certain
Executory Contracts

2.      The Settlement Agreement is hereby approved pursuant to Bankruptcy Rule 9019.  The Debtor and Waypoint are authorized and directed to fulfill their respective obligations under the Settlement Agreement and execute all documents necessary to effectuate the Settlement Agreement.  The Releases set forth in the Settlement Agreement are hereby approved.

3.      Pursuant to section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, the Debtor is authorized to assume and assign the executory contracts listed hereto on Exhibit A (the "Contracts") to Waypoint or its designee(s), notwithstanding any *ipso facto* clauses or other provisions in any of the Contracts barring assignment or prohibiting, restricting, conditioning or limiting such assignment or transfer.

4.      Concurrently with the consummation and performance of the transactions described in this Order, the requirements of section 365(b)(1) of the Bankruptcy Code with respect to the assumption and assignment of the Contracts authorized hereby is deemed satisfied

5.      Waypoint or its designee shall pay the cure amounts to the non-debtor parties to the Contracts in the amount set forth on Schedule A hereto, unless the non-debtor party and Waypoint agree to a reduction, waiver or modified payment schedule of the cure amount.

6.      Each counterparty to the Contracts is forever barred, estopped, and permanently enjoined from asserting against the Debtor, its successors or assigns, or its property, any default or event of default, or any claim on account of any default or event of default, which default or event of default arose prior to, exists as of the date of, or arises as a proximate consequence of, the assumptions authorized hereby to the fullest extent permitted by section 365(k) of the Bankruptcy Code.

Page 4
Debtor:    Hollister Construction Services, LLC
Case No.:  19-27439 (MBK)
Caption:   Order Approving a Settlement and Compromise By and Among the Debtor and
           Waypoint Hackensack Urban Renewal Owner LLC Pursuant to Fed. R. Bankr. P.
           9019 and Authorizing the Debtor to Assume and Assign and Reject Certain
           Executory Contracts

---

7.      The Debtor's Project Agreement with Waypoint is rejected upon the entry of this Order pursuant to section 365 of the Bankruptcy Code.

8.      The Debtor shall have no further liability under the Contracts pursuant to section 365(k) of the Bankruptcy Code.

9.      Notice of the Motion as provided is hereby deemed good and sufficient notice and no further notice is required.

10.     This Order is effective immediately upon its entry and the provisions of Bankruptcy Rules 6004(h) and/or 6006(b) are hereby waived.

11.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

12.     The Court shall retain jurisdiction to hear and determine any and all matters or disputes arising from or related to the implementation, enforcement and/or interpretation of this Order and the Settlement Agreement.

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (this "Settlement Agreement") is entered into on this 2nd day of October, 2019, by and between Hollister Construction Services LLC ("Hollister" or the "Debtor") and Waypoint Hackensack Urban Renewal Owner LLC ("Waypoint") (each a "Party" and collectively, the "Parties").

## RECITALS

**WHEREAS**, on September 11, 2019 (the "Petition Date"), Hollister filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), thereby commencing the chapter 11 case (the "Chapter 11 Case");

**WHEREAS**, under Sections 1107(a) and 1108 of the Bankruptcy Code, Hollister continues to manage its financial affairs as debtor in possession;

**WHEREAS**, prior to the Petition Date, Hollister, as contractor, and Waypoint, as owner, entered into certain agreements concerning the project identified as Waypoint Hackensack located at 435 Main Street, Hackensack, NJ, 07601 (the "Project"), as follows: (i) that certain Standard Form of Agreement Between Owner and Contractor, a/k/a AIA Document A102 – 2017, dated as of August 3, 2018; (ii) those certain General Conditions of the Contract for Construction, a/k/a AIA Document A201 – 2017, dated as of August 3, 2018; and (iii) that certain Building Information Modeling and Digital Data Exhibit, a/k/a AIA Document E203 – 201, dated as of August 3, 2018 (collectively, including all exhibits, addenda, and amendments thereto, as amended, supplemented or modified from time to time, the "Project Agreement");

**WHEREAS**, the Parties desire to enter into this Settlement Agreement in order to avoid the cost, expense, and delay of litigating with respect to the Project Agreement and to minimize the impact of the Chapter 11 Case on stakeholders of the Project.

**NOW, THEREFORE**, for good and valuable consideration, the Parties hereby agree as follows:

1.    **Assumption.**    Effective upon the Effective Date (as defined below), and notwithstanding any *ipso facto* clauses or other provisions barring assignment or prohibiting, restricting, conditioning or limiting such assignment or transfer, the Debtor shall assume and assign the subcontract or third party agreements entered into by Hollister in connection therewith, as may be further described on Exhibit 1 attached hereto (each and "Agreement", and collectively, the "Agreements"), pursuant to section 365 of the Bankruptcy Code, and assign such agreements to Waypoint or its designee(s).  The Project Agreement shall be deemed rejected on the Effective Date (as defined below).  Subject to the payment or assumption of liabilities by Waypoint or its designees of the applicable cure amount (if any, after giving effect to any reduction or waiver agreed to between Waypoint and the counterparty under any Agreement) as set forth on Exhibit 1, all defaults of the Debtor under each such Agreement arising, accruing or relating to a period prior to the Petition Date and required to be cured under section 365 of the Bankruptcy Code will be deemed to be cured with respect to Waypoint (or its designee) and Waypoint (or its designee) shall have no further liability or obligation with respect to such defaults, and thereafter the counterparty

to each Agreement is barred and permanently enjoined from asserting against Waypoint (or its designee) any default, claim or liability existing, accrued, arising or relating to a period prior to the Petition Date.

2.    **Effective Date.**    This Settlement Agreement shall be deemed effective as of the date of the order of the Bankruptcy Court approving this Settlement Agreement, which such order shall be on terms acceptable to Waypoint in its sole discretion (the "Effective Date").

3.    **Delivery of Documents and Further Assurances**.    Hollister shall, as soon as practicable, but no later than 5 days after the Effective Date, deliver to Waypoint the documents set forth on Exhibit 2 and shall promptly execute and deliver such other instruments of assignment, transfer and consent and take such other action as shall be reasonably necessary or appropriate as requested by Waypoint in its reasonable discretion, to better effect the assignment contained herein.

4.    **Project Structures**.    The Debtor shall not dismantle or remove (or permit the dismantling or removal of) any protective structures surrounding the location of the Project, including any fencing, barriers, or other materials intended to limit public access to the location of the Project.

5.    **No Further Liability and Indemnification**.    From and after the Effective Date, Hollister shall have no further obligations or duties with respect to the Agreements, and Waypoint agrees to indemnify Hollister, and hold Hollister harmless, from and against all claims, loss, cost and expense (including reasonable attorneys' fees and costs) suffered or incurred by Hollister after the Effective Date as a result of any failure on the part of Waypoint (or its designee) to fulfill its obligations as required by this Settlement Agreement and its obligations under the Agreements to be assumed and assigned to Waypoint or its designee.

6.    **Releases**.    Subject only to approval of this Settlement Agreement by the Bankruptcy Court, and with the exception of obligations arising under this Settlement Agreement, and for good and valuable consideration, Waypoint and its successors, designees, assignees, officers, directors, members and managers, on the one hand, and Hollister and the Debtor's officers, directors, managers and members, on the other, hereby unconditionally and irrevocably release, discharge, waive and abandon any and all claims (as such term is defined in section 101(5) of the Bankruptcy Code), including, but not limited to, claims under sections 365 and 503 of the Bankruptcy Code, or causes of action of any kind and nature (including any avoidance or recovery actions arising under chapter 5 of the Bankruptcy Code or other applicable law), whether sounding in tort, contract or other applicable law, whether known or unknown, whether anticipated or unanticipated, whether presently existing or existing at any time in the future, whether or not asserted, and whether founded in fact or law or in equity, and whether held directly, representatively or in any other capacity, related to, arising under, or in any way connected to obligations arising under, or payments made with respect to, the Project Agreement.  Waypoint agrees that it is forever barred, estopped and enjoined from asserting any claims (as such term is defined in section 101(5) of the Bankruptcy Code) against Hollister and its bankruptcy estate based on or arising from obligations under the Project Agreement other than enforcement of the obligations of Hollister as set forth in this Settlement Agreement.

2

169300476.5

7.     **Authority**.  Waypoint agrees, acknowledges, represents and warrants that it is fully authorized to bind itself and its successors and assigns to this Settlement Agreement and has full knowledge of, and has consented to, this Settlement Agreement.  Hollister agrees, acknowledges, represents and warrants that, subject only to approval of the Bankruptcy Court, it is fully authorized to bind Hollister, Hollister's estate, and its successors and assigns, to this Settlement Agreement and has full knowledge of, and has consented to, this Settlement Agreement.

8.     **Heirs, Successors and Assigns**.  This Settlement Agreement shall be binding upon: (a) Hollister and any trustee or examiner that may be appointed in the Chapter 11 Case, or their respective successors and assigns; (b) Waypoint and its respective successors and assigns; (c) any chapter 7 trustee, in the event that the Chapter 11 Case is converted to a case under chapter 7 of the Bankruptcy Code; and (d) all creditors and other parties in interest in the Chapter 11 Case.

9.     **Entire Agreement**.  This Settlement Agreement sets forth the entire understanding of the Parties regarding the subject matter hereof and supersedes all prior oral or written agreements between them.  This Settlement Agreement may not be changed, modified, amended or supplemented, except in writing and signed by each of the Parties.  To the extent that this Settlement Agreement conflicts with any documents executed or delivered to effectuate the agreements set forth herein, the terms of this Settlement Agreement shall control.

10.    **Governing Law**.  To the extent non-bankruptcy law governs any provision of this Settlement Agreement, this Settlement Agreement shall be interpreted, and the rights and duties of the parties hereto shall be determined, in accordance with the laws of the State of New Jersey.

11.    **Counterparts**.  This Settlement Agreement may be executed in one or more counterparts, by electronic mail or otherwise, each of which shall be deemed an original, and all of which, when taken together, shall constitute one and the same document.

*[Signature Pages Follow]*

3

## Exhibit #1

## Agreements

| Vendor | Per Hollister |
|---|---|
| Air Group | $ 69,300.00 |
| Bailey's Square Janitorial | $ 480.00 |
| Centrim Electric | $ - |
| Columbian Iron Works | $ 10,800.00 |
| Concrete Systems | $ 442,485.00 |
| Empire Excavating | $ 77,480.60 |
| Grandview Waterproofing | $ 14,730.30 |
| Hackensack Police Dept. | $ 1,650.00 |
| Holy Trinity Church | $ - |
| JRS Engineering Services | $ - |
| KW Rastail Co | $ 2,082.71 |
| L&M Disposal | $ 9,286.90 |
| Matrix New World Engineering | $ 6,436.25 |
| Quick Response Fire Protection | $ 18,900.00 |
| Ready Refresh | $ - |
| Schindler Elevators | $ 146,475.00 |
| Signs and Safety Devices | $ - |
| | $ 800,106.76 |

| Number | Type | Title | Current State | June | July | August | September | Previous | Total | Vendor | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| PO-18223-002 | Purchase Order Contract | Police Safety | Fully Executed | $0.00 | $480.00 | $1,650.00 | $0.00 | $345.00 | $3,195.00 | Hackensack Police Department | Open |
| PO-18223-004 | Purchase Order Contract | Temporary Fence | Fully Executed | $0.00 | $0.00 | $1,675.38 | $0.00 | $20,609.94 | $24,285.30 | Rent-A-Fence Inc. | $3675.35 only Open |
| PO-18223-005 | Purchase Order Contract | Site Office Facilities | Fully Executed | $788.90 | $800.73 | $812.74 | $824.93 | $1,508.51 | $4,735.81 | Williams Scotsman Inc. | Open Invoices Since April |
| PO-18223-006 | Purchase Order Contract | Temporary Rest Rooms | Fully Executed | $0.00 | $274.18 | $628.33 | $479.82 | $0.00 | $1,382.33 | Johnny On The Spot | Need Trailer Bathroom Invoice |
| PO-18223-007 | Purchase Order Contract | Generator Fuel | Fully Executed | $824.21 | $1,698.80 | $2,167.42 | $782.24 | $0.00 | $5,472.67 | KW Rastall Oil Co | |
| PO-18223-010 | Purchase Order Contract | SOE Underpinning Dollar Store | Fully Executed | $0.00 | $0.00 | $0.00 | $4,250.00 | $0.00 | $4,250.00 | Engineering & Land Planning | |
| PO-18223-011 | Purchase Order Contract | Plastic Barricades | Fully Executed | $0.00 | $0.00 | $0.00 | $0.00 | $5,650.00 | $5,650.00 | FAKA Inc | Paid |
| PO-18223-012 | Purchase Order Contract | Generator | Fully Executed | $1,655.59 | $1,655.59 | $1,655.59 | $1,655.59 | $0.00 | $6,622.36 | Herc Rentals | Open Invoices (5/7, 7/2, 7/30, 8/27) |
| PO-18223-013 | Purchase Order Contract | CAD Makers | Fully Executed | $0.00 | $2,800.00 | $0.00 | $0.00 | $0.00 | $2,800.00 | CueMakers | |
| PO-18223-014 | Purchase Order Contract | Off Site Parking Facilites | Fully Executed | $0.00 | $0.00 | $0.00 | $800.00 | $7,200.00 | $8,000.00 | Holy Trinity Church | Owe September, previous invoices paid |
| PO-18223-016 | Purchase Order Contract | Scaffolding Shop Drawings | Fully Executed | $10,000.00 | $0.00 | $10,000.00 | $0.00 | $0.00 | $20,000.00 | Unique Scaffolding Systems LLC | Never Billed |
| PO-18223-017 | Purchase Order Contract | Dumpsters | Fully Executed | $0.00 | $4,165.50 | $5,121.40 | $1,470.88 | $0.00 | $10,757.78 | L&M Disposal, LLC | |
| PO-18223-018 | Purchase Order Contract | Safety Signs | Fully Executed | $563.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,000.00 | Signs and Safety Devices, LLC | PAID |
| PO-18223-019 | Purchase Order Contract | Temp Service removal & install | Fully Executed | $0.00 | $0.00 | $0.00 | $0.00 | $450.00 | $450.00 | PSE&G CO | NO CONTACT |
| PO-18223-020 | Purchase Order Contract | Initiate Utility fees - Other | Fully Executed | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Ready Refresh | NO CONTACT |
| PO-18223-021 | Purchase Order Contract | Revised Underpinning | Fully Executed | $2,862.50 | $0.00 | $0.00 | $0.00 | $0.00 | $1,861.50 | JRT Engineering Services | PAID |
| SC-18223-041 | Work Order Contract | Surveying | Fully Executed | $6,436.25 | $0.00 | $0.00 | $5,420.00 | $0.00 | $11,856.25 | Matrix New World Engineering, | PAID |
| SC-18223-044 | Work Order Contract | Project Clean Up | Fully Executed | $0.00 | $0.00 | $480.00 | $0.00 | $0.00 | $480.00 | Bailey's Square Janitorial | |

Total                                    $118,000.20

| Number | Type | Title | Vendor | Current State | Status | Executed | Vendor Phone |
|---|---|---|---|---|---|---|---|
| SC-18223-002 | Work Order Contract | Demolition and Site Work | Empire Excavating, LLC | Fully Executed | Approved | No | 201-694-2454 |
| SC-18223-003 | Work Order Contract | Elevators | Schindler Elevator NJ | Fully Executed | Approved | Yes | (973) 397-3660 |
| SC-18223-004 | Work Order Contract | Concrete | Concrete Systems, Inc. | Fully Executed | Approved | No | (973)817-8181 |
| SC-18223-005 | Work Order Contract | Plumbing/HVAC | Air Group, LLC | Fully Executed | Approved | Yes | 973-929-2242 |
| SC-18223-006 | Work Order Contract | Electrical | Centrim Electirc | Fully Executed | Approved | Yes | (732)970-6971 |
| SC-18223-008 | Work Order Contract | Wood Framing | Lowthers Contracting LLC | Fully Executed | Approved | Yes | |
| SC-18223-009 | Work Order Contract | Fire Protection | Quick Response Fire Protection | Fully Executed | Approved | Yes | (732) 786-9440 |
| SC-18223-010 | Work Order Contract | Structural/Misc.Steel & Stairs | Columbian Iron Works, Inc. | Fully Executed | Approved | Yes | (973) 684-4303 |
| SC-18223-011 | Work Order Contract | Swimming Pools | Main Line Commercial Pools | Fully Executed | Approved | Yes | |
| SC-18223-012 | Work Order Contract | Roofing/Siding | FM Construction Group, LLC | Fully Executed | Approved | Yes | (973) 989-1616 |
| SC-18223-013 | Work Order Contract | Windows | Harvey Windows | PM Review | Out For Signature | No | (201) 393-7500 |
| SC-18223-014 | Work Order Contract | Waterproofing - Foundation | Grandview Waterproofing Inc | Fully Executed | Approved | Yes | |
| SC-18223-015 | Work Order Contract | Security | Hollister Construction Services | PM Review | Out For Signature | No | (201) 393-7500 |
| SC-18223-016 | Work Order Contract | Brick Veneer | Beckstead Masonry | PM Review | Out For Signature | No | (201) 393-7500 |
| SC-18223-017 | Work Order Contract | Drywall | P&B Partitions | Contract Creation | Draft | No | (201) 393-7500 |
| SC-18223-018 | Work Order Contract | Building Insulation Interior | Mito Insulation, Inc. | Fully Executed | Approved | Yes | (724)335-8551 |
| SC-18223-019 | Work Order Contract | Stone Veneer | Beckstead Masonry | PM Review | Out For Signature | No | (201) 393-7500 |
| SC-18223-020 | Work Order Contract | Acoustical ceiling | | PM Review | Out For Signature | No | (201) 393-7500 |
| SC-18223-021 | Work Order Contract | Juliet Balconies | FM Construction Group, LLC | Contract Creation | Draft | No | (973) 989-1616 |
| SC-18223-022 | Work Order Contract | Gypcrete | | PM Review | Out For Signature | No | |
| SC-18223-023 | Work Order Contract | Kitchen Cabinets | Tiger Cabinets | PM Review | Out For Signature | No | (201) 393-7500 |
| SC-18223-024 | Work Order Contract | Fire Proofing | Jersey Firestop, LLC | PM Review | Out For Signature | No | (732)537-9156 |
| SC-18223-025 | Work Order Contract | Aluminum, Glass, & Glazing | Midway Glass & Metal Installer | Fully Executed | Approved | Yes | (201) 460-7692 |
| SC-18223-026 | Work Order Contract | Flooring | Flooring Central | PM Review | Out For Signature | No | (201) 393-7500 |
| SC-18223-027 | Work Order Contract | Chutes & Compactors | Chutes Enterprises | Compliance Review | Draft | No | (718) 494-2247 |
| SC-18223-029 | Work Order Contract | Fences & Gates | Hollister Construction Services | PM Review | Out For Signature | No | (201) 393-7500 |
| SC-18223-030 | Work Order Contract | Landscaping | Hollister Construction Services | PM Review | Out For Signature | No | (201) 393-7500 |
| SC-18223-031 | Work Order Contract | Overhead Doors | Hollister Construction Services | PM Review | Out For Signature | No | (201) 393-7500 |
| SC-18223-032 | Work Order Contract | Ceramic Tile & Stone | Flooring Central | PM Review | Out For Signature | No | (201) 393-7500 |
| SC-18223-033 | Work Order Contract | Painting | Reynolds Painting Group NJ | PM Review | Out For Signature | No | (908)393-0300 |
| SC-18223-034 | Work Order Contract | Signage | Innovative | PM Review | Out For Signature | No | (201) 393-7500 |
| SC-18223-035 | Work Order Contract | Fire Extinguisher and Cabinets | Innovative | PM Review | Out For Signature | No | (201) 393-7500 |
| SC-18223-036 | Work Order Contract | Postal Specialties | Innovative | PM Review | Out For Signature | No | (201) 393-7500 |
| SC-18223-037 | Work Order Contract | Toilet & Bath Accessories | Innovative | PM Review | Out For Signature | No | (201) 393-7500 |
| SC-18223-038 | Work Order Contract | Wire Mesh Partitions | Innovative | PM Review | Out For Signature | No | (201) 393-7500 |
| SC-18223-039 | Work Order Contract | Window Treatments | | Contract Creation | Draft | No | |
| SC-18223-040 | Work Order Contract | Wheel Stops | | Contract Creation | Draft | No | |
| SC-18223-041 | Work Order Contract | Surveying | Matrix New World Engineering, | Fully Executed | Approved | No | 973-240-1800 |
| SC-18223-044 | Work Order Contract | Project Clean Up | Bailey's Square Janitorial | Fully Executed | Approved | Yes | 732-462-2706 |

## EXHIBIT 2

### REQUIRED DOCUMENTS

1.  All Project cost / job cost reports, including documents showing a complete accounting for total Project costs.
2.  All contracts, subcontracts, bids and purchase orders for the Project (including the Holy Trinity Church contract).
3.  All schedules and timelines for the Project in electronic or PDF form.
4.  Access to all ProCore data for the Project for a period of 30 days from the Effective Date.
5.  Records showing the complete budget for the Project.
6.  All CADMakers documents relating to the Project.

5

**STIPULATED AND AGREED
TO BY:**

**HOLLISTER CONSTRUCTION SERVICES,
LLC**

Dated:  October 2, 2019

/s/ _____

Brendan Murray

President

339 Jefferson Road

Parsippany, NJ, 07054

Tel: (201) 393-7500

Email: bmurray@hollistercs.com

169300476.5

Dated:  October 2, 2019

**WAYPOINT HACKENSACK URBAN RENEWAL OWNER LLC**

/s/  *Michele McLeod*

Michele McLeod

Authorized Signatory

3475 Piedmont Road, Suite 1640

Atlanta, GA, 30305

Tel: (561) 961-7924

Email: mmcleod@waypointresidential.com

7

169300476.5

United States Bankruptcy Court
District of New Jersey

In re:                                                          Case No. 19-27439-MBK
Hollister Construction Services, LLC                            Chapter 11
          Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-3        User: admin           Page 1 of 1          Date Rcvd: Oct 15, 2019
                           Form ID: pdf903        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 17, 2019.
db           +Hollister Construction Services, LLC,    339 Jefferson Road,    Parsippany, NJ 07054-3707

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                              TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 17, 2019                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 15, 2019 at the address(es) listed below:
NONE.                                                                              TOTAL: 0