| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-1<br><br>**LOWENSTEIN SANDLER LLP**<br>Arielle B. Adler, Esq.<br>Bruce Buechler, Esq.<br>Joseph J. DiPasquale, Esq.<br>Jennifer B. Kimble, Esq.<br>Kenneth A. Rosen, Esq.<br>Mary E. Seymour, Esq.<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>(973) 597-2500 (Telephone)<br>(973) 597-2400 (Facsimile)<br><br>*Counsel to the Debtor and*<br>*Debtor-in-Possession* |

Order Filed on October 21, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re:<br><br>HOLLISTER CONSTRUCTION SERVICES, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-27439 (MBK) |

**ORDER AUTHORIZING THE DEBTOR TO EMPLOY AND COMPENSATE
PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

The relief set forth on the following pages, numbered two (2) through and including five (5), is hereby **ORDERED**.

**DATED: October 21, 2019**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

37322/2
10/21/2019 205060558.2

Page: 2
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Order Authorizing the Debtor to Employ and Compensate Professionals Utilized in the Ordinary Course of Business
_____

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtor and debtor-in-possession (collectively, the "Debtor") for entry of an order authorizing the Debtor to employ and compensate professionals utilized in the ordinary course of business; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey as amended on September 18, 2012; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its estate and creditors; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. The Debtor is authorized to employ the Ordinary Course Professionals listed on Exhibit A to the Motion and/or any additional Ordinary Course Professionals to the extent deemed necessary or appropriate by the Debtor, in the ordinary course of business, effective as of the earlier of (i) the Petition Date and (ii) the date of commencement of the work provided to the Debtor by each respective Ordinary Course Professional if such retention is approved in accordance with the following procedures:

    (a) Within thirty (30) days of the later of the entry of an order granting this Motion or the engagement of such professional by the Debtor, each Ordinary Course Professional, including those listed on Exhibit A to the Motion, will (i) file with the Court (a) a declaration substantially in the form annexed to the Motion as Exhibit B, certifying that such professional does not represent or hold any interest adverse to the Debtor or its estate with respect to the matter or matters on which

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Case 19-27439-MBK    Doc 352    Filed 10/21/19    Entered 10/21/19 15:41:49    Desc Main
Document    Page 3 of 5

Page:     3
Debtor:   Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption:  Order Authorizing the Debtor to Employ and Compensate Professionals Utilized in
          the Ordinary Course of Business

_____

such professional is to be employed, and (b) a completed retention questionnaire substantially in the form annexed to the Motion as Exhibit C, which, among other things, will detail the type of services to be provided and the compensation to be paid for such services, and (ii) serve the foregoing declaration and retention questionnaire upon (a) the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee"), attention: Lauren Bielskie, Esq. (lauren.bielskie@usdoj.gov); (b) counsel to the statutory committee appointed in this Chapter 11 Case, McManimon, Scotland & Baumann, LLC, 75 Livingston Avenue, Suite 201, Roseland, NJ 07068, attention: Sam Della Fera, Jr., Esq.; (c) counsel for PNC Bank, the Debtor's secured lender, Duane Morris LP, 30 South 17th Street, Philadelphia, PA 19103-4196, attention: James J. Holman, Esq. (jjholman@duanemorris.com); and (d) those parties who have filed a notice of appearance and request for service of pleadings in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 (collectively, the "Retention Notice Parties").

(b) The Retention Notice Parties shall have ten (10) days after service of each declaration and questionnaire to object to the retention of the applicable Ordinary Course Professional (the "Retention Objection Deadline"), and any such objection shall be filed with the Court and served upon the Debtor, the relevant Ordinary Course Professional, and the Retention Notice Parties.  If no objection is filed prior to the Retention Objection Deadline, the employment and retention of the Ordinary Course Professional shall be deemed approved without further order of this Court.  If an objection is filed by the Retention Objection Deadline and such objection cannot be resolved within twenty (20) days, the Debtor shall schedule the matter for a hearing before the Court and the Debtor and/or the relevant Ordinary Course Professional shall have the right to file a reply with respect to any objection prior to the scheduled hearing.

3. The Debtor is authorized to pay each Ordinary Course Professional 100% of the fees requested, up to $30,000 per month on average over a rolling three (3) month period, for each Ordinary Course Professional, excluding costs and disbursements, provided that, except as provided in paragraph 4 below, the Debtor shall not pay any individual Ordinary Course Professional in excess of $100,000 (excluding costs and disbursements) during the course of this Chapter 11 Case (the "Ordinary Course Professional Fee Cap"), in accordance with the following procedures:

(a) Each Ordinary Course Professional must submit by e-mail reasonably detailed monthly invoices (each, an "Invoice") detailing the nature of the services rendered

Page:     4
Debtor:   Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption:  Order Authorizing the Debtor to Employ and Compensate Professionals Utilized in the Ordinary Course of Business

_____

and expenses incurred in accordance with such professional's standard billing practices to: (i) the Debtor, Attn.: Brendan Murray (bmurray@hollistercs.com) and Paul Belair (paul@10xceocoaching.com); and (ii) counsel to the Debtor, Lowenstein Sandler LLP, Attn.: Bruce Buechler, Esq. (bbuechler@lowenstein.com) and Mary Seymour, Esq. (mseymour@lowenstein.com) (collectively, the "Debtor Notice Parties"). As soon as reasonably practicable after receipt of an Invoice, the Debtor shall provide a copy of such Invoice by e-mail to: (i) counsel for PNC Bank, the Debtor's secured lender, Duane Morris LP, 30 South 17th Street, Philadelphia, PA 19103-4196, attention: James J. Holman, Esq. (jjholman@duanemorris.com) (ii) counsel to the statutory committee appointed in this Chapter 11 Case, McManimon, Scotland & Baumann, LLC, 75 Livingston Avenue, Suite 201, Roseland, NJ 07068, attention: Sam Della Fera, Jr., Esq. (sdellafera@msbnj.com); and (iii) the U.S. Trustee, attention: Lauren Bielskie, Esq. (lauren.bielskie@usdoj.gov) (collectively with the Debtor Notice Parties, the "Payment Notice Parties").

(b) An Ordinary Course Professional shall not be paid pursuant to this Order until each of the Payment Notice Parties has had fourteen (14) days from the receipt of an Invoice to object to the fees and/or expenses contained therein, and any such objection shall be filed with the Court and served upon the relevant Ordinary Course Professional, and the Payment Notice Parties.

(c) If no timely objection is filed with the Court, the Debtor may pay the relevant fees and/or expenses without further order of this Court. In the event that a timely filed objection cannot be resolved within fourteen (14) days of its filing, this Court, upon request of the Debtor, shall schedule a hearing to consider and resolve such dispute.

4. In the event that an Ordinary Course Professional's fees exceed $30,000 per month on average over a rolling three (3) month period or the Ordinary Course Professional Fee Cap, then such Ordinary Course Professional can file a fee application with this Court for approval of such fees and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and any applicable Local Bankruptcy Rules.

5. The Debtor's rights to dispute any Invoices submitted by an Ordinary Course Professional shall not be affected or prejudiced in any manner by the terms of this Order.

Page:     5
Debtor:   Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption:  Order Authorizing the Debtor to Employ and Compensate Professionals Utilized in the Ordinary Course of Business

___

6.  The Debtor may employ and compensate additional Ordinary Course Professionals not listed on <u>Exhibit A</u> attached to the Motion if approved in accordance with the procedures outlined in paragraphs 2 and 3 of this Order.

7.  This Order shall not apply to any professional retained by the Debtor pursuant to a separate order of the Court.

8.  The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or is otherwise waived.

9.  This Order shall be effective immediately upon its entry.

10. This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation or enforcement of this Order.

11. Nothing in this Order shall: (a) alter, impede, impair, amend, modify, waive or impact (i) the terms and/or conditions of any of the PNC Credit Documents or any of PNC's or the Debtor's rights, obligations and/or claims thereunder, or (ii) the Reservation of Rights contained in the Limited Objection filed by PNC at Docket Number 302 in response to the Motion; and (b) be deemed or construed as a determination regarding the use of PNC's cash collateral to pay any subsequently allowed fees and expenses.