# EXHIBIT "A"

**Sam Della Fera, Jr.**
Direct Dial: (973) 721-5019
Facsimile: (973) 681-7233
sdellafera@msbnj.com

16030-001

October 4, 2019

<u>Via E-Mail: krosen@lowenstein.com</u>

Kenneth A. Rosen, Esq.
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

   Re: In re Hollister Construction Services, LLC (the "Debtor")
      Case No. 19-27439 (MBK)

Dear Mr. Rosen:

  On behalf of the Official Committee of Unsecured Creditors in the above-referenced Debtor's chapter 11 case, enclosed for service on the Debtor is a Rule 2004 Subpoena for production of documents, which is returnable October 22, 2019, at 4:00 p.m.

  Thank you in advance for your cooperation.

            Yours very truly,

            Sam Della Fera, Jr.

SDF:kdp
Encl.
cc: Bruce Buechler, Esq.
   Joseph J. DiPasquale, Esq.
   Mary E. Seymour, Esq.
   Jennifer B. Kimble, Esq.
   Arielle Adler, Esq.
   (all via email w/encl.)

4840-8782-4040, v. 1

2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In re:                                                                       Case No. 19-27439 (MBK)

Hollister Construction Services, LLC                                         Chapter 11
                                        Debtor.

## SUBPOENA FOR RULE 2004 EXAMINATION

To:    Hollister Construction Services, LLC, c/o Kenneth A. Rosen, Esq., Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, NJ 07068
                        (Name of person to whom the subpoena is directed)

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| McManimon, Scotland & Baumann, LLC<br>75 Livingston Avenue, Suite 201<br>Roseland, NJ 07068 | October 22, 2019 at 4:00 p.m. |

The examination will be recorded by this method: _____ N/A _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

*See* attached Schedule of Documents.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 4, 2019    CLERK OF COURT

                                                    OR    /s/ [signature]

    *Signature of Clerk or*                              *Attorney's signature*
    *Deputy Clerk*

The name, address, e-mail address, and telephone number of the attorney representing the Official Committee of Unsecured Creditors, who issues or requests this subpoena, are:

Sam Della Fera, Jr., Esq. – McManimon, Scotland & Baumann, LLC, 75 Livingston Avenue, Suite 201, Roseland, NJ 07068 (sdellafera@msbnj.com), Phone: (973) 622-1800

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*:
on *(date)* _____ .

    I served the subpoena by delivering a copy to the named person as follows:

_____ on *(date)* _____ ; or

I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

    I declare under penalty of perjury that this information is true and correct.

Date:

                                                                    *Server's signature*

                                                                      *Printed name and title*

                                                                      *Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE OF DOCUMENTS

1. Copies of audited financial statements for the last three years including any and all supplement schedules to the financial statements.

2. Copies of latest job/contract cost reports for each open project including original budget, costs to date, pending change orders, cost to complete and current contract value.

3. Copies of project billings including the most recent AIA G702 and G703 reports for each project along with the AIA contract for each project.

4. Copies of any internal contract status reports maintained by the Debtor including changes orders and contract value;

5. Copies of most recent accounts payable and accounts receivable aging reports.

6. Copies of buy-out schedules for each open project.

7. Schedule of the movement of funds between projects or, in the alternative, listing of cash receipts and cash disbursements for each account of the Debtor dating back to the start date of the oldest open project.

8. Listing of remaining employees including job descriptions.

9. Pipeline report listing projects won but not started and jobs in bid process.

10. Copies of year-to-date payroll register and related payroll tax filings.

11. Copies of any and all joint venture agreements.

12. Copies of all directors' and officers' insurance policies.

13. Copies of all default or termination letters or notices received from subcontractors and/or project owners.



**MS&B** M. MANIMON · SCOTLAND · BAUMANN

Sam Della Fera, Jr.
Direct Dial: (973) 721-5019
Facsimile: (973) 681-7233
sdellafera@msbnj.com

16030-001

October 4, 2019

**Via Certified Mail, Return Receipt
Requested and First Class Mail**

Paul J. Belair, Managing Director
10X CEO Coaching LLC
PO Box 5117
Youngstown, Ohio 44514

    Re:    **In re Hollister Construction Services, LLC (the "Debtor")
Case No. 19-27439 (MBK)**

Dear Mr. Belair:

    On behalf of the Official Committee of Unsecured Creditors in the above-referenced Debtor's chapter 11 case, enclosed for service on you is a Rule 2004 Subpoena for testimony as well as the production of documents. We have scheduled your deposition for October 25, 2019, at 10:00 a.m., with responsive documents due by October 22, 2019, at 4:00 p.m.

    Please be guided accordingly. Thank you in advance for your cooperation.

                                Yours very truly,

                                Sam Della Fera, Jr.

SDF/ldp
Encl.
cc:    Kenneth A. Rosen, Esq.
        Bruce Buechler, Esq.
        Joseph J. DiPasquale, Esq.
        Mary E. Seymour, Esq.
        Jennifer B. Kimble, Esq.
        Arielle Adler, Esq.
        (all via email w/encl.)

4823-4627-0632v.1

2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In re:  

Hollister Construction Services, LLC  

Debtor.

Case No. 19-27439 (MBK)

Chapter 11

### SUBPOENA FOR RULE 2004 EXAMINATION

To: Paul J. Belair, Managing Director - 10X CEO Coaching LLC, P.O. Box 5117, Youngstown, OH 44514
(Name of person to whom the subpoena is directed)

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.

| PLACE | DATE AND TIME |
|---|---|
| McManimon, Scotland & Baumann, LLC<br>75 Livingston Avenue, Suite 201<br>Roseland, NJ 07068 | October 25, 2019 at 10:00 a.m. |

The examination will be recorded by this method: Court Reporter

☒ *Production:* You, or your representatives, must also produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
*See* attached Schedule of Documents.

| PLACE | DATE AND TIME |
|---|---|
| McManimon, Scotland & Baumann, LLC<br>75 Livingston Avenue, Suite 201<br>Roseland, NJ 07068 | October 22, 2019 at 4:00 p.m. |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 4, 2019

CLERK OF COURT

_____   OR   _____
Signature of Clerk or                 Attorney's signature
Deputy Clerk

The name, address, e-mail address, and telephone number of the attorney representing the Official Committee of Unsecured Creditors, who issues or requests this subpoena, are:

Sam Della Fera, Jr., Esq. – McManimon, Scotland & Baumann, LLC, 75 Livingston Avenue, Suite 201, Roseland, NJ 07068 (sdellafera@msbnj.com), Phone: (973) 622-1800

**Notice to the person who issues or requests this subpoena**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: 
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows:

_____ on *(date)* _____ ; or

I returned the subpoena unexecuted because: 
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE OF DOCUMENTS

1. Copies of audited financial statements for the last three years including any and all supplement schedules to the financial statements.

2. Copies of latest job/contract cost reports for each open project including original budget, costs to date, pending change orders, cost to complete and current contract value.

3. Copies of project billings including the most recent AIA G702 and G703 reports for each project along with the AIA contract for each project.

4. Copies of any internal contract status reports maintained by the Debtor including changes orders and contract value;

5. Copies of most recent accounts payable and accounts receivable aging reports.

6. Copies of buy-out schedules for each open project.

7. Schedule of the movement of funds between projects or, in the alternative, listing of cash receipts and cash disbursements for each account of the Debtor dating back to the start date of the oldest open project.

8. Listing of remaining employees including job descriptions.

9. Pipeline report listing projects won but not started and jobs in bid process.

10. Copies of year-to-date payroll register and related payroll tax filings.

11. Copies of any and all joint venture agreements.

12. Copies of all directors' and officers' insurance policies.

13. Copies of all default or termination letters or notices received from subcontractors and/or project owners.

4830-0513-9181v.1