**LOWENSTEIN SANDLER LLP**
Arielle B. Adler, Esq. (aadler@lowenstein.com)
Bruce Buechler, Esq. (bbuechler@lowenstein.com)
Joseph J. DiPasquale, Esq. (jdipasquale@lowenstein.com)
Jennifer B. Kimble, Esq. (jkimble@lowenstein.com)
Kenneth A. Rosen, Esq. (krosen@lowenstein.com)
Mary E. Seymour, Esq. (mseymour@lowenstein.com)
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>**HOLLISTER CONSTRUCTION SERVICES, LLC**,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-27439 (MBK)<br><br>Hearing Date: November 7, 2019 at 11:00 a.m.<br><br>Objection Deadline: November 4, 2019 (by consent) |

**DEBTOR'S OBJECTION TO MOTION OF JOFFE LUMBER & SUPPLY CO., INC. FOR AN ORDER (I) CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY TO (A) THE GENERAL CONTRACT FOR THE VESTRY PROJECT AND THE VESTRY PROJECT, (B) JOFFE LUMBER & SUPPLY CO. INC.'S ENTRY INTO A CONTRACT WITH THE VESTRY PROJECT OWNER TO PROVIDE CONSTRUCTION SERVICES ON THE VESTRY PROJECT; AND (II) TERMINATING THE AUTOMATIC STAY AS TO JOFFEE LUMBER & SUPPLY CO., INC. FOR CAUSE PURSUANT TO 11 U.S.C. § 362(d)(1), IN CONNECTION WITH THE <u>ACCORDIA PROJECT</u>**

The above-captioned debtor and debtor-in-possession (the "<u>Debtor</u>"), by and through its undersigned counsel, hereby submits this objection (the "<u>Objection</u>") to the *Motion of Joffe Lumber & Supply Co., Inc. for an Order (I) Confirming that the Automatic Stay Does not Apply to (A) the General Contract for the Vestry Project, (B) Joffe Lumber & Supply Co., Inc.'s Entry into*

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

*a Contact with the Vestry Project Owner to Provide Construction Services on the Vestry Project; and (II) Terminating the Automatic Stay as to Joffe Lumber & Supply Co., Inc. for Cause Pursuant to 11 U.S.C. § 362(d)(1) in Connection with the Accordia Project* [Docket No. 248] (the "Motion")[2]. In support of this Limited Objection, the Debtor respectfully represents as follows:

## BACKGROUND

1. On September 11, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby initiating the above-captioned chapter 11 case (the "Chapter 11 Case"). The Debtor continues to operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner.

2. On September 23, 2019, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in this Chapter 11 Case.

3. Additional details regarding the Debtor's business and the facts and circumstances surrounding the filing of this Chapter 11 case is set forth in the *Declaration of Brendan Murray in Support of First Day Relief* [Docket No. 15].

4. On October 4, 2019, Joffe Lumber & Supply Co., Inc. ("Joffe") filed the Motion for entry of an order: (I) confirming that the automatic stay is not applicable to (a) the Debtor's Vestry GC Agreement and the Vestry Project, (b) Joffe's entry into a contract with the Vestry Project Owner to perform certain construction services or provide materials, and/or goods to the Vestry Project Owner and receive payment from the Vestry Project Owner for both pre-petition amounts due and owing to Joffe and for post-petition amounts that become due and owing under the new contract with the Vestry Project Owner; and (II) terminating the automatic stay for "cause" pursuant to 11 U.S.C. § 362(d)(1) to permit Joffe to exercise all rights under New Jersey law to enforce its Accordia Construction Lien against the Accordia Project Owner and the Accordia Property.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**OBJECTION**

5. The Debtor objects to the Motion as Joffe has failed to meet its burden of proof to lift the automatic stay with respect to either the Vestry GC Contract, Vestry Construction Lien and Vestry Project or the Accordia Construction Lien and the Accordia Project. No cause exists or has been established to enable this Court to make a finding that the automatic stay does not apply to the Vestry GC Contract and to allow Joffe to enter into a new contract with the Vestry Project Owner. Likewise, no cause exists or has been established to lift the automatic stay and permit Joffe to commence litigation to enforce its asserted lien claim against the Debtor, the Accordia Project Owner or the Accordia Property. Joffe has failed to carry its burden and the Motion should be denied.

6. As to the Vestry Project, Joffe relies on an unsubstantiated (and incorrect) statement that the Vestry GC Contract between the Debtor and the Vestry Project Owner was terminated pre-petition. Based on that statement, Joffe goes on to argue that the Vestry GC Contract is no longer property of the Debtor's estate under Bankruptcy Code section 541, the Debtor has no legal or equitable interest in the Vestry GC Contract or the Vestry Project and the automatic stay is not applicable to the Vestry GC Contract or the Vestry Project. Joffe provides no proof that the Vestry GC Contract was terminated pre-petition other than its own statement to that effect.

7. Unfortunately for Joffe, as of the filing of this Objection, the Vestry GC Contract is still in effect and has not been terminated[3]. As the Vestry GC Contract is still property of the Debtor's estate and the Debtor still has legal and equitable interests in that contract and in the Vestry Project, Joffe's reliance on the purported termination of the Vestry GC Contract to support its position that the automatic stay is no longer applicable is misplaced. Any efforts by Joffe to seek payment directly from the Vestry Project Owner or to enter into a new contract with the

---

[3] Just prior to the Petition Date, the Vestry Project Owner sent a letter to Hollister purportedly terminating the Vestry GC Contract. The Debtor has not, and does not, acknowledge or agree that the letter effectuated a termination of the Vestry GC Contract and reserves all of its rights with respect to the Vestry GC Contract.

Vestry Project Owner would violate the automatic stay and constitute interference with the Debtor's efforts to maximize the value of the Vestry GC Contract and the Vestry Project.

8. With respect to the Accordia Project, Joffe alleges that the Accordia Construction Lien is a valid perfect construction lien and as such, "cause" exists to lift the automatic stay to allow Joffe to exercise its rights and remedies to enforce the Accordia Construction Lien against the Accordia Project Owner and the Accordia Property. Again, Joffe misses the mark and fails to establish that "cause" exists to grant relief from the automatic stay.

9. Section 362(d)(1) requires that a party seeking to lift the automatic stay show "cause" for such relief. While Joffe admits that it has the burden of showing that "cause' exists to grant relief from the automatic stay, it has failed to meet its burden here. Where the moving party fails to satisfy its burden to show that "cause" exists, the Court is compelled to deny the motion. *See In re Aleris Int'l, Inc.*, 456 B.R. 35, 48 (Bankr. D. Del. 2011).

10. In determining whether "cause" exists for granting relief from the automatic stay, a court should look at the totality of the circumstances. *In re Wilson*, 116 F.3d 87, 90 (3d. Cir. 1997). Whether "cause" exists is a decision within the sound discretion of the bankruptcy court, and one that must be determined on a case-by-case basis. *See e.g., In re SCO Grp., Inc.,* 395 B.R. 852, 856 (Bankr. D. Del. 2007)*; Izzarelli v. Rexene Prods. Co. (In re Rexene Prods. Co.),* 141 B.R. 574, 576 (Bankr. D. Del. 1992) (citing *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991)).

11. Attempting to establish "cause" to lift the stay in connection with the Accordia Project, Joffe looks to a three-pronged balancing test set forth in *In re Telegroup, Inc.*, 237 B.R. 87, 91(Bankr. D.N.J. 1999), but again fails to meet its burden. Rather than provide concrete evidence to support its position, Joffe simply makes blanket assertions that each of the three prongs cited in *Telegroup,* is met here. As noted in *Telegroup*, courts should balance the three-prongs when determining if a movant has met its burden to establish "cause":

> (1) Whether any great prejudice to the estate or the debtor will result from terminating the stay;

  (2) Whether the hardship to the non-bankruptcy party by maintenance of the stay considerably outweighs the hardship to the debtor; and

  (3) The probability of the creditor prevailing on the merits.

  12. Looking at the first prong, Joffe's contention that granting relief from the stay would not result in any great prejudice to the Debtor or to its estate is incorrect. As Joffe is well aware, the Debtor has spent significant time and effort since the Petition Date negotiating a global settlement with the Accordia Project Owner and all of the subcontractors on the Accordia Project. The proposed settlement, which Joffe initially agreed to, will provide for the Accordia Project to move forward to completion, provides subcontractors on the Accordia Project with a payment of 40% of their pre-petition claims, payment in full for all post-petition work going forward, and will provide for a release of any preference claims against the subcontractors. The settlement also requires that all subcontractors release their construction liens as part of the settlement. If Joffe is granted relief from the automatic stay to pursue its construction lien claim against the Accordia Project Owner, it is likely that the entire settlement will fail. The Debtor and its estate, the other subcontractors and the Accordia Project Owner will all suffer substantially more harm than Joffe will if the automatic stay remain in place.

  13. Looking at the second prong, if the automatic stay is not lifted, the Debtor's pending settlement will likely move forward, providing the Accordia Owner with a path to complete the Accordia Project, with the Debtor and all other subcontractors on the Accordia Project receiving more than they would absent the settlement. Any potential harm to Joffe due to the automatic stay remaining in place would not outweigh the hardship to the Debtor and other subcontractors should the stay be lifted at this juncture of the case. As Joffe acknowledges in the Motion, it has one year to commence an action against the Accordia Project Owner to enforce its construction lien before the lien would be subject to discharge under New Jersey law. Thus, Joffe would experience no harm if stay relief is denied at this time.

  14. Under the third prong of the balancing test set forth in *Telegroup, supra*, the Court does not need to consider probability of success on the merits. Because Joffe has failed to establish

"cause" to justify lifting the automatic stay under the two prongs discussed above, the probability of success on the merits has little or no significance in determining whether the automatic stay should be modified. *See Am. Airlines, Inc. v. Cont'l Airlines, Inc. (In re Cont'l Airlines, Inc.)*, 152 B.R. 420, 426 (D. Del. 1993)(noting that the probability of success should only be weighed after determining that the balance of hardships weighed in favor of the movant).

15. Finally, Joffe asserts that "cause" exists to terminate the automatic stay because Joffe is not adequately protected and the value of the Accordia Construction Lien is at risk. This argument also fails. The Accordia Project has a contract value in excess of $30 Million which is substantially greater than the amount of the Accordia Construction Lien. Joffe's lien is adequately protected. Moreover, the Accordia Project Owner has been negotiating with the Debtor to reach a settlement that will provide for substantial payments to all subcontractors and lienholders if the settlement is not jeopardized. Thus, Joffe's adequate protection argument also fails to establish "cause" to terminate the automatic stay.

## RESERVATION OF RIGHTS

16. The Debtor reserves and preserves all of its rights to supplement, modify and amend this Objection and to raise other or further arguments with respect to the Motion either before or at the Hearing.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court (i) sustain the Objection, (ii) deny the Motion in its entirety, and (iii) grant such other and further relief as the Court deems just and proper.

Dated:  November 4, 2019

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**

/s/ *Kenneth A. Rosen*
Kenneth A. Rosen, Esq.
Bruce Buechler, Esq.
Joseph J. DiPasquale, Esq.
Mary E. Seymour, Esq.
Jennifer B. Kimble, Esq. (admitted *pro hac vice*)
Arielle B. Adler, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)
krosen@lowenstein.com
bbuechler@lowenstein.com
jdipasquale@lowenstein.com
mseymour@lowenstein.com
jkimble@lowenstein.com
aadler@lowenstein.com

*Counsel to the Debtor and Debtor-in-Possession*