**LOWENSTEIN SANDLER LLP**
Arielle B. Adler, Esq. (aadler@lowenstein.com)
Bruce Buechler, Esq. (bbuechler@lowenstein.com)
Joseph J. DiPasquale, Esq. (jdipasquale@lowenstein.com)
Jennifer B. Kimble, Esq. (jkimble@lowenstein.com)
Kenneth A. Rosen, Esq. (krosen@lowenstein.com)
Mary E. Seymour, Esq. (mseymour@lowenstein.com)
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtor and*
*Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| **HOLLISTER CONSTRUCTION SERVICES, LLC**,[1] | Case No. 19-27439 (MBK) |
| | Hearing Date: November 7, 2019 at 11:30 a.m. |
| Debtor. | |

**DEBTOR'S LIMITED OBJECTION TO CITY CONTRACTING, INC.'S MOTION TO MODIFY STAY TO PERMIT COMMENCEMENT AND PROSECUTION OF CONSTRUCTION LIEN CLAIM FORECLOSURE ACTIONS**

The above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its undersigned counsel, hereby submits this limited objection (the "Objection") with respect to *City Contracting, Inc.'s Motion to Modify Stay to Permit Commencement and Prosecution of Construction Lien Claim Foreclosure Actions* [Docket No. 209] (the "Motion"). In support of this Objection, the Debtor respectfully represents as follows:

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

## BACKGROUND

1. On September 11, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby initiating the above-captioned chapter 11 case (the "Chapter 11 Case"). The Debtor continues to operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner.

2. On September 23, 2019, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in this Chapter 11 Case [Docket No. 156].

3. Additional details regarding the Debtor's business and the facts and circumstances leading to the filing of this Chapter 11 Case are set forth in the *Declaration of Brendan Murray in Support of First Day Relief* [Docket No. 15].

4. On October 1, 2019, City Contracting, Inc. ("City Contracting") filed the Motion seeking entry of an order modifying the automatic stay to allow City Contracting to commence one or more actions in New Jersey state court to enforce City Contracting's alleged construction lien claims involving the Debtor and other non-debtor parties related to the following two construction projects: (i) 62-82 Edison Place, Newark, New Jersey (the "Columbia St. Project") and (ii) 110 Edison Place, Newark, New Jersey (the "Ironside Project").

## LIMITED OBJECTION

5. The Debtor files this limited objection to the Motion as City Contracting does not make clear in the Motion or the proposed order attached to the Motion that it is only seeking to name the Debtor as a nominal defendant and will not seek to obtain a final judgement against the Debtor in any state court action that it may file should the automatic stay be lifted. Further, neither the Motion nor the proposed form of order makes clear that City Contracting shall not take any further action against the Debtor or property of the Debtor's estate absent further order of this Court. Without such safeguards included in the form of order, the Debtor objects to the entry of the order granting the Motion.

6. Accordingly, to address these concerns, the Debtor requests that the following decretal paragraphs be added to the proposed form of order granting the Motion:

(a) City Contracting is hereby granted relief from the automatic stay of 11 U.S.C. 362(a) (the "Automatic Stay") only to the extent required to permit City Contracting to commence an action in a court of competent jurisdiction (the "Action") and to name Hollister Construction Services, LLC (the "Debtor"), as a nominal defendant therein, to enforce and/or foreclose upon City Contracting's asserted construction lien rights and remedies, including but not limited to commencing and pursuing to completion any necessary construction lien action with respect to the construction projects more fully described in the Motion as the Ironside Project and the Columbia St. Project, provided however that once an Action is filed to enforce and/or foreclose City Contracting's lien rights, the Action shall be stayed immediately after its filing for a period of ninety days from commencement of the Action, and after the expiration of such 90 day period, City Contracting shall be permitted to recommence the Action.

(b) City Contracting shall take no further action against property of the Debtor's estate absent further order of this Court. To the extent that the Action is pending in any court other than this Court, (i) nothing with respect to or in connection with the Action, including without limitation, any finding, ruling, determination, judgment, or the like shall impair, prejudice, waive or otherwise affect any rights, claims, causes of action or defenses of, or be binding on, the Debtor or its estate in the Chapter 11 Case or any adversary proceeding involving City Contracting; and (ii) no preclusion doctrine, including without

limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, waiver, estoppel (judicial, equitable or otherwise), laches or the like, shall apply to the Debtor and its estate with respect to or in connection with the Action, and any and all rights, claims, causes of action and defenses of the Debtor and its estate are preserved with respect to City Contracting in the Chapter 11 Case or any adversary proceeding involving City Contracting.

(c) Nothing herein waives any party's rights to defend against or challenge standing, forum, or venue in any subsequent disputes (including lien issues), and all parties' rights are reserved.

(d) This Court retains authority to implement, interpret, and enforce this Order.

7. The Debtor reserves and preserves all rights to raise other or further arguments with respect to the Motion either before or at the Hearing.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court deny City Contracting's Motion and grant such other and further relief as the Court deems just and proper.

Dated: November 4, 2019

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**

/s/ *Kenneth A. Rosen*
Kenneth A. Rosen, Esq.
Bruce Buechler, Esq.
Joseph J. DiPasquale, Esq.
Mary E. Seymour, Esq.
Jennifer B. Kimble, Esq. (admitted *pro hac vice*)
Arielle B. Adler, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)
krosen@lowenstein.com
bbuechler@lowenstein.com
jdipasquale@lowenstein.com
mseymour@lowenstein.com
jkimble@lowenstein.com
aadler@lowenstein.com

*Counsel to the Debtor and Debtor-in-Possession*