**LOWENSTEIN SANDLER LLP**
Arielle B. Adler, Esq. (aadler@lowenstein.com)
Bruce Buechler, Esq. (bbuechler@lowenstein.com)
Joseph J. DiPasquale, Esq. (jdipasquale@lowenstein.com)
Jennifer B. Kimble, Esq. (jkimble@lowenstein.com)
Kenneth A. Rosen, Esq. (krosen@lowenstein.com)
Mary E. Seymour, Esq. (mseymour@lowenstein.com)
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtor and Debtor-in-Possession*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>**HOLLISTER CONSTRUCTION SERVICES, LLC**,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-27439 (MBK)<br><br>Hearing Date: November 7, 2019 at 11:00 a.m.<br><br>Objection Deadline: November 4, 2019 (by consent) |

### DEBTOR'S LIMITED OBJECTION TO MOTION OF SUNSTONE HOTELS MORRISTOWN, LLC FOR AN ORDER (I) GRANTING RELIEF FROM THE AUTOMATIC STAY TO TERMINATE GMP CONTRACT OR, IN THE ALTERNATIVE, (II) COMPELLING THE DEBTOR TO IMMEDIATELY REJECT GMP CONTRACT, AND (III) FOR RELATED RELIEF

The above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its undersigned counsel, hereby submits this limited objection (the "Limited Objection") to the *Motion of Sunstone Hotels Morristown, LLC for an Order (I) Granting Relief From the Automatic Stay To Terminate the GMP Contract or, in the alternative, (II) Compelling the Debtor to Immediately Reject GMP Contract, and (III) For Related Relief* [Docket No. 356] (the "Motion")[2]. In support of this Limited Objection, the Debtor respectfully represents as follows:

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

## BACKGROUND

1.  On September 11, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby initiating the above-captioned chapter 11 case (the "Chapter 11 Case").  The Debtor continues to operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner.

2.  On September 23, 2019, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in this Chapter 11 Case.

3.  Additional details regarding the Debtor's business and the facts and circumstances surrounding the filing of this Chapter 11 case is set forth in the *Declaration of Brendan Murray in Support of First Day Relief* [Docket No. 15].

4.  On October 22, 2019, Sunstone Hotels Morristown, LLC ("Sunstone") filed its Motion for entry of an order: (I) granting relief from the automatic stay, pursuant to 11 U.S.C. § 362(d)(1), to terminate the GMP Contract, or in the alternative, (II) compelling the Debtor to immediately reject the GMP Contract pursuant to 11 U.S.C. § 365(d)(2); and (III) granting other related relief.

## LIMITED OBJECTION

5.  The Debtor objects to the Motion for the reasons set forth herein.

6.  Sunstone relies on statements made by the Debtor at the first day hearing in this case and conversations with the Debtor's employees to simply declare that the Debtor repudiated the GMP Contract prior to the Petition Date and effectively terminated it.

7.  While it is uncontroverted that this project is its infancy and the Debtor has indicated an intent to not continue with projects that are in the early stages of construction, the Debtor is working to address these infancy projects and to locate alternate contractors that can perform under the contracts and complete construction.

8.  Currently, Sunstone owes the Debtor in excess of $430,000 for work performed pursuant to the GMP Contract.  Sunstone has refused to pay the amounts it owes to the Debtor –

instead opting to pay at least one subcontractor – Viking Demolition - $76,500 directly post-petition in lieu of remitting any amounts to the Debtor in accordance with the GMP Project. Sunstone has simply operated regardless of the fact that the GMP Contract is an asset of the Debtor's estate and regardless of the automatic stay opting to pay subcontractors post-petition without first seeking the approval of the Debtor or otherwise being granted relief from the stay.

9. Sunstone asserts that it does not owe the Debtor any money because (1) the GMP Contract was terminated or repudiated prepetition; (2) it paid Viking Demolition directly, and (3) it otherwise has claims of setoff and recoupment against the Debtor as a result of the alleged prepetition breach of the GMP Contract by the Debtor. Sunstone also relies on unsubstantiated nuisance claims by the Township of Morristown in further support of the damages it has suffered as a result of the Debtor's alleged breach.

10. In the time since the Motion was filed, the Parties have attempted to resolve the issues between them – satisfaction of amounts owed by Sunstone to the Debtor in exchange for termination of the GMP Contract – however, no resolution has been reached to date.

11. The Debtor files this Limited Objection in order to preserve its rights under the GMP Contract. The Debtor is willing to consent to consensual relief from stay and termination of the GMP Contract provided it receives the amounts owed to it by Sunstone and/or any claims the Debtor has against Sunstone are preserved for the benefit of its bankruptcy estate and creditors.

## RESERVATION OF RIGHTS

12. The Debtor reserves and preserves all of its rights to supplement, modify and amend this Limited Objection and to raise other or further arguments with respect to the Motion either before or at the Hearing.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court (i) sustain the Objection, (ii) deny the Motion, and (iii) grant such other and further relief as the Court deems just and proper.

Dated: November 5, 2019

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**

/s/ *Kenneth A. Rosen*
Kenneth A. Rosen, Esq.
Bruce Buechler, Esq.
Joseph J. DiPasquale, Esq.
Mary E. Seymour, Esq.
Jennifer B. Kimble, Esq. (admitted *pro hac vice*)
Arielle B. Adler, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)
krosen@lowenstein.com
bbuechler@lowenstein.com
jdipasquale@lowenstein.com
mseymour@lowenstein.com
jkimble@lowenstein.com
aadler@lowenstein.com

*Counsel to the Debtor and Debtor-in-Possession*