**LOWENSTEIN SANDLER LLP**
Arielle B. Adler, Esq. (aadler@lowenstein.com)
Bruce Buechler, Esq. (bbuechler@lowenstein.com)
Joseph J. DiPasquale, Esq. (jdipasquale@lowenstein.com)
Jennifer B. Kimble, Esq. (jkimble@lowenstein.com)
Kenneth A. Rosen, Esq. (krosen@lowenstein.com)
Mary E. Seymour, Esq. (mseymour@lowenstein.com)
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtor and*
*Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>**HOLLISTER CONSTRUCTION SERVICES, LLC**,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-27439 (MBK)<br><br>Hearing Date: November 15, 2019 at 9:30 a.m.<br><br>Re: Docket Nos. 406 and 418 |

**DEBTOR'S SUPPLEMENTAL OBJECTION TO CROSS-MOTION**
**OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**TO CONVERT DEBTOR'S CASE TO CHAPTER 7**

Hollister Construction Services, LLC ("Hollister" or the "Debtor"), by and through its undersigned counsel, submits this Supplemental Objection to the *Cross-Motion of the Official Committee of Unsecured Creditors to Convert Debtor's Case to Chapter 7* filed on November 4, 2019 [Docket No. 406] (the "Cross-Motion"). The Debtor hereby incorporates by reference in its entirety its Objection to the Cross-Motion filed on November 6, 2019 [Docket No. 418], and respectfully states:

---

[1] The Debtor in this Chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

37322/2
11/13/2019 205390718.1

**OBJECTION**

1. The Committee's Cross-Motion for conversion places much reliance on the decision in *Loop Corp. v. United States Trustee*, 379 F.3d 511 (8th Cir. 2004), and makes it appear as if Hollister is no longer operating. The debtor in *Loop* was in fact not operating at the time the motion to convert was filed. As Hollister stated in the *First Day Declaration of Brendan Murray* [Docket No. 15] and in various pleadings since then, the Debtor continues to conduct its business in an effort to complete projects, thereby preserving and maximizing the value of the estate for the benefit of all parties. *First Day Declaration* at paragraphs 5-8. The Debtor's goal in this Chapter 11 case is to complete pending projects if they are financially feasible and to maximize the value of the Debtor's assets for the benefit of all stakeholders.

2. The Debtor has done just that and has entered into settlements approved by the Court with Ricoh and Tipico to complete projects. The Debtor has also entered into agreements that have been approved by the Court with Waypoint Hackensack, Veterans Road, 640 Columbia Owner, LLC and RH 537 Building Owner LLC to surrender or terminate those projects. In certain of these settlements, the Debtor has preserved its equity position (Veterans Road) or obtained the project owner's agreement to the assumption and assignment of a number of subcontractor agreements whereby the project owner will pay either the full cure amount or an agreed upon cure amount with the subcontractor, thereby reducing claims against the Debtor's estate and ensuring that certain subcontractors are paid (the Waypoint Hackensack settlement).

3. The Debtor has pending before the Court for approval three additional settlements: (i) with Latitude West Owner, LLC and Latitude East Owner, LLC (collectively, "Latitude"), which will result in a net amount due to the estate after completion of the project of approximately $2.6 million; (ii) with CS Utica & Remsen, LLC which will result in a net amount to the estate of approximately $700,831 when complete; and (iii) with the Debtor's bonding companies, Arch Insurance Company and Arch Reinsurance Company (collectively, "Arch"), for the Debtor to consent to stay relief on the bonded project contracts to allow Arch to step in and perform on various payment and performance bonds, negotiate with subcontractors and to complete

construction of the bonded projects which the Debtor believes will effectively result in Arch having to either pay all of the various subcontractors and vendors on the bonded projects in full, or in an agreed upon amount. These settlements will allow the bonded projects to be completed in a timely fashion, potential damages and offsets to be mitigated, and will result in a reduction of claims against the Debtor's estate as a result of the large number of creditors (subcontractors and vendors) being paid their claims.

4. The Debtor is working hard to consummate several additional settlements but, as the Debtor advised the Court at the November 7, 2019 hearing, the Committee's Cross-Motion to convert the case has had a tremendous detrimental effect and is jeopardizing the Debtor's ability to consummate those settlements. At least two project owners and a number of subcontractors have expressed serious reservation with going forward with any settlement in light of the pending conversion motion. Thus, the Committee is attempting to make the liquidation of the Debtor a self-fulfilling prophecy by its Cross-Motion.

5. The Eighth Circuit's decision in *Loop*, upon which the Committee places much reliance, and which is not binding precedent on the Court, dealt with a debtor who "intended from very early in the case to liquidate their businesses rather than attempt to reorganize as viable entities." 379 F.3d at 513. The *Loop* debtors promptly sold their two primary businesses so they no longer had any on-going business operations. *Id*. The court in *Loop* stated that the language of Bankruptcy Code §1112(b) is permissive, a court "may" convert or "may" dismiss a case recognizing the Bankruptcy Court's "broad discretion" under §1112(b). *Id*. at 516. *See also*, *In Re: SGL Carbon Corp.*, 200 F.3d 154, 159 (3d Cir. 1999) (noting a decision to convert or dismiss a Chapter 11 case "is committed to the sound discretion of the bankruptcy or district court….").

6. The Supreme Court has identified the two basic purposes of Chapter 11: (i) "preserving going concerns," and (ii) "maximizing property available to satisfy creditors." *Bank of America Nat'l Trust & Sav. Assn v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 453, 143 L. Ed. 2d 607 (1999); s*ee also In re Integrated Telecom Express, Inc.*, 384 F.3d 108, 119 (3d Cir. 2004), *r'hrg denied en banc*, 389 F.3d 423 (3d Cir. 2004).

7. The Debtor's various Court approved settlements and pending settlements seek to achieve exactly those goals: preserve going concern value and maximize the value of the Debtor's assets for the benefit of all creditors and stakeholders. While settlements with individual project owners may not inure to the benefit of <u>all</u> general unsecured creditors, such settlements clearly benefit the project owners, subcontractors and vendors on those projects, and the Debtor and its estate. Said settlements provide the settling project owner with either the ability to complete its project through Hollister or on its own, provide payment of 40% to participating subcontractors and vendors on account of their pre-petition unsecured claims on go-forward jobs, provide the estate with net cash flow, reduce the amount of claims that would be asserted against the Debtor's estate, and release certain preference actions. In addition, the subcontractors and vendors on go-forward projects have the extra financial benefit of being employed as a subcontractor or vendor on a go-forward job and being paid in full for their post-petition services rendered and their goods and materials provided on the projects. This is a substantial benefit to unsecured creditors and, while the Committee may be disappointed that it was not spread across all creditors, that does not mean that there is no benefit to unsecured creditors. This benefit has been demonstrated by the fact that a number of subcontractors (unsecured creditors) have signed onto the settlement agreements, effectively stating or voting that they have accepted the deal because they view it as beneficial in light of the Debtor's bankruptcy filing. The Debtor is fulfilling its fiduciary duties by preserving its going concern value and maximizing the value of its assets to satisfy the claims of creditors. Thus, the Court, in the exercise of its discretion, should deny the Cross-Motion.

8. Last, while the Court adjourned the Committee's Cross-Motion from November 7, 2019 to November 15, 2019 for hearing, the Committee has only provided notice to those attorneys in the Court's ECF system as of November 6, 2019. *See Certification of Service*, filed by the Committee on November 6, 2019 [Docket No. 419]. The Committee has failed to comply with Bankruptcy Rule 2002(a)(4) which requires a motion to convert a Chapter 11 case to a Chapter 7 case to provide 21 days' notice to all creditors and parties-in-interest. The Committee has not requested this Court shorten notice, although the Debtor respectfully submits that Bankruptcy Rule

2002(i) does not allow any limitation of the notice period on a motion to convert a Chapter 11 case to a Chapter 7 case. Accordingly, the Committee's Cross-Motion should be denied because of its failure to provide proper service.

## RESERVATION OF RIGHTS

The Debtor reserves the right to supplement this Objection at the hearing scheduled for November 15, 2019 and its right to submit additional information, evidentiary material, and testimony in opposition to the Cross-Motion.

WHEREFORE, the Debtor respectfully requests that the Court deny the Committee's Cross-Motion to seeking to convert the Debtor's Chapter 11 case to a Chapter 7 case, and grant the Debtor such other and further relief as the Court determines just and equitable.

Dated: November 13, 2019

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**

/s/ *Kenneth A. Rosen*
Kenneth A. Rosen, Esq.
Bruce Buechler, Esq.
Joseph J. DiPasquale, Esq.
Mary E. Seymour, Esq.
Jennifer B. Kimble, Esq. (admitted *pro hac vice*)
Arielle B. Adler, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)
krosen@lowenstein.com
bbuechler@lowenstein.com
jdipasquale@lowenstein.com
mseymour@lowenstein.com
jkimble@lowenstein.com
aadler@lowenstein.com

*Counsel to the Debtor and Debtor-in-Possession*