RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
Joseph L. Schwartz, Esq. (JS-5525)
Tara J. Schellhorn, Esq. (TS-8155)
Rachel G. Atkin, Esq. (RA-4910)
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey  07962-1981
(973) 538-0800

*Counsel to Newark Warehouse Urban Renewal, LLC and*
*Newark Warehouse Redevelopment Company, LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>Hollister Construction Services, LLC,<br><br>Debtor. | Hon. Michael B. Kaplan, U.S.B.J.<br><br>Case No.  19-27439 (MBK)<br><br>Chapter 11 |

**REPLY OF NEWARK WAREHOUSE URBAN RENEWAL, LLC AND NEWARK WAREHOUSE REDEVELOPMENT COMPANY, LLC TO DEBTOR'S OBJECTION TO CROSS-MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO CONVERT DEBTOR'S CASE TO CHAPTER 7**

Newark Warehouse Urban Renewal, LLC ("NWUR") and Newark Warehouse Redevelopment Company, LLC ("NWRC," and together, the "NWR Entities") hereby submit this reply (the "Reply") to the Debtor's objection (the "Objection") to the cross-motion filed by the Official Committee of Unsecured Creditors (the "Committee") to convert the Debtor's bankruptcy case to chapter 7 (the "Conversion Motion").  In support of the Reply, the NWR Entities respectfully represent as follows:

## BACKGROUND

**A.     The NWR Entities' Pre-Petition Relationship With The Debtor.**

1. NWUR owns a former warehouse building located at 110 Edison Place, Newark, New Jersey 07102 (the "Building"). NWUR, in turn, leases the Building to NWRC.

2. On or about April 20, 2017, NWUR entered into an Agreement For Construction Management Services and Guaranteed Maximum Price (the "GMP Contract") with the Debtor, pursuant to which the Debtor was named Construction Manager and was to provide certain construction management services for a large scale project (the "Project") involving the renovation of the Building.

3. The scope of the Project involved renovations to the core and shell of the Building, providing for a basement, six (6) stories as well as a newly-constructed penthouse addition, all totaling approximately 410,000 gross square feet.

4. Beginning in or about October 2017, the Debtor began to fail to comply with the terms of the GMP Contract, resulting in, among other things, significant cost overruns and substantial delay. Despite repeated attempts to remedy the issue, the Debtor continued to fail to perform. Further, during the course of work, the Debtor, through its principals, repeatedly made false representations and false promises to the NWR Entities.

**B.     The State Court Action.**

5. For many months, the NWR Entities attempted to resolve their differences with the Debtor. After it became painfully apparent that the Debtor was utterly incapable of properly completing the Project, the NWR Entities took steps to terminate the GMP Contract.

6. On or about September 5, 2019, the NWR Entities also filed a complaint (the "Complaint") against, among others, the Debtor, its principals, Christopher Johnson and Kieran Flanagan, and president Brendan Murray, in the Superior Court of New Jersey, Law

Division, Essex County (the "State Court"), captioned as Newark Warehouse Urban Renewal, LLC *et al.* v. Hollister Construction Services, LLC *et al.*, Docket Number ESX-L-006514-19, seeking relief on various New Jersey state law causes of action, including breach of contract, negligence, fraud, breach of the New Jersey Consumer Fraud Act, breach of implied covenant of good faith and fair dealing, and negligent misrepresentation (the "State Court Action").

C.  **The Debtor's Bankruptcy.**

7.  On September 11, 2019, the Debtor filed its voluntary Chapter 11 petition for relief with the Court.

8.  On or about September 23, 2019, the Office of the United States Trustee appointed the Committee, which consists of seven (7) members, and which includes the NWR Entities as one (1) of the seven (7) Committee members. See Docket No. 156. That same day, Haddad Plumbing & Heating, Inc. was appointed Chair of the Committee.

D.  **The NWR Entities' Motion for Relief from the Automatic Stay to Terminate the GMP Contract.**

9.  On September 26, 2019, the NWR Entities filed a motion with the Court for entry of an order: (i) confirming that the GMP Contract is not property of the Debtor's estate and that the automatic stay is inapplicable to the GMP Contract's termination, or, in the alternative, granting the NWR Entities relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1), and (ii) for related relief (the "Stay Relief Motion") [Docket No. 170]. After a hearing on the Stay Relief Motion held on October 8, 2019, the Court entered an order on October 11, 2019 granting the NWR Entities relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for "cause" to terminate the GMP Contract, determining that the GMP Contract was deemed terminated as of October 8, 2019 and determining that the NWR Entities are entitled to assert any and all of their non-monetary post-termination rights as set forth in the GMP Contract. See Docket No. 303.

**E**     **The Debtor's Removal of the State Court Action/The NWR Entities' Motion to Remand.**

10. On October 9, 2019, the Debtor removed the State Court Action to the United States District Court for the District of New Jersey (the "District Court") pursuant to 28 U.S.C. §§ 1334(b), 1441(a) and 1452 and Fed. R. Bankr. P. 9027, and thereafter the District Court referred the State Court Action to this Court. See Case No. 19-cv-18829-CCC-MF, Docket Nos. 1, 6; see also Adv. Pro. No. 19-02222, Docket No. 1.

11. In response to the NWR Entities' Complaint, on October 29, 2019, the Debtor filed with this Court an Answer, Counterclaim, and Third Party Complaint to the State Court Action. See Adv. Pro. No. 19-02222, Docket No. 3.

12. On November 8, 2019, the NWR Entities filed a motion for an order remanding the State Court Action to the State Court, or in the alternative, requesting that this Court abstain from hearing the lawsuit pursuant to either 28 U.S.C. §§ 1334(c)(1) or (c)(2) (the "Motion to Remand"). See Adv. Pro. No. 19-02222, Docket No. 5. That motion is returnable before this Court on December 12, 2019.

13. As was explained in the Motion to Remand, the Debtor's Answer, Counterclaim and Third Party Complaint have no basis and contain patently-frivolous claims against the NWR Entities and against parties related to the NWR Entities. See Motion to Remand, ¶54 - 60.

**REPLY TO DEBTOR'S OBJECTION TO CONVERSION MOTION**

14. Through its Objection to the Conversion Motion, the Debtor continues to make further false and irresponsible accusations against the NWR Entities. See Objection at ¶14. The Debtor makes these assertions in an apparent effort to convince the Court that the NWR Entities have purportedly hijacked the Committee to carry out the NWR Entities' own agenda against the Debtor, at the expense of all unsecured creditors. The Debtor's assertions are both

frivolous and patently false.

15. First, in its Objection, the Debtor asserts that the NWR Entities serve as the Committee's Chair. This is false. The NWR Entities simply serve as one of the Committee's seven (7) members, and do not serve as Committee Chair.

16. Next, the Debtor suggests that the NWR Entities influenced the Committee's decision to file the Conversion Motion so that the NWR Entities could gain an advantage in the State Court Action. Nothing could be further from the truth. As a member of the Committee, the NWR Entities certainly understand their fiduciary duties to unsecured creditors. The Committee filed the Conversion Motion because the Committee, as a whole, believes that "cause" exists under 11 U.S.C. § 1112(b) to convert the Debtor's case due to, among other things, substantial and continuing losses, the absence of a likelihood of rehabilitation and gross mismanagement of the estate. The Debtor's suggestion that the Conversion Motion was filed to further the NWR Entities' personal agenda is not only irresponsible, but it is nothing more than a transparent attempt by the Debtor to obfuscate and divert attention from its own improper conduct.

## **CONCLUSION**

WHEREFORE, for all of the foregoing reasons, the NWR Entities respectfully request that the Court ignore the Debtor's false statements set forth in the Debtor's Objection to the Conversion Motion, and grant the NWR Entities such other and further relief as the Court deems just and equitable.

Dated: November 13, 2019
Morristown, New Jersey

                    RIKER DANZIG SCHERER HYLAND
                    & PERRETTI LLP

                    By: /s/ *Joseph L. Schwartz*
                          Joseph L. Schwartz

                    Joseph L. Schwartz, Esq. (JS-5525)
                    Tara J. Schellhorn, Esq. (TS-8155)
                    Rachel G. Atkin, Esq. (RA-4910)
                    Headquarters Plaza
                    One Speedwell Avenue
                    Morristown, New Jersey 07962-1981
                    (973) 538-0800

                    *Counsel to Newark Warehouse Urban Renewal,*
                    *LLC and Newark Warehouse Redevelopment*
                    *Company, LLC*

5093047v1