**LOWENSTEIN SANDLER LLP**
Arielle B. Adler, Esq. (aadler@lowenstein.com)
Bruce Buechler, Esq. (bbuechler@lowenstein.com)
Joseph J. DiPasquale, Esq. (jdipasquale@lowenstein.com)
Jennifer B. Kimble, Esq. (jkimble@lowenstein.com)
Kenneth A. Rosen, Esq. (krosen@lowenstein.com)
Mary E. Seymour, Esq. (mseymour@lowenstein.com)
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>**HOLLISTER CONSTRUCTION SERVICES, LLC**,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-27439 (MBK)<br><br>Hearing Date: November 15, 2019 at 9:30 a.m.<br><br>Objection Deadline: November 14, 2019 at 10:00 a.m. (by consent) |

**DEBTOR'S LIMITED OBJECTION TO MOTION OF HERC RENTALS, INC. FOR ENTRY OF AN ORDER (1) LIFTING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362 AND (2) PERMITTING HERC RENTALS, INC. TO REMOVE ITS PROPERTY FROM VARIOUS PROJECTS**

The above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to the *Motion of Herc Rentals, Inc. for Entry of an Order (1) Lifting the Automatic Stay Pursuant to 11 U.S.C. § 362 and (2) Permitting Herc Rentals, Inc. to Remove its Property from Various Projects* [Docket No. 368] (the "Motion")[2]. In support of this Objection, the Debtor respectfully represents as follows:

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

## BACKGROUND

1. On September 11, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby initiating the above-captioned chapter 11 case (the "Chapter 11 Case"). The Debtor continues to operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner.

2. On September 23, 2019, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in this Chapter 11 Case.

3. Additional details regarding the Debtor's business and the facts and circumstances surrounding the filing of this Chapter 11 case is set forth in the *Declaration of Brendan Murray in Support of First Day Relief* (the "First Day Declaration") [Docket No. 15].

4. On October 23, 2019, Herc Rentals, Inc. ("Herc") filed the Motion seeking relief from the automatic stay and permitting Herc to remove certain rental equipment located at various of the Debtor's projects as follows:

   a. 2865 Creston, Bronx, New York: **Telehandler 55001b 16-20ft Lift Rops**

   b. Fairleigh Dickinson, Teaneck, New Jersey: **(2) Light Tower Elec Mast 23ft LED Cart 120V**

   c. The Vestry, 147 Bloomfield Avenue, Montclair, New Jersey: **Pallet Lift 55001b W/B Manual**

   d. 174 Kings Highway, Brooklyn, New York: **40 KW Generator DSL, Spider Box Cable 66/4 50ft 50A CS**

   e. Red Hook, New York: **20 KW Generator DSL**

   f. 2880 Jerome Avenue, Bronx, New York: **175KW Generator DSL, (3) Cable 2 50ft Camlock 5 Banded; (10) Male Pigtail 4/0 under 10ft; (12) Cable 4/0 50ft Camlock**

   g. 369 Interpace Parkway, Parsippany, New Jersey: **Telehandler 6001b 34-36ft Lift Rops**

   h. Rutgers Honors Living & Learning, 130 Washington Street, Newark, New Jersey 07102: **Floor Stripper w/b 5001b Elec; Fuel Tank 552 Gallon**

    a.    The HUB Project, 700 Frank E Rogers Blvd S, Harrison, New Jersey: **Light Tower Man Mast 16ft LED Cart 120V; (4) Fuel Tank 552 Gallon, 20KW Generator DSL, l00KW Generator DSL, 55KW Generator DSL.**

5.    On November 11, 2019, Arch Insurance Company and Arch Reinsurance Company (together, "Arch") filed a *Limited Objection and Reservation of Rights by Arch Insurance Company and Arch Reinsurance Company to Motion of Herc Rentals, Inc. for Entry of an Order (1) Lifting the Automatic Stay Pursuant to 11 U.S.C. § 362 and (2) Permitting Herc Rentals, Inc. to Remove its Property from Various Projects* ("Arch's Limited Objection") [Docket No. 462].

6.    Among other things, Arch indicated that it had no objection to Herc retrieving its equipment from various bonded job sites once the Debtor, the respective project owner and Arch decided how each specific bonded project would be completed and, accordingly, whether Herc's equipment would be needed to complete the bonded projects on which the equipment is located. *See id.*, ¶ 2. In anticipation of the Court's entry of an Order approving the Debtor's and Arch's joint stipulation establishing procedures for the Debtor's transition of certain bonded projects to Arch,[3] Arch anticipated that it would be in a position to make such decisions by December 15, 2019. *See id.*, ¶ 4.

## THE DEBTOR'S LIMITED OBJECTION

7.    The Debtor joins in Arch's Limited Objection with respect to Rutgers Honors Living & Learning, which is a bonded project, and the rental equipment located thereon for the reasons set forth therein.

8.    With respect to the non-bonded projects on which Herc's equipment is located, the Debtor does not object to Herc's request for relief from the automatic stay to permit Herc to remove the described equipment from the following jobs only:

    a.    2865 Creston, Bronx, New York: **Telehandler 55001b 16-20ft Lift Rops**

---

[3] *See Joint Motion of Debtor, Arch Insurance Company and Arch Reinsurance Company for Entry of an Order Approving the Stipulation By and Among the Parties Pursuant to Fed. R. Bankr. P. 9019* [Docket No. 466], which is scheduled for hearing on November 15, 2019.

    b. The Vestry, 147 Bloomfield Avenue, Montclair, New Jersey: **Pallet Lift 55001b W/B Manual**

    c. 174 Kings Highway, Brooklyn, New York: **40 KW Generator DSL, Spider Box Cable 66/4 50ft 50A CS**

    d. Red Hook, New York: **20 KW Generator DSL**

    e. 2880 Jerome Avenue, Bronx, New York: **175KW Generator DSL, (3) Cable 2 50ft Camlock 5 Banded; (10) Male Pigtail 4/0 under 10ft; (12) Cable 4/0 50ft Camlock.**

9. Accordingly, the Debtor and Herc have been negotiating a stipulation and proposed order agreeing to limited relief from the automatic stay to allow Herc to remove the above-described equipment from these five projects. The Debtor and Herc anticipate submitting the stipulation and proposed order with respect to these five projects to the Court at or in advance of the hearing on this Motion.

10. However, for the reasons set forth below, Herc has failed to meet its burden of proof to lift the automatic stay as to the following three (3) projects (collectively, the "<u>Anticipated Settlement Projects</u>"):

    a. Fairleigh Dickinson, Teaneck, New Jersey: **(2) Light Tower Elec Mast 23ft LED Cart 120V**

    b. 369 Interpace Parkway, Parsippany, New Jersey: **Telehandler 6001b 34-36ft Lift Rops**

    c. The HUB Project, 700 Frank E Rogers Blvd S, Harrison, New Jersey**: Light Tower Man Mast 16ft LED Cart 120V; (4) Fuel Tank 552 Gallon, 20KW Generator DSL, l00KW Generator DSL, 55KW Generator DSL.**

11. As an initial matter, Herc is incorrect in asserting that Hollister has no legal or equitable interest in the rental equipment at issue in the Motion. It is well settled that a leasehold interest is property of the estate if the debtor is the lessee of property as of the commencement of the case. *In re Funding Sys. Asset Mgmt. Corp.*, 111 B.R. 500, 510–11 (Bankr. W.D. Pa. 1990); *In re Babco,* 28 B.R. 656, 658 (W.D. Pa. 1983); *see also In re 48th Street Steakhouse, Inc.*, 61 B.R. 182, 187 (Bankr. S.D.N.Y. 1986), *aff'd,* 77 B.R. 409 (S.D.N.Y. 1987), *aff'd,* 835 F.2d 427

(2nd Cir. 1988). Herc contends that it entered into a credit application and rental agreements with the Debtor related to rental equipment. Motion, ¶ 3. The Debtor rented the equipment from Herc as of the Petition Date and Herc does not assert otherwise. The Debtor thus has an interest in the rental equipment and that interest is property of the estate under 11 U.S.C. § 541(a)(1). Accordingly, the automatic stay of 11 U.S.C. § 362(a) applies to the Debtor's interest in the rental equipment.

12. Next, no cause exists or has been established to lift the automatic stay to permit Herc to remove its equipment from Anticipated Settlement Projects. Therefore, the Motion should be denied as to the Anticipated Settlement Projects.

13. Section 362(d)(1) requires that a party seeking to lift the automatic stay show "cause" for such relief. Where the moving party fails to satisfy its burden to show that "cause" exists, the Court is compelled to deny the motion. *See In re Aleris Int'l, Inc.*, 456 B.R. 35, 48 (Bankr. D. Del. 2011).

14. In determining whether "cause" exists for granting relief from the automatic stay, a court should look at the totality of the circumstances. *In re Wilson*, 116 F.3d 87, 90 (3d. Cir. 1997). Whether "cause" exists is a decision within the sound discretion of the bankruptcy court, and one that must be determined on a case-by-case basis. *See e.g., In re SCO Grp., Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007); *Izzarelli v. Rexene Prods. Co. (In re Rexene Prods. Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (citing *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991)).

15. As noted in *In re Telegroup, Inc.*, 237 B.R. 87, 91 (Bankr. D.N.J. 1999), courts should balance three prongs when determining if a movant has met its burden to establish "cause":

    (i)    Whether any great prejudice to the estate or the debtor will result from terminating the stay;

    (ii)    Whether the hardship to the movant by maintenance of the stay considerably outweighs the hardship to the debtor; and

    (iii)    The probability of the movant prevailing on the merits. *See id.*

16. Herc's asserted reasons in support of stay relief fall short of establishing "cause" to lift the stay as to the Anticipated Settlement Projects. With respect to the first prong, nowhere does Herc contend that termination of the stay would not result in any great prejudice to the Debtor or its estate. Instead, Herc asserts that it "does not know how its rental equipment is being maintained as, upon information and belief, Hollister is not currently continuing to work on the subject projects." Motion, ¶ 16. Herc's contention fails to appreciate what has transpired in the Debtor's bankruptcy case since the Petition Date. As the Debtor stated in the First Day Declaration and in various pleadings since then, the Debtor continues to conduct its business in an effort to complete projects for project owners, thereby preserving and maximizing the value of the estate for the benefit of all parties. *See First Day Declaration*, ¶¶ 5-8. The Debtor's goal in this Chapter 11 case is to complete its projects if they are financially feasible and to maximize the value of the Debtor's assets for the benefit of all stakeholders.

17. The Anticipated Settlement Projects are certainly among those projects that the Debtor is seeking to obtain Court-approved global settlement agreements on. Indeed, the Debtor already filed a motion for approval of the settlement concerning 369 Interpace Parkway, Parsippany, New Jersey (also referred to as the "Latitide Project"), which is scheduled for hearing by this Court on November 15, 2019, the same date as the hearing on the instant Motion. Likewise, the Debtor has spent significant time and effort since the Petition Date negotiating a global settlement with the HUB Project owner and all of the subcontractors on the HUB Project. The Debtor anticipates being able to file a motion seeking Court approval of the settlement on the HUB Project very soon. Finally, the Debtor is and has been working with the owner and subcontractors on the Fairleigh Dickinson project to negotiate the terms of a settlement that would allow for the continuation of work on that project as well.

18. Upon the Court's approval of the respective settlement agreements concerning the Anticipated Settlement Projects, the Debtor and the Anticipated Settlement Project subcontractors will be able to recommence work on the Anticipated Settlement Projects to the benefit of the Debtor, its estate and all of its creditors. Herc's equipment is vital to the Debtor's and the

Anticipated Settlement Projects subcontractors' ability to continue the work at each of the Anticipated Settlement Projects. Great prejudice to the Debtor and its estate would result from terminating the stay to allow Herc to remove its equipment from the Anticipated Settlement Projects, especially when the Debtor is so close to being able to restart work on those projects and bring significant funds into the estate.

19. With respect to the second prong, Herc's assertions likewise fall short of supporting a finding of "cause" for stay relief. Herc contends that "rental charges continue to accrue on a daily basis" and "Herc has not been paid for the rental charges pre or post petition", which Herc states total $96,109.80 as of the date of the Motion. Motion, ¶¶ 6, 16. Herc concludes that, "[a]s such, it is an extreme hardship to allow Herc to allow the rental equipment to remain on the projects with no prospect of payment." *Id.* ¶ 6. Again, Herc's contentions fail to appreciate what the Debtor is seeking to accomplish with Anticipated Settlement Projects. In stark contrast to Herc's assertions, Herc's best chance at payment is to allow the Debtor to recommence work on the Anticipated Settlement Projects upon approval of the respective settlements by this Court. Once the owners of the Anticipated Settlement Projects begin paying the Debtor pursuant to the respective settlement agreements, funds will be available from which to pay Herc. If Herc is granted relief from the stay to remove its equipment, the Debtor will at best be further delayed from being able to restart work on the Anticipated Settlement Projects. At worst, the respective settlements that the Debtor has been working diligently to negotiate with the Anticipated Settlement Project owners and subcontractors may fail. Therefore, the hardship to Herc by the maintenance of the stay clearly does not "considerably outweigh[]" the hardship to the Debtor as required by the second prong of *Telegroup*. Indeed, the Debtor, its estate, the owners of the Anticipated Settlement Projects and the other subcontractors on the Anticipated Settlement Projects will all suffer substantially more harm than Herc will if the automatic stay remained in place with respect to Herc's equipment on the Anticipated Settlement Projects.

20. Based on the foregoing, the Court need not consider the probability of success on the merits. Because Herc has failed to establish "cause" to justify lifting the automatic stay on the

Anticipated Settlement Projects under the two prongs discussed above, the probability of success on the merits has little or no significance in determining whether the automatic stay should be modified. *See Am. Airlines, Inc. v. Cont'l Airlines, Inc. (In re Cont'l Airlines, Inc.)*, 152 B.R. 420, 426 (D. Del. 1993) (noting that the probability of success should only be weighed after determining that the balance of hardships weighed in favor of the movant).

21.   Finally, Herc alleges a lack of adequate protection related to the rental equipment. Motion, ¶ 17. This argument fails for the same reasons explained above. If the settlements of the Anticipated Settlement Projects and recommencement of work thereon are not jeopardized by Herc's removal of its equipment—which is necessary for the completion of those projects—those settlements will provide for substantial payments to all Anticipated Settlement Project subcontractors, including Herc. Thus, Herc's adequate protection argument also fails to establish "cause" to terminate the automatic stay.

## RESERVATION OF RIGHTS

22.   The Debtor reserves and preserves all of its rights to supplement, modify and amend this Limited Objection and to raise other or further arguments with respect to the Motion either before or at the Hearing.

*[remainder of page intentionally left blank]*

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court (i) sustain the Limited Objection, (ii) deny the Motion with respect to the three (3) Anticipated Settlement Projects, and (iii) grant such other and further relief as the Court deems just and proper.

Dated:  November 14, 2019

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**

/s/ *Kenneth A. Rosen*
Kenneth A. Rosen, Esq.
Bruce Buechler, Esq.
Joseph J. DiPasquale, Esq.
Mary E. Seymour, Esq.
Jennifer B. Kimble, Esq. (admitted *pro hac vice*)
Arielle B. Adler, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)
krosen@lowenstein.com
bbuechler@lowenstein.com
jdipasquale@lowenstein.com
mseymour@lowenstein.com
jkimble@lowenstein.com
aadler@lowenstein.com

*Counsel to the Debtor and Debtor-in-Possession*