| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br>**WASSERMAN, JURISTA & STOLZ, P.C.**<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ   07920<br>Phone: (973) 467-2700<br>Fax: (973) 467-8126<br>Counsel to Latitude East Owner, LLC and Latitude West Owner, LLC<br>**DANIEL M. STOLZ, ESQ.** | |
| In re:<br><br>**HOLLISTER CONSTRUCTION SERVICES, LLC.**<br>            Debtor. | Chapter 11<br><br>Honorable Michael B. Kaplan<br><br>Case No. 19-27439<br><br>Hearing Date:   November 15, 2019<br>                    at 9:30 a.m. |

## JOINDER OF LATITUDE EAST OWNER, LLC AND LATITUDE WEST OWNER, LLC IN DEBTOR'S OPPOSITION TO MOTION TO CONVERT

**LATITUDE EAST OWNER, LLC AND LATITUDE WEST OWNER, LLC** (collectively "Latitude"), by and through its counsel, Wasserman, Jurista & Stolz, P.C., hereby submits the following joinder in the Debtor's opposition to the Motion of the Official Committee of Unsecured Creditors ("Committee"), seeking to convert the Debtor's Chapter 11 Bankruptcy Case to a Chapter 7 Liquidation:

1.   Prior to the Chapter 11 filing, Latitude had entered into three (3) agreements with Hollister for the construction of a parking garage, a connector and a courtyard at Latitude's complex located in Parsippany, New Jersey. The total cost of these construction projects was approximately $12,000,000.00.

2.   Latitude and the Debtor have spent an enormous amount of time since the Chapter 11 filing, attempting to structure an agreement under which Latitude would employ Hollister to

complete the three projects.

3. Pending before the Court is a Motion for approval of the Settlement Agreement between Latitude and Hollister. Under that Settlement Agreement, the parties will work together to complete the Latitude projects by January of 2020.

4. Each and every subcontractor on the Latitude projects has agreed to the settlement in writing.

5. Under the settlement, not only will the subcontractors receive payment of forty (40%) percent of their pre-petition claims, but the subcontractors will be employed to finish construction of the Latitude projects, yielding substantial income for the subcontractors.

6. For its part, Hollister will recover substantial amounts for the payment of its creditors in its Chapter 11 case.

7. The Latitude Settlement will fail if the Court were to convert the Hollister Case to a Chapter 7 damaging the subcontractors, Latitude and the Debtor's Bankruptcy Estate.

8. The Committee's motivation in seeking conversion of the Chapter 11 Case to Chapter 7 is unclear. It is hard to imagine how conversion of this Chapter 11 Case to Chapter 7 could benefit the Bankruptcy Estate and its creditors. If the Committee's Motion to Convert is some sort of tactical move to allow a carve out for the Committee professionals, the Committee would be damaging the very constituency that they are bound to protect, as the Debtor has asserted that the Motion to convert is and will continue to damage the Debtor's Bankruptcy Estate.

9. If the goal of the Committee is to assure that avoidance actions are brought against insiders, there is clearly a procedure and vehicle for the Committee to pursue such claims in Chapter 11. <u>Official Comm. Of Unsecured Creditors of Cybergenics Corp. v. Chinery</u>, 330 F.3d 548, 573 (3rd Cir. 2003).

10. It appears that the bulk of avoidance claims which would be pursued in this Chapter 11 Case would be for the recovery of alleged preferential payments made to subcontractors. We submit that the subcontractors would have absolute defenses to any preference action, since the subcontractors would have certainly filed liens if they had not received the payments. See, In re The Electron Corp., 336 B.R. 809 (10th Cir. 2006).

11. For the foregoing reasons, Latitude joins in the Debtor's opposition to the Committee's Motion to convert the within Chapter 11 Case to Chapter 7.

                WASSERMAN, JURISTA & STOLZ, P.C.
                Counsel for Latitude East Owner, LLC and Latitude West Owner, LLC

By: _____
      DANIEL M. STOLZ

Dated: November 14, 2019.