| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**CHIESA SHAHINIAN & GIANTOMASI PC**<br>One Boland Drive West Orange, New Jersey 07052<br>Tel: (973) 530-2012<br>Fax: (973) 530-2212<br>**Robert E. Nies, Esq**. (rnies@csglaw.com)<br><br>*Attorneys for Arch Insurance Company and Arch Reinsurance Company* | Order Filed on November 15, 2019<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>HOLLISTER CONSTRUCTION SERVICES, LLC,[1]<br><br>                Debtor. | Case No.  19-27439 (MBK)<br><br>Chapter 11<br><br>Honorable Michael B. Kaplan |

**ORDER, PURSUANT TO 11 U.S.C. §§ 105, 362, 363, AND 365 APPROVING STIPULATION AUTHORIZING THE PARTIES TO DECLARE THE DEBTOR IN DEFAULT OF CERTAIN BONDED CONSTRUCTION CONTRACTS; TO REJECT OR TERMINATE OR ASSUME AND ASSIGN THOSE CONTRACTS; AND FOR RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through six (6), is hereby

**ORDERED.**

**DATED: November 15, 2019**

                                                                Honorable Michael B. Kaplan
                                                                United States Bankruptcy Judge

| | |
|---|---|
| Debtor: | Hollister Construction Services, LLC |
| Case No.: | 19-27439 (MBK) |
| Caption of Order: | Order Pursuant to 11 U.S.C. §§ 105, 362, 363, and 365 Approving Stipulation Authorizing Certain Parties To Declare The Debtor In Default Of Certain Bonded Construction Contracts; To Reject Or Terminate Or Assume And Assign Those Contracts; And For Related Relief |

Upon consideration of the Joint Motion (the "Motion") of Debtor, Arch Insurance Company and Arch Reinsurance Company For Entry of An Order Approving the Stipulation, Pursuant to 11 U.S.C. §§ 105, 362, 363, and 365, Granting Relief and Authorizing But Not Directing the Parties to Declare the Debtor in Default of Certain Bonded Construction Contracts; to Reject or Terminate or Assume and Assign Those Contracts; and for Related Relief (the "Stipulation") [Docket No. 466],[2] annexed hereto as Exhibit A, entered into between Arch Insurance Company and Arch Reinsurance Company (the "Surety") and Hollister Construction Services, LLC (the "Debtor" and, together with the Surety, the "Parties"); and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey entered on July 23, 1984, as amended on September 18, 2012 (Simandele, C.J.); and the Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court having found that it has the authority to enter a final order consistent with Article III of the United States Constitution; and the Court having found that the venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors and other parties-in-interest; the Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice of the Motion need be provided; and the Court

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Stipulation.

Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption of Order: Order Pursuant to 11 U.S.C. §§ 105, 362, 363, and 365 Approving Stipulation Authorizing Certain Parties To Declare The Debtor In Default Of Certain Bonded Construction Contracts; To Reject Or Terminate Or Assume And Assign Those Contracts; And For Related Relief

having reviewed the Motion and having heard the arguments and statement of counsel in support of the relief requested therein at a hearing held before the Court on November 15, 2019 (the "Hearing"); and the Court having considered the Objections filed by 5 Bay Street Phase I LLC, 5 Bay Street Phase 1 Sponsor Member Inc. and 5 Bay Street Phase 3 LLC [Docket No. 208] and 10 Minerva Place L.P. and 10 Minerva Place Housing Development Fund Corporation [Docket No. 509] (collectively, the "Objections"); and the Court having determined that good cause exists for granting the relief requested in accordance with the terms hereof;

**IT IS ORDERED** as follows:

1. The Motion is GRANTED; and

2. The Stipulation is APPROVED; and

3. The Objections are RESOLVED by the parties' consent to the terms hereof; and

4. The automatic stay, pursuant to 11 U.S.C. § 362, is lifted and/or modified as set forth in the Stipulation; and

5. The automatic stay, pursuant to 11 U.S.C. § 362, is lifted and/or modified such that the Obligees are authorized to take all steps reasonably necessary to declare the Debtor in default of the Contracts and to terminate the Contracts to which an Obligee is a party or for which it is named as an Obligee in a Bond;

6. The automatic stay, pursuant to 11 U.S.C. § 362, is lifted and/or modified such that, following the termination of its Contract(s), any such Obligee is authorized to proceed against the Surety under the terms of the relevant Bond and applicable law, including

| | |
|---|---|
| Debtor: | Hollister Construction Services, LLC |
| Case No.: | 19-27439 (MBK) |
| Caption of Order: | Order Pursuant to 11 U.S.C. §§ 105, 362, 363, and 365 Approving Stipulation Authorizing Certain Parties To Declare The Debtor In Default Of Certain Bonded Construction Contracts; To Reject Or Terminate Or Assume And Assign Those Contracts; And For Related Relief |

making payments to the Surety and asserting claims and otherwise proceeding against the Surety; and

7. The automatic stay, pursuant to 11 U.S.C. § 362, is hereby lifted and/or modified to the extent necessary to permit the Debtor, pursuant to 11 U.S.C. § 365, to take all steps reasonably necessary to effectuate the rejection, the assumption, and/or the assignment of one or more of the Contracts to the Surety or its designee, *provided however*, that the Debtor cannot assume and/or assign any Contract that has expired, has been rejected, or has been or is hereafter properly terminated by the Obligee, the Debtor cannot assume and/or assign any Contract that has not been terminated (or has not expired or been rejected) without an order of the Court finding that all of the requirements of 11 U.S.C. § 365(b) (including, but not limited to, curing all pre-petition defaults) have been satisfied and approving such assumption and/or assignment, and the Debtor must seek authority to assume and/or assign any Contracts in a manner prescribed by Bankruptcy Rule 6006; and

8. The automatic stay, pursuant to 11 U.S.C. §362, is hereby lifted and/or modified such that, pursuant to 11 U.S.C. § 363, the Obligees and/or the Surety or its designee are authorized to take all steps reasonably necessary to complete one or more of the Contracts in accordance with the Bonds and applicable law; and

9. The Debtor, the Surety and the Obligees are authorized, but not directed, to enter into and perform all obligations set forth in the Stipulation; and

Debtor:         Hollister Construction Services, LLC
Case No.:       19-27439 (MBK)
Caption of Order: Order Pursuant to 11 U.S.C. §§ 105, 362, 363, and 365 Approving Stipulation Authorizing Certain Parties To Declare The Debtor In Default Of Certain Bonded Construction Contracts; To Reject Or Terminate Or Assume And Assign Those Contracts; And For Related Relief

10. To the extent that any Subcontractor enters into an Agreement with Surety or its Designee, the Subcontract with the Debtor will be deemed rejected pursuant to 11 U.S.C. § 365 *nunc pro tunc* to the date of entry of this Order; and

11. Except as set forth in the Stipulation and in this Order, the Surety and the Debtor each reserve all rights under the Contracts, the Bonds and applicable law and, notwithstanding anything to the contrary herein or in the Stipulation, nothing in the Stipulation or in this Order is intended to, nor shall it, waive or alter the rights or claims of any Obligee or Subcontractor under the Contracts, the Bonds, applicable law, or otherwise, including any rights or claims of any Obligee or Subcontractor against the Debtor or the Surety. Notwithstanding anything to the contrary in this Order, nothing in this Order shall be deemed to expand the obligations of Surety, to waive any defenses of Surety or to constitute an admission by Surety of any facts or of its liability nor shall it waive any setoffs, claims or defenses. Notwithstanding anything to the contrary in this Order, Debtors rights, if any, under the Bonds are expressly reserved; and

12. Any Obligee that properly terminates a Contract with the Debtor shall not be required to pay any funds related to the Bonded Project governed by such terminated Contract to the Debtor and pursuant to paragraphs 18 and/or 19 of the *Sixth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Scheduling a Final Hearing and, (IV) Granting Related Relief* [Docket No. 463] (the "<u>Sixth Interim Cash Collateral Order</u>") or as may be provided for by any further interim or final orders granting the *Debtor's Motion for Entry of Interim and Final Orders (A)*

| | |
|---|---|
| Debtor: | Hollister Construction Services, LLC |
| Case No.: | 19-27439 (MBK) |
| Caption of Order: | Order Pursuant to 11 U.S.C. §§ 105, 362, 363, and 365 Approving Stipulation Authorizing Certain Parties To Declare The Debtor In Default Of Certain Bonded Construction Contracts; To Reject Or Terminate Or Assume And Assign Those Contracts; And For Related Relief |

*Authorizing Use of Cash Collateral, (B) Granting Adequate Protection, (C) Scheduling a Final Hearing, and (D) Granting Related Relief* [Docket No. 14] (the "Cash Collateral Motion"); *provided, however,* that an Obligee that has terminated its Contract may, in its sole discretion and on a case-by-case basis, continue to make use of the escrow payment system currently authorized under paragraphs 18 and/or 19 of the Sixth Interim Cash Collateral Order (or as may be articulated in any future interim or final order granting the Cash Collateral Motion) for procedural purposes, *provided, however*, that any funds paid into such escrow account of the Debtor shall not be deemed to be property of the Debtor, shall be administered by the Surety, and shall be held by the Surety in trust for the benefit of Trust Fund Beneficiaries (as defined in the Sixth Interim Cash Collateral Order); and

13. To the extent that there is any conflict between the Stipulation and this Order, the terms of this Order shall govern; and

14. This Order shall be effective immediately and shall not be subject to any stay under Fed. R. Bankr. P. 4001(3) or otherwise; and

15. This Court shall retain jurisdiction over all matters arising from or relating to the implementation or interpretation of this Order and the Stipulation, said performance shall not constitute an admission by the Parties of a default or that termination was warranted, all rights of the Parties being expressly reserved; and

16. Counsel for Surety shall serve a copy of this Order within five business days of its entry.

United States Bankruptcy Court
District of New Jersey

In re:  
Hollister Construction Services, LLC  
      Debtor

Case No. 19-27439-MBK  
Chapter 11

## CERTIFICATE OF NOTICE

District/off: 0312-3      User: admin      Page 1 of 1      Date Rcvd: Nov 15, 2019  
      Form ID: pdf903      Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 17, 2019.  
db      +Hollister Construction Services, LLC,   339 Jefferson Road,   Parsippany, NJ 07054-3707

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.      TOTAL: 0

***** BYPASSED RECIPIENTS *****  
NONE.      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 17, 2019      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 15, 2019 at the address(es) listed below:  
NONE.      TOTAL: 0