UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**LOWENSTEIN SANDLER LLP**
Arielle B. Adler, Esq.
Bruce Buechler, Esq.
Joseph J. DiPasquale, Esq.
Jennifer B. Kimble, Esq.
Kenneth A. Rosen, Esq.
Mary E. Seymour, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtor and Debtor-in-Possession*

Order Filed on November 22, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

HOLLISTER CONSTRUCTION SERVICES, LLC,[1]

Debtor.

Chapter 11

Case No. 19-27439 (MBK)

## ORDER DENYING WITHOUT PREJUDICE CROSS-MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO CONVERT DEBTOR'S CASE TO CHAPTER 7

The relief set forth on the following page, numbered two (2), is hereby **ORDERED**.

**DATED: November 22, 2019**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

37322/2
11/22/2019 205458463.1

Page: 2
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: *Order Denying Without Prejudice Cross-Motion of the Official Committee of Unsecured Creditors to Convert Debtor's Case to Chapter 7*

_____

**THIS MATTER** having been brought before the Court upon the *Cross-Motion of the Official Committee of Unsecured Creditors to Convert Debtor's Case to Chapter 7* filed on November 4, 2019 [Docket No. 406] (the "Conversion Motion"), and the Court having considered the Debtor's Objection to the Conversion Motion [Docket No. 418], the Debtor's Supplemental Objection [Docket No. 497], the Joinder of PNC Bank [Docket No. 428], the Joinder of Latitude East Owner, LLC and Latitude West Owner, LLC [Docket No. 504], the Reply of Newark Warehouse Urban Renewal, LLC and Newark Warehouse Redevelopment Company, LLC [Docket No. 498], and the Committee's Response [Docket No. 512], and the Court having conducted hearings on the Conversion Motion on November 7, November 15 and November 21, 2019, and the Court having jurisdiction over this matter, and the Court having deemed notice of the Conversion Motion to be adequate, and the Court having heard the oral argument of counsel at the aforementioned hearings, and for good cause shown;

**IT IS HEREBY ORDERED** as follows:

1. The Conversion Motion is hereby **DENIED** without prejudice.

2. The Committee can relist the Conversion Motion on two days' notice to all interested parties. For example, the Committee must file with the Court a notice seeking to relist the Conversion Motion by no later than 5:00 p.m. (E.T.) on December 10, 2019, if the Committee seeks to have the Conversion Motion heard at a hearing scheduled in this case for December 12, 2019.

3. The Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation or enforcement of this Order.

4. This Order shall be effective immediately upon its entry.