UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**LOWENSTEIN SANDLER LLP**
Arielle B. Adler, Esq.
Bruce Buechler, Esq.
Jennifer B. Kimble, Esq.
Kenneth A. Rosen, Esq.
Mary E. Seymour, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtor and Debtor-in-Possession*

In re:

HOLLISTER CONSTRUCTION SERVICES, LLC,[1]

Debtor.

**FILED**
JEANNE A. NAUGHTON, CLERK

**NOV 2 0 2019**

U.S. BANKRUPTCY COURT
TRENTON, NJ
BY_____DEPUTY

Chapter 11

Case No. 19-27439 (MBK)

## ORDER APPROVING FIRST AMENDMENT
## TO SETTLEMENT AGREEMENT WITH RICOH USA

    The relief set forth on the following pages two (2) through three (3) is hereby
**ORDERED.**

Michael B. Kaplan, U.S.B.J.

11/20/19

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

37322/3
11/19/2019 205396798.1

Page: 2
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: *Order Approving First Amendment to Settlement Agreement with Ricoh USA*

---

**THIS MATTER** having been brought before the Court upon the Application of

Hollister Construction Services, LLC, the above-captioned debtor and debtor-in-possession (the

"Debtor"), for entry of an order approving an Amendment by and between the Debtor; Ricoh

USA as Owner ("Ricoh" ); and each of the subcontractors that are identified on Exhibit A to this

Order (the "Subcontractors") (each a "Party" and collectively, the "Parties") to a settlement

agreement dated October 16, 2019 (the "Settlement Agreement")[2] that was previously approved

by this Court by Order dated October 17, 2019 [D.I. 335]; and the Court having read the

Application, and it appearing that the relief requested is in the best interests of the Debtor, its

estate and its creditors; and for good cause shown;

**IT IS HEREBY ORDERED THAT:**

1.     The Amendment to the Settlement Agreement is approved.

2.     The Parties are authorized to take all actions necessary to effectuate the relief

granted pursuant to this Order.

3.     This Order shall be immediately effective and enforceable upon its entry.

4.     The use of Direct Payments as set forth in the Amendment shall not limit or

preclude the Office of the United States Trustee from identifying such payments as

disbursements for purposes of 28 U.S.C. § 1930 and the Debtor reserves and preserves all of its

rights and defenses with respect thereto.

5.     This Court shall retain exclusive jurisdiction to hear and decide any and all

disputes related to or arising from the implementation, interpretation, and enforcement of this

---

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Settlement Agreement.

Page: 3
Debtor: Hollister Construction Services, LLC
Case No.:  19-27439 (MBK)
Caption:   *Order Approving First Amendment to Settlement Agreement with Ricoh USA*

Order.

# EXHIBIT A

## FIRST AMENDMENT TO SETTLEMENT AGREEMENT BY BETWEEN AND AMONG HOLLISTER CONSTRUCTION SERVICES, LLC, THE PROJECT OWNER AND CERTAIN SUBCONTRACTORS

This First Amendment to Settlement Agreement ("Amendment") is made and entered into this 18th day of November, 2019, by, between and among Hollister Construction Services, LLC, as construction manager (the "Debtor"); Ricoh USA as Owner ("Owner"); and each of the subcontractors identified on Exhibit A of the Agreement (the "Subcontractors") (each a "Party," and collectively, the "Parties").

### RECITALS

WHEREAS, the Parties are parties to a settlement agreement (the "Agreement")[1] dated October 16, 2019; and

WHEREAS, on October 17, 2019, the Bankruptcy Court entered an order approving the Agreement and authorizing the Parties to perform their respective obligations therein [D.I. 335]; and

WHEREAS, the Agreement required the Debtor to establish a Project Escrow Account administered by an independent funds control agent pursuant to a separate Escrow Agreement with PNC for the purpose of paying the Subcontractors for their Pre-Petition Work and Post-Petition Work; and

WHEREAS, attached to the Agreement at Exhibit "A" is a schedule of pre-petition amounts owed to the Subcontractors; and

WHEREAS, the Agreement contemplated payment of an Initial Payment and an Additional Payment by Owner into the Escrow Account, to occur on or about October 22, 2019 and October 29, 2019, respectively; and

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Agreement.

WHEREAS, the Debtor has experienced a delay in establishing the Project Escrow Account and, as of the date of this Amendment, the Escrow Account has not been established; and

WHEREAS, since the Project Escrow Account has not been established, no payments have been made to the Subcontractors as contemplated in the Agreement; and

WHEREAS, the Subcontractors have ceased work on the Project due to non-payment of amounts contemplated by the Agreement; and

WHEREAS, the Subcontractors are prepared to immediately return to the job upon payment of the sums due to them under the Agreement; and

WHEREAS, with time being of the essence to complete the Project, the Parties have entered into this Amendment to allow for direct payment by the Owner to the Subcontractors of amounts due and owing to them under the Agreement, until the Escrow Account is established,

NOW, THEREFORE, for good and valuable consideration, the sufficiency of which is expressly acknowledged, the Parties agree as follows:

## AMENDMENT TO AGREEMENT

1.    Incorporation of Terms of Agreement:  Except as expressly stated herein, the terms of the Agreement are expressly incorporated into and made a part of this Amendment.

2.    Incorporation of Recitals:  The recitals above are an integral and material part of this Amendment and are expressly incorporated into and made a part of this Amendment.

3.    Establishment of Escrow Account:    With respect to paragraph 5 of the Agreement, the Parties hereby agree that the Debtor will establish the Escrow Account for the Project within ten (10) business days of the execution of this Amendment. To the extent not

inconsistent with this paragraph 3 of the Amendment, paragraph 5 of the Agreement shall remain unchanged.

4.    <u>Direct Payment to the Subcontractors</u>:  Prior to the establishment of the Escrow Account as contemplated in paragraph 3 of this Amendment the Parties agree that Owner shall pay directly to the Subcontractors any outstanding amounts owed to them as of the date of execution of this Amendment pursuant to the terms of the Agreement (the "<u>Direct Payments</u>"). In no event shall the Direct Payments exceed the amounts to be paid to the Subcontractors from the Pre-Petition Obligation. The Direct Payments are permitted as an accommodation because of the delay in establishing the Escrow Account. Use of the Direct Payments shall in no way limit or preclude the United States Trustee from identifying such payments as disbursements for purposes of 28 U.S.C. § 1930; all parties reserve all rights related thereto.

5.    <u>Reduction of Pre-Petition Obligation</u>:  The amount of any Direct Payments paid by Owner to the Subcontractors pursuant to paragraph 4 above shall serve as a dollar for dollar reduction to the Pre-Petition Obligation that the Owner is obligated to pay into the Escrow Account, once established.  For the sake of clarity, within five (5) business days of the establishment of the Escrow Account, Owner shall deposit into the Escrow Account the total of $703,725.99, less (i) the $50,000 reduction referenced in paragraph 25 of the Agreement, and (ii) the amount of any Direct Payments made to the Subcontractors pursuant to paragraph 4 of this Amendment. To the extent not inconsistent with paragraphs 4 and 5 of this Amendment, paragraph 7 of the Agreement shall remain unchanged.

6.    <u>Remobilization and Recommencement of Work on the Project by the Subcontractors</u>: Each of the Subcontractors shall recommence work on the Project immediately upon receipt of any Direct Payment contemplated in paragraph 4 of this Amendment. To the

extent not inconsistent with this paragraph 6 of the Amendment, paragraph 25 of the Agreement shall remain unchanged.

7.    <u>Release of Preferences</u>:    Notwithstanding the language in paragraph 10 of the Agreement and for the avoidance of doubt, the preference waiver granted to Subcontractors in paragraph 10 shall only be a waiver of preference claims arising out of or related to the Ricoh Project.  To the extent not inconsistent with this paragraph 7 of the Amendment, paragraph 10 of the Agreement shall remain unchanged.

8.    <u>Survival of Other Obligations</u>:    The Parties agree and understand that this Amendment does not relieve them of any of their obligations under the Agreement, except as expressly modified herein.

9.    <u>Counterparts</u>:  This Amendment may be executed in counterparts, each of which shall be treated as an original. A facsimile copy of a signature to this Amendment shall be as binding as an original.

10.    <u>Representations</u>: The Parties have relied solely on their own judgment, belief and knowledge and the advice and the recommendation of their own independently-selected counsel in entering into this Amendment.   Each side shall bear its own costs, disbursements, and attorneys' fees, as incurred.

11.    <u>Amendment Binding Upon Successors</u>:    The Parties agree that the terms, conditions and provisions of this Amendment are binding upon, and shall inure to the benefit of all assigns, successors-in-interest, personal representatives, estates, administrators, heirs, devisees and legatees of each of the Parties.

-4-

12.    <u>Reservation of Rights</u>:  Each Party expressly reserves all rights to the extent that any Party fails timely to perform their respective obligations under the Agreement as modified hereunder.

13.    <u>Authority</u>:    The signatories to this Amendment represent that they are duly authorized to execute this Amendment on behalf of their principal, that the respective party they represent possesses the right and authority to enter into this Amendment and that the making of this Amendment does not violate any separate agreement with any other person or entity.

*[Signature Page Follows]*

IN WITNESS WHEREOF, the undersigned have executed this Amendment, effective the day first above written.

**HOLLISTER CONSTRUCTION SERVICES, LLC**

By: _Chris Johnson_    Head Coach

~~Brendan Murray, President~~
399 Jefferson Road
Parsippany, NJ 07054

**OWNER**
Ricoh USA

By: _____
          Name:
          Title:
          Address:

-6-

IN WITNESS WHEREOF, the undersigned have executed this Amendment, effective the day first above written.

**HOLLISTER CONSTRUCTION SERVICES, LLC**

By: _____
      Brendan Murray, President
      399 Jefferson Road
      Parsippany, NJ 07054

**OWNER**
Ricoh USA

By: _____
      Name:   Tina M. Johns
      Title:    VP, Finance Operations
      Address:  300 Eagleview Blvd, Ste. 200
                 Exton PA 19341

**SUBCONTRACTOR**
Benco, Inc.
By: _____
      Name:  Karen Pyonin
      Title:  CEO
    Address:10 Madison Rd
          Suite E
          Fairfield, NJ  07004

**SUBCONTRACTOR**
Bridge Builders Newark

By: _____

      Name:
      Title:
      Address:

**SUBCONTRACTOR**
Cardella Waste

By: _____

Name: Joseph Cardella
Title: Senior Vice President
Address:  2400 Tonnelle Avenue, North Bergen, NJ 07047

-9-

**SUBCONTRACTOR**
Everlast Floors Inc.

By: _____    11/12/19

    Name:
    Title:
    Address:

**SUBCONTRACTOR**
Glass Tech Inc.

By: _Lisa A Morris_
    Name: _Lisa A. Morris_
    Title: _V. P._
    Address: _2300 South Clinton Ave._
            _South Plainfield NJ 07080_

_11-18-19_

**SUBCONTRACTOR**
Industrial Maintenance, Inc.

By:

    Name:
    Title:
    Address:

**SUBCONTRACTOR**
Infinity Electric

By: _M. DePalma_

    Name: Matt DePalma
    Title: V.P
    Address: 245 East Inman Ave
           Rahway NJ 07065

-13-

*Ricoh*

**SUBCONTRACTOR**
KMC Mechanical, Inc.

By: _____   11/12/19

   Name: PAMELA BRONANDER
   Title: VP
   Address: 62 Main Street
   Bloomingdale, NJ 07403

-14-

**SUBCONTRACTOR**

National Fireproofing

By: _____

Name: Lou Popstefanov

Title: President

Address: 139 Van Winkle Avenue, Garfield, NJ 07026

**SUBCONTRACTOR**
The Redline Group, Inc.

By: _____    11.13.19

   Name:      Anthony E. Wolsko
   Title:        President
   Address:    27 Chestnut St.
                Ridgewood, NJ 07450

-16-

United States Bankruptcy Court
District of New Jersey

```
In re:                                                      Case No. 19-27439-MBK
Hollister Construction Services, LLC                        Chapter 11
          Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 0312-3          User: admin          Page 1 of 1          Date Rcvd: Nov 20, 2019
                             Form ID: pdf903       Total Noticed: 1
```

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 22, 2019.
db              +Hollister Construction Services, LLC,    339 Jefferson Road,    Parsippany, NJ 07054-3707

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                   TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 22, 2019                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 20, 2019 at the address(es) listed below:
NONE.                                                                                   TOTAL: 0
```