| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-1 |
| **LOWENSTEIN SANDLER LLP**<br>Kenneth A. Rosen, Esq.<br>Bruce Buechler, Esq.<br>Joseph DiPasquale, Esq.<br>Mary E. Seymour, Esq.<br>Jennifer B. Kimble, Esq.<br>Arielle Adler, Esq.<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>(973) 597-2500 (Telephone)<br>(973) 597-2400 (Facsimile)<br><br>*Counsel to the Debtor and*<br>*Debtor-in-Possession* |
| In re:<br><br>**HOLLISTER CONSTRUCTION SERVICES, LLC,**[1]<br><br>Debtor. |

**FILED**
JEANNE A. NAUGHTON, CLERK
NOV 2 1 2019
U.S. BANKRUPTCY COURT
TRENTON, NJ
BY_____DEPUTY

Chapter 11

Case No. 19-27439 (MBK)

**SECOND INTERIM ORDER AUTHORIZING DEBTOR TO (I) EMPLOY AND RETAIN 10X CEO COACHING, LLC AND (II) DESIGNATE PAUL BELAIR AS CHIEF RESTRUCTURING OFFICER FOR THE DEBTOR <u>EFFECTIVE AS OF THE PETITION DATE</u>**

The relief set forth on the following pages, numbered two (2) through and including six (6), is hereby **ORDERED**.

11/24/2019

*/s/ Michael B. Kaplan*
MICHAEL B. KAPLAN,
USBJ

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

37322/3
11/20/2019 205446743.1

Page: 2
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Second Order Authorizing Debtor to (I) Employ and Retain 10X CEO Coaching, LLC and (II) Designate Paul Belair as Chief Restructuring Officer for the Debtor Effective as of the Petition Date

---

Upon consideration of the Application (the "Application")[2] of the above-captioned debtor and debtor-in-possession (the "Debtor") pursuant to sections 105(a) and 363(b) of the Bankruptcy Code for entry of an order to (i) retain 10X CEO Coaching, LLC ("10X") to provide the Debtor with a Chief Restructuring Officer ("CRO"), and (ii) to appoint Paul Belair as the CRO effective as of the Petition Date in accordance with the terms and conditions set forth in the Engagement Letter; and upon consideration of the Belair Declaration submitted in support of the Application; and the Court being satisfied that 10X and the CRO are each a disinterested person and represents no interest adverse to the Debtor's estate in the matters with respect to which 10X is to be employed; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that granting the relief requested in the Application is in the best interests of the Debtor, its estate and creditors; and the terms and conditions of the proposed retention as set forth in the Engagement Letter are reasonable; and upon consideration of the Application and any objections thereto; and it appearing that notice of the Application is sufficient under the circumstances; and any objections to the requested relief having been withdrawn or overruled on the merits; and the Court having entered an *Interim Order Authorizing Debtor to (I) Employ and Retain 10X CEO Coaching, LLC*

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

Page: 3
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Second Order Authorizing Debtor to (I) Employ and Retain 10X CEO Coaching, LLC and (II) Designate Paul Belair as Chief Restructuring Officer for the Debtor Effective as of the Petition Date

---

*and (II) Designate Paul Belair as Chief Restructuring Officer for the Debtor Effective as of the Petition Date* on October 21, 2019 [Docket No. 350], and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth below.

2. The Debtor is authorized to engage 10X and designate Paul Belair as CRO, effective as of the Petition Date through and including January 20, 2020, on the terms described in the Application and Engagement Letter subject to the following terms, which apply notwithstanding anything in the Application, Engagement Letter, or any exhibit(s) related thereto to the contrary.

3. For a period of three (3) years after the conclusion of the engagement, 10X shall not make any investments in the Debtor or reorganized Debtor.

4. 10X shall not act in any other capacity in connection with the above-captioned case.

5. In the event the Debtor seeks to have 10X personnel assume executive officer positions that are different than the position(s) disclosed in the Application or in this Order, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement, an application to modify the retention shall be filed.

6. 10X shall file with the Court, with copies to the United States Trustee ("U.S. Trustee"), the secured lender PNC Bank, National Association ("PNC") and the Official Committee of Unsecured Creditors appointed in the case (the "Committee"), a report of staffing

Page:     4
Debtor:   Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption:  Second Order Authorizing Debtor to (I) Employ and Retain 10X CEO Coaching, LLC and (II) Designate Paul Belair as Chief Restructuring Officer for the Debtor Effective as of the Petition Date

---

on the engagement for the previous month. Such report shall include the names and functions filled of the individuals assigned. All staffing shall be subject to review by the Court in the event an objection is filed.

7.  No principal, employee or independent contractor of 10X shall serve as a director of the Debtor during the pendency of the Chapter 11 Case.

8.  10X shall file with the Court, and provide notice to the U.S. Trustee, PNC, and the Committee, reports of compensation earned and expenses incurred on a monthly basis and be compensated in accordance with any order authorizing payment of interim compensation. Such reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee, and provide and itemize the expenses incurred. Time records shall (i) be appended to the reports, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category. Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in 1/10 hour increments and the corresponding charge (time multiplied by hourly rate) for each task; where personnel are providing services at a "flat" rate, the time entries shall be kept in hourly increments. All compensation shall be subject to review by the Court in the event an objection is filed, under a reasonableness standard. Interested parties shall have twenty-one (21) days after the report is filed and served upon them to object.

9.  Subject to the provisions of paragraph 8 of this Order, the Debtor is authorized to pay 10X pursuant to the terms set forth in the Engagement Letter and the Application.

Page: 5
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Second Order Authorizing Debtor to (I) Employ and Retain 10X CEO Coaching, LLC and (II) Designate Paul Belair as Chief Restructuring Officer for the Debtor Effective as of the Petition Date

---

10. Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, if the case is dismissed for cause, or the appointment of a trustee.

11. 10X and the CRO shall not take any action without any necessary approvals from the Debtor's members (the "Board"), shall act under the direction, control and guidance of the Board, and shall serve at the Board's pleasure. Pursuant to this Order, 10X shall not be permitted to serve on the Board.

12. The Debtor is permitted to indemnify Paul Belair on the same terms as provided to the Debtor's other officers and directors under the Debtor's corporate governance documents and applicable state laws, along with insurance coverage under the Debtor's D&O policy.

13. There shall be no indemnification of 10X.

14. In the event of any inconsistency between the Engagement Letter, the Application and this Order, this Order shall govern.

15. Notice of the Application as provided is deemed good and sufficient notice of the Application, and the requirements of Bankruptcy Rule 6004(a), to the extent applicable, and the Local Rules of this Court are satisfied by such notice.

16. To the extent applicable, the Court finds and determines that the requirements set forth in Bankruptcy Rule 6003 are satisfied and that the relief granted herein is necessary to avoid immediate and irreparable harm.

Page:      6
Debtor:    Hollister Construction Services, LLC
Case No.:  19-27439 (MBK)
Caption:   Second Order Authorizing Debtor to (I) Employ and Retain 10X CEO Coaching, LLC
           and (II) Designate Paul Belair as Chief Restructuring Officer for the Debtor Effective
           as of the Petition Date

---

17. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

18. The Debtors and 10X are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

19. 10X shall disclose any and all facts that may have a bearing on whether the firm and/or any individuals working on the engagement hold or represent any interest adverse to the Debtor, its creditors, or other parties in interest. The obligation to disclose pursuant to this paragraph is a continuing obligation.

20. Notwithstanding anything in the Engagement Letter to the contrary, the Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation or enforcement of this Order.

21. Nothing in this Order shall: (a) alter, impede, impair, amend, modify, waive or impact (i) the terms and/or conditions of any of the PNC Credit Documents or any of PNC's or the Debtor's rights, obligations and/or claims thereunder, or (ii) the Reservation of Rights contained in the Limited Objection filed by PNC at Docket Number 206 in response to the Application; and (b) be deemed or construed as a determination regarding the use of PNC's cash collateral to pay any subsequently allowed fees and expenses.

22. A final hearing on the Application shall be held on **January _16_, 2020 at _10:00 AM_ (Eastern Time)**, and any objections to entry of a final order granting the Application shall be in writing, filed with the Court and served upon counsel to the Debtor so as to be received by no later than **4:00 p.m. (Eastern Time) on January _9_, 2020.**

United States Bankruptcy Court
District of New Jersey

In re:  
Hollister Construction Services, LLC  
      Debtor

Case No. 19-27439-MBK  
Chapter 11

# CERTIFICATE OF NOTICE

District/off: 0312-3    User: admin    Page 1 of 1    Date Rcvd: Nov 21, 2019  
                  Form ID: pdf903    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 23, 2019.  
db        +Hollister Construction Services, LLC,   339 Jefferson Road,   Parsippany, NJ 07054-3707

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.    TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 23, 2019        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 21, 2019 at the address(es) listed below:  
NONE.    TOTAL: 0