**LOWENSTEIN SANDLER LLP**
Arielle B. Adler, Esq. (aadler@lowenstein.com)
Bruce Buechler, Esq. (bbuechler@lowenstein.com)
Joseph J. DiPasquale, Esq. (jdipasquale@lowenstein.com)
Jennifer B. Kimble, Esq. (jkimble@lowenstein.com)
Kenneth A. Rosen, Esq. (krosen@lowenstein.com)
Mary E. Seymour, Esq. (mseymour@lowenstein.com)
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtor and*
*Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| **HOLLISTER CONSTRUCTION SERVICES, LLC**,[1] | Case No. 19-27439 (MBK) |
| Debtor. | |

**CERTIFICATION OF PAUL BELAIR IN SUPPORT OF DEBTOR'S MOTION FOR ENTRY OF AN ORDER ENLARGING THE PERIOD WITHIN WHICH THE DEBTOR MAY REMOVE ACTIONS**

Paul Belair, pursuant to 28 U.S.C. § 1746, certifies as follows:

1. I am the Chief Restructuring Officer of Hollister Construction Services, LLC, the Debtor in this Chapter 11 Case.[2] I am duly authorized to make this Certification on behalf of the

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

[2] *See Second Interim Order Authorizing the Debtor to (I) Employ and Retain 10X CEO Coaching, LLC and (II) Designate Paul Belair as Chief Restructuring Officer for the Debtor Effective as of the Petition Date* [Docket No. 559].

37322/3
11/25/2019 205473669.2

Debtor. I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.

2. This Certification is submitted in support of the *Debtor's Motion for Entry of An Order Enlarging the Time Within Which the Debtor May Remove Actions* (the "Motion") [Docket No. 568].[3] By the Motion, the Debtor seeks an extension of the time period in which it may remove Actions to the Bankruptcy Court from December 10, 2019 through and including April 8, 2020, without prejudice to the Debtor's right to seek further extensions of the period of time during which the Debtor may seek removal of any Actions.

3. The Debtor is a party to certain Actions pending as of the Petition Date in the state courts of New Jersey and New York, including, for example, construction lien foreclosure actions. On October 17, 2019, the Debtor filed its Schedules and Statements [Docket No. 340]. The Debtor identified in its Schedules and Statements all of the Actions of which the Debtor was currently aware. The Debtor has already removed one such Action, *Newark Warehouse Urban Renewal LLC et al. v. Hollister Construction Services LLC et al.*, Adv. Pro. No. 19-02222(MBK) to the Bankruptcy Court.

4. However, the Debtor has focused the majority of its time and attention to date addressing certain other time-sensitive matters in the Chapter 11 Case. These matters include: (a) evaluating the Debtor's various bonded and non-bonded construction projects; (b) negotiating global settlements with the project owners, subcontractors and other project stakeholders on "go-forward" jobs to allow the Debtor to complete certain of its ongoing construction projects, which will provide necessary cash flow and funding needed for the Debtor's continued operations, repayment of its debt to PNC Bank and maximize the value of the Debtor's assets for all stakeholders; (c) engaging in discussions with project owners, subcontractors and other project stakeholders to resolve disputes regarding other construction projects where the Debtor has determined it will not complete the project, and working to collect outstanding accounts receivable

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

due to the Debtor on such projects; and (d) negotiating other critical matters with the Committee, PNC Bank, Arch Insurance Company and Arch Reinsurance Company, and other interested parties. Consequently, the Debtor has not completed its analysis of which other Actions, if any, it will seek to remove.

5. The Debtor will continue to analyze the Actions, as well as any filed proofs of claim, to determine whether the Debtor will seek to remove any Actions, but requires the additional time sought by the Motion to do so.

I certify under penalty of perjury that based upon my knowledge, information and belief as set forth herein, the foregoing statements are true and correct.

Dated: November 25, 2019

                                                   Paul Belair
                                                   Chief Restructuring Officer

Debtor's assets for all stakeholders; (c) engaging in discussions with project owners, subcontractors and other project stakeholders to resolve disputes regarding other construction projects where the Debtor has determined it will not complete the project, and working to collect outstanding accounts receivable due to the Debtor on such projects; and (d) negotiating other critical matters with the Committee, PNC Bank, Arch Insurance Company and Arch Reinsurance Company, and other interested parties. Consequently, the Debtor has not completed its analysis of which other Actions, if any, it will seek to remove.

5. The Debtor will continue to analyze the Actions, as well as any filed proofs of claim, to determine whether the Debtor will seek to remove any Actions, but requires the additional time sought by the Motion to do so.

I certify under penalty of perjury that based upon my knowledge, information and belief as set forth herein, the foregoing statements are true and correct.

Dated:    November 25, 2019

Paul Belair
Chief Restructuring Officer

37322/3
11/25/2019 205473669.2