**LOWENSTEIN SANDLER LLP**
Arielle B. Adler, Esq. (aadler@lowenstein.com)
Bruce Buechler, Esq. (bbuechler@lowenstein.com)
Joseph J. DiPasquale, Esq. (jdipasquale@lowenstein.com)
Jennifer B. Kimble, Esq. (jkimble@lowenstein.com)
Kenneth A. Rosen, Esq. (krosen@lowenstein.com)
Mary E. Seymour, Esq. (mseymour@lowenstein.com)
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>**HOLLISTER CONSTRUCTION SERVICES, LLC**,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-27439 (MBK)<br><br>Hearing Date: December 12, 2019 at 10:00 a.m.<br><br>Objection Deadline: December 5, 2019 |

**DEBTOR'S OBJECTION TO MOTION OF 360 FIRE PREVENTION, LLC TO MODIFY AUTOMATIC STAY OF PROCEEDINGS**

The above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to the *Motion to Modify Automatic Stay of Proceedings* [Docket No. 464] (the "Motion")[2] filed by 360 Fire Prevention, LLC ("360"). In support of this Objection, the Debtor respectfully represents as follows:

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

## BACKGROUND

1. On September 11, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby initiating the above-captioned chapter 11 case (the "Chapter 11 Case"). The Debtor continues to operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner.

2. On September 23, 2019, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in this Chapter 11 Case.

3. Additional details regarding the Debtor's business and the facts and circumstances surrounding the filing of this Chapter 11 case is set forth in the *Declaration of Brendan Murray in Support of First Day Relief* (the "First Day Declaration") [Docket No. 15].

4. On November 8, 2019, 360 filed the Motion seeking to modify the automatic stay under 11 U.S.C § 362(a) pursuant to Section 362(d) to permit it to proceed with its alleged claims against Lifetown, Inc. ("Lifetown"), which specifically seek to recover $64,510.30 that 360 alleges the Debtor owes to 360 under the Subcontract (defined below).

5. As described by Lifetown, Lifetown is a not for profit company that owns and operates a fully inclusive and accessible center for individuals with special abilities and their families, and provides life-skills programs, educational opportunities and job training. [*See* Lifetown Letter Brief, Docket No. 608, at 1.]

6. Before the Petition Date, Lifetown and the Debtor entered into a contract for construction work (the "Prime Contract") at Lifetown's center, located at 10 Microlab Road, Livingston, New Jersey 07039 (the "Project").

7. Subsequently, the Debtor entered into a contract with 360 for certain fire protection work related to the Project (the "Subcontract").

8. 360 asserts that, on January 22, 2019, it filed a construction lien in the amount of $64,510.30 for amounts it alleged were due and owing from the Debtor under the Subcontract. [*See* Motion, ¶¶ 15, 23.] 360 continues that it commenced an action against the Debtor and Lifetown in the New Jersey Superior Court, Essex County (the "State Court") asserting the following claims: foreclosure of the construction lien against both the Debtor and Lifetown, breach of contract against the Debtor, unjust enrichment against Lifetown, and *quantum meruit* against both the Debtor and Lifetown (the "State Court Action"). [*See id.*, ¶ 28.] Notably, all of the claims 360 alleged in the State Court Action, including the unjust enrichment claim against Lifetown only, seek a judgment for damages in the amount of $64,510.30—the exact amount 360 alleges remains due from the Debtor under the Subcontract. [*See Complaint for Lien Foreclosure, Other Relief and Demand For Jury Trial*, Docket No. 464-4 at 5-6.]

9. 360 alleges that on October 11, 2019, the State Court dismissed the State Court Action without prejudice due to the pendency of this Chapter 11 Case. [*See id.*, ¶ 31.]

10. In its *Statement as to Why No Brief is Necessary* filed with the Motion, 360 alleges that:

> It is well settled that one of the primary purposes of the automatic stay under 11 U.S.C. § 362(a) is protect the debtor estate [sic] from disruption until bankruptcy proceedings are concluded. See, McCartney v. Integra Nat. Bank North, 106 F.3d 506, 509 (3dr [sic] Cir. 1997). As such, "the clear language of section 362(a) stays actions only against a "debtor"…[the stay] maybe not be invoked by…sureties, guarantors, co-obligors or others." Ibid.

[Docket No. 464-7].

11. On November 5, 2019, Lifetown filed a letter brief in opposition to the Motion ("Lifetown's Opposition"). [Docket No. 608]. Among other things, Lifetown contends that 360

failed to allege any "cause" for relief from the automatic stay under Section 362(a), as 360 alleged only that it has not been paid and wants to be paid. [*See id.* at 2.] Lifetown also alleges that any money it owes pursuant to the Prime Contract is an account receivable of the Debtor and therefore property of the estate, citing *In re Linear Elec. Co.*, 852 F.3d 313 (3d Cir. 2017). [*See* Lifetown's Opposition at 2.]

## THE DEBTOR'S OBJECTION

12. The Debtor joins in Lifetown's Opposition with respect to Lifetown's assertions that 360 failed to allege any "cause" for relief from the automatic stay and that any money Lifetown owes to the Debtor pursuant to the Prime Contract is property of the estate, for the reasons set forth therein.[3]

13. As Lifetown noted, 360 is incorrect in asserting the automatic stay of 11 U.S.C. § 362(a) does not apply to the claims it asserts against Lifetown. As the Third Circuit found in *Linear Electric*, where the lien claim payment process allows a subcontractor to collect its recovery by subtracting it from a debtor/general contractor's accounts receivable that are due for the value of the materials or services provided under the subcontracts, such lien is against the debtor's property. *See* 852 F.3d at 320-21. The same lien claim payment process would apply as between Lifetown, the Debtor and 360. Section 362(a) explicitly provides that the filing of the petition stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(1). Accordingly, the automatic stay applies to 360's claims against Lifetown, which, as alleged in the State Court Action, are wholly based on 360's assertion of a right to payment against the Debtor under the Subcontract.

---

[3] The Debtor reserves its rights with respect to Lifetown's other positions and assertions in Lifetown's Opposition.

14. Next, 360 has failed to even allege, much less establish, that cause exists to lift the automatic stay to permit 360 to pursue its claims against Lifetown but based on an asserted right to payment from the Debtor.

15. Section 362(d)(1) requires that a party seeking to lift the automatic stay show "cause" for such relief. *See In re Telegroup, Inc.*, 237 B.R. 87, 91 (Bankr. D.N.J. 1999) ("[S]ection 362(d)(1) requires an *initial* showing of 'cause' by the movant."). Where the moving party fails to satisfy its burden to show that "cause" exists, the Court is compelled to deny the motion. *See In re Aleris Int'l, Inc.*, 456 B.R. 35, 48 (Bankr. D. Del. 2011).

16. In determining whether "cause" exists for granting relief from the automatic stay, a court should look at the totality of the circumstances. *In re Wilson*, 116 F.3d 87, 90 (3d. Cir. 1997). Whether "cause" exists is a decision within the sound discretion of the bankruptcy court, and one that must be determined on a case-by-case basis. *See e.g., In re SCO Grp., Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007); *Izzarelli v. Rexene Prods. Co. (In re Rexene Prods. Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (citing *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991)).

17. As noted in *In re Telegroup, Inc.*, 237 B.R. 87, 91 (Bankr. D.N.J. 1999), courts should balance three prongs when determining if a movant has met its burden to establish "cause":

(i) Whether any great prejudice to the estate or the debtor will result from terminating the stay;

(ii) Whether the hardship to the movant by maintenance of the stay considerably outweighs the hardship to the debtor; and

(iii) The probability of the movant prevailing on the merits. *See id.*

18. 360 failed to allege any facts to support a finding that "cause" exists to lift the automatic stay here. Instead, 360 alleges that the Debtor has not paid 360 what 360 believes it is owed under the Subcontract, and 360 and wants to pursue Lifetown for that unpaid amount. This

-5-

bare assertion falls well short of satisfying 360's burden under Section 362(d) and is devoid of any facts that would allow this Court to weigh the prejudice to the estate and the Debtor from terminating the stay against any alleged hardship to 360 from continuing the stay. Therefore, the Motion should be denied.

## **RESERVATION OF RIGHTS**

19. The Debtor reserves and preserves all of its rights to supplement, modify and amend this Objection and to raise other or further arguments with respect to the Motion either before or at the Hearing.

## **CONCLUSION**

**WHEREFORE**, the Debtor respectfully requests that the Court (i) sustain the Debtor's Objection, (ii) deny the Motion, and (iii) grant such other and further relief as the Court deems just and proper.

Dated: December 5, 2019　　　　　　　　Respectfully submitted,

**LOWENSTEIN SANDLER LLP**

/s/ *Kenneth A. Rosen*
Kenneth A. Rosen, Esq.
Bruce Buechler, Esq.
Joseph J. DiPasquale, Esq.
Mary E. Seymour, Esq.
Jennifer B. Kimble, Esq. (admitted *pro hac vice*)
Arielle B. Adler, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)
krosen@lowenstein.com
bbuechler@lowenstein.com
jdipasquale@lowenstein.com
mseymour@lowenstein.com
jkimble@lowenstein.com
aadler@lowenstein.com

*Counsel to the Debtor and Debtor-in-Possession*