UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>HOLLISTER CONSTRUCTION SERVICES, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-27439 (MBK) |

**DECLARATION OF MATT HIGGINS
IN FURTHER SUPPORT OF DEBTOR'S MOTION FOR INTERIM AND FINAL
ORDERS (I) AUTHORIZING, BUT NOT DIRECTING THE DEBTOR TO (A) PAY
PRE-PETITION WAGES, SALARIES, AND RELATED OBLIGATIONS, (B) PAY AND
REMIT PRE-PETITION PAYROLL TAXES AND OTHER DEDUCTIONS TO THIRD
PARTIES, AND (C) HONOR EMPLOYEE BENEFIT PROGRAMS IN THE ORDINARY
COURSE OF BUSINESS; (II) AUTHORIZING AND DIRECTING BANKS TO HONOR
CHECKS AND TRANSFERS FOR PAYMENT OF PRE-PETITION EMPLOYEE
OBLIGATIONS; AND (III) GRANTING RELATED RELIEF**

I, Matt Higgins, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am the Vice President and Chief People Office ("CPO") of Hollister Construction Services, LLC, the above-captioned debtor and debtor-in-possession ("Hollister" or the "Debtor"). I have served as the Vice President of Hollister since November 2013. In my capacity as CPO, I am generally familiar with the Debtor's employees and its day-to-day operations.

2. I submit this declaration (the "Declaration") in further support of the *Debtor's Motion For Interim and Final Orders (I) Authorizing, But Not Directing, the Debtor to (A) Pay Pre-Petition Wages, Salaries and Related Obligations, (B) Pay and Remit Pre-Petition Payroll Taxes and Other Deductions to Third Parties, and (C) Honor Employee Benefit Programs in the Ordinary Course of Business; (II) Authorizing and Directing Banks to Honor Checks and*

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

37322/2
12/11/2019 205545351.6

*Transfers For Payment of Pre-Petition Employee Obligations; and (III) Granting Related Relief* (the "Wage Motion") [Docket No. 8] as it relates to the Debtor's pending request to pay an independent contractor of the Debtor (the "Independent Contractor") for services provided to the Debtor during the period of September 1, 2019 through September 11, 2019 in the total amount of $4,307.20 (the "Pre-Petition Amount").

3. Pre-petition, the Debtor engaged the Independent Contractor to work as a construction project supervisor on certain of the Debtor's construction projects and owed the Pre-Petition Amount to him as of the Petition Date.[2] Because the Pre-Petition Amount was inadvertently omitted from the Wage Motion, the Debtor sought authorization to supplement the Wage Motion to include its request to pay the Pre-Petition Amount.

4. On October 16, 2019, the Debtor filed a *Declaration of Brendan Murray in Support of Supplement to Debtor's Motion For Interim and Final Orders (I) Authorizing, But Not Directing, the Debtor to (A) Pay Pre-Petition Wages, Salaries and Related Obligations, (B) Pay and Remit Pre-Petition Payroll Taxes and Other Deductions to Third Parties, and (C) Honor Employee Benefit Programs in the Ordinary Course of Business; (II) Authorizing and Directing Banks to Honor Checks and Transfers For Payment of Pre-Petition Employee Obligations; and (III) Granting Related Relief* (the "Murray Declaration") [Docket No. 332].

5. I am advised by counsel that during the October 17, 2019 final hearing on the Wage Motion and the Debtor's request to pay the Pre-Petition Amount, the Court accepted the Murray Declaration and ruled that the Debtor would be authorized to pay the Pre-Petition Amount to the Independent Contractor when and if the Debtor re-engaged the Independent Contractor to provide services to the Debtor post-petition, upon the filing of a declaration of the Debtor confirming the

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Wage Motion or the Murray Declaration.

re-engagement of the Independent Contractor. This Declaration is submitted in connection with the Court's ruling at the October 17, 2019 hearing.

6. Since that hearing, the Debtor has reached settlements on several of its pending construction projects that will allow the Debtor to re-commence construction work on those projects.[3] The Debtor is finalizing a similar settlement for the project known as The Hub at Harrison Station, Harrison, New Jersey (the "Hub Project").

7. Pending the restart of the Hub Project, the Debtor has continued to maintain and protect the project site and property post-petition. As project supervisor on the Hub Project, the Independent Contractor is currently rendering services to the Debtor by, among other things, managing and performing as needed the cleanup, maintenance, temporary site conditioning and other required upkeep of the project site until the Court approves the anticipated settlement on the Hub Project. The Debtor anticipates that the Independent Contractor will provide additional critical services on the Hub Project upon approval of the pending settlement and resumption of construction. The services of the Independent Contractor as project supervisor are critical to the Debtor's ability not only to perform and supervise the work of subcontractors on the Hub Project and to timely complete it once the anticipated settlement is approved, but to protect and maintain the project site until that time.

8. Accordingly, the Debtor requests authority to pay the Pre-Petition Amount to the Independent Contractor for pre-petition services provided to the Debtor during the period of September 1, 2019 through September 11, 2019.

---

[3] *See, e.g., Order Granting Debtor's Motion Approving the Settlement Agreement By and Among the Debtor, CS Utica & Remsen, LLC and Subcontractors Pursuant to Fed. R. Bankr. P. 9019* [Docket No. 534]; *Order Granting Debtor's Motion Approving of Amended Settlement Agreement By and Among the Debtor, Latitude East Owner, LLC and Latitude West Owner, LLC and Subcontractors Pursuant to Fed. R. Bankr. P. 9019* [Docket No. 522]; *Order Approving Settlement and Compromise by and Among the Debtor, Tipico Products Co., Inc. and Various Subcontractors Pursuant to Fed. R. Bankr. P. 9019* [Docket No. 486].

I declare under penalty of perjury that, to the best of my knowledge, information and belief, the foregoing is true and correct.

Dated: December 11, 2019

By: /s/ Matt Higgins

**Hollister Construction Services, LLC**
*Chapter 11 Debtor and Debtor in Possession*

Matt Higgins
Vice President and Chief People Officer