| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>**LOWENSTEIN SANDLER LLP**<br>Kenneth A. Rosen, Esq.<br>Bruce Buechler, Esq.<br>Joseph J. DiPasquale, Esq.<br>Mary E. Seymour, Esq.<br>Jennifer B. Kimble, Esq.<br>Arielle B. Adler, Esq.<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>(973) 597-2500 (Telephone)<br>(973) 597-2400 (Facsimile)<br><br>*Counsel to the Debtor and*<br>*Debtor-in-Possession* | **Order Filed on December 12, 2019**<br>**by Clerk**<br>**U.S. Bankruptcy Court**<br>**District of New Jersey** |
| In re:<br><br>**HOLLISTER CONSTRUCTION SERVICES, LLC**,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-27439 (MBK) |

### ORDER (I) AUTHORIZING THE DEBTOR TO (A) REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (B) ENTER INTO A LEASE AMENDMENT; AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through and including four (4), is hereby **ORDERED**.

**DATED: December 12, 2019**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page:     2
Debtor:   Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption:  Order (I) Authorizing the Debtor to (A) Reject Certain Executory Contracts and Unexpired Leases and (B) Enter into a Lease Amendment; and (II) Granting Related Relief

---

**THIS MATTER** having come before the Court on the motion (the "Motion")[2] of the above-captioned debtor and debtor-in-possession (the "Debtor"), seeking entry of an order pursuant to sections 105(a), 365(a) and 554 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rules 6004(h), 6006(a) and 6006(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (I) authorizing the Debtor to (A) reject the Rejected Contract and Leases, as described in the Motion and on Exhibit A hereto, and (B) enter into the Lease Amendment; and (II) granting related relief; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey dated as of September 18, 2012 (Simandle, C.J.); and the Court having determined that the relief requested in the Motion is in the best interest of the Debtor, its estate, and its creditors; and it appearing that due and proper notice of the Motion has been provided and that no other or further notice need be provided; and upon the proceedings had before the Court; and good and sufficient cause appearing therefor, it is hereby **ORDERED**, that:

1.  The Motion is **GRANTED** as set forth herein.

2.  The Rejected Contract and Leases are hereby rejected pursuant to Bankruptcy Code § 365(a) effective as of the dates set forth on Exhibit A to this Order.

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Motion.

Page:       3
Debtor:    Hollister Construction Services, LLC
Case No.:  19-27439 (MBK)
Caption:   Order (I) Authorizing the Debtor to (A) Reject Certain Executory Contracts and Unexpired Leases and (B) Enter into a Lease Amendment; and (II) Granting Related Relief

---

3. Rejection Claims shall be filed by no later than **30 days after the date of entry of this Order**, *i.e.*, the Rejection Claims Deadline, at the following address:

> Hollister Construction Services Claims Processing Center
> c/o Prime Clerk LLC
> 850 3rd Avenue, Suite 412
> Brooklyn, NY 11232

Claims may also be filed electronically at https://cases.primeclerk.com/hcs/EPOCIndex, but may not be delivered by facsimile, telecopy, electronic mail or other electronic transmission. The failure to file a Rejection Claim on or before the Rejection Claims Deadline shall forever bar any counterparty to any of the Rejected Contract and Leases from asserting a Rejection Claim against the Debtor or its estate or from recovering any distribution on account of any such claim.

4. Notwithstanding any provision in any Rejected Lease to the contrary, within twenty (20) days of the date of entry of this Order, all non-debtor parties to the Rejected Leases shall make arrangements with the Debtor to obtain the return of any property leased by the Debtor pursuant to the Rejected Leases. To the extent that any non-debtor party fails to contact the Debtor to obtain the return of such property, such property shall be deemed abandoned pursuant to Section 554(a) of the Bankruptcy Code.

5. The Debtor retains the right to object to, dispute, or assert setoffs or defenses against any filed Rejection Claim, including but not limited to challenging the nature, validity, liability, amount, or classification of any such claim.

6. The Debtor is authorized to enter into the Lease Amendment attached as Exhibit B to this Order.

Page:     4
Debtor:   Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption:  Order (I) Authorizing the Debtor to (A) Reject Certain Executory Contracts and Unexpired Leases and (B) Enter into a Lease Amendment; and (II) Granting Related Relief

---

7. The Debtor's entry into the Lease Amendment is not deemed to be a rejection or assumption of the Lease. Any assumption or rejection of the Lease will abide further motion by the Debtor and order of this Court.

8. This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from this Order.

9. The Debtor is authorized to execute, implement, deliver, and fully perform under any and all instruments and documents necessary, customary or appropriate to the performance of the obligations as contemplated by this Order.

10. Any stay of this Order is waived and this Order is effective immediately upon entry.

## Exhibit A

| Name and Mailing Address of Party to Contract or Lease | Description of Contract or Lease | Rejection Date |
|---|---|---|
| EWA Moonachie, LLC<br>c/o Accordia Realty Management Services, LLC<br>100 Passaic Avenue, Suite 150<br>Fairfield, New Jersey 07004<br><br>For notice purposes only:<br>Alan J. Brody<br>Greenberg Traurig, LLP<br>500 Campus Drive, Suite 400<br>Florham Park, NJ 07932 | Construction contract related to the Moonachie Project | September 11, 2019 |
| GreatAmerica Financial Services Corporation, as Assignee of Reliable Office Systems And Supplies, Inc. dba Reliable Office Systems Inc.<br>625 First St. SE, Suite 800<br>Cedar Rapids, IA 52401<br><br>For notice purposes only:<br>Reliable Office Systems<br>4442 Arthur Kill Road<br>Staten Island, NY 10309 | Lease of ImageRUNNER ADVANCE C3325i and any related items<br><br>Lease of ImagePROGRAF iPF770 MFP L36 and any related items | Date of Entry of the Order<br><br>Date of Entry of the Order |
| Pitney Bowes Inc.<br>PO Box 371887<br>Pittsburg, PA 15250 | Lease of SendPro 300 and any related items | Date of Entry of the Order |
| SBS Delage Landen<br>PO Box 41602<br>Philadelphia, PA 19101<br><br>For notice purposes only:<br>Sharp Business Systems<br>Lease Processing Center<br>1111 Old Eagle School Road<br>Wayne, PA 19087 | Lease of MXM5141N and related items<br><br>Lease of MX5070N and any related items | September 11, 2019<br><br>September 11, 2019 |

-6-

| | | |
|---|---|---|
| For notice purposes only:<br>Docutrend Imaging Solutions<br>29J Commerce Way<br>Totowa, NJ 07512 | | |
| Wells Fargo Vendor Financial Services, LLC<br>Wells Fargo Financial Services<br>1010 Thomas Edison Blvd S.W.<br>Cedar Rapids, Iowa 52404<br><br>For notice purposes only:<br>Docutrend Imaging Solutions<br>29J Commerce Way<br>Totowa, NJ 07512 | Leases of the following three (3) Canon imageRUNNER ADVANCE copiers and any related items:<br><br>Account #450-9681825-001<br>   Model # C5550I II<br>Serial #XUG01864 Assets<br>   Model # C5550I II<br>Serial #XUG01872<br>Account #450-9681825-003<br>   Model# C3530i II<br>Serial #2GU04379 | Date of Entry of the Order |

# Exhibit B

# Lease Amendment

# SIXTH AMENDMENT TO STANDARD OFFICE LEASE

**THIS SIXTH AMENDMENT TO STANDARD OFFICE LEASE** (this "***Amendment***") is made as of _____, 2019 (the "***Effective Date***"), by and between **MANE REAL ESTATE, LLC**, a New Jersey limited liability company, having an address c/o Prism Capital Partners, LLC, 200 Broadacres Drive, Bloomfield, New Jersey 07003 ("***Landlord***"), and **HOLLISTER CONSTRUCTION SERVICES, LLC**, a New Jersey limited liability company, having an address at 339 Jefferson Road, Parsippany, New Jersey 07054 ("***Tenant***").

## W I T N E S S E T H:

**WHEREAS**, The Realty Associates Fund VI, L.P. (Landlord's predecessor in title) and Tenant entered into that certain Standard Office Lease dated March 28, 2012 (the "***Original Lease***"), as amended by that certain First Amendment to Standard Office Lease dated as of April 4, 2014 by and between Landlord and Tenant (the "***First Amendment***"), as further amended by that certain Second Amendment to Standard Office Lease dated as of October 14, 2015 by and between Landlord and Tenant (the "***Second Amendment***"), as further amended by that certain Third Amendment to Standard Office Lease dated as of April 15, 2016 by and between Landlord and Tenant (the "***Third Amendment***"), as further amended by that certain Fourth Amendment to Standard Office Lease dated as of March 3, 2017 by and between Landlord and Tenant (the "***Fourth Amendment***"), as further amended by that certain Fifth Amendment to Standard Office Lease dated as of January 30, 2018 by and between Landlord and Tenant (the "***Fifth Amendment***" and, together with the Original Lease, the First Amendment, the Second Amendment, the Third Amendment and the Fourth Amendment, the "***Lease***") whereby Tenant leases from Landlord as of the Effective Date of this Amendment 15,463 rentable square feet located on the first (1st) floor and 5,785 rentable square feet located on the second (2nd) floor (the "***Existing Premises***") of that certain building located at 339 Jefferson Road, Parsippany, New Jersey 07054 (the "***Building***"); and

**WHEREAS**, the current expiration date of the Lease is October 31, 2020; and

**WHEREAS**, Tenant wishes to, among other things, (i) surrender all of the 15,463 rentable square feet of the Existing Premises located on the first (1st) floor of the Building (the "***Surrender Premises***"), and (ii) retain all of the 5,785 rentable square feet of the Existing Premises located on the second (2nd) floor of the Building (the "***Remaining Premises***"); and

**WHEREAS**, Landlord is willing to (i) accept the surrender of the Surrender Premises, and (ii) agree to the continuation of Tenant's tenancy in the Remaining Premises, in each case, on the terms and conditions contained herein; and

**WHEREAS**, Landlord and Tenant each wish to amend the Lease as of the Effective Date in accordance with, and subject to, the provisions of this Amendment.

1
104209169.v2

**NOW, THEREFORE**, in consideration of the sum of Ten ($10.00) Dollars and other good and valuable consideration exchanged by Landlord and Tenant, the receipt and legal sufficiency of which hereby expressly are acknowledged, the parties hereto covenant and agree as follows:

1. **Recitals; Defined Terms**. The recitals set forth above are hereby incorporated herein by reference as if set forth in full in the body of this Amendment. All words and phrases used herein with initial capital case letters and not otherwise defined in this Amendment shall have the respective meanings ascribed to them in the Lease.

2. **Surrender of the Surrender Premises**. Tenant hereby surrenders, grants, gives up, delivers and yields unto Landlord as of 12:01 A.M. on October 1, 2019 (the "*Surrender Effective Date*"), as if said date were the date specified in the Lease for the expiration thereof, all of its right, title and interest in and to the Surrender Premises, together with all alterations, additions or improvements upon or in the Surrender Premises, to the intent and purpose that all of Tenant's estate in and to the Surrender Premises shall be wholly extinguished as of the Surrender Effective Date; and Landlord hereby accepts from Tenant as of the Surrender Effective Date, such surrender of all of Tenant's right, title and interest in and to the Surrender Premises; and the parties hereby declare and agree that, if Tenant surrenders the Surrender Premises broom clean, with all of Tenant's furniture, fixtures, equipment and other items of personal property removed from the Surrender Premises on or before November 1, 2019 (the "*Clean-Out Date*"), the Surrender Premises shall be released and discharged from the operation of the Lease as of the Surrender Effective Date. Tenant shall retain a right of access to the Surrender Premises until 11:59 P.M. on the Clean-Out Date in order to comply with its obligations set forth in the immediately preceding sentence. If Tenant fails to surrender the Surrender Premises to Landlord on the Clean-Out Date in such condition, all applicable provisions of the Lease will apply to the Surrender Premises. From and after the Surrender Effective Date, the term "*Premises*" as used in the Lease, as amended hereby, shall mean the Remaining Premises. For the avoidance of doubt, the expiration date of the Lease with respect to the Remaining Premises shall continue to be October 31, 2020.

3. **Amendments to the Lease**.

(a) From and after the Surrender Effective Date, Paragraph 1.2 of the Basic Lease Provisions of the Lease shall be deleted in its entirety and replaced with the following: "1.2 Premises: A portion of the second (2nd) floor of the Building as shown on *Exhibit A* attached to the Sixth Amendment (the " *Remaining Premises*")."

(b) From and after the Surrender Effective Date, the reference to "21,248 rentable square feet" in Paragraph 1.3 of the Basic Lease Provisions of the Lease, as amended through the Fourth Amendment, shall be deleted in its entirety and replaced with "5,785 rentable square feet on the second (2nd) floor of the Building".

(c)    (i) From and after the Surrender Effective Date, Paragraph 1.8 of the Basic Lease Provisions of the Lease shall be amended to reflect that Tenant shall pay Base Rent to Landlord with respect to the Remaining Premises in monthly installments in accordance with the following Base Rent schedule:

2
104209169.v2

| **Period or Months of Term** | **Annual Base Rent (annualized amount)** | **Monthly Base Rent** | **Annual Base Rent per rentable square foot** |
|---|---|---|---|
| The Surrender Effective Date until October 31, 2020: | $130,162.56 | $10,846.88 | $22.50 |

(ii)    Tenant shall continue to be liable for and shall pay, at the times and in the manner specified in the Lease, all other rent or additional rent (including but not limited to the Electric Energy Charge, $1.75psf) due pursuant to the Lease with respect to the Remaining Premises.

(d)    From and after the Surrender Effective Date, Paragraph 1.11 of the Basic Lease Provisions of the Lease shall be deleted in its entirety and replaced with the following: "1.11  Tenant's Share (i.e. proportionate share for purposes of Operating Expenses and Real Property Taxes): 5.66%, based upon the Remaining Premises containing 5,785 rentable square feet and the Building containing 102,287 rentable square feet."

(e)    From and after the Surrender Effective Date, Paragraph 1.12 of the Basic Lease Provisions of the Lease shall be amended to provide that with respect to the Remaining Premises, the Base Year shall be calendar year 2016.

(f)    From and after the Surrender Effective Date, the reference to "Unreserved Spaces: Fifty-Seven (57)" in Paragraph 1.13 of the Basic Lease Provisions of the Lease, as amended through the Fourth Amendment, shall be deleted in its entirety and replaced with "Unreserved Spaces: Sixteen (16)".

(g)    From and after the Surrender Effective Date, the reference to "Exhibit A – "Premises"" in Paragraph 1.16 of the Basic Lease Provisions of the Lease shall be deleted in its entirety and replaced with "Exhibit A to this Amendment – "Remaining Premises"".

4.    **Brokers**.  Landlord and Tenant each represents and warrants to the other that it has dealt with no broker, finder or like agent in connection with this Amendment.

5.    **Ratification of Lease**.  Except as modified by this Amendment, the Lease and all of the covenants, agreements, terms, provisions and conditions thereof shall remain in full force and effect and are hereby ratified and affirmed. The covenants, agreements, terms, provisions and conditions contained in this Amendment shall bind the parties hereto and their respective successors and assigns and shall inure to the benefit of the parties hereto and their respective permitted successors and assigns. In the event of any conflict between the provisions of this Amendment and the Lease, the provisions contained in this Amendment shall prevail and be paramount.

3
104209169.v2

      6.    **Counterparts**.  This Amendment may be executed in any number of counterparts and in PDF or other comparable electronic format, each of which shall constitute an original and together a single instrument, with the same effect as if the signatures thereto and hereto were upon the same instrument.

      7.    **Binding Effect**.  This Amendment shall become binding and be effective only upon execution and delivery of this Amendment by each of Landlord and Tenant to the other.

      8.    **Authority/Representations**.   Landlord and Tenant represent, warrant and covenant to each other that (a) each has the right, power, legal capacity and authority to execute, deliver and perform under this Amendment (and, that with respect to both Landlord and Tenant, no other authority or approval, including, but not limited to, the approval of any lender, mortgagee or trustee is required or if such consent is required, all such required consents have been obtained), and (b) this Amendment constitutes the entire agreement between the parties with respect to the matters herein contained.

    THE REMAINDER OF THIS PAGE IS LEFT INTENTIONALLY BLANK

**IN WITNESS WHEREOF**, the parties hereto have caused this Amendment to be duly executed as of the day and year first above written.

**LANDLORD:**

**MANE REAL ESTATE, LLC**, a New Jersey limited liability company

By: _____
Name:
Title:

**TENANT:**

**HOLLISTER CONSTRUCTION SERVICES, LLC**, a New Jersey limited liability company

By: _____
    Name:
    Title:

EXHIBIT A
REMAINING PREMISES

[SEE ATTACHED]

104209169.v2