**McMANIMON, SCOTLAND**
**& BAUMANN, LLC**
75 Livingston Avenue, Suite 200
Roseland, New Jersey  07068
(973) 622-1800
Sam Della Fera, Jr., Esq. (sdellafera@msbnj.com)
Joshua H. Raymond, Esq. (jraymond@msbnj.com)
*Attorneys for Official Committee of Unsecured*
*Creditors of Hollister Construction Services, LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| HOLLISTER CONSTRUCTION SERVICES, LLC, | Case No. 19-27439 (MBK) |
| Debtor. | Hearing Date:  December 19, 2019 at 10:00 a.m. |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE FIRST AND FINAL FEE APPLICATION OF PARKLAND GROUP, INC. AS FINANCIAL ADVISOR TO THE DEBTOR FOR THE PERIOD OF SEPTEMBER 11, 2019 THROUGH OCTOBER 24, 2019**

The Official Committee of Unsecured Creditors (the "Committee") of Hollister Construction Services, LLC (the "Debtor"), by and through its counsel, McManimon, Scotland & Baumann, LLC, submits this Objection to the First and Final Fee Application (the "Fee Application") filed by Parkland Group, Inc. ("Parkland") as financial advisor to the Debtor [Docket No. 506], and respectfully states as follows:

**PRELIMINARY STATEMENT**

1.    Parkland was retained to, among other things, (i) guide the Debtor through the chapter 11 process, (ii) review the weekly roll-forward 13-week cash flow, (iii) review the actual versus budget, (iv) assist management with communications and negotiations with critical vendors and customers, (v) assume primary responsibility for communicating and negotiating

with the Debtor's existing lender and the DIP lender, (vi) serve as the primary liaison and otherwise coordinate efforts with the Debtor's proposed investment banker, (vii) assist in formulating a plan of reorganization, and (viii) provide expert testimony.  See the Debtor's application to retain Parkland as financial advisor (the "Parkland Retention Application") [Docket No.37].  As evidenced by the Fee Application itself, Parkland provided none of those services.

2.   Parkland did, however, spend a lot of time traveling.  Fully one-third (10.5 hours) of the 30.4 hours of services rendered as set forth in the Fee Application is for travel time.  Of the balance of the time billed (19.9 hours), allegedly spent rendering financial advisory services, (i) 3 hours were consumed reviewing docket entries, (ii) 5.5 hours were spent in Court at the first day hearing, and (iii) 1.3 hours were incurred to research, review and discuss the United States Trustee's reporting requirements, for reports that Parkland spent no further time assisting the Debtor with; nearly half, squandered.

3.   Of the $2,220.38 in expenses included in the Fee Application, $390.01 was incurred pre-petition, and so not subject to allowance.  Additional expenses appear to have been incurred for food, snacks, and gifts.  These are not reimbursable.

4.   Parkland provided minimal time and effort to the estate in performing its financial advisory services, and was quickly terminated by the Debtor.  It also provided limited, if any, benefit.

5.   Thus, and as set forth below, the Committee objects to the Fee Application.

## BACKGROUND

6.   On September 11, 2019 (the "Petition Date"), the Debtor filed a voluntary petition in this Court under chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 (the "Bankruptcy Code").

2

7. On September 13, 2019, the Debtor filed an application for retention of 10X CEO Coaching ("10X") and sought to designate Paul Belair as the Debtor's Chief Restructuring Officer. [Docket No. 36].

8. Also, on September 13, 2019, the Debtor filed the Parkland Retention Application. [Docket No. 37]. Parkland was retained, effective as of the Petition Date, by order dated October 21, 2019.

9. On September 23, 2019, the Office of the United States Trustee appointed the Committee.

10. On November 14, 2019, Parkland filed its Fee Application, seeking the allowance of $11,353.46 in fees and out-of-pocket expenses in the amount of $2,220.38 -- primarily for meals, hotels and travel expenses -- for a total reward of $13,573.84. [Docket No. 505].

## THE COMMITTEE'S OBJECTION TO THE FEE APPLICATION

11. Based upon the limited services provided by Parkland, which relate little to the reasons why it was retained by the Debtor and which provided no benefit to this estate, the fees and expenses sought in the Fee Application are unreasonable and unnecessary.

12. The compensation of professionals by a bankruptcy estate is governed by section 330(a) of the Bankruptcy Code. That statute provides in part:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103—
>
> > (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
> >
> > (B) reimbursement for actual, necessary expenses.

3

(2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.

(3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including--

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for--

(i) unnecessary duplication of services; or

(ii) services that were not--

(I) reasonably likely to benefit the debtor's estate; or

(II) necessary to the administration of the case.

11 U.S.C. § 330.

13.    Bankruptcy courts not only have the power, but the duty, to review fee applications, even in the absence of an objection. In re Busy Beaver Bldg. Ctrs., Inc., 19 F.3d

833, 841-44 (3d Cir. 1994). In determining the amount of reasonable compensation to be awarded, a court must consider the nature, the extent, and the value of the services and take into account all relevant factors. 11 U.S.C. § 330(a)(3). See, e.g., Staiano v. Cain (In re Lan Assocs. XI, LP), 192 F.3d 109, 123 (3d Cir. 1999). Further, in a chapter 11 case, the court may not allow compensation for services that were not reasonably likely to benefit the debtor's estate, or necessary to the administration of the case. 11 U.S.C. § 330(a)(4)(A).

14. The law is well-settled that the professional bears the burden of showing that it is entitled to the fees and costs it has requested. See Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc., 50 F.3d 253, 261 (3d Cir. 1995). The Court has a duty to determine the reasonableness of professional fee requests, which determination is left to its sound discretion. In re Zenith Laboratories, Inc., 119 B.R. 51, 54 (Bankr. D.N.J. 1990).

15. In addition to a finding of reasonableness, the Court must make a finding that the services rendered were necessary. In re Farah, 141 B.R. 920, 923 (Bankr. W. Tex. 1992) (citations omitted). In In re Sound Radio, Inc., 145 B.R. 193 (Bankr. D.N.J. 1992), the Court acknowledged that a professional seeking compensation pursuant to section 330 of the Bankruptcy Code must show that the services were actual, necessary and beneficial to the estate. Id. at 207. The question of whether a professional's services have conferred a benefit on the estate is not merely a factor to be considered in deciding a reasonable fee for such services but is a threshold question bearing on the professional's eligibility for compensation. In re Lederman Enterprises, Inc., 997 F.2d 1321 (10th Cir. 1993).

16. Applying the above legal standards, it is clear that the services provided by Parkland were not reasonable, not necessary, and did not confer a benefit on the estate. Specifically, the following services were unnecessary and/or duplicative of Mr. Belair's efforts:

    a.    services rendered for reviewing the docket entries (3 hours);

    b.    research, review and discussion of UST reporting requirements (1.3 hours);

    c.    travel time to New Jersey to attend first day meetings and attendance at first day meetings (totaling 11 hours);

    d.    review case strategy and preparation of SOFA and Schedules along with travel (10.7 hours);

    e.    call with Paul Belair to discuss case progress and strategy (.4 hour) and

    f.    arrange return of retainer deposit with PNC Bank and travel (2 hours).

17. The foregoing services where either unnecessarily duplicative of services rendered by 10X, as set forth in its fee application [see Docket No. 394] and/or the services were not and did not reasonably benefit the Debtor's estate.

18. Furthermore, Parkland seeks payment of expenses incurred in the total amount of $2,220.38, of which nearly 20% – $390.01 – was incurred <u>before</u> the effective date of Parkland's retention. The post-petition expenses including the following:

    a.    hotel charges in excess of $550.00,

    b.    airline fees - $995.60,

    c.    food - $393.98,

    d.    gift shop charge - $6.00,

    e.    uber/taxi - $165.57, and

    f.    parking - $100.

## CONCLUSION

19. Based upon the foregoing, the Committee respectfully submits that the fees and expenses requested by Parkland should be denied, or reduced appropriately.

Respectfully submitted,

**MCMANIMON, SCOTLAND & BAUMANN, LLC**
*Chapter 11 Debtors and Debtors-in-Possession*

By:   /s/ Joshua H. Raymond
       Joshua H. Raymond

Dated: December 12, 2019