**LOWENSTEIN SANDLER LLP**
Arielle B. Adler, Esq. (aadler@lowenstein.com)
Bruce Buechler, Esq. (bbuechler@lowenstein.com)
Joseph J. DiPasquale, Esq. (jdipasquale@lowenstein.com)
Jennifer B. Kimble, Esq. (jkimble@lowenstein.com)
Kenneth A. Rosen, Esq. (krosen@lowenstein.com)
Mary E. Seymour, Esq. (mseymour@lowenstein.com)
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtor and*
*Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| **HOLLISTER CONSTRUCTION SERVICES, LLC,**[1] | Case No. 19-27439 (MBK) |
| | Requested Hearing Date: January 2, 2020 at 10:00 a.m. |
| Debtor. | |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING THE SETTLEMENT AND COMPROMISE BY AND AMONG THE DEBTOR AND NEWKIRK REALTY URBAN RENEWAL LLC PURSUANT TO FED. R. BANKR. P. 9019 AND FOR THE REJECTION OF CERTAIN EXECUTORY CONTRACTS**

The above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its

undersigned counsel, hereby submits this motion (this "Motion") seeking the entry of a proposed

order (the "Proposed Order"), substantially in the form submitted herewith, approving the

Settlement Agreement[2] between the Debtor and Newkirk Realty Urban Renewal LLC ("Owner"

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).
[2] Terms not otherwise defined herein shall have the meanings afforded to them in the Settlement Agreement.

or "Newkirk") as more particularly described herein pursuant to Fed. R. Bankr. P. 9019 and for

the rejection of certain executory contracts.  In support of this Motion, the Debtor states as follows:

## JURISDICTION, VENUE, AND STATUTORY PREDICATES

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334

and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States

District Court for the District of New Jersey entered on July 23, 1984, as amended on September

18, 2012 (Simandle, C.J.).  This matter is a core proceeding within the meaning of 28 U.S.C. §

157(b)(2).

2.      Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3.      The Debtor consents to the entry of a final order on the Motion by this Court if it is

determined that the Court, absent consent of the parties, cannot enter a final order or judgment

consistent with Article III of the United States Constitution.

4.      The statutory predicates for the relief requested in this Motion are sections 105(a)

and 365 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 6004, 6006 and

9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

5.      On September 11, 2019 (the "Petition Date"), the above-captioned Debtor filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby initiating the above-

captioned chapter 11 case (the "Chapter 11 Case").  The Debtor continues to operate its business

as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party

has requested the appointment of a trustee or examiner.

6.      On September 23, 2019, the Office of the United States Trustee appointed an

official committee of unsecured creditors in this Chapter 11 Case (the "Committee").

7.      Additional details regarding the Debtor's business, the facts and circumstances

leading up to the filing of the Chapter 11 Case and supporting the relief requested herein are set

forth in the *Declaration of Brendan Murray in Support of First Day Relief* [Docket No. 15].

## THE DEBTOR'S BUSINESS OPERATIONS

8.      The Debtor operates a substantial construction business.  In calendar year 2018, the Debtor collected approximately $292,034,763 in gross revenue.  The Debtor depends on payments from project owners upon completion of the project and at certain stages of the project.  The Debtor's receivables from those project owners are assets of the Debtor and property of its bankruptcy estate.  If the Debtor cannot finish a project, it may be subject to future obligations and additional liabilities.  Further, the Debtor is concerned that various subcontractors, materialmen and other suppliers may lien job sites or continue to prosecute their construction liens to collect on monies due for pre-petition services and/or goods supplied by filing or foreclosing on construction liens against the real property on which the Debtor does or did supervise construction and development despite the automatic stay (which may not apply in certain circumstances).  Only through ongoing operations will the Debtor be able to realize the substantial amounts due from open accounts receivable.

## THE SETTLEMENT

9.      One of the Debtor's projects – a construction project identified as 29 unit building at 61-65 Newkirk Street, Jersey City, New Jersey (the "Project") – is a project that the Debtor has determined cannot be completed given the amount of outstanding pre-petition receivables owing to subcontractors and other vendors of the Debtor and the Project income potentially due under its agreement with Newkirk (the "Project Contract").  The Debtor and Newkirk engaged in arms-length negotiations in an effort to resolve their dispute concerning the Debtor's performance under the Project Contract and the alleged breach by the Debtor of the Project Contract and amounts potentially due to Debtor on the Project. As a result of such negotiations, the Debtor and Newkirk have entered into a settlement agreement, a copy of which is attached as **Exhibit A** (the "Settlement Agreement"), which will permit Newkirk to complete the Project in exchange for a payment to Hollister for certain outstanding accounts receivable owed in exchange for releases and other terms as set forth in the Settlement Agreement.

10. Pursuant to the Settlement Agreement,[3] the Parties have agreed, *inter alia*, as follows:

(a) The Debtor will reject the Project Contract with Newkirk effective as the Petition Date;

(b) The Debtor will reject all underlying subcontracts related to the Project effective as of the Petition Date as identified on Exhibit B hereto;

(c) Newkirk will pay the Debtor the sum of $380,000 in settlement of all outstanding accounts receivable which may be owed or owing from Newkirk to the Debtor on the Project.   This $380,000 is to be paid in two payments as follows: (i) $190,000 within two (2) business days of entry of a Bankruptcy Court Order approving the Settlement Agreement; and (ii) $190,000 due thirty (30) days following entry of the Bankruptcy Court Order approving this Settlement Agreement;

(d) The parties agree that the automatic stay is vacated to allow Newkirk to deal directly with subcontractors in order to complete the Project - including authorizing the direct payment by Newkirk to Schindler Elevator Corporation of certain pre-petition amounts owed and for amounts that will be due in exchange for the work necessary to complete the Project;

(e) The parties agree that the automatic stay is vacated to allow Newkirk to negotiate directly with subcontractors to resolve any Subcontractor Liens and Claims which may exist;

(f) Newkirk will cooperate with the Debtor in responding any information requests related to amounts paid by Newkirk to subcontractors as is necessary to resolve proof of claims filed against the Debtor;

---

[3] This Motion contains a summary of the settlement terms only.  In the event of any conflict between the terms of the Settlement Agreements and this Motion, the Settlement Agreements shall govern.

(g)     The Debtor and Newkirk each mutually release each other (including Debtor's officers, directors, members and managers) except for their respective obligations under the Settlement Agreement.

(h)     Newkirk waives its right to file any claim (including any administrative claim) against the Debtor absent a Bankruptcy Court order finding that the Debtor breached the Settlement Agreement;

(i)      All claims against any subcontractors under chapter 5 of the Bankruptcy Code are preserved for the Debtor and its estate.

## **RELIEF REQUESTED**

11.     By this Motion, the Debtor seeks the entry of an order (i) approving of the Settlement Agreement pursuant to Bankruptcy Rule 9019, (ii) authorizing the rejection of the Debtor's Project Contract with Newkirk pursuant to section 365 of the Bankruptcy Code effective as the Petition Date, and (iii) authorizing the rejection of all subcontracts and/or vendor agreements related to the Project, as more particularly identified on **Exhibit B** hereto, effective as of the Petition Date.  Subcontractors and vendors receiving this Motion are encouraged to review Exhibit B and determine whether their contract or purchase order is listed.

## **BASIS FOR RELIEF**

**A.      Approval of the Settlement.**

12.     Bankruptcy Rule 9019(a) provides, in pertinent part, that upon a motion, and after notice and a hearing, the Court may approve a compromise or settlement.  Approval of a settlement remains in the sound discretion of the Bankruptcy Court.  *See In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986).  In determining whether to approve a settlement, the Court should determine whether the proposed settlement is in the best interests of the estate.  *Id; see also, In re Energy Coop., Inc.*, 886 F.2d 921, 927 (7th Cir. 1989).

13.     The Supreme Court has recognized that "in administering a reorganization proceeding in an economical and practical manner, it will often be wise to arrange a settlement of claims in which there is substantial and reasonable doubts." *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (noting that "[c]ompromises are 'a normal part of the process of reorganization.'") (citation omitted), *reh'g denied*, 391 U.S. 909 (1968).

14.     Further, the settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged.  *See In re Penn Central Transp.*, 596 F.2d 1102 (3d Cir. 1979); *In re Mavrode*, 205 B.R. 716, 719 (Bankr. D.N.J. 1997).

15.     The Third Circuit, applying *TMT Trailer* in the context of a settlement pursuant to Bankruptcy Rule 9019(a), has set forth four factors to be considered:

> (1) the probability of success in litigation; (2) the likely difficulties
> in collection; (3) the complexity of the litigation involved and the
> expense, inconvenience and delay necessarily attending it; and (4)
> the paramount interest of the creditors.

*Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).

16.     In determining whether to approve a settlement, the Bankruptcy Court should not substitute its judgment for that of the debtor and the parties.  *See Neshaminy Office Bldg. Assocs.*, 62 B.R. at 803.  The Bankruptcy Court is not to decide the numerous questions of fact or law raised by the controversy, but rather should "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness."  *Cosoffi v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608, 613 (2nd Cir.) (citations omitted), *cert denied*, 464 U.S. 822 (1983); *Mavrode*, 205 B.R. at 720.  Thus, in reaching its decision regarding the approval of the proposed compromise this Court need not conclusively determine the claims, which are the subject of the compromise, nor find that the compromise constitutes the best result obtainable.  *See W.T. Grant*, 699 F.2d at 613.

17.     The Debtor respectfully submits that the proposed Settlement is fair and prudent, in the best interests of the estate, and falls within the "range of reasonableness." The Debtor lacks

the financial wherewithal to complete the Project and has determined it is not an economically viable Project on a go forward basis.    Turning the Project over to the Owner and rejecting the Project Contract and the contracts with subcontractors in exchange for a payment by Newkirk to the Debtor of certain outstanding accounts receivable and the granting of mutual releases relieves the Debtor and its estate from certain go forward liabilities and obligations it cannot honor and reduces the claims against the estate.  Moreover, the Settlement resolves any outstanding issues related to the alleged breach by the Debtor and for any claims of setoff or recoupment Newkirk may have against outstanding account receivables.  Thus, the Settlement Agreement will benefit the Debtor, its estate and its creditors.  In addition, future proceedings regarding the Debtor's alleged breach of the Project Contract and the Debtor's ability to complete the Project – both with Newkirk and the Debtor's subcontractors engaged on the Project – could be protracted and expensive, may require the resolution of complex issues and involve substantial uncertainties and risks inherent in litigation.  With these foregoing considerations in mind, the Debtor has concluded that the Settlement Agreement is (i) fair and equitable, (ii) a reasonable resolution, (iii) in the best interests of the Debtor and its estate, and (iv) in the paramount interests of the Debtors' creditors.

18.    For the foregoing reasons, the Debtor submits that this Court should approve the Settlement Agreement.

**B.    The Rejection of the Project Contract and Subcontracts Should be Authorized Pursuant to Section 365 of the Bankruptcy Code.**

19.    The Debtor also seeks rejection of the Project Contract and the subcontracts with those certain vendors identified on Exhibit B hereto pursuant to section 365 of the Bankruptcy Code effective as of the Petition Date.

20.    Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). By enacting section 365(a) of the Bankruptcy Code, Congress intended to allow a debtor to assume those leases/contracts that benefit the estate,

and to reject those that are of no value or are burdensome to the estate. *See Cinicola v. Scharffenberger*, 248 F.3d 110, 119 (3d Cir. 2001).

21.    A debtor's determination of whether to assume or reject an executory contract or unexpired lease is governed by the "business judgment" standard. *See In re Market Square Inn, Inc*., 978 F.2d 116, 121 (3d Cir. 1992) (stating that the resolution of the issue of assumption or rejection of a lease "will be a matter of business judgment by the bankruptcy court."); *In re Armstrong World Indus., Inc.* 348 B.R. 136, 162 (D. Del. 2006) ("Courts have uniformly deferred to the business judgment of the debtor to determine whether the rejection of an executory contract or unexpired lease is appropriate under section 365(a) of the Bankruptcy Code."); *In re HQ Global Holdings, Inc*., 290 B.R. 507, 511 (Bankr. D. Del. 2003) (stating that a debtor's decision to assume or reject executory contracts is governed by the business judgment standard and can only be overturned if the decision was a product of bad faith, whim, or caprice). *See also Sharon Steel v. Nat'l Fuel Gas Distrib. Corp*., 872 F.2d 36, 39-40 (3d Cir. 1989) (finding the bankruptcy court properly granted the debtor's motion to reject the agreement upon a finding that rejection would benefit the estate).

22.    Upon finding that a debtor has exercised sound business judgment in determining that the assumption or rejection of an unexpired lease or executory contract is in the best interests of the debtor, its creditors, and all parties in interest, the court should approve such assumption or rejection under section 365(a). *See In re Fed. Mogul Global, Inc*., 293 B.R. 124, 126 (D. Del. 2003) ("The business judgment test dictates that a court should approve a debtor's decision to reject a contract unless that decision is the product of bad faith or a gross abuse of discretion."); *Armstrong World Indus*., 348 B.R. at 162 (same). As such, when applying the business judgment rule, courts show great deference to a debtor's decision-making. *See In re Crystalin, L.L.C*., 293 B.R. 455, 464 (B.A.P. 8th Cir. 2003) (finding that the court need not "place itself in the position of the trustee or the debtor-in-possession") (citations omitted); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) ("court approval under Section 365(a), if required, except in extraordinary situations, should be granted as a matter of course").

23.     While section 365 of the Bankruptcy Code does not specifically address whether the Court may order rejection to be effective retroactively, courts have held that rejection retroactive to a date prior to entry of the order authorizing rejection may be appropriate.  *See, e.g.*, *Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machs. Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995) (holding that when principles of equity dictate, a bankruptcy court may approve rejection pursuant to section 365(a) retroactive to the motion filing date); *In re Rupari Holding Corp.*, No. 17-10793 (KJC), 2017 WL 5903498, at *6 (Bankr. D. Del. Nov. 28, 2017) (authorizing rejection of certain executory employment contracts *nunc pro tunc* to the date the debtors ceased operations and no longer had a need for employee services upon a review of equities of the circumstances); *BP Energy Co. v. Bethlehem Steel Corp.*, No. 02-6419, 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) (concluding that a bankruptcy court has the authority to assign a retroactive rejection date under section 365(a)); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (acknowledging that a bankruptcy court may approve a retroactive rejection).

24.     By the Motion, the Debtor seeks to reject the Project Contract and those certain subcontracts identified on Exhibit B hereto *nunc pro tunc* to the Petition Date.  Since the Petition Date, the Owner has arguably been operating as though the Project Contract was terminated and has been dealing directly with subcontractors, and moreover, has made certain payments to subcontractors.  Accordingly, rejection of the Project Contract and subcontracts identified on Exhibit B effective as of the Petition Date is in the best interest of the Debtors' estate and creditors.

25.     Pursuant to the terms of the Settlement Agreement, the Debtor will not be completing the Project and instead, Newkirk is permitted to complete the Project and to negotiate directly with subcontractors on certain claims and liens.  Newkirk is also waiving any claims it may have against the Debtor and its estate (other than for breach of the Settlement Agreement).  Thus, the rejection of the Project Contract and the subcontracts identified on Exhibit B pursuant to the terms of the Settlement Agreement is a reasonable exercise of the Debtor's business judgment.

## WAIVER OF BANKRUPTCY RULE 6004 AND 6006

26.     The Debtor seeks a waiver of (i) the notice requirements under Bankruptcy Rules 6004(a) and 6006(c), and (ii) the stay of any order under Bankruptcy Rules 6004(h) and 6006(d), to the extent they are applicable, because the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtor, its estate and creditors.

## WAIVER OF MEMORANDUM OF LAW

27.     The Debtor respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis upon which the Debtor relies is set forth herein and the Motion does not raise any novel issues of law.

## NO PRIOR REQUEST

28.     No prior request for the relief sought in this Motion with respect to the Settlement Agreements has been made to this or any other court.

## NOTICE

29.     Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102, Attention: Lauren E. Bielskie, Esq.; (ii) counsel for PNC Bank, the Debtor's pre-petition secured lender, Duane Morris LLP, 30 South 17th Street, Philadelphia, PA 19103-4196, Attention: James J. Holman, Esq.; (iii) counsel for the Committee, McManimon, Scotland & Baumann, LLC, 75 Livingston Avenue, Roseland, NJ 07068, Attention: Anthony Sodono, III, Esq., and Sam Della Fera, Esq.; (iv) all parties that have requested to receive notice pursuant to Bankruptcy Rule 2002; (v) FDU; (vi) counsel for Newkirk; (vii) all subcontractors listed on Exhibit B hereto. In light of the nature of the relief requested herein, the Debtor respectfully submits that no other or further notice is required.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court enter the proposed order in the form submitted herewith, (i) approving the Settlement Agreement with Newkirk, (ii)

authorizing the Debtor to reject the Project Contract with Newkirk effective as of the Petition Date,

(iii) authorizing the Debtor to reject certain contracts with subcontractors as identified on Exhibit

B hereto effective as of the Petition Date, and (iv) granting the Debtor such other and further relief

as the Court deems just and equitable.

Dated:  December 18, 2019                    Respectfully submitted,

                                             **LOWENSTEIN SANDLER LLP**

                                             /s/ *Kenneth A. Rosen*
                                             Kenneth A. Rosen, Esq.
                                             Bruce Buechler, Esq.
                                             Joseph J. DiPasquale, Esq.
                                             Mary E. Seymour, Esq.
                                             Jennifer B. Kimble, Esq. (admitted *pro hac vice*)
                                             Arielle B. Adler, Esq.
                                             One Lowenstein Drive
                                             Roseland, New Jersey 07068
                                             (973) 597-2500 (Telephone)
                                             (973) 597-2400 (Facsimile)
                                             krosen@lowenstein.com
                                             bbuechler@lowenstein.com
                                             jdipasquale@lowenstein.com
                                             mseymour@lowenstein.com
                                             jkimble@lowenstein.com
                                             aadler@lowenstein.com

                                             *Counsel to the Debtor and*
                                             *Debtor-in-Possession*

# EXHIBIT A – Settlement Agreement

Execution Version 12/17/2019

## SETTLEMENT AGREEMENT

12/17/2019

      **THIS SETTLEMENT AGREEMENT** (the "Settlement Agreement") is entered into on this _____ day of December 2019, by and between Hollister Construction Services, LLC ("Hollister" or the "Debtor") and Newkirk Realty Urban Renewal LLC ("Owner") (each a "Party" and collectively, the "Parties").

      **WHEREAS**, on October 3, 2016, Owner entered into a *Standard Form of Agreement Between Owner and Construction Manager as Constructor Where the Basis of Payment is the Cost of Work Plus a Fee With a Guaranteed Maximum Price* (and together with any and all amendments and addenda, the "Contract") with Hollister for construction of a 29-unit building at 61-65 Newkirk Street in Jersey City, New Jersey (the "Project");

      **WHEREAS**, Owner asserts that Hollister breached the Contract prior to the Petition Date (defined below) by, among other things, repeatedly failing to supply enough properly skilled workers to complete the Project within a reasonable period of time;

      **WHEREAS,** Owner asserts it suffered damages as a result of the Project not being completed in a timely manner;

      **WHEREAS**, various subcontractors (the "Subcontractors") have or may provide goods and/or services to the Project;

      **WHEREAS**, certain Subcontractors may have provided goods and/or services to the Project prior to the Petition Date and may be owed money by Hollister;

      **WHEREAS**, on September 11, 2019 (the "Petition Date"), Hollister filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), thereby commencing the chapter 11 case, Case No. 19-27439 (MBK) (the "Chapter 11 Case");

      **WHEREAS**, Hollister continues to manage its financial affairs as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code;

      **WHEREAS**, Owner asserts that as of the Petition Date, Hollister was not performing under the Contract;

      **WHEREAS**, the Owner asserts that it is entitled to recoup and/or offset against the amount due to Hollister under the Contract for damages, costs and expenses resulting from Hollister's alleged breach of the Contract;

DocuSign Envelope ID: 6EE72457-236B4AB4-BF16-4E5987E2353B

**WHEREAS**, Hollister asserts that it is owed payments by Owner under the Contract for work performed on the Project;

**WHEREAS**, Hollister alleges that Owner breached the Contract and violated the automatic stay by making direct payments and/or loans to the Subcontractors after the Petition Date, and otherwise coordinating and communicating with the Subcontractors after the Petition Date;

**WHEREAS**, without admitting the validity of any potential claims between the Parties, the Parties desire to resolve their disputes under the Contract on the terms set forth herein.  The Parties believe it is in the best interests of the Debtor, its estate and creditors to allow the Owner to complete the Project as soon as possible;

**WHEREAS**, the Parties desire to enter into this Settlement Agreement in order to avoid the cost, expense and delay of litigating issues under the Contract related to the Project and to minimize the impact of the Chapter 11 Case on the Project and Owner;

**NOW, THEREFORE,** for good and valuable consideration provided by the Parties hereto and in consideration of the terms set forth in this Settlement Agreement, the Parties hereby agree as follows:

1.    Rejection of the Contract.  Upon Bankruptcy Court approval of this Settlement Agreement, the Contract is deemed rejected pursuant to Section 365 of the Bankruptcy Code. The effective date of the Contract rejection shall be the Petition Date.

2.    Payments of Amount Due Under Contract.  In full satisfaction of any and all payments that may be due to Hollister under the Contract, Owner shall pay the Debtor a total amount of Three Hundred and Eighty Thousand and No/ Dollars ($380,000.00) as follows: (i) a payment of $190,000 within two (2) business days following entry of an Order by the Bankruptcy Court approving this Settlement Agreement; and (ii) a payment of $190,000 within thirty (30) days following entry of an Order by the Bankruptcy Court approving this Settlement Agreement.

3.    Authorization to Schindler.  Within one (1) business day of execution of this Settlement Agreement, the Debtor shall authorize Schindler Elevator Corporation ("Schindler") to complete its work at the Project.  The Debtor authorizes Owner to directly pay Schindler (i) $15,591 on account of work performed on the Project prior to the Petition Date; and (ii) $47,505 for work to be performed in completing the Project.

4.    Completion of the Project.  The automatic stay imposed by Section 362(a) of the Bankruptcy Code is vacated by the consent of the Parties to allow the Owner to (i) contact and work directly with the Subcontractors to complete the Project; and (ii) pay, in the ordinary course of business, the Subcontractors for amounts due to them for services and/or goods provided after

DocuSign Envelope ID: 5E57D457-236B4CB4-BF16-4E59B7E2353E

the Petition Date as is necessary to complete the Project.  Owner shall be solely responsible for payment to Subcontractors for any services and/or goods provided to the Project after the Petition Date.

5.    <u>Resolution of Liens and Claims for Pre-Petition Work.</u>

(a)    The automatic stay imposed by Section 362(a) of the Bankruptcy Code is vacated by consent of the Parties to allow the Owner to negotiate directly with the Subcontractors to (i) obtain the release of all filed and asserted liens on the Project's real property and improvements thereon for any work performed prior to the Petition Date, a list of which liens is attached hereto as Appendix A (the "<u>Subcontractor Liens</u>"); and (ii) resolve claims of Subcontractors for services and/or goods provided before the Petition Date to prevent the assertion of additional liens on the Project (the "<u>Subcontractor Claims</u>" which together with the Subcontractor Liens are collectively referred to as the "<u>Subcontractor Liens and Claims</u>").

(b)    Within five (5) business days of resolution of a Subcontractor Lien and Claim, Owner shall provide written notice to the Debtor of such resolution and the total amount paid on account of such Subcontractor Lien and Claim.

(c)    Owner shall cooperate with Hollister by providing Hollister with any information reasonably requested regarding any payment(s) or loan(s) made directly by Owner to Subcontractor(s) either before or after the Petition Date, as is necessary to resolve any proof(s) of claim filed by a Subcontractor(s) in the Bankruptcy Case.

6.    <u>Rejection of Subcontractor Agreements.</u>  The Debtor is authorized, and Owner shall not object to the Debtor seeking entry of an Order of the Bankruptcy Court to reject any agreements with the Subcontractors, including a request for such rejection to be effective as of the Petition Date.

7.    <u>Bankruptcy Court Approval.</u>  Within three (3) business days of execution of this Settlement Agreement, the Debtor shall file pleadings, on an expedited basis, seeking the entry of an Order of the Bankruptcy Court approving this Settlement Agreement, after notice and a hearing, in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and orders that are entered in the Chapter 11 Case.  This Settlement Agreement shall be deemed effective as of the date an order of the Bankruptcy Court approving this Settlement Agreement has been entered (the "<u>Effective Date</u>").

8.    <u>Releases.</u>

a.    <u>Releases by Owner.</u>  Upon the Effective Date, Owner and its parent, subsidiaries, affiliates, and the officers, directors, partners, members and managers of its predecessors, successors and assigns (collectively, the "<u>Owner Releasors</u>") do hereby release and forever discharge the Debtor and its officers, directors, partners, members and managers

and their respective predecessors, successors and assigns (collectively, the "Debtor Released Parties") of and from any and all known claims (as defined in Section 101(5) of the Bankruptcy Code), obligations and causes of action, of any nature whatsoever, asserted or unasserted, fixed or contingent, which the Owner Releasors ever had or now have against any one or more of the Debtor Released Parties, arising out of or related to the Contract or the Project.  Notwithstanding the release in the immediately preceding sentence, in no event shall Owner release, discharge or waive any claims it may have against the Debtor Released Parties arising from any default by the Debtor of the terms and provisions of this Settlement Agreement.

b.        Release by the Debtor.  Upon the Effective Date, the Debtor's bankruptcy estate and its officers, directors, partners, members and managers and their respective predecessors, successors and assigns (collectively, the "Debtor Releasors") do hereby and release and forever discharge Owner and its parent, subsidiaries, affiliates and the officers, directors, partners, members and managers, and their respective predecessors, successors and assigns (collectively, the "Owner Released Parties") of and from any and all claims (as defined in Section 101(5) of the Bankruptcy Code), obligations and causes of action, of any nature whatsoever, whether known or unknown, asserted or unasserted, fixed or contingent, which the Debtor Releasors ever had or now have against any one or more of the Owner Released Parties, arising out of or related to the Contract or the Project.  Notwithstanding the release in the immediately preceding sentence, in no event shall the Debtor release, discharge or waive any claims it may have against the Owner Released Parties arising from any default by the Owner of the terms and provisions of this Settlement Agreement, including the failure to timely make the payments set forth in Section 2 hereof.

9.        Release as a Defense.  Unless as otherwise set forth in the Release provisions of this Settlement Agreement, the Owner and the Debtor acknowledge and agree that (i) the Releases set forth in this Settlement Agreement may be pleaded as a full and complete defense and may be used as a basis for an injunction against any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of the provisions of such release and (ii) no fact, event, circumstance, evidence or transaction which could now be asserted or which may hereafter arise or be discovered shall affect in any manner the final and unconditional nature of such Releases.

10.       No Assignment of Released Claims.  The Parties represent and warrant that as of the date of this Settlement Agreement, they have not assigned, transferred to sold (or purported to assign, transfer or sell) all or any portion of any claim (as defined in Section 101(5) of the Bankruptcy Code), obligation or causes of action against any Party herein released.

11.       Governing Law.  This Settlement Agreement shall be governed and construed in accordance with the laws of the State of New Jersey without giving effect to the conflict of law

DocuSign Envelope ID: 6E57B457-026B-4A84-BF46-4E5987E2353E

or choice of law provisions thereof, except to the extent the law of the United States, including the Bankruptcy Code, governs any matters set forth herein, in which case such federal law shall govern.

12.    <u>Headings</u>.  The heading references herein are for convenience purposes only and shall not be deemed to limit or affect any of the provisions of this Settlement Agreement.

13.    <u>Counterparts</u>.  This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and all of which shall constitute on and the same instrument.

14.    <u>No Oral Modification, Termination or Waiver</u>.  This Settlement Agreement may be amended only by a written agreement executed by the Parties hereto.  No provisions of this Settlement Agreement may be waived, except by a written document executed by the Party entitled to the benefits of the provision.  No waiver of a provision will be deemed to be or will constitute a waiver of any other provision of this Settlement Agreement.

15.    <u>Further Assurances</u>.  The Parties hereto shall execute and deliver such additional documents and take such additional action as may be necessary or desirable to effectuate the provisions and purposes of this Settlement Agreement without the need for further Order of the Bankruptcy Court.

16.    <u>Jurisdiction and Venue.</u>  The Parties submit and consent to jurisdiction of the Bankruptcy Court to adjudicate any dispute or claim arising from or related to this Settlement Agreement. In the event the Bankruptcy Court declines to or cannot exercise jurisdiction over any such disputes, then the Parties agree to the jurisdiction of the Superior Court of New Jersey in Morris County.  THE PARTIES EXPRESSLY WAIVE ANY RIGHT TO TRIAL BY JURY OF ANY DIPSUTE ARISING UNDER OR RELATED TO THIS SETTLEMENT AGREEMENT.

17.    <u>Authorization</u>.  Each Party signing this Settlement Agreement hereby covenants and warrants that he/she is fully authorized to bind the Party to all of the terms of this Settlement Agreement.  The Parties to this Settlement Agreement acknowledge that they have read all of the terms of this Settlement Agreement, that they have consulted with counsel of their choice (or had the opportunity to consult with counsel of their choice) regarding the terms of this Settlement Agreement and enter into this Settlement Agreement voluntarily and without duress.

18.    <u>Heirs, Successors and Assigns</u>.  This Settlement shall be binding upon (i) the Parties hereto, (ii) any trustee or examiner that may be appointed the Chapter 11 Case or their respective successors and assigns and (iii) any Chapter 7 trustee in the event the Chapter 11 Case is converted to a case under Chapter 7 of the Bankruptcy Code.

19.     Jointly Drafted. The Parties to this Settlement Agreement acknowledge and stipulate that it has been drafted through a joint effort of the Parties and, therefore, shall not be construed in favor of or against any of the Parties. The terms of this Settlement Agreement shall be deemed to have been jointly negotiated and drafted by the Parties.

20.     Waiver of Right to File a Proof of Claim. This Settlement Agreement resolves all issues between the Parties. Owner waives its right to file any proof of claim, including any claim for administrative expenses, against the Debtor absent further order of the Court finding that Debtor breached the terms of this Settlement Agreement.

21.     Preservation of Estate Causes of Action against Third Parties. Any claims or causes of action that the Debtor has or may have against any Subcontractor under Chapter 5 of the Bankruptcy Code are unaffected by this Settlement Agreement.

IN WITNESS WHEREOF, the Parties hereto have executed or caused this Agreement to be executed by their duly authorized representatives, as of the date set forth above.

**HOLLISTER CONSTRUCTION SERVICES, LLC**

By: _____ CHRIS JOHNSON

Its: _Head Coach_

**OWNER – NEWKIRK REALTY URBAN RENEWAL, LLC**

By: _____

Its: _____

DocuSign Envelope ID: 5EE57B457-236B4AB4-BF46-4F59E7E2353E

19.    <u>Jointly Drafted</u>.  The Parties to this Settlement Agreement acknowledge and stipulate that it has been drafted through a joint effort of the Parties and, therefore, shall not be construed in favor of or against any of the Parties.  The terms of this Settlement Agreement shall be deemed to have been jointly negotiated and drafted by the Parties.

20.    <u>Waiver of Right to File a Proof of Claim</u>.  This Settlement Agreement resolves all issues between the Parties.  Owner waives its right to file any proof of claim, including any claim for administrative expenses, against the Debtor absent further order of the Court finding that Debtor breached the terms of this Settlement Agreement.

21.    <u>Preservation of Estate Causes of Action against Third Parties</u>.  Any claims or causes of action that the Debtor has or may have against any Subcontractor under Chapter 5 of the Bankruptcy Code are unaffected by this Settlement Agreement.

IN WITNESS WHEREOF, the Parties hereto have executed or caused this Agreement to be executed by their duly authorized representatives, as of the date set forth above.


**HOLLISTER CONSTRUCTION SERVICES, LLC**


By: _____

Its:_____


**OWNER – NEWKIRK REALTY URBAN RENEWAL, LLC**

By:_____
DAC384314015407...

Its: _____
Manager

DocuSign Envelope ID: 5EE7D457C26F84B4-BF46-4E59E7E2353F

Execution Version 12/17/2019

## APPENDIX A

| Lienholder | Amount of Lien |
|---|---|
| Empire Lumber & Millwork Co. | $35,455.26 |
| Prestige Contracting | $23,489.25 |
| Imperial Floors | $32,028.50 |
| Universal Window and Door | $67,158.33 |

# EXHIBIT B – Rejected Subcontracts

| Number | Type | Contract Title | Vendor | Vendor Street | Vendor City | Vendor State | Vendor Zip Code | Vendor Phone | Vendor Fax |
|---|---|---|---|---|---|---|---|---|---|
| SC-15280-08 | Subcontract | Fire Protection | 360 Fire Prevention | 1061 Paulison Avenue | Clifton | New Jersey | 07011 | | |
| 15280CLE09 | Subcontract | EIFS / DRYVIT | Acies Group LLC | 222 Passaic Avenue | Fairfield | New Jersey | 07004 | 973-882-8444 | 973-882-4999 |
| PO-15280-32 | Purchase Order | Lacava Sinks | AF Supply | 1000 South 2nd St | Harrison | New Jersey | 07029 | (973)481-7500 | (862)772-4129 |
| SC-15280-09 | Subcontract | Plumbing | AP Group, LLC | 1 Prince Rd | Whippany | New Jersey | 07981 | 973-929-2242 | 973-887-9265 |
| PO-15280-06 | Purchase Order | Concrete cutting | AmeriCore Drilling | 12-11 38th Ave | Long Island City | New York | 11101 | (718)392-1313 | (718)392-1310 |
| PO-15280-09 | Purchase Order | Core Drilling | AmeriCore Drilling | 12-11 38th Ave | Long Island City | New York | 11101 | (718)392-1313 | (718)392-1310 |
| PO-15280-31 | Purchase Order | Appliances | Appliance Brokers Inc. | 2B Corn Road | Dayton | New Jersey | 08810 | | |
| PO-15280-33 | Purchase Order | Roofing Paver Material | Archatrak | 1288 N 14th Ave | Bozeman | Montana | 59715 | (866)206-8316 | |
| PO-15280-02 | Purchase Order | Testing and Inspections | Atlantic Engineering | Laboratories, Inc. 21 Randolph Ave. | Avenel | New Jersey | 07001 | (732) 815-0400 | (732) 815-0422 |
| PO-15280-11 | Purchase Order | Testing and Inspection | Atlantic Engineering | Laboratories, Inc. 21 Randolph Ave. | Avenel | New Jersey | 07001 | (732) 815-0400 | (732) 815-0422 |
| SC-15280-27 | Purchase Order | Balcony Dr. Temp Protection | Bailey's Square Janitorial | Services, Inc 11 Marcy Street | Freehold | New Jersey | 07728 | 732-462-2706 | 732-462-2703 |
| SC-15280-20 | Subcontract | Closet Shelving | Bailey's Square Janitorial | Services, Inc 11 Marcy Street | Freehold | New Jersey | 07728 | 732-462-2706 | 732-462-2703 |
| PO-15280-34 | Purchase Order | Specialties | Benco Inc. | 10 Madison Road Unit E | Fairfield | New Jersey | 07004 | 973.575.4440 | 973.575.4558 |
| PO-15280-13 | Purchase Order | Labor for Site Cleaning | Bridge Builders Newark | 211 Warren St., #23 | Newark | New Jersey | 07103 | | |
| PO-15280-16 | Purchase Order | Labor for Site Cleaning | Bridge Builders Newark | 211 Warren St., #23 | Newark | New Jersey | 07103 | | |
| 15280CLE01 | Subcontract | Plumbing | Clearflow | 15 Roberts Road | Warren, NJ | New Jersey | 07059 | (908)542-0500 | |
| 15280CLE02 | Subcontract | HVAC | Clearflow | 15 Roberts Road | Warren, NJ | New Jersey | 07059 | (908)542-0500 | |
| 15280CONT01 | Purchase Order | Stakeout | Control Point Associates, Inc. | 35 Technology Drive | Warren | New Jersey | 07059 | (908) 668-0099 | (908) 668-9595 |
| PO-15280-04 | Purchase Order | Internal Purchase Order | Coral Latam LLC | 390 Broadway 4th Floor | New York | New York | 10013 | | |
| PO-15280-23 | Purchase Order | Plumbing Trench Concrete Infil | Crete Concrete Construction | 835 Ringwood Avenue | Haskell | New Jersey | 07420 | (201) 445-3500 | |
| PO-15280-2G | Purchase Order | Payment Owed Contracted Work | Crete Concrete Construction | 835 Ringwood Avenue | Haskell | New Jersey | 07420 | (201) 445-3500 | |
| SC-15280-11 | Subcontract | Kitchen Millwork and Cabinetry | Direct Cabinet Sales | 180 Herrod Blvd. | Dayton | New Jersey | 08110 | | |
| PO-15280-03 | Purchase Order | Internal Purchase Order | Empire Lumber & Millwork Co | P.O. Box 2070 | Newark | New Jersey | 07114 | (973) 242-2700 | |
| PO-15280-07 | Purchase Order | Hollow Metal Doors & Frames | Empire Lumber & Millwork Co | P.O. Box 2070 | Newark | New Jersey | 07114 | (973) 242-2700 | |
| PO-15280-29 | Purchase Order | Site Security - Epoxy | Epoxy, Inc. | 68 East First Street | Freeport | New Jersey | 11520 | | |
| PO-15280-20 | Purchase Order | Demo Rubbish Removal | Evergreen Recycling Solutions | 11 Dundar Road Suite 210 | Springfield | New Jersey | 07081 | (973) 242-3080 | (973) 242-3080 |
| 15280FEDE02 | Purchase Order | Fence rental- not to exce | Federal Rent-A-Fence | 127 Haddon Ave | West Berlin | New Jersey | 08091 | (856) 719-8004 | (800) 256-4783 |
| SC-15280-13 | Subcontract | COMPOSITE WOOD WALL PANELS | FM Construction Group, LLC | 100 Dr. Martin Luther King Jr. Blvd. | East Orange | New Jersey | 07017 | (973) 989-1616 | (862) 520-1905 |
| 15280CLE07 | Subcontract | Final Cleaning | H & H Cleaning Services, LLC | 841 8th St. | Secaucus | New Jersey | 07094 | (201)766-1122 | |
| SC-15280-04 | Subcontract | Electrical and Fire Alarm | Haddad Electric | 62 Jackson Place | Moonachie | New Jersey | 07074 | (201) 438-4242 | |
| SC-15280-14 | Subcontract | Glass Railings | Hanson Build Group | 8805 26th Avenue | Brooklyn | New York | 11214 | (347)416-6112 | |
| SC-15280-10 | Subcontract | HVAC | HCS Heating & Cooling | 1889 Rt 9, Unit 98-99 | Toms River | New Jersey | 08755 | (732)904-7365 | |
| PO-15280-05 | Purchase Order | Herc Rentals | Herc Rentals, Inc. | P.O. Box 936257 | Atlanta | Georgia | 31193 | (973)522-3400 | |
| PO-15280-17 | Purchase Order | Equipment Rental | Herc Rentals, Inc. | P.O. Box 936257 | Atlanta | Georgia | 31193 | (973)522-3400 | |
| SC-15280-12 | Subcontract | Flooring Package | Imperial Floors | 1578 Sussex Turnpike | Randolph | New Jersey | 07869 | (862)244-8040 | (862)244-8080 |
| SC-15280-17 | Subcontract | Fending and Gates | In House Group | 390 Broadway, 4th Floor | New York | New York | 10013 | (212)965-0917 | |
| SC-15280-19 | Subcontract | Pavers | In House Group | 390 Broadway, 4th Floor | New York | New York | 10013 | (212)965-0917 | |
| SC-15280-07 | Subcontract | Painting Subcontract | Industrial Maintenance | Industries, LLC. 843 King Georges Road | Fords | New Jersey | 08863 | 732-661-6828 | |
| PO-15280-01 | Purchase Order | Office Cleaning PO | Ironbound Cleaning Services | PO Box 3422 | Union | New Jersey | 07083 | (973) 578-8443 | |
| SC-15280-16 | Subcontract | Gypcrete | JM Perelra and Sons, Inc | 2930 Big Oak Rd | Langhorne | Pennsylvania | 19047 | (215)702-9871 | |
| PO-15280-21 | Purchase Order | Temp Toilets | Johnny On The Spot | 3168 Bordentown Ave | Old Bridge | New Jersey | 08857 | (732) 721-3443 | (732) 721-8698 |
| PO-15280-22 | Purchase Order | HVAC Equipment | Johnstone Supply | 1001 Corporate Circle, Suite 2 | Toms River | New Jersey | 08755 | (732)575-1010 | (732)575-1011 |
| SC-15280-04 | Subcontract | Glazing Subcontract | KJP Enterprises Inc | 200 Keen Street | Paterson | New Jersey | 05514 | (973) 553-1521 | |
| PO-15280-28 | Purchase Order | Site Security - Maverick | Maverick Building Services | 22 Chestnut Street | Rutherford | New Jersey | 07070 | 201-939-2611 | 201-939-1061 |
| PO-15280-12 | Purchase Order | Site Office Rent | Myrage LLC | 1271 Paterson Plank Road | Secaucus | New Jersey | 07094 | (201) 223-1737 | |
| PO-15280-15 | Purchase Order | Internal PO _ Site Office | Myrage LLC | 1271 Paterson Plank Road | Secaucus | New Jersey | 07094 | (201) 223-1737 | |
| SC-15280-24 | Purchase Order | Napco Invoices - Printing | Napco | 1000 Wall Street West PO Box 234 | Lyndhurst | New Jersey | 07071 | (201) 438-1500 | (201)438-0243 |
| 15280CLE08 | Subcontract | ROOFING | P. Cippollini, Inc. | 171 E. Blackwell Street | Dover | New Jersey | 07801 | (973) 989-1110 | 973-989-1542 |
| 15280PET01 | Purchase Order | Water Barriers | Petillo Inc. | 167 Flanders Netcong Road | Flanders | New Jersey | 07836 | | |
| SC-15280-21 | Subcontract | Caulking | PHES Building Services | 395 Mt Prospect Avenue | Newark | New Jersey | 07104 | 973-573-6449 | 973-482-1097 |
| SC-15280-05 | Subcontract | Structural Steel Subcontract | Portuguese Structural Steel | 255 South Street | Newark | New Jersey | 07114 | 973-344-1342 | 973-344-1730 |
| PO-15280-18 | Purchase Order | Internal PO _ Site Supplies | Power Fast Inc. | 63 Dell Glen Avenue | Lodi | New Jersey | 07644 | (973) 772-4090 | (973) 772-5217 |
| PO-15280-30 | Purchase Order | Site Office Supplies | Premier Supplies | P.O. Box 21352 | New York | New York | 10087-1352 | | |
| 15280CLE03 | Subcontract | Misc Metals | Prestige Contracting | 43 Montgomery Street | Belleville | New Jersey | 07109 | (973)450-0082 | (973)491-9286 |
| PO-15280-24 | Purchase Order | Water Cooler -Site Supplies | Ready Refresh | 215 6661 Dixie Hwy Suite | Louisville | Kentucky | 40258 | | |
| 15280CLE06 | Subcontract | Framing PA | Samph Contracting | 4750 Blue Church Road | Coopersburg | Pennsylvania | 18036 | (215) 783-4436 | (610) 282-9566 |
| 15280CLE05 | Subcontract | ELEVATOR | Schindler Elevator NJ | 20 Whippany Road | Morristown | New Jersey | 07960 | (973) 397-3660 | (973) 397-6503 |
| PO-15280-14 | Purchase Order | Subgrade Waterproofing | Schnell Contracting Systems, | 919 Route 33 Unit 37 | Freehold | New Jersey | 07728 | (732) 845-9801 | (732) 845-9821 |
| SC-15280-15 | Subcontract | Trim & Toilets | SP Builders Contractors Inc | 431 Saint Mihiel Dr suite 104 | Riverside | New Jersey | 08075 | (267)333-1124 | (856)544-3260 |
| PO-15280-10 | Purchase Order | Dumpster Permit Reimbursement | ST Expediting LLC | 616 Liberty Avenue | Jersey City | New Jersey | 07307 | | |
| PO-15280-08 | Purchase Order | Temporary Heating | Suburban Propane | 915 Delancy St | Newark | New Jersey | 07105 | (973) 589-3030 | |
| 15280TERC01 | Subcontract | Project Agreement | Terco Construction LLC | 10 Southdown Drive | Lafayette | New Jersey | 07848 | (973) 862-5343 | (973) 862-5342 |
| SC-15280-06 | Subcontract | Masonry Subcontract | TG Baslie, Inc. | 136 E. Westfield Avenue | Roselle Park | New Jersey | 07204 | | |
| PO-15280-35 | Purchase Order | Fireproofing in Basement | United Fireproofing, Inc. | PO Box 400 | Long Valley | New Jersey | 07853 | (908) 876-5454 | (908) 876-5450 |

Case 19-24430-MBK    Doc 675    Filed 12/18/19    Entered 12/18/19 11:05:13    Desc