UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
*[Enter your name, address and telephone number]*

LUIS GUERRERO, P.L.L.C.
434 W. 33rd Street, 13th Floor
New York, N.Y. 10001
(917)997-1116 tel.
luis@theguerrerofirm.com email
Luis Guerrero, Esq.
Attorneys for Felix Moran

In Re:

Hollister Construction Services, L.L.C.

Debtor.

Case No.: 19- 27439
Chapter: 11
Hearing Date: 01/16/20
Judge: Hon. Michael B. Kaplan

U.S BANKRUPTCY COURT
FILED
TRENTON, NJ
2019 DEC 20 A 11: 59
JEANNE A. HAUGHTON
BY: [signature]
DEPUTY CLERK

PAID $181.00
R# 623248

## NOTICE OF MOTION TO

*Lift Automatic Stay to allow FELIX MORAN to prosecute claims against Hollister Construction Services, LLC (Debtor) in New York State Court proceeding involving Debtor and other non-debtor parties up to the policy limits of all liability insurance covering the Debtor.*

*Luis Guerrero, Esq.* has filed papers with the court to Lift Automatic Stay to allow Felix Moran to prosecute state court claims against the debtor limited to their available liability insurance coverage.

**YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).**

If you do not want the court to grant this motion, or if you want the court to consider your views, you or your attorney must file with the clerk at the address listed below, a written response explaining your position no later than 7 days prior to the hearing date.

Hearing Date: 01/16/20

Hearing Time: 10:00am

Hearing Location: 402 East State Street
Trenton, N.J. 08608

Courtroom Number: 8

If you mail your response to the clerk for filing, you must mail it early enough so the court will receive it on or before 7 days prior to the hearing date.

You must also mail a copy of your response to:

*United States Trustee*
*1 North Center, Suite 2100*
*Newark, N.J. 07102*

*Hollister Construction Services, LLC*
*339 Jefferson Road*
*Parsippany, NJ 07054*

*Kenneth A. Rosen, Esq.*
*Lowenstein Sandler, LLP*
*One Lowenstein Drive*
*Roseland, NJ 07068*

If you, or your attorney, do not take the steps outlined above, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Date: 12/18/19

/s/ Luis Guerrero
Luis Guerrero, Esq.
Luis Guerrero, P.L.L.C.
Attorney for Felix Moran
Signature *[Of the party seeking relief]*

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Caption in Compliance with D.N.J. LBR 9004-2(c) | |
| LUIS GUERRERO, P.L.L.C.<br>434 W. 33rd Street, 13th Floor<br>New York, N.Y. 10001<br>(917)997-1116 tel.<br>luis@theguerrerofirm.com email<br>Luis Guerrero, Esq.<br>Attorneys for Felix Moran | |
| In re:<br><br>Hollister Construction Services, L.L.C.<br><br>                           Debtor. | Case No.: 19- 27439<br><br>Chapter: 11<br><br>Hearing Date: 01/16/20<br><br>Judge: Hon. Michael B. Kaplan |

## CERTIFICATION OF LUIS GUERRERO, ESQ.

I, Luis Guerrero, Esq., attorney for Felix Moran in an underlying New York State Court action pending against the Debtor, submits this Certification in support of his Motion to Lift Automatic Stay to allow FELIX MORAN to prosecute claims against Hollister Construction Services, LLC (Debtor) in New York State Court proceeding involving Debtor and other non-debtor parties up to the policy limits of all liability insurance covering the Debtor, filed by me on December 19, 2019.

# FELIX MORAN'S MOTION TO MODIFY STAY TO PERMIT PROSECUTION OF PENDING PERSONAL INJURY SUIT

To the Honorable United States Bankruptcy Judge:

COMES NOW, FELIX MORAN ("Movant"), pursuant to 11 U.S.C. § 362(d), creditor and party in interest in this Chapter 11 case, files this Motion requesting that the automatic stay be modified to allow certain claims against Hollister Construction Services, LLC ("Debtor") to be litigated in a New York State Supreme Court proceeding involving the Debtor and other non-debtor parties. Movant would show as follows:

## I.
## Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue of this contested matter is proper in this Court Pursuant to 28 U.S.C. § 1409.

2. This Motion to lift the automatic stay is a core proceeding under U.S.C. § 157.

## II.
## Introduction

3. The underlying matter is a personal injury action which arises out of an incident that occurred on May 13, 2017, when Movant was caused to trip and fall down a staircase due to an unsafe worksite while he was in the course of his employment at a construction site. Debtor was hired by the owner to be the general contractor and to manage the safety of the worksite. Movant recently learned of the filing of the bankruptcy. **The purpose of this Motion is to request that the automatic stay be lifted limited to the extent of Debtor's liability insurance available to cover Movant's claim.**

## III.

## Factual Background

4. Movant recently learned that Hollister Construction Services, LLC ("Debtor") filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code, and United States Trustees Department, ("Trustee") was appointed Trustee in this case. As a result of 11 U.S.C. § 362(a), Movant is prohibited from pursuing his claims against Debtor in the State Court action absent an Order from this Court.

5. On May 13, 2017, Movant was injured while acting in his capacity as an employee of Casino Heating and Plumbing at a worksite located at 558 Grand Concourse, Bronx, N.Y. Debtor was the general contractor and managed the construction services and the safety practices at the worksite. Debtor negligently failed to keep the worksite safe, leading to Movant's trip and fall accident at the premises causing him to suffer serious personal injuries.

6. The action is presently pending in Supreme Court of the State of New York, County of Bronx, under index number 33318/19. Movant would like to continue with the prosecution of this action. Movant seeks damages for his personal injuries under New York law. Movant is seeking to recover damages that are covered under an insurance liability policy covering Debtor at the time of the accident. The action in Supreme Court, Bronx County has been stayed pending a modification of the automatic stay entered by this Court.

## IV.

## Relief Requested

7. Under section 362(d)(1) of the Bankruptcy Code, the court may grant relief from the automatic stay "for cause." 11 U.S.C. § 362(d)(1). "Cause is determined on a case by case basis. *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990). Although the term "cause" is not defined, the legislative history to this section indicates that cause includes "a desire to permit an

action to proceed in another tribunal." H.R. Rep.No. 595, 95th Cong., 1st Sess. 343 (1977). Relief from the automatic stay has been granted to allow a creditor to obtain a judgment against a debtor in name only in order to recover from the debtor's insurer. *International Business Machines v. Fernstrom & Van Co. (In re Fernstrom & Van Co.)*, 938 F.2d 731 (7th Cir. 1991).

V.

**Action to Recover Insurance Proceeds**

8. Courts often modify the automatic stay to allow a debtor to obtain a judgment and collect from a debtor's insurer, without prejudicing the debtor's estate. *Id; See matter of Holtkamp*, 699 F.2d 505, 508-09 (7th Cir. 1982) (allowing a personal injury action to proceed since there was no harm to the debtor because the debtor's insurance company had "assumed full financial responsibility for defendant that litigation"); *Foust v. Munson S. S. Lines*, 299 U.S. 77, 87, 57 S. Ct. 90, 95(1936) (allowing wrongful death action against bankrupt defendant to proceed despite stay; plaintiff "entitled to maintain an action against the insurer for the amount of his judgment but not exceeding the amount of insurer's liability to the debtor under the policy"). The rationale behind such modification is as follows:

> When the Court is reasonably confident that the policy proceeds will be sufficient to satisfy all creditors with claims that may be paid under the policy, the court should grant relief from stay to permit an action either against the debtor, if necessary, or against the insurer. Because the policy proceeds will be available only to creditors with the type of claims covered by the policy, there is no depletion of assets that would otherwise be available to satisfy general, unsecured claims, and there is therefore no reason to delay the creditor seeking to recover under the policy. Moreover, the insurer will almost invariably be responsible for the cost of defense, so there should be no added expense for the estate.

3 Collier on Bankruptcy ¶362.07[3][a][I] (Lawrence P. King, ed., 15th Ed. Revised 1999).

9. After the filing of the Bankruptcy and during the pleadings period in the matter of Felix Moran v. Bronx Landmark, L.L.C., et al. *(wherein Debtor is a defendant)*, it was discovered that the Debtor was insured by a policy of insurance provided by Travelers Insurance Co., and it is believed

the suit would be defended at no expense to the Debtor. Therefore, the continuation of the personal injury case will not hinder, burden, delay or be inconsistent with the bankruptcy case.

## VI.

## Continuation of Action

10. Courts often modify the automatic stay to allow civil action against debtors to continue in their original forums. *See, e.g., Tucson Estates*, F.2d at 1166-1170 (9th Cir. 1990) (overturning the reimposition of a stay by the bankruptcy court as an abuse of discretion and allowing a state court proceeding to continue to judgment and to liquidate the creditors/shareholders' claims). In determining whether cause exists to lift the stay, courts apply a three-pronged balancing test which focuses on (a) the possible prejudice to the estate, (b) the hardship imposed upon the party in interest if the stay remains in place, and (c) whether the Movant has a likelihood of prevailing in the underlying litigation. *In re Continental Airlines, Inc.*, 152 B.R. 420 (D. Del. 1993); *In re Piperi*, 133 B.R. 846, 849 (Bankr. S.D. Tex. 1990); *In re Pro Football Weekly*, 60 B.R. 824, 826 (ND. Ill, 1986); *In re Bock Laundry Machine*, 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984). As Congress stated in discussing its intent in providing relief from the automatic stay:

It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere. *In re Honosky*, 6 B.R. 667, 669 (D.C.S.D. W. Va. 1980), *citing* S. Rep. No. 989, 95th Cong., 2d Sess. 50, *reprinted in [1978]* U.S. Code Cong. & Ad. News 5836. Under these considerations, stay relief is appropriate in this matter.

### A. Modification of the Stay Will Not Prejudice the Estate and may Actually Benefit the Estate

11. In this case, the creditor seeks to modify the stay solely to allow the personal injury case to proceed for purposes of allowing Movant to recover from Debtor's insurer the amounts available

under the policy in effect at the time. Further, the resolution of the personal injury case will allow the claim filed by Movant to be liquidated. *See In re Peterson*, 116 B.R. 247, 250 (D. Cob. 1990) (stay should be lifted if Movant is simply seeking to establish the fact and amount of Debtors' liability). As a result, lifting the stay will not prejudice the Debtors or their Chapter 11 estate.

### B. Hardship Will Result to Movant if the Stay Remains in Place

12. The action in Supreme Court of the State of New York, Bronx County was initially filed on November 8, 2019. Plaintiff, Felix Moran, in that state action has expended time and expense on drafting, filing and serving numerous defendants in the Bronx County action. As discovery is just commencing, the Bronx County action will likely be scheduled for a preliminary conference, should this motion be granted. Movant has already expended a reasonable amount of time and expense in prosecuting this action. If the stay remains in place, Movant will be forced to delay the prosecution of his claim. *In re Curtis*, 40 B.R. 795, 800, 805-806 (Bankr. CD. Utah 1984) (noting that the interest of judicial economy, and the expeditions and economical determination of litigation for the parties are factors to be considered when deciding whether stay should be lifted).

### C. Movant has a likelihood of prevailing in the underlying litigation

13. The final prong of this analysis requires just a minimal showing that the Movant's claims are not "frivolous." *Id.* Even slight probability of success on the merits may be sufficient to support the lifting of the automatic stay for cause in appropriate cases. *In re Continental Airlines, Inc.*, 152 B.R. 420 (D. Del. 1993). The basis of the personal injury case is the statutory violation by the Debtor of New York State Labor Laws 241, 200 and common law negligence. Plaintiff was caused to trip and fall on a partially constructed staircase riser while working at the site.

14. Movant alleges that he can make all required showings to allow him to successfully assert his claims against the Debtors in the pending personal injury case. The stay should be modified to allow Movant to continue to pursue his claims against the Debtor in the personal injury case.

**WHEREFORE**, Movant prays that the stay afforded by 11 U.S.C. § 362 be modified so as to permit Movant to continue the aforementioned suit now pending in the Supreme Court of the State of New York, County of Bronx under index number 33318/19.

I certify under penalty of perjury that the above is true.

Date: 12/18/19

_____
Luis Guerrero, Esq.

**Exhibit "A"**

| UNITED STATES BANKRUPTCY COURT | |
| --- | --- |
| DISTRICT OF NEW JERSEY | |
| Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>LUIS GUERRERO, P.L.L.C.,<br>434 W. 33rd Street, 13th Floor<br>New York, N.Y. 10001<br>(917)997-1116<br>Luis Guerrero, Esq.<br>Attorneys for Creditor, FELIX MORAN | |
| In re:<br><br>Hollister Construction Services, L.L.C.<br><br>Debtors. | Case No.: 19-274439<br><br>Chapter: 11<br><br>Hearing Date: 01/16/20<br><br>Judge: Michael B. Kaplan |

**ORDER LIFTING STAY**

The relief set forth on the following page is hereby **ORDERED.**

UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF NEW JERSEY

In re: : Chapter 11
:
Hollister Construction Services, L.L.C. : Case No. 19-274439
:
Debtor. :
:
:
:
:

**THIS MATTER** having been opened to the Court by Luis Guerrero, Esq. of the firm of Luis Guerrero, P.L.L.C.C., attorneys for FELIX MORAN in an underlying matter, and the Court having reviewed the papers submitted and good cause having been made; it is therefore

**ORDERED** on this date _____ that the automatic stay be and is hereby modified to allow FELIX MORAN to prosecute claims against Hollister Construction Services, LLC ("Debtor") in a New York State Court proceeding involving the Debtor and other non-debtor parties up to the policy limits of all liability insurance covering the Debtor; and it is

**FURTHER ORDERED** that the automatic stay remains in effect in all other respects, but without prejudice to the rights of FELIX MORAN to file an unsecured proof of claim in these bankruptcy cases; and it is

**FURTHER ORDERED** that a copy of this Order be served upon all parties in this matter within _____ days of this Order.

_____
Hon. Michael B. Kaplan, U.S.B.J.

Exhibit "B"

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>LUIS GUERRERO, P.L.L.C.<br>434 W. 33rd Street, 13th Floor<br>New York, N.Y. 10001<br>(917)997-1116 tel.<br>Luis Guerrero, Esq.<br>Attorney for Felix Moran | |
|---|---|
| | Case No.: 19- 27439 |
| | Chapter: 11 |
| In Re:<br><br>Hollister Construction Services, L.L.C. | Adv. No.: Click or tap here to enter text. |
| | Hearing Date: 01/16/19 |
| | Judge: Michael B. Kaplan |

## CERTIFICATION OF SERVICE

1. I, Luis Guerrero, Esq.:

    ☒ represent the Movant, Felix Moran, in this matter.

    ☐ am the secretary/paralegal for Click or tap here to enter text., who represents Click or tap here to enter text. in this matter.

    ☐ am the Click or tap here to enter text. in this case and am representing myself.

2. On December 18, 2019, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below.
    Click or tap here to enter text.

3. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date: December 18, 2019

_____
Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| United States Trustee<br>One North Center, Suite 2100<br>Newark, NJ 07102<br>Attn: Lauren Bielskie, Esq. | U.S. Trustee | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other Click or tap here to enter text.<br>   (As authorized by the Court or by rule. Cite the rule if applicable.) |
| Hollister Construction Services, LLC<br>339 Jefferson Road<br>Parsippany, NJ 07054 | Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other Click or tap here to enter text.<br>   (As authorized by the Court or by rule. Cite the rule if applicable.) |
| Kenneth A. Rosen, Esq.<br>Lowenstein Sandler, LLP<br>One Lowenstein Drive<br>Roseland, NJ 07068 | Attorney for Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other Click or tap here to enter text.<br>   (As authorized by the Court or by rule. Cite the rule if applicable.) |
| Click or tap here to enter text. | Click or tap here to enter text. | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other Click or tap here to enter text.<br>   (As authorized by the Court or by rule. Cite the rule if applicable.) |
| Click or tap here to enter text. | Click or tap here to enter text. | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other Click or tap here to enter text.<br>   (As authorized by the Court or by rule. Cite the rule if applicable.) |