UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**Order Filed on December 20, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

**LOWENSTEIN SANDLER LLP**
Arielle B. Adler, Esq.
Bruce Buechler, Esq.
Joseph J. DiPasquale, Esq.
Jennifer B. Kimble, Esq.
Kenneth A. Rosen, Esq.
Mary E. Seymour, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtor and
Debtor-in-Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 19-27439 (MBK) |
| HOLLISTER CONSTRUCTION SERVICES, LLC,[1] | |
| Debtor. | |

**STIPULATION AND CONSENT ORDER PURSUANT TO 11 U.S.C. §§
105, 362, AND 365 AUTHORIZING REJECTION OF DEBTOR'S
CONTRACT WITH 147 BLOOMFIELD AVE JV, LLC AND
GRANTING RELIEF FROM AUTOMATIC STAY**

The relief set forth on the following pages, numbered two (2) through six (6), is hereby

**ORDERED.**

**DATED: December 20, 2019**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page: 2
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Stipulation and Consent Order Pursuant to 11 U.S.C. 105, 362 and 365 Authorizing
Rejection of Debtor's Contract with 147 Bloomfield Ave JV, LLC and Granting Relief from
the Automatic Stay

_____

Upon consideration of this Stipulation and Consent Order (the "Order") entered into by and between Hollister Construction Services, LLC, as debtor and debtor-in-possession in the above-captioned bankruptcy case (the "Debtor" or "Hollister"), and 147 Bloomfield Ave JV, LLC (the "Vestry Owner", and together with the Debtor, the "Parties"), by and through their respective undersigned counsel; and the Court having jurisdiction over the matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey entered on July 23, 1984, as amended on September 18, 2012 (Simandele, C.J.); and the Court having found that the matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2), and the Court having found that it has the authority to enter a final order consistent with Article III of the United States Constitution; and the Court having found that the venue of this proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the proposed Order is in the best interests of the Debtor's estate, its creditors and other parties-in-interest; the Court having found that the notice and opportunity to object were appropriate under the circumstances and that no other or further notice of the proposed Order need be provided; and the Court having reviewed the proposed Order and any objections thereto; and the Court having determined that good cause exists for granting the relief requested in accordance with the terms hereof;

## RECITALS

**WHEREAS,** on September 11, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, thereby initiating the above-captioned chapter 11 case (the "Chapter 11 Case");

Page: 3
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Stipulation and Consent Order Pursuant to 11 U.S.C. 105, 362 and 365 Authorizing
Rejection of Debtor's Contract with 147 Bloomfield Ave JV, LLC and Granting Relief from
the Automatic Stay

_____

**WHEREAS,** on or about November 8, 2017, the Debtor and Vestry Owner entered into a contract (the "Vestry Contract") for certain construction work at 147 Bloomfield Avenue, Montclair, New Jersey (the "Vestry Project");

**WHEREAS,** in connection with the Vestry Contract and the Vestry Project, the Debtor entered into certain contracts with numerous subcontractors for work related to the Vestry Project (collectively, the "Vestry Subcontracts");

**WHEREAS,** on or about September 8, 2019, the Vestry Owner sent Hollister a letter asserting an anticipatory breach of the Vestry Contract and purporting to terminate the Vestry Contract;

**WHEREAS,** the Debtor disputed the purported pre-petition termination of the Vestry Contract by the Owner;

**WHEREAS,** since the Petition Date, the Debtor has engaged in negotiations with the Vestry Owner in an attempt to reach a resolution on the Vestry Project.  However, such negotiations have not been successful, and the Debtor has determined that it will not continue on the Vestry Project and will reject the Vestry Contract;

**WHEREAS,** the Parties, without admitting any breach by the Debtor of the Vestry Contract, agree to the rejection of the Vestry Contract effective as of the Petition Date and the lifting of the automatic stay under Section 362 effective upon the entry of this Order;

**IT IS ORDERED AND AGREED AS FOLLOWS:**

1.  This Order shall be effective upon its entry by the Bankruptcy Court.

2.  The Parties agree that the Vestry Contract be and hereby is deemed rejected pursuant to Section 365 of the Bankruptcy Code as of the Petition Date.

Page: 4
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Stipulation and Consent Order Pursuant to 11 U.S.C. 105, 362 and 365 Authorizing
Rejection of Debtor's Contract with 147 Bloomfield Ave JV, LLC and Granting Relief from
the Automatic Stay

---

3.      The Parties agree that pursuant to 11 U.S.C. § 362(d), the automatic stay is hereby lifted effective as of the date of entry of the Order as to the Vestry Owner and Vestry Project.

4.      The Parties agree that the Vestry Owner or its designee can negotiate directly with the Vestry Subcontractors to complete the Vestry Project, in the discretion of the Vestry Owner.

5.      Except as set forth herein, the Debtor and the Vestry Owner each reserve all rights under the Vestry Contract and the applicable law and nothing herein is intended to waive or alter the rights of either the Debtor or the Vestry Owner.

6.      The Parties agree and consent that this Order shall not constitute an admission that the Debtor is in default of the Vestry Contract or Vestry Subcontracts.

7.      Nothing herein shall be deemed a waiver of any rights of either Party, including, but not limited to, any rights to pursue collection of amounts due to the Debtor under the Vestry Contract and amounts due from the Vestry Owner for services provided by the Debtor on the Vestry Project after the Petition Date and prior to the execution of this Stipulation, and the Vestry Owner reserves all defenses or offsets it may assert.

8.      Each person signing this Order hereby represents and warrants that he/she is duly authorized to sign this Order and has the requisite authority to execute and deliver this Order on behalf of such Party and to bind the respective Party to the terms and conditions herein.

9.      The Parties acknowledge that they have read all of the terms of this Order, that they have consulted with the counsel of their choice (or had the opportunity to consult with

-4-

Page: 5
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Stipulation and Consent Order Pursuant to 11 U.S.C. 105, 362 and 365 Authorizing
Rejection of Debtor's Contract with 147 Bloomfield Ave JV, LLC and Granting Relief from
the Automatic Stay

_____

the counsel of their choice) regarding the terms of this Order and enter into this Order

voluntarily and without duress.

10.    The Parties acknowledge and stipulate that this Order has been drafted through

a joint effort of the Parties and, therefore, shall not be construed in favor of or against either

of the Parties. The terms of this Order shall be deemed to have been jointly negotiated and

drafted by the Parties.

11.    The Parties submit and consent to the jurisdiction (both personal and subject

matter) of the Bankruptcy Court to adjudicate any dispute or claim arising from or related to

this Stipulation and Order. In the event the Bankruptcy Court declines to or cannot exercise

jurisdiction over any such disputes, then the Parties agree to the jurisdiction (both personal

and subject matter) of the Superior Court of New Jersey in Essex County. The Parties

expressly waive any right to trial by jury of any dispute arising under or related to this Order.

12.    The Parties agree that this Order shall be governed and construed in

accordance with the laws of the State of New Jersey without giving effect to the conflict of

laws or choice of law provisions thereof, except to the extent that the law of the United

States, including the Bankruptcy Code, governs any matters set forth herein, in which case

such federal law shall govern.

13.    This Order may be executed in counterparts, each of which shall be deemed to

be an original, but all of which together will constitute one and the same agreement.

14.    This Court shall retain jurisdiction over all matters arising from or relating to

the implementation or interpretation of this Order.

Page: 6
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Stipulation and Consent Order Pursuant to 11 U.S.C. 105, 362 and 365 Authorizing
Rejection of Debtor's Contract with 147 Bloomfield Ave JV, LLC and Granting Relief from
the Automatic Stay

_____

15.     This Order shall be effective immediately upon its entry on the docket and

shall not be subject to any stay under Fed. R. Bankr. P. 4001(3) or any other Bankruptcy

Rule.

**WASSERMAN, JURISTA & STOLZ, PC**          **LOWENSTEIN SANDLER LLP**
*Attorneys for 147 Bloomfield JV, LLC*       *Attorneys for Debtor, Hollister*
                                             *Construction Services, LLC*


By:   */s/ Daniel Stolz*                     By:   */s/ Mary E. Seymour*
        Daniel Stolz                                 Kenneth A. Rosen
                                                     Mary E. Seymour

Dated:  December 10, 2019                    Dated:  December 10, 2019

-6-

United States Bankruptcy Court
District of New Jersey

In re:                                                                    Case No. 19-27439-MBK
Hollister Construction Services, LLC                                      Chapter 11
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin              Page 1 of 1            Date Rcvd: Dec 20, 2019
                             Form ID: pdf903          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 22, 2019.
db              +Hollister Construction Services, LLC,    339 Jefferson Road,    Parsippany, NJ 07054-3707

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                    TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 22, 2019                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 20, 2019 at the address(es) listed below:
NONE.                                                                                    TOTAL: 0