| UNITED STATES BANKRUPTCY COURT |
| --- |
| DISTRICT OF NEW JERSEY |
| Caption in Compliance with D.N.J. LBR 9004-1 |

**LOWENSTEIN SANDLER LLP**
Arielle B. Adler, Esq.
Bruce Buechler, Esq.
Joseph J. DiPasquale, Esq.
Jennifer B. Kimble, Esq.
Kenneth A. Rosen, Esq.
Mary E. Seymour, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtor and Debtor-in-Possession*

In re:

HOLLISTER CONSTRUCTION SERVICES, LLC,[1]

Debtor.

FILED
JEANNE A. NAUGHTON, CLERK
JAN 0 2 2020
U.S. BANKRUPTCY COURT
TRENTON, NJ
BY_____DEPUTY

Chapter 11

Case No. 19-27439 (MBK)

## ORDER GRANTING DEBTOR'S MOTION DETERMINING THAT CERTAIN CREDITORS HAVE VIOLATED THE AUTOMATIC STAY, THAT CERTAIN ASSERTED LIENS FILED POST-PETITION ARE VOID *AB INITIO*, AND GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through and including four (4), is hereby **ORDERED**.

/s/ Michael B. Kaplan
MICHAEL B. KAPLAN, USBJ

1/2/20

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

37322/2
12/31/2019 205567796.2

Page: 2
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Order Granting Debtor's Motion Determining that Certain Creditors Have Violated the Automatic Stay, that Certain Asserted Liens Filed Post-Petition are Void *Ab Initio*, and Granting Related Relief

**THIS MATTER**, having been opened to the Court on the Motion of the above-captioned debtor-in-possession (the "Debtor"), seeking entry of an order (i) determining that certain creditors violated the automatic stay of Section 362(a) of the Bankruptcy Code by the filing of construction liens post-petition, (ii) that the asserted construction liens filed post-petition are void *ab initio*, and (iii) for related relief (the "Motion"),[2] and the Court having considered the Motion and any objections filed thereto at a hearing held on January 2, 2020 (the "Hearing"), and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. sections 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey dated September 18, 2012 (Simandle, C.J.); and venue being proper in this District pursuant to 28 U.S.C. sections 1408 and 1409, and the Motion is determined to be a core proceeding pursuant to 28 U.S.C. section 157(b)(2); and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate and creditors, and the Court having conducted the Hearing on the Motion at which time the Court heard and considered the oral argument of counsel, and good and sufficient notice of the Motion having been provided to all interested parties and for the reasons set forth by the Court on the record at the Hearing; and for good cause shown;

**IT IS HEREBY ORDERED** as follows:

1. The Motion is **GRANTED** as set forth herein.

2. That the post-petition construction liens filed by Bender Enterprises, Inc. ("Bender Enterprises"); Midway Glass & Metal Installers, Inc. ("Midway"); and Multi Roof Maintenance, LLC ("Multi Roof") (collectively, the "Construction Lien Claimants") are hereby determined to have been filed in violation of the automatic stay of section 362(a) of the

---
[2] Capitalized terms not defined in this Order shall have the meaning ascribed to them in the Motion.

Bankruptcy Code and, accordingly, the construction liens filed by the Construction Lien Claimants are void *ab initio* and are not enforceable.

3. The Construction Lien Claimants are hereby directed and ordered to file a discharge or release of the post-petition construction liens they filed within five (5) days of the entry of this Order and provide proof of the release of their construction lien to Debtor's counsel.

4. The Debtor's request ~~to recover~~ remains reasonable attorneys' fees and costs is ~~hereby~~ under consideration (MBK) ~~granted due to Midway and Multi Roof, willful violation of the automatic~~ stay. The Debtor, through its counsel, is hereby directed to file with the Court a declaration or certification setting forth the amount of attorneys' fees and costs incurred in connection with the preparation, filing and prosecuting of the Motion within ten (10) calendar days of the entry of this Order and serve a copy on Midway and Multi Roof, and thereafter Midway and Multi Roof will have seven (7) (MBK) calendar days to respond, whereupon the Court ~~will~~ may enter a separate order fixing the amount of attorneys' fees and costs to be assessed against Midway and Multi Roof under section 362(k) of the Bankruptcy Code.

5. Bender Enterprises has agreed to file a release of its post-petition by January 3, 2020 and to provide Debtor's counsel with a copy of the lien release when it is submitted for filing and a marked filed copy when the lien release is returned by the Clerk. The Debtor has agreed not to seek sanctions against Bender Enterprises in exchange for this agreement. In the event Bender Enterprises does not file its lien release by January 3, 2020, the agreement memorialized in this paragraph will be null and void.

6. This Order shall be deemed to be immediately effective upon its entry and any stay imposed by any of the Bankruptcy Rules is hereby waived.

Page:     4
Debtor:   Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption:  Order Granting Debtor's Motion Determining that Certain Creditors Have Violated
          the Automatic Stay, that Certain Asserted Liens Filed Post-Petition are Void *Ab
          Initio*, and Granting Related Relief

---

7. The Court shall retain exclusive jurisdiction to hear and decide any and all disputes or issues related to, arising out of or under the implementation, interpretation or enforcement of this Order.