**RIKER DANZIG SCHERER HYLAND PERRETTI LLP**

ATTORNEYS AT LAW

**Joseph L. Schwartz**
Partner

Direct:
t: 973.451.8506
f: 973.451.8727
jschwartz@riker.com

Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981

January 7, 2020

**Via Electronic Filing**

Honorable Michael B. Kaplan, U.S.B.J.
United States Bankruptcy Court for the District of New Jersey
Clarkson S. Fisher U.S. Courthouse, 2nd Floor
402 East State Street
Trenton, NJ 08608

Re:    **In re Hollister Construction Services, LLC**
       **Case No. 19-27439 (MBK)**

Dear Judge Kaplan:

We represent Newark Warehouse Urban Renewal, LLC and Newark Warehouse Redevelopment Company, LLC (together, the "NWR Entities").  I write in response to the Debtor's e-mail to the Court at 7:49 a.m. that responded to my letter response of last evening regarding the Order Shortening Time [Docket No. 742] (the "Order Shortening Times") that the Court entered yesterday in connection with the NWR Entities' Motion for an Order Determining that Certain Parties Have Violated the Automatic Stay, That Certain Asserted Liens Filed Post-Petition Are Void Ab Initio, Confirming the Applicability of the Automatic Stay to The Pending Construction Lien Litigations and For Related Relief [Docket No. 740] (the "NWR Motion").

As I set forth in my letter filed last night, the Court has accommodated the Debtor time and time again in this case by hearing virtually all of the Debtor's motions on expedited time frames. While the Debtor has no problem requesting drastically shortened notice periods when it suits its own needs, the Debtor now argues, without any basis, that a non-debtor party's request to have a motion heard on shortened time, which the Court in its judgment granted, is improper. This is despite the fact that the Court specifically advised the parties on January 2, 2020 that it would hear the NWR Motion on the first available date.

The Debtor's latest effort to delay the hearing of the NWR Motion is highly suspect.  As the Court is well aware, the Debtor filed its Motion to Enforce the Automatic Stay on Friday, December 20, 2019, in advance of the Christmas holiday, with a hearing set for January 2, 2020, the first business day after the New Year's holiday. The Debtor's position that this provided parties with thirteen days' (six business days') notice of the hearing may be factually correct but as the Debtor is undoubtedly aware, it is possible, if not likely, that many affected parties never saw the motion and/or did not have time to prepare a response.  Moreover, in many instances,

Honorable Michael B. Kaplan, U.S.B.J.
January 7, 2020
Page 2

the Debtor has requested and obtained hearings in this case on far less than thirteen days' notice. The Debtor's attempt to now hide behind this charade that notice over the holidays was ample while the notice of the NWR Motion is not is disingenuous.

Significantly, the parties affected by the NWR Motion <u>already received notice</u> of the relief requested as early as December 30, 2019 by way of the NWR Entities' Objection to the Debtor's Motion to Enforce the Automatic Stay. In fact, at least one of the affected parties (Apple Corning & Sawing, LLC) appeared at the January 2, 2020 hearing to address the NWR Entities' Objection. Given the fact that the Court specifically instructed the NWR Entities to seek such relief by way of motion, which the Court indicated would be heard on the first available date, the NWR Motion should come as no surprise to the Debtor or any of the affected parties.

In any event, the NWR Entities effectuated serve of the NWR Motion last night, as required by the Order Shortening Time. Therefore, most parties, <u>including counsel for all affected parties</u>, received notice of the NWR Motion via email last night, and all parties will have been served by today.[1] Under the circumstances, the NWR Entities submit that notice of the hearing on the NWR Motion is entirely adequate, and the Court's judgment with respect to the timing of the hearing should stand.

As the NWR Entities have made clear, the parties impacted by the NWR Motion engaged in conduct violative of the automatic stay and prior orders of this Court. Moreover, those parties have refused to take corrective action and/or stand down when the NWR Entities endeavored to address the issue without Court intervention. The relief sought by way of the NWR Motion seeks to curb such improper action, which is beneficial to the Debtor's estate. As a result, the Debtor's motives in opposing the hearing are transparent and highly questionable. The NWR Entities believe such actions are nothing more than an improper attempt to gain leverage against the NWR Entities in connection with ongoing settlement discussions.

Again, we submit that the hearing on the NWR Entities' Motion should go forward on January 9, in accordance with the Court's entered Order Shortening Time.

Respectfully submitted,

/s/ *Joseph L. Schwartz*

Joseph L. Schwartz

cc:    Mary E. Seymour, Esq.

5103564v2

---

[1] The NWR Entities will be filing a certification of service shortly evidencing the same.