UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Bruce Buechler, Esq.
Joseph J. DiPasquale, Esq.
Mary E. Seymour, Esq.
Jennifer B. Kimble, Esq.
Arielle B. Adler, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtor and*
*Debtor-in-Possession*

In re:

**HOLLISTER CONSTRUCTION SERVICES, LLC,[1]**

Debtor.

**FILED**
JEANNE A. NAUGHTON, CLERK

**JAN 0 9 2020**

U.S. BANKRUPTCY COURT
TRENTON, NJ
BY_____DEPUTY

Chapter 11

Case No. 19-27439 (MBK)

## ORDER EXTENDING THE DEBTOR'S EXCLUSIVE PERIODS
## TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF
## PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE,
## AND GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through and

including three (3), is hereby **ORDERED**.

1/9/20

MICHAEL B. KAPLAN,
US B J

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

37322/2
12/16/2019 205536994.2

Page:      2
Debtor:    Hollister Construction Services, LLC
Case No.:  19-27439 (MBK)
Caption:   Order Extending the Debtor's Exclusive Periods to File a Chapter 11 Plan and Solicit
           Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code, and Granting
           Related Relief

THIS MATTER having come before the Court on the motion (the "Motion")[2] of the above-captioned debtor and debtor-in-possession (the "Debtor"), seeking entry of an order (a) extending the period during which the Debtor has the exclusive right to file a chapter 11 plan (the "Exclusive Filing Period") by 90 days, from January 9, 2020 through and including April 8, 2020, and extending the period during which the Debtor has the exclusive right to solicit votes thereon (the "Exclusive Solicitation Period," and together with the Exclusive Filing Period, the "Exclusive Periods") by approximately 90 days, from March 9, 2020 through and including June 8, 2020, without prejudice to the Debtor's right to seek further extensions of the Exclusive Periods, and (b) granting related relief; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey dated as of September 18, 2012 (Simandle, C.J.); and the Court having determined that the relief requested in the Motion is in the best interest of the Debtor, its estate, and its creditors; and it appearing that due and proper notice of the Motion has been provided and that no other or further notice need be provided; and upon the proceedings had before the Court; and good and sufficient cause appearing therefor, it is hereby

ORDERED, that:

1.      The Motion is **GRANTED** as set forth herein.

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Motion.

Page:      3
Debtor:    Hollister Construction Services, LLC
Case No.:  19-27439 (MBK)
Caption:   Order Extending the Debtor's Exclusive Periods to File a Chapter 11 Plan and Solicit
           Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code, and Granting
           Related Relief

2.     Pursuant to section 1121(d) of the Bankruptcy Code, the Debtor's Exclusive Filing Period under section 1121(b) of the Bankruptcy Code is hereby extended through and including April 8, 2020.

3.     Pursuant to section 1121(d) of the Bankruptcy Code, the Debtor's Exclusive Solicitation Period under section 1121(c) of the Bankruptcy Code is hereby extended through and including June 8, 2020.

4.     Nothing herein shall prejudice (a) the Debtor's right to seek further extensions of the Exclusive Periods consistent with section 1121(d) of the Bankruptcy Code, or (b) the rights of any party in interest to object to any requests for further extensions.

5.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

6.     This Order shall be immediately effective and enforceable upon its entry and the stay imposed by any applicable Bankruptcy Rule is hereby waived.

7.     The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8.     This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation, or enforcement of this Order.