UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-1

LOWENSTEIN SANDLER LLP
Kenneth A. Rosen, Esq.
Bruce Buechler, Esq.
Joseph J. DiPasquale, Esq.
Mary E. Seymour, Esq.
Jennifer B. Kimble, Esq.
Arielle B. Adler, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtor and
Debtor-in-Possession*

FILED
JEANNE A. NAUGHTON, CLERK

JAN 09 2020

U.S. BANKRUPTCY COURT
TRENTON, NJ
BY_____DEPUTY

In re:

**HOLLISTER CONSTRUCTION SERVICES, LLC,**[1]

Debtor.

Chapter 11

Case No. 19-27439 (MBK)

## ORDER EXTENDING THE DEADLINE TO ASSUME OR REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY PURSUANT TO SECTION 365(D)(4) OF THE BANKRUPTCY CODE

The relief set forth on the following pages, numbered two (2) through and including three (3), is hereby **ORDERED**.

1/9/20

MICHAEL B. KAPLAN, USBJ

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

37322/2
12/16/2019 205536996.2

**THIS MATTER** having come before the Court on the motion (the "Motion")[2] of the above-captioned debtor and debtor-in-possession (the "Debtor"), seeking entry of an order extending the deadline to assume or reject unexpired leases of non-residential real property pursuant to section 365(d)(4) of the Bankruptcy Code for an additional 90 days, from January 9, 2020 through and including the earlier of (i) April 8, 2020 and (ii) the confirmation date of any chapter 11 plan of the Debtor, without prejudice to the Debtor's right to seek additional extensions of the period within which the Debtor may assume or reject the Unexpired Leases; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey dated as of September 18, 2012 (Simandle, C.J.); and the Court having determined that the relief requested in the Motion is in the best interest of the Debtor, its estate, and its creditors; and it appearing that due and proper notice of the Motion has been provided and that no other or further notice need be provided; and upon the proceedings had before the Court; and good and sufficient cause appearing therefor, it is hereby

**ORDERED**, that:

1. The Motion is **GRANTED** as set forth herein.

2. The Debtor's time to assume or reject unexpired leases of non-residential real property set forth on Exhibit A to the Motion is hereby extended through and including the earlier

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Motion.

of (i) April 8, 2020 and (ii) the confirmation date of any chapter 11 plan of the Debtor, pursuant to section 365(d)(4) of the Bankruptcy Code.

3. The entry of this Order shall be without prejudice to the Debtor's right to request further extensions of the time to assume or reject the Unexpired Leases in accordance with the requirements of section 365(d)(4)(B)(ii) of the Bankruptcy Code.

4. Nothing in the Motion or this Order shall be deemed an approval of the assumption or rejection of any Unexpired Lease.

5. The requirement set forth in Local Rule 9013-1(a)(3) that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

6. This Order shall be immediately effective and enforceable upon its entry and the stay imposed by any applicable Bankruptcy Rule is hereby waived.

7. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8. This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation or enforcement of this Order.