UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**FOX ROTHSCHILD LLP**
Formed in the Commonwealth of Pennsylvania
2000 Market Street, 20th Floor
Philadelphia, PA 19103
(215) 299-2000 (phone); (215) 299-2150 (fax)
Brett Berman, Esquire (BB 000672007)
Jason C. Manfrey, Esquire (JM 011752009)
bberman@foxrothschild.com
jmanfrey@foxrothschild.com
*Attorneys for Joffe Lumber & Supply Co., Inc.*

In re:

HOLLISTER CONSTRUCTION SERVICES, LLC,

Debtor.

**FILED**
JEANNE A. NAUGHTON, CLERK

JAN 09 2020

U.S. BANKRUPTCY COURT
TRENTON, NJ
BY_____DEPUTY

Case No.: 19-27439

Chapter 11

Judge: Michael B. Kaplan

## FINAL ORDER GRANTING MOTION OF JOFFE LUMBER & SUPPLY CO., INC. TO THE EXTENT IT SEEKS AN ORDER THAT THE AUTOMATIC STAY IS TERMINATED AS TO JOFFE LUMBER & SUPPLY CO., INC. FOR CAUSE PURSUANT TO 11 U.S.C. § 362(D)(1) IN CONNECTION WITH THE ACCORDIA PROJECT

The relief set forth on the following pages, numbered two (2) through and including three (3), is hereby **ORDERED**.[1]

_____
MICHAEL B. KAPLAN
USBJ

1/9/20

---

[1] Capitalized terms used but not defined in this Order shall have the meaning ascribed to such terms in the Motion.

37322/3
01/09/2020 205683922.2

Page 2
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: *Final Order Granting Motion of Joffe Lumber & Supply Co., Inc. to the Extent It Seeks an Order That the Automatic Stay is Terminated as to Joffe Lumber & Supply Co., Inc. for Cause Pursuant to 11 U.S.C. § 362(d)(1) in Connection with the Accordia Project*

---

Upon the motion of Joffe Lumber & Supply Co., Inc. ("Joffe"), for entry of an Order (I) confirming that the automatic stay is not applicable to (a) the Vestry GC Contract and the Vestry Project, and (b) Joffe's entry into a contract with the Vestry Project Owner to perform certain construction services, work, material, goods and/or equipment to the Vestry Project Owner on the Vestry Project and receive payment from the Vestry Project Owner for pre-petition amounts due and owing to Joffe and for post-petition amounts that become due and owing to Joffe under the contract with the Vestry Project Owner; and (II) terminating the automatic stay as to Joffe for "cause" pursuant to 11 U.S.C. § 362(d)(1) to permit Joffe to exercise all of its rights and remedies under New Jersey law to enforce its Accordia Construction Lien against the Accordia Project Owner and the Accordia Property, including, but not limited to, permitting Joffe to (a) demand and collect payment of the Accordia Project Total Amount Due from the Accordia Project Owner in satisfaction of the Accordia Construction Lien; and (b) commence an action against the Accordia Project Owner under New Jersey Construction Lien to enforce its Accordia Construction Lien (the "Motion") [Docket No. 248]; and it appearing that the Court has jurisdiction over this matter; and it appearing that due notice of the Motion as set forth therein is sufficient under the circumstances, and that no other or further notice need be provided; and the Court having reviewed the opposition to the Motion filed by the Debtor [Docket No. 407]; and the Court having held a hearing on November 7, 2019 on the Motion (the "Hearing") and having heard the arguments of counsel; and after due deliberation and sufficient cause appearing therefore, and for the reasons set forth on the record at the Hearing;

---

**IT IS HEREBY ORDERED** as follows:

1. Joffe's Motion is **GRANTED** with respect to the Accordia Project as set forth herein.

2. The terms of the Settlement Agreement between the Debtor, Accordia Harrison Urban Renewal, LLC, and the subcontractors identified on Exhibit A to the HUB Settlement Agreement is incorporated by reference herein.

3. That certain Change Order (the "Change Order"), dated effective as of the date of entry of the Order Approving the HUB Settlement Agreement, by and between the Owner, and certain subcontractors, including Joffe Lumber & Supply Co., Inc. ("Joffe"), is hereby APPROVED. The terms of the Change Order are incorporated by reference in the HUB Settlement Agreement and herein.

4. Notwithstanding anything to the contrary in the HUB Settlement Agreement, the total payment amount due to Joffe under the terms of the HUB Settlement Agreement on account of its prepetition claim for Pre-Petition Work shall include the amount due and owing to Joffe under the Change Order. Further, the payments set forth in Paragraph 7 of the HUB Settlement Agreement as set forth in Exhibit A to HUB Settlement Agreement, shall include the amount payable to Joffe under the Change Order, which the Owner shall pay directly to Joffe in accordance with Paragraph 7 of the Settlement Agreement.

5. This Order is effective upon its entry by the Court.