**LOWENSTEIN SANDLER LLP**
Arielle B. Adler, Esq. (aadler@lowenstein.com)
Bruce Buechler, Esq. (bbuechler@lowenstein.com)
Joseph J. DiPasquale, Esq. (jdipasquale@lowenstein.com)
Jennifer B. Kimble, Esq. (jkimble@lowenstein.com)
Kenneth A. Rosen, Esq. (krosen@lowenstein.com)
Mary E. Seymour, Esq. (mseymour@lowenstein.com)
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| **HOLLISTER CONSTRUCTION SERVICES, LLC**,[1] | Case No. 19-27439 (MBK) |
| | Re: Docket Nos. 692, 730, 747, 748 and 767 |
| Debtor. | |

**DEBTOR'S RESPONSE TO MIDWAY GLASS & METAL INSTALLERS, INC.'S OBJECTION TO DEBTOR'S REQUEST FOR ATTORNEYS' FEES AND COSTS IN CONNECTION WITH THE COURT'S JANUARY 2, 2020 ORDER**

The above-captioned debtor and debtor-in-possession, Hollister Construction Services, LLC (the "Debtor"), submits this reply to the objection of Midway Glass & Metal Installers, Inc. ("Midway") [Docket No. 767] to the Debtor's request for attorneys' fees and costs [Docket Nos. 747 and 748] in connection with the Court's January 2, 2020 *Order Granting The Debtor's Motion Determining That Certain Creditors Have Violated the Automatic Stay, That Certain Asserted Liens Filed Post-Petition are Void Ab Initio, and Granting Related Relief* (the "Order") [Docket No. 730], and respectfully states as follows:

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

1. Midway's objection relies in large part upon the Certification of Paula LaChance, Midway's manager, who asserts that Midway never received the underlying motion or December 4, 2019 letter requesting that Midway discharge an improperly filed post-petition lien. The LaChance Certification fails to rebut the presumption of mailing rule.

2. In paragraph 2 of Ms. LaChance's Certification, she states "The correct mailing address for Midway is 526 Route 17 South, Carlstadt, New Jersey 07072." As the Court will note, the letter to Midway dated December 4, 2019, attached as Exhibit A to the Declaration of Jay McDermott [Docket No. 692-1], was mailed to that identical address and not returned to the sender. Likewise, the Debtor's underlying Motion [Docket No. 692] was sent to the identical address by Federal Express by Prime Clerk, the Debtor's noticing agent, and not returned to the sender. *See Affidavit of Service* filed on December 27, 2019 [Docket No. 718], at Exhibit D, evidencing it was sent by overnight mail. The Motion was sent by Federal Express on Friday, December 20, 2019, and received by Midway on Monday, December 23, 2019, the next business day, and signed for by M. Jill. See proof of delivery from Prime Clerk attached hereto as Exhibit A.

3. The LaChance declaration is not sufficient evidence of non-receipt of the December 4, 2019 letter and the Motion to rebut the presumption of mailing. As the Third Circuit noted in a case under the Bankruptcy Act, "Under New Jersey law, there is a presumption that mail properly addressed, stamped and mailed was received by the party to whom it was addressed." *Matter of Callahan Motors, Inc.*, 538 F. 2d 76, 79 n. 13 (3d Cir. 1976). "Mail properly addressed, stamped and deposited in the mail system is presumed to have been received by the party to whom it has been addressed." *In re R.H. Macy & Co., Inc.*, 161 B.R. 355, 359 (Bankr. S.D.N.Y. 1993). The *R.H. Macy* court further stated that "self-serving submissions asserting non-receipt of the proof of claim package and the enclosed Notice of Entry of Bar Order is insufficient to rebut the aforementioned presumption of receipt." *Id.* at 360. An affidavit alleging non-receipt is insufficient to rebut the presumption of receipt created by proof of mailing. *In re AMR Corp.*, 492 B.R. 660, 663-64 (Bankr. S.D.N.Y. 2013) (holding that

affidavit describing informal mail filing system is not adequate to rebut presumption of mailing rule); *In re Dana Corp.*, No. 06-10354, 2007 Bankr. LEXIS 1934, at *15-17 (Bankr. S.D.N.Y. May 30, 2007) (holding that an affidavit of non-receipt insufficient to rebut presumption of mailing rule); *In re Ms. Interpret*, 222 B.R. 409, 413-14 (Bankr. S.D.N.Y. 1998) (holding that a party must do more than merely assert that it did not receive the mailings and that an affidavit of non-receipt is insufficient to rebut the presumption of mailing rule); *In re Malandra*, 206 B.R. 667, 673-74 (Bankr. S.D.N.Y. 1997) (holding that affidavit of non-receipt is insufficient to rebut the presumption of mailing).  *See also In re Peninsular Oil Corp.*, 399 B.R. 532, 536-37 (Bankr. M.D. Fla. 2008) (creditor's motion for leave to file a late claim denied); *In re STN Enterprises, Inc.*, 94 B.R. 329, 334-35 (Bankr. D. Vt. 1988) (holding that because the notice was never returned as undelivered and that the creditor received other mailings in the case, the creditor received notice of the bar date and could not file a late filed claim); *In re Williams*, 185 B.R. 598, 600 (Bankr. 9th Cir. B.A.P. 1995) (holding that where a creditor received applicable notices in the case, an affidavit was insufficient to rebut the presumption of mailing rule).

4. In *Dana*, the Bankruptcy Court for the Southern District of New York denied the creditor's motion for leave to file a late section 503(b)(9) claim on the grounds that it failed to overcome the presumption of receipt.  The creditor failed to rebut the presumption of mailing standard because it could not prove that either (i) the bar date notice was not mailed, or (ii) that there was any deficiency in the address or mailing process.  See *Dana*, 2007 Bankr. LEXIS at *15-16.  In addition, mail was not returned to the claims agent and the creditor admitted to receiving other pleadings in the bankruptcy case. Id.

5. Here, it is incredulous to believe that Midway did not receive either the December 4, 2019 letter sent by regular mail or the Motion sent by Prime Clerk by Federal Express delivery and signed for by M. Jill.

6. While Midway may have promptly complied with the Court's directive, Midway's assertions of non-receipt of the properly mailed December 4 letter and the Motion, as well as Mr. McDermott's phone call to Midway (McDermott Declaration, Docket No. 692-1), do

not rebut the presumption of mailing. Thus, Midway had adequate opportunity to take action that would have avoided filing the Motion, but it failed to do so. Accordingly, the Debtor respectfully requests that the Court grant its request to assess reasonable attorneys' fees and costs against Midway as a result of Midway's willful violation of the automatic stay pursuant to section 362(k) of the Bankruptcy Code.

Dated: January 13, 2020                    Respectfully submitted,

**LOWENSTEIN SANDLER LLP**

/s/ *Kenneth A. Rosen*
Arielle B. Adler, Esq.
Bruce Buechler, Esq.
Joseph J. DiPasquale, Esq.
Jennifer B. Kimble, Esq. (admitted *pro hac vice*)
Kenneth A. Rosen, Esq.
Mary E. Seymour, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)
aadler@lowenstein.com
bbuechler@lowenstein.com
jdipasquale@lowenstein.com
jkimble@lowenstein.com
krosen@lowenstein.com
mseymour@lowenstein.com

*Counsel to the Debtor and Debtor-in-Possession*

# Exhibit A

| Tracking Number | Ship date | Reference | Date delivered | Received by | Recipient company | Recipient address | Recipient country/territory | Recipient contact name |
|---|---|---|---|---|---|---|---|---|
| 141014329912 | 12/20/2019 | 2510-02-38508-8275549 | 12/23/2019 | M.JILL | Midway Glass & Metal Installer | 526 Route 17 South | US | Attn Joseph Marshall President |