

440 Sylvan Avenue, Suite 220 | Englewood Cliffs, New Jersey 07632
Phone: 201.568.2064 | Fax: 201.608.7191 | www.mrossllc.com

January 15, 2020

**VIA ECF**
Honorable Michael B. Kaplan
United States Bankruptcy Judge
District of New Jersey
404 East State Street
Trenton, New Jersey 08608
Courtroom No. 8

            In re: Hollister Construction Services, LLC
            Case No.: 19-27439 (MBK)

Dear Judge Kaplan:

    As you are aware, this firm represents Control Services, LLC ("Control") in this bankruptcy proceeding, as well as in a consolidated case entitled *Apple Coring and Sawing, LLC v. Control Services, LLC*, et al., Docket No.: ESX-L-4707-18 and ESX-L-246-19, (the "Control Litigation"), which the movants Newark Warehouse Urban Renewal LLC ("NWUR") and Newark Warehouse Redevelopment Company, LLC ("NWRC") (collectively "NWR Entities") describe as one of the Construction Lien Litigations that they seek to have stayed. Please accept this letter brief as our opposition to the NWR Entities' motion to enforce the stay pursuant to §362 (a) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") ("Motion"). For the reasons set forth more fully *infra*, the Motion should be denied with respect to staying the Control Litigation, as the enforceability of the State Court ruling bars the requested relief herein and the claims in the Control Litigation as they relate to the NWR Entities do not implicate the assets of the debtor or the enforceability of the §362(a) of the Bankruptcy Code.

**Procedural History of the Control Litigation**

Upon receiving notice of the bankruptcy filing by Hollister Construction Services, LLC, ("HCS"), the Honorable Thomas R. Vena, J.S.C., the State Court judge assigned to the Control Litigation, requested that the parties brief the extent to which the automatic stay of section §362(a) of the Bankruptcy Code ("Automatic Stay") applied to the pending litigation before him. October 25, 2019, upon receiving submissions from all relevant parties, Judge Vena entertained oral argument and issued an oral ruling from the bench that the Automatic Stay applied *only* to: (1) claims against the debtor (HCS) and (2) lien foreclosure claims against parties other than the debtor. However, claims against the property's owners, specifically those against the NWR Entities herein, for causes of action other than foreclosure of the construction liens, were permitted to go forward.[1]   Notably, the movants herein have *not* appealed Judge Vena's October 25, 2019 ruling. Rather, they sought and obtained an extension of discovery for the Control Litigation, which is scheduled to now run through October of 2020.

**The Rooker-Feldman Doctrine Bars the Relief Requested**
**As it Relates to the Control Litigation**

As an initial matter, the issue of the Automatic Stay has already been briefed and addressed in full by Judge Vena who made the determination after hearing oral argument from the parties that the Automatic Stay would *only* be enforced with respect to claims against the debtor and lien foreclosure claims against non-debtors. Thus, the remaining claims against all the non-debtor parties, namely, the pending claims of quantum meruit and unjust enrichment against the NWR Entities, are permissible to proceed. Notably, this ruling was not appealed by

---

[1] Control has claims against the NWR Entities for quantum meruit and unjust enrichment.

the NWR Entities and as such, the duplicative relief that the NWR Entities is seeking is barred by the applicability of the *Rooker-Feldman* doctrine, which precludes lower federal courts from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment. *Bianchi v. Rylaarsdam,* 334 F.3d 895, 898 (9th Cir. 2003); *In re Christian Brotherhood*, 301 B.R. 888, 890, 42 Bankr. Ct. Dec (CRR) 66 (Bankr. D. Neb. 2003) ("In most instances the *Rooker-Feldman* doctrine operates to preclude lower federal courts from deciding a collateral attach on a state court decision…Lower federal courts, including bankruptcy courts, lack subject matter jurisdiction to engage in appellate review of state court determinations") (citations omitted). A federal trial court, such as the Bankruptcy Court, "…may not entertain appellate review of a state court judgment." *Patti v. Fred Ehrlich*, PC 304 B.R. 182, 186 (E.D.Pa.2003)(internal citation omitted). Indeed, State Courts have concurrent jurisdiction with Bankruptcy Courts to decide whether the proceedings are subject to the automatic stay. *In Re Wayne D. Steward*, 338 B.R. 654, 658 (Bankr. D.N.J.)(internal citation omitted).

Rather than the bringing the instant Motion, the proper path for the NWR Entities, if aggrieved by Judge Vena's October 25, 2019 ruling, would have been to pursue an appeal in the New Jersey Appellate Division. No such appeal was filed and the NWR Entities cannot have a second bite at the apple. *Id*. at 658 ("Federal-state comity requires that once a court of competent jurisdiction has validly entered a judgment, that judgment is valid unless and until it is overturned or vacated by a court that has supervisory powers over that court's system)(citation omitted). Moreover, it is significant to underscore that Judge Vena's ruling does not violate the protections actually afforded to HCS. Nor does it implicate any of the claims that Control has against the NWR Entities, as these were expressly exempted by Judge Vena's ruling.

Accordingly, the *Rooker-Feldman* doctrine bars this Court from overturning Judge Vena's October 25, 2019 ruling.

Control recognizes that other litigations which are the subject of the within Motion may presently stand in a different posture, where either an improper lien was filed after the bankruptcy filing, and/or a state court judge has not already addressed the applicability of the automatic stay. However, it would be inequitable and unjust for the Control Litigation to be lumped in with those matters. Accordingly, this Court should permit Control to proceed with their non-foreclosure lien claims against the NWR Entities, in accordance with Judge Vena's ruling and the *Rooker-Feldman* doctrine.

**The NWR Entities Have Provided No Additional Basis to Stay the Control Litigation**

A.   *The NWR Entities Cannot Benefit From The Application Of The Automatic Stay*

Even assuming *arguendo*, that the principles of comity as set forth *supra* were inapplicable to the instant Motion, which they are not, the Motion must still be denied because the NWR Entities have failed to substantiate a basis for this Court to apply the benefits and protections of the Automatic Stay to the NWR Entities, a non-debtor. It is well settled that the Automatic Stay applies ***strictly*** to the debtor, and not to other parties, even if the non-debtor parties stand in a similar factual or legal situation to the debtor party. As the Court explained in *Maritime Electric Company, Inc. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir. 1991), "…formal distinctions between debtor-affiliated entities are maintained when applying the stay." The *Maritime* Court further stated, explicitly, that "the automatic stay is not available to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor." Thus, HCS must be treated separately from the property owners that hired HCS, the NWR Entities herein.

Application of the Automatic Stay to Control's independent claims against the NWR Entities would unjustly afford those entities a protection that they are not legally entitled to. In *Citizens First Nat. Bank of New Jersey v. Marcus*, 253 N.J.Super. 1, 5 (1991), the Appellate Division noted that "it would distort congressional purpose to hold that a third party solvent co-defendant should be shielded against his creditors by a device intended for the protection of the insolvent debtor and creditors thereof." (citation omitted). Yet, that is precisely what would occur here if this Court were to hold that the Automatic Stay prevents Control from pursuing claims against defendants other than HCS. Thus, the Court should adhere to the principle that has been described as "universally acknowledged," i.e., that "an automatic stay of proceeding accorded by §362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the Chapter 11 debtor." *Id*. at 4 (citations omitted). *See also*, *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir. 1991). Accordingly, in the instant case, the Automatic Stay does not extend to any party other than HCS, including the owners of the property, the NWR Entities, that unmistakably benefited from the provision of services by Control and various other subcontractors.

**B.     *The NWR Entities Cannot Ignore The September 20, 2019 Which Order Does Not Bar the Control Litigation***

The instant motion lumps together a number of distinct actions, including lien foreclosure claims filed post-petition and *after* the Automatic Stay. The Control Litigation does not fall within the scope of those cases. Rather, the Control Litigation contains claims for unjust enrichment and quantum meruit, directly against the NWR Entities, the property owners, who not only benefited from Control's work, but have also not paid for it, resulting in substantial damage to Control.

The language of the September 20, 2019 Order unequivocally addresses "construction or mechanics liens." It does not however, stay *any other types of claims against any parties other than the debtor*. To that end, the September 20, 2019 Order is consistent with the general rule that the Automatic Stay does not stay actions against solvent, non-debtor defendants, like the NWR Entities. The applicability of this legal principle was correctly interpreted and enforced by Judge Vena when he ruled on October 25, 2019 that the Automatic Stay would apply *only* to 1) claims against the debtor (HCS), and 2) lien foreclosure claims against parties other than the debtor. There is no ambiguity that Control's claims for quantum meruit and unjust enrichment against the NWR Entities, a non-debtor, should continue as a matter of law, as they remain legally viable in light of both Judge Vena's ruling and the September 20, 2019 Order.

Moreover, the NWR Entities have provided no legal authority to challenge Judge Vena's Order, the September 20, 2019 Order, or the Automatic Stay doctrine. Instead the NWR Entities rely on a single case, *In re Liner Electric Company*, 852 F.3d 313 (3d Cir. 2017) where the Third Circuit was asked to interpret the District Court ruling *de novo* review of whether the filing of post-petition construction liens by two subcontractors against the debtor's property, namely, its accounts receivable, violated the Automatic Stay. The Third Circuit affirmed the District Court ruling, holding that liens which do not fall within an exception to the automatic stay (i.e. by relating back to a pre-petition time) but are nevertheless filed post-petition, violate the automatic stay. *Id*. at 322. The Third Circuit reasoned in *In re Liner Electric Company* that if the post-petition liens of the subcontractors were to be foreclosed upon, the subcontractors would have circumvented the bankruptcy case and yielded an unfair advantage at the expense of other creditors. *Id.* at 323. Same is simply not the case here. *In re Liner Electric Company* remains inapplicable to the Control Litigation, as Control's claims against the NWR Entities involve

neither a construction lien nor a mechanic's lien and the NWR Entities are not the debtor. Accordingly, there is no authority proffered by *In re Liner Electric Company* that would compel this Court to enforce the Automatic Stay and bar Control's prosecution of its non-lien claims against solvent, non-debtor parties such as NWR Entities.

### The Motion Should Be Denied Based On Principles Of Equity And Fairness

On January 10, 2020, Judge Vena issued an Order in the Control Litigation granting Apple Core and Sawing LLC's ("Apple") Motion for Turnover Of Funds. The result was the immediate release of $474,187.58 from Control's bank account to Apple.[2] As a result of Judge Vena's January 10, 2020 Order, Apple's claims against various parties in both the Control Litigation and this current bankruptcy proceeding, have been resolved in full, prior to all other creditors (both secured and unsecured) and at the *sole expense* of Control. The NWR Entities on the other hand, have not paid any of the monies due to Control (or its subcontractors) by HCS and continue to be unjustly enriched by the labor and services rendered to their property. To further bar Control's claims for quantum meruit and unjust enrichment against the NWR Entities would have devastating effects on Control's future viability, and unfairly and prematurely render Control the only responsible party among many other wrongdoers.

It is well settled that this Court has broad powers and can exercise those with principles of equity and fairness in mind, so long as those powers do not conflict with the express provisions and terms of §11 U.S.C. 105(a); *see e.g. In re Larkey,* 214 F. 867 (Bankr. D.N.J. 1914) (bankruptcy court may consider principles of equity and justice). Here, the NWR Entities are not the debtors; they are the property owners. And yet, they are asking this Court for

---

[2] Apple had won a judgment against Control for the contractual amount due and owing for worked it had performed as Control's subcontractor for the HCS project.

protections afforded by the Automatic Stay simply so that they can stave off responsibility for compensating parties like Control. This request is further exacerbated by the fact that Control has already been forced to satisfy in full, Apple's claims in the Control Litigation and this bankruptcy proceeding, leaving Control as the sole responsible party among many other wrongdoers. The NWR Entities should not be permitted take advantage of bankruptcy principles to which they are statutorily not entitled. It is with this in mind, that there remains no equitable basis for this Court to deny Control at the very least, the right to pursue its claims against the NWR Entities.

Control respectfully urges this Court to consider the impact of the relief being requested by the NWR Entities. To grant the requested relief and bar the Control Litigation from moving forward shield the NWR Entities from a protection that they are simply not entitled and serve to impair and damage Control irreparably. The balance of the equities favors this Court's denial of the Motion. Accordingly, Control should have the ability to proceed against the NWR Entities and pursue its claims for quantum meruit and unjust enrichment.

## Conclusion

For all the foregoing reasons, the instant Motion should be denied with respect to the NWR Entities' request for an Automatic Stay of *Apple Coring and Sawing, LLC v. Control Services, LLC*, et al., Docket No.: ESX-L-4707-18 and ESX-L-246-19.

Respectfully Submitted,

Michele L. Ross

cc: All Counsel of Record (by ECF)