**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.J.J.LBR 9004-1

Christopher P. Coval, Esquire
Five Neshaminy Interplex, Suite 315
Trevose, PA  19053
(215) 639-4070
Attorneys for Non-Party Allglass Systems, LLC

| | |
|---|---|
| In Re: | Chapter 11 |
| HOLLISTER CONSTRUCTION SERVICES, LLC, | Case No. 19-27439 (MBK) |
| Debtor. | Hon. Michael B. Kaplan |

**BRIEF OF ALLGLASS SYSTEMS, LLC IN FURTHER OPPOSITION TO THE
MOTION FILED BY NEWARK WAREHOUSE URBAN RENEWAL, LLC AND
NEWARK WAREHOUSE REDEVELOPMENT COMPANY, LLC TO CONFIRM THE
APPLICABILITY OF THE AUTOMATIC STAY TO CERTAIN PENDING
CONSTRUCTION LIEN LITIGATIONS, AND IN RESPONSE TO THE "OMNIBUS
REPLY" OF NEWARK WAREHOUSE URBAN RENEWAL, LLC AND NEWARK
WAREHOUSE REDEVELOPMENT COMPANY, LLC**

Non-party Allglass Systems, LLC ("Allglass") respectfully submits this brief in further opposition to the motion filed by Newark Warehouse Urban Renewal, LLC ("NWUR") and Newark Warehouse Redevelopment Company, LLC ("NWRC," and, together with NWUR, "Newark Warehouse") to confirm the applicability of the automatic stay to certain pending construction lien litigations [ECF No. 740] (the "Motion"), and in response to Newark Warehouse's "Omnibus Reply" to oppositions to the Motion filed by Allglass and others.

## ARGUMENT

The post-petition construction lien claims on the Newark Warehouse project are readily distinguishable from the construction lien claims at issue in the Third Circuit's Linear Electric decision (relied on by Newark Warehouse). Here, unlike the owner in the Linear Electric case,

Newark Warehouse previously sought and obtained relief from the automatic stay that allowed Newark Warehouse's contract with the debtor to be terminated. See Order dated October 11, 2019 [ECF No. 303]. Newark Warehouse seeks to reap the benefit of its approved (post-petition) contract termination without the corresponding responsibility of dealing with unpaid subcontractors who undeniably provided labor and materials on this project and who are simply asserting New Jersey construction liens on the property for the value of same. Allowing such a one-sided result in favor of the owner's self-interest alone would be manifestly unfair and would not serve to protect any interest of the debtor or of the bankruptcy estate.

## CONCLUSION

For the foregoing reasons, the Court should deny the Motion with respect to the New Jersey construction lien claim of Allglass Systems, LLC.

Respectfully submitted,

FENNINGHAM, DEMPSTER & COVAL, LLP

By:_____

Date: January 16, 2020

CHRISTOPHER P. COVAL, ESQUIRE
Attorney I.D. #93688
Five Neshaminy Interplex
Suite 315
Trevose, PA 19053
ccoval@fsdc-law.com
215-639-4070

Attorneys for Allglass Systems, LLC

cc:    All Counsel of Record via ECF