**LOWENSTEIN SANDLER LLP**
Arielle B. Adler, Esq. (aadler@lowenstein.com)
Bruce Buechler, Esq. (bbuechler@lowenstein.com)
Joseph J. DiPasquale, Esq. (jdipasquale@lowenstein.com)
Jennifer B. Kimble, Esq. (jkimble@lowenstein.com)
Kenneth A. Rosen, Esq. (krosen@lowenstein.com)
Mary E. Seymour, Esq. (mseymour@lowenstein.com)
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>**HOLLISTER CONSTRUCTION SERVICES, LLC**,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-27439 (MBK)<br><br>Hearing Date: January 23, 2020 at 10:00 a.m. (ET)<br><br>Objection Deadline: January 20, 2020 at 4:00 p.m. (ET) (by consent) |

**DEBTOR'S OBJECTION TO MYRAGE, LLC C/O ATLANTIC MANAGEMENT'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

The above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to the *Motion for Relief from the Automatic Stay* [Docket No. 725] (the "Motion")[2] filed by Myrage, LLC c/o Atlantic Management ("Myrage"). In support of this Objection, the Debtor respectfully represents as follows:

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

37322/3
01/20/2020 205750518.2

**BACKGROUND**

1. This Court previously approved the Debtor's rejection of the Debtor's pre-petition lease with Myrage of certain office space located at 2 Jones Street, Jersey City, New Jersey (the "Jersey City Office") effective November 30, 2019. *See Order Granting Second Omnibus Motion Authorizing the Debtor to Reject the Rejected Contract and Leases* (the "Rejection Order") [Docket No. 642].[3] In connection with the Debtor's rejection of its lease of the Jersey City Office (the "Jersey City Office Lease"), the Debtor vacated the Jersey City Office on or before November 30, 2019.

2. In spite of the foregoing, on December 31, 2019, Myrage filed the Motion seeking relief from the automatic stay under 11 U.S.C § 362(a) to initiate an action in state court to remove the Debtor from the Jersey City Office.

3. Subsequent to Myrage's filing of the Motion, counsel for the Debtor has communicated with Myrage's counsel regarding the Debtor's position that the automatic stay no longer applies to the Jersey City Office Lease and the Jersey City Office. However, the parties have not reached a resolution on the Motion.

**THE OBJECTION**

4. A lease that has been rejected is no longer property of the estate. *See In re Biggs*, 271 F. App'x 286, 288 (3d Cir. 2008); *In re Stoltz*, 315 F.3d 80, 85 n.1 (2d Cir. 2002)). Section 362(a) provides that the filing of the petition stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(1). The Debtor rejected the Jersey City Office Lease effective November 30, 2019 and

---

[3] Myrage and its counsel were served with a copy of the Debtor's motion seeking to reject the Jersey City Office Lease (the "Rejection Motion") and the Rejection Order on December 4, 2019 and December 12, 2019, respectively. *See Affidavits of Service* [Docket Nos. 620, 673].

vacated the Jersey City Office accordingly. Therefore, the automatic stay no longer applies to the Jersey City Office Lease and the Jersey City Office, and the Motion should be denied as moot.

5. Despite Myrage having received copies of the Rejection Motion and the Rejection Order, and the Debtor's counsel having explained that the Jersey City Office Lease was rejected effective November 30, 2019 pursuant to the Rejection Order, Myrage continues to prosecute its Motion as of the date of the filing of this Objection. The Debtor files this Objection in part out of concern that Myrage seeks stay relief to pursue other claims related to the rejection of the Jersey City Office Lease against the Debtor in state court. As the Rejection Order provides, any claims arising from or related to the rejection of the Jersey City Office Lease shall be filed with the Debtor's claims agent, Prime Clerk LLC, by no later than 30 days after the date of the entry of the Rejection Order. *See* Rejection Order, ¶ 3. Accordingly, the Debtor further objects to any effort by Myrage to bring claims in state court that should be asserted before this Court.

## RESERVATION OF RIGHTS

6. The Debtor reserves and preserves all of its rights to supplement, modify and amend this Objection and to raise other or further arguments with respect to the Motion either before or at the hearing on this Motion.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court (i) sustain the Debtor's Objection, (ii) deny the Motion, and (iii) grant such other and further relief as the Court deems just and proper.

*[remainder of page intentionally left blank]*

Dated:  January 20, 2020

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**

/s/ *Kenneth A. Rosen*
Kenneth A. Rosen, Esq.
Bruce Buechler, Esq.
Joseph J. DiPasquale, Esq.
Mary E. Seymour, Esq.
Jennifer B. Kimble, Esq. (admitted *pro hac vice*)
Arielle B. Adler, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)
krosen@lowenstein.com
bbuechler@lowenstein.com
jdipasquale@lowenstein.com
mseymour@lowenstein.com
jkimble@lowenstein.com
aadler@lowenstein.com

*Counsel to the Debtor and Debtor-in-Possession*