**LOWENSTEIN SANDLER LLP**
Arielle B. Adler, Esq. (aadler@lowenstein.com)
Bruce Buechler, Esq. (bbuechler@lowenstein.com)
Joseph J. DiPasquale, Esq. (jdipasquale@lowenstein.com)
Jennifer B. Kimble, Esq. (jkimble@lowenstein.com)
Kenneth A. Rosen, Esq. (krosen@lowenstein.com)
Mary E. Seymour, Esq. (mseymour@lowenstein.com)
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtor and*
*Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | |
| **HOLLISTER CONSTRUCTION SERVICES, LLC,**[1] | Chapter 11 |
| Debtor. | Case No. 19-27439 (MBK) |

**NOTICE OF AGENDA OF MATTERS SCHEDULED**
**FOR HEARING ON JANUARY 23, 2020 AT 10:00 A.M. (ET)**

**CONTINUED MATTERS**

1.  Motion to Compel Debtor and Paul Belair to Respond to and Comply With Rule 2004 Subpoenas [Docket No. 395; Filed 10/31/19]

    Related Documents:

    a)  Certificate of Service [Docket No. 414; Filed 11/5/19]

    b)  Determination of Adjournment Request (Granted) [Docket No. 490; Filed 11/12/19]

    c)  Determination of Adjournment Request (Granted) [Docket No. 604; Filed 12/5/19]

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

d)      Determination of Adjournment Request (Granted) [Docket No. 663; Filed 12/16/19]

Objection Deadline: Originally, November 14, 2019 at 4:00 p.m. (ET).

Responses Received:

e)      None.

Status:  The parties are requesting a one week adjournment to January 29, 2020 at 10:00 a.m.

2.      Newark Warehouse Redevelopment Company and Newark Warehouse Urban Renewal's Motion to Remand State Court Action to the Superior Court of New Jersey, or in the alternative, Abstaining from Exercising Jurisdiction over the State Court [Docket No. 473, Docket No. 5 in Adv. Proc 19-02222; Filed 11/8/19]

Related Documents:

a)      Determination of Adjournment Request (Granted) [Docket No. 605; Filed 12/5/19]

b)      Determination of Adjournment Request (Granted) [Docket No. 800; Filed 1/15/20]

Objection Deadline: Originally, December 5, 2019. Extended for the Debtor to February 27, 2020 at 4:00 p.m. (ET).

Responses Received:

c)      None.

Status:  The parties are working to reach a resolution of this matter without incurring the expense of litigation.  This matter is continued to the hearing on March 5, 2020 at 10:00 a.m. (ET)

3.      Third Omnibus Motion for Entry of an Order Authorizing the Debtor to Reject Certain Executory Contracts and Unexpired Leases [Docket No. 726; Filed 12/31/19] (with respect to Cellco Partnership d/b/a Verizon Wireless only).

Related Documents:

a)      Affidavit of Service [Docket No. 733; Filed 1/3/20]

b)      Determination of Adjournment Request (Granted) with respect to Cellco Partnership d/b/a Verizon Wireless only [Docket No. 808; Filed 1/15/20]

Objection Deadline: Originally, January 16, 2020. Extended for Cellco Partnership d/b/a Verizon Wireless to January 30, 2020 at 4:00 p.m. (ET).

Responses Received:

c)      None.

Status:   The parties are working to reach a resolution of this matter without incurring the expense of litigation. This matter is continued to the hearing on February 6, 2020 at 10:00 a.m. (ET).

4.      Debtor's Motion for Entry of One or More Orders Approving Various Settlements and Compromises By and Among the Debtor, Project Owners and Subcontractors Pursuant to Fed. R. Bankr. P. 9019 and Granting Related Relief, with respect to Saxum Real Estate Companies LLC, and SAF 40 Beechwood, LLC only [Docket No. 631; Filed 12/11/19]

Related Documents:

a)      Application for Order Shortening Time [Docket No. 632; Filed 12/11/19]

b)      Order Granting Application to Shorten Time [Docket No. 634; Entered 12/12/19]

c)      Affidavit of Service [Docket No. 673; Filed 12/17/19]

d)      Order Granting Debtor's Motion To Approve Of A Settlement Agreement By Between Hollister Construction Services, LLC, Umdasch Real Estate USA, Ltd. And Subcontractor [Docket No. 691; Entered 12/20/19]

e)      Determination of Adjournment Request (Granted) [Docket No. 717; Filed 12/26/19]

f)      Affidavit of Service [Docket No. 718; Filed 12/27/19]

g)      Determination of Adjournment Request (Granted) [Docket No. 731; Filed 1/3/20]

h)      Notice of Filing of Revised Amended Settlement Agreement by and between the Debtor and Saxum Real Estate Companies LLC [Docket No. 778; Filed 1/10/20]

i)      Determination of Adjournment Request (Granted) [Docket No. 809; Filed 1/15/20]

Objection Deadline: For all parties, January 9, 2020 at 4:00 p.m. (ET), and for PNC Bank and the Committee, January 14, 2020 at 4:00 p.m. (ET).

Responses Received:

j)      None received to date.

Status:  The Debtor has agreed to adjourn this hearing at the request of PNC Bank

and the Committee. The Debtor will submit an adjournment request to the Court seeking to have the matter heard at the hearing on January 29, 2020 at 10:00 a.m.

## MATTERS BEING WITHDRAWN

5.      Motion of Advanced Scaffold Services LLC for entry of an order compelling the debtor to assume or reject executory contract pursuant to 11 U.S.C. §365 and if contract is rejected lifting the automatic stay, to the extent it applies, to allow the removal of equipment from the project located at 285 Madison Avenue, Madison, NJ [Docket No. 584; Filed 11/27/19]

Related Documents:

a)      Notice of Motion of Advanced Scaffold Services LLC for entry of an order compelling the debtor to assume or reject executory contract pursuant to 11 U.S.C. §365 and if contract is rejected lifting the automatic stay, to the extent it applies, to allow the removal of equipment from the project located at 285 Madison Avenue, Madison, NJ [Docket No. 583; Filed 11/27/19]

b)      Certificate of Service [Docket No. 616; Filed 12/9/19]

c)      Determination of Adjournment Request (Granted) [Docket No. 666; Filed 12/16/19]

d)      Withdrawal of Motion of Advanced Scaffold Services LLC for entry of an order compelling the debtor to assume or reject executory contract pursuant to 11 U.S.C. §365 and if contract is rejected lifting the automatic stay, to the extent it applies, to allow the removal of equipment from the project located at 285 Madison Avenue, Madison, NJ [Docket No. 836; Filed 1/21/20]

Objection Deadline: December 12, 2019.

Responses Received:

e)      None.

Status:  This matter is withdrawn.

## CONTESTED MATTERS GOING FORWARD

6.      Debtor's Motion For Entry of Interim And Final Orders (A) Authorizing Use Of Cash Collateral, (B) Granting Adequate Protection, (C) Scheduling A Final Hearing, And (D) Granting Related Relief [Docket No. 14; Filed 9/11/19].

Related Documents:

a)      Application for Expedited Consideration of First Day Matters [Docket No. 16; Filed 9/11/19]

-4-

b)     Order regarding Debtor's Application for Expedited Consideration of First Day Matters [Docket No. 20; Entered 9/11/19]

c)     Affidavit of Service [Docket No. 47; Filed 9/13/19]

d)     First Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Scheduling a Final Hearing and (IV) Granting Related Relief [Docket No. 90; Entered 9/16/19]

e)     Affidavit of Service [Docket No. 128; Filed 9/20/19]

f)     Notice of Filing of Proposed Second Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Scheduling a Final Hearing and, (IV) Granting Related Relief [Docket No. 147; Filed 9/23/19]

g)     Second Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Scheduling a Final Hearing and, (IV) Granting Related Relief [Docket No. 158; Entered 9/25/19]

h)     Affidavit of Service [Docket No. 164; Filed 9/25/19]

i)     Affidavit of Service [Docket No. 194; Filed 9/30/19]

j)     Third Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Scheduling a Final Hearing and, (IV) Granting Related Relief [Docket No. 219; Entered 10/2/19]

k)     Notice of Filing of Proposed Fourth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Scheduling a Final Hearing and (IV) Granting Related Relief [Docket No. 267; Filed 10/7/19]

l)     Fourth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Scheduling a Final Hearing and (IV) Granting Related Relief [Docket No. 338; Entered 10/17/19]

m)     Fifth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Scheduling a Final Hearing and (IV) Granting Related Relief [Docket No. 359; Entered 10/22/19]

n)     Sixth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Scheduling a Final Hearing and (IV) Granting Related Relief [Docket No. 463; Entered 11/8/19]

o)     Affidavit of Service [Docket No. 500; Filed 11/13/19]

p)     Seventh Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Scheduling a Final Hearing and (IV) Granting Related Relief [Docket No. 556; Entered 11/21/19]

q)     Eighth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Scheduling a Final Hearing and (IV) Granting Related Relief [Docket No. 639; Entered 12/12/19]

r)     Affidavit of Service [Docket No. 712; Filed 12/24/19]

s)     Notice of Filing of Proposed Form of Ninth Interim Order (I) Authorizing The Use of Cash Collateral, (II) Granting Adequate Protection, (III) Scheduling a Final Hearing, And (IV) Granting Related Relief [Docket No. 680; Filed 12/18/19]

t)     Ninth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Scheduling a Final Hearing and (IV) Granting Related Relief [Docket No. 688; Entered 12/19/19]

u)     Affidavit of Service [Docket No. 708; Filed 12/23/19]

v)     Affidavit of Service [Docket No. 712; Filed 12/24/19]

w)     Tenth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Scheduling a Final Hearing and (IV) Granting Related Relief [Docket No. 776; Entered 1/10/20]

x)     Notice Of Filing Of Eleventh Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Scheduling a Final Hearing and (IV) Granting Related Relief [Docket No. 812; Filed 1/15/20]

y)     Eleventh Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Scheduling a Final Hearing and (IV) Granting Related Relief [Docket No. 821; Entered 1/16/20]

Objection Deadline: January 21, 2020 at 12:00 p.m.

Responses Received:

z)     Arch Insurance Company and Arch Reinsurance Company's Limited Objection to Limited Objection to Debtor's Motion for Entry of Interim and Final Orders (A) Authorizing Use of Cash Collateral, (B) Granting Adequate Protection, (C) Scheduling a Final Hearing, and (D) Granting Related Relief [Docket No. 32; Filed 9/12/19]

aa)    Jordan Electric Inc.'s Limited Objection to Debtor's Motion for Entry of Interim and Final Orders (A) Authorizing Use of Cash Collateral, (B) Granting Adequate Protection, (C) Scheduling a Final Hearing, and (D) Granting Related Relief [Docket No. 72; Filed 9/15/19]

bb)    Delcon Builders, Inc. and Pentel Drywall, Inc.'s Limited Objection To Debtor's Motion for Entry of Interim and Final Orders (A) Authorizing Use of Cash Collateral, (B) Granting Adequate Protection, (C) Scheduling

a Final Hearing, and (D) Granting Related Relief [Docket No. 73; Filed 9/15/19]

cc)   Sparwick Contracting Inc.'s Limited Objection To Debtor's Motion for Entry of Interim and Final Orders (A) Authorizing Use of Cash Collateral, (B) Granting Adequate Protection, (C) Scheduling a Final Hearing, and (D) Granting Related Relief [Docket No. 86; Filed 9/16/19]

dd)   10 Minerva Place, L.P. and 10 Minerva Place Housing Development Fund Corporation's Limited Objection To Debtor's Motion for Entry of Interim and Final Orders (A) Authorizing Use of Cash Collateral, (B) Granting Adequate Protection, (C) Scheduling a Final Hearing, and (D) Granting Related Relief [Docket No. 141; Filed 9/23/19]

ee)   5 Bay Street Phase 1 LLC, 5 Bay Street Phase 1 Sponsor Member Inc. and 5 Bay Street Phase 3 LLC's Limited Objection To Debtor's Motion for Entry of Interim and Final Orders (A) Authorizing Use of Cash Collateral, (B) Granting Adequate Protection, (C) Scheduling a Final Hearing, and (D) Granting Related Relief [Docket No. 142; Filed 9/23/19]

ff)   Delcon Builders, Inc. and Pentel Drywall, Inc.'s Supplemental Objection and Reservation of Rights To Debtor's Motion for Entry of Interim and Final Orders (A) Authorizing Use of Cash Collateral, (B) Granting Adequate Protection, (C) Scheduling a Final Hearing, and (D) Granting Related Relief [Docket No. 143; Filed 9/23/19]

gg)   Nomad Framing Inc.'s Objection and Reservation of Rights to Debtor's Continued Motion for Use of Cash Collateral [Docket No. 179; Filed 9/27/19]

hh)   DeSesa Engineering Company, Inc.'s Limited Objection To Debtor's Motion for Entry of Interim and Final Orders (A) Authorizing Use of Cash Collateral, (B) Granting Adequate Protection, (C) Scheduling a Final Hearing, and (D) Granting Related Relief [Docket No. 211; Filed 10/2/19]

ii)   Objection and Reservation of Rights By Nomad Framing LLC with Respect to Debtor's Fourth Motion for Entry of Interim and Final Orders (A) Authorizing Use of Cash Collateral; (B) Granting Adequate Protection; (C) Scheduling Final Hearing; And (D) Granting Related Relief [Docket No. 268; Filed 10/7/19]

Status:  This matter is going forward.

7.   Motion of Herc Rentals, Inc. For Entry Of An Order (1) Lifting the Automatic Stay Pursuant to 11 U.S.C. §362 and (2) Permitting Herc Rentals, Inc. to Remove its Property from Various Projects ("Herc Stay Relief Motion") [Docket No. 368; Filed 10/23/19], with respect to the Latitude, Hub and FDU Projects only.

Related Documents:

a)   Certificate of Service filed by Herc Rentals, Inc. [Docket No. 423; Filed 11/6/19]

b)   Certificate of Service filed by Arch Insurance Company and Arch Reinsurance Company [Docket No. 465; Filed 11/8/19]

c)   Determination of Adjournment Request (Granted) [Docket No. 685; Filed 12/19/19]

d)   Order Granting in Part the Motion of Herc Rentals, Inc. (1) Lifting the Automatic Stay Pursuant to 11 U.S.C. § 362 and (2) Permitting Herc Rentals, Inc. to Remove its Property from Various Projects ("Order Granting Herc's Motion in Part") [Docket No. 704; Entered 12/23/19]

e)   Determination of Adjournment Request (Granted) [Docket No. 722; Filed 12/30/19]

f)   Determination of Adjournment Request (Granted) [Docket No. 758; Filed 1/8/20

g)   Determination of Adjournment Request (Granted) [Docket No. 810; Filed 1/15/20]

Objection Deadline: Originally, November 8, 2019 at 5:00 p.m. (ET) and extended for the Debtor to November 14, 2019 at 10:00 a.m. (ET)

Responses Received:

h)   Limited Objection and Reservation of Rights by Arch Insurance Company and Arch Reinsurance Company to Herc Stay Relief Motion [Docket No. 462; Filed 11/7/19]

i)   Debtor's Limited Objection to Herc Stay Relief Motion [Docket No. 503; Filed 11/14/19]

Status:  This portion of the Herc Stay Relief Motion was adjourned from the 1/16/20 hearing.  The Debtor and Herc are negotiating a resolution of this matter, with the goal of submitting a consent order at or prior to the hearing.

The portion of the Herc Stay Relief Motion concerning the Rutgers Fuel Tank only was withdrawn under the Order Granting Herc's Motion in Part [Docket No. 704].

8.   Herc Rentals, Inc.'s Amended Application For Allowance And Payment Of Administrative Expense Claim Pursuant To 11 U.S.C. § 503(b)(1)(A) (the "Application") [Docket No. 607; Filed 12/5/19]

Related Documents:

a)      Application For Allowance And Payment Of Administrative Expense Claim Pursuant To 11 U.S.C. § 503(b)(1)(A) [Docket No. 546; Filed 11/20/19]

b)      Determination of Adjournment Request (Granted) [Docket No 715; Filed 12/26/19

c)      Determination of Adjournment Request (Granted) [Docket No 810; Filed 1/15/20]

Objection Deadline: Originally, December 26, 2019 at 4:00 p.m. (ET), extended for the Debtor to January 22, 2020 at 12:00 p.m. (ET).

Responses Received:

d)      Debtor's Objection to Herc Rentals, Inc.'s Application For Allowance And Payment Of Administrative Expense Claim Pursuant To 11 U.S.C. § 503(b)(1)(A) [Docket No. 839; Filed 1/22/20].

Status:  This matter is going forward.

9.      Myrage LLC's Motion for Relief from Stay re: Commercial Rental [Docket No. 725; Filed 12/31/19]

Related Documents:

a)      None.

Objection Deadline: Originally, January 16, 2020 at 4:00 p.m. (ET), extended for the Debtor to January 20, 2020 at 4:00 p.m. (ET).

Responses Received:

b)      Debtor's Objection to Myrage, LLC c/o Atlantic Management's Motion for Relief From the Automatic Stay [Docket No. 835; Filed 1/20/20]

Status:  This matter is going forward.

10.      Motion of Newark Warehouse Urban Renewal, LLC and Newark Warehouse Redevelopment Company, LLC, For Entry of an Order Determining that Certain Parties Have Violated the Automatic Stay, That Certain Asserted Liens Filed Post-Petition are Void Ab Initio, Confirming the Applicability of the Automatic Stay to the Construction Lien Litigations and Granting Related Relief [Docket No. 740; Filed 1/6/20]

Related Documents:

a)      Application to Shorten Time [Docket No. 741; Filed 1/6/20]

b)      Order Granting Application to Shorten Time [Docket No. 742; Entered 1/6/20]

c)      Certificate of Service [Docket No. 749; Filed 1/7/20]

d)      Notice of Rescheduled Hearing [Docket No. 773; Filed 1/9/20]

e)      Certificate of Service [Docket No. 785; Filed 1/10/20].

Objection Deadline: January 16, 2020 at 4:00 p.m.

Responses Received:

f)      Debtor's Response to Application to Shorten Time [Docket No. 744; Filed 1/6/20]

g)      Apple Coring & Sawing, LLC's Letter in Opposition to Motion of Newark Warehouse Urban Renewal, LLC and Newark Warehouse Redevelopment Company, LLC, For Entry of an Order Determining that Certain Parties Have Violated the Automatic Stay, That Certain Asserted Liens Filed Post-Petition are Void Ab Initio, Confirming the Applicability of the Automatic Stay to the Construction Lien Litigations and Granting Related Relief [Docket No. 745; Filed 1/7/20]

h)      Letter from Joseph L. Schwartz to Court dated January 7, 2020 [Docket No. 746; Filed 1/7/20]

i)      Control Services LLC's Brief in Opposition to Motion of Newark Warehouse Urban Renewal, LLC and Newark Warehouse Redevelopment Company, LLC, For Entry of an Order Determining that Certain Parties Have Violated the Automatic Stay, That Certain Asserted Liens Filed Post-Petition are Void Ab Initio, Confirming the Applicability of the Automatic Stay to the Construction Lien Litigations and Granting Related Relief and Motion for a Shortened Notice Period [Docket No. 755; Filed 1/8/20]

j)      Dehn Bros. Fire Protection's Opposition to Motion of Newark Warehouse Urban Renewal, LLC and Newark Warehouse Redevelopment Company, LLC, For Entry of an Order Determining that Certain Parties Have Violated the Automatic Stay, That Certain Asserted Liens Filed Post-Petition are Void Ab Initio, Confirming the Applicability of the Automatic Stay to the Construction Lien Litigations and Granting Related Relief [Docket No 756; Filed 1/8/20]

k)      Allglass Systems, LLC's Letter Brief in Opposition to Motion of Newark Warehouse Urban Renewal, LLC and Newark Warehouse Redevelopment Company, LLC, For Entry of an Order Determining that Certain Parties Have Violated the Automatic Stay, That Certain Asserted Liens Filed Post-Petition are Void Ab Initio, Confirming the Applicability of the Automatic Stay to the Construction Lien Litigations and Granting Related

Relief [Docket No. 759; Filed 1/8/20]

l)  Newark Warehouse Redevelopment Company, Newark Warehouse Urban Renewal, LLC's Omnibus Reply To Oppositions of (I) Apple Coring & Sawing, LLC, (II) Control Services, LLC, (III) Dehn Bros. Fire Protection, Inc., And (IV) Allglass Systems, LLC to the NWR Entities' Motion For Entry Of AN Order Determining That Certain Parties Have Violated The Automatic Stay And For Other Relief [Docket No 761; Filed 1/8/20]

m)  Apple Coring & Sawing, LLC's Brief in Further Opposition to Motion of Newark Warehouse Urban Renewal, LLC and Newark Warehouse Redevelopment Company, LLC, For Entry of an Order Determining that Certain Parties Have Violated the Automatic Stay, That Certain Asserted Liens Filed Post-Petition are Void Ab Initio, Confirming the Applicability of the Automatic Stay to the Construction Lien Litigations and Granting Related Relief [Docket No. 807; Filed 1/15/20]

n)  Control Services, LLC's Letter Brief in Opposition to to Motion of Newark Warehouse Urban Renewal, LLC and Newark Warehouse Redevelopment Company, LLC, For Entry of an Order Determining that Certain Parties Have Violated the Automatic Stay, That Certain Asserted Liens Filed Post-Petition are Void Ab Initio, Confirming the Applicability of the Automatic Stay to the Construction Lien Litigations and Granting Related Relief [Docket No. 813; Filed 1/15/20]

o)  City Contracting, Inc.'s Letter Brief in Opposition to Motion of Newark Warehouse Urban Renewal, LLC and Newark Warehouse Redevelopment Company, LLC, For Entry of an Order Determining that Certain Parties Have Violated the Automatic Stay, That Certain Asserted Liens Filed Post-Petition are Void Ab Initio, Confirming the Applicability of the Automatic Stay to the Construction Lien Litigations and Granting Related Relief [Docket No. 815; Filed 1/16/20]

p)  Allglass Systems, LLC's Brief in Further Opposition to Motion of Newark Warehouse Urban Renewal, LLC and Newark Warehouse Redevelopment Company, LLC, For Entry of an Order Determining that Certain Parties Have Violated the Automatic Stay, That Certain Asserted Liens Filed Post-Petition are Void Ab Initio, Confirming the Applicability of the Automatic Stay to the Construction Lien Litigations and Granting Related Relief [Docket No. 817; Filed 1/16/20

q)  Dehn Brothers Fire Protection, Inc.'s Letter in Further Opposition to to Motion of Newark Warehouse Urban Renewal, LLC and Newark Warehouse Redevelopment Company, LLC, For Entry of an Order Determining that Certain Parties Have Violated the Automatic Stay, That Certain Asserted Liens Filed Post-Petition are Void Ab Initio, Confirming the Applicability of the Automatic Stay to the Construction Lien Litigations and Granting Related Relief [Docket No. 818; Filed 1/16/20]

-11-

Status:  This matter was adjourned from the 1/9/20 hearing. It is going forward.

**UNCONTESTED MATTERS GOING FORWARD**

11.    Third Omnibus Motion for Entry of an Order Authorizing the Debtor to Reject Certain Executory Contracts and Unexpired Leases [Docket No. 726; Filed 12/31/19] (with respect to the HSP 81 Halsey LLC lease only).

Related Documents:

a)    Affidavit of Service [Docket No. 733; Filed 1/3/20]

b)    Determination of Adjournment Request (Granted) with respect to Cellco Partnership d/b/a Verizon Wireless only [Docket No. 808; Filed 1/15/20]

Objection Deadline: January 16, 2020.

Responses Received:

c)    None.

Status:  This matter is going forward with respect to the HSP 81 Halsey LLC lease.

12.    Debtor's Motion for Entry of an Order Approving the Settlement Agreement By and Among The Debtor, Knopf Leasing Company, L.P. and Certain Subcontractors Pursuant to Fed.R.Bankr. P. 9019 [Docket No. 802; Filed 1/15/20]

Related Documents:

a)    Application to Shorten Time [Docket No. 803; Filed 1/15/20]

b)    Order Granting Application to Shorten Time [Docket No. 806; Entered 1/15/20]

c)    Affidavit of Service [Docket No. 837; Filed 1/21/20]

Objection Deadline: Objections may be presented at the hearing.

Responses Received:

d)    None to date.

Status:  This matter is going forward.

Dated:  January 22, 2020

**LOWENSTEIN SANDLER LLP**

/s/ *Kenneth A. Rosen*
Kenneth A. Rosen, Esq.
Bruce Buechler, Esq.
Joseph J. DiPasquale, Esq.
Mary E. Seymour, Esq.
Jennifer B. Kimble, Esq. (pro hac vice)
Arielle B. Adler, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)
krosen@lowenstein.com
bbuechler@lowenstein.com
jdipasquale@lowenstein.com
mseymour@lowenstein.com
jkimble@lowenstein.com
aadler@lowenstein.com

*Counsel to the Debtor and Debtor-in-Possession*