**LOWENSTEIN SANDLER LLP**
Arielle B. Adler, Esq. (aadler@lowenstein.com)
Bruce Buechler, Esq. (bbuechler@lowenstein.com)
Jennifer B. Kimble, Esq. (jkimble@lowenstein.com)
Kenneth A. Rosen, Esq. (krosen@lowenstein.com)
Mary E. Seymour, Esq. (mseymour@lowenstein.com)
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>**HOLLISTER CONSTRUCTION SERVICES, LLC**,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-27439 (MBK) |

**APPLICATION TO APPROVE OF A STIPULATION AND CONSENT ORDER AND SETTLEMENT BETWEEN THE DEBTOR AND 147 BLOOMFIELD AVE JV, LLC AND GRANTING RELIEF**

**TO: HONORABLE MICHAEL B. KAPLAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

The above-captioned debtor and debtor-in-possession (the "Debtor"), submits this application (the "Application"), pursuant to D.N.J. LBR 9021-1(b), for entry of a *Stipulation and Consent Approving of a Settlement Between the Debtor and 147 Bloomfield Ave JV, LLC and*

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

37322/2
02/03/2020 205822264.1

*Granting Relief* (the "Order"), a copy of which Order is attached as Exhibit A. In support of this Application, the Debtor respectfully states as follows:

## JURISDICTION, VENUE, AND STATUTORY PREDICATES

1. This Application is made pursuant to D.N.J. LBR 9021-1(b).

2. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G) and (O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND[2]

3. On September 11, 2019 (the "Petition Date"), the above-captioned Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, initiating the above-captioned chapter 11 case (the "Chapter 11 Case"). The Debtor continues to operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner.

4. On September 23, 2019, the Office of the United States Trustee appointed a statutory committee in this Chapter 11 Case (the "Committee").

5. Additional details regarding the Debtor's business and the facts and circumstances leading up to the filing of the Chapter 11 Case are set forth in the *Declaration of Brendan Murray in Support of First Day Relief* [Docket no. 15].

6. On or about November 8, 2017, the Debtor and 147 Bloomfield JV, LLC (the "Vestry Owner") entered into a contract (the "Vestry Contract") for certain construction work at 147 Bloomfield Avenue, Montclair, New Jersey (the "Vestry Project").

7. In connection with the Vestry Contract and the Vestry Project, the Debtor entered into certain contracts with numerous subcontractors for work related to the Vestry Project (collectively, the "Vestry Subcontracts").

---

[2] This Application contains a summary of the terms contained in the Order. In the event of any inconsistency between the terms of this Application and the Order, the terms of the Order will control.

8. On or about September 8, 2019, the Vestry Owner sent the Debtor a letter asserting an anticipatory breach of the Vestry Contract and purporting to terminate the Vestry Contract. The Debtor disputed the purported pre-petition termination of the Vestry Contract by the Owner.

9. On December 12, 2019, the Court entered a *Stipulation and Consent Order Pursuant to 11 U.S.C. §§ 105, 362 and 365 Authorizing Rejection of the Debtor's Contract with 147 Bloomfield Ave JV, LLC and Granting Relief from the Automatic Stay* [Docket No. 638].[3] In that Order, the Debtor and the Vestry Owner reserved their respective claims against each other.

10. Subsequently, the Debtor filed a construction lien on the real property owned by the Vestry Owner located at 147-155 Bloomfield Ave., Montclair, New Jersey, to protect the Debtor's claim against the Vestry Owner for labor and materials supplied. The Debtor and Vestry Owner have now reached a settlement of their disputes, as set forth in the proposed Order attached hereto, and seek approval of this settlement pursuant to Fed. R. Bankr. P. 9019.

11. Time is of the essence because the Vestry Owner seeks to move forward to complete the Vestry Project and have the Debtor release its lien. The Vestry Owner asserts that the Debtor's lien is preventing the Vestry Owner from accessing its construction financing. The Debtor and Vestry Owner seek the immediate entry of the Order approving of the settlement which will result in the Debtor being paid $150,000.00 by the Vestry Owner and the Parties exchanging mutual releases among themselves.

## **RELIEF REQUESTED**

12. In summary, the Debtor and Vestry Owner have agreed, as set forth in the Order, for the Vestry Owner to pay the Debtor the sum of $150,000.00 (which funds are being held by Debtor's counsel in escrow pending approval of the Order); that the Debtor will release its lien on the Vestry Owner's real property; and for the parties to exchange mutual releases. No claims of subcontractors are being released under this settlement.

---

[3] This identical order was also entered by the Court on December 20, 2019 [Docket No. 690]. Counsel for the Debtor does not know why it was entered twice on the Docket.

13. Bankruptcy Rule 9019(a) provides, in pertinent part, that the Court may approve a compromise or settlement. Approval of a settlement remains in the sound discretion of the Bankruptcy Court. *See In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986). In determining whether to approve a settlement, the Court should determine whether the proposed settlement is in the best interests of the estate. *Id; see also, In re Energy Coop., Inc.*, 886 F.2d 921, 927 (7th Cir. 1989).

14. The Supreme Court has recognized that "in administering a reorganization proceeding in an economical and practical manner, it will often be wise to arrange a settlement of claims in which there is substantial and reasonable doubts." *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (noting that "[c]ompromises are 'a normal part of the process of reorganization.'") (citation omitted), *reh'g denied*, 391 U.S. 909 (1968).

15. Further, the settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged. *See In re Penn Central Transp.*, 596 F.2d 1102 (3d Cir. 1979); *In re Mavrode*, 205 B.R. 716, 719 (Bankr. D.N.J. 1997).

16. The Third Circuit, applying *TMT Trailer* in the context of a settlement pursuant to Bankruptcy Rule 9019(a), has set forth four factors to be considered:

> (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors.

*Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).

17. In determining whether to approve a settlement, the Bankruptcy Court should not substitute its judgment for that of the debtor and the parties. *See Neshaminy Office Bldg. Assocs.*, 62 B.R. at 803. The Bankruptcy Court is not to decide the numerous questions of fact or law raised by the controversy, but rather should "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *Cosoffi v. Rodman (In re*

*W.T. Grant Co.)*, 699 F.2d 599, 608, 613 (2nd Cir.) (citations omitted), *cert denied*, 464 U.S. 822 (1983); *Mavrode*, 205 B.R. at 720. Thus, in reaching its decision regarding the approval of the proposed compromise this Court need not conclusively determine the claims, which are the subject of the compromise, nor find that the compromise constitutes the best result obtainable. *See W.T. Grant*, 699 F.2d at 613.

18. The Debtor respectfully submits that the proposed settlement is fair and prudent, in the best interests of the estate, and fall within the "range of reasonableness." The Vestry Owner will suffer damages if the Debtor's lien is not promptly released, which is preventing the Vestry Owner from accessing its construction financing. In return, the Debtor's estate will receive $150,000.00. Thus, the settlement will benefit the Debtor's estate and its creditors and provide the additional cash flow for the Debtor to continue to operate in this Chapter 11 Case. In addition, litigation with the Vestry Owner over claims between them in future proceedings could be protracted and expensive, and may require the resolution of complex issues and involve substantial uncertainties and risks inherent in litigation. With these forgoing considerations in mind, the Debtor has concluded that the settlement set forth in the Order is (i) fair and equitable, (ii) a reasonable resolution with the Vestry Owner, (iii) in the best interests of the Debtor and its estate, and (iv) in the paramount interests of the Debtor's creditors.

19. For the foregoing reasons, the Debtor submits that this Court should approve the Order.

20. The Debtor submits that approval of the Order is appropriate and authorized under Fed. R. Bankr. P. 9019(a) as the Order resolves potentially contentious and costly litigation with the Vestry Owner.

21. The Debtor has previously provided a copy of the proposed Order and this Application to counsel for PNC Bank, the Debtor's pre-petition secured lender; counsel for the Committee; and the Office of the United States Trustee ("<u>UST</u>") on Friday, January 31, 2020. None of the foregoing parties have advised Debtor's counsel that they have an objection to the entry of the proposed Order.

## **CONCLUSION**

**WHEREFORE**, the Debtor respectfully requests that the Court enter the Order submitted herewith and grant the Debtor such other and further relief as the Court deems just and proper.

Dated:  February 3, 2020

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**

*/s/ Mary E. Seymour*
Arielle B. Adler, Esq.
Bruce Buechler, Esq.
Jennifer B. Kimble, Esq. (admitted *pro hac vice*)
Kenneth A. Rosen, Esq.
Mary E. Seymour, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)
aadler@lowenstein.com
bbuechler@lowenstein.com
jkimble@lowenstein.com
krosen@lowenstein.com
mseymour@lowenstein.com
*Counsel to the Debtor and*
*Debtor-in-Possession*

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-1

**LOWENSTEIN SANDLER LLP**
Arielle B. Adler, Esq.
Bruce Buechler, Esq.
Joseph J. DiPasquale, Esq.
Jennifer B. Kimble, Esq.
Kenneth A. Rosen, Esq.
Mary E. Seymour, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtor and
Debtor-in-Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| HOLLISTER CONSTRUCTION SERVICES, LLC,[1] | Case No. 19-27439 (MBK) |
| Debtor. | |

## STIPULATION AND CONSENT ORDER APPROVING OF A SETTLEMENT BETWEEN THE DEBTOR AND 147 BLOOMFIELD AVE JV, LLC AND GRANTING RELIEF

The relief set forth on the following pages, numbered two (2) through seven (7), is hereby **ORDERED.**

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is Hollister Construction Services, LLC (5404).

37322/2

Page: 2
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Stipulation and Consent Order Approving of a Settlement Between the Debtor and 147 Bloomfield Ave JV, LLC and Granting Relief

Upon consideration of this Stipulation and Consent Order (the "Order") entered into by and between Hollister Construction Services, LLC, as debtor and debtor-in-possession in the above-captioned bankruptcy case (the "Debtor" or "Hollister"), and 147 Bloomfield Ave JV, LLC (the "Vestry Owner", and together with the Debtor, the "Parties," and each individually, a "Party"), by and through their respective undersigned counsel; and the Court having jurisdiction over the matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey entered on July 23, 1984, as amended on September 18, 2012 (Simandele, C.J.); and the Court having found that the matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2), and the Court having found that it has the authority to enter a final order consistent with Article III of the United States Constitution; and the Court having found that the venue of this proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the proposed Order is in the best interests of the Debtor's estate, its creditors and other parties-in-interest; the Court having found that the notice and opportunity to object were appropriate under the circumstances and that no other or further notice of the proposed Order need be provided; and the Court having reviewed the proposed Order and any objections thereto; and the Court having determined that good cause exists for granting the relief requested in accordance with the terms hereof; 

## RECITALS

**WHEREAS,** on September 11, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, thereby initiating the above-captioned chapter 11 case (the "Chapter 11 Case");

Page: 3
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Stipulation and Consent Order Approving of a Settlement Between the Debtor and
    147 Bloomfield Ave JV, LLC and Granting Relief

---

**WHEREAS,** on or about November 8, 2017, the Debtor and Vestry Owner entered into a contract (the "Vestry Contract") for certain construction work at 147 Bloomfield Avenue, Montclair, New Jersey (the "Vestry Project");

**WHEREAS,** in connection with the Vestry Contract and the Vestry Project, the Debtor entered into certain contracts with numerous subcontractors for work related to the Vestry Project (collectively, the "Vestry Subcontracts");

**WHEREAS,** on or about September 8, 2019, the Vestry Owner sent Hollister a letter asserting an anticipatory breach of the Vestry Contract and purporting to terminate the Vestry Contract;

**WHEREAS,** the Debtor disputed the purported pre-petition termination of the Vestry Contract by the Owner;

**WHEREAS,** on December 12, 2019, the Court entered a *Stipulation and Consent Order Pursuant to 11 U.S.C. §§105, 362 and 365 Authorizing Rejection of Debtor's Contract with 147 Bloomfield Ave JV, LLC and Granting Relief from the Automatic Stay* [Docket No. 638];

**WHEREAS,** the Parties have agreed to settle all remaining disputes among them as set forth herein effective upon the entry of this Order;

**IT IS ORDERED AND AGREED AS FOLLOWS:**

1. This Order shall be effective upon its entry by the Bankruptcy Court and any stay of its effectiveness under any Bankruptcy Rule is hereby waived.

2. The WHEREAS clauses set forth above are hereby incorporated into this Order.

3. The Vestry Owner shall pay the Debtor the sum of $150,000.00 (the "Settlement Amount"). The Vestry Owner has previously paid the Settlement Amount to Debtor's counsel,

Page: 4
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Stipulation and Consent Order Approving of a Settlement Between the Debtor and 147 Bloomfield Ave JV, LLC and Granting Relief

---

the law firm of Lowenstein Sandler LLP, to hold in trust pending approval of this Order. Immediately upon entry of this Order by the Bankruptcy Court, Debtor's counsel is authorized to release the Settlement Amount from escrow and pay it to the Debtor. Should the settlement not be approved by the Court on or before February 15, 2020, the Settlement Amount shall be return to Vestry Owner immediately thereafter.

4. Upon the Parties' execution of this Order and the Vestry Owner's payment of the Settlement Amount to Debtor's counsel, and prior to the entry of this Order by the Bankruptcy Court, the Debtor filed a release of its construction lien on the real property owned by the Vestry Owner located at 147-155 Bloomfield Avenue, Montclair, New Jersey (the "Vestry Real Property"). In the event this Order is not approved by the Bankruptcy Court by no later than February 13, 2020, then the Debtor can refile its construction lien on the Vestry Real Property and the Vestry Owner agrees (i) that such refiling will relate back to the date the Debtor originally filed its construction lien on the Vestry Real Property, and (ii) the Vestry owner will not assert that the refiled lien is untimely as a result of the Debtor's release of the filed lien.

5. The Settlement Amount can only be used by the Debtor in accordance with the cash collateral order with PNC Bank then in effect, or further order of this Court.

6. Each Party will bear its own costs and expenses in connection with this Order and obtaining Court approval of this Order.

7. When this Order becomes effective pursuant to paragraph 3 above, Hollister and the Vestry Owner hereby mutually release one another and their respective members, equity owners, managers, directors, and officers and employees from any and all claims (as defined in section 101(5) of the Bankruptcy Code), causes of action, choses in action, suits, demands

Page: 5
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Stipulation and Consent Order Approving of a Settlement Between the Debtor and 147 Bloomfield Ave JV, LLC and Granting Relief

---

and/or rights, whether known, unknown, direct, indirect, fixed, contingent, liquidated, unliquidated, matured, unmatured, legal, or equitable, which either Hollister or the Vestry Owner has, had or may have against each other arising out of or related in any way to the Vestry Contract and the Vestry Project. The release set forth herein by the Debtor specifically includes any claims arising under sections 547 and 548 of the Bankruptcy Code in the Debtor's bankruptcy case and shall be effective against any subsequent trustee appointed in the Debtor's chapter 11 bankruptcy case or in the event the Debtor's chapter 11 bankruptcy case is converted to a chapter 7. The Vestry Owner further agrees that it will not file or assert any proof of claim against the Debtor and its bankruptcy estate, and any proof of claim filed by the Vestry Owner shall be deemed expunged. Notwithstanding the foregoing, nothing herein shall be deemed to release the Debtor and/or the Vestry Owner from any liability for any breach of this Order.

8. The Debtor is not waiving or releasing any claims or causes of action it has or may have against any subcontractor or supplier on the Vestry Project, including but not limited to preference actions under section 547 of the Bankruptcy Code.

9. The Parties acknowledge and agree that this Order is entered into for the purpose of avoiding the expense, delay, and uncertainty of litigation regarding their respective claims under the Vestry Contract and Vestry Project, and that nothing contained herein shall constitute, be introduced, treated, deemed, or otherwise interpreted or construed as:

   (a) an admission, waiver, evidence, or concession by any of the Parties hereto of any liability or wrongdoing; or

   (b) evidence in any judicial or arbitration proceeding between the Parties, except to enforce or defend the terms of this Order or in defense of any claim released in whole or in part by this Order.

Page: 6
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Stipulation and Consent Order Approving of a Settlement Between the Debtor and 147 Bloomfield Ave JV, LLC and Granting Relief

---

10. This Order cannot be modified, terminated or waived orally, but only in a writing executed by each of the Parties hereto.

11. The Parties hereto shall execute and deliver such additional documents and take such additional action as may be necessary or desirable to effectuate the provisions and purposes of this Order without the need for a further order of the Bankruptcy Court.

12. This Order shall inure to the benefit of, and shall be binding upon, the Parties hereto and their respective successors and assigns.

13. Each person signing this Order hereby represents and warrants that he/she is duly authorized to sign this Order and has the requisite authority to execute and deliver this Order on behalf of such Party and to bind the respective Party to the terms and conditions herein.

14. The Parties acknowledge that they have read all of the terms of this Order, that they have consulted with the counsel of their choice (or had the opportunity to consult with the counsel of their choice) regarding the terms of this Order and enter into this Order voluntarily and without duress.

15. The Parties acknowledge and stipulate that this Order has been drafted through a joint effort of the Parties and, therefore, shall not be construed in favor of or against either of the Parties. The terms of this Order shall be deemed to have been jointly negotiated and drafted by the Parties.

16. The Parties submit and consent to the jurisdiction (both personal and subject matter) of the Bankruptcy Court to adjudicate any dispute or claim arising from or related to this Stipulation and Order. In the event the Bankruptcy Court declines to or cannot exercise jurisdiction over any such disputes, then the Parties agree to the jurisdiction (both personal and

Page: 7
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Stipulation and Consent Order Approving of a Settlement Between the Debtor and
147 Bloomfield Ave JV, LLC and Granting Relief

---

subject matter) of the Superior Court of New Jersey in Essex County. The Parties expressly waive any right to trial by jury of any dispute arising under or related to this Order.

17. The Parties agree that this Order shall be governed and construed in accordance with the laws of the State of New Jersey without giving effect to the conflict of laws or choice of law provisions thereof, except to the extent that the law of the United States, including the Bankruptcy Code, governs any matters set forth herein, in which case such federal law shall govern.

18. This Order may be executed in counterparts, each of which shall be deemed an original, but all of which together will constitute the same agreement.

19. This Court shall retain jurisdiction over all matters arising from or relating to the implementation or interpretation of this Order.


**WASSERMAN, JURISTA & STOLZ, PC**
*Attorneys for 147 Bloomfield Ave JV, LLC*

By: /s/ Daniel Stolz
    Daniel Stolz

Dated: February 3, 2020

**LOWENSTEIN SANDLER LLP**
*Attorneys for Debtor, Hollister Construction Services, LLC*

By: /s/ Mary E. Seymour
    Kenneth A. Rosen
    Mary E. Seymour

Dated: February 3, 2020