

| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1** |
| **LOWENSTEIN SANDLER LLP**<br>Arielle B. Adler, Esq.<br>Bruce Buechler, Esq.<br>Joseph J. DiPasquale, Esq.<br>Jennifer B. Kimble, Esq.<br>Kenneth A. Rosen, Esq.<br>Mary E. Seymour, Esq.<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>(973) 597-2500 (Telephone)<br>(973) 597-2400 (Facsimile)<br><br>*Counsel to the Debtor and Debtor-in-Possession* |

**Order Filed on February 5, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| In re:<br><br>HOLLISTER CONSTRUCTION SERVICES, LLC,[1]<br><br>                               Debtor. | Chapter 11<br><br>Case No. 19-27439 (MBK) |

**ORDER GRANTING DEBTOR'S MOTION TO APPROVE OF A SETTLEMENT
AGREEMENT BY AND BETWEEN HOLLISTER CONSTRUCTION SERVICES, LLC,
ACCORDIA HARRISON URBAN RENEWAL, LLC AND CERTAIN
<u>SUBCONTRACTORS</u>**

The relief set forth on the following pages, numbered two (2) through and including three (3), is

hereby **ORDERED**.

**DATED: February 5, 2020**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

37322/3
02/05/2020 205572537.7

Page: 2
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: *Order Granting Debtor's Motion to Approve of a Settlement Agreement By and Between Hollister Construction Services, LLC, Accordia Harrison Urban Renewal, LLC, and Certain Subcontractors*
_____

**THIS MATTER** having been opened to the Court upon the Motion of the above-captioned debtor-in-possession (the "Debtor") seeking the entry of an order approving of a Settlement Agreement by and between the Debtor, Accordia Harrison Urban Renewal, LLC, as project owner with respect to that project known as HUB at Harrison, 700 Frank E. Rogers Boulevard, Harrison, New Jersey (the "HUB") and certain subcontractors, dated December 13, 2019 (the "HUB Settlement Agreement"), pursuant to Fed. R. Bankr. P. 9019 (the "Motion")[2]; and the Court having considered the Motion and any objections filed thereto, and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and the Motion is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that granting the relief requested in the Motion is in the best interests of the Debtor, its estate and creditors; and the Court having conducted a hearing on the Motion, at which time the Court heard and considered all oral argument of counsel; and good and sufficient notice of the Motion having been provided to all interested parties, and for good cause shown,

**IT IS HEREBY ORDERED** as follows:

1. The Motion is **GRANTED** as set forth herein.

2. The HUB Settlement Agreement is hereby approved.

3. Notice of the Motion as provided is hereby deemed good and sufficient notice and no further notice is required.

---

[2] Capitalized terms not defined in this Order shall have the meaning ascribed to them in the Settlement Agreement.

Page:    3
Debtors:  Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: *Order Granting Debtor's Motion to Approve of a Settlement Agreement By and Between Hollister Construction Services, LLC, Accordia Harrison Urban Renewal, LLC, and Certain Subcontractors*

_____

4. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order and the HUB Settlement Agreement.

5. The change orders reflected in the HUB Settlement Agreement are hereby approved, including that certain change order dated effective as of the date of entry of this order (the "Lien Change Order") by and between the Owner and certain subcontractors, including Joffe Lumber & Supply Co., Inc.; Kone Inc.; and PSG Interiors.

6. Prosecution of the pending adversary complaints filed by the Debtor that assert preference claims arising out of or related to the HUB Project against those subcontractors who are parties to the HUB Settlement Agreement and who have executed the HUB Settlement Agreement are hereby stayed pending the completion of the HUB Project. For the avoidance of doubt, the stay of prosecution approved herein only applies to preference claims arising out of or related to the HUB Project and shall not apply to adversary complaints that assert preference claims arising out of or related to other projects.

7. Notwithstanding anything to the contrary in the HUB Settlement Agreement, the total payment due to Reynolds Painting Group NJ ("Reynolds") for Pre-Petition Work is $155,502.00. The amount of $72,567.60 shall be paid by the Debtor to Reynolds at the same time that the initial payment to Subcontractors is paid in accordance with the HUB Settlement Agreement and the balance of the amount due to Reynolds for Pre-Petition Work shall be paid in accordance with the payment schedule set forth in the HUB Settlement Agreement.

8. The HUB Settlement Agreement is hereby modified to reflect that the amount due from Owner to Debtor for Pre-Petition Work (defined in paragraph 1 of the HUB Settlement Agreement) shall be increased by the amount of $72,567.60 (the "Additional Amount"). The Additional Amount shall be paid by Owner to the Debtor by increasing the Initial Payment and the Additional Payment respectively.

Page:    4
Debtors:    Hollister Construction Services, LLC
Case No.:    19-27439 (MBK)
Caption: *Order Granting Debtor's Motion to Approve of a Settlement Agreement By and Between Hollister Construction Services, LLC, Accordia Harrison Urban Renewal, LLC, and Certain Subcontractors*

_____

9.    This Order shall be binding on all subcontractors who have failed to submit their signature pages to the HUB Settlement Agreement and/or who have failed to respond or raise an objection to the entry of this Order.

10.    This Order shall be effective immediately upon its entry and the stay imposed by Bankruptcy Rule 6004(h) and/or 6006(b) or any other Rule is hereby waived.

11.    The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

12.    The Court shall retain exclusive jurisdiction to hear and decide any and all disputes or issues related to or arising from the implementation, interpretation or enforcement of this Order.