**LOWENSTEIN SANDLER LLP**
Arielle B. Adler, Esq. (aadler@lowenstein.com)
Bruce Buechler, Esq. (bbuechler@lowenstein.com)
Joseph J. DiPasquale, Esq. (jdipasquale@lowenstein.com)
Jennifer B. Kimble, Esq. (jkimble@lowenstein.com)
Kenneth A. Rosen, Esq. (krosen@lowenstein.com)
Mary E. Seymour, Esq. (mseymour@lowenstein.com)
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| **HOLLISTER CONSTRUCTION SERVICES, LLC**,[1] | Case No. 19-27439 (MBK) |
| Debtor. | Re: Docket No. 644 |

**NOTICE OF FILING OF**
**AMENDED INDEPENDENT MANAGER AGREEMENT**

The above-captioned debtor and debtor-in-possession, Hollister Construction Services, LLC (the "Debtor"), by and through its counsel, hereby files the Amended Independent Manager Agreement it has entered into with Bernard A. Katz dated as of January 30, 2020, a copy of which is attached as Exhibit A. The attached Amended Independent Manager Agreement supersedes the Independent Manager Agreement dated as of December 11, 2019, between the Debtor and Mr. Katz [Docket No. 644].

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

Dated: February 5, 2020

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**

/s/ *Kenneth A. Rosen*
Arielle B. Adler, Esq.
Bruce Buechler, Esq.
Joseph J. DiPasquale, Esq.
Jennifer B. Kimble, Esq. (admitted *pro hac vice*)
Kenneth A. Rosen, Esq.
Mary E. Seymour, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)
aadler@lowenstein.com
bbuechler@lowenstein.com
jdipasquale@lowenstein.com
jkimble@lowenstein.com
krosen@lowenstein.com
mseymour@lowenstein.com

*Counsel to the Debtor and Debtor-in-Possession*

# Exhibit A

AMENDED INDEPENDENT MANAGER AGREEMENT

This Amended Independent Manager Agreement, made as of January 30, 2020,[1] between Hollister Construction Services, LLC, with its principal place of business at 339 Jefferson Road, Parsippany, New Jersey 07054 ("Hollister"), and Bernard A. Katz, with an address c/o BAK Advisors Inc., 626 South State Street, Newtown, Pennsylvania 18940 ("Katz," and collectively with Hollister, the "Parties," and each a "Party"), provides for independent manager services as follows:

1. Services Provided

Hollister agrees to engage Katz to serve as an independent manager effective as of November 19, 2019, to provide the following specific services: (a) to be Hollister's sole representative to direct any litigation and to approve or disapprove of any settlement of insider and related party accounts receivable; (b) to communicate directly with the professionals retained by the Official Committee of Unsecured Creditors (the "Committee") in Hollister's Chapter 11 bankruptcy case pending in the United States Bankruptcy Court of the District of New Jersey (the "Bankruptcy Court"), Case No. 19-27439 (MBK), regarding the prosecution and collection of preference actions under section 547 of the Bankruptcy Code and the collection of any of Hollister's accounts receivable that the Committee is authorized in writing to prosecute and collect; (c) to facilitate the flow of information and documents to the Committee in connection with any actions the Committee is authorized to commence pursuant to subsection (b) above; and (d) to the extent the Committee is authorized to collect any accounts receivable of Hollister, pursuant to subsection (b) above, the approval or disapproval of any proposed settlement subject to joint review and approval by Katz, Michael Jacoby on behalf of PNC Bank (or such other individual designated by PNC Bank), and a manager of the Debtor (collectively, the "Manager Services"). In order to facilitate Katz's performance of the Manager Services, Katz will have unfettered access to Hollister's books and records related to the preference actions and receivables

[1] This Agreement supercedes the Independent Manager Agreement by and between Hollister and Katz dated December 11, 2019.

being handled by the Committee, but not related to the general operations of Hollister and the collection of receivables from and settlements with owners and subcontractors being handled by the Debtor and its counsel or related preference actions not being handled by the Committee, subject to the confidentiality provisions of this Agreement, unless further authorized and directed in writing by Hollister. Katz's sharing of this information and documentation with the Committee shall (i) be deemed a production of documents by Hollister of Confidential Material pursuant to that certain Confidentiality Agreement entered into by the Committee and Hollister, and (ii) not be deemed a waiver of Hollister's attorney-client and work product privileges with any of its attorneys. Katz will not be performing any forensic investigation or analyses of PNC Bank's liens and security interests.

2. Nature of Relationship

Katz is an independent manager of Hollister and will not be deemed an employee of Hollister for purpose of employee benefits, income tax withholding, F.I.C.A taxes, unemployment benefit or otherwise will be deducted. Katz will not be entitled to any benefits like health insurance, etc. Katz shall not enter into any agreement or incur any obligations on Hollister's behalf. Katz, while performing under this Agreement, cannot be employed by a competitor or creditor of Hollister, unless otherwise agreed to in writing by Hollister.

Hollister will supply, at no cost to Katz, periodic (at least monthly) briefings on its business operations and copies of any information packages provided to all managers and/or members of Hollister, and any other materials which may, by mutual agreement, be necessary for Katz to perform the Manager Services under this Agreement, but excluding any attorney-client privileged information.

3. Katz's Warranties

Katz warrants that no other party has exclusive rights to his services in the specific areas described and that Katz is in no way compromising any rights or trust between any other party and that Katz is not creating a conflict of interest. Katz also warrants and agrees that he will not enter into

any other agreement that will create a conflict of interest with this Agreement. Katz further warrants that he will comply with all state and federal laws and regulations, as applicable.

Throughout the term of this Agreement, Katz agrees he will not, without obtaining Hollister's prior written consent, directly or indirectly engage or prepare to engage in any other activity in competition with any Hollister business or product, accept employment or provide services to (including services as a member of a board of directors) or establish a business in competition with Hollister.

Throughout the term of this Agreement and for a period of one year following the termination of this Agreement, Katz shall not, directly or indirectly, solicit, or attempt to hire any person who is then, or was within the one-year period ending on the date that individual's termination from their employment with Hollister.

4. Compensation

Upon execution of this Agreement, Katz agrees to reduce his invoice dated January 15, 2020, covering the time period of November 18 through December 31, 2019, from $12,697.20 to $10,000.00, which Hollister will promptly pay. On the first business day of each month starting on January 1, 2020, Hollister shall pay Katz the sum of $40,000 per month for the months of January, February and March, 2020 (subject to reduction as set forth below), against which invoices will be submitted by Katz to Hollister, with a copy of Katz's invoices to be sent to counsel for the U.S. Trustee, the Committee and PNC Bank, for all time incurred, at a rate of $750.00 per hour, for preparing for, reviewing, traveling, attending meetings, plus reimbursement of all reasonable, documented expenses relating to Katz's performance of the Manager Services. The maximum total monthly amount invoiced by Katz for fees shall not exceed $40,000 per month. If the actual time billed by Katz in any of these months is less than $40,000 per month, then delta between the actual amount billed for that month and $40,000 can be carried to another month to increase the cap by the delta for that subsequent month.

5. Indemnification and Insurance

Hollister will indemnify and hold harmless Katz, except for gross negligence, malfeasance, fraud and willful misconduct; provided, however, that Hollister will only expend up to a total cap of $50,000 for attorneys' fees and expenses in defending any such claim, not including any damages. In addition, Katz will be covered under Hollister's directors' and officers' liability or fiduciary insurance policy.

Katz shall not be permitted to retain any professionals (such as attorneys) at the cost and expense of Hollister except if a party asserts that Katz engaged in gross negligence, malfeasance, fraud or willful misconduct in which event Katz may retain an attorney to represent him at Hollister's expense, subject to a total cap of $50,000 for fees and expenses.

6. Term of Agreement and Termination

This Agreement shall be effective and commence as of November 19, 2019. This Agreement shall automatically terminate upon the earlier of (a) March 31, 2020, unless extended in a writing signed by Hollister and Katz; (b) the death of Katz; (c) Katz's resignation; (d) Hollister's members' decision to remove Katz, with or without cause; (e) the agreement of Katz and Hollister to terminate this Agreement; (f) the conversion of Hollister's Chapter 11 bankruptcy case to a Chapter 7 or the dismissal of the bankruptcy case; (g) the confirmation of a Chapter 11 plan in Hollister's bankruptcy case; or (h) order of the Bankruptcy Court in Hollister's bankruptcy case. Notice of termination may be given by email, overnight delivery, or regular mail at addresses set forth below.

In the event of a termination of this Agreement, Katz shall promptly return any materials and Documents[2] transferred to him under this Agreement, whether in hard copy or electronically or via computer, except as may be necessary for Katz to fulfill any outstanding obligations hereunder. Katz agrees that Hollister has the right to seek injunctive relief to enforce this provision.

Hollister's obligation in the event of any termination of the Agreement shall be to pay Katz any compensation and reimbursement of expenses due to Katz as of the date of termination.

Termination shall not relieve either party of its continuing obligation under this Agreement with respect to confidentiality of Documents, proprietary information or any other provisions that survives termination.

7. Confidentiality

Katz agrees to keep confidential all non-public Documents received from Hollister, regardless of whether received by Katz in hard copy, electronically or via computer, provided, however, that if any Documents were publicly available, already in the party's possession or known to it, independently developed, lawfully obtained from a third party, or required to be disclosed by law, then that information shall not be considered confidential. Katz can only use the Documents provided by Hollister in the performance of the Manager Services.

[2] Documents shall mean: any non-public information concerning Hollister, its various construction projects or its Chapter 11 bankruptcy case, including, without limitation, information, documents, agreements, records, reports, data, forecasts, projections, analyses, notes, summaries, compilations, presentations, memoranda or similar written materials concerning Hollister's assets, liabilities, business operations, business practices, business pricing, business plans, financial projections, financial and business analyses, intellectual property, trade secrets and compilations and studies relating to the foregoing, and non-public information concerning any potential investor in, or potential purchaser of, Hollister or its assets, which is furnished or disclosed to Katz, whether intentionally or unintentionally and in any manner, including in written form, orally or through any electronic, facsimile or computer related means of communication. Summaries of, or any other derivations from, the Documents prepared by or on behalf of Katz as well to the extent they are summaries or derivations therefrom are deemed confidential Documents.

8. Dispute Resolution

The Parties submit and consent to the jurisdiction (both personal and subject matter) of the Bankruptcy Court to adjudicate any dispute or claim arising from or related to this Agreement. In the event the Bankruptcy Court declines to or cannot exercise jurisdiction over any such disputes, then the Parties agree to the jurisdiction (both personal and subject matter) of the State or Federal Courts located in Essex or Morris County, New Jersey. THE PARTIES EXPRESSLY WAIVE ANY RIGHT TO TRIAL BY JURY OF ANY DISPUTE ARISING UNDER OR RELATED TO THIS AGREEMENT.

Any action under this paragraph shall not preclude any Party hereto from seeking injunctive or other legal or equitable relief to which each Party may be entitled.

9. Notices

Any and all notices, requests and other communications required or permitted hereunder shall be in writing, registered mail or by facsimile, to each of the parties to the addresses set forth above or the numbers set forth below:

Katz:

Mr. Bernard A. Katz
c/o BAK Advisors Inc.
626 South State Street,
Newtown, PA 18940
Telephone: 267-364-5295
Email: bernie@bakadvisors.com

Hollister:

Chris Johnson, Head Coach
Hollister Construction Services, LLC
339 Jefferson Road
Parsippany, NJ 07054
Telephone: 973-868-8933
Email: cjohnson@hollistercs.com

Any such notice shall be deemed given when received, and any notice sent by registered mail shall be considered to have been given on the tenth (10th) day after having been sent in this manner.

10. Survival of Obligations

Notwithstanding the expiration of this Agreement, neither Party hereto shall be released hereunder from any liability or obligation to the other which has already accrued as of the time of such

expiration or termination (including, without limitation, Hollister's obligation to pay Katz any compensation and reimbursement of expenses required pursuant to Article 4 hereof) or which thereafter might accrue in respect to any act or omission of such party prior to such expiration or termination. Specifically, sections 3, 7, 8, 9, 10, 11 and 16 of this Agreement survive termination.

11. Severability

Any provision of this Agreement which is determined to be invalid or unenforceable shall not affect the remainder of this Agreement, which shall remain in effect as though the invalid or unenforceable provision had not been included herein, unless the removal of the invalid or unenforceable provision would substantially defeat the intent, purpose or spirit of this Agreement.

12. Counterparts

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and all of which shall constitute one and the same instrument.

13. No Oral Modification, Termination or Waiver

This Agreement cannot be modified, terminated or waived orally, but only in a writing executed by each of the Parties hereto.

14. Further Assurances

The Parties hereto shall execute and deliver such additional documents and take such additional action as may be necessary or desirable to effectuate the provisions and purposes of this Agreement.

15. Authorization

Each Party signing this Agreement hereby covenants and warrants that he/she is fully authorized to sign this Agreement on behalf of the Party he/she represents and is fully authorized to bind the Party to all of the terms of this Agreement. The Parties to this Agreement acknowledge that they have read all of the terms of this Agreement, that they have consulted with the counsel of their

choice (or had the opportunity to consult with the counsel of their choice) regarding the terms of this Agreement, and enter into this Agreement voluntarily and without duress.

16. Jointly Drafted

The Parties to this Agreement acknowledge and stipulate that it has been drafted through a joint effort of the Parties and, therefore, shall not be construed in favor of or against any of the Parties. The terms of this Agreement shall be deemed to have been jointly negotiated and drafted by the Parties.

**IN WITNESS WHEREOF**, the parties hereto have caused this agreement to be executed by their duly authorized officers, as of the date first written above.

Bernard A. Katz — Dated: February 4, 2020

By: ______________________
Bernard A. Katz

Hollister Construction Services, LLC — Dated: February 4, 2020

By: ______________________
Chris Johnson, Head Coach