| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-1<br><br>**LOWENSTEIN SANDLER LLP**<br>Arielle B. Adler, Esq.<br>Bruce Buechler, Esq.<br>Joseph J. DiPasquale, Esq.<br>Jennifer B. Kimble, Esq.<br>Kenneth A. Rosen, Esq.<br>Mary E. Seymour, Esq.<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>(973) 597-2500 (Telephone)<br>(973) 597-2400 (Facsimile)<br><br>*Counsel to the Debtor and*<br>*Debtor-in-Possession* | <br><br>**Order Filed on February 3, 2020**<br>**by Clerk**<br>**U.S. Bankruptcy Court**<br>**District of New Jersey** |
| In re:<br><br>HOLLISTER CONSTRUCTION SERVICES, LLC,[1]<br><br>                                                              Debtor. | Chapter 11<br><br>Case No. 19-27439 (MBK) |

### STIPULATION AND CONSENT ORDER APPROVING OF A SETTLEMENT BETWEEN THE DEBTOR AND 147 BLOOMFIELD AVE JV, LLC AND GRANTING RELIEF

The relief set forth on the following pages, numbered two (2) through seven (7), is hereby **ORDERED**.

**DATED: February 3, 2020**

                                                                              Honorable Michael B. Kaplan
                                                                              United States Bankruptcy Judge

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is Hollister Construction Services, LLC (5404).

37322/2

Page: 2
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Stipulation and Consent Order Approving of a Settlement Between the Debtor and
147 Bloomfield Ave JV, LLC and Granting Relief

---

Upon consideration of this Stipulation and Consent Order (the "Order") entered into by and between Hollister Construction Services, LLC, as debtor and debtor-in-possession in the above-captioned bankruptcy case (the "Debtor" or "Hollister"), and 147 Bloomfield Ave JV, LLC (the "Vestry Owner", and together with the Debtor, the "Parties," and each individually, a "Party"), by and through their respective undersigned counsel; and the Court having jurisdiction over the matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey entered on July 23, 1984, as amended on September 18, 2012 (Simandele, C.J.); and the Court having found that the matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2), and the Court having found that it has the authority to enter a final order consistent with Article III of the United States Constitution; and the Court having found that the venue of this proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the proposed Order is in the best interests of the Debtor's estate, its creditors and other parties-in-interest; the Court having found that the notice and opportunity to object were appropriate under the circumstances and that no other or further notice of the proposed Order need be provided; and the Court having reviewed the proposed Order and any objections thereto; and the Court having determined that good cause exists for granting the relief requested in accordance with the terms hereof;



## RECITALS

**WHEREAS,** on September 11, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, thereby initiating the above-captioned chapter 11 case (the "Chapter 11 Case");

Page: 3
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Stipulation and Consent Order Approving of a Settlement Between the Debtor and 147 Bloomfield Ave JV, LLC and Granting Relief

---

**WHEREAS,** on or about November 8, 2017, the Debtor and Vestry Owner entered into a contract (the "Vestry Contract") for certain construction work at 147 Bloomfield Avenue, Montclair, New Jersey (the "Vestry Project");

**WHEREAS,** in connection with the Vestry Contract and the Vestry Project, the Debtor entered into certain contracts with numerous subcontractors for work related to the Vestry Project (collectively, the "Vestry Subcontracts");

**WHEREAS,** on or about September 8, 2019, the Vestry Owner sent Hollister a letter asserting an anticipatory breach of the Vestry Contract and purporting to terminate the Vestry Contract;

**WHEREAS,** the Debtor disputed the purported pre-petition termination of the Vestry Contract by the Owner;

**WHEREAS,** on December 12, 2019, the Court entered a *Stipulation and Consent Order Pursuant to 11 U.S.C. §§105, 362 and 365 Authorizing Rejection of Debtor's Contract with 147 Bloomfield Ave JV, LLC and Granting Relief from the Automatic Stay* [Docket No. 638];

**WHEREAS,** the Parties have agreed to settle all remaining disputes among them as set forth herein effective upon the entry of this Order;

**IT IS ORDERED AND AGREED AS FOLLOWS:**

1. This Order shall be effective upon its entry by the Bankruptcy Court and any stay of its effectiveness under any Bankruptcy Rule is hereby waived.

2. The WHEREAS clauses set forth above are hereby incorporated into this Order.

3. The Vestry Owner shall pay the Debtor the sum of $150,000.00 (the "Settlement Amount"). The Vestry Owner has previously paid the Settlement Amount to Debtor's counsel,

Page: 4
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Stipulation and Consent Order Approving of a Settlement Between the Debtor and
147 Bloomfield Ave JV, LLC and Granting Relief

---

the law firm of Lowenstein Sandler LLP, to hold in trust pending approval of this Order. Immediately upon entry of this Order by the Bankruptcy Court, Debtor's counsel is authorized to release the Settlement Amount from escrow and pay it to the Debtor. Should the settlement not be approved by the Court on or before February 15, 2020, the Settlement Amount shall be return to Vestry Owner immediately thereafter.

4. Upon the Parties' execution of this Order and the Vestry Owner's payment of the Settlement Amount to Debtor's counsel, and prior to the entry of this Order by the Bankruptcy Court, the Debtor filed a release of its construction lien on the real property owned by the Vestry Owner located at 147-155 Bloomfield Avenue, Montclair, New Jersey (the "Vestry Real Property"). In the event this Order is not approved by the Bankruptcy Court by no later than February 13, 2020, then the Debtor can refile its construction lien on the Vestry Real Property and the Vestry Owner agrees (i) that such refiling will relate back to the date the Debtor originally filed its construction lien on the Vestry Real Property, and (ii) the Vestry owner will not assert that the refiled lien is untimely as a result of the Debtor's release of the filed lien.

5. The Settlement Amount can only be used by the Debtor in accordance with the cash collateral order with PNC Bank then in effect, or further order of this Court.

6. Each Party will bear its own costs and expenses in connection with this Order and obtaining Court approval of this Order.

7. When this Order becomes effective pursuant to paragraph 3 above, Hollister and the Vestry Owner hereby mutually release one another and their respective members, equity owners, managers, directors, and officers and employees from any and all claims (as defined in section 101(5) of the Bankruptcy Code), causes of action, choses in action, suits, demands

Page: 5
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Stipulation and Consent Order Approving of a Settlement Between the Debtor and 147 Bloomfield Ave JV, LLC and Granting Relief

---

and/or rights, whether known, unknown, direct, indirect, fixed, contingent, liquidated, unliquidated, matured, unmatured, legal, or equitable, which either Hollister or the Vestry Owner has, had or may have against each other arising out of or related in any way to the Vestry Contract and the Vestry Project. The release set forth herein by the Debtor specifically includes any claims arising under sections 547 and 548 of the Bankruptcy Code in the Debtor's bankruptcy case and shall be effective against any subsequent trustee appointed in the Debtor's chapter 11 bankruptcy case or in the event the Debtor's chapter 11 bankruptcy case is converted to a chapter 7. The Vestry Owner further agrees that it will not file or assert any proof of claim against the Debtor and its bankruptcy estate, and any proof of claim filed by the Vestry Owner shall be deemed expunged. Notwithstanding the foregoing, nothing herein shall be deemed to release the Debtor and/or the Vestry Owner from any liability for any breach of this Order.

8. The Debtor is not waiving or releasing any claims or causes of action it has or may have against any subcontractor or supplier on the Vestry Project, including but not limited to preference actions under section 547 of the Bankruptcy Code.

9. The Parties acknowledge and agree that this Order is entered into for the purpose of avoiding the expense, delay, and uncertainty of litigation regarding their respective claims under the Vestry Contract and Vestry Project, and that nothing contained herein shall constitute, be introduced, treated, deemed, or otherwise interpreted or construed as:

    (a) an admission, waiver, evidence, or concession by any of the Parties hereto of any liability or wrongdoing; or

    (b) evidence in any judicial or arbitration proceeding between the Parties, except to enforce or defend the terms of this Order or in defense of any claim released in whole or in part by this Order.

Page: 6
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Stipulation and Consent Order Approving of a Settlement Between the Debtor and 147 Bloomfield Ave JV, LLC and Granting Relief

---

10. This Order cannot be modified, terminated or waived orally, but only in a writing executed by each of the Parties hereto.

11. The Parties hereto shall execute and deliver such additional documents and take such additional action as may be necessary or desirable to effectuate the provisions and purposes of this Order without the need for a further order of the Bankruptcy Court.

12. This Order shall inure to the benefit of, and shall be binding upon, the Parties hereto and their respective successors and assigns.

13. Each person signing this Order hereby represents and warrants that he/she is duly authorized to sign this Order and has the requisite authority to execute and deliver this Order on behalf of such Party and to bind the respective Party to the terms and conditions herein.

14. The Parties acknowledge that they have read all of the terms of this Order, that they have consulted with the counsel of their choice (or had the opportunity to consult with the counsel of their choice) regarding the terms of this Order and enter into this Order voluntarily and without duress.

15. The Parties acknowledge and stipulate that this Order has been drafted through a joint effort of the Parties and, therefore, shall not be construed in favor of or against either of the Parties. The terms of this Order shall be deemed to have been jointly negotiated and drafted by the Parties.

16. The Parties submit and consent to the jurisdiction (both personal and subject matter) of the Bankruptcy Court to adjudicate any dispute or claim arising from or related to this Stipulation and Order. In the event the Bankruptcy Court declines to or cannot exercise jurisdiction over any such disputes, then the Parties agree to the jurisdiction (both personal and

Page: 7
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Stipulation and Consent Order Approving of a Settlement Between the Debtor and
147 Bloomfield Ave JV, LLC and Granting Relief

---

subject matter) of the Superior Court of New Jersey in Essex County. The Parties expressly waive any right to trial by jury of any dispute arising under or related to this Order.

17. The Parties agree that this Order shall be governed and construed in accordance with the laws of the State of New Jersey without giving effect to the conflict of laws or choice of law provisions thereof, except to the extent that the law of the United States, including the Bankruptcy Code, governs any matters set forth herein, in which case such federal law shall govern.

18. This Order may be executed in counterparts, each of which shall be deemed an original, but all of which together will constitute the same agreement.

19. This Court shall retain jurisdiction over all matters arising from or relating to the implementation or interpretation of this Order.

| | |
|---|---|
| **WASSERMAN, JURISTA & STOLZ, PC**<br>*Attorneys for 147 Bloomfield Ave JV, LLC* | **LOWENSTEIN SANDLER LLP**<br>*Attorneys for Debtor, Hollister Construction Services, LLC* |
| By: /s/ Daniel Stolz<br>    Daniel Stolz | By: /s/ Mary E. Seymour<br>    Kenneth A. Rosen<br>    Mary E. Seymour |
| Dated: ~~January~~ February 3, 2020 | Dated: ~~January~~ February 3, 2020 |

United States Bankruptcy Court
District of New Jersey

In re:  
Hollister Construction Services, LLC  
     Debtor

Case No. 19-27439-MBK  
Chapter 11

## CERTIFICATE OF NOTICE

District/off: 0312-3      User: admin      Page 1 of 1      Date Rcvd: Feb 03, 2020  
                            Form ID: pdf903    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 05, 2020.  
db          +Hollister Construction Services, LLC,   339 Jefferson Road,   Parsippany, NJ 07054-3707

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                              TOTAL: 0

          ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                 TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 05, 2020                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 3, 2020 at the address(es) listed below:  
NONE.                                                                                                TOTAL: 0