RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
Joseph L. Schwartz, Esq. (JS-5525)
Tod S. Chasin, Esq.(TC-0122)
Tara J. Schellhorn, Esq. (TS-8155)
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey  07962-1981
(973) 538-0800

*Counsel to Newark Warehouse Urban Renewal, LLC and*
*Newark Warehouse Redevelopment Company, LLC*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>HOLLISTER CONSTRUCTION SERVICES, LLC,<br><br>                                                    Debtor. | Hon. Michael B. Kaplan, U.S.B.J.<br><br>Case No.  19-27439 (MBK)<br><br>Chapter 11 |

**RESERVATION OF RIGHTS OF NEWARK WAREHOUSE URBAN RENEWAL, LLC AND NEWARK WAREHOUSE REDEVELOPMENT COMPANY, LLC WITH <u>RESPECT TO LEADER ELECTRIC CO., INC.'S MOTION FOR RELIEF FROM STAY</u>**

Newark Warehouse Urban Renewal, LLC ("<u>NWUR</u>") and Newark Warehouse Redevelopment Company, LLC ("<u>NWRC</u>") (together, the "<u>NWR Entities</u>"), by and through their undersigned counsel, hereby submit this Reservation of Rights with respect to the motion of Leader Electric Co., Inc. ("<u>Leader</u>") for Relief from the Automatic Stay [Docket No. 857] (the "<u>Motion</u>").  In support of the Reservation of Rights, the NWR Entities respectfully submit as follows:

## BACKGROUND

**A.     The Bankruptcy Case and Automatic Stay Order.**

1. On September 11, 2019 (the "Petition Date"), the Debtor filed the above-captioned bankruptcy case (the "Bankruptcy Case") in the United States Bankruptcy Court for the District of New Jersey (the "Court").

2. On September 23, 2019, in response to the Debtor's first day request to have the Court enforce both the automatic stay provisions of the Bankruptcy Code and the Third Circuit Court of Appeals' decision in In re Linear Electric Co., Inc., 852 F.3d (3d Cir. 2017), the Court entered an Order (I) Restating and Enforcing the Automatic Stay, Anti-Discrimination Provisions, and *Ipso facto* Protections of the Bankruptcy Code, (II) Approving the Form and Manner of Notice Related Thereto, and (III) Granting Related Relief [Docket No. 140] (the "Automatic Stay Order"). The Automatic Stay Order expressly and unambiguously provides, among other things, that all parties are stayed and enjoined from "commencing or continuing" or "taking any action . . . to file, continue litigation, enforce and/or collect on construction or mechanics liens from third-party real property owners on construction projects for services performed for or on behalf of the Debtor." See Docket No. 140 at ¶ 3.

**B.     Motion Practice Related to the Automatic Stay Order.**

3. As the Court will recall, despite the entry of the Automatic Stay Order, various of the Debtor's subcontractors, materialmen and/or suppliers improperly filed post-petition construction liens and/or improperly continued to prosecute state court actions to enforce pre-petition constructions liens related to the Debtor's various projects located in the State of New Jersey.

4.     As a result, on December 20, 2019, the Debtor filed a motion, on shortened time, seeking an order from the Court: (i) determining that certain parties violated the automatic stay of section 362(a) of the Bankruptcy Code, (ii) that those asserted construction liens filed by those parties were void *ab initio* and should be released or discharged, and (iii) granting related relief to the Debtor, including the recovery of attorneys' fees and costs [Docket No. 692] (the "Debtor's Motion"). On January 2, 2020, the Court entered an Order granting the Debtor's Motion [Docket No. 730].

5.     On January 6, 2020, the NWR Entities filed their Motion for an Order Determining that Certain Parties Have Violated the Automatic Stay, that Certain Asserted Liens Filed Post-Petition Are Void *Ab Initio*, Confirming the Applicability of the Automatic Stay to the Pending Construction Lien Litigations and for Related Relief [Docket No. 740] (the "NWR Motion"), which seeks to reconfirm and to enforce the automatic stay with respect to, among other things, various state court construction lien actions related to the NWR Entities' real property, as previously ordered by this Court.[1]

6.     As of the filing of this Reservation of Rights, the Court has not yet rendered a decision on the NWR Motion.

C.     **Leader's Motion.**

7.     Leader is an electrical contractor that apparently performed electrical work on a construction project where the Debtor served as general contractor (the "Peck Project") located at 33 Peck Slip, New York, New York, Section 1, Block 107, Lot 38 (the "Peck Property").

---

[1] The NWR Entities originally filed a limited objection to the Debtor's Motion requesting that the Debtor's Motion should only be granted if the NWR Entities were granted similar relief. See Docket No. 723. However, at the January 2, 2020 hearing on the Debtor's Motion, the Court directed the NWR Entities to file their own motion for the relief requested by way of the NWR objection.

8.     On December 27, 2018, Leader filed a mechanic's lien against the Peck Property in the amount of $538,006.72 (the "Lien"). See Motion for Relief from Stay, Docket No. 857 at Ex. A.

9.     On February 22, 2019, Arch Insurance Company bonded the Lien. See Docket No. 857-3 at 13.

10.    On January 25, 2020, Leader filed the Motion, wherein Leaker seeks relief from the automatic stay to pursue its mechanic's lien claims against the bond for the Peck Project. See Docket No. 857 and Travis J. Fairey Certification, Docket No. 857-2 at ¶ 7. Leader argues that relief from the automatic stay is warranted because to the extent the Lien is paid by Arch, such payment will reduce Leader's claim against the Debtor. See Travis J. Fairey Certification, Docket No. 857-2 at ¶ 7.

## Reservation of Rights

11.    The NWR Entities do not own or have any interest in the Peck Property. However, out of an abundance of caution, the NWR Entities file this Reservation of Rights in order to preserve their rights, as set forth in detail in the NWR Motion.

*[The remainder of this page is intentionally left blank.]*

**CONCLUSION**

WHEREFORE, for all the foregoing reasons, and for those set forth in the NWR Motion, the NWR Entities respectfully request that the Court deny the Motion or determine that the Motion shall in no way prejudice the NWR Entities and the NWR Motion.

Dated: February 13, 2020
Morristown, New Jersey

                                      RIKER DANZIG SCHERER HYLAND
                                      & PERRETTI LLP

                                      By: /s/ *Joseph L. Schwartz*
                                               Joseph L. Schwartz

                                      Joseph L. Schwartz, Esq. (JS-5525)
                                      Tod S. Chasin, Esq. (TC-0122)
                                      Tara J. Schellhorn, Esq. (TS-8155)
                                      Headquarters Plaza
                                      One Speedwell Avenue
                                      Morristown, New Jersey  07962-1981
                                      (973) 538-0800

                                      *Counsel to Newark Warehouse Urban Renewal,*
                                      *LLC and Newark Warehouse Redevelopment*
                                      *Company, LLC*

5111439v2