| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-1 | |
| **LOWENSTEIN SANDLER LLP**<br>Arielle B. Adler, Esq.<br>Bruce Buechler, Esq.<br>Joseph J. DiPasquale, Esq.<br>Jennifer B. Kimble, Esq.<br>Kenneth A. Rosen, Esq.<br>Mary E. Seymour, Esq.<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>(973) 597-2500 (Telephone)<br>(973) 597-2400 (Facsimile)<br><br>*Counsel to the Debtor and Debtor-in-Possession* | |
| In re:<br><br><br>HOLLISTER CONSTRUCTION SERVICES, LLC,[1]<br><br>                       Debtor. | Chapter 11<br><br>Case No. 19-27439 (MBK) |

FILED
JEANNE A. NAUGHTON, CLERK

MAR 05 2020

U.S. BANKRUPTCY COURT
TRENTON, NJ
BY_____DEPUTY

**ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF ORDER DETERMINING THAT CERTAIN ASSERTED LIENS FILED POST-PETITION ON THE HUB PROJECT ARE VOID _AB INITIO_ AND GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through and including three (3), is hereby **ORDERED**.

_Michael B. Kaplan_

MICHAEL B. KAPLAN

3/5/20

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

37322/3
03/05/2020 206005521.2

Page:      2
Debtor:    Hollister Construction Services, LLC
Case No.:  19-27439 (MBK)
Caption:   Order Granting Debtor's Motion For Entry Of an Order Determining that Certain
           Asserted Liens Filed Post-Petition On the HUB Project are Void *Ab Initio* and
           Granting Related Relief

---

**THIS MATTER**, having been opened to the Court on the Motion of the above-captioned debtor-in-possession (the "Debtor"), seeking entry of an order (i) holding that certain asserted liens filed post-petition on the HUB Project real property (a/k/a Tax Block 133 Lots 1.03 – 1.05 Town of Harrison, New Jersey) are void *ab initio* and unenforceable, (ii) determining that any other post-petition liens that have been or may be filed on the HUB Project real property are void *ab initio* and unenforceable; and (iii) granting related relief (the "Motion")[2]; and the Court having considered the Motion and any objections filed thereto at a hearing held on March 5, 2020 (the "Hearing"), and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey dated September 18, 2012 (Simandle, C.J.); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409, and the Motion is determined to be a core proceeding pursuant to 28 U.S.C. §157(b)(2); and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate and creditors, and the Court having conducted the Hearing on the Motion at which time the Court heard and considered the oral argument of counsel, and good and sufficient notice of the Motion having been provided to all interested parties and for the reasons set forth by the Court on the record at the Hearing; and for good cause shown;

    **IT IS HEREBY ORDERED** as follows:

    1.    The Motion is **GRANTED** as set forth herein.

    2.    The post-petition construction liens filed by Cardella Trucking Co., Inc. ("Cardella") on September 30, 2019 as CL2019-9-5459; Meli Plumbing and Heating, Inc. ("Meli") on September 12, 2019 as CL2019-9-5438; and ULE Group NJ Corp. ("ULE Group")

---

[2] Capitalized terms not defined in this Order shall have the meaning ascribed to them in the Motion.

Page:      3
Debtor:   Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption:  Order Granting Debtor's Motion Determining that Certain Creditors Have Violated
          the Automatic Stay, that Certain Asserted Liens Filed Post-Petition are Void *Ab
          Initio*, and Granting Related Relief

---

on September 18, 2019 as CL2019-9-5445 (collectively, the "Construction Lien Claimants") on

the HUB Project real property are hereby determined to have been filed in violation of the

automatic stay of section 362(a) of the Bankruptcy Code and, accordingly, the construction liens

filed by the Construction Lien Claimants are void *ab initio* and are not enforceable.

3.      Any other post-petition construction liens that have been filed or may be filed

against the HUB Project real property are hereby determined to have been filed in violation of

the automatic stay of section 362(a) of the Bankruptcy Code and, accordingly, are void *ab initio*

and are not enforceable.

4.      This Order shall be filed in the Consruction Lien Claim records of the Hudson

County Clerk's Office and the Clerk shall mark each construction lien claim recited in Paragraph

2 hereof as Discharged by Court Order.

5.      Each of the Construction Lien Claimants are hereby directed and ordered to file a

discharge or release of the post-petition construction liens they filed within five (5) days of the

entry of this Order and provide proof of the release of their construction lien to Debtor's counsel.

6.      This Order shall be deemed to be immediately effective upon its entry and any

stay imposed by any of the Bankruptcy Rules is hereby waived *and the Court expressly declines to grant a stay of this Order should a stay be requested.*

7.      The Court shall retain exclusive jurisdiction to hear and decide any and all *MBK*

disputes or issues related to, arising out of or under the implementation, interpretation or

enforcement of this Order.

8. *As evidenced by the Affidavit of Service filed at Docket No. 981, each of the Construction Lien Claimants was timely and properly served with the Motion. The Court finds that none of the Construction Lien Claimants appeared at the Hearing or objected to the relief granted herein.*

*MBK*

3