| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**LOWENSTEIN SANDLER LLP**<br>Arielle B. Adler, Esq.<br>Bruce Buechler, Esq.<br>Joseph J. DiPasquale, Esq.<br>Jennifer B. Kimble, Esq.<br>Kenneth A. Rosen, Esq.<br>Mary E. Seymour, Esq.<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>(973) 597-2500 (Telephone)<br>(973) 597-2400 (Facsimile)<br><br>*Counsel to the Debtor and Debtor-in-Possession* | Order Filed on March 6, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>**HOLLISTER CONSTRUCTION SERVICES, LLC,**[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-27439 (MBK) |

**ORDER APPROVING SETTLEMENT OF THE DIRECT ADVERSARY
PROCEEDING PURSUANT TO RULE 9019 OF
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

The relief set forth on the following pages, numbered two (2) through and including three (3) is hereby **ORDERED**.

**DATED: March 6, 2020**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

37322/3
02/10/2020 205715452.3

(Page 2)
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption of Order: Order Approving Settlement of the Direct Adversary Proceeding Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure

---

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtor and debtor-in-possession (the "Debtor") for entry of an order approving the settlement agreement by and between the Debtor and Direct attached hereto as Exhibit A (the "Settlement Agreement") pursuant to Bankruptcy Rule 9019; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey entered on July 23, 1984, as amended on September 18, 2012 (Simandle, C.J.); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its estate and creditors; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. The Settlement Agreement attached hereto as Exhibit A is hereby approved.

3. For the avoidance of doubt, the Debtor's estate and/or any fiduciary acting on behalf of the Debtor's estate, such as the Debtor, or any trustee appointed in this Chapter 11 Case, are authorized to enter into and take all actions necessary to effectuate the Settlement Agreement.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Case 19-27439-MBK    Doc 987    Filed 03/06/20    Entered 03/06/20 14:41:51    Desc Main
Document    Page 3 of 8

(Page 3)
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption of Order: Order Approving Settlement of the Direct Adversary Proceeding Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure

---

4. The notice provided by the Debtor of the Motion is hereby deemed sufficient under the circumstances.

5. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or is otherwise waived.

6. The Order shall be effective immediately upon entry, notwithstanding anything to the contrary in the Bankruptcy Rules or the Local Rules of the United States Bankruptcy Court for the District of New Jersey.

7. This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation or enforcement of this Order.

# **EXHIBIT A**

Settling Agreement


## **EXHIBIT A**

Settlement Agreement

# **SETTLEMENT AGREEMENT AND GENERAL RELEASE**

This Settlement Agreement and General Release (the "**Agreement**") is made and entered into on this 10th day of January, 2020 by and between the debtor and debtor-in-possession Hollister Construction Services, LLC (the "**Debtor**") on the one hand, and Direct Cabinet Sales-USLBM, LLC, improperly denominated on the Adversary Complaint (defined below) as Direct Cabinet Sales of Red Bank Inc. and denominated as Direct Cabinet Sales US LBM LLC on its filed Proof of Claim No. 198 ("**Direct**") on the other hand (collectively, the "**Parties**").

**WHEREAS**, on September 11, 2019, the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**"), *see* Case No. 19-27439 (MBK); and

**WHEREAS**, a review of the Debtor's books and records indicates that Direct allegedly received one or more payments and/or transfers from the Debtor, which the Debtor alleges constitute avoidable preferential transfers; and

**WHEREAS**, on November 7, 2019, the Debtor filed an *Adversary Complaint to Avoid and Recover Preferential Transfers and to Disallow Claims Pursuant to 11 U.S.C. §§ 547, 550 and 502(d)* (the "**Adversary Complaint**") against Direct, seeking to recover the aggregate amount of $173,504.71, among other relief, *see* Case 19-02251 (MBK), Docket No. 1; and

**WHEREAS**, Direct denies all liability; and

**WHEREAS**, the Debtor and Direct mutually desire to resolve any and all disputes relating to alleged payments made by the Debtor to Direct, which settlement shall not be deemed or construed to be an admission of liability or wrongdoing by Direct, but which constitutes a good faith settlement that is being entered into solely to avoid the costs of litigation.

**NOW**, **THEREFORE**, subject to Bankruptcy Court approval, the Debtor and Direct stipulate and agree as follows:

1. This Agreement is subject to the entry of an order of the Bankruptcy Court approving this Agreement. The settlement embodied in this Agreement shall not be effective until both of the following occur: (a) entry of an order by the Bankruptcy Court approving this Agreement, and (b) the Debtor's receipt of the Payment (defined below) from Direct in good funds. In the event this Agreement is not approved by the Bankruptcy Court, or not consummated, then this Agreement shall be deemed null and void and not binding on the Parties.

2. <u>Payment</u>.  Direct shall remit a check or wire in the amount of **$100,000.00** payable to "Hollister Construction Services, LLC" in reference to "Hollister Construction Services, LLC" (the "**Payment**") within eight (8) business days of the Bankruptcy Court's entry of an order approving of this Agreement, which shall be delivered to:

Hollister Construction Services, LLC
c/o Arielle B. Adler, Esq.
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

The Payment will be deposited into one of the Debtor's accounts at PNC Bank.

In the event Direct fails to make the Payment in accordance with the schedule described above, the Debtor will provide notice of default to counsel for Direct, Bart J. Klein, via email to bart@bartjkleinlaw.com. Thereafter, Direct has four (4) business days to cure said default. In the event said default is not cured within four (4) business days, the Debtor has the discretion to declare in writing that the Agreement is null and void.

3. Mutual Release and Settlement of All Claims.

   a. Subject to the provisions hereof, and specifically paragraph 1 above, and only upon the Debtor's receipt in full of collected funds with respect to the Payment, the Debtor shall be deemed to release, acquit and forever discharge Direct and its respective agents, employees, representatives, officers, attorneys, shareholders, directors, assigns and successors-in-interest from any and all claims (as defined in section 101(5) of the Bankruptcy Code), causes of action, liabilities, obligations or suits that the Debtor or the Debtor's bankruptcy estate now have, or ever will have, against Direct.

   b. Subject to the provisions hereof, and specifically paragraph 1 above, Direct shall be deemed to release, acquit, and forever discharge the Debtor, the Debtor's bankruptcy estate, and the Debtor's agents, managers, employees, representatives, principals, directors, officers, members, attorneys, parent and/or subsidiary corporations, affiliates, assigns and successors-in-interest from any and all claims (as defined in section 101(5) of the Bankruptcy Code), whether scheduled or filed, causes of action, suits, debts or obligations, liabilities, demands, losses, costs and expenses, or for attorneys' fees of any kind, character or nature whatsoever, known or unknown, fixed or contingent, foreseen or unforeseen, which Direct may have or claim, or ever will have or claim to have, against the other.

   If Direct was scheduled as a creditor, or if Direct filed or files a proof of claim in the Debtor's bankruptcy case, there shall be no distribution on account of any such claim and any such claim shall be deemed disallowed and expunged. Direct agrees that it has waived any right to file a proof of claim for the Payment under Section 502(h) of the Bankruptcy Code or any other provision of the Bankruptcy Code and/or the Bankruptcy Rules. Notwithstanding the foregoing, Direct reserves all rights to proceed as against Newkirk Realty Urban Renewal for the unpaid value of its work at 61-65 Newkirk Street, Jersey City, N.J.

4. <u>Retention of Jurisdiction</u>. The Debtor and Direct agree that the Bankruptcy Court shall retain jurisdiction of all matters arising under or related to this Agreement.

5. <u>Representations and Warranties</u>. Direct represents and warrants that the person signing this Agreement on behalf of Direct is duly authorized to do so. The Debtor represents and warrants that the person signing this Agreement on behalf of the Debtor is duly authorized to do so.

6. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between the parties, and this Agreement cannot be orally altered, amended or modified.

7. <u>Counterparts; Facsimile Signatures</u>. This Agreement may be executed in one or more counterparts, which shall be deemed an original, but all of which together shall constitute one and the same instrument. Facsimile signatures shall be treated in all manner and respects as a binding and original document, and the signature of any party shall be considered for these purposes as an original signature.

8. <u>Governing Law.</u> This Agreement shall be governed and construed in accordance with the laws of the State of New Jersey without giving effect to the conflict of laws or choice of law provisions thereof, except to the extent that the law of the United States, including the Bankruptcy Code, governs any matters set forth herein, in which case such federal law shall govern.

*[remainder of page intentionally left blank]*

**IN WITNESS WHEREOF**, the Debtor and Direct hereby have executed this Settlement Agreement and General Release as of the date and year first above written.

**HOLLISTER CONSTRUCTION SERVICES, LLC**

By: _____
Chris Johnson
Head Coach
339 Jefferson Road
Parsippany, NJ 07054


**DIRECT CABINET SALES-USLBM, LLC**

By: _____
Name: SETH TEITELBAUM
Title: VP
Address: 180 HEDDON BLVD
DAYTON, NJ 08810