| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>**LOWENSTEIN SANDLER LLP**<br>Arielle Adler, Esq.<br>Bruce Buechler, Esq.<br>Jennifer B. Kimble, Esq.<br>Kenneth A. Rosen, Esq.<br>Mary E. Seymour, Esq.<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>(973) 597-2500 (Telephone)<br>(973) 597-2400 (Facsimile)<br><br>*Counsel to the Debtor and Debtor-in-Possession* | Order Filed on March 5, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>HOLLISTER CONSTRUCTION SERVICES, LLC[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-27439 (MBK) |

## ORDER APPROVING STIPULATION FOR TURN OVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §542 (EXECUTIVE NON-QUALIFIED PLAN)

The relief set forth on the following page, numbered two (2), is hereby **ORDERED**.

**DATED: March 5, 2020**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is Hollister Construction Services, LLC (5404).

37322/2
02/24/2020 205951622.1

Page: 2
Debtors: Hollister Constructions Services, LLC
Case No: 19-127439 (MBK)
Caption: Order Approving Stipulation for Turn Over of Property of the Estate Pursuant to 11 U.S.C. §542 (Executive Non-Qualified Plan)

---

**THIS MATTER**, having been brought before the Court by the Debtor by the filing of an Application pursuant to D.N.J. LBR 9021-1(b) seeking entry of the attached *Stipulation for Turn Over of Property of the Estate Pursuant to 11 U.S.C. §542 (Executive Non-Qualified Plan)* (the "Stipulation"), and the Court having jurisdiction to consider this matter pursuant to 28 U.S.C. §§157 and 1334, and venue being proper in this District pursuant to 28 U.S.C. §§1408 and 1409, and consideration of this matter being a core proceeding pursuant to 28 U.S.C. §157(b), and it appearing that proper and adequate notice of the entry of the Stipulation and the Application has been given and that no other or further notice is necessary, and upon the record herein, and the Court having determined that the relief sought in the Application is in the best interest of the Debtor, its estate and creditors, and good and sufficient cause appearing therefor;

It is hereby **ORDERED** as follows:

1. That the Stipulation attached hereto be, and hereby is, **APPROVED**, and the Debtor and Principal are authorized to take all actions necessary to effectuate the Stipulation without further order of the Court.

2. Notwithstanding the applicability of any of the Bankruptcy Rules, the terms and conditions of this Order and the Stipulation shall be immediately effective and enforceable upon the entry of this Order.

3. The Court retains jurisdiction with respect to all matters arising under, from or related to the implementation, enforcement or interpretation of this Order.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HOLLISTER CONSTRUCTION SERVICES, LLC | ) Case No. 19-27439 (MBK) |
| | ) |
| | ) STIPULATION FOR TURNOVER OF |
| Debtor. | ) PROPERTY OF THE ESTATE |
| | ) PURSUANT TO 11 U.S.C. §542 |
| | ) (EXECUTIVE NON-QUALIFIED |
| | ) PLAN) |
| | ) |

This Stipulation, dated February 24, 2020, is entered into by and among Hollister Construction Services, LLC, a limited liability company domiciled in the State of New Jersey ("Company" or the "Debtor"), and Principal Life Insurance Company ("Principal") in its capacity as administrative services provider in connection with the Company's Executive Non-Qualified "Excess" Plan, established on January 1, 2015 (the "NQ Excess Plan"), and as issuer of a corporate-owned variable life insurance policies identified as policy numbers 6813465 through 6813474 (the "COLI Policies"), in connection with the NQ Excess Plan, with reference to the following:

## RECITALS

1.  On September 11, 2019 (the "Petition Date"), the Company filed a voluntary petition for relief under Chapter 11 of the United States Code (the "Bankruptcy Code").

2.  On or about November 1, 2014, the Company entered into a nonqualified plan service and expense agreement (the "Administrative Services Agreement"), with Principal under which Principal agreed to provide ongoing administrative services in connection with the NQ Excess Plan. Principal has continuously performed its obligations under the Administrative Services Agreement since that date, and currently continues to provide such services.

3.  As of the date of this Stipulation, there are unpaid fees owed to Principal under the Administrative Services Agreement totaling $1,450.00.[1] These fees represent the aggregate accrued regular quarterly fees and expenses due in the ordinary course which are outstanding under the terms of the Administrative Services Agreement. These fees and expenses continue to accrue under the Administrative Services Agreement in the amount of $750.00 per quarter.

4.  On or about December 9, 2014, the Company financed its obligations under the NQ Excess Plan by purchasing a variable life insurance policy (the "COLI Policy"). The value of the COLI policy fluctuates based on the investment options selected by the Company in connection with the COLI Policy.

5.  Principal has not disbursed any payments to the Debtor, participants or their beneficiaries since the Petition Date. Principal is currently holding the COLI Policies for the benefit of the Debtor's creditors in the Company's bankruptcy. As of September 11, 2019, the net surrender value of the COLI Policies were approximately $251,137.23.

---

[1] $725.00 in quarterly administrative fees were due and owing Principal as of the Petition Date, and $725.00 in quarterly administrative fees has accrued since the Petition Date, for a total of $1,450.00.

Classification: Internal Use

6. The Debtor has requested that Principal liquidate and turn over to the bankruptcy estate the net proceeds from the surrender of the COLI Policies for the estate to hold and distribute in accordance with the interests of creditors in the Debtor's Chapter 11 proceeding. Principal represents it is agreeable to turning over the net surrender proceeds of the COLI Policies to the estate subject to offset for reimbursement by the bankruptcy estate for payment of all of Principal's outstanding fees and expenses under the Administrative Services Agreement as set forth in Paragraph 3 above and Footnote 1.

7. The Debtor and Principal have agreed that, subject to Bankruptcy Court approval, and upon direction by the Debtor, Principal will liquidate and turn over to the bankruptcy estate all of the net proceeds from the surrender of the COLI Policies currently in Principal's possession, less Principal's accrued fees and reasonable expenses as set forth herein subject to reimbursement by the bankruptcy estate for any future costs and expenses Principal may incur as allowed by the Administrative Services Agreement including the indemnification obligations set forth in Article VI, paragraph **B.5**. of the Administrative Services Agreement.

8. The Debtor will give notice of this Stipulation to all NQ Excess Plan participants, creditors and parties in interest in this case as required by the Bankruptcy Code.

Classification: Internal Use

9. Wherefore, the Debtor and Principal, (hereinafter together referred to as the "Parties") seek the entry of an order pursuant to Sections 105 and 542 of the Bankruptcy Code, approving this Stipulation and directing Principal to liquidate and turn over to the bankruptcy estate all of the net surrender proceeds of the COLI Policy in its possession, net of the fees attributable to the Administrative Service Agreement which remain due and owing Principal at such time, as approved by the Debtor.

**NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE THAT:**

A. The foregoing recitals are hereby incorporated by this reference.

B. Within fifteen days after entry of an order approving this Stipulation in form and substance acceptable to the Debtor and Principal, the Debtor shall provide payment and tax withholding instructions to Principal in a form reasonably requested by Principal, and upon receipt, Principal shall promptly liquidate the COLI Policies and turnover the net surrender proceeds to the Debtor, minus Principal's accrued fees and expenses then due and owing under the Administrative Services Agreement. Contemporaneously with the turnover of such funds to the bankruptcy estate, Principal is authorized to apply the remaining funds from the surrender of the COLI Policy in full satisfaction of the Principal's reasonable accrued and outstanding fees and expenses as set forth herein.

Classification: Internal Use

C.   Upon turnover of the net surrender proceeds of the COLI Policy to the estate, net of Principal's reasonable fees and expenses, Principal will have fulfilled its duties under the Administrative Services Agreement in accordance with its terms and applicable law, the Administrative Services Agreement will be deemed terminated and Principal shall not be liable to any Debtor, NQ Excess Plan participant or beneficiaries, or creditors with respect to the NQ Excess Plan, the Administrative Services Agreement or the COLI Policies.

**HOLLISTER CONSTRUCTION SERVICES, LLC**

By: _____
Its: Head Coach
Dated: 2/24/20

**PRINCIPAL LIFE INSURANCE COMPANY**

By: _____
Its: Director – Client Services
Dated: _____

Classification: Internal Use

C. Upon turnover of the net surrender proceeds of the COLI Policy to the estate, net of Principal's reasonable fees and expenses, Principal will have fulfilled its duties under the Administrative Services Agreement in accordance with its terms and applicable law, the Administrative Services Agreement will be deemed terminated and Principal shall not be liable to any Debtor, NQ Excess Plan participant or beneficiaries, or creditors with respect to the NQ Excess Plan, the Administrative Services Agreement or the COLI Policies.

**HOLLISTER CONSTRUCTION SERVICES, LLC**

By: _____
Its: _____
Dated: _____


**PRINCIPAL LIFE INSURANCE COMPANY**

By: _[signature]_
Its: Director – Client Services
Dated: 2/25/2020

Classification: Internal Use

United States Bankruptcy Court
District of New Jersey

In re:                                                                                        Case No. 19-27439-MBK
Hollister Construction Services, LLC                                                          Chapter 11
      Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3    User: admin                Page 1 of 1            Date Rcvd: Mar 06, 2020
                  Form ID: pdf903             Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 08, 2020.
db             +Hollister Construction Services, LLC,    339 Jefferson Road,    Parsippany, NJ 07054-3707

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                            TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 08, 2020                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 6, 2020 at the address(es) listed below:
NONE.                                                                                                            TOTAL: 0