**Order Filed on March 12, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1** |
| **LOWENSTEIN SANDLER LLP**<br>Arielle B. Adler, Esq.<br>Bruce Buechler, Esq.<br>Joseph J. DiPasquale, Esq.<br>Jennifer B. Kimble, Esq.<br>Kenneth A. Rosen, Esq.<br>Mary E. Seymour, Esq.<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>(973) 597-2500 (Telephone)<br>(973) 597-2400 (Facsimile)<br>*Counsel to the Debtor and<br>Debtor-in-Possession* |

| | |
|---|---|
| In re:<br><br>HOLLISTER CONSTRUCTION SERVICES, LLC,[1]<br>Debtor. | Chapter 11<br><br>Case No. 19-27439 (MBK)<br><br>**Hearing Date: March 5, 2020 at 10:00 a.m. (ET)** |

## ORDER RESOLVING MYRAGE, LLC'S
## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

The relief set forth on the following pages, numbered two (2) through and including three (3), is hereby **ORDERED**.

**DATED: March 12, 2020**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

37322/3
03/12/2020 206005766.4

Page:    2
Debtor:  Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Order Resolving Myrage, LLC's Motion for Relief from the Automatic Stay

___

Upon the motion (the "<u>Motion</u>")[2] of Myrage, LLC, c/o Atlantic Management ("<u>Myrage</u>"), for entry of an order seeking relief from the automatic stay concerning a lease for real property located at 2 Jones Street, Jersey City, New Jersey 07306 (the "<u>Lease</u>") [Docket No. 725]; and the Debtor having filed an objection to the Motion [Docket No. 835]; and Myrage and the Debtor (collectively, the "<u>Parties</u>") having resolved the Motion and all issues between the Parties related to the Lease; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, as amended on September 18, 2012; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.  The Debtor shall pay Myrage the sum of $1,750.00 as follows: (i) the Debtor will issue a check payable to Myrage in the amount of $750.00 within five (5) business days of the date of entry of this Order (the "<u>Payment</u>"); and (ii) Myrage shall retain and apply the Debtor's security deposit of $1,000.00 (plus any accrued interest). The release in paragraph 3 of this Order shall be valid upon Myrage's receipt of the Payment. The Payment shall be sent via Certified Mail to:

> Myrage, LLC
> c/o Atlantic Management
> 1271 Paterson Plank Road
> Secaucus, NJ  07096

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

Page: 3
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Order Resolving Myrage, LLC's Motion for Relief from the Automatic Stay

_____

2.  The Parties agree that the Lease between the Debtor and Myrage was terminated effective as of November 30, 2019, and the Debtor has vacated the property at issue in the Lease and returned it to Myrage.

3.  The Parties, including their respective officers, directors, partners, members, equity holders and managers and their respective predecessors, successors and assigns, release, give up and forever discharge any and all claims (as defined in section 101(5) of Title 11 of the United States Code), obligations and causes of action, of any nature whatsoever, whether known or unknown, asserted or unasserted, fixed or contingent, which the Parties ever had or now have against each other, arising out of or related to the Lease. Myrage waives any claims against the Debtor or the Debtor's estate arising out of or related to the Lease, whether pre-petition or post-petition. Any proof of claim filed by Myrage in the Debtor's bankruptcy case arising out of or related to the Lease shall be deemed expunged and entitled to no distribution.

4.  The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

5.  This Order is effective immediately upon entry.

6.  This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation or enforcement of this Order.