UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**LOWENSTEIN SANDLER LLP**
Arielle B. Adler, Esq.
Bruce Buechler, Esq.
Joseph J. DiPasquale, Esq.
Jennifer B. Kimble, Esq.
Kenneth A. Rosen, Esq.
Mary E. Seymour, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtor and Debtor-in-Possession*

Order Filed on March 16, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

HOLLISTER CONSTRUCTION SERVICES, LLC,[1]

Debtor.

Chapter 11

Case No. 19-27439 (MBK)

# ORDER APPROVING OF A STIPULATION AUTHORIZING THE REFUND OF CERTAIN INSURANCE PREMIUMS AND RELATED FUNDS TO THE DEBTOR

The relief set forth on the following page numbered two (2) is hereby **ORDERED**.

**DATED: March 16, 2020**

*[signature]*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

37322/3
03/16/2020 206010017.1

Page:     2
Debtor:   Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption:  Order Approving of a Stipulation Authorizing the Refund of Certain Insurance Premiums and Related Funds to the Debtor

---

**THIS MATTER**, having been brought before the Court by the above-captioned Debtor upon the filing of an Application Pursuant to D.N.J. LBR 9021-1(b) seeking the entry of an *Order Approving of a Stipulation Authorizing the Refund of Certain Insurance Premiums and Related Funds to the Debtor* (the "Stipulation") and the Court having jurisdiction to consider this matter pursuant to 28 U.S.C. §§157 and 1334, and venue being proper in this District pursuant to 28 U.S.C. §§1408 and 1409, and consideration of the entry of this Order being a core proceeding pursuant to 28 U.S.C. §157(b), and it appearing that proper and adequate notice of the entry of this Order and the accompanying Application has been given and that no other or further notice is necessary, and upon the record herein, and the Court having determined that the relief sought in the Application is in the best interests of the Debtor, its estate and creditors, and good and sufficient cause appearing therefore:

**IT IS HEREBY ORDERED** as follows:

1. That the Stipulation attached hereto as Exhibit A be, and hereby is, **APPROVED,** and the (i) Debtor, (ii) Cove Program Underwriters Ltd. on behalf of Certain Underwriters have Lloyds of London and HDI Global Specialty SE, and (iii) Alliant Insurance Services, Inc. are authorized to take any all actions necessary to effectuate the Stipulation without further order of the Court.

2. Notwithstanding the applicability of any of the Bankruptcy Rules, the terms and conditions of this Order and the Stipulation shall be immediately effective and enforceable upon the entry of this Order.

3. The Court retains jurisdiction with respect to all matters arising under, from or related to the implementation, enforcement and/or interpretation of this Order.

# **EXHIBIT A**

**LOWENSTEIN SANDLER LLP**
Arielle B. Adler, Esq. (aadler@lowenstein.com)
Bruce Buechler, Esq. (bbuechler@lowenstein.com)
Joseph J. DiPasquale, Esq. (jdipasquale@lowenstein.com)
Jennifer B. Kimble, Esq. (jkimble@lowenstein.com)
Kenneth A. Rosen, Esq. (krosen@lowenstein.com)
Mary E. Seymour, Esq. (mseymour@lowenstein.com)
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtor and*
*Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| **HOLLISTER CONSTRUCTION SERVICES, LLC**,[1] | Case No. 19-27439 (MBK) |
| Debtor. | |

**STIPULATION AUTHORIZING THE REFUND OF CERTAIN INSURANCE PREMIUMS AND RELATED FUNDS TO THE DEBTOR**

**IT IS HEREBY STIPULATED AND AGREED** to on this 13th day of March, 2020 (the "Stipulation"), by and between (i) Hollister Construction Services, LLC, the above-captioned debtor and debtor-in possession ("Hollister" or the "Debtor"), (ii) Cove Program Underwriters Ltd. on behalf of Certain Underwriters at Lloyds of London and HDI Global Specialty SE ("Cove"), and (iii) Alliant Insurance Services, Inc. ("Alliant" and, collectively with Cove and Hollister, the "Parties," and individually, a "Party"), as follows:

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

**WHEREAS**, on September 11, 2019 (the "Petition Date"), Hollister filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"); and

**WHEREAS**, prior to the Petition Date, Hollister acted as a general contractor on numerous construction projects; and

**WHEREAS**, as a result of the Debtor's financial situation, the Debtor is no longer acting as a general contractor on construction projects known as the American Dream School, Hebrew Language Academy, and 640 Columbia Avenue (collectively, the "Projects"), and

**WHEREAS** in light of the foregoing, the Debtor terminated certain insurance policies related to the Projects thereby entitling the Debtor to a refund of insurance premiums previously paid and a refund of certain related surplus lines taxes and fees from the State of New York. Specifically, the policies that were terminated entitling the Debtor to a refund were endorsed under Master Policy number CC1700424 (Hebrew Language Academy, Endorsement No. 07; 640 Columbia Avenue, Endorsement No. 09; and American Dream School, Endorsement No. 08) (collectively, the "Policies"), with the total refund due on account of the Policies estimated to be $324,638.51; and

**WHEREAS**, through Alliant, the broker, there will also be a refund on account of the surplus lines for taxes and fees paid to the State of New York on account of the Policies that is estimated to be $12,238.87; and

**IT IS HEREBY AGREED** by and between the Debtor, Cove and Alliant as follows:

1. The foregoing **WHEREAS** clauses are hereby incorporated by reference and made a part of this Stipulation.

2.  Upon the entry of an Order of the Bankruptcy Court approving of this Stipulation, Cove and Alliant shall take all steps necessary to obtain the insurance refunds and related taxes and fees, and all funds resulting from any refund on account of the Policies and related taxes and fees shall be wire transferred to Hollister's bank account at PNC Bank pursuant to wire transfer instructions to be provided by Hollister or its counsel.

3.  All funds received from Cove and Alliant from refunds on the Policies and related taxes and fees will be subject to existing liens of the Debtor's senior secured lender, PNC Bank, and deemed cash collateral which can only be used and/or disbursed by the Debtor in accordance with a cash collateral order in effect or, if no cash collateral order is then in effect, to the Debtor pursuant to a subsequent order of the Court.

4.  The Debtor owes no fees or reimbursement of expenses to Cove and/or Alliant for their services rendered in obtaining the refunds and related taxes and fees referred to in this Stipulation.

5.  All matters involving the interpretation, construction and/or validity of this Stipulation shall be governed by and construed in accordance with the laws of the State of New York, without reference to choice of law provisions.

6.  The Parties hereto submit to the exclusive jurisdiction (both personal and subject matter) of the Bankruptcy Court for the purpose of any suit, action, proceeding or dispute, directly or indirectly relating to, from or arising out of this Stipulation. The Bankruptcy Court shall retain jurisdiction of this matter until the Debtor's bankruptcy case is closed. In the event the Bankruptcy Court declines to exercise jurisdiction or the Debtor's bankruptcy case is closed, the Parties agree to submit to the jurisdiction (both personal and subject matter) of the United States District Court for the District of New Jersey, located in Trenton, New Jersey, to resolve any dispute as set forth

in the preceding sentence. THE PARTIES HERETO EXPRESSLY WAIVE ANY RIGHT TO TRIAL BY JURY OF ANY DISPUTE ARISING FROM, UNDER OR RELATED TO THIS STIPULATION.

7. This Stipulation can be executed in counterparts, each of which will constitute an original, and all of which shall constitute one and the same agreement.

8. This Stipulation can be executed by facsimile or email.

9. This Stipulation is for the benefit of the Parties hereto and their respective heirs, successors and/or assigns.

10. In the event the Bankruptcy Court does not approve of the Stipulation, the Stipulation shall be null and void and shall not be binding on the Parties hereto.

11. This Stipulation supersedes any prior understandings, agreements, representations by and between the Parties, whether written or oral, which may be related to the subject matter hereto.

12. This Stipulation cannot be amended or waived except in a writing executed by all of the Parties hereto.

13. This Stipulation has been fully negotiated by Parties hereto. The Parties hereby agree and acknowledge that this Stipulation shall be deemed to have been jointly drafted and that the rule of construction that ambiguities in an agreement or contract may be construed against the drafter shall not apply to the construction or interpretation of this Stipulation.

14. The Stipulation shall be immediately effective upon Bankruptcy Court approval and any stay imposed by Bankruptcy Rule 6004 or any other Bankruptcy Rule shall be deemed waived.

15. Each Party will bear its own costs and expenses in connection with this Stipulation and obtaining a Bankruptcy Court approval of this Stipulation.

16. The Parties hereto will execute and deliver such additional documents and take such additional action as may be necessary to effectuate the provisions and purposes of this Stipulation without the need of a further order of the Bankruptcy Court.

17. Each Party signing this Stipulation hereby covenants and warrants that they are fully authorized to sign this Stipulation on behalf of the Party they represent and are fully authorized to bind the Party to the terms of this Stipulation. The Parties to this Stipulation acknowledge that they have read all of the terms of this Stipulation, that they have consulted with the counsel of their choice (or had the opportunity to consult with the counsel of their choice) regarding the terms of this Stipulation, and enter into this Stipulation voluntarily and without duress.

**HOLLISTER CONSTRUCTION SERVICES, LLC**

By: _/s/ Chris Johnson_
     Chris Johnson, Head Coach


**COVE PROGRAM UNDERWRITERS LTD.**
**On behalf of Certain Underwriters of Lloyds of London and HDI Global Specialty SE**

By: _/s/ Paul Jensen_

Name: Paul Jensen, CEO

Address: 10th Floor, 1 Minster Court

    Mincing Lane, London EC3R 7AA

-6-

**ALLIANT INSURANCE SERVICES, INC.**

By: <u>*/s/ Matthew Snow*</u>
     Matthew A. Snow, CRIS
     First Vice President, Construction Services Group
     333 Earle Ovington Boulevard
     Suite 700
     Uniondale, NY  11553