| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>**LOWENSTEIN SANDLER LLP**<br>Arielle B. Adler, Esq.<br>Bruce Buechler, Esq.<br>Joseph J. DiPasquale, Esq.<br>Jennifer B. Kimble, Esq.<br>Kenneth A. Rosen, Esq.<br>Mary E. Seymour, Esq.<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>(973) 597-2500 (Telephone)<br>(973) 597-2400 (Facsimile)<br><br>*Counsel to the Debtor and Debtor-in-Possession* | **Order Filed on April 2, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In re:<br><br>HOLLISTER CONSTRUCTION SERVICES, LLC,[1]<br><br>                         Debtor. | Chapter 11<br><br>Case No. 19-27439 (MBK) |

**ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENT AND COMPROMISE BY AND BETWEEN THE DEBTOR AND INTERLINK TRANSPORT TECHNOLOGIES, INC. (DBA MSC TECHNOLOGY (NORTH AMERICA) INC.) AS PROJECT OWNER PURSUANT TO FED. R. BANKR. P. 9019 AND FOR THE ASSUMPTION AND ASSIGNMENT AND REJECTION OF CERTAIN EXECUTORY CONTRACTS AND GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through and including four (4), is hereby **ORDERED**.

**DATED: April 2, 2020**

/s/ Michael B. Kaplan
Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page: 2
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: *Order Granting Debtor's Motion For Entry of An Order Approving Settlement and Compromise By and Between The Debtor and Interlink Transport Technologies, Inc. (dba MSC Technology (North America) Inc.) As Project Owner Pursuant to Fed. R. Bankr. P. 9019 and For The Assumption and Assignment and Rejection of Certain Executory Contracts and Granting Related Relief*

---

**THIS MATTER** having been opened to the Court upon the Motion of the above-captioned debtor-in-possession (the "Debtor") seeking the entry of an order approving a Settlement Agreement by and between the Debtor and Interlink Transport Technologies, Inc. (dba MSC Technology North America) Inc), as project owner with respect to that project known as the MSC Project, located at 160 Mount Bethel Road, Warren, New Jersey (the "MSC Project") dated March 23, 2020 (the "MSC Settlement Agreement"), pursuant to Fed. R. Bankr. P. 9019 and the assumption and assignment of certain executory contracts set forth on the Contract Schedule and rejection of certain other executory contracts (the "Motion")[2]; and the Court having considered the Motion and any objections filed thereto, and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and the Motion is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that granting the relief requested in the Motion is in the best interests of the Debtor, its estate and creditors; and the Court having conducted a hearing on the Motion, at which time the Court heard and considered all oral argument of counsel; and good and sufficient notice of the Motion having been provided to all interested parties, and for good cause shown,

**IT IS HEREBY ORDERED** as follows:

1. The Motion is **GRANTED** as set forth herein.

---

[2] Capitalized terms not defined in this Order shall have the meaning ascribed to them in the Motion or the Settlement Agreement.

Page:     3
Debtors:  Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: *Order Granting Debtor's Motion For Entry of An Order Approving Settlement and Compromise By and Between The Debtor and Interlink Transport Technologies, Inc. (dba MSC Technology (North America) Inc.) As Project Owner Pursuant to Fed. R. Bankr. P. 9019 and For The Assumption and Assignment and Rejection of Certain Executory Contracts and Granting Related Relief*

---

2. The MSC Settlement Agreement is hereby approved.

3. The executory contracts and unexpired leases set forth on the Contract Schedule to the MSC Settlement Agreement be and hereby are assumed and assigned to MSC (or its designee). The Cure Amounts set forth on the Contract Schedule are hereby approved and will be paid directly by MSC to the counterparties listed on the Contract Schedule.

4. Subject to payment of the Cure Amounts, any defaults under each Contract arising, accruing or relating to a period prior to assumption of such Contract (whether known or unknown, whether due or to become due, whether accrued, absolute, contingent or otherwise) are deemed to be cured with respect to MSC (or its designee) and neither MSC (or its designee) nor Debtor or its bankruptcy estate shall have any further liability or obligation with respect to such defaults, and the counterparty to each Contract is barred and permanently enjoined from asserting against MSC (or its designee) or Debtor or its bankruptcy estate any default, claim or liability existing, accruing, arising or relating to a period prior to assumption of such Contract.

5. Within ten (10) business days of the date MSC pays the Cure Amounts, any counterparty to a Contract that has filed or asserted a lien against the Property or any interest therein shall cause such lien to be released or discharged of record in accordance with applicable law.

6. Each Non-Executory Subcontractor Payment shall (a) constitute payment in full of any and all amounts owing from MSC or the Debtor to such Non-Executory Subcontractor with respect to the MSC Project and (b) discharge any right such Non-Executory Subcontractor has to assert a lien against the Property or any interest therein.

7. Within ten (10) business days of the date MSC makes each Non-Executory Subcontractor Payment, the applicable Non-Executory Subcontractor shall cause any lien it filed

Page:      4
Debtors:   Hollister Construction Services, LLC
Case No.:  19-27439 (MBK)
Caption: *Order Granting Debtor's Motion For Entry of An Order Approving Settlement and Compromise By and Between The Debtor and Interlink Transport Technologies, Inc. (dba MSC Technology (North America) Inc.) As Project Owner Pursuant to <u>Fed. R. Bankr. P. 9019</u> and For The Assumption and Assignment and Rejection of Certain Executory Contracts and Granting Related Relief*

---

or asserted against the Property or any interest therein to be released or discharged of record in accordance with applicable law.

8. Executory contracts and unexpired leases that are not listed on the Contract Schedule will not be assumed and assigned to MSC as project owner. Any party that asserts a claim or right to payment arising out of an executory contract, unexpired lease or other agreement related to the MSC Project that is not listed on the Contract Schedule or the Non-Executory Subcontractor Payment Schedule will not be entitled to any payment from MSC or the Debtor and will not have a claim against the Debtor or the Debtor's bankruptcy estate.

9. Notice of the Motion as provided is hereby deemed good and sufficient notice and no further notice is required.

10. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order and the MSC Settlement Agreement.

11. This Order shall be effective immediately upon its entry and the stay imposed by Bankruptcy Rule 6004(h) and/or 6006(b) or any other Rule is hereby waived.

12. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

13. The Court shall retain exclusive jurisdiction to hear and decide any and all disputes or issues related to or arising from the implementation, interpretation or enforcement of this Order.