| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>**LOWENSTEIN SANDLER LLP**<br>Arielle B. Adler, Esq.<br>Bruce Buechler, Esq.<br>Joseph J. DiPasquale, Esq.<br>Jennifer B. Kimble, Esq.<br>Kenneth A. Rosen, Esq.<br>Mary E. Seymour, Esq.<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>(973) 597-2500 (Telephone)<br>(973) 597-2400 (Facsimile)<br><br>*Counsel to the Debtor and Debtor-in-Possession* | |
| In re:<br><br>HOLLISTER CONSTRUCTION SERVICES, LLC,[1]<br><br>                                                Debtor. | Chapter 11<br><br>Case No. 19-27439 (MBK) |

Order Filed on April 17, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AND COMPROMISE BY AND AMONG THE DETOR, LIFETOWN AS PROJECT OWNER, AND CERTAIN SUBCONTRACTORS PURSANT TO FED. R. BANKR. P. 9019 AND GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through and including three (3), is hereby **ORDERED**.

**DATED: April 17, 2020**

*Honorable Michael B. Kaplan*
*United States Bankruptcy Judge*

Page: 2
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: *Order Granting Debtor's Motion For Entry Of Order Approving Settlement And Compromise By and Between The Debtor, Lifetown as Project Owner, and Certain Subcontractors Pursuant to Fed. R. Bankr. P. 9019 and Granting Related Relief*

---

**THIS MATTER** having been opened to the Court upon the Motion of the above-captioned debtor-in-possession (the "Debtor") seeking the entry of an order approving a Settlement Agreement by and between the Debtor, Lifetown, as project owner with respect to that project known as Lifetown, 10 Microlab Road, Livingston, New Jersey (the "Lifetown Project") and certain subcontractors, dated as of February 18, 2020 (the "Lifetown Settlement Agreement"), pursuant to Fed. R. Bankr. P. 9019 (the "Motion")[2]; and the Court having considered the Motion and any objections filed thereto, and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and the Motion is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that granting the relief requested in the Motion is in the best interests of the Debtor, its estate and creditors; and the Court having conducted a hearing on the Motion, at which time the Court heard and considered all oral argument of counsel; and good and sufficient notice of the Motion having been provided to all interested parties, and for good cause shown,

    **IT IS HEREBY ORDERED** as follows:

    1.    The Motion is **GRANTED** as set forth herein.

    2.    The Lifetown Settlement Agreement is hereby approved.

    3.    Notice of the Motion as provided is hereby deemed good and sufficient notice and no further notice is required.

---

[2] Capitalized terms not defined in this Order shall have the meaning ascribed to them in the Settlement Agreement.

Page:     3
Debtors:  Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption:  *Order Granting Debtor's Motion For Entry Of Order Approving Settlement And Compromise By and Between The Debtor, Lifetown as Project Owner, and Certain Subcontractors Pursuant to Fed. R. Bankr. P. 9019 and Granting Related Relief*

---

4. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order and the Lifetown Settlement Agreement.

5. Notwithstanding anything to the contrary in the Lifetown Settlement Agreement, the change orders referenced in the Motion are hereby approved, including that certain change order dated effective as of the date of entry of this order (the "Lien Change Order") by and between the Debtor and certain subcontractors, including 360 Fire Prevention; Sunbelt Rental; Elyon and Sanray Construction, Inc.

6. The Lifetown Settlement Agreement is hereby modified to reflect that the total payment due to the following subcontractors for Pre-Petition Work is as follows: (i) 360 Fire Prevention for $52,500.00; (ii) Sunbelt Rentals for $10,500.00; (iii) Elyon Systems Inc. for $20,246.32; and (iv) Sanray Construction for $42,690.26. The additional amounts shall be paid by the Debtor to the foregoing subcontractors at the same time that the initial payment to Subcontractors is paid in accordance with the Lifetown Settlement Agreement.

7. The Lifetown Settlement Agreement is hereby modified to reflect that the total payment due to Burke Metals and Priority Electrical is $0.00.

8. This Order shall be binding on all subcontractors who have failed to submit their signature pages to the Lifetown Settlement Agreement and/or who have failed to respond or raise an objection to the entry of this Order.

9. This Order shall be effective immediately upon its entry and the stay imposed by Bankruptcy Rule 6004(h) and/or 6006(b) or any other Rule is hereby waived.

10. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

Page:    4
Debtors:   Hollister Construction Services, LLC
Case No.:  19-27439 (MBK)
Caption: *Order Granting Debtor's Motion For Entry Of Order Approving Settlement And Compromise By and Between The Debtor, Lifetown as Project Owner, and Certain Subcontractors Pursuant to Fed. R. Bankr. P. 9019 and Granting Related Relief*

---

      11.    The Court shall retain exclusive jurisdiction to hear and decide any and all disputes or issues related to or arising from the implementation, interpretation or enforcement of this Order.