|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>**LOWENSTEIN SANDLER LLP**<br>Arielle B. Adler, Esq.<br>Bruce Buechler, Esq.<br>Joseph J. DiPasquale, Esq.<br>Jennifer B. Kimble, Esq.<br>Kenneth A. Rosen, Esq.<br>Mary E. Seymour, Esq.<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>(973) 597-2500 (Telephone)<br>(973) 597-2400 (Facsimile)<br>*Counsel to the Debtor and<br>Debtor-in-Possession* | **Order Filed on May 12, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In re:<br><br>HOLLISTER CONSTRUCTION SERVICES, LLC,[1]<br>Debtor. | Chapter 11<br><br>Case No. 19-27439 (MBK)<br><br>**Hearing Date: April 30, 2020 at 10:00 a.m. (ET)** |

**STIPULATION AND CONSENT ORDER RESOLVING THIRD OMNIBUS MOTION
FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO REJECT
CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES
AS TO CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS**

The relief set forth on the following pages, numbered two (2) through and including three (3), is hereby **ORDERED.**

**DATED: May 12, 2020**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

37322/3
05/11/2020 206364501.4

Page:     2
Debtor:   Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption:  Stipulation and Consent Order Resolving Third Omnibus Motion for Entry of an Order Authorizing the Debtor to Reject Certain Executory Contracts and Unexpired Leases as to Cellco Partnership d/b/a Verizon Wireless

_____

**THIS MATTER** having come before the Court on the motion (the "Motion")[1] of the above-captioned debtor and debtor-in-possession (the "Debtor") seeking entry of an order authorizing the Debtor to reject certain executory contracts and unexpired leases as set forth in the Motion (Docket No. 726); and Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") having filed an objection to the Motion as it pertains to Verizon Wireless (Docket No. 979); and the Court having previously entered an Order resolving the Motion in part, as to a lease for office space located at 81 Halsey Street, Newark NJ 07102 (Docket No. 861); and Verizon Wireless and the Debtor having resolved the remainder of the Motion pursuant to this Stipulation and Consent Order entered into by and between Hollister Construction Services, LLC, as Debtor, and Verizon Wireless, by and through their respective undersigned counsel; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, as amended on September 18, 2012 (Simandle, C.J.); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and upon the Court's consideration of the Stipulation and Consent Order; and after due deliberation and sufficient cause appearing therefor;

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Motion.

Page:     3
Debtor:   Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption:  Stipulation and Consent Order Resolving Third Omnibus Motion for Entry of an Order Authorizing the Debtor to Reject Certain Executory Contracts and Unexpired Leases as to Cellco Partnership d/b/a Verizon Wireless

_____

**IT IS HEREBY ORDERED THAT:**

1. The agreement embodied in the Stipulation attached as Exhibit 1 hereto is hereby approved.

2. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Stipulation and Consent Order.

3. This Stipulation and Consent Order is effective immediately upon entry.

4. This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation or enforcement of this Stipulation and Consent Order.

# **EXHIBIT 1**

Execution Version

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1

William F. Taylor, Jr., Esq. (wtaylor@mccarter.com)
James A. Kellar, Esq. (jkellar@mccarter.com)
**MCCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Tel: (973) 849-4081; Fax: (973) 624-7070

*Attorneys for Cellco Partnership*
*d/b/a Verizon Wireless*

and

**LOWENSTEIN SANDLER LLP**
Arielle B. Adler, Esq. (aadler@lowenstein.com)
Bruce Buechler, Esq. (bbuechler@lowenstein.com)
Joseph J. DiPasquale, Esq. (jdipasquale@lowenstein.com)
Jennifer B. Kimble, Esq. (jkimble@lowenstein.com)
Kenneth A. Rosen, Esq. (krosen@lowenstein.com)
Mary E. Seymour, Esq. (mseymour@lowenstein.com)
One Lowenstein Drive
Roseland, NJ 07068
Tel: (973) 597-2500; Fax: (973) 597-2400

*Counsel to the Debtor and*
*Debtor-in-Possession*

| | |
|---|---|
| In re: | Case No.: 19-27439-MBK |
| HOLLISTER CONSTRUCTION SERVICES, LLC,[1] | Chapter: 11 |
| Debtor. | Judge: Hon. Michael B. Kaplan |

**STIPULATION RESOLVING THIRD OMNIBUS MOTION**
**FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO REJECT**
**CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
<u>**AS TO CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS**</u>

---

[1] The Debtor in this Chapter 11 case is Hollister Construction Services, LLC, and the last four digits of its taxpayer identification number are (5404).

CORE/0048629.1130/159011782.1

**WHEREAS**, on September 11, 2019 (the "Petition Date"), Hollister Construction Services, LLC (the "Debtor") commenced the above-captioned chapter 11 proceeding, and the Debtor continues to operate its business and manage its properties as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code");

**WHEREAS**, prior to the Petition Date, the Debtor was a party to a telecommunications agreement with Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") pursuant to which Verizon Wireless delivered wireless telecommunications services to the Debtor under Account No. 282699460-00001 (the "Agreement");

**WHEREAS**, on December 31, 2019, the Debtor filed the Third Omnibus Motion for Entry of an Order Authorizing the Debtor to Reject Certain Executory Contracts and Unexpired Leases ("Rejection Motion") [Dkt. No. 726];

**WHEREAS**, in the Rejection Motion, the Debtor seeks to reject seventy-four (74) Verizon Wireless phone lines under Account No. 282699460-00001 as listed by mobile number on Exhibit A to the proposed order submitted with the Rejection Motion (defined in the Rejection Motion as the "Verizon Lines"), effective as of December 31, 2019;

**WHEREAS**, on a rolling basis beginning immediately after the Petition Date, the Debtor determined that it no longer needed and was no longer using the Verizon Lines;

**WHEREAS**, the Debtor sought to terminate the Verizon Lines, but was initially advised by Verizon Wireless that such termination would have resulted in significant early termination fees;

**WHEREAS**, to avoid incurring additional expenses that provided no benefit to the bankruptcy estate, including the early termination fees, the Debtor instead suspended service on the Verizon Lines on a rolling basis beginning immediately after the Petition Date;

2

**WHEREAS**, the Debtor learned that after ninety (90) days, the suspensions would expire and billing on the Verizon Lines would recommence;

**WHEREAS**, Verizon Wireless alleges that all of the Verizon Lines are provided to the Debtor pursuant to the Agreement and the Debtor does not agree with Verizon Wireless's position;

**WHEREAS**, the Verizon Lines represent only a portion of the mobile phone lines provided to the Debtor under Account No. 282699460-00001;

**WHEREAS**, the Debtor has indicated to Verizon Wireless that it is in the process of winding down its business operations, and will terminate additional lines under the Agreement as that process progresses;

**WHEREAS**, the Debtor has advised Verizon Wireless that the Debtor wishes to retain certain mobile phone lines under Account No. 282699460-00001 other than the Terminated Lines (defined below);

**WHEREAS**, as a business accommodation to the Debtor, Verizon Wireless is willing to waive early termination fees under the Agreement thus permitting the Debtor to retain certain mobile phone lines under Account No. 282699460-00001 while terminating others on a rolling basis without paying those fees;

**WHEREAS**, Verizon Wireless objected to the Rejection Motion based on its contention that the Rejection Motion seeks piecemeal rejection of the Agreement pursuant to Section 365 of the Bankruptcy Code;

**WHEREAS**, after discussions between Verizon Wireless and the Debtor, on February 7, 2020, Verizon Wireless terminated ninety-nine (99) phone lines that the Debtor no longer needed and were no longer in use, which include the Verizon Lines (collectively, the "February 7th Terminated Lines");

3

**WHEREAS**, after further discussions between Verizon Wireless and the Debtor, on March 31, 2020, Verizon Wireless terminated an additional three (3) phone lines that the Debtor no longer needed and were no longer in use (together with the February 7th Terminated Lines, the "Terminated Lines"), see Exhibit A attached hereto);

**WHEREAS**, to date, Verizon Wireless's post-petition invoices to the Debtor have assessed and sought payment of $21,985.00 in post-petition termination fees on account of the Terminated Lines (the "Termination Fees");

**WHEREAS,** to date, the Debtor has not paid any of the Termination Fees;

**WHEREAS**, Verizon Wireless's post-petition invoices to the Debtor have assessed and sought payment of $978.44 in late fees assessed for unpaid amounts including the Termination Fees;

**WHEREAS**, Verizon Wireless's post-petition invoices to the Debtor have assessed and sought payment of $3,667.89 on the Verizon Lines after the Debtor suspended the Verizon Lines, excluding any Termination Fees;

**WHEREAS**, Hollister has paid $96.94 to Verizon Wireless since the Petition Date in late fees assessed for unpaid pre-petition amounts; and

**WHEREAS**, the Debtor and Verizon Wireless (collectively, the "Parties") have each determined that it is in the best interests of the Parties to enter into this Stipulation (the "Stipulation") to resolve the Rejection Motion and set forth a procedure for the termination of additional phone lines under the Agreement on the terms set forth herein.

**NOW, THEREFORE,** in consideration of the foregoing recitals, which are incorporated into this Stipulation, and the covenants and conditions contained herein, the Parties hereby agree as follows:

1. As of the date of this Stipulation, the Terminated Lines, including the Verizon Lines, have been terminated.

2. Verizon Wireless reserves the right to assert an administrative expense claim against the Debtor or its estate (a) for the Verizon Lines only in the event that there was post-petition usage of voice plan, messaging, or data ("Actual Usage") after the Debtor suspended the Verizon Lines and only to the extent that the charges for such Actual Usage are unpaid or have not otherwise been reduced or eliminated by a credit balance; and (b) for the Terminated Lines other than the Verizon Lines only in the event that there was Actual Usage on the Terminated Lines and only to the extent that the charges for such Actual Usage are unpaid or have not otherwise been reduced or eliminated by a credit balance.

3. The Parties agree that the Debtor is only obligated to pay post-petition charges (a) for the Verizon Lines in the event that there was Actual Usage after the Debtor suspended the Verizon Lines and only to the extent that the charges for such Actual Usage are unpaid or have not otherwise been reduced or eliminated by a credit balance; and (b) for the Terminated Lines other than the Verizon Lines in the event that there was Actual Usage on the Terminated Lines and only to the extent that the charges for such Actual Usage are unpaid or have not otherwise been reduced or eliminated by a credit balance.

4. Verizon Wireless will continue providing services to the Debtor on the mobile lines under the Agreement, other than (i) the Terminated Lines and (ii) any other lines that have been terminated or that the Debtor has requested to be terminated as of the date of this Stipulation (the "Remaining Lines") until such time that any of the Remaining Lines are terminated pursuant to the procedure set forth in this Stipulation, or the Agreement is rejected by the Debtor.

5. Except as provided in paragraphs 9 and 10 below, the Debtor agrees to timely pay the post-petition amounts due under the Agreement for the Remaining Lines once all of the following have occurred:

    A. The Court has entered an Order approving this Stipulation;

    B. Verizon Wireless credits the Debtor for (i) $96.94 paid by the Debtor to Verizon Wireless after the Petition Date in late fees assessed for unpaid pre-petition amounts; (ii) the Termination Fees; (iii) the $978.44 billed in late fees for unpaid amounts including the Termination Fees; and (iv) any charges billed on the Terminated Lines after the Debtor suspended them, including the $3,667.89 in post-suspension charges billed on the Verizon Lines, with the exception of charges for any post-suspension Actual Usage. These credits are collectively referred to as the "<u>Credit Adjustments</u>". The Credit Adjustments will be implemented by one or more credit adjustments on future invoices;

    C. The Debtor has estimated and deducted the amount of the Credit Adjustments from the total amount due on the invoice dated April 9, 2020. The Debtor's payment on the April 9, 2020 invoice is due ten (10) business days after the date the Court enters an Order approving this Stipulation; and

    D. Verizon Wireless agrees that the Credit Adjustments will be reflected in invoices issued no later than 60 days after the date the Court enters an Order approving this Stipulation.

6. The Debtor may terminate additional lines under the Agreement by making a request to Verizon Wireless through Paul Adamec, Consultant – Financial Operations- Credit/Collection, Bankruptcy Operations, by email at paul.adamec@verizon.com (a

"Termination Request"). In making a Termination Request, the Debtor should provide the Account No. 282699460-00001 and identify the lines to be cancelled by mobile device number.

7. The Debtor agrees to submit Termination Requests to Verizon Wireless within five (5) business days of the Debtor's decision to cancel the line(s).

8. Verizon Wireless will terminate any lines subject to a Termination Request submitted as described in paragraphs 6 and 7 above and send confirmation of the same to Stephen Knapp, the Debtor's Vice President of Information Technology, by email at sknapp@hollistercs.com within five (5) business days of receiving the Termination Request. The date of this confirmation email is the "Termination Effective Date" for the respective mobile lines.

9. The Parties agree that following a Termination Request made pursuant to paragraph 6 above, the Debtor is only obligated to pay post-Termination Request charges for the lines subject to the Termination Request in the event that there was Actual Usage on the lines following the Termination Request and only to the extent that the charges for that usage are unpaid or have not otherwise been reduced or eliminated by a credit balance.

10. Verizon Wireless agrees to credit any early termination fees assessed on lines terminated by Termination Requests, including, but not limited to, the Termination Fees. Such credits will be implemented by credit adjustments on future invoices issued no later than 60 days after the later of (i) the date the Court enters an Order approving this Stipulation, or (ii) the Termination Effective Date for the line on which the early termination fee was assessed. Except as otherwise provided herein, all post-petition, pre-Termination Request charges on the Remaining Lines under Account No. 282699460-00001 shall be timely paid after application of the Credit Adjustments, which the Debtor may estimate and deduct prior to making payment on the Remaining Lines.

11. Verizon Wireless agrees not to seek an administrative claim against the Debtor or its estate for any post-petition charges under the Agreement that are in the nature of a penalty, including, but not limited to, any early termination fees for cancelled lines (including, but not limited to, the Termination Fees) and any late fees assessed on invoices that reflect service charges on account of (a) the Verizon Lines in the event that there was Actual Usage after the Debtor suspended the Verizon Lines and only to the extent that the charges for such Actual Usage are unpaid or have not otherwise been reduced or eliminated by a credit balance; (b) the Terminated Lines other than the Verizon Lines, except if those charges reflect Actual Usage on the Terminated Lines and those charges were unpaid or have not otherwise been reduced or eliminated by a credit balance; or (c) any other lines cancelled pursuant to a Termination Request, as of the Termination Effective Date.  The Debtor reserves and preserves the right to object to any post-petition charges and/or administrative expense claims asserted by Verizon Wireless.

12. On-going services under the Agreement will not be suspended as a result of the termination of the Terminated Lines or any forthcoming Termination Requests.  Verizon Wireless reserves the right to suspend services under the Agreement for non-payment of amounts billed for post-petition, on-going services on the Remaining Lines after application of the Credit Adjustments, which the Debtor may estimate and deduct prior to making payment on the Remaining Lines.

13. Nothing herein shall constitute post-petition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code, nor shall anything herein be deemed a waiver by the Debtor or Verizon Wireless of any rights with respect to the assumption or rejection of an executory contract.

14. The undersigned hereby represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Stipulation.

15. This Stipulation shall be binding upon all successors and assigns of each of the Parties to the Stipulation.

16. Neither this Stipulation, nor the settlements provided for herein, nor any statement made, action or position taken, or document prepared or executed in connection with the negotiation, execution or implementation of this Stipulation and the compromise and settlement of claims provided for herein shall be deemed to be, or construed as, an admission by any of the Parties of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit.

17. This Stipulation comprises the entire agreement between the Parties and supersedes all prior agreements and understandings, both written and oral, between the Parties in respect of the subject matter hereof.

18. This Stipulation shall not be modified, altered, amended or vacated without written consent of the Parties hereto. Oral modifications are not permitted.

19. For purposes of construing this Stipulation, none of the Parties shall be deemed to have been the drafter of the Stipulation.

20. Each of the Parties agrees to submit to the exclusive jurisdiction of the Bankruptcy Court for any action to enforce or interpret this Stipulation. Any request for relief brought before the Bankruptcy Court to resolve a dispute arising from or related to this Stipulation shall be brought on proper notice and in accordance with relevant Bankruptcy Rules and Local Bankruptcy Rules.

21. This Stipulation may be executed in counterparts, each of which will be deemed an original, but all of which together will constitute one and the same agreement. Signatures to this

CORE/0048629.1130/159011782.1

Stipulation transmitted by facsimile transmission, by electronic mail in "portable document format" (".pdf") form, or by any other electronic means intended to preserve the original graphic and pictorial appearance of a document, will have the same effect as physical delivery of the paper document bearing the original signature.

**IN WITNESS WHEREOF** and in agreement herewith the Parties have executed and delivered this Stipulation as of May 8, 2020.

| LOWENSTEIN SANDLER LLP<br>*Attorneys for the Debtor and*<br>*Debtor-in-Possession*<br><br>By: /s/ *Arielle B. Adler* | STINSON LLP<br>*Attorneys for Cellco Partnership*<br>*d/b/a Verizon Wireless*<br><br>By: /s/ *Tracey M. Ohm* |
|---|---|

## Exhibit A
### Terminated Lines

201-213-0839
201-247-1485
201-247-1569
201-247-2511
201-249-7409
201-284-0534
201-306-8630
201-317-0130
201-359-0498
201-364-2465
201-396-0550
201-396-3483
201-396-6437
201-396-8121
201-396-9269
201-400-5179
201-400-6034
201-400-8699
201-401-6181
201-407-5358
201-421-6572
201-421-9325
201-452-1276
201-452-1330
201-452-1358
201-452-2702
201-452-4424
201-452-5339
201-452-5432
201-452-6401
201-452-8190
201-452-8811
201-452-8977
201-468-1013
201-468-1599
201-543-7832
201-543-7854
201-543-9708
201-566-4134
201-572-4595
201-572-5877
201-572-6447
201-580-1226
201-602-3228

201-602-3774
201-602-4114
201-602-4295
201-602-4536
201-602-7581
201-693-2565
201-693-7700
201-704-0091
201-704-2058
201-704-3172
201-704-3580
201-704-3678
201-704-5968
201-704-6879
201-704-9406
201-787-0997
201-787-4304
201-787-4548
201-787-4565
201-787-5529
201-787-8838
201-787-8875
201-814-7423
201-919-4531
201-919-7463
201-919-8034
201-931-8918
201-953-0090
201-953-0113
201-953-2647
201-953-4389
201-953-5390
201-953-6055
201-953-6267
201-953-6441
201-953-6547
201-953-6566
201-953-6680
201-953-6896
201-953-6963
201-953-9159
201-956-8568
201-957-3089
201-983-1182
201-983-8265
201-983-9351
212-203-9568

212-920-5693
215-510-9086
551-265-6329
551-795-1618
732-609-5181
862-210-5236
973-303-6880
973-567-1183
201-602-9695
201-704-8857
201-394-3227

United States Bankruptcy Court
District of New Jersey

In re:                                                                                  Case No. 19-27439-MBK
Hollister Construction Services, LLC                                                    Chapter 11
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin              Page 1 of 1              Date Rcvd: May 12, 2020
                              Form ID: pdf903          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 14, 2020.
db          +Hollister Construction Services, LLC,   339 Jefferson Road,   Parsippany, NJ 07054-3707

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                             TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 14, 2020                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 12, 2020 at the address(es) listed below:
NONE.                                                                                             TOTAL: 0