UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**LOWENSTEIN SANDLER LLP**

Arielle B. Adler, Esq.
Bruce Buechler, Esq.
Joseph J. DiPasquale, Esq.
Jennifer B. Kimble, Esq.
Kenneth A. Rosen, Esq.
Mary E. Seymour, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtor and Debtor-in-Possession*

|  |  |
|---|---|
| In re: | Case No. 19-27439 (MBK) |
| **HOLLISTER CONSTRUCTION SERVICES, LLC,**[1] | Chapter 11 |
|  | Judge: Hon. Michael B. Kaplan |
| Debtor. |  |

## DEBTOR'S PLAN OF LIQUIDATION

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

## PRELIMINARY STATEMENT

Hollister Construction Services, LLC ("**Hollister**" or the "**Debtor**") respectfully proposes to the creditors of the Debtor and other parties in interest this Chapter 11 plan of orderly liquidation (as may be further amended, modified or supplemented, the "**Plan**"), which is proposed pursuant to the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. section 101, *et seq*., as amended (the "**Code** or "**Bankruptcy Code**").

Holders of Claims and Interests may refer to the *Disclosure Statement for Debtor's Plan of Liquidation*, dated June 18, 2020 (as amended, modified or supplemented, the "**Disclosure Statement**"), for a discussion of the Debtor's history, business, assets, operations, and historical financial information. The Disclosure Statement also includes a summary and description of the Plan. The Debtor is the proponent of the Plan within the meaning of 11 U.S.C. section 1129.

## Article I

### TREATMENT AND CLASSIFICATION OF CLAIMS AND INTERESTS; IMPAIRMENT

The categories of Claims and Interests listed below classify Claims and Interests for all purposes, including voting, Confirmation and distribution, pursuant to this Plan and pursuant to Bankruptcy Code sections 1122 and 1123(a)(1).  Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in section 1.2 of the Disclosure Statement.

| Class | Type | Status Under Plan and Voting | Treatment | Estimated Aggregate Amount in Class ($) | Estimated Recovery of Class (%)[2] |
|---|---|---|---|---|---|
| 1. | Pre-Petition Secured Lender Claims – PNC Bank | Impaired, Entitled to Vote | The Pre-Petition Secured Lender has agreed that its Pre-Petition Secured Lender Claim shall receive payment in Cash on the Effective Date (i) in the amount of [$ TBD ] outstanding under the PNC Line of Credit Note, plus outstanding interest thereon as provided for in the PNC Line of Credit | [$ TBD   M] for principal and unpaid interest as of the Effective Date plus [TBD ] (as defined in the | [TBD %] |

---

[2]    The estimated recovery percentages reflect the amount of Claims that the Debtor believes will be Allowed Claims.  Final numbers may differ materially depending on the actual amount of Allowed Claims.

| | | | Loan Documents on the Effective Date, and (ii) the amount of [$ TBD   ] outstanding under the PNC Term Loan Note, plus outstanding interest thereon as provided for in the PNC Term Loan Documents.  The Pre-Petition Secured Lender agrees that it has waived and will not be paid any other amounts that may be due under the PNC Line of Credit Loan Documents or the PNC Term Loan Documents on account of its Pre-Petition Secured Lender Claim, including, but not limited to any fees or other expenses provided for under any of the PNC Credit Documents or in any Cash Collateral Orders.  Within 21 days of receipt of payment on the Pre-Petition Secured Lender Claim, PNC will file all documents necessary to release its liens on the assets of the Debtor. The Pre-Petition Secured Lender Claim set forth above shall be an Allowed Claim under this Plan. | Prepetition PNC Credit Documents) | |
| 2. | Priority Claims | Unimpaired, Deemed to Accept

Not Entitled to Vote | Except to the extent that a Holder of an Allowed Priority Claim agrees to a less favorable treatment of its Allowed Priority Claim, in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed Priority Claim, each such Holder thereof shall receive payment in full, in cash through two equal payments over a one (1) year period, with the first payment on the sixth month anniversary of the Effective Date and the second payment on the one-year anniversary of the Effective Date, unless the Holder agrees to different treatment. | [$ TBD   ] | 100% |
| 3. | Arch Claim | Impaired, Entitled to Vote | Arch has agreed that it shall receive Cash in the amount of [$ TBD    ], on the Effective Date for its Prepetition Claim. Arch agrees that it has waived and will not be paid any other amounts that may be due under any Bonds, Pre-Petition Indemnity Agreements or any | [$ TBD    ] | [TBD  %] |

| | | | other documents supporting Arch's Claim and that the Cash payment shall be in full and final satisfaction, settlement, release, and discharge of and in exchange for the Arch Claim. | | |
|---|---|---|---|---|---|
| 4. | General Unsecured Claims | Impaired, Entitled to Vote | Except to the extent that a Holder of a General Unsecured Claim agrees to a less favorable treatment of its Allowed General Unsecured Claim, in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed General Unsecured Claim, each Holder of an Allowed General Unsecured Claim thereof will be treated as follows:<br>o  Each Holder of an Allowed General Unsecured Claim will receive its *pro rata* share of the Cash to be distributed by the Debtor or the Liquidation Trust.<br>o  All payments from the Debtor or the Liquidation Trust to Holders of Allowed General Unsecured Claims will be paid after payment of (or the establishment of one or more Reserve(s) for) all Allowed Administrative Claims, Allowed Professional Fee Claims, Allowed Priority Claims and other Allowed Claims in accordance with the treatment afforded to Classes 1, 2, and 3. | [$ TBD   ] | [TBD % ] |
| 5. | Interests | Impaired, Deemed to Reject<br><br>Not Entitled to Vote | Holders of Interests in the Debtor will retain no ownership interests in the Debtor under the Plan, receive no distribution on account thereof, and such Interests shall be cancelled effective as of the Effective Date. | n/a | 0.00% |

## 1.1.    <u>Treatment of Classes</u>

### A) <u>Class 1 – Pre-Petition Secured Lender Claims</u>

∗  *Classification*:  Class 1 consists of the Claim of the Pre-Petition Secured Lender.

＊ *Treatment*:    The Pre-Petition Secured Lender has agreed that its Pre-Petition Secured Lender Claim shall receive payment in Cash on the Effective Date (i) in the amount of [$TBD] outstanding under the PNC Line of Credit Note plus outstanding interest thereon as provided for in the PNC Line of Credit Loan Documents on the Effective Date, and (ii) the amount of [$TBD ] outstanding under the PNC Term Loan Note plus outstanding interest thereon as provided for in the PNC Term Loan Documents. The Pre-Petition Secured Lender agrees that it has waived and will not be paid any other amounts that may be due under the PNC Line of Credit Loan Documents or the PNC Term Loan Documents on account of its Pre-Petition Secured Lender Claim, including, but not limited to, any fees, expenses provided for in any of the PNC Loan Documents or in any Cash Collateral orders. The Pre-Petition Secured Lender Claim set forth above shall be an Allowed Claim under this Plan.

＊ *Voting*:  Class 1 is Impaired under the Plan.  The Prepetition Secured Lender is entitled to vote to accept or reject the Plan.

**B) Class 2 - Priority Claims**

＊ *Classification*:  Class 2 consists of all Allowed Priority Claims.

＊ *Treatment*:  Except to the extent that a Holder of an Allowed Priority Claim agrees to a less favorable treatment of its Allowed Priority Claim, in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed Priority Claim, each such Holder thereof shall receive payment in full, in cash over a one (1) year period, with the first payment on the sixth month anniversary of the Effective Date and the second payment on the one-year anniversary of the Effective Date, unless the Holder agrees to different treatment.

＊ *Voting*:  Class 2 is Unimpaired under the Plan.  Holders of Allowed Priority Claims are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, such Holders in Class 3 are not entitled to vote to accept or reject the Plan.

**C) Class 3 – Arch Pre-Petition Claim**

＊ *Classification*:  Class 3 consists of the Claim of Arch.

＊ *Treatment*:  Arch has agreed that it shall receive Cash in the amount of [$ TBD ], on the Effective Date for its Prepetition Claim. Arch agrees that it has waived and will not be paid any other amounts that may be due under any Bonds, Pre-Petition Indemnity Agreements or any other documents supporting Arch's Claim and that the Cash payment shall be in full and final satisfaction, settlement, release, and discharge of and in exchange for the Arch Claim.

＊ *Voting*:  Class 3 is Impaired under the Plan.  Arch is entitled to vote to accept or reject the Plan.

**D) Class 4 – General Unsecured Claims**

* *Classification*:  Class 4 consists of the Allowed General Unsecured Claims that are not Allowed Priority Claims.

* *Treatment*:  Except to the extent that a Holder of a General Unsecured Claim agrees to a less favorable treatment of its Allowed General Unsecured Claim, in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed General Unsecured Claim, each Holder of an Allowed General Unsecured Claim will be treated as follows:

  o Each Holder of an Allowed General Unsecured Claim will receive its *pro rata* share of the Cash to be distributed by the Debtor or the Liquidation Trust.

  o All payments from the Debtor or the Liquidation Trust to Holders of Allowed General Unsecured Claims in this Class 4 will be paid after payment of (or the establishment of a sufficient Reserve for) all Allowed Administrative Claims, Allowed Professional Fee Claims, Allowed Priority Claims and other Allowed Claims in accordance with the treatment afforded to Classes 1, 2, 3 and Administrative and Priority Claims.

  o For the avoidance of doubt, and notwithstanding any Filed Proof(s) of Claim to the contrary, the Prepetition Secured Lender and Arch do not have an Allowed General Unsecured Claim.

* *Voting*:  Class 4 is Impaired under the Plan.  Holders of Allowed General Unsecured Claims are entitled to vote to accept or reject the Plan.

**E) Class 5 – Interests**

* *Classification:*  Class 5 consists of all Interests in the Debtor.

* *Treatment:*   On the Effective Date, all Interests or other equity interests in the Debtor shall be cancelled without receiving any distribution on account of any such Interests.

* *Voting:*  Class 5 is Impaired under the Plan.  Holders of Interests or other equity interests are conclusively presumed to have rejected the Plan pursuant to section 1126(d) of the Bankruptcy Code and, therefore, the Holders of Interests or other equity interests are not entitled to vote to accept or reject the Plan.

**1.2.    Allowed Administrative Claims**.  Except to the extent that a Holder of an Allowed Administrative Claim agrees to less favorable treatment with respect to such Holder, each Holder of an Allowed Administrative Claim, shall be paid in full in Cash on the earlier of the date that is (a) on or as soon as reasonably practicable after the Effective Date if such Administrative Claim is Allowed as of the Effective Date, or (b)

on or as soon as reasonably practicable after the date such Administrative Claim is Allowed, if such Administrative Claim is not Allowed as of the Effective Date.

**1.3.**  **Special Provision Governing Claims**.  Nothing under this Plan shall affect the Debtor's (through the Effective Date) or the Liquidation Trustee's (after the Effective Date) rights and defenses in respect of any Claim that was not previously otherwise settled or compromised under the Plan, including all legal and equitable rights and defenses, including setoff or recoupment against such Claims.

**1.4.**  **Confirmation Pursuant to Bankruptcy Code Section 1129(b)**.  In the event that one of the Classes that is entitled to vote on the Plan votes to reject the Plan, the Debtor shall request that the Bankruptcy Court confirm the Plan under Bankruptcy Code section 1129(b).

**1.5.**  **Cancellation of Claims and Interests**.  Except as otherwise set forth in this Plan, and except for purposes of evidencing a right to the distribution, on the Effective Date, all agreements and other documents evidencing the Claims or rights of any Creditor against the Debtor, including all notes, guarantees, mortgages, and all Interests, shall be cancelled.

## Article II

## IMPLEMENTATION AND EXECUTION OF THE PLAN

**2.1.**  **Effective Date**.  The Plan shall become effective on the date that is the first Business Day on which each condition set forth in Article IV of the Plan has been satisfied or waived as set forth therein (the "**Effective Date**").

**2.2.**  **Implementation of the Plan**.

(a) The Plan will be implemented through: (i) the formation of the Liquidation Trust on the Effective Date which, as set forth below, shall carry out all actions and perform all duties set forth in the Plan and the Liquidation Trust Documents; (ii) the Liquidation Trust's distribution as soon as reasonably practicable after the Effective Date ("**Initial Distribution**") to Holders of Claims that are Allowed as of the Effective Date in accordance with the Plan (subject to any Reserve(s)); (iii) the Debtor's distribution of the Liquidation Trust Assets to the Liquidation Trust; and (iv) the Liquidation Trustee's distribution to Holders of Allowed Claims that have not been Allowed or paid by the Initial Distribution, in accordance with the Plan. Disallowed Claims and Interests (including Claims that were not timely filed by the applicable bar dates set forth in the Bar Date Order) will not receive any distribution.

(b) On or prior to the Effective Date (or as soon as reasonably practicable after the Effective Date), and after making all distributions required to be made on the Effective Date under the Plan, the Liquidation Trustee shall be authorized, but not directed, to maintain one or more reserves (each, a "**Reserve**", collectively, the "**Reserves**") for Disputed Claims in each Class of Claims and Unclassified Claims, which Reserve(s) shall be administered by the Liquidation Trustee on and after the Effective Date.  To the extent that Reserves are established and maintained for the benefit of any holder of a Disputed Claim, such Reserves shall include

an amount of Cash, equal to the distributions that would have been made to the holder of such Disputed Claim if it were an Allowed Claim in an amount equal to the lesser of (i) the amount of the Disputed Claim, (ii) the amount in which the Disputed Claim shall be estimated by the Bankruptcy Court pursuant to section 502 of the Bankruptcy Code for purposes of allowance, which amount, unless otherwise ordered by the Bankruptcy Court, shall constitute and represent the maximum amount in which such Claim ultimately may become an Allowed Claim, or (iii) such other amount as may be agreed upon by the holder of such Disputed Claim and the Liquidation Trustee.  In addition, the Liquidation Trustee shall establish and maintain a Reserve in the amount of any Claim, including an Allowed Claim, for which the Liquidation Trustee is authorized under the Plan to withhold distributions and is withholding such distributions.

(c) The Debtor (through the Effective Date) or Liquidation Trustee (after the Effective Date) may, but shall not be obligated to, physically segregate and maintain separate accounts or sub-accounts for the Reserves. Reserves may be merely bookkeeping entries or accounting methodologies which may be revised from time to time, to enable the Debtor (through the Effective Date) or Liquidation Trustee (after the Effective Date) to determine reserves and amounts to be distributed in accordance with the Plan.

**2.3.** **Distribution to Holders of Allowed General Unsecured Claims**. Each Record Holder of an Allowed General Unsecured Claim shall be treated as set forth in Article I. Distributions to the Record Holders of Allowed General Unsecured Claims shall be (a) made in accordance with the terms and provisions of the Plan and Liquidation Trust Documents, and (b) delivered (i) at the address set forth on the proof of claim timely Filed by such Holder, (ii) at the address set forth in any written notices of address change Filed by such Holder, (iii) at the addresses reflected in the Schedules if a proof of claim has been Filed without any written notice of address or address change, or (iv) if the Holder's address is not listed in the Schedules, at the last known address of such Holder according to the Debtor's books and records; *provided*, *however*, that no distributions shall be made to the Record Holders of Allowed General Unsecured Claims until the earlier to occur of the Effective Date or a Final Order authorizing such distributions.

**2.4.** **No Distribution Pending Allowance**. Notwithstanding any other provision of this Plan or the Liquidation Trust Documents, no distribution of Cash or other property shall be made with respect to any portion of a Disputed Claim unless and until all objections to such Claim are resolved by Final Order or as otherwise permitted by this Plan or the Liquidation Trust Documents.

**2.5.** **Fractional Dollars; De Minimis Distributions; Unclaimed Distributions**. Notwithstanding any other provision of the Plan to the contrary, for distributions to Holders other than Holders with Allowed Claims in Class 3, (a) the Debtor and/or Liquidation Trustee shall not be required to make distributions or payments of fractions of dollars, and whenever any distribution of a fraction of a dollar under the Plan would otherwise be required, the actual distribution made shall reflect a rounding of such fraction to the nearest whole dollar (up or down), with half dollars being rounded down; and (b) the Debtor and/or Liquidation Trustee shall have no duty to make a distribution on account of any Allowed Claim (i) if the aggregate amount of all distributions

authorized to be made on such date is less than $30,000, in which case such distributions shall be deferred at the discretion of the Debtor through the Effective Date (in consultation with the Creditors' Committee) and/or Liquidation Trustee following the Effective Date, (ii) if the amount to be distributed to a Holder on the particular distribution date is less than $100.00, unless such distribution constitutes the final distribution to such Holder, or (iii) if the amount of the final distribution to such Holder is $50.00 or less, in which case no distribution will be made to that Holder and such distribution shall revert to the Liquidation Trust for distribution on account of other Allowed Claims.

After the Initial and other interim Distributions have been made in accordance with the terms of the Plan and the Liquidation Trust Documents, if the amount of remaining Cash is less than $30,000, the Liquidation Trustee, after consultation with the Liquidation Trust Committee, may donate such amount to a charity approved by the Liquidation Trust Committee.

Any Cash or other property to be distributed under this Plan that is an Unclaimed Distribution shall revert to the Liquidation Trustee if it is not claimed by the Unclaimed Distribution Deadline. If such Cash or other property is not claimed on or before the Unclaimed Distribution Deadline, the distribution made to such Holder shall be deemed to be reduced to zero and such returned, undeliverable, or unclaimed distributions shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code and shall revert to the Liquidation Trust for distribution on account of other Allowed Claims.

**2.6.** **No Post-Petition Interest**. Except as may be expressly provided herein, interest shall not accrue on any Claims, and no Holder of a Claim shall be entitled to interest accruing on or after the Petition Date. No prepetition Claim shall be Allowed to the extent it is for postpetition interest or other similar charges, except to the extent permitted for Holders of Secured Claims under section 506(b) of the Bankruptcy Code and the Holder of the Allowed Claim in Class 1.

**2.7.** **Dissolution of the Debtor**. On the Effective Date or as soon thereafter as is reasonably practicable, the affairs of the Debtor may be wound up and the Debtor will be deemed dissolved without the need for any further action or approval or filings with the secretary of state or other governmental official or authorities in the Debtor's state of formation; *provided*, *however*, that the entry of the Final Decree in this Case shall effect such dissolution of the Debtor. After the Effective Date, the Debtor, along with its attorneys, accountants and other agents as applicable, may (i) prosecute final applications for payment of fees and reimbursement of expenses of Professionals, or attending to any other issues related to applications for payment of fees and reimbursement of expenses of Professionals, including in connection with the Final Fee Hearing, and (ii) participate in any appeals of the Confirmation Order and/or motions seeking reconsideration thereof through the date such appeals and/or motions are finally decided, settled, withdrawn or otherwise resolved.

**2.8.** **Officers and Directors**. On the Effective Date, Paul Belair of 10X CEO Coaching, who is currently the Chief Restructuring Officer of the Debtor, Bernard Katz of BAK Advisors, who currently serves as the Independent Manager of the Debtor,

Christopher Johnson, the Head Coach of the Debtor, and all other officers and members of the Debtor shall be deemed to have resigned as officers and/or managers or directors of the Debtor.  The Liquidation Trustee can retain any of these individuals to perform services for the Liquidation Trustee.

**2.9.**   **Records**.   The Debtor has identified certain Records that are outdated, burdensome, and/or of inconsequential value to the Debtor's estate and are not necessary or relevant to: (i) the Debtor's (through the Effective Date) or Liquidation Trustee's (after the Effective Date) performance of their respective duties and obligations; (ii) any pending or threatened litigation; (iii) the filing of any tax returns; (iv) the resolution of Claims Filed against the Debtor; or (v) any potential Causes of Action (including but not limited to Avoidance Actions and/or objections to Claims or Interests) that the Debtor (through the Effective Date) and/or Liquidation Trustee (after the Effective Date) may pursue.     To complete the Debtor's wind-down and to avoid the incurrence of unnecessary storage costs and facilitate the consolidation and preservation of any pertinent documents, books and records, after the Effective Date the Liquidation Trustee, is authorized to abandon, destroy and/or dispose of all originals and/or copies of documents and business records pursuant to Bankruptcy Code section 554 ten (10) days after the filing of a notice of abandonment on the Court docket and service of the notice of abandonment on all parties on the Rule 2002 service list maintained in this Case.[3]

**2.10.**   **Effectuating Documents**.   The officers and directors of the Debtor shall be authorized to execute, deliver, file or record such contracts, instruments, releases and other agreements or documents and take such other actions as may be necessary or appropriate to effectuate and implement the provisions of the Plan.

**2.11.**   **Objections to Claims**.   Except as provided herein and in section 3.2 of the Plan, the deadline to File objections to Claims shall be 120 days after the Effective Date or such later date that may be set by the Bankruptcy Court upon a motion of the Liquidation Trustee (which motion may be approved without a hearing and without notice to any party) (the "**Claims Objection Deadline**"), and any Claim that is not the subject of a timely Filed objection as of the Claims Objection Deadline shall be an Allowed Claim in the amount set forth on the proof of claim Filed by the Holder of such Claim.  If a Disputed Claim becomes Allowed, in full or in part, such Claim shall be treated, to the extent Allowed, in accordance with the treatment of its Class.

**2.12.**   **Objections and Settlements of Claims and Claims Allowance**.   The Debtor (in consultation with the Creditors' Committee) through the Effective Date, or Liquidation Trustee   after the Effective Date, as applicable, shall have the authority to: (1) file objections to Claims, settle, compromise, withdraw, or litigate to judgment objections to

---

[3] The Liquidation Trustee shall not be required to comply with applicable local, state and federal statutes, rules and ordinances except to the extent that compliance is necessary to ensure the government's interest in public health and safety.  *See generally Midlantic Nat'l Bank v. New Jersey Dept of Envtl. Protection*, 474 U.S. 494 (1986). Additionally, any action by any local, state or federal agency, department or governmental authority or any other entity to prevent, interfere with, or otherwise hinder the Liquidation Trustee's abandonment, disposal and/or destruction of the Records shall be enjoined.

any and all Claims, regardless of whether such Claims are in a Class or otherwise; (2) settle, liquidate, allow, or compromise any Disputed Claim without any further notice to or action, order, or approval by the Bankruptcy Court; (3) administer and adjust the Claims Register and/or direct the Claims Agent to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court; and (4) file one or more Allowed Claims Notices with respect to non-contingent, liquidated Proofs of Claim that are not Allowed either prior to or following the Effective Date and as to which the Debtor (in consultation with the Creditors' Committee) or Liquidation Trustee, as applicable, have determined not to file any objection.

**2.13.    Plan Settlement in Connection With the Plan**. Pursuant to section 1123(b) of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration of the distributions and other benefits provided under the Plan, the Plan constitutes a request for the Bankruptcy Court to authorize and approve, among other things, a comprehensive settlement agreement (the "**Plan Settlement**") as implemented herein between and among the Debtor, the Creditors' Committee, the Pre-Petition Secured Lender, Arch and the Insiders.  Distributions to be made to Holders of Allowed (i) Pre-Petition Secured Lender Claims, (ii) Arch Claims, (iii) Priority Claims, and (iv) General Unsecured Claims pursuant to the Plan shall be made on account of and in consideration of, among other things, the Plan Settlement.  Without the Plan Settlement: (i) numerous disputes would have existed and remained outstanding between and among the Debtor, Creditors' Committee, Pre-Petition Secured Lender, Arch and the Insiders, including regarding the nature and extent of the Claims of the Pre-Petition Secured Lender, Arch, and the Insiders; and (ii) the Creditors' Committee and the Debtor may have also been forced to litigate, among other issues, asserted Claims against Insiders.  Under the Plan Settlement, among other things, the Pre-Petition Lender agrees to waive any entitlement or assertion of any Secured Claim or any other asserted General Unsecured Claim above [$ TBD]; Arch agreed to waive any entitlement or assertion of any General Unsecured Claim above [$ TBD]; and [ TBD ADDITIONAL TERMS OF PLAN SETTLEMENT].  Entry of the Confirmation Order shall confirm (a) the Bankruptcy Court's approval, as of the Effective Date, of the Plan and all components of the Plan Settlement, and (b) the Bankruptcy Court's finding that the Plan Settlement is (x) in the best interest of the Debtor, its Estate and the Holders of Claims, (y) the exercise of the Debtor's sound business judgment, and (z) is fair, equitable and reasonable under the circumstances.

**2.14.    Release of Liens**.  Except as otherwise provided in this Plan, on the Effective Date, all mortgages, deeds of trust, liens, pledges, or other security interests against any property of the Estate shall be deemed fully released and discharged without any further action of any party, including, but not limited to, further order of the Bankruptcy Court or filing updated schedules or statements typically filed pursuant to the Uniform Commercial Code or other applicable law.

**2.15.    Exemption from Certain Taxes and Fees**.  Pursuant to section 1146(a) of the Bankruptcy Code, the making or delivery of any instrument or transfer from the Debtor to the Liquidation Trust, or to any other Person pursuant to this Plan, shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax,

mortgage tax, stamp tax, real estate transfer tax, mortgage recording tax or other similar tax or governmental assessment, and the Confirmation Order shall direct the appropriate state or local governmental officials or agents to forego the collection of any such tax or governmental assessment and to accept for filing and recordation any of the forgoing instruments or other documents without the payment of any such tax or governmental assessment.

**2.16.   Debtor's Privileges**.  Upon and effective after the Effective Date, all privileges of the Debtor relating to the Liquidation Trust Assets (which include the Causes of Action) shall be deemed transferred, assigned, and delivered to the Liquidation Trust, without waiver or release, and shall vest with the Liquidation Trust.  The Liquidation Trustee shall hold and be the beneficiary of all such privileges and entitled to assert such privileges.  No such privilege shall be waived by disclosures to the Liquidation Trustee of the Debtor's documents, information, or communications subject to attorney-client privileges, work product protections or other immunities (including those related to common interest or joint defense with third parties), or protections from disclosure held by the Debtor.  The Debtor's privileges relating to the Liquidation Trust Assets will remain subject to the rights of third parties under applicable law, including any rights arising from the common interest doctrine, the joint defense doctrine, joint attorney-client representation, or any agreement.  Nothing contained herein or in the Confirmation Order, nor any professional's compliance herewith and therewith, shall constitute a breach of any privileges of the Debtor.

**2.17.   Provisions Regarding the Liquidation Trust, Liquidation Trustee and Liquidation Trust Committee.**[4]

a)   Appointment of Liquidation Trustee.  The Debtor has selected, in consultation with the Creditors' Committee, [ TBD  ] to serve as Liquidation Trustee.  The entry of the Confirmation Order shall ratify the selection of the Liquidation Trustee.  The Liquidation Trust Documents, substantially in the form attached hereto as **Schedule B**, is hereby incorporated by reference in its entirety and made an integral part of this Plan.

b)   Creation of the Liquidation Trust; Term.  On the Effective Date, the Liquidation Trust shall be established pursuant to the Liquidation Trust Documents for the purpose of, among other things, (i) investigating and, if appropriate, pursuing Causes of Action, (ii) administering, monetizing and/or liquidating the Liquidation Trust Assets, (iii) resolving all Disputed Claims, and (iv) making all distributions from the Liquidation Trust as provided for in the Plan, Disclosure Statement and the Liquidation Trust Documents.

c)   Vesting and Transfer of Assets to the Liquidation Trust.  Pursuant to section 1141(b) of the Bankruptcy Code, the Liquidation Trust Assets shall vest in the Liquidation Trust free and clear of all Claims, Liens charges or other encumbrances; provided, however, the Liquidation Trustee may abandon or otherwise not accept any Liquidation Trust Assets that the Liquidation Trustee believes, in good faith, to have no value to, or will be unduly burdensome to, the

---

[4]   Capitalized terms not otherwise defined herein shall be given the meanings ascribed to them in the Liquidation Trust Documents.

Liquidation Trust.  Any Liquidation Trust Assets that the Liquidation Trustee so abandons or otherwise does not accept shall not be Liquidation Trust Assets.

d) <u>General Powers of the Liquidation Trustee</u>.  The rights and powers of the Liquidation Trustee are specified in the Liquidation Trust Documents.   Except as expressly set forth in this Plan or the Disclosure Statement, and in the Liquidation Trust Agreement, the Liquidation Trustee, on behalf of the Liquidation Trust, shall have absolute discretion to pursue or not to pursue any Causes of Action transferred to the Liquidation Trust or arising in favor of the Liquidation Trust, including, without limitation, taking any action with respect to Disputed Claims, appeals, counterclaims, and defenses of, or with respect to, such Disputed Claims and/or other Causes of Action.

After the Effective Date, prosecution and settlement of all Causes of Action (including Avoidance Actions) arising before or after the Petition Date shall be the sole responsibility of the Liquidation Trust pursuant to this Plan and the Confirmation Order.  The Liquidation Trustee may pursue such Causes of Action (including Avoidance Actions), as appropriate, in accordance with the best interests of the Liquidation Trust Beneficiaries.  After the Effective Date, the Liquidation Trust shall have exclusive rights, powers, and interests of the Estate to pursue, settle, or abandon such Causes of Action (including Avoidance Actions) as the sole representative of the Estate pursuant to section 1123(b)(3) of the Bankruptcy Code. Notwithstanding the occurrence of the Effective Date, all Causes of Action (including Avoidance Actions) that are not expressly released or waived under this Plan are reserved and preserved and vest in the Liquidation Trust in accordance with this Plan.  No Person or entity may rely on the absence of a specific reference in this Plan, or any other supplemental documents to any Cause of Action (including Avoidance Actions) against it as any indication that the Debtor and/or Liquidation Trustee will not pursue any and all available Causes of Action against any such Person or entity.   The Liquidation Trustee expressly reserves all Causes of Action (including Avoidance Actions), except for any Causes of Action against any Person or entity that are expressly released, waived or exculpated under this Plan, and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches, shall apply to such Causes of Action (including Avoidance Actions) upon, after, or as a consequence of confirmation or consummation of this Plan.   Unless any Causes of Action (including Avoidance Actions) against any Person or entity are expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or a Bankruptcy Court Order, the Debtor or the Liquidation Trustee, as applicable, expressly reserves all Causes of Action for later adjudication.

Attached as Exhibit A is a non-exclusive list of Causes of Action (including Avoidance Actions) retained pursuant to the Plan: (a) all Causes of Action (including Avoidance Actions) not otherwise released, and (b) all Causes of Action against any of and/or defenses to Claims asserted by the Debtor's current or former employees, agents, officers, directors, members, managers or not otherwise released herein.

e) <u>Certain Liquidation Trust Tax Matters</u>.  The Liquidation Trust shall be responsible for filing all required federal, state, and local tax returns and/or informational returns for the Debtor and/or Liquidation Trust due after the Effective Date.  The Liquidation Trust shall

comply with all withholding and reporting requirements imposed by any federal, state, or local taxing authority, and all distributions made by the Liquidation Trust shall be subject to any such withholding and reporting requirements. The Liquidation Trustee shall be authorized to take any and all actions that may be necessary or appropriate to comply with such withholding and reporting requirements including, without limitation, requiring that, as a condition to the receipt of a distribution, the Holder of an Allowed Claim complete the appropriate IRS Form W-8 or IRS Form W-9, as applicable to each Holder. Notwithstanding any other provision of this Plan, (a) each Holder of an Allowed Claim that is to receive a distribution from the Liquidation Trust shall have the sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed on such Holder by any Governmental Unit, including income and other tax obligations, on account of such distribution, and (b) no distribution shall be made to or on behalf of such Holder pursuant to this Plan unless and until such Holder has made arrangements satisfactory to the Liquidation Trustee to allow it to comply with its tax withholding and reporting requirements. Any property to be distributed by the Liquidation Trust shall, pending the implementation of such arrangements, be treated as an Unclaimed Distribution to be held by the Liquidation Trustee, as the case may be, until such time as the Liquidation Trustee is satisfied with the Holder's arrangements for any withholding tax obligations.

f) <u>Liquidation Trust Committee</u>.  On or before the Effective Date, the Creditors' Committee shall appoint the Liquidation Trust Committee to oversee the implementation of the Plan.

g) <u>Substitution of Liquidation Trust for the Debtor</u>.  After the Effective Date, the Liquidation Trust shall be deemed to be substituted as the party in lieu of the Debtor in all pending matters including but not limited to (i) motions, contested matters and adversary proceeding pending in the Bankruptcy Court, and (ii) all matters pending in any courts, tribunals, forums or administrative proceedings outside of the Bankruptcy Court without the need or requirement for the Liquidation Trustee to file motions or substitutions of parties and counsel.

## Article III
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**3.1.**    **Background**.  The Debtor believes that all executory contracts and unexpired leases of the Debtor were assumed and assigned, or rejected, during the pendency of the Case.  Article III of the Plan is included out of an abundance of caution.

**3.2.**    **Executory Contracts and Unexpired Leases**.  All executory contracts and unexpired leases of the Debtor which have not previously been assumed and assigned, or rejected, prior to the Confirmation Date shall be deemed rejected as of the Confirmation Date.  Any Creditor asserting a Claim for monetary damages as a result of the rejection of an executory contract or unexpired lease deemed rejected pursuant to this Plan is required to file a proof of claim substantially in the form of Official Form 410 with the Claims Agent ("**Rejection Claim**") at its address set forth below in section 7.5, and

serve it upon Debtor's counsel and the Liquidation Trustee by overnight mail by no later than 30 days after the Confirmation Date (the "**Rejection Claim Deadline**").

**3.3.**    **Rejection Claims**.  Any Rejection Claim not filed pursuant to section 3.2 of the Plan shall be forever disallowed and barred.  If one or more Rejection Claims are filed pursuant to section 3.2 of the Plan, notwithstanding section 2.11 of the Plan, the Debtor or the Liquidation Trustee may File one or more objections to any such Rejection Claims, and shall serve any objection upon the claimant, the claimant's counsel, if any, and Debtor's counsel or the Liquidation Trustee, as applicable, by overnight mail no later than sixty (60) days after the Rejection Claim Deadline.  Any response by the claimant to any such objection shall be Filed and served by overnight mail upon Debtor's counsel and the Liquidation Trustee no later than 15 days thereafter.  If any such objection is timely Filed and cannot be resolved consensually by the parties, a hearing shall be held by the Bankruptcy Court as soon as is reasonably practicable. If a Rejection Claim is determined to be Allowed, the date of such determination shall be deemed to be the Record Date and the Holder of the Claim on the date of such determination shall be deemed to be the Record Holder of such Claim.  If a Rejection Claim becomes Allowed, in full or in part, such Claim shall be an Allowed General Unsecured Claim to the extent that such Claim becomes Allowed and the Record Holder of such Claim shall receive the treatment set forth in section 2.3 of the Plan.

# Article IV
## CONDITIONS PRECEDENT TO CONFIRMATION
## AND CONSUMMATION OF THE PLAN

**4.1.**    **Condition to Confirmation**.  Unless waived pursuant to section 4.3 of the Plan, the Bankruptcy Court's entry of the Confirmation Order, in form and substance reasonably satisfactory to the Debtor, in consultation with the Committee and PNC, shall be the condition precedent to the Confirmation of the Plan.

**4.2.**    **Conditions to the Effective Date**.  The Effective Date shall not occur and the Plan shall not be consummated unless and until each of the following conditions has been satisfied or waived pursuant to section 4.3 of the Plan: (i) the Confirmation Order, in form and substance reasonably satisfactory to the Debtor, in consultation with the with the Committee and PNC, shall have been entered by the Bankruptcy Court, (ii) the Confirmation Order shall have become a Final Order, and (iii) the Liquidation Trust shall have been created.

**4.3.**    **Waiver of Conditions to Confirmation or the Effective Date**.  The conditions set forth in sections 4.1 and 4.2 of the Plan may be waived in whole or part in writing by the Debtor, with the consent of the Committee and PNC, at any time without further Order of the Bankruptcy Court.

## Article V
## MISCELLANEOUS PROVISIONS

**5.1.   Binding Effect of the Plan**.  The provisions of the Plan shall be binding upon all parties to the Plan and inure to the benefit of the Debtor, the Debtor's Estate, and its predecessors, successors, assigns, advisors, attorneys, agents, officers and directors of either.  The terms of the Plan shall be enforceable against the Debtor, its Creditors, Interest Holders and all parties-in-interest, and their respective successors and assigns.

**5.2.   Causes of Action**.  Through the Effective Date, the Debtor shall have the sole and exclusive right, standing and authority to prosecute, compromise, settle and/or otherwise deal with the Debtor's Causes of Action, in its sole discretion, with any such compromise or settlement subject to Bankruptcy Court approval (collectively, the "**Litigation Rights**").  The Litigation Rights shall be assigned from the Debtor to the Liquidation Trust on the Effective Date and such assignment shall occur and be consummated without any further documentation or Order of the Bankruptcy Court.  In the event that the Debtor or the Liquidation Trustee elects to prosecute any Causes of Action, any recovery, net of reasonable legal fees, costs and expenses used in connection with the investigation, prosecution, or settlement of the Causes of Action), from litigation, compromise or settlement shall be distributed by the Liquidation Trustee to Holders of Allowed Claims in accordance with the Plan.

**5.3.   Retention of Jurisdiction**.  Following the Effective Date, the Bankruptcy Court shall retain jurisdiction to the fullest extent permitted by law over the provisions of this Plan, including Disputed Claims, Rejection Claims, and Professional Fee Claims, over all disputes and litigation (including litigation concerning Causes of Action) which may be pending on the Confirmation Date or brought by the Liquidation Trustee after the Effective Date, and over any controversies that may arise hereafter which would affect the Debtor's and/or Liquidation Trustee's ability to carry out the Plan, until all such disputes and litigation shall be concluded and the Plan shall be fully consummated.

**5.4.   Governing Law**.  Except as mandated by the Bankruptcy Code or Bankruptcy Rules, as applicable, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with the laws of the State of New Jersey without regard to conflicts of law.

**5.5.   Headings**.  The headings of articles, paragraphs, and subparagraphs of the Plan are inserted for convenience only and shall not affect the interpretation of any provision of the Plan.

**5.6.   Time**.  Whenever the time for the occurrence or happening of an event as set forth in this Plan falls on a day that is not a Business Day, then the time for the next occurrence or happening of said event shall be extended to the next day which is a Business Day.

**5.7.   Severability**.   Should any provision of this Plan be determined to be unenforceable after the Effective Date such determination shall in no way limit or affect

the enforceability and operative effect of any and all of the other provisions of the Plan provided that the intent of the Plan can still be effectuated.

**5.8.**    **Revocation**.  The Debtor reserves the right to revoke and withdraw the Plan prior to the entry of a Confirmation Order.  If the Debtor revokes or withdraws the Plan, the Plan shall be deemed null and void and nothing contained herein shall be deemed to constitute a waiver or release of any claims by or against the Debtor, any other Person, or to prejudice in any manner the rights of such parties in any further proceedings involving the Debtor.

**5.9.**    **Precedence**.  In the event and to the extent that any provision of the Plan is inconsistent with the provisions of the Disclosure Statement, or any other agreement to be executed by any Person pursuant to the Plan, the provisions of the Plan shall control and take precedence.  In the event of any inconsistency between any provision of the Liquidation Trust Documents and any provision of the Plan or Disclosure Statement, the Liquidation Trust Documents shall control and take precedence. In the event of any inconsistency between any provision of any of the foregoing documents, and any provision of the Confirmation Order, the Confirmation Order shall control and take precedence.

**5.10.**    **Statutory Fees**.  The Debtor shall pay all fees payable pursuant to 28 U.S.C. § 1930 due through the Effective Date.  From and after the Effective Date, the Liquidating Trust will have the obligation to pay all such US Trustee fees.

**5.11.**    **Dissolution of the Creditors' Committee**.  On the Effective Date, the Creditors' Committee shall be dissolved automatically and its members, professionals, and agents shall be deemed released of any continuing duties, responsibilities and obligations in connection with the Case, the Plan and its implementation, except with respect to (i) prosecuting applications for payment of fees and reimbursement of expenses of Professionals, or Creditors' Committee members, or attending to any other issues related to applications for payment of fees and reimbursement of expenses of Professionals, including in connection with the Final Fee Hearing, or (ii) any appeals of the Confirmation Order and/or motions seeking reconsideration thereof through the date such appeals and/or motions are finally decided, settled, withdrawn or otherwise resolved.  On the Effective Date, the retention and employment of the Creditors' Committee's attorneys, accountants and other agents shall terminate, except with respect to:  (i) prosecuting applications for payment of fees and reimbursement of expenses of Professionals, or Creditors' Committee members, or attending to any other issues related to applications for payment of fees and reimbursement of expenses of Professionals, including in connection with the Final Fee Hearing, or (ii) any appeals of the Confirmation Order and/or motions seeking reconsideration thereof through the date such appeals and/or motions are finally decided, settled, withdrawn or otherwise resolved.

**5.12.**    **Claims Agent**.  Prime Clerk, LLC, in its capacity as claims, noticing and balloting agent, shall be relieved of such duties on the date of the entry of the Final

Decree or upon such earlier date as set forth in a written notice provided to it by the Liquidation Trustee.

**5.13.** **No Duty to Update Disclosures**.    The Debtor has no duty to update the information contained in this Plan or in the Disclosure Statement as of the date hereof, unless otherwise specified herein, or unless required to do so pursuant to an Order of the Bankruptcy Court.  Delivery of this Plan and the Disclosure Statement after the date hereof does not imply that the information contained herein has remained unchanged.

**Article VI**
**RELEASES, DISCHARGE, INJUNCTION AND EXCULPATION**

**6.1.**    **Exculpation and Limitation of Liability**.    EFFECTIVE AS OF THE EFFECTIVE DATE, THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR ANY LIABILITY TO ANY HOLDER OF A CLAIM OR AN INTEREST, THE DEBTOR, OR ANY OTHER PARTY-IN-INTEREST, OR ANY OF THEIR RESPECTIVE RELATED PERSONS, FOR ANY PREPETITION OR POSTPETITION ACT OR OMISSION IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF, THE CASE, THE FORMULATION, NEGOTIATION, OR IMPLEMENTATION OF THE DISCLOSURE STATEMENT OR THE PLAN, THE SOLICITATION OF VOTES ON THE PLAN, THE PURSUIT OF CONFIRMATION OF THE PLAN, THE CONFIRMATION OF THE PLAN, THE CONSUMMATION OF THE PLAN, OR THE ADMINISTRATION OF THE PLAN OR THE PROPERTY TO BE DISTRIBUTED UNDER THE PLAN, EXCEPT FOR ACTS OR OMISSIONS THAT ARE THE RESULT OF WILLFUL MISCONDUCT, GROSS NEGLIGENCE, FRAUD OR CRIMINAL ACTS; PROVIDED, HOWEVER, THAT (I) THE FOREGOING IS NOT INTENDED TO LIMIT OR OTHERWISE IMPACT ANY DEFENSE OF QUALIFIED IMMUNITY THAT MAY BE AVAILABLE UNDER APPLICABLE LAW; (II) EACH EXCULPATED PARTY SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL CONCERNING HIS, HER OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, THE PLAN; AND (III) THE FOREGOING EXCULPATION SHALL NOT BE DEEMED TO, RELEASE, AFFECT, OR LIMIT ANY OF THE RIGHTS AND OBLIGATIONS OF THE EXCULPATED PARTIES FROM, OR EXCULPATE THE EXCULPATED PARTIES WITH RESPECT TO, ANY OF THE EXCULPATED PARTIES' OBLIGATIONS OR COVENANTS ARISING PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER.

**6.2.**    **Releases and Related Matters**.

   **(a) Releases by Debtor**. NOTWITHSTANDING ANYTHING CONTAINED HEREIN TO THE CONTRARY, AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, INCLUDING: (1) THE SETTLEMENT, RELEASE AND COMPROMISE OF DEBT AND ALL OTHER GOOD AND VALUABLE CONSIDERATION PAID PURSUANT HERETO;

AND (2) THE SERVICES OF THE DEBTOR'S PRESENT AND FORMER OFFICERS, DIRECTORS, MANAGERS AND ADVISORS IN FACILITATING THE EXPEDIENT IMPLEMENTATION OF THE TRANSACTIONS, DISTRIBUTIONS AND LIQUIDATION CONTEMPLATED HEREBY, THE DEBTOR, AND ANY PERSON OR ENTITY SEEKING TO EXERCISE THE RIGHTS OF THE DEBTOR'S ESTATE, INCLUDING, WITHOUT LIMITATION, ANY SUCCESSOR TO THE DEBTOR OR ANY ESTATE REPRESENTATIVE APPOINTED OR SELECTED PURSUANT TO SECTION 1123(B)(3) OF THE BANKRUPTCY CODE (INCLUDING THE LIQUIDATION TRUSTEE), SHALL BE DEEMED TO FOREVER RELEASE, WAIVE, AND DISCHARGE EACH OF THE RELEASED PARTIES FROM ANY AND ALL CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEMANDS, DEBTS, REMEDIES, RIGHTS, CAUSES OF ACTION, RIGHTS OF SETOFF AND LIABILITIES WHATSOEVER (INCLUDING ANY DERIVATIVE CLAIMS ASSERTED ON BEHALF OF THE DEBTOR) IN CONNECTION WITH OR IN ANY WAY RELATING TO THE DEBTOR, THE CONDUCT OF THE DEBTOR'S BUSINESSES, THE CASE, THE DISCLOSURE STATEMENT OR THE PLAN (OTHER THAN THE RIGHTS OF THE DEBTOR, THE LIQUIDATION TRUSTEE OR A CREDITOR HOLDING AN ALLOWED CLAIM TO ENFORCE THE OBLIGATIONS UNDER THE CONFIRMATION ORDER AND THE PLAN AND THE CONTRACTS, INSTRUMENTS, RELEASES, AND OTHER AGREEMENTS OR DOCUMENTS DELIVERED THEREUNDER) WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, THEN EXISTING OR THEREAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT ARE BASED IN WHOLE OR PART ON ANY ACT, OMISSION, TRANSACTION, EVENT, OR OTHER OCCURRENCE TAKING PLACE THROUGH THE EFFECTIVE DATE.

**(b)** **Releases by Holders of Claims and Interests of Debtor**. NOTWITHSTANDING ANYTHING CONTAINED HEREIN TO THE CONTRARY, ON THE EFFECTIVE DATE AND AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, THE HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTOR WHO: (1) EITHER VOTE TO ACCEPT THE PLAN OR ARE PRESUMED TO HAVE VOTED FOR THE PLAN UNDER SECTION 1126(F) OF THE BANKRUPTCY CODE, (2) ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN BUT ABSTAIN FROM VOTING, AND (3) IF SUCH HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTOR IS ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN, DO NOT MARK THEIR BALLOTS TO INDICATE THEIR REFUSAL TO GRANT THE RELEASES PROVIDED IN THIS SUB-PARAGRAPH, SHALL BE DEEMED TO FOREVER RELEASE, WAIVE, AND DISCHARGE EACH OF THE RELEASED PARTIES FROM ANY AND ALL CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION, AND LIABILITIES WHATSOEVER IN CONNECTION WITH OR IN ANY WAY RELATING TO THE DEBTOR, THE CONDUCT OF THE DEBTOR'S BUSINESSES, THE CASE, THE DISCLOSURE STATEMENT OR THE PLAN (OTHER THAN THE RIGHTS OF THE DEBTOR, OR A CREDITOR HOLDING AN ALLOWED CLAIM TO ENFORCE THE OBLIGATIONS UNDER THE CONFIRMATION ORDER AND THE PLAN AND THE CONTRACTS, INSTRUMENTS, RELEASES, AND OTHER AGREEMENTS OR DOCUMENTS DELIVERED THEREUNDER), WHETHER LIQUIDATED OR

UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, THEN EXISTING OR THEREAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, CONTRACT, VIOLATION OF FEDERAL OR STATE SECURITIES LAW OR OTHERWISE, THAT ARE BASED IN WHOLE OR PART ON ANY ACT, OMISSION, TRANSACTION, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR PRIOR TO THE EFFECTIVE DATE.

**(c) Plan Settlement**. AS NOTED ABOVE, ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE PLAN SETTLEMENT, INCLUDING THE FOREGOING RELEASE BY THE DEBTOR, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN SETTLEMENT AND HEREIN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE FOREGOING RELEASE BY THE DEBTOR IS: (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (2) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS AND INTERESTS RELEASED BY THE FOREGOING RELEASE BY THE DEBTOR; (3) IN THE BEST INTERESTS OF THE DEBTOR AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (6) A BAR TO THE DEBTOR OR THE LIQUIDATION TRUSTEE ASSERTING ANY CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THE FOREGOING RELEASE BY THE DEBTOR.

**6.3.  Injunction Related to Releases and Exculpations.  Except as provided in the Plan or the Confirmation Order, as of the Effective Date, (i) all Persons that hold, have held, or may hold a Claim or Interest or any other Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability of any nature whatsoever, relating to the Debtor or any of its respective assets, property and Estate, or Exculpated Parties that is released or exculpated pursuant to Sections 6.1 or 6.2 of the Plan, (ii) all other parties in interest, and (iii) each of the Related Persons of each of the foregoing entities, are, and shall be, permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions (whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such released Claims or Interests or other Causes of Action, obligations, suits, judgments, damages, debts, rights, remedies or liabilities, and of all Interests or other rights of a Holder of an equity security or other ownership interest):  (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum; (b) enforcing, attaching (including, without limitation, any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (c) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien; (d) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation owed to any Person discharged, released, or exculpated under Sections 6.1 or 6.2 of the Plan;**

**and (e) commencing or continuing in any manner, in any place of any judicial, arbitration or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order.**

## Article VII
## FINAL FEE HEARING AND FINAL DECREE

**7.1.    The Professional Fee Claim Bar Date**.  Any and all applications for the final allowance of Professional Fee Claims shall be Filed and served upon counsel to the Debtor, counsel to the Creditors' Committee, the United States Trustee, and all Persons on the Debtor's Bankruptcy Rule 2002 service list on or before the Professional Fee Claim Bar Date.

**7.2.    Professional Fee Escrow**. If the Professional Fee Claims Estimate is greater than zero, as soon as reasonably practicable after the Confirmation Date and by no later than the Effective Date, the Debtor shall establish and fund the Professional Fee Escrow.  The Debtor shall fund the Professional Fee Escrow with Cash equal to the Professional Fee Claims Estimate.  Funds held in the Professional Fee Escrow shall not be considered property of the Debtor's Estate or property of the Liquidation Trust, but shall revert to the Liquidation Trust only after all Professional Fee Claims allowed by the Bankruptcy Court have been irrevocably paid in full.  The Professional Fee Escrow shall be held in trust for Professionals retained by the Creditors' Committee and the Debtor and for no other parties until all Professional Fee Claims Allowed by the Bankruptcy Court have been paid in full. Professional Fees owing to the applicable Professionals shall be paid in Cash to such Professionals from funds held in the Professional Fee Escrow when such Claims are Allowed by an order of the Bankruptcy Court; provided, that obligations with respect to Professional Fee Claims shall not be limited nor deemed limited to the balance of funds held in the Professional Fee Escrow.  No liens, claims, or interests shall encumber the Professional Fee Escrow in any way.

**7.3.    Final Fee Hearing**.  A hearing on final allowance of Professional Fee Claims (the "**Final Fee Hearing**") shall be held as soon as practicable after the Professional Fee Claim Bar Date.  The Debtor's counsel shall File a notice of the Final Fee Hearing.  Such notice shall be posted on the Noticing Agent Website, and served upon counsel for the Creditors' Committee, all Professionals, the United States Trustee and all parties on the Debtor's Bankruptcy Rule 2002 service list.

**7.4.    Final Decree**.  Subsequent to the Effective Date, the distributions and the Final Fee Hearing, the Liquidation Trustee shall File a certification of counsel requesting the entry of the Final Decree.

**7.5.    Administrative Expense Claim Bar Date**.  The bar date or last date for the filing by any Person of any motion or application for allowance of an Administrative Expense Claim, *exclusive of* Professional Fee Claims (which are addressed separately above), that has accrued between the Petition Date and the Effective Date of the Plan and

that remains unpaid shall be 4:00 p.m. (prevailing eastern time) on the date that is twenty-one (21) days after the Effective Date (the "**Administrative Expense Claim Bar Date**").  Any such Administrative Expense Claims must be filed with the Bankruptcy Court with a copy served on the Debtor's counsel and the Claims Agent by regular mail, overnight courier or hand delivery to Claims Agent at the following address: Hollister Construction Services Claims Agent, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, so as to be received by the Administrative Expense Claims Bar Date. **The failure of any Person to timely file and serve such an Administrative Expense Claim by the Administrative Claim Bar Date shall not be paid.**

<u>**Article VIII**</u>
**REQUEST FOR CONFIRMATION**

**8.1.    <u>Request for Confirmation</u>**.  The Debtor requested confirmation of this Plan in accordance with section 1129(a) and/or section 1129(b) of the Bankruptcy Code.

IN WITNESS WHEREOF, the Debtor has executed this Plan this 19th day o f June, 2020.

**Hollister Construction Services, LLC**


By:       */s/ Chris Johnson*         
          Chris Johnson, Head Coach

## <u>SCHEDULE A</u>

**LIST OF AVOIDANCE ACTIONS**

**[TO BE PROVIDED]**

## **SCHEDULE B**

**FORM OF LIQUIDATION TRUST AGREEMENT**

**(TO BE PROVIDED)**