**LOWENSTEIN SANDLER LLP**
Arielle B. Adler, Esq. (aadler@lowenstein.com)
Bruce Buechler, Esq. (bbuechler@lowenstein.com)
Jennifer B. Kimble, Esq. (jkimble@lowenstein.com)
Kenneth A. Rosen, Esq. (krosen@lowenstein.com)
Mary E. Seymour, Esq. (mseymour@lowenstein.com)
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: <br><br> **HOLLISTER CONSTRUCTION SERVICES, LLC,**[1] <br><br> Debtor. | Chapter 11 <br><br> Case No. 19-27439 (MBK) |

**NOTICE OF DEBTOR'S MOTION FOR ENTRY OF AN ORDER
(A) APPROVING THE DISCLOSURE STATEMENT, (B) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN, (C) APPROVING THE FORM OF BALLOT AND SOLICITATION MATERIALS, (D) ESTABLISHING THE VOTING RECORD DATE, (E) SCHEDULING A PLAN CONFIRMATION HEARING AND DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN, AND (F) APPROVING THE RELATED FORM OF NOTICE**

PLEASE TAKE NOTICE that on June 19, 2020, Hollister Construction Services, LLC, the above-captioned debtor and debtor-in- possession, filed the *Debtor's Motion for Entry of an Order Approving the Disclosure Statement, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan, (C) Approving the Form of Ballot and Solicitation*

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

-2-

*Materials, (D) Establishing the Voting Record Date, (E) Scheduling a Plan Confirmation Hearing and Deadline for Filing Objections to Confirmation of the Plan, and (F) Approving the Related Form of Notice* **(**the "Disclosure Statement Motion"**)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to approval of the Motion must be (a) in writing and served on or before **July 16, 2020 at 4:00 p.m. (ET)** (the "Objection Deadline"); (b) filed with the Clerk of the Bankruptcy Court, 402 East State Street, Trenton, New Jersey 08608; and (c) served as to be received on or before the Objection Deadline by the undersigned counsel to the Debtor.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion, the Disclosure Statement, the Plan, notices, and proposed ballots will be publicly available for review by accessing the Bankruptcy Court's website www.njb.sucourts.gov (a PACER account is required). Copies of these documents can also be obtained free of charge by contacting Debtors' counsel at the address below or from the website of the Debtors' Claims and Noticing Agent, at https://cases.primeclerk.com/hcs/.

**PLEASE TAKE FURTHER NOTICE** that the Disclosure Statement, the Plan, notices, proposed ballots and the proposed order approving the Disclosure Statement may be modified at any time prior to or at the Hearing on the Motion, and that the Court may enter such order(s) as it deems appropriate at the Hearing.

**PLEASE TAKE FURTHER NOTICE THAT** A HEARING ON THE MOTION WILL BE HELD ON **July 23, 2020 AT 10:00 A.M. (ET)** BEFORE THE HONORABLE MICHAEL B. KAPLAN, AT THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY, 402 EAST STATE STREET, COURTROOM #8, TRENTON, NEW JERSEY 08608. ONLY PARTIES WHO HAVE FILED A TIMELY OBJECTION WILL BE HEARD AT THE HEARING.

**PLEASE TAKE FURTHER NOTICE** THAT THE HEARING ON THE MOTION MAY BE ADJOURNED FROM TIME TO TIME WITHOUT NOTICE TO ANY CREDITOR OR OTHER PARTY IN INTEREST OTHER THAN BY ANNOUNCEMENT OF THE ADJOURNED DATE IN OPEN COURT ON THE DATE OF THE HEARING.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: June 19, 2020

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**

/s/ Kenneth A. Rosen, Esq.
Arielle B. Adler, Esq.
Bruce Buechler, Esq.
Jennifer B. Kimble, Esq. (admitted *pro hac vice*)
Kenneth A. Rosen, Esq.
Mary E. Seymour, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)
krosen@lowenstein.com
bbuechler@lowenstein.com
mseymour@lowenstein.com
jkimble@lowenstein.com
aadler@lowenstein.com
*Counsel to the Debtor and Debtor-in-Possession*

| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1** |
| **LOWENSTEIN SANDLER LLP**<br>Arielle B. Adler, Esq.<br>Bruce Buechler, Esq.<br>Joseph J. DiPasquale, Esq.<br>Jennifer B. Kimble, Esq.<br>Kenneth A. Rosen, Esq.<br>Mary E. Seymour, Esq.<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>(973) 597-2500 (Telephone)<br>(973) 597-2400 (Facsimile)<br><br>*Counsel to the Debtor and Debtor-in-Possession* |

| | |
|---|---|
| In re:<br><br>**HOLLISTER CONSTRUCTION SERVICES, LLC**,[1]<br><br>Debtor. | Case No. 19-27439 (MBK)<br><br>Chapter 11<br><br>Judge: Hon. Michael B. Kaplan<br><br>Hearing Date: July 23, 2020 at 10:00 a.m. |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE DISCLOSURE STATEMENT, (B) ESTABLISHING PROCEDURES FOR SOLICITATION, VOTING AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN, (C) APPROVING THE FORM OF BALLOT AND SOLICITATION MATERIALS, (D) ESTABLISHING THE VOTING RECORD DATE, (E) SCHEDULING A PLAN CONFIRMATION HEARING AND DEADLINE FOR FILING OBJECTIONS TO THE PLAN, AND (F) APPROVING THE RELATED FORM OF NOTICE**

Hollister Construction Services, LLC, debtor and debtor in possession in the above-captioned chapter 11 case (the "<u>Debtor</u>"), hereby submits this motion, pursuant to sections 105(a), 1125, 1126, and 1128 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 2002(b), 3016(b), 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 3016-1 of the Local Rules of the United States Bankruptcy Court

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

37322/3
06/19/2020 206520556.2

for the District of New Jersey (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Disclosure Statement Order"), (a) approving the adequacy of the disclosures set forth in *Disclosure Statement for Debtor's Plan of Liquidation* (as amended, the "Disclosure Statement"), which, along with *Debtor's Plan of Liquidation* (as amended, the "Plan"), is being filed contemporaneously herewith, (b) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, (c) approving the forms of ballot and solicitation materials, (d) establishing a voting record date, (e) scheduling a hearing to consider confirmation of the Plan (the "Confirmation Hearing") and setting the deadline for objections thereto (the "Confirmation Objection Deadline"), and (f) approving the related form of notice.  In support hereof, the Debtor respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey entered on July 23, 1984, as amended on September 18, 2012 (Simandle, C.J.).  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and (d), 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002(b), 3016(b), 3017, 3018, and 3020, and Local Rules 3016-1 and 3018-1.

## BACKGROUND

**I.    GENERAL BACKGROUND**

4. On September 11, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, initiating the above-captioned chapter 11 case (the "Chapter 11 Case").  The Debtor continues to operate its business as a debtor in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner.

5. On September 23, 2019, the Office of the United States Trustee appointed a statutory committee in this Chapter 11 Case (the "Committee").

6. Additional details regarding the Debtor's business and the facts and circumstances leading up to the filing of the Chapter 11 Case are set forth in the *Declaration of Brendan Murray in Support of First Day Relief* [Docket no. 15] which is incorporated herein by reference.

## II. THE PLAN AND DISCLOSURE STATEMENT

7. The Plan and Disclosure Statement creates the framework for the payment of claims through the approval of the Plan Settlement, the establishment of a Liquidating Trust that will liquidate other Estate Causes of Action, reconcile Claims and make distributions to Holders of Allowed Claims.

8. The Disclosure Statement provides a detailed description of, among other things, the Debtor's prepetition capital structure, events leading to the Chapter 11 Case, summaries of certain material events that have occurred during the Chapter 11 Case and a potential global Plan Settlement that the Debtor is negotiating with various stakeholders.

9. Through the Motion, the Debtor seeks entry of the Disclosure Statement Order: (a) approving the adequacy of the Disclosure Statement, (b) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, (c) approving the forms of ballots and solicitation materials, (d) establishing a voting record date, (e) scheduling the Confirmation Hearing and setting the deadline for objections to confirmation of the Plan, and (f) approving the related form of notice.

10. The Debtor believes that the Plan and Disclosure Statement provide the most efficient means to maximize value of the Debtor's remaining assets, distribute proceeds

thereof to Holders of Allowed Claims, and otherwise wind-down and conclude the Chapter 11 Case.

11. The Plan is a liquidating plan. In general, the Plan provides for, among other things, the establishment of a Liquidating Trust for the purpose of administering the Debtor's remaining assets and making distributions to Holders of Allowed Claims.

12. A summary of the key dates that the Debtor seeks to establish by the Disclosure Statement Order are as follows:

| Proposed Timetable | |
|---|---|
| **Voting Record Date** | July 23, 2020 |
| **Solicitation Commencement Date** | Three Business Days after entry of the Disclosure Statement Order |
| **Rule 3018 Motion Deadline** | August 10, 2020 at 4:00 p.m. (ET) |
| **Rule 3018 Objection Deadline** | August 20, 2020 at 4:00 p.m. (ET) |
| **Voting Deadline** | August 27, 2020 at 4:00 p.m. (ET) |
| **Confirmation Objection Deadline** | August 27, 2020 at 4:00 p.m. (ET) |
| **Reply Deadline** | September 1, 2020 at 4:00 p.m. (ET) |
| **Confirmation Hearing** | September 3, 2020 at 10:00 a.m. (ET) |

13. The Plan contemplates classifying all Claims against and Interests in the Debtor, other than Administrative Expense Claims, Priority Tax Claims and statutory fees, as follows:

| Class | Type | Status Under Plan | Voting Status | Recovery Estimate |
|---|---|---|---|---|
| 1 | Pre-Petition Secured Lender Claims | Impaired | Entitled to Vote | TBD |
| 2 | Priority Claims | Unimpaired | Deemed to Accept | 100% |
| 3 | Arch Pre-Petition Claim | Impaired | Entitled to Vote | TBD |
| 4 | General Unsecured Claims | Impaired | Entitled to Vote | TBD |
| 5 | Interests | Impaired | Deemed to Reject | 0% |

14. The Debtor respectfully submits that the Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code and the Debtor seeks approval of the adequacy of the Disclosure Statement. At the Confirmation Hearing, the Debtor will seek confirmation of the Plan.

**BASIS FOR RELIEF REQUESTED**

**I.    APPROVAL OF THE DISCLOSURE STATEMENT**

15. Pursuant to section 1125(b) of the Bankruptcy Code, a plan proponent must provide holders of Impaired claims and interests entitled to vote with "adequate information" regarding the proposed chapter 11 plan. *See* 11 U.S.C. § 1125(b). The Debtor respectfully submits that the Disclosure Statement contains "adequate information" within the meaning of section 1125(a)(1) of the Bankruptcy Code and should be approved by this Court.

16. Section 1125(a)(1) of the Bankruptcy Code provides:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such hypothetical

> investor of the relevant class to make an informed judgment about the plan ….

11. U.S.C. § 1125(a)(1). A debtor's disclosure statement must, as a whole, provide information that is sufficiently detailed, so far as "reasonably practicable," to permit an "informed judgment" by impaired creditors entitled to vote on the plan. *See In re Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996); *Century Glove, Inc. v. First American Bank of New York*, 860 F.2d 94, 100 (3d Cir. 1988); *see also In re Autobacs Strauss, Inc.*, 473 B.R. 525, 584 (Bankr. D. Del. 2012); *In re Dakota Rail, Inc.*, 104 B.R. 138, 142 (Bankr. D. Minn. 1989). At minimum, a disclosure statement "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991).

17. The determination as to whether a disclosure statement provides "adequate information," is based on the specific facts and circumstances of each case and is within the broad discretion of the bankruptcy court. *See* 11 U.S.C. § 1125(a)(1); *see also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *First Am. Bank of N.Y. v. Century Glove, Inc.*, 81 B.R. 274, 279 (D. Del. 1988) (noting that the availability of information from outside sources will determine the adequacy of disclosure made by a particular debtor).

18. The Disclosure Statement contains adequate information for Holders of Claims entitled to vote to make an informed decision about whether to vote to accept or reject the Plan. In particular, the Disclosure Statement includes, among other things:

(a) an overview of certain events preceding and leading to the commencement of the Chapter 11 Case;

(b) an overview of the major events that occurred during the course of the Chapter 11 Case, including the numerous settlements negotiated by the Debtor with Project Owners and Subcontractors on various Go-Forward Projects;

-6-

  (c) a summary of the classification and treatment of all Classes of creditors and Interests; and the provisions governing distributions under the Plan;

  (d) the means for implementation of the Plan;

  (e) risk factors affecting the Plan; and

  (f) a summary of the relevant Bankruptcy Code provisions and other requirements for confirmation of the Plan.

19. The Debtor respectfully submits that the Disclosure Statement contains adequate information that satisfies the requirements of section 1125 of the Bankruptcy Code and should be approved.

## II. THE SOLICITATION PROCEDURES

### A. Establishment of Voting Record Date

20. Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a plan, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes. The Debtor proposes that the Court establish the record date as **July 23, 2020,** or such other date as the Court sets for a hearing on this Motion (the "Record Date"), regardless of the date on which the Disclosure Statement Order is actually entered, for the purposes of determining: (a) creditors who are entitled to vote on the Plan, and (b) with respect to classes that are non-voting, the parties entitled to receive a Notice of Non-Voting Status.

      **B.**      **Approving Solicitation Package**

21.      Bankruptcy Rule 3017(d) sets forth the materials that must be provided to Holders of Claims and Interests entitled to vote for the purpose of soliciting their votes and providing adequate notice of the Plan Confirmation Hearing.

22.      Except as provided below, upon entry of the Disclosure Statement Order, the Debtor proposes that the following materials (collectively, the "Solicitation Package") be distributed by or on behalf of the Debtor to each record Holder of a Claim entitled to vote on the Plan:

    (a)    Notice of a hearing on, among other things, confirmation of the Plan (the "Confirmation Hearing Notice");

    (b)    an appropriate Ballot (defined below), including voting instructions;

    (c)    a return envelope; and

    (d)    such other materials as the Court may direct.

23.      With respect to the Debtor's Holders of Claims in Class 4 eligible to vote on the Plan, the Debtor requests that it be allowed to email the Solicitation Packages to Holders of Claims in Class 4 in lieu of sending the Solicitation Packages by mail.[2]

24.      The Confirmation Hearing Notice will contain instructions on how to access a copy of the Plan and Disclosure Statement and the Disclosure Statement Order online. The Confirmation Hearing Notice will further contain an e-mail address and telephone number for the Balloting Agent (defined below) in the event any party wants to receive a hard copy of the Plan and Disclosure Statement and/or the Disclosure Statement Order.

25.      The Debtor expects that it will be able to commence distribution of the Solicitation Packages within three business days after the date on which the Disclosure Statement Order is entered (the "Solicitation Commencement Date"). All other Holders of Claims or

---

[2] The Debtor is presently reviewing claims and reserves the right to modify the manner in which Holders of Claims in Class 4 are solicited and required to submit their ballots prior to the hearing on this Motion.

-8-

Interests not entitled to vote on the Plan and all parties requesting notice pursuant to Bankruptcy Rule 2002 will receive a copy of the Confirmation Hearing Notice.

26.    Although the Debtor has made, and will make, every effort to ensure that the Solicitation Packages described are in final form prior to solicitation, the Debtor nonetheless requests authority to make non-substantive changes to the Plan and Disclosure Statement and related documents without further order of the Court, including ministerial changes to correct typographical and grammatical errors, and to make conforming changes among the Plan and Disclosure Statement and any other materials in the Solicitation Packages following entry of the Disclosure Statement Order and prior to mailing.  The Debtor reserves the right to further amend or modify the Plan and Disclosure Statement following approval of this Motion.

27.    To reduce costs, the Debtor requests relief from Bankruptcy Rule 3017 that would otherwise require the Plan and Disclosure Statement to be mailed to Holders of Claims and Interests.  Because of the significant cost of printing and mailing the Plan and Disclosure Statement (or making CDs and mailing them to all creditors), the Debtor proposes to make the Plan and Disclosure Statement available in electronic format online at https://cases.primeclerk.com/hcs. The Debtor requests authority to rely on the Confirmation Hearing Notice it provides to Holders of Allowed Claims, which contains the address to the Debtor's case website with a link directly to the Plan and Disclosure Statement, to notify parties of the location of such documents.  The website will contain copies of the Plan and Disclosure Statement, which can be reviewed online or downloaded and printed free of charge.  If a party desires paper copies of the Plan and Disclosure Statement, such party can request that paper copies be mailed to them if such request is made at least three (3) business days before the Voting Deadline.  Such request can be made through the Balloting Agent's website, https://cases.primeclerk.com/hcs.  The Debtor requests that the Court determine that the Debtor is not required to distribute paper copies of the Plan and Disclosure Statement to Holders of Claims and Interests, unless a party makes a specific written request for copies of such documents as set forth herein.  Other bankruptcy courts have granted such relief in order to reduce the significant costs of soliciting votes to accept or reject a plan, and authorized

the provision of electronic copies of the plan and disclosure statement on a website instead of including copies of those documents in the solicitation package. *See In re Draw Another Circle, LLC*, Case No. 16-11452 (Bankr. D. Del. December 19, 2016) (D.I. 1067); *In re Dune Energy, Inc.*, Case No. 15-10336 (Bankr. W.D. Tex. Aug. 18, 2015) (D.I. 453); *In re Borders Group, Inc., et al.*, Case No. 11-10614 (Bankr. S.D.N.Y. Nov. 14, 2011) (D.I. 2122)

### C. Approval of Form of Ballots

28. Bankruptcy Rule 3017(d) requires that a plan proponent mail a form of ballot, substantially conforming to Official Form No. 314, to "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d); *see also* Fed. R. Bankr. P. 3018(c) (providing in part that an acceptance or rejection of a plan must be in writing and conform to the appropriate Official Form).

29. The Debtor proposes to distribute to Holders of Impaired Classes of Claims one or more ballots (each a "Ballot" and collectively, the "Ballots"), substantially in the form attached hereto as **Exhibit D**, applicable to each such creditor. The Ballot contains instructions for holders of claims. The Ballot was prepared for use by all parties that are entitled to vote on the Plan. Thus, the Debtor seeks approval of the form of the Ballot and the authority to distribute the Ballot to the holders of claims entitled to vote on the Plan. The Ballot is derived from Official Form No. 314, but with appropriate modifications so as to reflect certain aspects of, and additional information relevant to, this Chapter 11 Case, which the Debtor believes to be appropriate for their creditors.

30. The Debtor will distribute Ballots to holders of claims in Class 1 (Secured Lender Pre-Petition Claims), Class 3 (Arch Pre-Petition Claims) and Class 4 (General Unsecured Claims), who are entitled to vote on the Plan. Each Ballot will be customized to include the applicable creditor's name, address, and claim information (including the Class in which the creditor will be voting). The Debtor submits that the form of the Ballot is based substantially on

Official Form No. 314 and complies with Bankruptcy Rule 3018(c). Thus, the Debtor respectfully requests that the Court approve the form of Ballot.

31. The Debtor further proposes to distribute to Holders of Claims not entitled to vote on the Plan notices informing them of their ineligibility to vote (the "Notice of Non-Voting Status"), substantially in the form attached hereto as **Exhibit B**.

      **D.**      **Voting Deadline and Procedures**

           1.      Establishment of Voting Deadline

32. Bankruptcy Rule 3017(c) provides that, in connection with or before approval of a disclosure statement, a court shall fix a time within which the Holders of Claims entitled to vote may accept or reject the relevant chapter 11 plan.

33. In accordance with Bankruptcy Rule 3017(c), the Debtor requests that the Court enter an order requiring that, to be counted as a vote to accept or reject the Plan, any Ballot accepting or rejecting the Plan must be properly executed, completed, have only one box checked to accept or reject, and **the original** of which shall be delivered so as to be actually received by Prime Clerk (the "Balloting Agent"), not later than August 27, 2020 at 4:00 p.m. (ET) (the "Voting Deadline"). Ballots are to be delivered to the Balloting Agent by regular mail, overnight courier or hand delivery to the Balloting Agent at the following address: Hollister Construction Ballot Processing, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165. Any Ballot received by the Balloting Agent by facsimile, e-mail or other electronic communication will not be counted except as otherwise consented to by the Debtor.

34. The Debtor submits that a solicitation period of at least 30 days provides sufficient time for Holders of the Impaired Classes of Claims entitled to vote to make informed decisions to accept or reject the Plan and submit timely Ballots. Therefore, the Voting Deadline should be approved.

        2.        Temporary Allowance of Claims for Voting Purposes

35.        Bankruptcy Rule 3018(a) provides that "[n]otwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount that the court deems proper for the purposes of accepting or rejecting a plan." 11 U.S.C. §§ 502, 1126. The Debtor respectfully requests the Court set a deadline of 30 days prior to the Confirmation Hearing for the Debtor to file and serve objections to filed proofs of claim for purposes of voting on the Plan. If a creditor wants to file a motion seeking to have its Claim temporarily allowed for voting purposes (any such motion, a "3018 Motion"), the Debtor submits that the Court should set the deadline for filing and serving (i) the 3018 Motion as August 10, 2020 at 4:00 p.m. (ET) and (ii) any objection to a 3018 Motion as August 20, 2020 at 4:00 p.m. (ET).

        3.        Approval of Procedures for Vote Tabulation

36.        Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

37.        The Debtor proposes, solely for voting purposes and not for purposes of allowance or distribution on account of a Claim and without prejudice to the rights of the Debtor in any other context, that the amount of a Claim used to tabulate acceptance or rejection of the Plan be one of the following alternatives:

    (a)    if no proof of Claim was timely filed, the Claim amount listed in the Schedules of Assets and Liabilities filed with the Court by the Debtor on October 17, 2019] (D.I. 340) and the Amended Schedules of Assets and Liabilities filed with the Court by the Debtor on December 16, 2019 (D.I. 665), (collectively, the "Schedules"), provided that such Claim is not scheduled as contingent, disputed, or unliquidated;

    (b)    the liquidated amount specified in a proof of Claim, timely filed with the Court or submitted to Prime Clerk, as the Debtor's claims agent (or otherwise deemed timely filed by the Court under applicable law), to the extent that the proof of Claim is not the subject of an objection, if such Claim is filed as wholly contingent or unliquidated, such Claim shall vote in the amount of $1.00; or

    (c)    the amount temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), after notice and a hearing at or before the Confirmation Hearing.

38. If a Claim Holder casts a Ballot and the entirety of such creditor's Claim is the subject of an objection filed before the Voting Deadline, the Debtor requests that such creditor's Ballot not be counted. If a creditor casts a Ballot and part of such creditor's Claim is the subject of an objection filed before the Voting Deadline, the Debtor requests that such creditor's Ballot be treated as a Claim for voting purposes only to the extent of the remaining amount of the Claim not subject to any objection. In either case, if a creditor desires to vote in a higher amount, the creditor may seek authority from the Court to do so following notice and a hearing, pursuant to Bankruptcy Rule 3018(a).

39. Notwithstanding anything to the contrary contained herein, any creditor who has filed a proof of Claim that is duplicative of another Claim(s) within the same Class of Claims entitled to vote to accept or reject the Plan, as determined by the Debtor, shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such class, regardless of whether the Debtor has objected to such duplicate Claim(s).

40. Any creditor who holds multiple Claims within a single Class shall have such Claims aggregated, for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, as if such creditor held one Claim in such Class; the creditor will receive a single Ballot with respect to all of its Claims in each such Class, and the votes related to such Claims will be treated as a single vote to accept or reject the Plan.

41. In addition, the Debtor requests that the following voting procedures and standard assumptions ("Tabulation Rules") be used in tabulating Ballots:

-13-

(a) any Ballot that is timely received, properly completed, and that contains sufficient information to permit the identification of the claimant and that is cast as an acceptance or rejection of the Plan will be counted and cast as an acceptance or rejection, as the case may be, of the Plan. Except with the consent of the Debtor, a claimant may not change its vote once a Ballot is submitted to the Balloting Agent;

(b) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted;

(c) any Ballot cast by a Person that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan will not be counted;

(d) any Ballot cast for a scheduled Claim designated or determined as unliquidated, contingent, or disputed or as zero or unknown in amount, no timely proof of Claim was filed, and for which no 3018(a) Motion has been Filed by the 3018(a) Motion Deadline will not be counted;

(e) any Ballot timely received that is cast in a manner that indicates neither acceptance nor rejection of the Plan or that indicates both acceptance and rejection of the Plan will not be counted;

(f) any Ballot received by the Balloting Agent after the Voting Deadline will not be counted, unless the Debtor agrees in writing to an extension of such deadline;

(g) any Ballot not bearing an original signature will not be counted;

(h) any Ballot received by the Balloting Agent by facsimile, e-mail or other electronic communication will not be counted (unless otherwise permitted by the Debtor); and

(i) any Ballot that partially rejects and partially accepts the Plan will not be counted.

42.    The Debtor requests that if no Holders of Allowed Claims in a particular class of Claims eligible to accept or reject the Plan vote on the Plan, the Plan shall be deemed accepted by that particular class of Claims.

43. The last timely, properly completed Ballot received from a Holder for the same Claim(s) shall be counted and any superseded or otherwise improperly completed Ballot shall not be counted unless otherwise agreed to by the Debtor.

44. The Debtor submits that the proposed Tabulation Rules and other related vote tabulation procedures set forth above will establish a fair and equitable voting process and, therefore, should be approved.

### III. CONFIRMATION HEARING

#### A. The Confirmation Hearing and Notice Thereof

45. Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and equity interests may accept or reject the plan and may fix a date for the hearing on confirmation. In accordance with Local Rule 3017, the Debtor requests that the Confirmation Hearing be scheduled for September 3, 2020 at 10:00 a.m. (Eastern Time). The Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtor without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court. The proposed date for the Confirmation Hearing is in compliance with the Bankruptcy Rules and the Local Rules and will enable the Debtor to pursue confirmation of the Plan in a timely fashion.

46. The Debtor proposes to provide to all parties and Creditors who have filed or scheduled Claims or Interests, who are listed on Schedules E/F or G, or who have filed a notice of appearance pursuant to Bankruptcy Rule 2002[3] a copy of the Confirmation Hearing Notice, a form of which is attached hereto as **Exhibit C**, setting forth: (i) the Voting Deadline, (ii) the Confirmation Objection Deadline, (iii) procedures for filing objections and responses to confirmation of the Plan, and (iv) the time, date, and place for the Confirmation Hearing.

---

[3] The Debtor shall not be required to serve the Confirmation Hearing Notice on any party previously served for whom the Debtor or the Balloting Agent received returned mail, with no forwarding address.

-15-

B.  **Objection Procedures**

47. In accordance with Rule 3017, the Debtor proposes that the Confirmation Objection Deadline be set for **August 27, 2020 at 4:00 p.m. (Eastern Time)**. Any objection to confirmation of the Plan must be in writing, must conform to the Bankruptcy Rules, must set forth the name, address, phone number and email of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the Debtor, the basis for the objection and the specific grounds of the objection, and must be filed with the Bankruptcy Court, with a copy to chambers, together with proof of service thereof, and served by no later than the Confirmation Objection Deadline upon: (i) counsel to the Debtor, Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, New Jersey 07068 (Attn: Kenneth A. Rosen, Esq. and Mary E. Seymour, Esq.), (ii) the Office of the United States Trustee, One Newark Center, Suite 2100, Newark, New Jersey 07102 (Attn: Lauren Bielskie, Esq.); (iii) counsel to the Official Committee of Unsecured Creditors, McManimon, Scotland & Bauman, LLC, 75 Livingston Avenue, Roseland, New Jersey, 07068 (Attn: Sam Della Fera, Esq.); (iv) counsel to Pre-Petition Secured Lender, PNC Bank, Duane Morris LLP, 30 South 17th Street, Philadelphia, PA 19103 (Attn: James J. Holman, Esq.); (v) counsel to Arch Insurance, Chiesa Shahinian & Giantomasi PC, One Boland Drive, West Orange, NJ 07052 (Attn: Armen Shahinian, Esq.); and (vi) such other parties as the Bankruptcy Court may order. The Debtor submits that if there are objections, it will assist the Court and may expedite the Confirmation Hearing if the Debtor and any other party supporting confirmation of the Plan is given an opportunity to reply to any such objections. Accordingly, the Debtor requests for itself, and any other parties supporting the Plan, authorization to file and serve replies or an omnibus reply to any such objections on or before September 1, 2020.

48. The Confirmation Objection Deadline and reply schedule proposed will afford the Debtor and other parties in interest sufficient time to consider the objections and file any replies, while leaving the Court sufficient time to consider any such objections and replies before the Confirmation Hearing.

49. The Debtor respectfully requests that the Court approve these procedures for filing objections to confirmation of the Plan and replies thereto pursuant to Bankruptcy Rules 2002, 3017, and 3020.

**NOTICE**

50. Notice of this Motion will be provided to: (a) the Office of the United States Trustee for the District of New Jersey; (b) counsel to the Committee; (c) counsel to the Pre-Petition Secured Lender; (d) counsel to Arch Insurance; and (e) all parties entitled to notice of this Motion pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice is necessary or required.

**NO PRIOR REQUEST**

51. No prior request for the relief sought herein has been made to this or any other Court.

Dated: June 19, 2020	Respectfully submitted,

**LOWENSTEIN SANDLER LLP**

/s/ *Kenneth A. Rosen, Esq.*
Arielle B. Adler, Esq.
Bruce Buechler, Esq.
Jennifer B. Kimble, Esq. (admitted *pro hac vice*)
Kenneth A. Rosen, Esq.
Mary E. Seymour, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)
krosen@lowenstein.com
bbuechler@lowenstein.com
mseymour@lowenstein.com
jkimble@lowenstein.com
aadler@lowenstein.com
*Counsel to the Debtor and Debtor-in-Possession*

-17-