UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**STARK & STARK, P.C.**
Joseph H. Lemkin, Esq. (JL-2490)
jlemkin@stark-stark.com
993 Lenox Drive, Bldg. 2
Lawrenceville, NJ 08648
Direct: (609) 791-7022
Facsimile: (609) 895-7395
*Special Counsel to Debtor*

**Order Filed on June 30, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| In re:<br><br>HOLLISTER CONSTRUCTION SERVICES, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-27439 (MBK) |

## ORDER APPROVING OF SETTLEMENT AGREEMENT WITH ALL MY FRIENDS, LLC

The relief set forth on the following page numbered two (2) is hereby **ORDERED.**

**DATED: June 30, 2020**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Debtor: Hollister Construction Services, Inc.
Case No.: 19-27439 (MBK)
Caption: *Order Approving of Settlement Agreement with All My Friends, LLC*

___

**THIS MATTER** having been brought before the Court upon the Application of Hollister Construction Services, LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), seeking the entry of an order approving a Settlement Agreement (the "Agreement") by and between the Debtor and All My Friends, LLC ("AMF") resolving an open account receivable; and the Court having reviewed the Application, and it appearing that the relief requested therein is in the best interests of the Debtor, its estate and its creditors; and for good cause shown;

**IT IS HEREBY ORDERED THAT:**

1. The Agreement with AMF is hereby approved.

2. The Debtor and AMF are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order and the terms of the Agreement.

3. Notwithstanding the applicability of any of the Bankruptcy Rules, the terms and conditions of this Order and the Agreement shall be immediately effective and enforceable upon the entry of this Order.

4. This Court retains exclusive jurisdiction to hear and decide any disputes related to, arising under or from the implementation, interpretation, and/or enforcement of this Order and the Agreement.

# EXHIBIT A

# SETTLEMENT AGREEMENT

# SETTLEMENT AGREEMENT

**WHEREAS, All My Friends, LLC** ("**AMF**")**,** 10 Maple Street, Summit, New Jersey, retained **Hollister Construction Services, LLC** ("**Hollister**")**,** having a principal place of business at 339 Jefferson Road, Parsippany, New Jersey 07054, to provide construction services in connection with Bar Bocoa restaurant located in Summit, New Jersey (**"Project"**);

**WHEREAS, Hollister** performed services, in connection with the **Project;**

**WHEREAS,** on September 11, 2019, **Hollister** filed a voluntary petition for relief pursuant to Chapter 11 of the United States Bankruptcy Coder in the United States Bankruptcy Court for the District of New Jersey (Trenton) and such petition is pending bearing Case No. 19-27439;

**WHEREAS,** a dispute has arisen as to the balance of payment that is due and owing, if any, by **AMF** to **Hollister** in connection with the **Project;**

**WHEREAS,** after negotiations, **AMF** and **Hollister** resolved their disputes and want to memorialize their agreement in a writing for formal execution in accord with applicable law;

**WHEREAS,** no party hereto is an infant or an incompetent person for whom a committee or conservatee has been appointed;

1

**IT IS HEREBY AGREED,** between the respective parties hereto that, in consideration of, among other things, the mutual obligations of the parties as set forth below, the receipt and sufficiency of such consideration the parties expressly acknowledge and accept, the parties agree as follows:

1. **AMF** agrees to remit a total payment in the amount of **Six Thousand Five Hundred Dollars and 00/100** ($6,500) ("Total Settlement Sum") to **Hollister** in accord with the remaining terms of this Agreement.

2. **AMF** agrees to remit the Total Settlement Sum to **Hollister** within ten (10) days of **AMF's Counsel's** receipt of documentation evidencing the court's approval of this Agreement.

3. **Hollister** agrees to forbear the filing, or causing of the filing, of any lawsuit, Mechanic's Lien, or other encumbrance as and against **AMF** and/or its property (real or otherwise) in connection with the **Project.**

4. **Hollister** and **AMF** agree that any contract or agreement between **Hollister** and **AMF** relating to the **Project** is terminated.

5. Excepting actions the parties may take to enforce the terms of this Agreement, **Hollister** hereby generally and unconditionally releases and discharges **AMF** from any and all liabilities, liens, claims, demands, causes of action, obligations, accounts, losses, and damages, known or unknown, that **Hollister** now has, or may come to have in the future, arising directly or indirectly out of the **Project.**

6. Excepting actions the parties may take to enforce the terms of this Agreement, **AMF** hereby generally and unconditionally releases and discharges **Hollister** from any and all liabilities, liens, claims, demands, causes of action, obligations, accounts, losses, and damages, known or unknown, that **AMF** now has, or may come to have in the future, arising directly or indirectly out of the **Project.**

7. The parties have entered into this Agreement in good faith. The parties agree and acknowledge that they understood that they had the right to legal counsel of their own choosing for the negotiations and preparation of this Agreement.

2

**8.** The parties acknowledge that they have not executed this Agreement in reliance on any representation, inducement, promise, agreement or warranty which is not contained herein. The parties further agree that any purported supplements, modifications, waivers or terminations of this Agreement shall not be valid or binding, unless executed in writing by all parties or their duly appointed legal representative

**9.** All prior understandings, negotiations, and agreements between the parties are merged in this Agreement. This Agreement completely expresses each party's full understanding and agreement as to the resolution of the parties' dispute and the above captioned lawsuit. Neither party has relied upon statements or representations, regardless of the source, that are not set forth in this Agreement.

**10.** The language used in this Agreement will be deemed to be the language chosen by the parties to express their mutual intent, and no rules of strict construction will be applied against any party.

**11.** A party's breach of this Agreement shall immediately relieve all other parties from any obligations imposed by this Agreement.

**12.** Nothing in this Agreement shall be deemed to hinder the parties' respective right to enforce the terms of this Agreement in the bankruptcy court to the extent applicable.

**13.** This Agreement may not be changed except in writing duly executed by the parties hereto or their duly appointed representative.

**14.** This Agreement shall be governed by, interpreted, and construed in accordance with the laws of the State of New Jersey.

**15.** Failure by any party to insist upon strict performance of any obligation hereunder shall not be deemed a waiver, abandonment, or compromise of any right or right of action otherwise arising therefrom.

**16.** If any provision of this Agreement shall be deemed unenforceable, void, and/or illegal by a court of competent jurisdiction, the remainder of the Agreement's provisions shall be unaffected and remain in full force and effect.

17. Each of the signatories to this Agreement represents and confirms that they are duly authorized to execute and thereby bind the respective entities to this Agreement. All parties acknowledge and agree that all parties are relying on this representation as an inducement to execute this Agreement.

18. All provisions of this Agreement shall survive the Agreement's execution.

19. This Agreement may be signed in counterparts by facsimile each of which shall be deemed the equivalent of an original; but all parties shall receive copies of all executed signature pages

**IN WITNESS WHEREOF,** the parties hereto have set their hands and seal:

/s/
**All My Friends, LLC**

Dated: June 4, 2020

/s/ Chris Johnson
**Hollister Construction Services, LLC**
**By: Chris Johnson, Head Coach**
Dated: June 4, 2020