| | |
|---|---|
| **LOWENSTEIN SANDLER LLP**<br>Arielle B. Adler, Esq.<br>(aadler@lowenstein.com)<br>Bruce Buechler, Esq.<br>(bbuechler@lowenstein.com)<br>Joseph J. DiPasquale, Esq.<br>(jdipasquale@lowenstein.com)<br>Jennifer B. Kimble, Esq.<br>(jkimble@lowenstein.com)<br>Kenneth A. Rosen, Esq.<br>(krosen@lowenstein.com)<br>Mary E. Seymour, Esq.<br>(mseymour@lowenstein.com)<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>(973) 597-2500 (Telephone)<br>(973) 597-2400 (Facsimile)<br><br>*Counsel to the Debtor and Debtor-in-Possession* | **RIKER DANZIG SCHERER HYLAND & PERRETTI LLP**<br>Joseph L. Schwartz, Esq. (JS-5525)<br>Tara J. Schellhorn, Esq. (TS-8155)<br>Headquarters Plaza<br>One Speedwell Avenue<br>Morristown, New Jersey 07962-1981<br>(973) 538-0800<br><br>*Counsel to Newark Warehouse Urban Renewal, LLC and*<br>*Newark Warehouse Redevelopment Company, LLC* |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>Hollister Construction Services, LLC,<br><br>Debtor. | Hon. Michael B. Kaplan, U.S.B.J.<br><br>Case No. 19-27439 (MBK)<br><br>Chapter 11<br><br>**Hearing Date: August 20, 2020 at 10:00 a.m. (ET)**<br>**Objection Deadline: August 13, 2020 at 4:00 p.m. (ET)** |

**NOTICE OF JOINT MOTION OF DEBTOR AND NEWARK WAREHOUSE URBAN RENEWAL, LLC/NEWARK WAREHOUSE REDEVELOPMENT COMPANY, LLC FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AND COMPROMISE PURSUANT TO FED. R. BANKR. P. 9019**

The above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its undersigned counsel, along with Newark Warehouse Urban Renewal, LLC ("NWUR") and Newark Warehouse Redevelopment Company, LLC ("NWRC" and, together with NWUR, the "NWR Entities"), by and through their undersigned counsel, hereby jointly submit this Motion (the "Motion") seeking the entry of an order, substantially in the form submitted herewith, approving a settlement between and among the Debtor and the NWR Entities, as more particularly described herein, pursuant to Fed. R. Bankr. P. 9019.

**Your rights may be affected.** **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Bankruptcy Court (the "Court") to issue an order granting the Motion, or if you want the Court to consider your views on the Motion, then, on or before **August 13, 2020 at 4:00 p.m. (ET)**, you or your attorney must:

- File an objection, pursuant to D.N.J. LBR 9013-2, with the Clerk of the Court at:

    United States Bankruptcy Court
    District of New Jersey
    Clarkson S. Fisher US Courthouse
    402 East State Street
    Trenton, NJ 08608

    If you mail your objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

- Deliver a copy of your objection (a) to counsel to the Debtor at the following address: Lowenstein Sandler LLP, Attn.: Joseph J. DiPasquale, Esq. And Arielle B. Adler, Esq., One Lowenstein Drive, Roseland, New Jersey 07068, phone: (973) 597-2500, fax: (973) 597-2400, e-mail: jdipasquale@lowenstein.com and aadler@lowenstein.com; (b) to counsel to the NWR Parties at the following addresses: Riker, Danzig, Scherer, Hyland & Perretti LLP, Attn: Joseph L. Schwartz, Esq. and Tara J. Schellhorn, Esq., One Speedwell Avenue, Morristown, New Jersey 07962-1981, phone: (973) 538-0800, fax: (973) 538-1984, e-mail: jschwartz@riker.com and tschellhorn@riker.com; and (c) to all parties requesting notice in this case, so as to be received on or before **August 13, 2020 at 4:00 p.m. (ET)**.

- Attend the hearing scheduled to be held on **August 20, 2020 at 10:00 a.m. (ET)** before the Honorable Michael B. Kaplan, U.S.B.J., United States Bankruptcy Court, Clarkson S. Fisher US Courthouse, 402 East State Street, Trenton, New Jersey 08608.

[*Remainder of the Page Intentionally Left Blank*]

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.

Dated: July 20, 2020

**LOWENSTEIN SANDLER LLP**

/s/ *Kenneth A. Rosen*
Kenneth A. Rosen, Esq.
Bruce Buechler, Esq.
Joseph J. DiPasquale, Esq.
Mary E. Seymour, Esq.
Jennifer B. Kimble, Esq. (admitted *pro hac vice*)
Arielle B. Adler, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500
*Counsel to the Debtor and Debtor-in-Possession*

and

**RIKER DANZIG SCHERER HYLAND & PERRETTI LLP**

/s/ *Joseph L. Schwartz*
Joseph L. Schwartz, Esq. (JS-5525)
Tara J. Schellhorn, Esq. (TS-8155)
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
(973) 538-0800
*Counsel to Newark Warehouse Urban Renewal, LLC and Newark Warehouse Redevelopment Company, LLC*

| | |
|---|---|
| **LOWENSTEIN SANDLER LLP**<br>Arielle B. Adler, Esq.<br>(aadler@lowenstein.com)<br>Bruce Buechler, Esq.<br>(bbuechler@lowenstein.com)<br>Joseph J. DiPasquale, Esq.<br>(jdipasquale@lowenstein.com)<br>Jennifer B. Kimble, Esq.<br>(jkimble@lowenstein.com)<br>Kenneth A. Rosen, Esq.<br>(krosen@lowenstein.com)<br>Mary E. Seymour, Esq.<br>(mseymour@lowenstein.com)<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>(973) 597-2500 (Telephone)<br><br>*Counsel to the Debtor and Debtor-in-Possession* | **RIKER DANZIG SCHERER HYLAND & PERRETTI LLP**<br>Joseph L. Schwartz, Esq. (JS-5525)<br>Tara J. Schellhorn, Esq. (TS-8155)<br>Headquarters Plaza<br>One Speedwell Avenue<br>Morristown, New Jersey 07962-1981<br>(973) 538-0800<br>(973) 597-2400 (Facsimile)<br><br>*Counsel to Newark Warehouse Urban Renewal, LLC and*<br>*Newark Warehouse Redevelopment Company, LLC* |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>Hollister Construction Services, LLC,<br><br>Debtor. | Hon. Michael B. Kaplan, U.S.B.J.<br><br>Case No. 19-27439 (MBK)<br><br>Chapter 11<br><br>**Hearing Date: August 20, 2020 at 10:00 a.m. (ET)**<br>**Objection Deadline: August 13, 2020 at 4:00 p.m. (ET)** |

**JOINT MOTION OF DEBTOR AND NEWARK WAREHOUSE URBAN RENEWAL, LLC/NEWARK WAREHOUSE REDEVELOPMENT COMPANY, LLC FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AND COMPROMISE PURSUANT TO FED. R. BANKR. P. 9019**

The above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its undersigned counsel, along with Newark Warehouse Urban Renewal, LLC ("NWUR") and Newark Warehouse Redevelopment Company, LLC ("NWRC" and, together with NWUR, the "NWR Entities"), by and through their undersigned counsel, hereby jointly submit this motion (the "Motion") seeking the entry of an order, substantially in the form submitted herewith, approving a settlement between and among the Debtor and the NWR Entities, as more particularly described

herein, pursuant to Fed. R. Bankr. P. 9019.  In support of this Motion, the Debtor and the NWR Entities state as follows:

## JURISDICTION, VENUE, AND STATUTORY PREDICATES

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey entered on July 23, 1984, as amended on September 18, 2012 (Simandle, C.J.).  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3. The Debtor and the NWR Entities consent to the entry of a final order on the Motion by this Court if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

4. The statutory predicates for the relief requested in this Motion are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 6004, 6006 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

5. On September 11, 2019 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby initiating the above-captioned chapter 11 case (the "Bankruptcy Case").  Since the Petition Date, the Debtor has continued to manage its business affairs as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of, and the Court has not appointed, a trustee or examiner in the Bankruptcy Case.

6. On September 23, 2019, the Office of the United States Trustee appointed an official committee of unsecured creditors in the Bankruptcy Case.

7. Additional details regarding the Debtor's business, the facts and circumstances leading up to the filing of the Chapter 11 Case and supporting the relief requested

herein are set forth in the *Declaration of Brendan Murray in Support of First Day Relief* [Docket No. 15].

  A. **The Parties**

   8. The Debtor is a New Jersey limited liability company whose principal office is located in Parsippany, New Jersey. The Debtor is a regional general construction firm that provides construction management services, i.e., professional management services for construction projects located across New Jersey and New York.

   9. Prior to the Petition Date, the Debtor operated a substantial construction business. During calendar year 2018, the Debtor collected approximately $292,034,763 in gross revenue. In connection with its business operations, the Debtor depends on payments from project owners both at certain stages of the project and upon completion of the project. The Debtor's receivables from those project owners are assets of the Debtor and property of its bankruptcy estate.

  B. **The Contracts**

   (i) **The GMP Contract**

   10. NWUR owns a former warehouse building located at 110 Edison Place, Newark, New Jersey 07102 (the "Building"). NWUR leases the Building to NWRC.

   11. On or about April 20, 2017, NWUR entered into an Agreement For Construction Management Services and Guaranteed Maximum Price (and together with an Amendment, the "GMP Contract") with the Debtor. Under the GMP Contract, the Debtor was designated the Construction Manager and was required to provide construction management services for a project involving the renovation of the Building (the "Project").

   12. The scope of the Project involved renovations to the core and shell of the Building, providing for a basement, six (6) stories as well as a newly-constructed penthouse addition, all totaling approximately 410,000 gross square feet.

13. Under the GMP Contract, the NWR Entities were required to pay the Debtor for the cost of the work provided by various subcontractors and material suppliers, plus a fee, with a guaranteed maximum price ("GMP"). The GMP under the GMP Contract was approximately $43,810,398.78.

14. Subsequent disputes arose between the Debtor, the NWR Entities and many of the subcontractors and material providers that performed work and/or provided materials at the Project. To date, a number of construction liens have been filed against the Building by various subcontractors and material providers.

15. Accordingly, both before and since the Petition Date, the NWR Entities have been compelled to litigate numerous construction lien foreclosure lawsuits brought by such subcontractors and material providers.

16. The NWR Entities allege that the Debtor breached the GMP Contract. As a result of the Debtor's alleged breaches of the GMP Contract, on September 5, 2019, the NWR Entities filed a complaint against the Debtor, its principals, Christopher Johnson and Kieran Flanagan, and president Brendan Murray, among others, in the Superior Court of New Jersey, Law Division, Essex County, captioned as Newark Warehouse Urban Renewal, LLC et al. v. Hollister Construction Services, LLC et al., Docket Number ESX-L-006514-19, asserting various causes of action, including breach of contract, negligence, fraud, breach of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq., breach of the implied covenant of good faith and fair dealing, and intentional and negligent misrepresentation seeking relief on various bases (the "State Court Action").

**(ii)    The Columbia Street Extension Contract**

17. On or about September 18, 2017, Edison Construction Management, LLC ("Edison"), as agent of Mulberry Parking Properties, LLC, entered into a General Contractor Construction Contract with the Debtor (together with all amendments, the "Columbia Street Extension Contract") for the construction of a project involving the realignment and extension of

-4-

Columbia Street from Lafayette Street to Edison Place in Newark, New Jersey (the "Columbia Street Extension").

18. The NWR Entities are affiliates of Edison.

19. As is set forth below, the Debtor asserts that Edison owes the Debtor money for work performed by the Debtor under the Columbia Street Extension Contract.

**(iii)    The 3rd Floor Office Fit Out Contract**

20. Further, on or about September 7, 2018, NWUR and the Debtor entered into a General Contractor Construction Contract (together with all amendments, the "3rd Floor Office Fit Out Contract") (the 3rd Floor Office Fit Out Contract, together with the Columbia Street Extension Contract and the GMP Contract, the "Contracts") for the construction of a project inside the Building (the "3rd Floor Office Fit Out").

21. As is set forth below, the Debtor asserts that Edison owes the Debtor money for work performed by the Debtor under the 3rd Floor Office Fit Out Contract.

**C.    The Newark Entities' Motion for Relief from the Automatic Stay to Terminate the GMP Contract**

22. On September 26, 2019, the NWR Entities filed a motion with the Court for entry of an order: (i) confirming that the GMP Contract was not property of the Debtor's estate and that the automatic stay is inapplicable to the GMP Contract's termination, or, in the alternative, granting the NWR Entities relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1), and (ii) for related relief (the "Stay Relief Motion") [Docket No. 170].

23. After a hearing on the Stay Relief Motion held on October 8, 2019, the Court entered an order on October 11, 2019 granting the NWR Entities relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for "cause" to terminate the GMP Contract, determining that the GMP Contract was deemed terminated as of October 11, 2019 and determining that the NWR Entities are entitled to assert any and all of their non-monetary post-termination rights as set forth in the GMP Contract. See Docket No. 303.

**D. The Debtor's Removal of the State Court Action/The NWR Entities' Motion to Remand**

24. On October 9, 2019, the Debtor filed a Notice of Removal in the United States District Court for the District of New Jersey (the "District Court"), thereby removing the State Court Action to the District Court.[1]

25. On October 24, 2019, the District Court referred the State Court Action to this Court, thereby commencing the "NWR Adversary Proceeding".[2]

26. On November 8, 2019, the NWR Entities filed a motion seeking to remand the NWR Adversary Proceeding to the State Court or, in the alternative, to have this Court abstain from exercising jurisdiction over the State Court Action (the "Remand Motion"). The Remand Motion has been adjourned a number of times and remains pending before this Court.

27. On October 29, 2019, the Debtor filed an Answer generally denying, and asserting affirmative defenses to, the NWR Entities' allegations and claims in the NWR Adversary Proceeding.[3] The Debtor also asserted various Counterclaims against the NWR Entities.[4] Contemporaneously therewith, the Debtor filed a Third-Party Complaint against Edison and Pasquale Suriano ("Suriano"), Edison's Executive Vice President of Engineering and Construction.[5]

28. By way of the Counterclaims and Third-Party Complaint, the Debtor alleges and asserts, *inter alia*, that the NWR Entities breached the GMP Contract and owe the Debtor in excess of $16 million related thereto; that the NWR Entities breached the 3rd Floor Office Fit Out Contract and owe the Debtor in excess of $722,000 related thereto; that Edison breached the Columbia Street Extension Contract and owes the Debtor in excess of $280,000 related thereto; that Edison and the NWR Entities violated the New Jersey Prompt Payment Act, N.J.S.A. 2A:30A-1 *et seq.*, by failing and refusing to pay the Debtor under the terms of the respective GMP Contract,

---

[1] *See* Case No. 19-cv-18829-CCC-MF, Docket No. 1.
[2] *See id.*, Docket No. 6; Adv. Pro. No. 19-02222, Docket No. 1.
[3] *See* NWR Adv. Pro., Docket No. 3.
[4] *See id.*
[5] *See id.*

-6-

the 3rd Floor Office Fit Out Contract, and Columbia Street Extension Contract; and that Edison and Suriano interfered with the Debtor's performance of work relating to the GMP Contract and the 3rd Floor Office Fit Out Contract, thereby causing the Debtor to incur damages. The Debtor further alleged that the amounts owed by the NWR Entities under the GMP Contract and the 3rd Floor Office Fit Out Contract are property of Hollister's bankruptcy estate pursuant to section 541(a)(1) of the Bankruptcy Code; that those amounts should be immediately turned over to the Debtor pursuant to section 542 of the Bankruptcy Code; and that the NWR Entities' filed proof of claim in the Debtor's bankruptcy case (discussed below) should be disallowed pursuant to section 502(d) of the Bankruptcy Code unless the foregoing amounts are paid in full to the Debtor.[6]

29. Any amounts owed by the NWR Entities under the GMP Contract, the Columbia Street Extension Contract and the 3rd Floor Office Fit Out Contract are property of Hollister's bankruptcy estate pursuant to section 541(a)(1) of the Bankruptcy Code.

E. **The Lien Claimants, Arch and the Quantum Meruit Claimants**

30. The following subcontractors and material providers have asserted one or more construction liens under the New Jersey Construction Lien Law, N.J.S.A. § 2A:44A-1 *et seq.* (the "New Jersey Construction Lien Law"), against the Project, the Columbia Street Extension, and/or the 3rd Floor Office Fit Out for work, services, material or equipment provided: City Contracting, Inc., Graybar Electric Company, Inc., Leslie Katchen Steel Construction, Inc., MixOnSite USA, Inc. ("MixOnSite"), Ace Wire, Advantage Building Supply Corporation, Allglass Systems, LLC, Atlantic Concrete, Bost Concrete & Construction, LLC, C Restoration Inc., Cardella Trucking Co., Inc., Dehn Bros. Fire Protection, Inc., Environmental Devices, Inc., FM Construction Group, LLC ("FM Construction"), Gallant & Wein Corporation, Haddad Plumbing & Heating Inc., Herc Rentals, Inc., Marjam Supply Co., Inc., MDS Construction Corp. ("MDS Construction"), Mercury Paint Corporation, Sunbelt Rentals, Inc., Sunny Brook Pressed

---

[6] The NWR Entities, Edison and Suriano deny the Debtor's allegations.

Concrete; Surf Fire & Security, Inc., United Rentals Inc., and U.S. Electrical Services, Inc. (collectively, the "Lien Claimants").[7]

31. Prior to the Petition Date, Arch Insurance Company and Arch Reinsurance Company (collectively, "Arch") issued certain construction lien surety bonds under the New Jersey Construction Lien Law, naming NWUR and/or NWRC as principal, and certain of the Lien Claimants as obligee, with respect to certain construction liens recorded by certain of the Lien Claimants against the projects covered by the Contracts on which the Debtor acted as construction manager.

32. The construction lien surety bonds issued by Arch had the legal effect of discharging those Lien Claimants' construction liens against the Building or the Columbia Street Extension for which Arch issued construction lien surety bonds.

33. The following subcontractors and material providers have asserted one or more claims against the Debtor arising from work, services, material or equipment provided on the Project, the Columbia Street Extension, and/or the 3rd Floor Office Fit Out that is or are not supported by an alleged construction lien under the New Jersey Construction Lien Law: 24/7 Security Agency, LLC, 360 Fire Prevention, LLC, Advanced Scaffold Services Mid-Atlantic LLC, Alessandra Misc Metalworks, Inc, Bel-Con Construction Services, Inc., Bridge Builders Newark LLC, Cutting Edge Glass, Inc., East Coast Elevator, LLC; Elevation1 Inc., Ferry Carpet Inc., FM Construction, Johnny On The Spot, Inc., Maser Consulting P.A., Maverick Building Services, Inc., MDS Construction, MixOnSite, National Fireproofing & Insulation Co., Inc., Nordic Contracting Inc., Patriot Sawcutting, Inc., Power Fast Inc., Rent-A-Fence Inc., Somerset Wood Products, Co., Starlite Electric LLC, Strober-Wright Roofing Inc., Suburban Propane Gas Corporation, Tri-State Folding Partitions, Tru-Fit Frame and Door Corp., PSG Interiors, Corp., KR Masonry LLC, Benco

---

[7] This group of subcontractors and material providers is defined as the "Lien Claimants" for convenience only. The Debtor expressly reserves and preserves its rights to object to any alleged or asserted claim of any Lien Claimant on any basis, including the nature, extent and validity of any alleged lien.

-8-

Inc. and Lynch Contracting LLC (collectively, the "Quantum Meruit Claimants").[8] Certain of the Quantum Meruit Claimants have also asserted claims against the NWR Entities under the doctrines of unjust enrichment and/or *quantum meruit* and/or similar theories.

### F. The NWR Entities' Motion Determining that Certain Claimants Have Violated the Automatic Stay and for Other Relief

34. On January 6, 2020, the NWR Entities filed a motion with the Court for entry of an order (i) determining that certain parties have violated and continue to violate the automatic stay, (ii) that certain asserted liens filed post-petition are void *ab initio*, (iii) confirming the applicability of the automatic stay and (iv) granting related relief [Docket No. 740] (the "NWR Stay Violation Motion").

35. After substantial briefing, on March 13, 2020, the Court issued a Memorandum Opinion [Docket No. 1010] and an Order [Docket No. 1011] Granting in Part and Denying in Part the NWR Stay Violation Motion.

### G. The NWR Entities' Proof of Claim

36. On November 15, 2019, the NWR Entities timely filed a proof of claim in the Bankruptcy Case in the amount of $12,425,822.00 for damages arising from the Debtor's alleged breach of the GMP Contract.

### H. The Settlement

37. As a result of the substantial disputes between and among the Debtor, the NWR Entities, Edison and Suriano, which specifically include disputes involving the Lien Claimants and the Quantum Meruit Claimants, over the past few months, the NWR Entities and the Debtor have engaged in discussions concerning a potential settlement. After substantial negotiation and effort, the parties have agreed to a settlement (the "Settlement") that includes the following terms:

---

[8] This group of subcontractors and material providers, along with any Lien Claimants who have or may assert claims based on unjust enrichment or *quantum meruit*, is defined as the "Quantum Meruit Claimants" for convenience only. The Debtor expressly reserves and preserves its rights to object to any alleged or asserted claim of any Quantum Meruit Claimant on any basis.

-9-

- Upon entry of (i) a final and non-appealable order approving the Settlement and (ii) any final and non-appealable order(s) or final and non-appealable judgment(s) granting the relief sought by the Debtor in its Complaint related to this Settlement (discussed below), the NWR Entities shall pay the Debtor $2.1 million, which consists of (A) $1.6 million paid into an escrow account (the "Escrowed Settlement Proceeds"); and (B) $500,000 as specific consideration for the Debtor's delivery of certain manifests and the usual and customary close out documents related to the Columbia Street Extension to the NWR Entities (the "Columbia Street Extension Close Out Amount");

- The Lien Claimants' liens are to be removed from the Project, the Columbia Street Extension, and the 3rd Floor Office Fit Out, as well as any bonds related thereto, and shall be transferred to and shall attach to the Escrowed Settlement Proceeds;

- No disbursements of any settlement funds shall be made pending further order of the Court;

- The Debtor, the Debtor's estate, and the Debtor's members, on the one hand, and the NWR Entities and their affiliates, including but not limited to all third party defendants in the Third Party Complaint, on the other hand, shall exchange broad mutual general releases. These releases will specifically include all the individuals involved in the NWR Adversary Proceeding;

- The Debtor shall seek by the filing of an adversary complaint (the "Complaint") a channeling injunction directing that any and all claims held by the Quantum Meruit Claimants shall be directed to the Escrowed Settlement Proceeds for any recovery on their claims. The injunctive relief and other relief sought in the Complaint is necessary and integral to the relief requested in this Motion;

- As a condition of any distribution on account of their claims against the Project, the Columbia Street Extension and/or the 3rd Floor Office Fit Out from the Escrowed Settlement Proceeds, each Defendant shall provide the Debtor, the NWR Entities and their respective affiliates with a general release; and

- The proposed Settlement is expressly subject to Court approval, and the NWR Entities and the Debtor shall have veto rights over the Settlement if the Settlement is not approved in all respects as

requested, including the Court granting the relief sought in the Complaint.

## RELIEF REQUESTED

38. By this Motion, the Debtor and the NWR Entities jointly seek the entry of an order approving the Settlement pursuant to Bankruptcy Rule 9019.

## BASIS FOR RELIEF

39. Bankruptcy Rule 9019(a) provides, in pertinent part, that upon a motion, and after notice and a hearing, the Court may approve a compromise or settlement. See Fed R. Bankr. P. 9019.

40. Approval of a settlement remains in the sound discretion of the Court. See In re Neshaminy Office Bldg. Assocs., 62 B.R. 798, 803 (E.D. Pa. 1986). In determining whether to approve a settlement, the Court should determine whether the proposed settlement is in the best interests of the estate. Id.; see also In re Energy Coop., Inc., 886 F.2d 921, 927 (7th Cir. 1989).

41. The Supreme Court has recognized that "in administering a reorganization proceeding in an economical and practical manner, it will often be wise to arrange a settlement of claims in which there is substantial and reasonable doubts." Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (noting that "[c]ompromises are 'a normal part of the process of reorganization.'") (citation omitted), reh'g denied, 391 U.S. 909 (1968).

42. Further, the settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged. See In re Penn Central Transp., 596 F.2d 1102 (3d Cir. 1979); In re Mavrode, 205 B.R. 716, 719 (Bankr. D.N.J. 1997).

43. The Third Circuit, applying TMT Trailer in the context of a settlement pursuant to Bankruptcy Rule 9019(a), has set forth four factors to be considered:

> (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors.

Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996).

44. In determining whether to approve a settlement, a bankruptcy court should not substitute its judgment for that of the debtor and the parties. See Neshaminy Office Bldg. Assocs., 62 B.R. at 803. The bankruptcy court is not to decide the numerous questions of fact or law raised by the controversy, but rather should "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." Cosoffi v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608, 613 (2nd Cir.) (citations omitted), cert denied, 464 U.S. 822 (1983); Mavrode, 205 B.R. at 720.

45. As a result, in reaching its decision regarding the approval of the proposed compromise, the bankruptcy court need not conclusively determine the claims, which are the subject of the compromise, nor find that the compromise constitutes the best result obtainable. See W.T. Grant, 699 F.2d at 613.

46. The Debtor and the NWR Entities respectfully submit that the Settlement is fair and prudent, in the best interests of the estate, and falls within the "range of reasonableness" envisioned by the case law. In particular, the Settlement would afford the Debtor and the estate with substantial funds and would stop the estate from expending substantial costs associated with risky litigation with the NWR Entities. Additionally, the Settlement would allow the Claimants who have valid claims, particularly Lien Claims, to receive payments expeditiously, and would reduce claims against the estate.

47. Future proceedings regarding the Remand Motion, the Debtor's alleged breach of the GMP Contract and the Debtor's claims in the NWR Adversary Proceeding would be protracted and expensive, will require the resolution of complex issues, and will involve substantial uncertainties and risks inherent in litigation. As a result, absent the Settlement, the Debtor and the estate would continue to incur substantial litigation costs, and the estate would potentially be exposed to the NWR Entities' claim in excess of $12 million.

48. Additionally, the Debtor and the estate will most certainly have to defend against attempts by the NWR Entities to reduce—automatically or otherwise—the accounts receivable allegedly owed to the Debtor by the amount of payments made by the NWR Entities to subcontractors or material providers. N.J.S.A. 2A:44A-12.[9]

49. For these reasons, the Debtor and the NWR Entities submit that the Settlement will benefit the Debtor, its estate and its creditors, and is in the best interests of the Debtor and its estate.

50. For the foregoing reasons, the Debtor and the NWR Entities submit that this Court should approve the Settlement.

## WAIVER OF BANKRUPTCY RULE 6004

51. The Debtor and the NWR Entities seek a waiver of (i) the notice requirements under Bankruptcy Rule 6004(a), and (ii) the stay of any order under Bankruptcy Rule 6004(h), to the extent any other Bankruptcy Rule is applicable, because the relief requested herein is necessary to effectuate the Settlement expeditiously.

## NOTICE

52. The Debtor has served a copy of this Motion, the Proposed Order and the Settlement on (i) counsel for PNC Bank, the Debtor's pre-petition secured lender, (ii) counsel for the Committee, (iii) the Office of the United States Trustee, (iv) counsel for Arch, (v) the Lien Claimants, (vi) the Quantum Meruit Claimants, and (vii) all parties that receive notice through the Court's electronic filing system via the ECF (Pacer) system. The Debtor and the NWR Entities submit that, in light of the nature of the relief requested, no other or further notice is necessary or required.

---

[9] The NWR Entities contend that the claims against the NWR Entities under the doctrines of unjust enrichment and/or *quantum meruit* and/or similar theories are deficient as a matter of law, since none of those claimants had any reasonable basis to expect payment **from the NWR Entities.** See e.g., Ash Maple, LLC v. Jeral Constr. Co., Inc., 2019 WL 2495678 (App. Div. 06/17/19); Insulation Contracting and Supply v. Kravco, Inc., 209 N.J. Super. 367, 377-78 (App. Div. 1986) (where privity of contract absent, unjust enrichment claim by subcontractor lies against owner only "if the circumstances are such that plaintiff reasonably expected defendant to compensate him *and if a reasonable man, in the defendant's position, would know that the plaintiff was doing the work in confidence that defendant would pay him. The absence of these factors brings an opposite result.*") (Emphasis supplied).

-13-

**NO PRIOR REQUEST**

53. No prior request for the relief sought in this Motion has been made to this or any other court.

**CONCLUSION**

**WHEREFORE**, for all the foregoing reasons, the Debtor and the NWR Entities respectfully request that the Court (i) enter the accompanying proposed order approving the proposed Settlement between the Debtor and the NWR Entities, and (ii) grant such other and further relief as the Court deems just and equitable.

Dated: July 20, 2020

**LOWENSTEIN SANDLER LLP**

/s/ *Kenneth A. Rosen*
Kenneth A. Rosen, Esq.
Bruce Buechler, Esq.
Joseph J. DiPasquale, Esq.
Mary E. Seymour, Esq.
Jennifer B. Kimble, Esq. (admitted *pro hac vice*)
Arielle B. Adler, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500
*Counsel to the Debtor and Debtor-in-Possession*

and

**RIKER DANZIG SCHERER HYLAND & PERRETTI LLP**

/s/ *Joseph L. Schwartz*
Joseph L. Schwartz, Esq. (JS-5525)
Tara J. Schellhorn, Esq. (TS-8155)
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
(973) 538-0800
*Counsel to Newark Warehouse Urban Renewal, LLC and Newark Warehouse Redevelopment Company, LLC*