*Exhibit "A"*

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This agreement ("**Agreement**") is made and entered into as of July ___, 2020 by and between Hollister Construction Services, LLC ("**Hollister**" or the "**Debtor**") and Defendant Orion Interiors, Inc. ("**Orion**" or "**Defendant**") hereafter collectively referred to as the "Parties".

### Recitals

WHEREAS, on September 11, 2019, Hollister filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**"), Case No. 19-27439 (MBK) (the "**Chapter 11 Case**");

WHEREAS, on November 6, 2019, Hollister filed an adversary complaint (the "**Complaint**") and commenced an adversary proceeding against Defendant in the Bankruptcy Court, Adv. Pro. No. 19-02233, seeking to avoid and recover certain pre-petition transfers to Defendant by the Debtor (the "**Transfers**") in the total sum of $2,075,474.29 as alleged preferences pursuant to sections 547 and 550 of the Bankruptcy Code;

WHEREAS, Defendant disputes the allegations in the Complaint and asserts that it has defenses to the claims that the Transfers were preferences;

WHEREAS, nothing contained in this Agreement or any other document shall constitute and adjudication of liability of any nature on the part of Orion and the Debtor acknowledges that no finding of any such liability on the part of Orion has been made or exists;

WHEREAS, the Parties mutually desire to resolve any and all disputes between and among them and, in order to avoid the uncertainty of recovery or losses, the time delay and the cost and expense of litigation, the Parties have now agreed to resolve, in good faith, all claims and disputes among them, on the terms set forth herein.

### Agreement

NOW THEREFORE, the Parties hereby covenant and agree as follows:

1. <u>Recitals Incorporated</u>. The above Recitals are acknowledged by the Parties to be true and correct and are incorporated herein by reference.

2. <u>Effective Date</u>. This Agreement is subject to the entry of an order of the Bankruptcy Court approving this Agreement. The settlement embodied in this Agreement shall not be effective until both of the following occur: (a) entry of an order by the Bankruptcy Court approving this Agreement, and (b) the Debtor's receipt of the Settlement Payment (defined below) from Defendant in good funds. In the event this Agreement is not approved by the Bankruptcy Court or not consummated then this Agreement shall be deemed null and void and not binding on the Parties.

3. <u>Payment</u>. This matter has been settled for $200,000.00. Notwithstanding the foregoing, SM Law PC will deduct $15,000.00 from its fees such that Defendant shall remit

payment to the Debtor in the sum of $185,000.00 (the "**Settlement Payment**") in a check made payable to "SM Law PC Attorney Trust" within five (5) business days of the entry of an Order approving this Agreement. The Settlement Payment shall be delivered to Steven Mitnick, Esq. at SM Law, 49 Old Turnpike Road, P.O. Box 530, Oldwick, NJ 08858.

4. <u>Dismissal of Complaint</u>.  After the Settlement Payment has cleared, the Debtor shall take all steps necessary to dismiss the Complaint with prejudice and without seeking costs or attorneys' fees from Defendant, and each side shall bear its own fees and costs.

5. <u>Release</u>.  Except solely for the Parties' respective obligations under this Agreement, each Party hereby fully, forever, irrevocably and unconditionally RELEASES, ACQUITS AND FOREVER DISCHARGES the other Party, and its respective predecessors, successors, shareholders, members, officers, directors, employees, corporate affiliates, subsidiaries, parent companies, attorneys, agents, representatives and assigns, past, present or future (including the Debtor's bankruptcy estate), from and against any and all claims, causes of action, losses, liabilities, obligations, debts, contracts, agreements, suits, demands, costs and expenses, or for attorneys' fees of any kind, character or nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, foreseen or unforeseen, asserted or which were capable of being asserted from the beginning of time through the date of this Agreement set forth above referring or relating to the transfers which were asserted or could have been asserted in the Complaint.

Defendant waives any right to file a proof of claim for the Settlement Payment under Section 502(h) of the Bankruptcy Code or any other provision of the Bankruptcy Code and/or the Bankruptcy Rules. Defendant further agrees that, to the extent Defendant filed or files a proof of claim in the Debtor's Chapter 11 Case, any such claim shall be deemed disallowed and expunged and there shall be no distribution on account of any such claim.

6. <u>No Admission</u>.  Each of the Parties agrees that this Agreement is a settlement agreement and nothing contained herein constitutes or may be construed to constitute an admission of any liability or wrongdoing on the part of either of the Parties.

7. <u>Miscellaneous</u>.  Each of the Parties represents and warrants that the person signing this Agreement on its behalf is duly authorized to do so. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective predecessors, successors, shareholders, members, officers, directors, employees, corporate affiliates, subsidiaries, parent companies, attorneys, agents, representatives and assigns, past, present or future (including the Debtor's bankruptcy estate). There are no third-party beneficiaries to this Agreement. No provision of this Agreement can be altered, amended, modified, supplemented or waived, except by a written agreement signed by the duly authorized agents of both the Debtor and Defendant. This Agreement constitutes the entire agreement of the Parties with respect to the subject matter hereof. If any provision of this Agreement is held, determined, or adjudicated to be invalid, unenforceable or void for any reason, each such provision shall be severed from the remaining provisions of the Agreement, and shall not affect the validity and enforceability of such remaining provisions.

8. <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the law and rules applicable in the United States Bankruptcy Court for the District of New

Jersey. Where state or substantive law other than the Bankruptcy Code controls, this Agreement shall be governed by the substantive law of the State of New Jersey, without regard to its choice of law rules.

9. Forum. Any controversies regarding this Agreement shall be resolved in the United States Bankruptcy Court for the District of New Jersey. Any action relating to or arising under a breach of this Agreement shall be brought only in the United States Bankruptcy Court or the United States District Court for the District of New Jersey, which shall retain jurisdiction over the subject matter and Parties for this purpose.

10. Counterparts. This Agreement may be executed in one or more counterparts, each of which shall be an original, but all of which together shall constitute one and the same instrument with the same force and effect as though all signatures appeared on one original document. Facsimile and electronic (.pdf) signatures are binding and enforceable as if they were originals.

*[remainder of page intentionally left blank]*

**IN WITNESS WHEREOF**, the Parties, each by persons duly authorized, have caused this Agreement to be entered as of the day and year provided above.

Hollister Construction Services, LLC

By: _Bernard A. Katz_ (signature)

Printed Name: BERNARD A. KATZ

Title: INDEPENDENT MANAGER

Date: 7/13/20

Orion Interiors, Inc.

By: _____

Printed Name:   Ryan Murray

Title:   President

Date:   July ___, 2020

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This agreement ("**Agreement**") is made and entered into as of July 1**3**, 2020 by and between Hollister Construction Services, LLC ("**Hollister**" or the "**Debtor**") and Defendant Orion Interiors, Inc. ("**Orion**" or "**Defendant**") hereafter collectively referred to as the "**Parties**".

### Recitals

WHEREAS, on September 11, 2019, Hollister filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**"), Case No. 19-27439 (MBK) (the "**Chapter 11 Case**");

WHEREAS, on November 6, 2019, Hollister filed an adversary complaint (the "**Complaint**") and commenced an adversary proceeding against Defendant in the Bankruptcy Court, Adv. Pro. No. 19-02233, seeking to avoid and recover certain pre-petition transfers to Defendant by the Debtor (the "**Transfers**") in the total sum of $2,075,474.29 as alleged preferences pursuant to sections 547 and 550 of the Bankruptcy Code;

WHEREAS, Defendant disputes the allegations in the Complaint and asserts that it has defenses to the claims that the Transfers were preferences;

WHEREAS, nothing contained in this Agreement or any other document shall constitute and adjudication of liability of any nature on the part of Orion and the Debtor acknowledges that no finding of any such liability on the part of Orion has been made or exists;

WHEREAS, the Parties mutually desire to resolve any and all disputes between and among them and, in order to avoid the uncertainty of recovery or losses, the time delay and the cost and expense of litigation, the Parties have now agreed to resolve, in good faith, all claims and disputes among them, on the terms set forth herein.

### Agreement

NOW THEREFORE, the Parties hereby covenant and agree as follows:

1. <u>Recitals Incorporated</u>. The above Recitals are acknowledged by the Parties to be true and correct and are incorporated herein by reference.

2. <u>Effective Date</u>. This Agreement is subject to the entry of an order of the Bankruptcy Court approving this Agreement. The settlement embodied in this Agreement shall not be effective until both of the following occur: (a) entry of an order by the Bankruptcy Court approving this Agreement, and (b) the Debtor's receipt of the Settlement Payment (defined below) from Defendant in good funds. In the event this Agreement is not approved by the Bankruptcy Court or not consummated then this Agreement shall be deemed null and void and not binding on the Parties.

3. <u>Payment</u>. This matter has been settled for $200,000.00. Notwithstanding the foregoing, SM Law PC will deduct $15,000.00 from its fees such that Defendant shall remit



payment to the Debtor in the sum of $185,000.00 (the "**Settlement Payment**") in a check made payable to "SM Law PC Attorney Trust" within five (5) business days of the entry of an Order approving this Agreement. The Settlement Payment shall be delivered to Steven Mitnick, Esq. at SM Law, 49 Old Turnpike Road, P.O. Box 530, Oldwick, NJ 08858.

4. Dismissal of Complaint. After the Settlement Payment has cleared, the Debtor shall take all steps necessary to dismiss the Complaint with prejudice and without seeking costs or attorneys' fees from Defendant, and each side shall bear its own fees and costs.

5. Release. Except solely for the Parties' respective obligations under this Agreement, each Party hereby fully, forever, irrevocably and unconditionally RELEASES, ACQUITS AND FOREVER DISCHARGES the other Party, and its respective predecessors, successors, shareholders, members, officers, directors, employees, corporate affiliates, subsidiaries, parent companies, attorneys, agents, representatives and assigns, past, present or future (including the Debtor's bankruptcy estate), from and against any and all claims, causes of action, losses, liabilities, obligations, debts, contracts, agreements, suits, demands, costs and expenses, or for attorneys' fees of any kind, character or nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, foreseen or unforeseen, asserted or which were capable of being asserted from the beginning of time through the date of this Agreement set forth above referring or relating to the transfers which were asserted or could have been asserted in the Complaint.

Defendant waives any right to file a proof of claim for the Settlement Payment under Section 502(h) of the Bankruptcy Code or any other provision of the Bankruptcy Code and/or the Bankruptcy Rules. Defendant further agrees that, to the extent Defendant filed or files a proof of claim in the Debtor's Chapter 11 Case, any such claim shall be deemed disallowed and expunged and there shall be no distribution on account of any such claim.

6. No Admission. Each of the Parties agrees that this Agreement is a settlement agreement and nothing contained herein constitutes or may be construed to constitute an admission of any liability or wrongdoing on the part of either of the Parties.

7. Miscellaneous. Each of the Parties represents and warrants that the person signing this Agreement on its behalf is duly authorized to do so. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective predecessors, successors, shareholders, members, officers, directors, employees, corporate affiliates, subsidiaries, parent companies, attorneys, agents, representatives and assigns, past, present or future (including the Debtor's bankruptcy estate). There are no third-party beneficiaries to this Agreement. No provision of this Agreement can be altered, amended, modified, supplemented or waived, except by a written agreement signed by the duly authorized agents of both the Debtor and Defendant. This Agreement constitutes the entire agreement of the Parties with respect to the subject matter hereof. If any provision of this Agreement is held, determined, or adjudicated to be invalid, unenforceable or void for any reason, each such provision shall be severed from the remaining provisions of the Agreement, and shall not affect the validity and enforceability of such remaining provisions.

8. Governing Law. This Agreement shall be governed by and construed in accordance with the law and rules applicable in the United States Bankruptcy Court for the District of New



Jersey. Where state or substantive law other than the Bankruptcy Code controls, this Agreement shall be governed by the substantive law of the State of New Jersey, without regard to its choice of law rules.

9. Forum. Any controversies regarding this Agreement shall be resolved in the United States Bankruptcy Court for the District of New Jersey. Any action relating to or arising under a breach of this Agreement shall be brought only in the United States Bankruptcy Court or the United States District Court for the District of New Jersey, which shall retain jurisdiction over the subject matter and Parties for this purpose.

10. Counterparts. This Agreement may be executed in one or more counterparts, each of which shall be an original, but all of which together shall constitute one and the same instrument with the same force and effect as though all signatures appeared on one original document. Facsimile and electronic (.pdf) signatures are binding and enforceable as if they were originals.

*[remainder of page intentionally left blank]*



Case 19-27439-MBK    Doc 1264-2    Filed 07/22/20    Entered 07/22/20 10:55:44    Desc
Exhibit A    Page 9 of 10

IN WITNESS WHEREOF, the Parties, each by persons duly authorized, have caused this Agreement to be entered as of the day and year provided above.

Hollister Construction Services, LLC

By: *[signature]*

Printed Name: Bernard A. Katz

Title: Independent Manager

Date: 7/13/20

Orion Interiors, Inc.

By: _____

Printed Name: Ryan Murray

Title: President

Date: July ___, 2020

IN WITNESS WHEREOF, the Parties, each by persons duly authorized, have caused this Agreement to be entered as of the day and year provided above.

Hollister Construction Services, LLC

By: _____

Printed Name: BERNARD A. KATZ

Title: INDEPENDENT MANAGER

Date: 7/12/20

Orion Interiors, Inc.

By: _____

Printed Name: Ryan Murray

Title: President

Date: July 13, 2020