

| |
|---|
| UNITED STATES BANKRUPTCY COURT <br> DISTRICT OF NEW JERSEY <br> Caption in Compliance with D.N.J. LBR 9004-1 <br><br> **LOWENSTEIN SANDLER LLP** <br> Arielle B. Adler, Esq. <br> Bruce Buechler, Esq. <br> Jennifer B. Kimble, Esq. <br> Kenneth A. Rosen, Esq. <br> Mary E. Seymour, Esq. <br> One Lowenstein Drive <br> Roseland, New Jersey 07068 <br> (973) 597-2500 (Telephone) <br> (973) 597-2400 (Facsimile) <br><br> *Counsel to the Debtor and Debtor-in-Possession* |
| In re: <br><br> HOLLISTER CONSTRUCTION SERVICES, LLC,[1] <br><br> Debtor. |

Order Filed on July 28, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Chapter 11

Case No. 19-27439 (MBK)

**ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING SETTLEMENT WITH CHARLES HALL CONSTRUCTION, LLC OF OUTSTANDING ACCOUNT RECEIVABLE PURSUANT TO FED. R. BANKR. P. 9019 AND GRANTING RELATED RELIEF**

The relief set forth on the following pages numbered two (2) through three (3) is hereby **ORDERED.**

**DATED: July 28, 2020**

/s/ Michael B. Kaplan
Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

37322/3
06/24/2020 206410910.2

Debtor: Hollister Construction Services, Inc.
Case No.: 19-27439 (MBK)
Caption: *Order Granting Debtor's Motion For Entry of An Order Approving Settlement with Charles Hall Construction, LLC Of Outstanding Account Receivable Pursuant to Fed. R. Bankr. Pl. 9019 And Granting Related Relief*

---

**THIS MATTER** having been brought before the Court upon the Motion of Hollister Construction Services, LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), seeking the entry of an order approving a Settlement Agreement (the "Settlement Agreement") by and between the Debtor and Charles Hall Construction, LLC ("CHC") resolving a dispute and an open account receivable pursuant to Fed. R. Bankr. P. 9019 (the "Motion")[2]; and the Court having reviewed the Motion and any objections filed thereto, and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and the Motion determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that granting the relief requested in the Motion is in the best interests of the Debtor, its estate and creditors; and the Court having conducted a hearing on the Motion, at which time the Court heard and considered all oral argument of counsel; and good and sufficient notice of the Motion having been provided to all interested parties, and for good cause shown;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED

2. The Settlement Agreement with CHC attached hereto as Exhibit A is hereby approved.

3. The Debtor and CHC are authorized to take all actions necessary to effectuate the

---

[2] Capitalized terms not defined in this Order shall have the meaning ascribed to them in the Settlement Agreement.

-2-

Debtor: Hollister Construction Services, Inc.
Case No.: 19-27439 (MBK)
Caption: *Order Granting Debtor's Motion For Entry of An Order Approving Settlement with Charles Hall Construction, LLC Of Outstanding Account Receivable Pursuant to Fed. R. Bankr. Pl. 9019 And Granting Related Relief*

---

relief granted pursuant to this Order and the terms of the Settlement Agreement.

1. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

4. This Order shall be effective immediately upon its entry and the stay imposed by Bankruptcy Rule 6004(h) and/or 6006(b) or any other Rule is hereby waived.

5. This Court retains exclusive jurisdiction to hear and decide any and all disputes related to, arising under or from the implementation, interpretation, and/or enforcement of this Order and the Settlement Agreement.

-3-

# EXHIBIT A

# SETTLEMENT AGREEMENT

37322/3
06/24/2020 206410910.2

Execution Version

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (the "Settlement Agreement") is entered into on this ___ day of May 2020, by and between Hollister Construction Services LLC ("Hollister" or the "Debtor") and Charles Hall Construction, LLC ("CHC") (each a "Party" and collectively, the "Parties").

## RECITALS

**WHEREAS,** on September 11, 2019 (the "Petition Date"), Hollister filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey, thereby commencing the chapter 11 case (the "Bankruptcy Case"); and

**WHEREAS,** under Sections 1107(a) and 1108 of the Bankruptcy Code, Hollister continues to manage its financial affairs as a debtor in possession; and

**WHEREAS,** prior to the Petition Date, Hollister and CHC had the following dealings with each other: (i) Hollister as subcontractor and CHC as contractor under the certain Standard Form Construction Agreement Between Contractor and Subcontractor dated July 7, 2017, (including all exhibits, addenda and amendments thereto, as amended, supplemented or modified from time to time, the "Atwater Project Agreements") for Hollister to provide staffing and project coordination on the Sage Atwater Project (the "Atwater Project") located at 900 Atwater Drive, Malvern, PA (the "Atwater Property") owned by SHI-III Sage Atwater REIT, LLC (the "Atwater Owner"); and (ii) Hollister as assignee and CHC as assignor of the certain Standard Form of Agreement between Owner and Construction Manager, AIA Document A133-2009, dated November 2, 2017 (including all exhibits, addenda and amendments thereto, as amended, supplemented or modified from time to time, the "Riverwalk Project Contract") entered into by SBLP Princeton, LLC, as Owner (the "Riverwalk Owner") of the project identified as Ovation at Riverwalk (the "Riverwalk Project"), located at 1 Riverwalk, Plainsboro, New Jersey (the "Riverwalk Property"), and CHC for the construction of the Riverwalk Project, pursuant to the Assignment and Assumption Agreement with Owner's Consent, executed as of July 30, 2019 between Hollister and CHC (including all exhibits, addenda and amendments thereto, as amended, supplemented or modified from time to time, the "Riverwalk A&A Agreement"), and that AIA A401-2007 Standard Form of Agreement Between Contractor and Subcontractor, dated November 20, 2018 entered into by Hollister as Subcontractor and CHC as Contractor (including all exhibits, addenda and amendments thereto, as amended, supplemented or modified from time to time, the "Riverwalk Subcontract Agreements"), and Hollister entered into that separate written letter agreement dated August 1, 2019 whereby Hollister agreed to perform certain construction management and staffing services for the Riverwalk Project (the "Interim Agreement" and together with the Riverwalk Project Contract, the Riverwalk A&A Agreement and the Riverwalk Subcontract Agreements, the "Riverwalk Project Agreements"); and

**WHEREAS,** the Parties are in dispute regarding, among other things, (i) the amount owed by CHC to Hollister with respect to the Atwater Project and Atwater Project Agreements, and (ii) a disagreement regarding change orders and an extension of time due to the fire related incident at the Atwater Project; and (iii) the failure of the Riverwalk A&A Agreement to go effective and

37322/3
05/21/2020 205499060.10

Hollister's claims against CHC related to the Riverwalk Project and the Riverwalk Project Agreements; and

**WHEREAS**, the Parties desire to enter into this Settlement Agreement in order to avoid the cost, expense and delay of litigation and to settle all claims between them with respect to (i) the Atwater Project, the Atwater Property, and the Atwater Project Agreements; and (ii) the Riverwalk Project, the Riverwalk Property and the Riverwalk Project Agreements.

**NOW, THEREFORE**, for good and valuable consideration, the Parties hereby agree as follows:

1. **Effective Date.** This Settlement Agreement shall be deemed effective as of the date of entry of the order of the Bankruptcy Court approving this Settlement Agreement (the "Approval Order"), which order shall be on terms reasonably acceptable to CHC (the "Effective Date").

2. **Payment.** Commencing on the first business day after the Effective Date, in full and complete satisfaction of all amounts owed by CHC to Hollister and all claims which Hollister may have against CHC and CHC may have against Hollister relating to the Atwater Project, the Atwater Property and the Atwater Project Agreements, the Riverwalk Project, the Riverwalk Property and the Riverwalk Project Agreements, CHC shall pay Hollister (or its successor in interest) the amount of One Hundred Fifty Thousand Dollars and No Cents ($150,000.00) (the "Settlement Amount") according to the following schedule:

|     | AMOUNT OF PAYMENT | DUE DATE |
| --- | --- | --- |
| 1.  | $10,000.00 | May 30, 2020 |
| 2.  | $10,000.00 | June 30, 2020 |
| 3.  | $10,000.00 | July 30, 2020 |
| 4.  | $10,000.00 | August 30, 2020 |
| 5.  | $10,000.00 | September 30, 2020 |
| 6.  | $10,000.00 | October 30, 2020 |
| 7.  | $10,000.00 | November 30, 2020 |
| 8.  | $10,000.00 | December 30, 2020 |
| 9.  | $10,000.00 | January 30, 2021 |
| 10. | $10,000.00 | February 28, 2021 |
| 11. | $10,000.00 | March 30, 2021 |
| 12. | $10,000.00 | April 30, 2021 |
| 13. | $10,000.00 | May 30, 2021 |
| 14. | $10,000.00 | June 30, 2021 |
| 15. | $10,000.00 | July 30, 2021 |

All payments shall be sent by CHC to Hollister (or its successor in-interest) by check at the following address: 339 Jefferson Road, Parsippany, New Jersey 07054, or to any other address designated in writing from time to time by Hollister (or its successor in interest) to CHC. All payments made by CHC shall be in the form of good and immediate payable funds. All drafts shall be made payable to "Hollister Construction Services, LLC". To the extent a payment is due

prior to the date the Approval Order is entered, the applicable due date for such payment shall be three (3) business days after CHC is notified in writing by Hollister of the entry of the Approval Order.

3. **Prepayment.** CHC may prepay any or all of the payments set forth in paragraph 2 above and there shall be no penalty for such prepayment.

4. **Releases.** Subject to approval of this Settlement Agreement by the Bankruptcy Court and the payment of the Settlement Amount in full as set forth herein, and with the exception of the obligations of CHC and Hollister arising under this Settlement Agreement, and for good and valuable consideration, CHC and its predecessors, successors, designees, assignees, officers, directors, members and managers, on the one hand, and Hollister and its bankruptcy estate, predecessors, successors, designees, assignees, officers, directors, members and managers, on the other, hereby unconditionally and irrevocably release, waive and discharge each other and each of their respective predecessors, successors, designees, assignees, officers, directors, members and managers from any and all claims (as such term is defined in section 101(5) of the Bankruptcy Code), demands, rights, judgments or causes of action of any kind and nature (including any avoidance or recovery actions arising under chapter 5 of the Bankruptcy Code or other applicable law), whether sounding in tort, contract or other applicable law, whether known or unknown, whether anticipated or unanticipated, whether presently existing or existing at any time in the future, whether or not asserted, and whether founded in fact or law or in equity, and whether held directly, representatively or in any other capacity, including those related to, arising under, or in any way connected to (i) the Atwater Project, the Atwater Property, and the Atwater Project Agreements; and (ii) the Riverwalk Project, the Riverwalk Property and the Riverwalk Project Agreements. The Parties expressly acknowledge and agree that this Settlement Agreement shall not impair or otherwise affect rights under any unexpired guaranties, warranties, and indemnifications received from suppliers, contractors, materialmen or subcontractors arising out of, or in connection with, (i) the Atwater Project, the Atwater Property, and the Atwater Project Agreements; and (ii) the Riverwalk Project, the Riverwalk Property and the Riverwalk Project Agreements. The Parties further expressly acknowledge and agree that the releases provided herein do not and shall not be deemed to be a release of any claims (as such term is defined in section 101(5) of the Bankruptcy Code) or causes of action that CHC may have or assert against SBLP Princeton, LLC. For the avoidance of doubt, the releases provided herein do not and shall not be deemed to be a release of the rights, obligations or causes of action that CHC and Hollister may have against each other pursuant to this Settlement Agreement. For the further avoidance of doubt, (i) Hollister waives any claims or rights to assert or file any liens (including any equitable liens) against the Atwater Owner, the Atwater Project or the Atwater Property and agrees to, upon request by CHC, provide an unconditional final waiver of lien relating to the Atwater Project and the Atwater Property, and (ii) Hollister waives any claims or rights to assert or file any liens (including any equitable liens) against the Riverwalk Owner, the Riverwalk Project or the Riverwalk Property and agrees to, upon request by CHC, provide an unconditional final waiver of lien relating to the Riverwalk Project and the Riverwalk Property.

5. **Releases as a Defense.** Each of CHC and Hollister acknowledge and agree that (i) the releases set forth in this Settlement Agreement may be pleaded as a full and complete defense and may be used as a basis for an injunction against any action, suit or other pleading which may be instituted, prosecuted or attempted in breach of the provisions of such release; and (ii) no fact,

event, circumstance, evidence or transaction which could now be asserted or which may hereafter arise or be discovered shall affect in any manner the final and unconditional nature of such releases.

6. **No Assignment.** The Parties represent to one another that as of the date of this Settlement Agreement that they have not assigned, transferred or sold (or purported to assign, transfer or sell) all or any portion of any claim, obligation or cause of action against the other Party nor shall they assign, transfer or sell (or purport to assign, transfer or sell) all or any portion of any claim, obligation or cause of action against the other Party herein released.

7. **Drafting and Interpretation.** No Party or that Party's respective attorney is to be deemed the drafter of this Settlement Agreement for any purpose, including but not limited to the construction of its provisions.

8. **Authority.** CHC agrees, acknowledges, represents and warrants that it is fully authorized to bind itself and its successors and assigns to this Settlement Agreement and has full knowledge of, and has consented to, this Settlement Agreement. Hollister agrees, acknowledges, represents and warrants that, subject only to approval of the Bankruptcy Court, it is fully authorized to bind Hollister, Hollister's estate, and its successors and assigns, to this Settlement Agreement and has full knowledge of, and has consented to, this Settlement Agreement.

9. **Heirs, Successors and Assigns.** This Settlement Agreement shall be binding upon: (a) Hollister and any trustee or examiner that may be appointed in the Bankruptcy Case, or their respective successors and assigns; (b) CHC and its respective successors and assigns; (c) any chapter 7 trustee, in the event that the Bankruptcy Case is converted to a case under chapter 7 of the Bankruptcy Code; and (d) all creditors and other parties in interest in the Bankruptcy Case.

10. **Entire Agreement.** This Settlement Agreement sets forth the entire understanding of the Parties regarding the subject matter hereof and supersedes all prior oral or written agreements between them. This Settlement Agreement may not be changed, modified, amended or supplemented, except in writing and signed by each of the Parties. To the extent that this Settlement Agreement conflicts with any documents executed or delivered to effectuate the agreements set forth herein, the terms of this Settlement Agreement shall control.

11. **Governing Law.** To the extent non-bankruptcy law governs any provisions of this Settlement Agreement, this Settlement Agreement shall be interpreted, and the rights and duties of the Parties hereto shall be determined, in accordance with the laws of the State of New Jersey.

12. **Jurisdiction and Venue.** The Parties submit and consent to jurisdiction of the Bankruptcy Court to adjudicate any dispute or claim arising from or related to this Settlement Agreement. In the event the Bankruptcy Court declines to or cannot exercise jurisdiction over any such disputes, then the Parties agree to the jurisdiction of the Superior Court of New Jersey in Morris County. THE PARTIES EXPRESSLY WAIVE ANY RIGHT TO TRIAL BY JURY OF ANY DIPSUTE ARISING UNDER OR RELATED TO THIS SETTLEMENT AGREEMENT.

13. **Counterparts.** This Settlement Agreement may be executed in one or more counterparts, by electronic mail or otherwise, each of which shall be deemed an original, and all of which, when taken together, shall constitute one and the same document.

IN WITNESS WHEREOF, the Parties hereto have executed, or caused this Settlement Agreement to be executed by their duly authorized representatives.

**HOLLISTER CONSTRUCTION SERVICES, LLC**

By: /s/ Chris Johnson

Print: Chris Johnson

Its: Head Coach

Address: 339 Jefferson Road
Parsippany, NJ 07054
Email: cjohnson@hollistercs.com

**CHARLES HALL CONSTRUCTION, LLC**

By: /s/ Charles G. Hall IV
Charles G. Hall IV
Its: CEO
Address: 601 Oakmont Lane, Suite 400
Westmont, IL 60559
Email: c4build@hallmanagement.com

-5-

United States Bankruptcy Court
District of New Jersey

In re:                                                                          Case No. 19-27439-MBK
Hollister Construction Services, LLC                                            Chapter 11
         Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin              Page 1 of 1              Date Rcvd: Jul 28, 2020
                              Form ID: pdf903          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 30, 2020.
db              +Hollister Construction Services, LLC,    339 Jefferson Road,    Parsippany, NJ 07054-3707

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 30, 2020                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 28, 2020 at the address(es) listed below:
NONE.                                                                                                TOTAL: 0