UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**LOWENSTEIN SANDLER LLP**
Arielle B. Adler, Esq.
Bruce Buechler, Esq.
Joseph J. DiPasquale, Esq.
Jennifer B. Kimble, Esq.
Kenneth A. Rosen, Esq.
Mary E. Seymour, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtor and Debtor-in-Possession*

**Order Filed on August 13, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

HOLLISTER CONSTRUCTION SERVICES, LLC,[1]

Debtor.

Chapter 11

Case No. 19-27439 (MBK)

# ORDER APPROVING OF A STIPULATION ALLOWING A LATE-FILED PROOF OF CLAIM BY BELMONT GLASS & MIRROR COMPANY, INC.

The relief set forth on the following page numbered two (2) is hereby **ORDERED**.

**DATED: August 13, 2020**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

37322/3
08/12/2020 206928013.1

Page:     2
Debtor:   Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption:  *Order Approving of a Stipulation Allowing a Late-Filed Proof of Claim by Belmont Glass & Mirror Company, Inc.*

**THIS MATTER**, having been brought before the Court by the above-captioned Debtor upon the filing of an Application pursuant to D.N.J. LBR 9021-1(b) seeking the entry of an Order approving of a *Stipulation Allowing a Late-Filed Proof of Claim by Belmont Glass & Mirror Company, Inc.* (the "Stipulation")[2], and the Court having jurisdiction to consider this matter pursuant to 28 U.S.C. §§157 and 1334, and venue being proper in this District pursuant to 28 U.S.C. §§1408 and 1409, and consideration of the entry of this Order being a core proceeding pursuant to 28 U.S.C. §157(b), and it appearing that proper and adequate notice of the entry of this Order and the accompanying Application has been given and that no other or further notice is necessary, and upon the record herein, and the Court having determined that the relief sought in the Application is in the best interests of the Debtor, its estate and creditors, and good and sufficient cause appearing therefore:

**IT IS HEREBY ORDERED** as follows:

1.  That the Stipulation attached hereto as Exhibit A be, and hereby is, **APPROVED,** and the Debtor and Belmont Glass are authorized to take any all actions necessary to effectuate the Stipulation without further order of the Court. In addition, the claims agent, Prime Clerk, shall modify the claims register in accordance with the Stipulation.

2.  Notwithstanding the applicability of any of the Bankruptcy Rules, the terms and conditions of this Order and the Stipulation shall be immediately effective and enforceable upon the entry of this Order.

3.  The Court retains jurisdiction with respect to all matters arising under, from or related to the implementation, enforcement and/or interpretation of this Order and the Stipulation.

---

[2] Capitalized terms not defined in this Order will have the meaning ascribed to them in the Stipulation.

# **EXHIBIT A**

**LOWENSTEIN SANDLER LLP**
Arielle B. Adler, Esq. (aadler@lowenstein.com)
Bruce Buechler, Esq. (bbuechler@lowenstein.com)
Joseph J. DiPasquale, Esq. (jdipasquale@lowenstein.com)
Jennifer B. Kimble, Esq. (jkimble@lowenstein.com)
Kenneth A. Rosen, Esq. (krosen@lowenstein.com)
Mary E. Seymour, Esq. (mseymour@lowenstein.com)
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtor and*
*Debtor-in-Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>**HOLLISTER CONSTRUCTION SERVICES, LLC**,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-27439 (MBK) |

### STIPULATION ALLOWING A LATE-FILED PROOF OF CLAIM BY BELMONT GLASS & MIRROR COMPANY, INC.

**IT IS HEREBY STIPULATED AND AGREED** to on this 11th day of August, 2020 (the "Stipulation"), by and between Hollister Construction Services, LLC, the above-captioned debtor and debtor-in possession ("Hollister" or the "Debtor"), and Belmont Glass & Mirror Company, Inc. ("Belmont Glass," and collectively with the Debtor, the "Parties," and individually, a "Party"), as follows:

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

37322/3
08/12/2020 206927572.1

-2-

**WHEREAS**, on September 11, 2019 (the "Petition Date"), Hollister filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"); and

**WHEREAS**, prior to the Petition Date, Hollister acted as a general contractor on numerous construction projects; and

**WHEREAS**, Belmont Glass performed services and/or provided materials for Hollister at certain job sites, and

**WHEREAS,** a bar date or last date to file proofs of claim in the Debtor's bankruptcy case was fixed as January 20, 2020 by an Amended Notice of Commencement of Chapter 11 Case and Notice of Extension of Last Date to File Proofs of Claim [Docket No. 619]; and

**WHEREAS**, Belmont Glass filed its proof of claim, Claim No. 534, asserting a general unsecured claim in the amount of $17,900 on March 16, 2020 (the "Claim"), after the bar date expired; and

**IT IS HEREBY AGREED** by and between the Debtor and Belmont Glass as follows:

1. The foregoing **WHEREAS** clauses are hereby incorporated by reference and made a part of this Stipulation.

2. Upon the entry of an Order of the Bankruptcy Court approving of this Stipulation, Belmont Glass will have a single allowed general unsecured claim in the amount of $12,000, and the Claim will be so reduced.

3. Belmont Glass waives any right to file or assert any other or further claim and/or proof of claim against the Debtor and/or its estate.

4.  The claims agent, Prime Clerk, shall modify the claims register in accordance with this Stipulation once it has been approved by the Bankruptcy Court to denote that Belmont Glass will have a single allowed general unsecured claim in the amount of $12,000.

5.  Belmont Glass waives any claim or cause of action it has or may have against any other party or entity for work performed and/or materials supplied by Belmont Glass on construction projects for the Debtor.

6.  All matters involving the interpretation, construction and/or validity of this Stipulation shall be governed by and construed in accordance with the laws of the State of New Jersey, without reference to choice of law provisions, except to the extent that the law of the United States, including the Bankruptcy Code, governs any matters set forth herein, in which case such federal law shall govern.

7.  The Parties hereto submit to the exclusive jurisdiction (both personal and subject matter) of the Bankruptcy Court for the purpose of any suit, action, proceeding or dispute, directly or indirectly relating to, from or arising out of this Stipulation. The Bankruptcy Court shall retain jurisdiction of this matter until the Debtor's bankruptcy case is closed. In the event the Bankruptcy Court declines to exercise jurisdiction or the Debtor's bankruptcy case is closed, the Parties agree to submit to the jurisdiction (both personal and subject matter) of the United States District Court for the District of New Jersey, or the Superior Court of New Jersey, located in Trenton, New Jersey, to resolve any dispute as set forth in the preceding sentence. THE PARTIES HERETO EXPRESSLY WAIVE ANY RIGHT TO TRIAL BY JURY OF ANY DISPUTE ARISING FROM, UNDER OR RELATED TO THIS STIPULATION.

8.  This Stipulation can be executed in counterparts, each of which will constitute an original, and all of which shall constitute one and the same agreement.

9. This Stipulation can be executed by facsimile or email.

10. This Stipulation is for the benefit of the Parties hereto and their respective heirs, successors and/or assigns.

11. In the event the Bankruptcy Court does not approve of the Stipulation, the Stipulation shall be null and void and shall not be binding on the Parties hereto.

12. This Stipulation supersedes any prior understandings, agreements, representations by and between the Parties, whether written or oral, which may be related to the subject matter hereto.

13. This Stipulation cannot be amended or waived except in a writing executed by all of the Parties hereto.

14. This Stipulation has been fully negotiated by Parties hereto. The Parties hereby agree and acknowledge that this Stipulation shall be deemed to have been jointly drafted and that the rule of construction that ambiguities in an agreement or contract may be construed against the drafter shall not apply to the construction or interpretation of this Stipulation.

15. The Stipulation shall be immediately effective upon Bankruptcy Court approval and any stay imposed by Bankruptcy Rule 6004 or any other Bankruptcy Rule shall be deemed waived.

16. Each Party will bear its own costs and expenses in connection with this Stipulation and obtaining a Bankruptcy Court approval of this Stipulation.

17. The Parties hereto will execute and deliver such additional documents and take such additional action as may be necessary to effectuate the provisions and purposes of this Stipulation without the need of a further order of the Bankruptcy Court.

18. Each Party signing this Stipulation hereby covenants and warrants that they are fully authorized to sign this Stipulation on behalf of the Party they represent and are fully authorized to bind the Party to the terms of this Stipulation. The Parties to this Stipulation acknowledge that they have read all of the terms of this Stipulation, that they have consulted with the counsel of their choice (or had the opportunity to consult with the counsel of their choice) regarding the terms of this Stipulation, and enter into this Stipulation voluntarily and without duress.

**HOLLISTER CONSTRUCTION SERVICES, LLC**

By: */s/ Christopher Johnson*
    Christopher Johnson, Head Coach

**BELMONT GLASS & MIRROR COMPANY, INC.**

By: */s/ Howard D. Lipstein*
    Howard D. Lipstein
    Counsel for Belmont Glass & Mirror Company, Inc.