| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** <br> Caption in Compliance with D.N.J. LBR 9004-2(c) <br><br> Robert E. Nies, Esq. (rnies@csglaw.com) <br> Armen Shahinian, Esq. (ashahinian@csglaw.com) <br> Jonathan Bondy, Esq. (jbondy@csglaw.com) <br> **CHIESA SHAHINIAN & GIANTOMASI PC** <br> One Boland Drive <br> West Orange, NJ 07052 <br> Tel: (973) 530-2012 Fax: (973) 530-2212 <br><br> *Attorneys for Arch Insurance Company and Arch Reinsurance Company* | |
| In re: <br><br> HOLLISTER CONSTRUCTION SERVICES, LLC,[1] <br><br>                    Debtor. | Case No. 19-27439 (MBK) <br><br> Chapter 11 <br><br> Honorable Michael B. Kaplan <br><br> Hearing Date: August 20, 2020 at 10:00 a.m. |
| In re: <br><br> HOLLISTER CONSTRUCTION SERVICES, LLC,[2] <br><br>                    Debtor. | Case No. 19-2233 (MBK) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS BY ARCH INSURANCE COMPANY AND ARCH REINSURANCE COMPANY TO DEBTOR'S MOTION TO APPROVE SETTLEMENT AGREEMENT WITH ORION INTERIORS, INC.**

---

**TO:**   **THE HONORABLE MICHAEL B. KAPLAN**
        **United States Bankruptcy Judge**
        **United States Bankruptcy Court for the District of New Jersey**

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

[2] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

Arch Insurance Company and Arch Reinsurance Company (together, "Arch" or "Surety"), by and through their undersigned counsel, respectfully submit this limited objection and reservation of rights (the "Limited Objection") to Debtor's Motion for Approval of a Settlement Agreement between the Debtor and Orion Interiors, Inc ("Orion") and, in support of the Limited Objection, respectfully states:

## LIMITED OBJECTION

1. Arch is the surety for fifteen construction contracts/projects (the "Bonded Projects") for which the Debtor is the bond principal and for which the Debtor and certain individual owners of the Debtor are Indemnitors.[3] The Bonded Projects are distinguishable from the Debtor's other construction projects by, <u>inter alia</u>, the statutory, contractual and/or common law trust funds generated for each Bonded Project for the benefit of trust fund beneficiaries, which beneficiaries include subcontractors, suppliers and Arch, to the extent Arch is subrogated and/or assigned the rights of a trust fund beneficiary.

2. Arch objects to the Motion because there is no explanation proffered at all by the Debtor or Orion as to why a settlement of the Debtor's adversary complaint – in which the Debtor sought recovery of over $2 million from Orion – is "fair and prudent, in the best interests of the estate, and fall[s] within the "range of reasonableness"" as is contended by the Debtor in the Certification of Steven Mitnick (the Debtor's Special Preference Counsel) submitted in support of the Motion.

3. The Debtor, in its adversary complaint against Orion, sought $2,075,474.29, and identifies, in Exhibit A to the adversary complaint, approximately 20 payments that the Debtor made to Orion in the year preceding the Debtor's filing for bankruptcy. There is nothing,

---

[3] Unless otherwise stated capitalized terms shall have the meaning ascribed to them in the Motion [Dkt. No. 1264].

however, in the adversary complaint or the Motion, which identifies either (a) for which projects (whether or not a Bonded Project) Orion was paid, or (b) the projects (whether or not Bonded Projects) that were the source of the funds the Debtor used to pay Orion. Before a settlement should be approved, the Debtor and Orion should have to address both of these issues.

4. Arch (which has paid Orion more than $2 million due to the Debtor's failure to pay Orion on at least one Bonded Project) has not yet confirmed if the Debtor used money paid to the Debtor, pre-petition, from a Bonded Project to pay Orion amounts due on other projects. Nor has Arch confirmed whether the payments made to Orion were properly allocated by the Debtor and/or Orion to the actual project for Orion may have been owed money (i.e., did the Debtor co-mingle funds and use money from Bonded Projects to pay Orion's invoices on non-Bonded Projects such that the Debtor left Arch with the liability to pay Orion, under Arch's bonds, on Bonded Projects?). Before this settlement – which would result in recovery by the Debtor of less than 10 percent of the amount sought in the adversary complaint – should be approved, the Debtor and Orion should show the Court that the proposed settlement (with a company owned by someone described in the adversary complaint as an insider) was reached at arm's length and is in fact fair and reasonable. They have not yet done so.

5. Arch further objects to the proposed settlement because the proposed Settlement Agreement and Mutual Release (attached as Exhibit A to Mr. Mitnick's Certification), as drafted, is binding on "assigns" of the Debtor and Orion. Arch has rights as a potential assignee of the Debtor pursuant to the Indemnity Agreements that the Debtor executed in favor of Arch, which should not be impaired by the proposed settlement. Nor should Arch's independent rights vis-à-vis either the Debtor or Orion be impaired, even if the settlement is approved.

6. Nothing contained herein shall be construed as or deemed a waiver of Arch's rights, all rights being expressly reserved.

## CONCLUSION

For each of the reasons set forth above, Arch respectfully requests that the Motion be denied without prejudice.

**CHIESA SHAHINIAN & GIANTOMASI PC**
*Attorneys for Arch Insurance Company*
*and Arch Reinsurance Company*


By:  */s/ Robert E. Nies*
      Robert E. Nies

Dated: August 13, 2020

4818-9485-3063.v1