Steven Mitnick, Esq.
Marc D. Miceli, Esq.
SM LAW PC
PO Box 530
49 Old Turnpike Road
Oldwick, New Jersey 08858
(908) 572-7275
*Special Preference Counsel*
*to Hollister Construction Services, LLC*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>HOLLISTER CONSTRUCTION SERVICES, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-27439/MBK |
| HOLLISTER CONSTRUCTION SERVICES, LLC,<br><br>Plaintiff,<br>v.<br><br>ORION INTERIORS, INC.,<br><br>Defendant. | Adv. Pro. No. 19-02233/MBK<br><br>Hearing Date: August 27, 2020 at 10:00 a.m.<br><br>Re: Docket Nos. 1264 and 1334 |

**DEBTOR'S REPLY TO OBJECTION TO MOTION TO APPROVE
OF SETTLEMENT AGREEMENT WITH ORION INTERIORS, INC.**

Hollister Construction Services, LLC (the "Debtor" or "Hollister"), hereby files this Reply

to the *Limited Objection and Reservation of Rights by Arch Insurance Company and Arch*

*Reinsurance Company* (collectively, "Arch")[Docket No. 1334], to Hollister's *Motion to Approve*

*Settlement Agreement with Orion Interiors, Inc.* ("Orion")[Docket No. 1264], and states:

37322/3

08/24/2020 206981317.2

1. Arch's objection is misplaced. The Debtor's ability to successfully litigate the preference action against Orion to recover the alleged approximate $2 million in gross payments would require the Debtor to demonstrate that Orion is an insider of the Debtor within the meaning of section 101(31)(B) of the Bankruptcy Code to recover payments made more than 90 days before the petition date. Orion is owned by Ryan Murray (Ryan Murray is also the president of Orion), who is the brother of the Debtor's former president (but still equity holder) Brendan Murray. After analysis, including a review of Orion's pending motion for summary judgment in the adversary proceeding [Adv. Proc. Docket No. 12], the Debtor, through its independent manager, Bernard A. Katz, determined the likelihood of success in such litigation that Orion was an "insider" of the Debtor was not likely. The total amount of payments made by the Debtor to Orion within 90 days of the Debtor's petition date was $598,595.16. *See Declaration of Sam Perrotta* (the "Perrotta Decl."), Adv. Proc. Docket No. 15-2, at paragraph 7. Thus, the proposed settlement pending before the Court for approval is for $200,000, which is approximately 1/3 of that amount or 33%.

2. In considering whether a settlement was justified, the Debtor also looked carefully at Orion's asserted defenses under section 547(c)(4) of the Bankruptcy Code. The payments the Debtor sought to recover in the complaint were payments to Orion only in connection with non-bonded projects, and did not seek to recover any payments made to Orion in connection with bonded jobs. Perrotta Decl. at paragraph 6. Orion asserted in its summary judgment motion that is could use new value provided from bonded jobs to protect or offset its alleged preference exposure for payment received by Orion on unbonded jobs. The Third Circuit has stated that:

> [i]n determining whether a creditor has extended 'new value,' the focus is not on the harm or detriment to the creditor, but rather the issue before the Court is whether there is an augmentation or material benefit to the *debtor's estate*.

*In re Kumar Bavishi & Assocs.*, 906 F.2d 942, 950 (3d Cir. 1990) (emphasis added) (citation omitted).

3. Echoing the focus on the effect on the estate, a bankruptcy court in the Fifth Circuit described the analysis as follows:

> The extension of new value 'need not be directly connected to the preceding preferential transfer in order to shelter it,' *Williams v. Agama Sys., Inc. (In re Micro Innovations Corp.),* 185 F.3d 329, 333 (5th Cir. 1999), but the determination of new value is still based upon the premise that an augmentation or material benefit to the debtor's estate has occurred that offsets the reduction in the estate caused by the preferential transfer. *Reigle v. Mahajan (In re Kumar Bavishi & Associates),* 906 F.2d 942, 950 (3d Cir. 1990) (citing *Wolinsky v. Central Vermont Teachers Credit Union (In re Ford),* 98 B.R. 669, 682 (Bankr. D. Vt. 1989)). Thus, 'our inquiry under § 547(c)(4) is whether the new value replenishes the estate.' *Harrah's Tunica Corp. v. Meeks (In re Armstrong),* 291 F.3d 517, 526 (8th Cir. 2002).

*In re Loggins*, 513 B.R. 682, 713 (Bankr. E.D. Tex. 2014). The Debtor determined that given the section 547(c)(4) defense proffered and the information contained in Orion's summary judgment motion that, on balance, a settlement with Orion was warranted and the settlement sum agreed to was appropriate.

4. The Debtor also considered the court's decision in *Stanziale v. Car-Ber Testing, Inc. (In re Conex Holdings, LLC)*, 2013 Bankr. LEXIS 5470, at *2-3 (Bankr. D. Del. Dec. 27, 2013), *motion for direct certification of the appeal denied*, *Stanziale v. Car-Ber Testing, Inc. (In re Conex Holdings, LLC)*, 534 B.R. 606 (D. Del. 2015). In this case, the trustee filed suit to recover preferential transfers from the defendant (Car-Ber). After accounting for new value, the trustee alleged there was a net preference of approximately $82,000. The defendant moved for summary judgment alleging that it had a complete new value defense. The debtor was a

general contractor who had various clients – one of which was Motiva Enterprises.  The debtor employed various subcontractors – including Car-Ber on the Motiva project.  Car-Ber filed a mechanics' lien against the Motiva property for its unpaid invoices – including those included as part of the new value defense in the preference action.  Car-Ber received payment from Motiva Enterprises post-petition in satisfaction of its mechanics' lien.  The bankruptcy court granted summary judgment in favor of defendant on new value defense holding that the bankruptcy filing date "fixes" the preference analysis and the post-petition payment of prepetition new value by a third party doesn't affect the preference or eliminate the defense.  *See also In re Friedman's, Inc.*, 738 F.3d 547 (3rd Cir. 2013).  This further impacted the Debtor's view of the proposed settlement with Orion.

5. The Third Circuit, in the context of approving a settlement pursuant to Bankruptcy Rule 9019(a), has set forth four factors to be considered by the Court: (i) the probability of success in litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors.  *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).

6. The Debtor respectfully submits that the settlement with Orion is fair and prudent, in the best interests of the estate, and fall within the "range of reasonableness."  The Court should note that the Official Committee of Unsecured Creditors has not objected to this settlement.  A failure by the Court to approve of the Orion settlement will result in continued litigation in the adversary proceeding, with Orion's summary judgment motion pending, which will be costly and the outcome of which is uncertain.  With these foregoing considerations in

mind, the Debtor has concluded that the Orion settlement is (i) fair and equitable, (ii) reasonable, (iii) in the best interests of the Debtor and its estate, and (iv) in the paramount interests of the Debtor's creditors.  For the foregoing reasons, as well as those stated in the motion to approve of the settlement with Orion, the Debtor submits that this Court should approve of the settlement with Orion and overrule Arch's objection.

WHEREFORE, the Debtor requests the Court overrule the objection of Arch, approve the Debtor's proposed settlement with Orion, and grant the Debtor such other and further relief that is just and equitable.

SM LAW PC

Dated:  August 24, 2020

*/s/ Steven Mitnick*
STEVEN MITNICK, ESQ.
PO Box 530
49 Old Turnpike Road
Oldwick, New Jersey 08858
(908) 572-7275
*Special Preference Counsel to Hollister Construction Services, LLC*