UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**LOWENSTEIN SANDLER LLP**
Arielle Adler, Esq.
Bruce Buechler, Esq.
Joseph DiPasquale, Esq.
Jennifer B. Kimble, Esq.
Kenneth A. Rosen, Esq.
Mary E. Seymour, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtor and*
*Debtor-in-Possession*

**Order Filed on September 4, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

HOLLISTER CONSTRUCTION SERVICES, LLC[1]

      Debtor.

Chapter 11

Case No. 19-27439 (MBK)

## TWENTY-FOURTH INTERIM ORDER (I) AUTHORIZING THE USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION, (III) SCHEDULING A FINAL HEARING AND, (IV) GRANTING RELATED RELIEF

        The relief set forth on the following pages, numbered two (2) through and including thirty-

two (32), is hereby **ORDERED**.

**DATED: September 4, 2020**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is Hollister Construction Services, LLC (5404).

Page:       2
Debtor:     Hollister Constructions Services, LLC
Case No.:   19-27439 (MBK)
Caption:    Twenty-Fourth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate
            Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

---

This matter is before the Court on the motion (the "Motion")[2] of the above captioned debtor and debtor-in-possession (the "Debtor") for entry of an interim order and a final order (the "Final Cash Collateral Order" or "Final Order"), pursuant to sections 105(a), 361, 362 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* (the "Bankruptcy Code"), (i) authorizing the Debtor's use of cash collateral pursuant to section 363 of the Bankruptcy Code; (ii) granting adequate protection for such use of cash collateral pursuant to sections 361 and 363 of the Bankruptcy Code; (iii) scheduling a hearing (the "Final Hearing") to consider entry of the Final Cash Collateral Order authorizing and approving use of cash collateral on a final basis; and (iv) granting related relief pursuant to Rules 4001(b)(2) and (c)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Court considered the Motion on an interim basis and the limited objections filed thereto or as stated on the record at a hearings held on September 16, September 24, October 8, October 22, November 7, November 21, 2019, December 12, 2019, December 19, 2019, January 9, January 16, January 23, 2020, February 5, 2020, March 5 and March 26, 2020, April 23, 2020, May 21, 2020, June 4 and June 18, 2020, July 2, and July 16, 2020, August 6 and August 20, 2020 and  September 3, 2020 and after due deliberation and good and sufficient cause appearing for the entry of the within order,

**IT IS HEREBY FOUND, DETERMINED, ORDERED, AND ADJUDGED**, that:[3]

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3]  The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, as appropriate.

Page:       3
Debtor:     Hollister Constructions Services, LLC
Case No.:   19-27439 (MBK)
Caption:    Twenty-Fourth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate
            Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

1.    <u>Motion Granted</u>. The Motion was granted on an interim basis pursuant to the

terms of the Interim Order entered by the Court on September 16, 2019 (the "<u>Interim Order</u>")

[Docket No. 90] the Second Interim Order entered by the Court on September 25, 2019 (the

"<u>Second Interim Order</u>") [Docket No. 158], the Third Interim Order entered by the Court on

October 2, 2019 (the "<u>Third Interim Order</u>") [Docket No. 219], the Fourth Interim Order entered

by the Court on October 8, 2019 (the "<u>Fourth Interim Order</u>") [Docket No. 279], the Fifth Interim

Order entered by the Court on October 22, 2019 (the <u>Fifth Interim Order</u>") [Docket No. 359],

the Sixth Interim Order entered by the Court on November 8, 2019 (the "<u>Sixth Interim Order</u>")

[Docket No. 463], the Seventh Interim Order entered by the Court on November 21, 2019  (the

"<u>Seventh Interim Order</u>") [Docket No. 556], the Eighth Interim Order entered by the Court on

December 12, 2019 ("<u>Eighth Interim Order</u>") [Docket No. 630], the Ninth Interim Order entered

by the Court on December 19, 2019 (the "<u>Ninth Interim Order</u>") [Docket No. 688], the Tenth

Interim Order entered by the Court on January 10, 2020 ("<u>Tenth Interim Order</u>") [Docket No.

776], the Eleventh Interim Order entered by the Court on January 17, 2020 ("<u>Eleventh Interim</u>

<u>Order</u>") [Docket No. 821], the Amended Twelfth Interim Order entered by the Court on January

31, 2020 ("<u>Twelfth Interim Order</u>") [Docket No. 885], the Amended Thirteenth Interim Order

entered by the Court on February 21, 2020 ("<u>Thirteenth Interim Order</u>") [Docket No. 947], the

Amended Fourteenth Interim Order entered by the Court on March 23, 2020 ("<u>Fourteenth</u>

<u>Interim Order</u>") [Docket No. 1037], the Fifteenth Interim Order entered by the Court on March

30, 2020 ("<u>Fifteenth Interim Order</u>") [Docket No. 1058], the Sixteenth Interim Order entered by

the Court on April 24, 20202 (the "<u>Sixteenth Interim Order</u>") [Docket No. 1110], the Seventeenth

Interim Order entered by the Court on May 21, 2020 (the "<u>Seventeenth Interim Order</u>") [Docket

Page:       4
Debtor:     Hollister Constructions Services, LLC
Case No.:   19-27439 (MBK)
Caption:    Twenty-Fourth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate
            Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

No. 1150], the Eighteenth Interim Order entered by the Court on June 9, 2020 (the "Eighteenth

Interim Order") [Docket No. 1173], the Nineteenth Interim Order entered by the Court on June

18, 2020 [Docket No. 1194], the Twentieth Interim Order entered by the Court on July 2, 2020

[Docket No. 1228] (the "Twentieth Interim Order"), the Amended Twenty-First Interim Order

entered by the Court on July 29, 2020 [Docket No. 1285] ("the "Twenty-First Interim Order"),,

the Twenty-Second Interim Order entered by the Court on August 7, 2020 [Docket No. 1307]

(the "Twenty-Second Interim Order"), and the Twenty-Third Interim Order entered by the Court

on August 20, 2020 [Docket No. 1347] (the "Twenty-Third Interim Order"). The Motion is

hereby granted on a further interim basis in accordance with the terms of this Twenty-Fourth

Interim Order. Any objections to the Motion that have not been withdrawn, waived or settled,

and all reservations of rights included therein or raised on the record at the hearings are hereby

continued until September 17, 2020 at 10:00 a.m., the date upon which the Court will hold a

further interim hearing on the Motion.

2.     Jurisdiction. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§

157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the

Debtor's Chapter 11 Case and the Motion are proper under 28 U.S.C. §§ 1408 and 1409.

3.     Statutory Predicates. The statutory predicates for the relief sought in the Motion

are Bankruptcy Code §§ 105, 361, 362 and 363, Rule 4001 of the Federal Rules of Bankruptcy

Procedures (the "Bankruptcy Rules"), and Rule 4001-3 of the Local Rules of the United States

Bankruptcy Court for the District of New Jersey (the "Local Rules").

4.     Notice. Notice of the Motion on the Debtor's proposed use of cash collateral has

been served in accordance with section 102(1) of the Bankruptcy Code, Bankruptcy Rule

Page:       5
Debtor:     Hollister Constructions Services, LLC
Case No.:   19-27439 (MBK)
Caption:    Twenty-Fourth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate
            Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

---

4001(b), and D.N.J. LBR 9013-5(f), which notice is appropriate and sufficient for all purposes

under the Bankruptcy Code and the applicable Bankruptcy Rules with respect to the interim

relief requested in the Motion.

     5.       <u>Debtor's Stipulations with Respect to PNC</u>.  Without prejudice to the rights of

any other party, but subject to the limitations thereon contained in paragraph 14 of this Twenty-

Fourth Interim Order, and subject to the provisions of Paragraphs 18 and 21 hereof, the Debtor

represents, admits, stipulates, and agrees that (collectively, the "<u>Debtor's PNC Stipulations</u>"):[4]

     A.       <u>PNC Cash Collateral</u>. Except as otherwise provided herein, any and all of

the Debtor's cash and other amounts on deposit or maintained in any account or accounts by the

Debtor generated by the collection of accounts receivable or other disposition of the Prepetition

PNC Collateral (as defined herein) existing as of the Petition Date, and the proceeds of any of the

foregoing, is PNC's cash collateral within the meaning of section 363(a) of the Bankruptcy Code

(the "<u>Cash Collateral</u>").

     B.       <u>Prepetition Line of Credit Loan Documents</u>.  On or about November 13,

2014, PNC extended a line of credit to the Debtor in the principal amount of $15,000,000.00 (the

"<u>Prepetition Line of Credit</u>").  The Prepetition Line of Credit is evidenced by, *inter alia*, that

certain Amended and Restated Committed Line of Credit Note dated December 30, 2015 executed

and delivered by the Debtor to PNC (the "<u>Committed Line Note</u>") and related (i) Borrowing Base

Rider dated November 13, 2014 between the Debtor and PNC and (ii) Security Agreement dated

---

[4] None of Debtor's PNC Stipulations set forth in this Twenty-Fourth Interim Order shall limit, impair or modify in
any way the rights, protections or remedies of PNC, including with respect to any default or "Event of Default" (as
defined in the Prepetition PNC Credit Documents (as defined in Paragraph 5(c) of this Twenty-Fourth Interim Order))
under any of the loan documents evidencing the Prepetition Facilities.

Page:        6
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Twenty-Fourth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate
             Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

November 13, 2014 executed and delivered by the Debtor in favor of PNC (collectively, and together with the Committed Line Note and all other documents related to and/or evidencing the Prepetition Line of Credit, as amended, supplemented, modified and/or restated prior to the date hereof, the "Prepetition Line of Credit Loan Documents").

C.      Prepetition Term Loan Documents.  On or about September 26, 2018, PNC loaned the Debtor the principal amount of $1,600,000.00 (the "Prepetition Term Loan").  The Prepetition Term Loan is evidenced by, *inter alia*, that certain Term Loan Note dated as of September 26, 2018 (the "Prepetition Term Loan Note") (together, and with all other documents related to and/or evidencing the Prepetition Term Loan, as amended, supplemented, modified and/or restated prior to the date hereof, the "Prepetition Term Loan Documents" and, together with the Prepetition Line of Credit Loan Documents, the "Prepetition PNC Credit Documents").

D.      Acknowledgement of Default.  As of the Petition Date, Debtor was in default of its obligations under the Prepetition PNC Credit Documents.

E.      Existing Bank Accounts.  As of the date hereof, Debtor holds depository bank accounts as set forth in the Debtor's Cash Management Motion [Docket No. 11], as modified by the Interim Order.

F.      Outstanding Prepetition Secured Obligations.

(1)      As of the Petition Date, the outstanding principal amount of the obligations owing by the Debtor to PNC under and in connection with the Prepetition Line of Credit was $14,000,000, together with all accrued interest, charges, fees, costs and expenses (including attorneys' fees and legal expenses), which, in the aggregate, totaled at least $14,012,345.53 as of the Petition Date.

Page:       7
Debtor:     Hollister Constructions Services, LLC
Case No.:   19-27439 (MBK)
Caption:    Twenty-Fourth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate
            Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

(2)     As of the Petition Date, the outstanding principal amount of the

obligations owing by the Debtor to PNC under and in connection with the Prepetition Term Loan

was $1,306,666.83 together with all accrued interest, charges, fees, costs and expenses (including

attorneys' fees and legal expenses), which, in the aggregate, totaled at least $1,309,025.57 as of

the Petition Date.

(3)     Taken together, as of the Petition Date, the outstanding amounts due

and owing to PNC under the Prepetition Line of Credit and Prepetition Term Loan were, in the

aggregate, together with all accrued interest, charges, fees, costs and expenses (including

attorneys' fees and legal expenses), at least $15,321,371.10 (collectively, the "Secured

Obligations") as of the Petition Date.

(4)     The Secured Obligations constitute allowed, legal, valid, binding,

enforceable and non-avoidable obligations of the Debtor and are not subject to any offset, defense,

counterclaim, avoidance, recharacterization or subordination pursuant to the Bankruptcy Code or

any other applicable law, and the Debtor does not possess and shall not assert any claim,

counterclaim, setoff or defense of any kind, nature or description which would in any way affect

the validity, enforceability and nonavoidability of any of the Secured Obligations.

G.      Prepetition Liens and Collateral.  Except as otherwise set forth herein, as of

the Petition Date, the Secured Obligations were secured by a valid, perfected, and enforceable and

non-avoidable first priority security interest and lien (the "Prepetition PNC Lien") granted by the

Debtor to PNC upon the Collateral (as defined in the Prepetition PNC Credit Documents, hereafter

the "Prepetition PNC Collateral"). The Prepetition PNC Lien in and against the Prepetition PNC

Collateral (i) is a valid, binding, perfected, and enforceable lien and security interest on the

Page:        8
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Twenty-Fourth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate
             Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

Prepetition PNC Collateral, (ii) is not subject, pursuant to the Bankruptcy Code or other applicable law, to avoidance, recharacterization, recovery, subordination, attack, offset, counterclaim, defense, or "claim" (as defined in the Bankruptcy Code) of any kind, (iii) is subject and/or subordinate only to any validly perfected and unavoidable liens that existed on the Petition Date and are senior to the Prepetition PNC Lien under applicable non-bankruptcy law, and (iv) constitute the legal, valid, unavoidable and binding obligation of the Debtor, enforceable in accordance with the terms of the Prepetition PNC Credit Documents.

H.    <u>Adequate Protection for PNC</u>.  As a result of the Debtor's authorization to use PNC's Cash Collateral as set forth herein, PNC is entitled to receive adequate protection pursuant to sections 361, 362, and 363 of the Bankruptcy Code for and solely to the extent of any actual diminution in the value, from and after the Petition Date, of its interests in the Prepetition PNC Collateral (including the Cash Collateral) resulting from the automatic stay and/or from the Debtor's use, sale or lease of the Prepetition PNC Collateral (including the Cash Collateral), or otherwise during the Chapter 11 Case.  As adequate protection, PNC will receive the adequate protection described in this Twenty-Fourth Interim Order. In light of such adequate protection, PNC has consented to the Debtor's use of PNC's Cash Collateral, solely on the terms and conditions set forth in this Twenty-Fourth Interim Order. The adequate protection provided herein and other benefits and privileges contained herein are consistent with and authorized by the Bankruptcy Code and are necessary to obtain PNC's consent to the Debtor's use of Cash Collateral.

I.    <u>No Claims</u>.  Subject to the provisions of Paragraph 14 of this Twenty-Fourth Interim Order and entry of a Final Order, the Debtor, on behalf of itself and its estate and all of its past, present and future predecessors, successors, heirs, subsidiaries and assigns (collectively, the

Page:        9
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Twenty-Fourth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate
             Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

---

"Releasors"), agree that as of the Petition Date it holds no valid or enforceable "claims" (as defined

in the Bankruptcy Code), counterclaims, causes of action, defenses, or setoff rights of any kind

against PNC and its officers, directors, equity holders, members or shareholders arising out of,

relating to, or in connection with, *inter alia*, the Prepetition PNC Credit Documents, the Secured

Obligations, the Prepetition PNC Collateral, the lending relationship with the Debtor under the

Prepetition PNC Credit Documents, any action or inaction of PNC prior to the Petition Date under

the Prepetition PNC Credit Documents or in connection with the filing of the Chapter 11 Case.

The Releasors hereby forever waive and release any and all "claims" (as defined in the Bankruptcy

Code), counterclaims, causes of action, defenses, or setoff rights against PNC and/or its officers,

directors, equity holders, members, partners, funds, managers, managing members, employees,

advisors, principals, attorneys, professionals, accountants, investment bankers, consultant, agents,

and other representatives that may have existed as of the Petition Date, whether arising at law or

in equity, including any recharacterization, subordination, lender liability type claims, avoidance,

or other claim arising under or pursuant to section 105 or chapter 5 of the Bankruptcy Code or

under any other similar provisions of applicable state or federal law, arising out of, relating to, or

in connection with, *inter alia*, the Prepetition PNC Credit Documents, the Secured Obligations,

the Prepetition PNC Collateral, the lending relationship with the Debtor under the Prepetition PNC

Credit Documents, any action or inaction of PNC prior to the Petition Date in connection with the

lending relationship under the Prepetition PNC Credit Documents or in connection with the filing

of the Chapter 11 Case.

      6.    <u>Necessity for Relief Requested</u>. The Debtor does not have sufficient

unencumbered cash or other assets to continue to operate its business during the Chapter 11 Case

Page:       10
Debtor:     Hollister Constructions Services, LLC
Case No.:   19-27439 (MBK)
Caption:    Twenty-Fourth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate
            Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

---

or to effectuate a reorganization. The Debtor will be immediately and irreparably harmed if it is not immediately granted the continued authority to use PNC's Cash Collateral in order to permit, among other things, the continuation of its business, the ability to fund payroll and other taxes, the maintenance of their relations with vendors and suppliers, satisfaction of their working capital needs, as well as the ability to pay for inventory, supplies, overhead, insurance and other necessary expenses and pay any statutory fees pursuant to 28 U.S.C. § 1930(a)(6). The access of the Debtor to sufficient working capital and liquidity made available through the use of PNC's Cash Collateral is vital to the preservation and maintenance of the going concern value of the Debtor and to a successful reorganization of the Debtor.

7.      Good Cause. Good cause has been shown for entry of this Twenty-Fourth Interim Order, and the entry of this Twenty-Fourth Interim Order is in the best interests of the Debtor and its estate and creditors. Among other things, the relief granted herein will permit the Debtor to preserve and maintain the value of its assets. The stipulated terms of the Debtor's use of PNC's Cash Collateral and proposed adequate protection arrangements, as set forth in this Twenty-Fourth Interim Order, are fair and reasonable under the circumstances, and reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties.

8.      Good Faith. The Debtor's use of Cash Collateral on an interim basis has been negotiated in good faith and at arms' length between and among the Debtor and PNC and PNC's consent to the Debtor's use of Cash Collateral shall be deemed to have been made in "good faith."

9.      Authorization to Use PNC's Cash Collateral. Until the earlier to occur of (i) to and through September 18, 2020 or (ii) the Termination Date (as defined below), the Debtor is

Page:        11
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Twenty-Fourth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate
             Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

---

hereby authorized to use PNC's Cash Collateral pursuant to and in accordance with the terms of

this Twenty-Fourth Interim Order and the Twenty-Fourth Interim Cash Collateral Budget.

10.    <u>Budget</u>.

a)    Except as otherwise provided herein, the Debtor may only use PNC's Cash

Collateral for, among other things, (i) working capital requirements, (ii) general corporate

purposes, and (iii) certain costs and expenses related to the administration of the Chapter 11 Case

(including making adequate protection payments and paying any statutory fees pursuant to 28

U.S.C. § 1930(a)(6)), in each case, pursuant to and solely in accordance with the cash collateral

budget attached as **Exhibit 1** hereto (the "<u>Budget</u>"), which Budget has been approved by PNC.[5]

Use of Cash Collateral for category items in the Contingency Line of the Budget shall be subject

to the prior consent of PNC.  Nothing contained in this Twenty-Fourth Interim Order including,

without limitation, reference to future dates, reporting requirements, or otherwise, shall be deemed

to constitute consent or agreement to consent on PNC's part for the use of Cash Collateral beyond

September 18, 2020.

b)    Commencing on September 19, 2019, and then every seven (7) days

thereafter, until entry of a subsequent interim order or Final Order instructing otherwise, the Debtor

shall deliver an updated weekly budget (the "<u>Proposed Weekly Budget</u>") to PNC and its advisors,

the Office of the U.S. Trustee and counsel to any Creditors' Committee that may be appointed in

the Chapter 11 Case (the "<u>Committee</u>"), for the week beginning September 22, 2019 (and then

---

[5] In light of COVID-19, to the extent that any local, state and/or the United States government implement new or additional restrictions on ongoing construction projects and/or lifts any existing restrictions, the parties reserve the right to revisit and modify the Budget, including but not limited to, filing an amended budget and cash collateral order with the Court during the term of this Twenty-Fourth Interim Order.

Page:       12
Debtor:     Hollister Constructions Services, LLC
Case No.:   19-27439 (MBK)
Caption:    Twenty-Fourth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate
            Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

every week thereafter).  This Proposed Weekly Budget may cover a period longer than seven (7) days.

c)      Commencing on September 24, 2019, and then every seven (7) days thereafter, until entry of a subsequent interim order or Final Order instructing otherwise, Debtor shall deliver to PNC a report for the prior one (1) week fiscal period (the "1-Week Fiscal Period") comparing the actual receipts and disbursements of the Debtor during that 1-Week Fiscal Period with the receipts and disbursements in the Budget for the applicable periods.

d)      During the term of this Twenty-Fourth Interim Order, the Debtor may not use PNC's Cash Collateral: (i) to investigate, initiate, prosecute, join, or finance the initiation or prosecution of any claim, counterclaim, action, suit, arbitration, proceeding, application, motion, objection, defense, or other litigation of any type: (A) against PNC or seek relief that would impair the rights and remedies of PNC under the Prepetition PNC Credit Documents or this Twenty-Fourth Interim Order, including, without limitation, for the payment of any services rendered by the professionals retained by the Debtor in connection with the assertion of or joinder in any claim, counterclaim, action, proceeding, application, motion, objection, defense, or other contested matter, the purpose of which is to seek, or the result of which would be to obtain, any order, judgment determination, declaration, or similar relief that would impair the ability of PNC to recover on the Secured Obligations or seeking affirmative relief against PNC; (B) invalidating, setting aside, avoiding, or subordinating, in whole or in part, the Secured Obligations, PNC's liens or security interests in the Prepetition PNC Collateral; or (C) for monetary, injunctive, or other affirmative relief against PNC or its liens on or security interests in the Prepetition PNC Collateral that would impair the ability of PNC to assert or enforce any lien, claim, right, or security interest

Page:        13
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Twenty-Fourth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate
             Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

---

or to realize or recover on the Secured Obligations; (ii) for objecting to or challenging in any way the legality, validity, priority, perfection, or enforceability of the claims, liens, or interests (including the Prepetition PNC Liens) held by or on behalf of PNC; (iii) for asserting, commencing, or prosecuting any claims or causes of action whatsoever, including, without limitation, any Avoidance Actions against PNC; or (iv) for prosecuting an objection to, contesting in any manner, or raising any defenses to, the validity, extent, amount, perfection, priority, or enforceability of the Prepetition PNC Liens or any other rights or interests of PNC.

11.     <u>Termination Date</u>. The Debtor's authorization, and the consent of PNC to use PNC's Cash Collateral shall terminate on the earliest to occur of (the "<u>Termination Date</u>"): (i) the termination or non-consensual modification of this Twenty-Fourth Interim Order or the failure of this Twenty-Fourth Interim Order to be in full force and effect; (ii) the entry of an order of this Court terminating the Debtor's right to use Cash Collateral; (iii) the dismissal of the Chapter 11 Case or the conversion of the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code; (iv) the appointment of a trustee or an examiner with expanded powers; and (vi) the expiration of the Cure Period following the delivery of a Default Notice (as defined herein) by PNC, as set forth below.

12.     <u>Insurance</u>. At all times, the Debtor shall maintain casualty and loss insurance coverage for the Prepetition PNC Collateral on substantially the same basis as maintained prior to the Petition Date and shall, if not already done, name PNC as a loss payee.

13.     <u>Sole Depository.</u>  In consideration for the use of PNC's Cash Collateral, within ten (10) business days from the entry of the Interim Order the Debtor shall utilize PNC as its sole depository and any and all deposit accounts maintained at other banking institutions were

Page:        14
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Twenty-Fourth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate
             Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

---

transferred to PNC and thereafter maintained by PNC as debtor-in-possession accounts subject

to the provisions of Paragraphs 18 through 22 hereof.  For the avoidance of doubt, the Debtor

may continue to maintain its operating account related to payroll at TD Bank solely as conduit

operating account.

14.    <u>Reservation of Certain Third Party Rights and Bar of Challenges and Claims</u>.  The

rights of any creditor, party in interest or committee, whether formal or informal, including a

Creditor's Committee, to dispute or challenge the validity, perfection, extent, amount and

priority of PNC's claims and liens and/or the right to dispute PNC's right to any Adequate

Protection Payments authorized under this Order including, without limitations, to dispute the

release provided by the Debtor in paragraph 5.I of this Twenty-Fourth Interim Order

(collectively, a "<u>Challenge</u>") are expressly preserved for sixty (60) days from the date that

counsel for a Creditor's Committee has been retained, if a Creditor's Committee is formed, and

as to all other parties in interest, sixty (60) days from the date that the Court entered the Interim

Order (the "<u>Challenge Period</u>").

15.    <u>Adequate Protection Lien and Priority</u>.  As adequate protection for (i) the

Debtor's post-petition use of PNC's Cash Collateral, (ii) the Debtor's postpetition use, sale or

lease of the Prepetition PNC Collateral (including the use of the Cash Collateral actually paid to

professionals in connection with the Additional Carve-Out (hereafter defined), and (iii) the

imposition of the automatic stay (the "<u>Adequate Protection Obligations</u>"), PNC is hereby granted

a replacement security interest in and lien on (the "<u>Adequate Protection Lien</u>") all post-petition

assets of the Debtor, but solely to the extent of any actual diminution in the value of the PNC

Prepetition Collateral, and to the extent and with the same priority in the Debtor's post-petition

Page:      15
Debtor:    Hollister Constructions Services, LLC
Case No.:  19-27439 (MBK)
Caption:   Twenty-Fourth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate
           Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

---

collateral, and proceeds thereof, that PNC had in the Debtor's Prepetition PNC Collateral. The Adequate Protection Lien granted by this Twenty-Fourth Interim Order shall not extend to any claims or causes of action of the Debtor under 11 U.S.C. §§ 544, 547, 548, 549, 550 or 551 ("Avoidance Actions") or any proceeds of any of such claims or causes of action ("Avoidance Proceeds").

For the avoidance of doubt, the Adequate Protection Lien shall be junior in priority only to any fees payable to the Clerk of this Court, statutory fees pursuant to 28 U.S.C. § 1930(a)(6) and the Carve-Out.

The Adequate Protection Lien granted to PNC shall be a (x) first priority perfected lien on the Prepetition PNC Collateral on which PNC had a valid and perfected first priority lien on as of the Petition Date, even if such collateral is subject to a validly perfected lien that is junior to the lien of PNC, and (y) junior perfected lien on the Prepetition PNC Collateral that is subject to a validly perfected lien with priority over PNC's liens as of the Petition Date.

The Adequate Protection Lien granted to PNC pursuant to this Twenty-Fourth Interim Order is deemed valid and perfected upon entry of this Twenty-Fourth Interim Order without the necessity of PNC taking possession of, filing financing statements, mortgages, or other documents. Upon the request of PNC, the Debtor shall execute and deliver to PNC any and all UCC financing statements, mortgages, notes, assignments, or other instruments or documents considered by PNC necessary in order to perfect the Adequate Protection Liens; and PNC is hereby granted relief from the automatic stay embodied in section 362(a) of the Bankruptcy Code to receive, file, and record the foregoing.

Page:       16
Debtor:     Hollister Constructions Services, LLC
Case No.:   19-27439 (MBK)
Caption:    Twenty-Fourth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate
            Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

The provisions of this Paragraph 15 are subject to the provisions of Paragraphs 18 and 21 hereof.

16.     <u>Adequate Protection Superpriority Claims</u>.  To the extent the adequate protection provided is insufficient to protect PNC's interest in and to the Cash Collateral, PNC shall have a superpriority administrative expense claim pursuant to Section 507(b) of the Bankruptcy Code, senior to any and all claims against the Debtor under Section 507(a) of the Bankruptcy Code, subject to statutory fees pursuant to 28 USC 1930(a)(6).

17.     <u>Adequate Protection Fees and Interest</u>.  As further adequate protection PNC shall be entitled to (i) interest on account of the outstanding Secured Obligations, which shall accrue at the non-default rate of interest in accordance with the amounts, time and manner set forth in the Prepetition PNC Credit Documents, and (ii) the reasonable and documented fees, costs and expenses incurred by PNC after the Petition Date, including, but not limited to, attorneys' fees and expenses (the "<u>Adequate Protection Fees</u>"), which shall also accrue in accordance with the amounts, time and manner set forth in the Prepetition PNC Credit Documents. Consistent with Paragraph 18 of this Order, said interest, fees and costs, shall not, absent a further Order of this Court, be paid from the Bonded Project Proceeds.

18.     <u>PNC and Arch's Competing Interests in Bonded Projects and Proceeds therefrom</u>. Prior to the Petition Date, Arch executed certain performance and payment bonds (the "<u>Bonds</u>") on behalf of the Debtor including the Bonds bearing bond numbers and for obligees (the "<u>Project Owners</u>") of and for certain of the Debtor's ongoing construction projects (the "<u>Bonded Projects</u>") which Bonds relate to certain of the contracts which the Debtor was performing under as of the Petition Date. Arch contends that progress payments, retainage, change order and claim

Page:      17
Debtor:    Hollister Constructions Services, LLC
Case No.:  19-27439 (MBK)
Caption:   Twenty-Fourth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate
           Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

proceeds that are outstanding and which may be earned with respect to the Bonded Projects (collectively, the "Bonded Project Proceeds"), when held by Project Owners or when paid by Project Owners constitute trust funds for the benefits of laborers, subcontractors, suppliers, and materialmen of the Bonded Projects pursuant to applicable state statutes.

Neither Debtor nor any assignee of Debtor (except for any junior perfected residual interest, if any, held by PNC following payment of the obligations on any Bonded Projects), including but not limited to any lender, shall have, or been deemed to have, any beneficial interest in or lien upon the Bonded Project Proceeds of any Bonded Project unless and until all of that Bonded Project is complete, all bonded obligations arising out of that Bonded Project have been satisfied, and the Bonds relating to that Bonded Project have been released or discharged.

With respect to each of the Bonded Projects, the Debtor and Surety have established separate escrow accounts with PNC as Debtor-in-Possession trust accounts for each such Bonded Project into which all Bonded Project Proceeds shall be deposited (the "Bonded Project Escrow Accounts"). The Bonded Project Proceeds shall be deposited into the respective Bonded Projects Escrow Accounts, when due and payable by the Bonded Project Owners to Debtor or its assigns. The Surety has designated one or more representatives who shall serve as signatory on each account and, with the Debtor's prior approval or consent, and upon notice to the United States Trustee and the Committee, funds from each such Bonded Project Escrow Account shall be used only to fund the actual and reasonable direct costs from completion of the respective Bonded Project, to pay valid bonded obligations, and to pay trust fund beneficiaries' claims including but not limited to: (a) payment of laborers, payroll taxes on wages paid to such laborers, union fringe benefits funds, subcontractors and materialman for labor, services and materials; (b) payment of

Page:       18
Debtor:     Hollister Constructions Services, LLC
Case No.:   19-27439 (MBK)
Caption:    Twenty-Fourth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate
            Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

the actual, reasonable, and proper claims of and obligations owing to laborers, union fringe benefit funds, subcontractors, suppliers, materialmen, laborers, subcontractors, suppliers to subcontractors for labor, materials or services supplied in furtherance of the Bonded Projects and/or to reimburse the Surety for any such payments made by it under or by virtue of the Bonds; and (c) payment of claims of "beneficiaries," as defined in applicable state law (parties holding such claims are referred to herein as "Trust Fund Beneficiaries").

To the extent that any Bonded Project Proceeds are deemed to be held in trust, whether by statute, contract or other applicable law for any Trust Fund Beneficiary, such Bonded Project Proceeds shall retain their trust status upon their deposit into any escrow account identified in this Twenty-Fourth Interim Order or any previous interim cash collateral order entered by the Court through the transfer of such funds to such Trust Fund Beneficiary.

Nothing in this Twenty-Fourth Interim Order or the previous interim cash collateral orders entered by the Court shall create or impose an obligation on any Project Owner to make a payment that would not otherwise be due and payable to the Debtor.

Notwithstanding any other provisions to the contrary in this Twenty-Fourth Interim Order or the previous interim cash collateral orders entered by the Court, neither Arch, PNC, the Project Owners, nor the Debtor waive or release any defenses, rights and claims with respect to the Bonds, Bonded Projects Proceeds or otherwise, all rights being expressly reserved.

19.   The Minerva Entities and Bay Street Entities Bonded Project Escrow Accounts.
Notwithstanding anything in this Twenty-Fourth Interim Order or the previous interim cash collateral orders to the contrary, with respect to the Debtor's Bonded Projects with 10 Minerva Place L.P. and 10 Minerva Place Housing Development Fund Corporation (collectively the

Page:        19
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Twenty-Fourth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate
             Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

"Minerva Entities") and with 5 Bay Street Phase 1 LLC, 5 Bay Street Phase 1 Sponsor Member

Inc., and 5 Bay Street Phase 3 LLC (collectively the "Bay Street Entities"), prior to either the

Bay Street Entities or the Minerva Entities making a payment to their respective Bonded Project

Escrow Account, the Bay Street Entities on their Bonded Project or, as the case may be, the

Minerva Entities on their Bonded Project, the Debtor and the Surety shall agree upon the

disposition and uses of the funds to be paid by such Project Owner (consents may be provided

in writing by electronic mail), including the specific amounts to be paid to one or more Trust

Fund Beneficiaries, and the Debtor shall represent to such Project Owner that all notices required

by this Twenty-Fourth Interim Order necessary to make such payments to any such Trust Fund

Beneficiaries have been provided, and forthwith following the payment by such Project Owner

to the Bonded Project Escrow Account established for such Project Owner's Bonded Project,

Surety shall pay each such Trust Fund Beneficiary the amounts previously agreed by the Debtor,

Surety and such Project Owner.

20.    Any Project Owner that properly terminates a contract with the Debtor

concerning a Bonded Project (a "Contract") shall not be required to pay any funds related to the

Bonded Project governed by such terminated Contract to the Debtor and pursuant to Paragraph

18 hereof and, with respect to the Minerva Entities and Bay Street Entities Paragraph 19 hereof;

provided, however, that a Project Owner that has terminated its Contract may, in its sole

discretion and on a case-by-case basis, continue to make use of the escrow payment system

currently authorized under Paragraph 18 hereof and, with respect to the Minerva Entities and

Bay Street Entities Paragraph 19 hereof, for procedural purposes, provided, however, that any

funds paid into such escrow account of the Debtor shall not be deemed to be property of the

Page:         20
Debtor:       Hollister Constructions Services, LLC
Case No.:     19-27439 (MBK)
Caption:      Twenty-Fourth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate
              Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

Debtor, shall be administered by the Surety, and shall be held by the Surety in trust for the benefit

of Trust Fund Beneficiaries.

21.    Post-Petition Non-Bonded Project Receivables.    Various parties in interest

including, but not limited to subcontractors, Project Owners, PNC, the Debtor, and others, may

assert rights, claims or other interests in the post-petition receivables of the Debtor for work

performed or services provided on the Debtor's non-bonded projects (the "Non-Bonded Project

Receivables"). This provision shall not apply to any Non-Bonded Go-Forward Project

Settlements or AR Settlements. In order to preserve the rights of all parties in interest, all Non-

Bonded Project Receivables received by the Debtor on non-bonded projects after the Petition

Date shall be placed into the separate post-petition bank account opened by the Debtor at PNC

Bank (the "Non-Bonded Project Post-Petition Account") with a separate accounting internally

by the Debtor for each such non-bonded project.  No Non-Bonded Project Receivables or other

amounts held in the Non-Bonded Project Post-Petition Account shall be disbursed by the Debtor

during the period covered by this Twenty-Fourth Interim Order.   Except expressly provided

herein, nothing in this Twenty-Fourth Interim Order is intended to adjudicate, waive or release

any claims or rights with respect to the Non-Bonded Project Receivables or funds held in the

Non-Bonded Post-Petition Account.   All rights of all parties in the Non-Bonded Project

Receivables are being expressly reserved.

22.    Non-Bonded Go-Forward Project Settlements.  Notwithstanding the provisions

of Paragraph 21 above, to the extent that the Debtor: (a) submits and obtains Court approval for

any settlement reached with a Project Owner and as applicable, subcontractors and/or vendors,

with respect to any non-bonded go-forward project settlement (as the case may be, a "Settled

Page:        21
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Twenty-Fourth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate
             Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

Non-Bonded Project"), and (b) PNC shall have consented to such settlement (which consent shall not be unreasonably withheld), all proceeds paid by the relevant Project Owner in connection with such settlement shall be paid into a separate escrow account at PNC (the "Settled Non-Bonded Project Escrow Account"), and are to be distributed by the escrow agent, SM Financial Services Corporation, to the relevant subcontractors and/or vendors as provided in the applicable settlement agreement free and clear of any lien claims.  PNC's liens and security interests, if any, shall remain attached to and remain perfected upon any proceeds in the Settled Non-Bonded Project Escrow Account in which the Debtor has an interest (but not upon funds payable to Project Creditors pursuant to a Settlement Agreement) and such proceeds will be applied to the obligations outstanding from the Debtor to PNC, and/or to the Debtor's Cash Collateral needs, and/or the Additional Carve-Out (as defined herein) as and when: (a) the Debtor and PNC reach consensual resolution with respect to such application or use of Cash Collateral, or (b) the Bankruptcy Court so orders such application or use of Cash Collateral upon application by the Debtor or PNC.

23.     Accounts Receivable Settlements.  Notwithstanding the provisions of Paragraph 21 above, to the extent that the Debtor: (a) submits and obtains Court approval for any settlement reached with a Project Owner, subcontractor and/or vendor on a non-bonded project with respect to any outstanding accounts receivable(s) (an "AR Settlement"), and (b) PNC shall have consented to such AR Settlement (which consent shall not be unreasonably withheld), the proceeds of such AR Settlement shall be deposited into the Debtor's operating account and used only in accordance with the Budget and the applicable Cash Collateral Order.

Page:      22
Debtor:    Hollister Constructions Services, LLC
Case No.:  19-27439 (MBK)
Caption:   Twenty-Fourth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate
           Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

24.    <u>Carve-Out.</u>    Upon entry of the Sixth Interim Order, there was deemed to be an aggregate carve out from PNC's Pre-Petition Collateral (including Cash Collateral), in the following amounts: $75,000 Lowenstein Sandler, LLP,  $20,000 for Committee professionals, and $12,000 for Prime Clerk (collectively, the "<u>Carve-Out</u>").  To the extent not already funded, the Carve-Out shall be funded into the applicable professional fee escrow accounts pursuant to the terms of this Twenty-Fourth Interim Cash Collateral Order and the Budget from the escrow account upon entry of this Twenty-Fourth Interim Cash Collateral Order or as soon as practical thereafter.  The Carve-Out amounts will only be disbursed to professionals pursuant to the Adminstrative Fee Order [Docket No. 284].

25.    <u>Additional Carve-Out</u>.    All terms with respect to the Additional Carve-Out (as defined in the Sixth Interim Order) as set forth in the Sixth Interim Order, the Seventh Interim Order, the Eighth Interim Order, the Ninth Interim Order, the Tenth Interim Order, the Eleventh Interim Order, the Twelfth Interim Order, the Thirteenth Interim Order, the Fourteenth Interim Order, the Fifteenth Interim Order, the Sixteenth Interim Order, the Seventeenth Interim Order, the Eighteenth Interim Order, the Nineteenth Interim Order, the Twentieth Interim Order and the Twenty-First Interim Order, the Twenty-Second Order and the Twenty-Third Interim Order shall remain in effect hereunder.  Additionally, as of the weeks ending September 11 and September 18, 2020, the Additional Carve-Out shall be increased and applied against the Debtor's receipt of settlement funds from Non-Bonded Project Settlements ("<u>Settlement Proceeds</u>") deposited into the Escrow Account and only after accounting for any funds required by the Debtor for its ongoing operational needs in accordance with any applicable Budget in place between the Debtor and PNC.  The amount of the Additional Carve-Out for each of the weeks ending September 11

Page:          23
Debtor:        Hollister Constructions Services, LLC
Case No.:      19-27439 (MBK)
Caption:       Twenty-Fourth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate
               Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

---

and September 18, 2020 shall be equal to $25,000 ($20,000 Lowenstein Sandler, LLP and $5,000

for Committee professionals)[6]; provided, however, that such Additional Carve-Out is only

payable from Settlement Funds subject to PNC's lien (and not funds payable to Project Creditors

pursuant to a Settlement Agreement); and further provided that that such Additional Carve-

Out shall be paid to the professionals on a pro rata basis simultaneous with the reduction of the

Debtor's obligations to PNC as follows: (a) at the rate of 67% of amounts available in the Escrow

Account to PNC from time to time; and (b) at the rate of 33% of amounts available in the Escrow

Account to fund the Additional Carve-Out to professionals from time to time up to the maximum

amount of the Additional Carve-Out.

The Additional Carve-Out shall survive the termination of this Twenty-Fourth Interim

Cash Collateral Order and the expiration of the Twenty-Fourth Cash Collateral Budget period.

Upon further order of the Court – which may occur on shortened notice or pursuant to a

Cash Collateral Budget - the cash to pay the Additional Carve-Out shall, concurrently with the

applicable pay down of the Debtor's obligations to PNC as noted above, be paid to the applicable

professionals into their respective attorney or professional trust accounts and will only be

disbursed to professionals pursuant to the Adminstrative Fee Order [Docket No. 284].

26.       <u>Modification of Automatic Stay.</u> The automatic stay under section 362(a) of the

Bankruptcy Code is hereby modified as necessary to effectuate all of the terms and provisions

of this Twenty-Fourth Interim Order, including, without limitation, to: (a) permit the Debtor to

provide the adequate protection provided herein; (b) permit the Debtor to perform such acts as

---

[6] Prime Clerk was removed from the Additional-Carve Out pursuant to the terms of the Fifteenth Interim Order and is included as a line item in the Budget.

Page:      24
Debtor:    Hollister Constructions Services, LLC
Case No.:  19-27439 (MBK)
Caption:   Twenty-Fourth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate
           Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

PNC may reasonably request to assure the perfection and priority of the liens granted herein; and

(c) authorize the Debtor to make payments in accordance with the terms of this Twenty-Fourth

Interim Order.

27.    <u>Disposition of Collateral</u>.  Unless otherwise provided for herein, the Debtor shall

not sell, transfer, lease, encumber or otherwise dispose of any portion of the Prepetition PNC

Collateral without the prior written consent of PNC, unless done so in the ordinary course of

business. Further, unless otherwise agreed to by PNC in writing, all proceeds of any sale or other

disposition of the Prepetition PNC Collateral in which PNC has a first priority security interest,

outside of the ordinary course of business shall be paid over to PNC as and to the extent required

by this Twenty-Fourth Interim Order.

28.    <u>Events of Default</u>.  The occurrence of any of the following events, unless waived

in writing by PNC, shall constitute an event of default (each, an "<u>Event of Default</u>"):

a)    the Debtor's continued use of PNC's Cash Collateral after the Termination

Date without the written consent of PNC;

b)    the Debtor's failure to (i) comply with the Budget and related reporting

requirements, or (ii) perform, in any material respect, any of its obligations under this Twenty-

Fourth Interim Order;

c)    except as otherwise permitted herein, the Debtor obtaining post-petition

credit or incurring post-petition indebtedness that is (i) secured by a security interest, mortgage or

lien on all or any portion of the Prepetition PNC Collateral which is equal to or senior to, any

security interest, mortgage or lien of PNC, or (ii) entitled to priority administrative status which is

equal to or senior to that granted to PNC;

Page:        25
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Twenty-Fourth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate
             Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

d)      any lien or security interest purported to be created under the Prepetition PNC Credit Documents shall cease to be, shall be asserted by the Debtor not to be, or shall otherwise be determined by the Bankruptcy Court not to be a valid and perfected lien on or security interest in any Prepetition PNC Collateral, with the priority required by the Prepetition PNC Credit Documents or the provisions of this Twenty-Fourth Interim Order;

e)      dismissal of the Chapter 11 Case, conversion of the Chapter 11 Case to chapter 7, or the appointment of a chapter 11 trustee or examiner with expanded powers in the case;

f)      an order shall be entered staying, reversing, vacating, amending, or rescinding any of the terms of this Twenty-Fourth Interim Order without the consent of PNC;

g)      the entry of an order or judgment by this Court or any other court: (i) modifying, limiting, subordinating, or avoiding the priority of the obligations of the Debtor under this Twenty-Fourth Interim Order, the obligations of the Debtor under the Prepetition PNC Credit Documents, or the perfection, priority, or validity of the Prepetition PNC Liens, or the Adequate Protection Lien; (ii) imposing, surcharging, or assessing against PNC's claims or the Prepetition PNC Collateral, any costs or expenses, whether pursuant to section 506(c) of the Bankruptcy Code or otherwise; (iii) impairing PNC's right to credit bid; and (iv) authorizing the obtaining of post-petition credit or the incurrence of postpetition indebtedness that is secured by a security interest, mortgage, or other lien on all or any portion of the Prepetition PNC Collateral which is equal to or senior to any security interest, mortgage, or other lien of PNC, or entitled to administrative expense priority status which is equal or senior to that granted to PNC herein;

Page:       26
Debtor:     Hollister Constructions Services, LLC
Case No.:   19-27439 (MBK)
Caption:    Twenty-Fourth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate
            Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

h)      the sale of any material portion of the Debtor's assets outside of the ordinary

course of business without the prior written consent of PNC, unless, as a result of the sale, PNC is

paid in full;

i)      any proceeds of any sale or other disposition of the Prepetition PNC

Collateral are not paid over to PNC despite a requirement to do so in this Twenty-Fourth Interim

Order, unless otherwise previously agreed to by PNC in writing, in its sole discretion; or

j)      any of PNC's Cash Collateral is used, whether or not pursuant to Court

order, in a manner prohibited by this Twenty-Fourth Interim Order, including Paragraph 10 hereof

unless otherwise agreed to by PNC.

29.     <u>Exercise of Remedies</u>. Upon the occurrence and at any time during the

continuation of an Event of Default, PNC may deliver a written notice of an Event of Default (a

"<u>Default Notice</u>"), and the automatic stay is hereby vacated to allow the delivery of any Default

Notice, which Default Notice shall be given by email, facsimile, or other electronic means to

counsel to the Debtor, the U.S. Trustee, and counsel to the Committee. The Debtor shall have

three (3) business days from the date of delivery of such Default Notice to cure such Event of

Default (the "<u>Cure Period</u>") (provided the Debtor shall have the ability to seek an emergency

hearing within 48 hours to challenge any such written notice, and authority to continue usage of

Cash Collateral until the Court rules on such dispute).  Upon the expiration of the Cure Period,

the automatic stay shall be deemed terminated (except as otherwise ordered by the Court for

cause) and PNC shall be entitled to take any action and exercise all rights and remedies provided

to it by this Twenty-Fourth Interim Order, the Prepetition PNC Credit Documents, and/or

applicable law as PNC may deem appropriate in its sole discretion to, among other things,

Page:        27
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Twenty-Fourth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate
             Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

proceed against and realize upon the assets or properties of Debtor's estate (including the
Prepetition PNC Collateral) upon which PNC has been granted liens and security interests. The
Debtor and/or any estate representative shall cooperate and make all information and documents
readily available and turned over to PNC to realize against the Collateral.

30.    <u>Reversal, Modification, Vacatur, or Stay</u>.  Any reversal, modification, vacatur, or
stay of any or all of the provisions of this Twenty-Fourth Interim Order shall not affect the
validity or enforceability of any Adequate Protection Liens, or any claim, lien, security interest,
or priority authorized or created hereby with respect to any Adequate Protection Liens, incurred
prior to the effective date of such reversal, modification, vacatur, or stay. Notwithstanding any
reversal, modification, vacatur, or stay (a) this Twenty-Fourth Interim Order shall govern, in all
respects, any use of Cash Collateral or Adequate Protection Liens or Adequate Protection
Superpriority Claims incurred by the Debtor prior to the effective date of such reversal,
modification, vacatur, or stay, and (b) PNC shall be entitled to all the benefits and protections
granted by this Twenty-Fourth Interim Order with respect to any such use of Cash Collateral or
such Adequate Protection Liens or Adequate Protection Superpriority Claims incurred by the
Debtor.

31.    <u>Reservation of Rights</u>. Notwithstanding anything to the contrary herein, the entry
of this Twenty-Fourth Interim Order and the transactions contemplated hereby shall not
constitute an admission nor be deemed an admission by PNC that absent its consent to the
Debtor's use of PNC's Cash Collateral under this Twenty-Fourth Interim Order its interest in the
Prepetition PNC Collateral would be adequately protected.  Except as otherwise expressly set
forth herein, the entry of this Twenty-Fourth Interim Order is without prejudice to, and does not

Page:       28
Debtor:     Hollister Constructions Services, LLC
Case No.:   19-27439 (MBK)
Caption:    Twenty-Fourth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate
            Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

constitute a waiver of, expressly or implicitly, or otherwise impair: (a) PNC's right to seek any

other or supplemental relief in respect of the Debtor, including the right to seek additional

adequate protection; (b) PNC's rights under the Bankruptcy Code or under non-bankruptcy law,

including, without limitation, the right of PNC to (i) request modification of the automatic stay

of section 362 of the Bankruptcy Code, (ii) request dismissal of the Chapter 11 Case, conversion

of the Chapter 11 Case to a case under chapter 7, or appointment of a chapter 11 trustee or

examiner with expanded powers, (iii) seek to propose, subject to the provisions of section 1121

of the Bankruptcy Code, a chapter 11 plan or plans; or (c) any other rights, claims, or privileges

(whether legal, equitable, or otherwise) of PNC.

32.     <u>No Waiver for Failure to Seek Relief</u>.  The failure or delay of PNC to seek relief

or otherwise exercise any of its rights and remedies under this Twenty-Fourth Interim Order, the

Prepetition PNC Credit Documents, or applicable law, as the case may be, shall not constitute a

waiver of any rights hereunder, thereunder, or otherwise, by PNC.

33.     <u>Section 507(b) Reservation</u>.   Nothing herein shall impair or modify the

application of section 507(b) of the Bankruptcy Code in the event that the adequate protection

provided hereunder is insufficient to compensate for the Adequate Protection Obligations during

the Chapter 11 Case. Nothing contained herein shall be deemed a finding by the Court, or an

acknowledgment by PNC that the adequate protection granted herein does in fact adequately

protect it against any actual diminution in value of its interests in and against the Prepetition

PNC Collateral (including PNC's Cash Collateral).

Page:        29
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Twenty-Fourth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate
             Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

---

34.    <u>Section 552(b) Waiver</u>.  Upon the entry of a Final Order, PNC shall be entitled to all of the rights and benefits of Bankruptcy Code section 552(b) and the "equities of the case" exception shall not apply.

35.    <u>Section 506(c) Waiver</u>.  Upon entry of a Final Order, neither the Debtor nor any other person shall assert a claim under section 506(c) of the Bankruptcy Code for any costs and expenses incurred in connection with the preservation, protection or enhancement of, or realization by PNC, the Prepetition Collateral or the collateral subject to the Adequate Protection Liens or for any expenses of the administration of the estate.

36.    <u>No Marshalling/Application of Proceeds</u>.  Following entry of a Final Order, in no event shall PNC be subject to the equitable doctrine of "marshalling" or any other similar doctrine with respect to any of the Prepetition PNC Collateral.

37.    <u>No Third Party Rights.</u> Except as explicitly provided for herein, this Twenty-Fourth Interim Order does not create any rights for the benefit of any third party, creditor, equity holder, or any direct, indirect, or incidental beneficiary.

38.    <u>No Liability to Third Parties</u>. In permitting the use of PNC's Cash Collateral or in exercising any rights or remedies as and when permitted pursuant to this Twenty-Fourth Interim Order, PNC shall not be deemed to be in control of the operations of the Debtor or the or to be acting as a "responsible person" or "owner or operator" with respect to the operation or management of the Debtor (as such terms, or any similar terms, are used in the United States Comprehensive Environmental Response, Compensation and Liability Act, 29 U.S.C. §§ 9601 et seq. as amended, or any similar federal or state statute), nor shall PNC owe any fiduciary duty to the Debtor, its creditors or estate, or shall constitute or be deemed to constitute a joint venture

Page:       30
Debtor:     Hollister Constructions Services, LLC
Case No.:   19-27439 (MBK)
Caption:    Twenty-Fourth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate
            Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

---

or partnership with the Debtor. Furthermore, nothing in this Twenty-Fourth Interim Order shall in any way be construed or interpreted to impose upon the PNC any liability for any claims arising from the prepetition or postpetition activities of the Debtor and/or its affiliates (as defined in Bankruptcy Code section 101(2)).

39.     <u>Proof of Claim</u>.  PNC is not required to file a proof of claim in the Chapter 11 Case or any converted case with respect to any obligations under the Prepetition PNC Credit Documents or any other claims or liens granted hereunder or created hereby. Any order entered by the Bankruptcy Court in relation to the establishment of a bar date in the Chapter 11 Case will provide that PNC shall have no obligation to comply with the bar date.

40.     <u>Successor and Assigns</u>.  Unless otherwise provided herein, the provisions of this Twenty-Fourth Interim Order shall be binding upon and inure to the benefit of PNC and the Debtor and their respective successors and assigns (including any trustee or other fiduciary hereafter appointed as legal representative of the Debtor or with respect to the property of the estate of the Debtor) whether in this Chapter 11 Case, in any subsequent case under chapter 7 of the Bankruptcy Code, or upon dismissal of any such chapter 11 or chapter 7 case.

41.     <u>Immediate Entry of Order</u>.  The Debtor has requested the immediate entry of this Twenty-Fourth Interim Order pursuant to Bankruptcy Rules 4001(b) and Local Rule 4001-3. Absent the entry of this Twenty-Fourth Interim Order, the Debtor and its estate will be immediately and irreparably harmed.

42.     <u>Order Immediately Effective</u>.  The provisions of this Twenty-Fourth Interim Order shall be immediately effective upon its entry by the Bankruptcy Court as provided for in Bankruptcy Rules 6004(g) and 7062.

Page:      31
Debtor:    Hollister Constructions Services, LLC
Case No.:  19-27439 (MBK)
Caption:   Twenty-Fourth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate
           Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

---

43.    Further Hearing.  A further hearing on the Motion is scheduled for September 17,

2020, at 10 a.m. (ET), before the Honorable Michael B. Kaplan, U.S.B.J., at the United States

Bankruptcy Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey

08608, Courtroom # 8.

44.    Service of Twenty-Fourth Interim Order.  The Debtor is hereby directed to serve

a copy of this Twenty-Fourth Interim Order, by e-mail where available or first class mail if no

e-mail address is available, within one (1) business day of entry of this Twenty-Fourth Interim

Order on (i) the Office of the United States Trustee for the District of New Jersey, One Newark

Center, Suite 2100, Newark, NJ 07102; (ii) counsel for PNC Bank, Duane Morris LLP, 30 South

17th Street, Philadelphia, PA 19103-4196, Attention: James J. Holman; (iii) the Internal Revenue

Service, 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016; (iv) the Office

of the United States Attorney, Peter Rodino Federal Building, 970 Broad Street, Suite 700,

Newark, NJ 07102; (v) the New Jersey Division of Taxation Compliance and Enforcement -

Bankruptcy Unit, 50 Barrack Street, 9th Floor, Trenton, NJ 08695; (vi) the Office of the Attorney

General of the State of New Jersey, Division of Law, Richard J. Hughes Justice Complex, 25

Market Street, Trenton, NJ 08625; (vii) the Pennsylvania Department of Revenue, Bankruptcy

Division, P.O. Box 2809467, Harrisburg, PA 17128-0946; (viii) Commonwealth of

Pennsylvania Office of Attorney General, 16th Floor, Strawberry Square, Harrisburg, PA 17120;

(ix) New York State Department of Taxation and Finance, Attention: Office of Counsel,

Building 9, W A Harriman Campus, Albany NY 12227; (x) New York State Office of Attorney

General, The Capitol, Albany, NY 12224-0341; (xi) Arch Insurance Company c/o Armen

Shahinian, Esq., Chiesa Shahinian & Giantomasi PC, One Boland Drive, West Orange, NJ 07052

Page:        32
Debtor:      Hollister Constructions Services, LLC
Case No.:    19-27439 (MBK)
Caption:     Twenty-Fourth Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate
             Protection, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief

and 11 Times Square, 31st Floor, New York, NY 10036; (xii) counsel for the Official Committee

of Unsecured Creditors, McManimon, Scotland & Baumann, LLC, 75 Livingston Avenue, Suite

201, Roseland, New Jersey, 07068, Attn: Sam Della Fera, Jr and Joshua H. Raymond; and (xiii)

all parties that have requested to receive notice pursuant to Bankruptcy Rule 2002. The Debtor

shall file with the Clerk a Certificate of Service of said mailing.

    45.    <u>Objections.</u> Any party in interest filing written objections to the relief sought in

the Motion shall file a written objection with the Clerk of the Court and serve a copy on: (i)

Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, New Jersey 07068, Attention:

Kenneth A. Rosen, Esq., attorneys for the Debtors; (ii) Duane Morris LLP, 30 S. 17th Street,

Philadelphia, Pennsylvania, 19103, Attention:  James J. Holman, Esq. and Sommer L. Ross,

Esq., attorneys for PNC; (iii) counsel for the Official Committee of Unsecured Creditors,

McManimon, Scotland & Baumann, LLC, 75 Livingston Avenue, Suite 201, Roseland, New

Jersey, 07068, Attn: Sam Della Fera, Jr. and Joshua H. Raymond (iv) the Office of the United

States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ

07102.

Hollister Construction Services, LLC, 24th Cash...

| Bank Balance Cashflow Forecast | Forecast | Forecast |
|---|---|---|
| Week Ending | 9/11/2020 | 9/18/2020 |
| **Opening Bank Balance** | **$310,845** | **$23,118** |
| Transfer from Escrow - Go Forward Projects | $0 | $150,000 |
| Bonding Company Payroll Funding (Incl. SG&A) | $8,024 | $0 |
| A/R with Start & Stark | $0 | $0 |
| All Other A/R | $0 | $0 |
| Other Settlements & Payments | $0 | $0 |
| Employee Loans | $0 | $0 |
| Preference Payments (Footnote #5) | $0 | $0 |
| Insider Global Settlement | $0 | $0 |
| **Total Cash Inflows:** | **$8,024** | **$150,000** |
| | | |
| Payroll (includes Bonded jobs) | ($134,484) | $0 |
| Payroll Employer Taxes | ($8,230) | $0 |
| Payroll Employee 401K Deferrals | ($2,200) | $0 |
| Independent Board Member Fee | $0 | ($21,736) |
| Rent - 339 Jefferson Office | $0 | $0 |
| Rent - Reuss Trenton Office | $0 | $0 |
| PNC Line of Credit Interest Payments | $0 | $0 |
| PNC Term Loan Payment | $0 | $0 |
| Bank Fees | $0 | ($500) |
| Insurance - Travelers - G/L (Includes Renewal for Bank Direct) | ($7,467) | $0 |
| Insurance - Travelers - Property & Exec Protection (D&O) 1 Year Tail - Based on Quote In Hand | $0 | $0 |
| Insurance - Travelers - Property & Exec Protection (D&O) (Expires 6/16) - Waiting on Quotes to Verify Amounts | $0 | $0 |
| Insurance - Property / Crime Insurance (Expires 6/1) - Based on actual invoice | $0 | $0 |
| Insurance - Travelers - Professional Liability - 12 Month Tail - Based on Quote In Hand | $0 | $0 |
| Insurance - Bank Direct - Umbrella Liab. | $0 | $0 |
| Insurance - NJM - W/C | $0 | $0 |
| Insurance - Principal - Life | $0 | $0 |
| Insurance - Beneflex - Health | $0 | $0 |
| Insurance - BCBS - Health | $0 | $0 |
| Insurance - Guardian - Dental/Vision | $0 | $0 |
| Clarity Benefit Solutions | $0 | $0 |
| Postage-Purch Power/Pitney Bowes | $0 | $0 |
| UPS / Fedex Delivery | ($100) | $0 |
| Verizon Wireless | $0 | $0 |
| Verizon Wireless - Settlement Agreement of Term Fees | $0 | $0 |
| U.S. Trustee Fees | $0 | $0 |
| **IT - Subtotal of IT-Related Expenditures** | **($5,047)** | **$0** |
| Office Supplies | $0 | $0 |
| Contract Employee - Dom Aquilina (Funded by Arch) | $0 | $0 |
| Contract Employee - Brendan Murray | $0 | $0 |
| Contract Employee - Tina Girardo (Funded by Arch) | $0 | $0 |
| Contract Employee - Dana Garfinkel (Former Employee - Hub PM) | ($5,000) | $0 |
| Contract Employee - Stephen Knapp (Former Employee - IT Manager) | $0 | $0 |
| Bankruptcy Related Professional Fees - Lowenstein Sandler LLP (Footnotes # 3 & 4) | $0 | $0 |
| Bankruptcy Related Professional Fees - 10X (Footnotes # 3 & 4) | $0 | $0 |
| Bankruptcy Related Professional Fees - Creditors Committee (Footnotes # 3 & 4) | $0 | $0 |
| Bankruptcy Related Professional Fees - Prime Clerk | ($5,000) | ($5,000) |
| Professional Fees - Hedinger & Lawless | $0 | $0 |
| Professional Fees - Dreifuss, Bonacci & Parker, LLP | $0 | $0 |
| Professional Fees - Littler Mendelson | $0 | $0 |
| KERP (Key Employee Retention Plan) (Footnote #1) | $0 | $0 |
| Post-Petition Expense Reports | $0 | $0 |
| Job-Related General Conditions / General Requirements from Approved SA's | ($127,222) | ($18,704) |
| Accounting Fees - 2019 Tax and Audit Fees | $0 | ($309) |
| NYC Department of Buildings Fines | $0 | $0 |
| Hub Job Contractor Payment - Reynolds Painting (To be funded by Escrow Account at a future date when paid by Owner) | $0 | $0 |
| Shut-Down Costs - Offsite Storage of Records | $0 | $0 |
| Shut-Down Costs - 339 Jefferson Office Exit Costs | $0 | $0 |
| Shut-Down Costs - Final HCS Tax Return | $0 | $0 |
| Shut-Down Costs - Contingency | $0 | $0 |
| **Subtotal - SG&A** | **($294,750)** | **($45,940)** |
| | | |
| Transfers to PNC for LoC / Loan Principal Payments Resulting from Operating Budget | $0 | $0 |
| | | |
| Contingency | ($1,000) | ($1,000) |
| **Total Cash Outflows:** | **($295,750)** | **($46,940)** |
| | | |
| **Total Activity:** | **($287,726)** | **$103,060** |
| | | |
| **Ending Bank Balance:** | **$23,118** | **$126,179** |

**Footnotes:**
(1) The Debtor intends to file a motion with the Court to pay a KERP (Key Employee Retention Plan).
(2) The Debtor intends to file a motion with the Court to pay the American Express Statement balances.

(3) Professional fees subject to Carve-Out and Additional Carve-Out as set forth in Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Amended Twelfth, Amended Thirteenth, Amended Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, Amended Twenty-first, Twenty-second, and Twenty-third Interim Cash Collateral Orders .

(4) All payments subject to procedures set forth in Administrative Fee Order [Docket No. 284]

(5) Preference Payments - PNC Lien attaches to avoidance actions only to extent in diminution in value as a result of cash usage pursuant to First Interim Cash Collateral Order [Docket No. 90], Second Interim Cash Collateral Order [Docket No. 158], Third Interim Cash Collateral Order [Docket No. 219] and Fourth Interim Cash Collateral Order [Docket No. 279]. PNC Lien attaches to avoidance actions only to extent of diminution in value as a result of any professional fee payments made pursuant to Fifth Interim Cash Collateral Order [Docket No. 359]. Debtor reserves all rights related to whether there has been any diminution in value in PNC's Collateral.

**Escrow Recap / Strictly from Settlement Agreements**

| | | |
|---|---|---|
| Beginning Balance | $ 4,334,421 | $ 3,313,999 |
| Sources (Owner Payments into Escrow Account) (Footnote # 1) | $ 414,119 | $ 1,300,536 |
| Uses (Exhibit A Subcontractor Payments & 100% Post Petition Subcontractor Payments) (Footnote # 2) | $ (1,416,831) | $ (24,748) |
| Escrow Agent Fees | $ (17,710) | $ (309) |
| Transfer to Operating Account | $ - | $ (150,000) |
| **Subtotal Escrow Account** | $ 3,313,999 | $ 4,439,478 |
| Professional Fees Carve-Out - payable from first available proceeds and not subject to sharing mechanism with PNC. | $ 3,313,999 | $ 4,439,478 |
| Funding of Additional Carve-Out (33%) | $ - | $ - |
| Transfer to PNC for LoC / Loan Principal Payments (67%) | $ - | $ - |
| **Ending Balance Escrow Account** | $ 3,313,999 | $ 4,439,478 |

**Escrow Footnotes:**

(1) Sources - CRITICAL ASSUMPTION - assumes owners fund Escrow account in accordance with the timing outlined in the Settlement Agreements. The Debtor has to cure filed liens on the job before the owner will fund. Therefore the timing of owner funding is not certain.

(2) Uses - Post-petition subcontractors payments based on estimated cost to complete. All payments flowing through Escrow Account subject to Escrow Agent approval.

**Professional Fees Recap**

| | | |
|---|---|---|
| Beginning Balance | ($2,663,000) | ($2,688,000) |
| Transfer from Escrow - Professional Fees Carve-Out and Additional Carve-Out | $0 | $0 |
| Transfer from Operating Account - Final Escrow Balance (33% Share) | $0 | $0 |
| Bankruptcy Related Professional Fees - Lowenstein Sandler LLP | ($20,000) | ($20,000) |
| Bankruptcy Related Professional Fees - Creditors Committee | ($5,000) | ($5,000) |
| Bankruptcy Related Professional Fees - 10X CEO Coaching | $0 | $0 |
| Bankruptcy Related Professional Fees - Prime Clerk (Footnote #1) | $0 | $0 |
| **Ending Balance - Prof. Fees Escrow** | **($2,688,000)** | **($2,713,000)** |

**Professional Fees Footnotes:**
(1) Prime Clerk was removed from the Professional Fees Escrow and added to the operating budget in the Fifteenth Interim Cash Collateral Order.

**PNC Recap**

| | | |
|---|---|---|
| Beginning Balance | $0 | $0 |
| Transfer from Escrow - PNC (67%) | $0 | $0 |
| Transfer to Operating Budget (67% Share) | $0 | $0 |
| PNC LoC / Loan Principal Payments | $0 | $0 |
| **Ending Balance - PNC** | **$0** | **$0** |