UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**LOWENSTEIN SANDLER LLP**
Arielle B. Adler, Esq.
Bruce Buechler, Esq.
Joseph J. DiPasquale, Esq.
Jennifer B. Kimble, Esq.
Kenneth A. Rosen, Esq.
Mary E. Seymour, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtor and Debtor-in-Possession*

**Order Filed on September 16, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

HOLLISTER CONSTRUCTION SERVICES, LLC,[1]

Debtor.

Chapter 11

Case No. 19-27439 (MBK)

### ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF AN ORDER DETERMINING THAT CERTAIN ASSERTED CONSTRUCTION LIENS FILED ON THE LIFETOWN PROJECT PRE-PETITION ARE INVALID AND GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through and including three (3), is hereby **ORDERED**.

**DATED: September 16, 2020**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

37322/3
09/15/2020 207040379.2

Page:     2
Debtor:   Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption:  Order Granting Debtor's Motion For Entry Of An Order Determining that Certain Asserted Construction Liens Filed On the Lifetown Project Pre-Petition are Invalid and Granting Related Relief

___

**THIS MATTER**, having been opened to the Court on the Motion of the above-captioned debtor-in-possession (the "Debtor"), seeking entry of an order (i) holding that certain asserted construction liens filed pre-petition on the Lifetown Project real property (a/k/a Tax Block 100, Lots 15 Town of Livingston, New Jersey) are invalid and unenforceable, (ii) determining that those construction liens filed pre-petition on the Lifetown Project real property must be discharged and removed; and (iii) granting related relief [Docket no. 1352] (the "Motion")[2]; and the Court having considered the Motion and any objections filed thereto at a hearing held before this Court on September 3, 2020 (the "Hearing"), and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey dated September 18, 2012 (Simandle, C.J.); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409, and the Motion is determined to be a core proceeding pursuant to 28 U.S.C. §157(b)(2); and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate and creditors, and the Court having conducted the Hearing on the Motion at which time the Court heard and considered the oral argument of counsel, and good and sufficient notice of the Motion having been provided to all interested parties and for the reasons set forth by the Court on the record at the Hearing; and for good cause shown;

**IT IS HEREBY ORDERED** as follows:

1. The Motion is **GRANTED** as set forth herein.

2. The pre-petition construction liens filed by Priority Electrical Solutions, Inc., on September 30, 2018; Swift Electrical Supply Co., Inc. on October 17, 2018 and Sunbelt Rentals,

___

[2] Capitalized terms not defined in this Order shall have the meaning ascribed to them in the Motion.

Page: 3
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Order Granting Debtor's Motion For Entry Of An Order Determining that Certain Asserted Construction Liens Filed On the Lifetown Project Pre-Petition are Invalid and Granting Related Relief

___

Inc. on October 18, 2018 (collectively, the "Construction Lien Claimants") on the Lifetown Project real property are hereby determined to be invalid and unenforceable, and, accordingly, the construction liens filed by the Construction Lien Claimants shall be discharged of record.

3. This Order shall be filed in the Construction Lien Claim records of the Essex County Clerk's Office and the Clerk shall mark each construction lien claim recited in Paragraph 2 hereof as Discharged by Court Order.

4. Each of the Construction Lien Claimants that responded to this Motion are hereby directed and ordered to file a discharge or release of the post-petition construction liens they filed within five (5) days of the entry of this Order and provide proof of the release of their construction lien to Debtor's counsel.

5. Each of the Construction Lien Claimants is enjoined from taking any actions to collect from the owner of the Lifetown Project real property or from the Debtor and must file a motion with the Bankruptcy Court for authorization to pursue any action on account of its Construction Lien Claim.

6. Upon receipt of the settlement funds from the Lifetown Project owner, the Debtor shall retain a sum equal to forty (40%) percent of the amount of the Construction Lien Claim filed by Priority Electrical Solutions, Inc. in the escrow account established with the escrow agent for the Lifetown Project (the "Holdback Amount"). The Debtor shall retain the Holdback Amount in the escrow account for a period of sixty (60) days from the entry of this Order.

7. This Order shall be deemed to be immediately effective upon its entry and any stay imposed by any of the Bankruptcy Rules is hereby waived.

Page: 4
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (MBK)
Caption: Order Granting Debtor's Motion For Entry Of An Order Determining that Certain Asserted Construction Liens Filed On the Lifetown Project Pre-Petition are Invalid and Granting Related Relief

_____

8. The Court shall retain exclusive jurisdiction to hear and decide any and all disputes or issues related to, arising out of or under the implementation, interpretation or enforcement of this Order.