| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **LOWENSTEIN SANDLER LLP**<br>Arielle B. Adler, Esq. (aadler@lowenstein.com)<br>Bruce Buechler, Esq. (bbuechler@lowenstein.com)<br>Joseph J. DiPasquale, Esq. (jdipasquale@lowenstein.com)<br>Jennifer B. Kimble, Esq. (jkimble@lowenstein.com)<br>Kenneth A. Rosen, Esq. (krosen@lowenstein.com)<br>Mary E. Seymour, Esq. (mseymour@lowenstein.com)<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>(973) 597-2500 (Telephone)<br>(973) 597-2400 (Facsimile)<br><br>*Counsel to the Debtor and Debtor-in-Possession*<br><br>**RIKER DANZIG SCHERER HYLAND &<br>PERRETTI LLP**<br>Joseph L. Schwartz, Esq. (JS-5525)<br>Tara J. Schellhorn, Esq. (TS-8155)<br>Headquarters Plaza<br>One Speedwell Avenue<br>Morristown, New Jersey  07962-1981<br>(973) 538-0800<br>jschwartz@riker.com<br>tschellhorn@riker.com<br><br>*Counsel to Newark Warehouse Urban Renewal, LLC and<br>Newark Warehouse Redevelopment Company, LLC* | **Order Filed on January 8, 2021<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In re:<br><br>Hollister Construction Services, LLC,<br><br>                                              Debtor. | Case No.  19-27439 (MBK)<br><br>Adv. No.   19-2222<br><br>Hon. Michael B. Kaplan, U.S.B.J.<br><br>Chapter 11 |

**ORDER APPROVING SETTLEMENT AND COMPROMISE BETWEEN THE DEBTOR AND NEWARK WAREHOUSE URBAN RENEWAL, LLC/NEWARK WAREHOUSE REDEVELOPMENT COMPANY, LLC PURSUANT TO FED. R. BANKR. P. 9019**

      The relief set forth on the following pages, numbered two (2) through six (6), is hereby **ORDERED**.

**DATED: January 8, 2021**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

| | |
|---|---|
| Debtor: | Hollister Construction Services, LLC |
| Case No.: | 19-27439 (MBK) |
| Caption of Order: | ORDER APPROVING SETTLEMENT AND COMPROMISE BETWEEN THE DEBTOR AND NEWARK WAREHOUSE URBAN RENEWAL, LLC/NEWARK WAREHOUSE REDEVELOPMENT COMPANY, LLC PURSUANT TO FED. R. BANKR. P. 9019 |
| Page: | 2 of 6 |

**THIS MATTER** having been opened to the Court upon the joint motion of the above-captioned debtor-in-possession (the "Debtor") and Newark Warehouse Urban Renewal, LLC and Newark Warehouse Redevelopment Company, LLC (together, the "NWR Entities") seeking the entry of an order approving a settlement between and among the Debtor and the NWR Entities, as more particularly described therein (the "Settlement"), pursuant to Fed. R. Bankr. P. 9019 (the "Motion");[1] and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey*, dated September 18, 2012 (Simandle, C.J.); and the Court having determined that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that venue of this proceeding and this Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that granting the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors and other parties-in-interest; and good and sufficient notice of the Motion having been provided to all interested parties; and the Court having also considered the Debtor's Verified Adversary Complaint for Declaratory Judgment and for Related Relief [Case No. 19-27439, Docket No. 1237; Adv. Pro. No. 20-01396, Docket No. 1] (the "Adversary Proceeding"), which was filed around the same time as the Motion, and which was subsequently amended; and the Court having entered an Order to Show Cause directing the defendants in the Adversary Proceeding to show cause why the Court should not issue various forms of relief, including the issuance of a channeling injunction [Adv. Pro. No. 20-01396, Docket No. 5] (the "Order to Show Cause"); and

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

| | |
|---|---|
| Debtor: | Hollister Construction Services, LLC |
| Case No.: | 19-27439 (MBK) |
| Caption of Order: | ORDER APPROVING SETTLEMENT AND COMPROMISE BETWEEN THE DEBTOR AND NEWARK WAREHOUSE URBAN RENEWAL, LLC/NEWARK WAREHOUSE REDEVELOPMENT COMPANY, LLC PURSUANT TO FED. R. BANKR. P. 9019 |
| Page: | 3 of 6 |

the Court having considered the Motion, together with the Order to Show Cause, any and all objections to the relief requested in the Order to Show Cause, all of which were resolved; and the Court having also conducted a hearing on the Motion and the Order to Show Cause, at which time the Court heard and considered all oral arguments of counsel; and the Court having determined that good cause exists for granting the relief requested,

    **IT IS HEREBY ORDERED** that:

    1.    The Motion be and is hereby GRANTED as set forth herein.

    2.    The Settlement is hereby approved in full, pursuant to Bankruptcy Rule 9019.

    3.    Within three (3) business days after both (i) this Order becomes final and non-appealable, and no appeal is pending, and (ii) any order or judgment granting the relief sought by the Debtor in the Adversary Proceeding becomes final and non-appealable, and no appeal is pending, the following shall occur simultaneously: (a) the NWR Entities shall pay the Debtor's estate the sum of $2.1 million, which consists of (A) $1.6 million of settlement proceeds (the "Escrowed Settlement Proceeds") to be held in escrow by the Debtor's escrow agent SM Financial Services Corporation (the "Escrow Agent") in a separate escrow account, not to be commingled with other escrowed funds, pending further order of the Court, which shall include the order entered by the Court in connection with the Order to Show Cause in the Adversary Proceeding; and (B) $500,000, to be held in escrow by the Escrow Agent in a separate escrow account, not to be commingled with other escrowed funds, pending further order of the Court, which shall include the order entered by the Court in connection with the

| | |
|---|---|
| Debtor: | Hollister Construction Services, LLC |
| Case No.: | 19-27439 (MBK) |
| Caption of Order: | ORDER APPROVING SETTLEMENT AND COMPROMISE BETWEEN THE DEBTOR AND NEWARK WAREHOUSE URBAN RENEWAL, LLC/NEWARK WAREHOUSE REDEVELOPMENT COMPANY, LLC PURSUANT TO FED. R. BANKR. P. 9019 |
| Page: | 4 of 6 |

Order to Show Cause in the Adversary Proceeding, as specific consideration for the Debtor's delivery of certain manifests and the usual and customary close out documents related to the Columbia Street Extension and the Debtor's waiver of any and all claims and causes of action, if any, against the NWR Entities and their affiliates, including but not limited to all third party defendants in the Third Party Complaint (the "NWR Releasees"), under Chapter 5 of the Bankruptcy Code (the "Columbia Street Extension Close Out Amount"); (b) the Debtor, the Debtor's estate, and the Debtor's members, on the one hand, and the NWR Releasees, on the other hand, will execute and exchange broad mutual general releases, including any and all causes of action under Chapter 5 of the Bankruptcy Code, which releases will specifically include all the individuals involved in the NWR Adversary Proceeding; and (c) the Debtor shall provide the NWR Entities with the manifests and the usual and customary close out documents related to the Columbia Street Extension.

4. In connection with the foregoing releases, the NWR Entities will withdraw the *Motion to Remand State Court Action to the Superior Court of New Jersey, Or, In The Alternative, Abstaining From Exercising Jurisdiction Over the State Court Action* filed in the NWR Adversary Proceeding at Docket No. 5. The Debtor and the NWR Entities shall then take the necessary steps to dismiss the NWR Adversary Proceeding. The stipulation of dismissal of the NWR Adversary Proceeding with prejudice and without costs shall be filed with seven (7) days of the exchange of the releases described in the paragraph.

| | |
|---|---|
| Debtor: | Hollister Construction Services, LLC |
| Case No.: | 19-27439 (MBK) |
| Caption of Order: | ORDER APPROVING SETTLEMENT AND COMPROMISE BETWEEN THE DEBTOR AND NEWARK WAREHOUSE URBAN RENEWAL, LLC/NEWARK WAREHOUSE REDEVELOPMENT COMPANY, LLC PURSUANT TO FED. R. BANKR. P. 9019 |
| Page: | 5 of 6 |

5.  In the event of any timely appeal from either this Order or any order or judgment granting the relief sought by the Debtor in the Adversary Proceeding, or if the Court does not grant the relief sought in either the Adversary Proceeding or the Motion, the Debtor or the NWR Entities, in their sole and unlimited discretion in writing may declare the Settlement null and void.

6.  Upon this Order becoming final and non-appealable, and no appeal is pending, in accordance with the relief being granted in connection with the Adversary Proceeding, all Lien Claimants be and are hereby directed to immediately take the required steps to remove all construction liens from the Building and the Columbia Street Extension. To the extent any Lien Claimants fail to expeditiously remove all construction liens from the Building and the Columbia Street Extension, the NWR Entities are authorized to submit a copy of this Order to the applicable recording office along with the required construction lien discharge forms, and all construction lien recording offices are directed to accept for filing all construction lien discharge forms, whether from the Lien Claimant or from the NWR Entities.

7.  The Debtor and the NWR Entities are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order and the terms of the Settlement.

8.  This Order shall be effective immediately upon its entry and the stay imposed by Bankruptcy Rule 6004(h) or any other Rule is hereby waived.

| | |
|---|---|
| Debtor: | Hollister Construction Services, LLC |
| Case No.: | 19-27439 (MBK) |
| Caption of Order: | ORDER APPROVING SETTLEMENT AND COMPROMISE BETWEEN THE DEBTOR AND NEWARK WAREHOUSE URBAN RENEWAL, LLC/NEWARK WAREHOUSE REDEVELOPMENT COMPANY, LLC PURSUANT TO FED. R. BANKR. P. 9019 |
| Page: | 6 of 6 |

9. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or are otherwise waived.

10. The Court shall retain exclusive jurisdiction to hear and decide any and all disputes or issues related to or arising from the implementation, interpretation or enforcement of this Order.