|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **LOWENSTEIN SANDLER LLP**<br>Arielle B. Adler, Esq.<br>Bruce Buechler, Esq.<br>Joseph J. DiPasquale, Esq.<br>Jennifer B. Kimble, Esq.<br>Kenneth A. Rosen, Esq.<br>Mary E. Seymour, Esq.<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>(973) 597-2500 (Telephone)<br>(973) 597-2400 (Facsimile)<br><br>*Counsel to the Debtor and Debtor-in-Possession* | |
| In re:<br><br>**HOLLISTER CONSTRUCTION SERVICES, LLC**,[1]<br><br>                           Debtor. | Case No. 19-27439 (MBK)<br><br>Chapter 11<br><br>Judge: Hon. Michael B. Kaplan<br><br>Requested Hearing Date: March 18, 2021 at 10:00 a.m. |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (A) SCHEDULING A COMBINED HEARING ON THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE FIRST AMENDED PLAN; (B) APPROVING THE PLAN SOLICITATION AND VOTING PROCEDURES; AND (C) GRANTING RELATED RELIEF**

        Hollister Construction Services, LLC, debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"), hereby submits this motion (the "Motion") seeking entry of an order, substantially in the form attached hereto as Exhibit A (the "Scheduling Order"), pursuant to 11 U.S.C. §§ 105(d)(2), 1126(b) and 1128 and Rules 2002, 3017, 3018, 3020 and 9006(c) of the Federal Rules of Bankruptcy Procedure: (a) scheduling a combined hearing (the "Combined Hearing") on the adequacy of the *Debtor's Disclosure Statement for First Amended Plan of Liquidation* (the "Disclosure Statement") and confirmation of the *Debtor's First Amended*

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

*Plan of Liquidation* (the "Plan") and establishing notice and objection procedures in respect thereof;[2] (ii) fixing a voting record date; (iii) approving solicitation packages and procedures for distribution thereof (the "Solicitation Procedures"); (iv) approving forms of ballots and establishing procedures for voting on the Plan (the "Voting Procedures"); (v) approving the form of notice to non-voting classes ("Notice of Non-Voting Status"); and (vi) granting related relief. In support hereof, the Debtor respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey entered on July 23, 1984, as amended on September 18, 2012 (Simandle, C.J.). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and (d), 1125, 1126, and 1128 Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002(b), 3016(b), 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rules 3016-1 and 3018-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

4. The Debtor consents to the entry of a final order on the Motion by this Court if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

---

[2] Capitalized terms used herein and not otherwise defined in this Motion shall have the meanings ascribed to them in the Plan.

# BACKGROUND

## I. GENERAL BACKGROUND

5. On September 11, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, initiating the above-captioned chapter 11 case (the "Chapter 11 Case"). The Debtor continues to operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner.

6. On September 23, 2019, the Office of the United States Trustee appointed a statutory committee in this Chapter 11 Case (the "Committee").

7. Additional details regarding the Debtor's business and the facts and circumstances leading up to the filing of the Chapter 11 Case are set forth in the *Declaration of Brendan Murray in Support of First Day Relief* [D.I. 15], which is incorporated herein by reference.

## II. THE PLAN AND DISCLOSURE STATEMENT

8. The Plan is a liquidating plan. In general, the Plan provides for, among other things, the establishment of a Liquidating Trust for the purpose of prosecuting certain Causes of Action, reconciling Claims, administering the Debtor's remaining assets and making distributions to Holders of Allowed Claims.

9. The Disclosure Statement provides a detailed description of, among other things, the Debtor's prepetition capital structure, events leading to the Chapter 11 Case, summaries of certain material events that have occurred during the Chapter 11 Case and a potential global Plan Settlement that the Debtor is negotiating with various stakeholders.

10. The Plan and Disclosure Statement create the framework for the payment of claims through the approval of the Plan Settlement and the establishment of the Liquidating Trust. The Debtor believes that the Plan and Disclosure Statement provide the most efficient

means to maximize value of the Debtor's remaining assets, distribute proceeds thereof to Holders of Allowed Claims, and otherwise wind-down and conclude the Chapter 11 Case.

11. The Plan also seeks Court approval of a Settlement Agreement, a copy of which is attached as Schedule "A" to the Plan, by and among the Debtor, PNC Bank ("PNC"), Arch Insurance Company and Arch Reinsurance Company (together, "Arch"), the Committee, and the Debtor's members: Christopher Johnson, Kieran Flanagan, Brendan Murray, Joseph Furey and Matthew Higgins.

12. The Plan contemplates classifying all Claims against and Interests in the Debtor, other than Administrative Expense Claims, Priority Tax Claims and statutory fees, as follows:

| **Class** | **Type** | **Status Under Plan** | **Voting Status** | **Recovery Estimate** |
|---|---|---|---|---|
| 1 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) | TBD |
| 2 | Pre-Petition Secured Lender Claims – PNC Bank | Impaired | Entitled to Vote | TBD |
| 3 | Arch Claim | Impaired | Entitled to Vote | TBD |
| 4 | General Unsecured Claims | Impaired | Not Entitled to Vote (Deemed to Reject) | TBD |
| 5 | Interests | Impaired | Not Entitled to Vote (Deemed to Reject) | 0% |

## RELIEF REQUESTED

13. By this Motion, the Debtor requests that the Court enter the Scheduling Order granting the following relief:

(a) scheduling a Combined Hearing on the adequacy of the Disclosure Statement and confirmation of the Plan and establishing notice and objection procedures in respect thereof;

(b) fixing a Voting Record Date (defined below);

(c) approving Solicitation Packages (defined below) and Solicitation Procedures;

(d) approving forms of Ballots (defined below) and Voting Procedures;

(e) approving the form of Notice of Non-Voting Status; and

(f) granting related relief.

14. The following table highlights the dates relevant to the Solicitation Procedures, including the Debtor's proposed dates for the Combined Hearing and the Objection Deadline (defined below):

| **Proposed Timetable** | |
| --- | --- |
| Voting Record Date | April 1, 2021 |
| Solicitation Commencement Date | Three Business Days after entry of the Scheduling Order |
| Rule 3018 Motion Deadline | April 2, 2021 at 4:00 p.m. (ET) |
| Rule 3018 Objection Deadline | April 9, 2021 at 4:00 p.m. (ET) |
| Voting Deadline | April 8, 2021 at 4:00 p.m. (ET) |
| Objection Deadline | April 8, 2021 at 4:00 p.m. (ET) |
| Reply Deadline | April 14, 2021 at 4:00 p.m. (ET) |
| Combined Hearing | April 15, 2021 at 10:00 a.m. (ET) |

## BASIS FOR RELIEF REQUESTED

### I. SCHEDULING THE COMBINED HEARING

#### A. The Combined Hearing and Notice Thereof

15. Bankruptcy Rule 3017(a) provides that "the court shall hold a hearing on at least 28 days' notice. . . to consider the disclosure statement and any objections or modifications

thereto." *See* Fed. R. Bankr. P. 3017(a). Section 1128 of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan." 11 U.S.C. § 1128(a). In addition, Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation." Fed. R. Bankr. P. 3017(c).

16. Based on the history of this Chapter 11 Case and the participation of key creditors and the Committee since the Petition Date, the Debtor submits that it is appropriate to combine the hearing on the adequacy of the Disclosure Statement and Plan confirmation and requests approval of the procedures set forth herein for noticing and soliciting votes on the Plan from the voting classes, as described more fully herein.

17. The Debtor further submits that entry of the Scheduling Order is appropriate at this time so that Creditors and Interest holders may be informed as promptly as possible of the anticipated scheduling of events preceding the Combined Hearing. The proposed schedule affords Creditors and Interest holders sufficient notice of the proceedings, and allows for more than ample time for interested parties to evaluate the Disclosure Statement and Plan prior to the Combined Hearing.

18. The Combined Hearing may be adjourned or continued from time to time by the Court or the Debtor without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court. The proposed date for the Combined Hearing will enable the Debtor to pursue confirmation of the Plan under section 1129(b) of the Bankruptcy Code in a prompt fashion.

19. The Debtor proposes to provide to all parties and Creditors who have filed or scheduled Claims or Interests, who are listed on Schedules E/F or G, or who have filed a notice of appearance pursuant to Bankruptcy Rule 2002, a copy of the "Combined Hearing Notice,"[3] a form of which is attached hereto as **Exhibit C**, which includes a notice of commencement of the

---

[3] The Debtor would not be required to serve the Combined Hearing Notice on any party previously served for whom the Debtor or the Balloting Agent, Prime Clerk, received returned mail, with no known forwarding or new address.

Chapter 11 Case, a notice indicating the date, time, and place of the Combined Hearing, the Objection Deadline, other important deadlines, the procedures for filing objections to the Disclosure Statement and confirmation of the Plan, and information regarding how creditors can obtain copies of the Plan and Disclosure Statement (which will include a copy of the Settlement Agreement).

### B. Objection Procedures

20. Bankruptcy Rule 3020(b)(1) authorizes the Court to fix a time for filing objections to the Plan. *See* Fed. R. Bankr. P. 3020(b)(1). Bankruptcy Rule 3017(a) authorizes the Court to fix a time for filing objections to the adequacy of the Disclosure Statement. *See* Fed. R. Bankr. P. 3017(a). Bankruptcy Rule 2002(b) requires at least twenty-eight (28) days' notice be given by mail to all creditors of the time fixed for filing objections to approval of the Disclosure Statement and confirmation of the Plan (collectively, "Objections"). *See* Fed. R. Bankr. P. 2002(b). The Debtor seeks to shorten these notice time periods pursuant to Bankruptcy Rule 9006(c).

21. The Debtor respectfully requests that the Court set **April 8, 2021 at 4:00 p.m. (ET)** as the deadline to file Objections (the "Objection Deadline"), provided that the Combined Hearing Notice (which contains notice of the Objection Deadline) is mailed no later than **March 23, 2021**. This date will give all creditors and parties-in-interest more than adequate notice to object to the Disclosure Statement and confirmation of the Plan. The Debtor also requests that the Court establish **April 14, 2021** as the deadline for the Debtor to file any reply to Objections (the "Reply Deadline").

22. Any Objections must be in writing, must conform to the Bankruptcy Rules, must set forth the name, address, phone number and e-mail of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the Debtor, the basis for the objection and the specific grounds of the objection, and must be filed with the Bankruptcy Court, with a copy to chambers, together with proof of service thereof, and served by no later than the Objection

Deadline upon: (i) counsel to the Debtor, Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, New Jersey 07068 (Attn: Kenneth A. Rosen, Esq., Bruce Buechler, Esq., and Jennifer B. Kimble, Esq.), (ii) the Office of the United States Trustee, One Newark Center, Suite 2100, Newark, New Jersey 07102 (Attn: Lauren Bielskie, Esq.); (iii) counsel to the Official Committee of Unsecured Creditors, McManimon, Scotland & Bauman, LLC, 75 Livingston Avenue, Roseland, New Jersey, 07068 (Attn: Sam Della Fera, Esq.); (iv) counsel to Pre-Petition Secured Lender, PNC Bank, Duane Morris LLP, 30 South 17th Street, Philadelphia, PA 19103 (Attn: James J. Holman, Esq.); (v) counsel to Arch Insurance, Chiesa Shahinian & Giantomasi PC, One Boland Drive, West Orange, NJ 07052 (Attn: Armen Shahinian, Esq.); and (vi) such other parties as the Bankruptcy Court may order.

23. The Objection Deadline and Reply Deadline proposed will afford the Debtor and other parties-in-interest sufficient time to consider the Objections and file any replies, and provide the Court sufficient time to consider any such objections and replies before the Combined Hearing.

24. The Debtor respectfully requests that the Court approve these procedures for filing Objections and replies thereto pursuant to Bankruptcy Rules 2002, 3017, 3020 and 9006.

## II.    THE SOLICITATION PROCEDURES

### A.    Establishment of Voting Record Date

25. Pursuant to the Plan, Class 2 (Pre-Petition Secured Lender Claims – PNC Bank) and Class 3 (Arch Claim) are the only classes of claims entitled to vote under the Plan. All other classes of claims and equity interests either are (i) rendered unimpaired under and, therefore, deemed to have accepted the Plan, or (ii) will receive no recovery under and, therefore, deemed to have rejected the Plan.

26. Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a plan, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes, and other securities of record on the date the order

approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Fed. R. Bankr. P. 3017(d).  Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.  *See* Fed. R. Bankr. P. 3018(a).  The Debtor proposes that the Court establish the record date as **April 1, 2021** (the "Voting Record Date") for the purposes of determining: (a) creditors who are entitled to vote on the Plan, and (b) with respect to classes that are non-voting, the parties entitled to receive a Notice of Non-Voting Status.

27. For purposes of the Voting Record Date, no transfer of claims pursuant to Bankruptcy Rule 3001 shall be recognized unless (i) documentation evidencing such transfer was filed with the Court on or before twenty-one (21) days prior to the Voting Record Date, and (ii) no timely objection with respect to such transfer was filed by the transferee.

### B. Approving Solicitation Package

28. Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and equity interests for the purpose of soliciting their votes and providing adequate notice of the hearing on confirmation of a plan of reorganization:

> Upon approval of a disclosure statement – except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders – the debtor in possession, trustee, proponent of the plan, or clerk as the court orders, shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> (1)   the plan or a court-approved summary of the plan;
>
> (2)   the disclosure statement approved by the court;
>
> (3)   notice of the time within which acceptances and rejections of such plan may be filed; and
>
> (4)   any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with [Bankruptcy] Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan.

Fed. R. Bankr. P. 3017(d).

29. Except as provided below, the Debtor proposes to mail (or cause to be mailed) on or before **March 23, 2021** (the "Solicitation Date"), to all holders of claims and equity interests as of the Voting Record Date, the solicitation packages (the "Solicitation Packages") containing copies of the (a) Combined Hearing Notice and a Ballot (as defined below) (a Ballot will only be mailed to the Voting Classes), or (b) a Notice of Non-Voting Status (as explained below), as applicable. All Holders of Claims or Interests not entitled to vote on the Plan and all parties requesting notice pursuant to Bankruptcy Rule 2002 will receive a copy of the Combined Hearing Notice.

30. The Debtor expects that Prime Clerk, the noticing agent, will be able to commence distribution of the Solicitation Packages within three (3) business days after the date on which the Scheduling Order is entered (the "Solicitation Commencement Date").

31. Although the Debtor has made, and will make, every effort to ensure that the Solicitation Packages described are in final form prior to solicitation, the Debtor nonetheless requests authority to make non-substantive changes to the Plan and Disclosure Statement and related documents without further order of the Court, including ministerial changes to correct typographical and grammatical errors, and to make conforming changes among the Plan and Disclosure Statement and any other materials in the Solicitation Packages following entry of the Scheduling Order and prior to mailing. The Debtor reserves the right to further amend or modify the Plan and Disclosure Statement following approval of this Motion.

32. To reduce costs, the Debtor requests relief from Bankruptcy Rule 3017 that would otherwise require the Plan and Disclosure Statement to be mailed to Holders of Claims and Interests. Because of the significant cost of printing and mailing the Plan and Disclosure

Statement, or otherwise distributing them to all creditors, the Debtor proposes to make the Plan and Disclosure Statement available in electronic format online at https://cases.primeclerk.com/hcs. The Debtor requests authority to rely on the Combined Hearing Notice that will be provided to Holders of Allowed Claims, which contains the address to the Debtor's case website with a link directly to the Plan and Disclosure Statement, to notify parties of the location of such documents. There, the Plan and Disclosure Statement can be reviewed online or downloaded and printed free of charge.  If a party desires paper copies of the Plan and Disclosure Statement, at least three (3) business days before the Objection Deadline, such party can request that paper copies be mailed to them.  Such request can be made by contacting Elizabeth Lawler, Case Manager, by e-mail at elawler@lowenstein.com or by phone at (973) 597-2500, Monday through Friday between the hours of 9:00 a.m. and 5:00 p.m. (ET).  The Debtor requests that the Court determine that the Debtor is not required to distribute paper copies of the Plan and Disclosure Statement to Holders of Claims and Interests unless a party makes a specific request for copies of such documents as set forth herein.  Other bankruptcy courts have granted such relief in order to reduce the significant costs of soliciting votes to accept or reject a plan, and authorized the provision of electronic copies of the plan and disclosure statement on a website instead of including copies of those documents in the solicitation package.  *See In re Draw Another Circle, LLC*, Case No. 16-11452 (Bankr. D. Del. December 19, 2016) (D.I. 1067); *In re Dune Energy, Inc.*, Case No. 15-10336 (Bankr. W.D. Tex. Aug. 18, 2015) (D.I. 453); *In re Borders Grp., Inc., et al.*, Case No. 11-10614 (Bankr. S.D.N.Y. Nov. 14, 2011) (D.I. 2122).

          **C.**      **Approval of Form of Ballots**

33.     Bankruptcy Rule 3017(d) requires that a plan proponent mail a form of ballot, substantially conforming to Official Form No. 314, to "creditors and equity security holders entitled to vote on the plan."  Fed. R. Bankr. P. 3017(d); *see also* Fed. R. Bankr. P. 3018(c) (providing in part that an acceptance or rejection of a plan must be in writing and conform to the appropriate Official Form).

34. The Debtor proposes to distribute to Holders of Impaired Classes of Claims entitled to vote a ballot ("Ballot"), substantially in the form attached hereto as **Exhibit D**, applicable to each such creditor. The only voting classes are Classes 2 (PNC) and 3 (Arch). The Ballot contains instructions for holders of claims to vote to accept or reject the Plan. The Ballot was prepared for use by all parties that are entitled to vote on the Plan. Thus, the Debtor seeks approval of the form of the Ballot and the authority to distribute the Ballot to the holders of claims entitled to vote on the Plan. The Ballot is derived from Official Form No. 314, but with appropriate modifications so as to reflect certain aspects of, and additional information relevant to, this Chapter 11 Case, which the Debtor believes to be appropriate for its creditors.

35. The Debtor will distribute Ballots to holders of claims in Class 2 (Secured Lender Pre-Petition Claims) and Class 3 (Arch Pre-Petition Claims), who are entitled to vote on the Plan. The Debtor submits that the form of the Ballot is based substantially on Official Form No. 314 and complies with Bankruptcy Rule 3018(c). Thus, the Debtor respectfully requests that the Court approve the form of Ballot.

36. The Debtor further proposes to distribute to Holders of Claims not entitled to vote on the Plan notices informing them of their ineligibility to vote (the "Notice of Non-Voting Status"), substantially in the form attached hereto as **Exhibit B**. The Notice of Non-Voting Status sets forth the manner in which a copy of the Plan and Disclosure Statement may be obtained. The Debtor submits that such notice satisfies the requirements of the Bankruptcy Code and Bankruptcy Rules. Accordingly, the Debtor requests that the Court determine that it is not required to distribute copies of the Plan and Disclosure Statement, unless otherwise requested in writing, to (i) any holders of claims in Class 1 (Priority Claims), which claims are unimpaired and thus, are conclusively presumed to accept the Plan under section 1126(f) of the Bankruptcy Code, and (ii) holders of claims and interests in Class 4 (General Unsecured Claims) and Class 5 (Interests), which will or may not receive any distributions under the Plan and, thus, they are presumed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code. *See*, *e.g.*, *In re Worldcom, Inc.*, Case No. 02-13533, *Order (I) Approving the Disclosure Statement; . . . (IV) Approving Forms*

*of Ballots and Establishing Procedures for Voting on the Debtors' Joint Plan of Reorganization . . .* , (D.I. 6633), at pp. 6-7 (Bankr. S.D.N.Y. May 28, 2003) (holding that the debtors were not required to distribute copies of the plan of reorganization or the disclosure statement to <u>either</u> holders of an unimpaired claim <u>or</u> to a holder of an impaired claim that is deemed to reject the plan).

### D. Voting Deadline and Procedures

*i. Establishment of Voting Deadline*

37. Bankruptcy Rule 3017(c) provides that, in connection with or before approval of a disclosure statement, the court shall fix a time within which the holders of claims entitled to vote may accept or reject the relevant chapter 11 plan. *See* Fed. R. Bankr. P. 3017(c).

38. In accordance with Bankruptcy Rule 3017(c), the Debtor requests that the Court enter an order requiring that, to be counted as a vote to accept or reject the Plan, any Ballot accepting or rejecting the Plan must be properly executed, completed, have only one box checked to accept or reject, and **the original** of which shall be delivered so as to be actually received by Prime Clerk (the "<u>Balloting Agent</u>"), not later than **April 8, 2021** at 4:00 p.m. (ET) (the "<u>Voting Deadline</u>").  Ballots are to be delivered to the Balloting Agent by regular mail, overnight courier or hand delivery to the Balloting Agent at the following address: Hollister Construction Ballot Processing, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165.  Any Ballot received by the Balloting Agent by facsimile, e-mail or other electronic communication will not be counted except as otherwise consented to by the Debtor.

39. The Debtor submits that, given the robust participation throughout the Chapter 11 Case of the Holders of the Impaired Classes of Claims entitled to vote on the Plan, the proposed solicitation period provides sufficient time for such creditors to make informed decisions to accept or reject the Plan and submit timely Ballots.  Therefore, the Voting Deadline should be approved.

*ii. Temporary Allowance of Claims for Voting Purposes*

40. Bankruptcy Rule 3018(a) provides that "[n]otwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purposes of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a). The Debtor respectfully requests that the Court set a deadline of March 23, 2021 for the Debtor to file and serve objections to filed proofs of claim for purposes of voting on the Plan. If a creditor wants to file a motion seeking to have its Claim temporarily allowed for voting purposes (any such motion, a "3018 Motion"), the Debtor submits that the Court should set the deadline for filing and serving (i) a 3018 Motion as **April 2, 2021** at 4:00 p.m. (ET) (the "3018 Motion Deadline") and (ii) any objection to a 3018 Motion as **April 9, 2021** at 4:00 p.m. (ET).

*iii. Approval of Procedures for Vote Tabulation*

41. Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c). Further, as stated above, the Court may temporarily allow a claim or interest in an amount that the Court deems proper for voting purposes. *See* Fed. R. Bankr. P. 3018(a).

42. Pursuant to the Plan, Class 2 (Pre-Petition Secured Lender Claims – PNC Bank) and Class 3 (Arch Claim) are the only classes of claims entitled to vote to approve or reject the Plan. Each of these voting classes consists of only one or two Claims. As described in the Plan, and in connection with the Settlement Agreement discussed above, Arch's Claim shall be deemed Allowed for voting purposes as a single unsecured Claim in the amount of $130,000,000.00. In light of the simplicity of the anticipated voting process here, the Debtor submits that no additional vote tabulation procedures are necessary.

43. Accordingly, the Debtor submits that the limited Voting Procedures described herein will establish a fair and equitable voting process and, therefore, should be approved.

## NOTICE

44. Notice of this Motion will be provided to: (a) the Office of the United States Trustee for the District of New Jersey; (b) counsel to the Committee; (c) counsel to PNC; (d) counsel to Arch; and (e) all parties entitled to notice of this Motion pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice is necessary or required.

## PRIOR REQUEST

45. On June 19, 2020, the Debtor filed the *Debtor's Motion for Entry of an Order Approving the Disclosure Statement, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan, (C) Approving the Form of Ballot and Solicitation Materials, (D) Establishing the Voting Record Date, (E) Scheduling a Plan Confirmation Hearing and Deadline for Filing Objections to Confirmation of the Plan, and (F) Approving the Related Form of Notice* (D.I. 1197) (the "Disclosure Statement Motion"). No hearing has been held on the Disclosure Statement Motion, and the Debtor has filed a Notice of Withdrawal of the Disclosure Statement Motion contemporaneously herewith. No other request for the relief sought herein has been made to this or any other court.

*[remainder of page intentionally left blank]*

**WHEREFORE**, the Debtor respectfully requests that this Court: (a) enter an order in the form submitted herewith granting the relief requested herein; and (b) grant to the Debtor such other and further relief as the Court may deem just and proper.

Dated: March 10, 2021          Respectfully submitted,

**LOWENSTEIN SANDLER LLP**

/s/ *Kenneth A. Rosen*
Arielle B. Adler, Esq.
Bruce Buechler, Esq.
Joseph J. DiPasquale, Esq.
Jennifer B. Kimble, Esq. (admitted *pro hac vice*)
Kenneth A. Rosen, Esq.
Mary E. Seymour, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)
krosen@lowenstein.com
bbuechler@lowenstein.com
mseymour@lowenstein.com
jdipasquale@lowenstein.com
jkimble@lowenstein.com
aadler@lowenstein.com
*Counsel to the Debtor and Debtor-in-Possession*