# EXHIBIT "A"

**Morris County Recording Cover Sheet**

Honorable Ann F. Grossi, Esq.
Morris County Clerk

MORRIS COUNTY, NJ
Ann F. Grossi
CONSL-OR BOOK 23705 PG 434
RECORDED 01/31/2020 11:23:10
FILE NUMBER 2020006856
RCPT # 1510511; RECD BY: LCONDON eRecord
RECORDING FEES 40.00
INDEX FEE

*Official Use Only - Realty Transfer Fee*

*Official Use Only - Barcode*

Date of Document:
2020-01-16

Type of Document:
CONSTRUCTION LIEN CLAIM

First Party Name:
LATTITUDE EAST OWNER LLC

Second Party Name:
SUPPORT OF EXCAVATION LLC

Additional Parties:
HOLLISTER CONSTRUCTION SERVICES

**THE FOLLOWING SECTION IS REQUIRED FOR DEEDS ONLY**

Block:

Lot:

Municipality:

Consideration:

Mailing Address of Grantee:

**THE FOLLOWING SECTION IS FOR ORIGINAL MORTGAGE BOOK & PAGE INFORMATION FOR AN ASSIGNMENT, RELEASE, OR SATISFACTION OF A MORTGAGE OR AN AGREEMENT RESPECTING A MORTGAGE**

Original Book:

Original Page:

**MORRIS COUNTY RECORDING COVER SHEET**
Please do not detach this page from the original document as it contains important recording information and is part of the permanent record.

WARNING: Information contained on the Recording Cover Sheet must exactly match the information within the attached document or the document will be rejected and returned.

R 1/31/20

Book23705/Page434

RECEIVED

2020 JAN 31 P 12: 00

ANN F. GROSSI
MORRIS COUNTY CLERK

Prepared by and to be returned to:
SUPPORT OF EXCAVATION LLC
STEPHEN GALOPPO, PARTNER
73 EAGLE ROCK AVE
EAST HANOVER, NEW JERSEY 07936

# CONSTRUCTION LIEN CLAIM

**TO: THE CLERK, COUNTY OF MORRIS**

In accordance with the "Construction Lien Law," P.L.1993, c. 318 (C.2A:44A-1 et al.), notice is hereby given that (only complete those sections that apply):

1. On _1-16-20_, I, STEPHEN GALOPPO, individually, or an officer/member of the claimant known as SUPPORT OF EXCAVATION LLC, 73 EAGLE ROCK AVE, EAST HANOVER, NEW JERSEY 07936, claim a construction lien against the real property of

OWNER: LATTITUDE EAST OWNER, LLC, 2929 ARCH ST, 28TH FLR, PHILADELPHIA, PA 19103
and, if applicable, the leasehold interest of
TENANT:

in that certain tract or parcel of land and premises described as 389-399 INTERPACE PARKWAY, Block 136, Lot 36.05 on the tax map of the (municipality) of PARSIPPANY-TROY HILLS, County of MORRIS, State of New Jersey, (or if no Block and Lot is assigned, a metes and bounds or other description of the property) in the amount of $38,611.68, as calculated below for the value of the work, services, material or equipment provided. (If the claim is against a community association in accordance with section 3 of P.L.1993, c. 318 (C.2A:44A-3) set forth the name of the community association and the name and location of the property development.) The lien is claimed against the interest of the (owner) unit owner, or against the community association in accordance with section 3 of P.L.1993, c. 318 (C.2A:44A-3) or other party *(circle one; if "other", describe:*

2. In accordance with a written contract for the improvement of the above property, dated 04/10/2019, with the property owner, community, association, (contractor) or subcontractor *(circle one)*, named or known as HOLLISTER CONSTRUCTION SERVICES LLC, 339 JEFFERSON ROAD, PARSIPANNY-TROY HILLS, NJ 07054, this claimant performed the following work or provided the following services, material or equipment: 8X20 TRENCH SHIELDS 10 FT SPREADERS 8X20 ROAD PLATE 1" THICK

The general contractor is: HOLLISTER CONSTRUCTION SERVICES, 339 JEFFERSON ROAD, PARSIPPANY-TROY HILLS, NJ 07054

Book23705/Page435

3. The date of the provision of the last work, services, material or equipment for which payment is claimed is 01/14/2020.

4. The amount due for work, services, material or equipment delivery provided by claimant in connection with the improvement of the real property, and upon which this lien claim is based, is calculated as follows:

| | |
|---|---|
| A. Initial Contract Price | $28,111.68 |
| B. Executed Amendments to Contract: | $10,500.00 |
| C. Total Contract Price: | $38,611.68 |
| D. If Contract Not Completed, Value Determined in Accordance with the Contract of Work Completed or Services, Material or Equipment Provided: | $ |
| E. Total from C or D: | $38,611.68 |
| F. Agreed Upon Credits: | $ |
| G. Amount Paid to Date: | $ |
| **TOTAL LIEN CLAIM AMOUNT:** | <u>$38,611.68</u> |

### NOTICE OF UNPAID BALANCE AND ARBITRATION AWARD

This Claim (check one) does _____ does not __X__ arise from a Residential Construction Contract. If it does, complete 5 and 6 below; if not residential, complete 5 below, only if applicable. If not residential and 5 is not applicable, skip to Claimant's Representation and Verification.

5. A Notice of Unpaid Balance and Right to File Lien was previously filed with the County Clerk of _____ County on _____, as No. _____, in Book _____ and Page _____.

6. An Award of the arbitrator was issued on _____ in the amount of $_____.

Book23705/Page436

# CLAIMANT'S REPRESENTATION AND VERIFICATION

**Claimant represents and verifies that:**

1. I have authority to file this claim.

2. The Claimant is entitled to the amount claimed at the date of lodging for record of the claim, pursuant to claimant's contract described above.

3. The work, services, material or equipment for which this lien claim is filed was provided exclusively in connection with the improvement of the real property which is the subject of this claim.

4. This Claim form has lodged for record with the County Clerk where the property is located within 90 or, if residential construction, 120 days from the last date upon which the work, services, material or equipment for which payment is claimed was provided.

5. This claim form has been completed in its entirely to the best of my ability and I understand that if I do not complete this form in its entirely, the form may be deemed invalid by a court of law.

6. This claim form will be served as required by statute upon the owner or community association, and upon the contractor or subcontractor against whom this claim has been asserted, if any.

7. The foregoing statements made by me in this claim form are true, to the best of my knowledge. I am aware that if any of the foregoing statements made by me in this claim form are willfully false, this construction lien claim will be void and that I will be liable for damages to the owner or any other person injured as a consequence of the filing of this lien claim.

Book23705/Page437

SUPPORT OF EXCAVATION LLC

By: _____
STEPHEN GALOPPO, PARTNER


STATE OF _New Jersey_
             SS:

COUNTY OF _Morris_


I CERTIFY that on this _16_ day of _January_ 20_20_ before me, the subscriber, personally appeared STEPHEN GALOPPO who, I am satisfied, is the PARTNER of SUPPORT OF EXCAVATION LLC named herein and who by me duly sworn/affirmed, asserted authority to act on behalf of SUPPORT OF EXCAVATION LLC and who, by virtue of its Bylaws, or Resolution of its Board of Directors executed the within instrument on its behalf, and thereupon acknowledged that claimant signed, sealed and delivered same as claimant's act and deed, for the purposes herein expressed.

_____
(Notary Public)

```
MONICA JOHNSON
Notary Public, State of New Jersey
My Commission Expires
July 23, 2024
```

Book23705/Page438

# NOTICE TO OWNER OF REAL PROPERTY

## NOTICE TO CONTRACTOR OR SUBCONTRACTOR, IF APPLICABLE

The owner's real estate may be subject to sale to satisfy the amount asserted by this claim.

However, the owner's real estate cannot be sold until the facts and issues which form the basis of this claim are decided in a legal proceeding before a court of law. The lien claimant is required by law to commence suit to enforce this claim.

The claimant filing this lien claim shall forfeit all rights to enforce the lien claim and shall be required to discharge the lien claim of record, if the claimant fails to bring an action in the Superior Court, in the county in which the real property is situated, to establish the lien claim:

1. Within one year of the date of the last provision of work, services, material or equipment, payment for which the lien claim was filed; or

2. Within 30 days following receipt of written notice, by personal service or certified mail, return receipt requested, from the owner or community association, contractor, or subcontractor against whom a lien claim is filed, as appropriate, requiring the claimant to commence an action to establish the lien claim.

You will be given proper notice of the proceeding and an opportunity to challenge this claim and set forth your position. If, after the owner (and/or contractor or subcontractor) has had the opportunity to challenge this lien claim, the court of law enters a judgment against any of you and in favor of the claimant filing this lien claim, and thereafter judgment is not paid, the owner's real estate may then be sold to satisfy the judgment. A judgment against a community association for a claim of work, services, material or equipment pursuant to a contract with that community association cannot be enforced by a sale of real estate.

The owner may choose to avoid subjecting the real estate to sale by the owner (or contractor) by either:

1. paying the claimant and obtaining a discharge of lien claim from the claimant, by which the owner will lose the right to challenge this lien claim in a legal proceeding before a court of law; or

2. causing the lien claim to be discharged by filing a surety bond or making a deposit of funds as provided for in section 31 of P.L.1993, c. 318 (C.2A:44A-31), by which the owner will retain the right to challenge this lien claim in a legal proceeding before a court of law.

Book23705/Page439