| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>Mitchell Malzberg, Esq.<br>Law Offices of Mitchell J. Malzberg, LLC<br>PO Box 5122<br>6 E. Main Street, Suite 7<br>Clinton, New Jersey 08809<br>Telephone: (908) 323-2958<br>Facsimile: (908) 933-0808<br>mmalzberg@mjmalzberglaw.com<br>*Counsel to the Liquidating Trustee* | |
| In Re:<br><br>HOLLISTER CONSTRUCTION SERVICES, LLC<br><br>Debtor. | Chapter 7<br><br>Case No.: 19-27439/MBK<br><br>Chief Judge: Honorable Michael B. Kaplan<br><br>Hearing Date: April 20, 2023 at 10:00 a.m. |

**APPLICATION IN SUPPORT OF MOTION (1) HOLDING SUPPORT OF EXCAVATION, LLC IN VIOLATION OF THE AUTOMATIC STAY (2) COMPELLING THE DISCHARGE OF THE CONSTRUCTION LIEN FILED POST-PETITION BY SUPPORT OF EXCAVATION, LLC IN VIOLATION OF THE AUTOMATIC STAY (3) AWARDING COUNSEL FEES AND DAMAGES AND (4) FOR SUCH OTHER RELIEF AS THIS COURT DEEMS JUST AND NECESSARY AS A RESULT OF THE AUTOMATIC STAY VIOLATION**

The Application of Bernard A. Katz, the Liquidating Trustee (the "Trustee") by and through his counsel, the Law Offices of Mitchell J. Malzberg, LLC, seeking relief holding (1) Support of Excavation, LLC in violation of the automatic stay (2) compelling the discharge of the construction lien filed post-petition by Support of Excavation, LLC in violation of the automatic stay (3) awarding counsel fees and damages and (4) for such other relief as this court deems just and necessary as a result of the automatic stay violation, respectfully represents as follows:

**BACKGROUND**

1. Hollister Construction Services, LLC (the "Debtor") filed a voluntary Chapter 11 petition on September 11, 2019 (the "Chapter 11 Petition Date").

2. On April 16, 2021, the Court entered an order [Docket No. 1769] confirming the Plan. The effective date of the Plan occurred on April 30, 2021 (the "Effective Date").

3. Upon the Effective Date, substantially all of the Debtors' assets were transferred to and vested in the post-confirmation Liquidating Trust, free and clear of any and all claims and liens, for the uses and purposes set forth in the Plan and for the benefit of the Liquidating Trust Beneficiaries. *See* Plan, Article IV. The Liquidating Trustee oversees and administers the Liquidating Trust, including by, *inter alia*, reconciling and/or filing objections to the various claims scheduled and asserted in these Chapter 11 Cases.

4. A Liquidating Trust was formed pursuant to the confirmed Plan. BAK Advisors, LLC is the Liquidating Trustee of the Hollister Construction Liquidating Trust (hereinafter "LT").

5. As the Court is aware, the Debtor operated a construction management firm.

6. Latitude East Owner, LLC and Latitude West Owner LLC (together "Latitude" or "Project Owner") was a project owner on certain projects and contracts for construction services at the Latitude East building located at 389-399 Interpace Parkway, Parsippany-Troy Hills, New Jersey and the Latitude West Building Located at 369-379 Interpace Parkway, Parsippany-Troy Hills, New Jersey (collectively the "Latitude Projects").

7. The Debtor and Latitude had entered AIA contracts relating to the Latitude Projects prior to the Petition Date. Specifically, on June 15, 2019, Defendant Latitude East Owner, LLC and Hollister entered into a Standard Form of Agreement between Owner and Contractor (AIA Document A101-2017) (the "Connector Contract"). On May 15, 2019, Latitude East Owner, LLC and Hollister

entered into a certain Standard Form of Agreement between Owner and Contractor (AIA Document A101-2017) (the "Courtyard Contract"). On January 14, 2019, Latitude West Owner, LLC and Hollister entered into a Standard Form of Agreement between Owner and Contractor (AIA Document A101-2017) (the "Parking Garage Contract").  (As stated *supra*, the Connector Contact, the Courtyard Contract and the Parking Garage Contract are collectively referred to herein as "Latitude Projects")

8. The Debtor was the construction manager on the Latitude Projects.   It has come to the attention of the LT that a post-petition construction lien was filed by Support of Excavation, LLC on the Latitude Projects in violation of the Automatic Stay on or about January 31, 2020 (**Exhibit "A"**)

9. As counsel to the LT, on March 2, 2023, I sent a letter to Stephen Galoppo of Support of Excavation, LLC advising that the Construction Lien filed by his company post-petition violated the Automatic Stay and demanded that the Construction Lien be discharged.   Additionally, Support of Excavation, LLC was advised that the lien not only violated the automatic stay but given that the lien is more than two (2) years old pursuant to the Construction Lien Law, a suit must be filed within one year of the date of the last work performed which was not filed.  Lastly, as can be seen by the letter, Support of Excavation, LLC was advised that if the lien was not voluntarily discharged, then my office would be filing a motion to compel the discharge of the lien and hold Support of Excavation, LLC in violation of the automatic stay and seek counsel fees and damages.  A copy of said letter is annexed hereto as **Exhibit "B"**.  My office sent a second demand to two addresses of Support of Excavation on March 14, 2023.  The second demand was signed for on March 16th by Stephen Galoppo, and on March 20th by Jason Farber, principals of Support for Excavation.  See **Exhibit "C"**.  The demand to discharge the lien voluntarily was ignored and went unanswered.

## LEGAL ARGUMENT

10. The filing of the Construction Lien by Support of Excavation LLC violated the Automatic Stay. The case law is clear. The Latitude Project is property of the Estate and the filing of the Construction Lien by Support of Excavation LLC after the filing of the Bankruptcy is a violation of the Automatic Stay. See, *In re Linear Elec. Co., 852 F.3d 313, 2017 U.S. App. LEXIS 5527, 77 Collier Bankr. Cas. 2d (MB) 965, 63 Bankr. Ct. Dec. 243, 2017 WL 1177465*. The filing of the construction lien was an act against property of the Estate, and it violated the Automatic Stay. *Id* and *11 U.S.C. Section 362*. Support of Excavation, LLC, was given ample opportunities to discharge the Construction Lien but said requests to do so have been ignored.

11. Additionally, the construction lien was filed on January 31, 2020. The lien was filed over two (2) years ago. An action to enforce a New Jersey Construction lien must be filed within one year from last providing labor or materials. *N.J.S.A. 2A:44A-14*. The Statute states:

> "A claimant filing a lien claim shall forfeit all rights to enforce the lien, and shall immediately discharge the lien of record, if the claimant fails to bring an action in the Superior Court, in the county in which the real property is situated, to establish the lien claim:
>
>   (1)  Within one year of the date of the last provision of work, services, material or equipment, payment for which the lien claim was filed"

See *N.J.S.A. 2A:44A-14*.

12. The construction lien law statute also allows for this court to award counsel fees for Support of Excavation's failure to discharge the construction lien. See *N.J.S.A. 2A:44A-15* which reads as follows:

> If a lien claim is without basis, the amount of the lien claim is

> willfully overstated, or the lien claim is not filed in substantially the form or in the manner or at a time not in accordance with the provisions of this act, the claimant shall forfeit all claimed lien rights and rights to file subsequent lien claims to the extent of the face amount claimed in the lien claim. The claimant shall also be liable for all court costs, and reasonable legal expenses, including attorneys' fees, incurred by the owner, contractor or subcontractor, or any combination of owner, contractor and subcontractor, in defending or causing the discharge of the lien claim. The court shall, in addition, enter judgment against the claimant for damages to any of the parties adversely affected by the lien claim.
>
> See *N.J.S.A 2A:44A-15*.

13. Per the filed Construction Lien (**Exhibit "A"**), the date of last work performed by Support of Excavation was January 24, 2020 which is now over 3 years ago.

14. As can be seen above, not only did the lien violate the automatic stay and must be discharged for that reason but the lien must also be discharged pursuant to the New Jersey Construction lien law as it is over three (3) years old and an action was never commenced as required under New Jersey's Construction Lien Law within a year from when the last work was performed.

14. As such, given that the Construction Lien violated the Automatic Stay and New Jersey Construction Lien Law, this Court should make a finding that Support of Excavation, LLC has violated the Automatic Stay and enter an Order compelling Support of Excavation, LLC to discharge the Construction Lien within ten (10) days from entry of the Order. If Support of Excavation LLC fails to discharge the Construction Lien within ten (10) days from entry of the Order of this Court, it is respectfully requested that the Order provide that without further application, the Liquidating Trustee can submit a certification to the Court citing Support of Excavation's contempt of court and seek a further Order from the Court holding Support of

Excavation, LLC in contempt with the Order allowing entry of an Order that can be filed with the clerk of Morris County directing the clerk that the Construction Lien is deemed discharged by the Order of the Court.

15. This Court should also award counsel fees and damages for the filing of the within motion and make a finding that Support of Excavation, LLC has, in fact, violated the Automatic Stay and despite demand, has willfully failed to voluntarily discharge the Construction Lien. Pointedly, *11 U.S.C. Section 362* permits this Court to grant damages and counsel fees as well as the construction lien law statute allows for counsel fees for an improperly filed construction lien. See, *N.J.S.A 2A:44A-15*. A certification of services will be submitted five (5) days prior to the hearing for the award of counsel fees and it is requested that this Court enter an award of counsel fees and appropriate damages for the stay violation.

WHEREFORE, the Liquidating Trustee respectfully requests that this Court enter the proposed Order granting the relief requested and for any further and additional relief that this Court may deem just and proper.

                                                LAW OFFICES OF MITCHELL J. MALZBERG, LLC

                                                */s/ Mitchell Malzberg*
                                                MITCHELL MALZBERG, ESQ.
Dated: March 28, 2023             Counsel to the Liquidating Trustee