# LAW OFFICES OF
# MITCHELL J. MALZBERG

A Limited Liability Company  
ATTORNEY AT LAW

Mitchell J. Malzberg *  
*Admitted in NJ and PA

P. O. Box 5122  
Clinton, NJ 08809  
Physical Address:  
6 E. Main Street, Suite 7  
Clinton, NJ 08809

Telephone (908) 323-2958  
Facsimile (908) 933-0808

E-mail:  mmalzberg@mjmalzberglaw.com  
Website:  www.mjmalzberglaw.com

May 15, 2023

Honorable Michael B. Kaplan, USBJ  
United States Bankruptcy Court  
District of New Jersey  
42 E. State Street  
Trenton, NJ 08608

  RE: HOLLISTER CONSTRUCTION SERVICES, LLC  
    Chapter 11, Case No. 19-27439/MBK  
    *Response to FM Construction Group, LLC's Objection to Motion to*  
    *Seeking Approval of Second Amendment to Settlement Agreement*  
    *Return Date:  May 18, 2023 at 10:00 a.m.*

Dear Judge Kaplan:

  The undersigned represents the Liquidating Trustee, Mr. Katz in the above captioned matter. Please accept this letter in lieu of a more formal response to the opposition filed by FM Construction Group, LLC (hereinafter "FM Construction") to the pending motion.  The Liquidating Trustee notes the irony in FM construction's filing of an objection to the within motion.  As the Court is aware, FM Construction is a Defendant in an adversary proceeding pending before this Court (Adv. No. 22-01037/MBK).  The Liquidating Trustee is pursuing claims and damages against FM Construction for FM Construction's breach of the Settlement Agreement and its obligations under the subcontract between FM Construction and Hollister Construction Services, LLC ("Hollister").  In March 2021, Hollister terminated FM Construction on the project.  Based on Hollister's termination of FM Construction and FM Construction's breach of the Settlement Agreement and the subcontract, there is no need and no requirement for FM Construction to consent to the Amended Settlement Agreement or the assignments contemplated therein.  Notably, FM Construction did not note these critical facts in its opposition.

  Furthermore, a careful review of the Second Addendum, and in particular Exhibit A of the Second Addendum specifically states pertaining to FM Construction: "Contract Terminated, Not Assigned.  Estate Retains Claims".  Therefore, FM Construction has no standing to object to the pending motion.

  FM Construction's opposition is a mere litigation tactic and does not warrant consideration by this Court.  This assignment does not affect any of FM Construction's affirmative defenses or alleged frivolous claims that FM Construction may assert.  This Court has approved Addendums in the past without non-defaulting and non-terminated subcontractors signing off on the

Addendum.  All subcontractors that performed their respective obligations under the Settlement Agreement have been noticed and not one filed an objection.  The Addendum is beneficial to all subcontractors that performed their obligations under the Settlement Agreement, and it allows retainage to be paid to subcontractors who have completed their work on the project.  This Court should overrule the objection of FM Construction and approve the settlement as it is in the best interest of the estate and non-defaulted and non-terminated subcontractors.  The objection is nothing more than a retaliatory attack by FM Construction to further obstruct the resolution of this matter among Hollister, the Owner and all other subcontractors that performed their obligations under the Settlement Agreement.  FM Construction has no standing to be heard as they are not a party to the assignment.  As such, the opposition should be overruled, and this Court should enter an Order approving the Second Addendum.

        Respectfully submitted,

        */s/Mitchell Malzberg*
        MITCHELL MALZBERG, ESQ.

MM/dl
Cc:  Philip Allogromento, Esq.