Mitchell Malzberg, Esq.
LAW OFFICES OF MITCHELL J. MALZBERG, LLC
P. O. Box 5122
6 E. Main Street, Suite 7
Clinton, New Jersey 08809
(908) 323-2958 – Telephone
(908) 933-0808 – Facsimile
mmalzberg@mjmalzberglaw.com
*Counsel to the Liquidating Trustee*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In the Matter of:<br><br>HOLLISTER CONSTRUCTION SERVICES, LLC<br><br>Debtor. | Chapter 11<br><br>Case No. 19-27439/MBK<br><br>Hon. Christine M. Gravelle<br><br>**APPLICATION IN SUPPORT OF CONSENT ORDER ALLOWING STATE COURT PERSONAL INJURY ACTION TO PROCEED ON SPECIFIED TERMS** |

TO:   Honorable Michael B. Kaplan
      United States Bankruptcy Judge

The application of BAK Advisors, LLC, Liquidating Trustee for the Liquidating Trust of Hollister Construction Liquidating Trust (the "Movant" or "Liquidating Trustee"), by and through his attorney, Mitchell Malzberg, Esq. of the Law Offices of Mitchell J. Malzberg, LLC respectfully shows unto the Court the following:

**JURISDICTION, VENUE AND STATUTORY PREDICATES**

1.   This Application is made pursuant to D.N.J. LBR 9021-1(b).

2. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G) and (O). Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## BACKGROUND FACTS

3. On September 11, 2019 (the "Petition Date"), Hollister Construction Services, LLC ("Debtor or Hollister") filed a Chapter 11 Petition.

4. The Debtor's Plan was confirmed and an Order confirming the Debtor's First Amended Plan of Liquidation (Docket No. 1769) was entered on April 16, 2021. The effective date of the Plan occurred on April 30, 2021. A liquidating Trust was formed pursuant to the confirmed Plan. The Plaintiff, BAK Advisors, LLC. was appointed as Liquidating Trustee of the Hollister Construction Liquidating Trust. ("Plaintiff" or "LT")

5. The Debtor had operated a substantial construction management firm.

6. Jonathan Straughter ("Straughter") filed a labor law/personal injury action stemming from a construction site accident in the Supreme Court, Richmond County, New York, Index No. 15327/2018 against Hollister Construction Services, LLC, the Debtor herein.

## RELIEF REQUESTED

7. The Liquidating Trustee and Straughter by and through their counsel shall have relief from the automatic stay to the extent it applies to allow the continued prosecution of his state court personal injury litigation under specified terms.

8. The automatic stay of section 362(a) of the Bankruptcy Code be, and hereby is, modified to allow Plaintiff, Straughter to proceed with the State Court Action against the Debtor for the limited and sole purpose of pursuing and/or collecting any judgment from the proceeds of any primary insurance policies that may be applicable to the State Court Action, commenced in the Supreme Court, Richmond County, New York provided that: (a) nothing contained herein

shall be deemed a waiver of any rights or defenses to coverage of any insurer under any insurance policies issued to the Debtor that may be implicated by the State Court Action; (b) nothing herein shall be deemed or interpreted to expand the insurance cover or applicability of such coverage that may be available with respect to the State Court Action; (c) any self-insured retention provisions of any such insurance policies shall remain in full force and effect: and (d) the Debtor's estate (including the Liquidating Trust) shall have no obligation under any of the insurance policies to spend any money or incur any cost in defense of the State Court Action.

9. Said automatic stay is modified further to allow any Defendants or Owner to prosecute their counterclaims against the Debtor for the limited and sole purpose of pursuing and/or collecting any judgment from the proceeds of any primary insurance policies that may be applicable to the State Court Action subject to the limitations in Paragraph 8 above.

10. Plaintiff, Jonathan Straughter and the non-Debtor parties in the State Court Action waive any right to recover or seek to recover any deductible from the Debtor or Liquidating Trust, and they waive their right to file or assert any claim or proof of claim against the Debtor and its estate. Any proof of claim filed by Mr. Straughter or the non-Debtor parties in the State Court Action against the Debtor and its estate shall be deemed expunged and disallowed upon entry of this Consent Order.

11. In the event there is insufficient insurance coverage to satisfy in full all claims, recoveries, settlements, judgments, and any and all other sums awarded in connection with all claims asserted against the Debtor's insurance policy for the same applicable policy year as the claim asserted by Mr. Straughter and any non-Debtor parties in the State Court Action, Mr. Straughter agrees to share the available insurance proceeds *pro rata* with any other claimants whose claims are asserted against or implicated the same policy year.

12. The Consent Order shall not operate to limit, cap, hinder, or restrain Plaintiff Jonathan Straughter's right of recovery after any judgment or award in his favor with respect to any of the non-Debtor parties to the State Court Action.

13. The Consent Order shall be immediately effective and enforceable upon its entry.

14. The parties are authorized to take all actions necessary to effectuate the relief granted pursuant to the Consent Order.

15. This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation and enforcement of this Consent Order.

WHEREFORE, the Liquidating Trustee respectfully requests the entry of the Consent Order submitted herewith.

By: */s/ Mitchell Malzberg*
MITCHELL MALZBERG, ESQ.
LAW OFFICES OF MITCHELL J. MALZBERG, LLC
P. O. Box 5122
6 E. Main Street, Suite 7
Clinton, New Jersey 08809
*Counsel to the Liquidating Trustee*

Dated: May 2, 2024