Order Filed on May 15, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1** | |
| Mitchell Malzberg, Esq.<br>Law Offices of Mitchell J. Malzberg, Esq.<br>P.O. Box 5122<br>6 E. Main Street, Suite 7<br>Clinton, New Jersey 08809<br>(908) 323-2958 – Phone<br>(908) 933-0808 – Facsimile<br>mmalzberg@mjmalzberglaw.com<br><br>*Counsel to the BAK Advisors, LLC, liquidating Trustee Of Hollister Construction Liquidating Trust* | |
| In re:<br><br>HOLLISTER CONSTRUCTION SERVICES, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-27439 (CMG) |

## CONSENT ORDER ALLOWING STATE COURT
## PERSONAL INJURY ACTION TO PROCEED ON SPECIFIED TERMS

The relief set forth on the following pages, numbered two (2) through and including four (4), is hereby **ORDERED**.

**DATED: May 15, 2024**

*Honorable Christine M. Gravelle*
*United States Bankruptcy Judge*

---

[1] The Debtor in this chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404).

Page: 2
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (CMG)
Caption: *Consent Order Allowing State Court Personal Injury Action to Proceed on Specified Terms*

___

Upon consideration of the Application of the Liquidating Trustee in support of the within Consent Order allowing a certain state court personal injury action to proceed on specified terms; On April 16, 2021 a plan was confirmed and the effective date of the Plan was April 30, 2022. A liquidating Trust was formed pursuant to the confirmed Plan. Bernard Katz was appointed in accordance with the Plan as the Liquidating Trustee of the Liquidating Trust. The Movant and Liquidating Trustee by way of Consent Order have agreed to allow a certain state court personal injury action to proceed on specified terms; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, as amended on September 18, 2012 (Simandle, C.J.); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of the Applilcation being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the relief set forth below is in the best interests of the Debtor, its estate, Liquidating Trust and creditors and, after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY FOUND, DETERMINED, ORDERED, AND ADJUDGED** as follows:

1. The automatic stay of section 362(a) of the Bankruptcy Code be, and hereby is, modified to allow Plaintiff, Jonathan Straughter to proceed with the State Court Action against the Debtor for the limited and sole purpose of pursuing and/or collecting any judgment from the proceeds of any primary insurance policies that may be applicable to the State Court Action, commenced in Supreme Court, Richmond County, New York, provided that: (a) nothing contained

Page: 3
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (CMG)
Caption: *Consent Order Allowing State Court Personal Injury Action to Proceed on Specified Terms*

---

herein shall be deemed a waiver of any rights or defenses to coverage of any insurer under any insurance policies issued to the Debtor that may be implicated by the State Court Action; (b) nothing herein shall be deemed or interpreted to expand the insurance cover or applicability of such coverage that may be available with respect to the State Court Action; (c) any self-insured retention provisions of any such insurance policies shall remain in full force and effect: and (d) the Debtor's estate (including the Liquidating Trust) shall have no obligation under any of the insurance policies to spend any money or incur any cost in defense of the State Court Action.

2.      Said automatic stay is modified further to allow any Defendants or Owner to prosecute their counterclaims against the Debtor for the limited and sole purpose of pursuing and/or collecting any judgment from the proceeds of any primary insurance policies that may be applicable to the State Court Action subject to the limitations in Paragraph 1 above.

3.      Plaintiff, Jonathan Straughter and the non-Debtor parties in the State Court Action waive any right to recover or seek to recover any deductible from the Debtor or Liquidating Trust, and they waive their right to file or assert any claim or proof of claim against the Debtor, its estate, or as to the Liquidating Trust. Any proof of claim filed by Mr. Straughter or the non-Debtor parties in the State Court Action against the Debtor and its estate shall be deemed expunged and disallowed upon entry of this Consent Order.

4.      In the event there is insufficient insurance coverage to satisfy in full all claims, recoveries, settlements, judgments, and any and all other sums awarded in connection with all claims asserted against the Debtor's insurance policy for the same applicable policy year as the claim asserted by Mr. Straughter and any non-Debtor parties in the State Court Action, Mr.

Page: 4
Debtor: Hollister Construction Services, LLC
Case No.: 19-27439 (CMG)
Caption: *Consent Order Allowing State Court Personal Injury Action to Proceed on Specified Terms*

___

Straughter agrees to share the available insurance proceeds *pro rata* with any other claimants whose claims are asserted against or implicated the same policy year.

5. This order shall not operate to limit, cap. hinder, or restrain Plaintiff Jonathan Straughter's right of recovery after any judgment or award in his favor with respect to any of the non-Debtor parties to the State Court Action.

6. This Consent Order shall be immediately effective and enforceable upon its entry.

7. The parties are authorized to take all actions necessary to effectuate the relief granted pursuant to this Consent Order.

8. This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation and enforcement of this Consent Order.

Dated: May 2, 2024

By: */s/ Mitchell Malzberg*
**Law Offices of Mitchell J. Malzberg, Esq.**
Mitchell Malzberg, Esq.
P.O. Box 5122
6 E. Main Street, Suite 7
Clinton, New Jersey 08809
(908) 323-2958 – Phone
(908) 933-0808 – Facsimile
mmalzberg@mjmalzberglaw.com
*Counsel to the BAK Advisors, LLC,*
*Liquidating Trustee of Hollister Construction*
*Liquidating Trust*

Dated:

By: _____
**Liakas Law, P.C.**
Anthony M. Deliso, Esq.
40 Wall Street, 50th Floor
New York, New York 10005
(212) 937-7765 – Phone
(877) 380-9432 – Facsimile
ad@liakalslaw.com
*Counsel to Jonathan Straughter*

United States Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Case No. 19-27439-CMG |
| Hollister Construction Services, LLC | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 1 of 1 |
| Date Rcvd: May 15, 2024 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+          Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 17, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Hollister Construction Services, LLC, 339 Jefferson Road, Parsippany, NJ 07054-3707 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 17, 2024          Signature:      /s/Gustava Winters