**SILLS CUMMIS & GROSS P.C.**
Andrew Sherman, Esq.
Boris Mankovetskiy, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(973) 643-6500 (Facsimile)
asherman@sillscummis.com
bmankovetskiy@silllscummis.com

*Counsel to the Liquidating Trustee*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| HOLLISTER CONSTRUCTION SERVICES, LLC, | Case No. 19-27439 (CMG) |
| Debtors. | |
| BAK ADVISORS, LLC, as Liquidating Trustee of Hollister Construction Liquidating Trust, | |
| Plaintiff, | Adv. Pro. No. 21-01358 (CMG) |
| v. | **Hearing Date: October 28, 2025 at 2:00pm (ET)** |
| SAX LLP, | |
| Defendant. | |

## NOTICE OF FILINGS IN ADVERSARY PROCEEDING NO. 21-01358

**PLEASE TAKE NOTICE** that on October 21, 2025, in Adversary Proceeding Number 21-01358 (CMG), BAK Advisors, LLC, the Liquidating Trustee for the Hollister Construction Liquidating Trust (the "Liquidating Trustee") filed the (i) *Motion of Liquidating Trustee for Entry of an Order Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure to Approve Settlement Agreement* [Docket Number 96], attached as **Exhibit A**, (ii) *Liquidating Trustee's Motion for Entry of an Order Authorizing Request to File Settlement Agreement Under Seal* [Docket Number 97], attached as **Exhibit B,** and (iii) *Application and Order to Shorten Time* [Docket Number 98], attached as **Exhibit C**, (collectively, the "Motions").

**PLEASE TAKE FURTHER NOTICE** that, on October 22, 2025, the Court entered an *Order Shortening Time Period for Notice, Setting Hearing, and Limiting Notice* (the "Order Shortening Time") [Docket Number 99], attached as **Exhibit D**, pursuant to which the Motions will be heard by the Honorable Christine M. Gravelle, Chief Bankruptcy Judge of the United States Bankruptcy Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 08608 on **October 28, 2025 at 2:00 p.m. (ET)** (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Order Shortening Time, any responses or objections, to the relief requested in the Motions may be presented orally at the Hearing.

**PLEASE TAKE FURTHER NOTICE**, the Hearing will be conducted via Zoom using the Judge's standard Zoom link for remote appearances, which can be found on the Judge's page on the Court website: www.njb.uscourts.gov.

Dated:  October 22, 2025                        **SILLS CUMMIS & GROSS P.C.**

                                               */s/ Andrew Sherman*
                                               Andrew Sherman, Esq.
                                               Boris Mankovetskiy, Esq.
                                               One Riverfront Plaza
                                               Newark, New Jersey 07102
                                               (973) 643-7000 (Telephone)
                                               (973) 643-6500 (Facsimile)
                                               asherman@sillscummis.com
                                               bmankovetskiy@silllscummis.com

                                               *Counsel to the Liquidating Trustee*

**Exhibit A**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| HOLLISTER CONSTRUCTION SERVICES, LLC, | Case No. 19-27439 (CMG) |
| Debtor. | |
| | |
| BAK ADVISORS, LLC, as Liquidating Trustee of Hollister Construction Liquidating Trust, | Adv. Pro. No. 21-01358 (CMG) |
| Plaintiff,<br>v. | **Hearing Date: October 28, 2025 at 2:00pm (ET)** |
| SAX LLP, | |
| Defendant. | |

## MOTION OF LIQUIDATING TRUSTEE FOR ENTRY OF AN ORDER PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE TO <u>APPROVE SETTLEMENT AGREEMENT</u>

BAK Advisors, the Liquidating Trustee for the Hollister Construction Liquidating Trust (the "<u>Liquidating Trustee</u>"), by and through its counsel, Sills Cummis & Gross P.C., files this motion (this "<u>Motion</u>"), pursuant to section 105(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), for entry of an Order, substantially in the form attached hereto as **Exhibit A** (the "<u>Proposed Order</u>"), approving the Settlement Agreement and Mutual Release (the "<u>Settlement Agreement</u>")[1].

---

[1] A true and correct copy of the Settlement Agreement substantially in the form to be executed by the Parties is attached as **Exhibit B.**

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and the

Standing Order of Reference to the Bankruptcy Court Under Title 11, entered on July 23, 1984,

and amended on June 6, 2025 (Bumb, C.J.). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2.    Consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b)(2). The

Liquidating Trustee consents to entry of a final Order by this Court in connection with this Motion

to the extent that it is later determined that this Court, absent consent of the parties, cannot enter

final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

**A.    General Background**

3.    On September 11, 2019 (the "Petition Date"), the Debtor commenced the Chapter

11 case in the United States Bankruptcy Court for the District of New Jersey (the "Court").

4.    On April 16, 2021, the Court entered an Order confirming the First Amended Plan

of Liquidation (the "Plan") [Docket No. 1769]. Pursuant to the Plan, the assets and substantially

all Causes of Action (as defined in the Plan) of the Debtor were transferred to and vested in the

Liquidating Trust, and the Liquidating Trustee was appointed as trustee of the Liquidating Trust

and Debtor Representative.

5.    Additional details regarding the Debtor's business, the facts and circumstances

leading up to the filing of the Chapter 11 Case and supporting the relief requested herein are set

forth in the *Declaration of Brendan Murray in Support of First Day Relief*. [Docket No. 15].

6.    Since the Effective Date, the Liquidating Trustee has worked diligently to

administer the Liquidating Trust and effectuate the Plan, including by, *inter alia*: (a) reconciling,

objecting to, and resolving claims against the Debtor's and the Debtor's estate; and (b)

investigating, prosecuting, and resolving estate causes of action (including this cause of action) to supplement funds available for distribution to general unsecured creditors.

7.     As of the date hereof, the Liquidating Trustee continues to administer the Liquidating Trust Assets in his capacity as Liquidating Trustee and to carry out the terms of the Plan in his capacity as Debtor Representative.

**B.    Litigation Claims**

8.     The Debtor operated a substantial construction business. The Debtor retained Defendant, an accounting firm, to conduct the annual audit of the Debtor's financial statements for 2018 and to render an opinion on its financial statements. (Adversary Proceeding Compl. ¶ 94.).

9.     On September 3, 2021, the Liquidating Trustee filed an adversary proceeding, on behalf of the Liquidating Trust (the "Plaintiff") against Defendant Sax LLP (Plaintiff and Defendant, together, the "Parties").

10.    Plaintiff alleged that, in conducting the 2018 audit, Defendant failed to meet the applicable professional standard of care and issued an audit report that improperly expressed an opinion that the Debtor's financial statements fairly presented the financial position of Debtor (*Id.* ¶ 2), and sought a money judgment for damages including the indebtedness Debtor was unable to pay while its liabilities increased and the value of its assets decreased.

11.    The Liquidating Trustee has pursued this adversary proceeding for more than four (4) years and the parties have conducted extensive discovery, including expert discovery.

**C.    Mediation Efforts**

12.    During the course of this four-year old adversary proceeding, the Parties engaged in two separate mediation efforts, both of which were unsuccessful.

13.    In connection with expert discovery, the Parties agreed to attempt mediation for a third time following the conclusion of expert discovery.

14.     The Parties engaged in the third mediation on October 8, 2025 and through that mediation the Parties were able to successfully reach a settlement, subject to the approval of this Court (the "Settlement").

15.     As a result of the mediation and related negotiations, the Parties have determined that it is in their respective best interests to resolve the disputes between them to avoid the costs, delays and uncertainties of further litigation and enter into the Settlement Agreement, which settles and releases the claims and disputes between the Parties, all on the terms and conditions set forth in the Settlement Agreement.

16.     The pertinent terms of the Settlement Agreement, which would resolve all disputes by and among the Parties, are as follows:

i)      Defendant shall pay to the Liquidating Trustee a settlement amount, which Defendant expects to be paid by its insurers, which may allocate the settlement payment in accordance with the terms of their respective insurance policies (collectively, the "Payments");

ii)     The Parties agreed to obtain approval of the Settlement by the Bankruptcy Court ("Court Approval"). In such event, the Defendant shall use its best efforts to have the Payments made to the Liquidating Trustee by October 31, 2025, and in no event shall the Payments be made later than November 15, 2025;

iii)    Within ten (10) calendar days of the Liquidating Trustee's receipt of the Payments, the Parties shall file a stipulation dismissing the above-captioned adversary proceeding with prejudice, but the Court shall retain jurisdiction to enforce the Settlement;

iv)     Except as required by applicable fiduciary or legal reporting requirements, the terms of this Settlement shall remain confidential;

v)      The Liquidating Trustee shall not take any affirmative action to publicize this Settlement on social media or otherwise;

vi)     Other than enforcement of the Settlement, the Liquidating Trustee agrees to and shall waive any and all claims against Defendant;

vii)    Defendant agrees to and shall waive any and all claims against the Liquidating Trustee and the estate herein;

viii) The Settlement shall be binding on all Parties and their successors;

ix) The Settlement shall be memorialized and documented by a formal settlement agreement and release; and

x) The Liquidating Trustee shall use reasonable best efforts to include PNC Bank, N.A. as part of the formal settlement agreement, including a release against Defendant.

## RELIEF REQUESTED

17.    The Liquidating Trustee seeks the entry of the Proposed Order approving the Settlement Agreement.

## BASIS FOR RELIEF REQUESTED

### D.    Legal Standards for Approval of the Settlement Agreement

18.    Section 105(a) of the Bankruptcy Code provides that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).  Moreover, Bankruptcy Rule 9019 provides, in pertinent part, that "[o]n motion by the [debtor-in-possession] and after notice and a hearing, the court may approve a compromise or settlement."

19.    It has long been recognized that compromises are favored in the bankruptcy context "[t]o minimize litigation and expedite the administration of a bankruptcy estate." *Martin v. Myers* (*In re Martin*), 91 F. 3d 389, 393 (3d Cir. 1996). "The authority to approve a compromise [or] settlement is within the sound discretion of the bankruptcy court." *In re N'western Corp*., No. 03–12872 (KJC), 2008 WL 2704341, at *6 (Bankr. D. Del. Jul. 10, 2008) (quoting *Key3media Grp., Inc. v. Pulver.com, Inc.* (*In re Key3media Grp., Inc.*), 336 B.R. 87, 92 (Bankr. D. Del. 2005) ("In exercising this discretion, the bankruptcy court must determine whether the compromise is fair, reasonable, and in the best interests of the estate")).

20.      When determining whether a settlement is fair and reasonable under Bankruptcy

Rule 9019, courts in the Third Circuit consider the following factors (the "Martin Factors"):

     a)      the probability of success in litigation;

     b)      the likely difficulties of collection;

     c)      the complexity of the litigation involved and the expense, inconvenience
             and delay necessarily attending it; and

     d)      the paramount interest of the creditors.

*See Martin,* 91 F. 3d at 393; *Will v. N'western Univ. (In re Nutraquest, Inc.)*, 434 F.3d 639, 644

(3d Cir. 2006); *see also In re Marvel Entm't Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (in

applying Bankruptcy Rule 9019(a), whether a court should approve a settlement depends on

several factors, including the probability of success in the litigation, the complexity of the

litigation, the attendant expense and delay, and the interests of the creditors); *In re Geller*, 74 B.R.

685, 688 (Bankr. E.D. Pa. 1987) (a settlement will generally be approved as long as it clears a

threshold of reasonableness); *Official Unsecured Creditors' Committee v. Pa. Truck Lines, Inc.*

*(In re Pa. Truck Lines, Inc.)*, 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd* 8 F.3d 812 (3d Cir. 1993)

(settlement must not fall below the lowest level in the range of reasonableness).

21.      Although bankruptcy courts are directed to determine whether settlements are in

the "best interests of the estate," *In re Energy Coop., Inc.*, 886 F. 2d 921, 927 (7th Cir. 1989), the

bankruptcy court should not substitute its judgment for that of a debtor in possession.  *See*

*Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F. 2d 1303, 1311 (5th Cir. 1985); *In re Curlew*

*Valley Assocs.*, 14 B.R. 506, 511-13 (Bankr. D. Utah 1981).  Indeed, the bankruptcy court is not

to decide the numerous questions of law or fact raised in the litigation, but rather should canvass

the issues to determine whether the settlement falls within the range of reasonableness.  See *In re*

*Penn Trans. Co.*, 596 F. 2d 1102, 1114 (3d Cir. 1979); *Cosoff v. Rodman (In re W.T. Grant Co.)*,

699 F. 2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 822 (1983); *In re Coram Healthcare Corp.*, 315 B.R. 321, 330 (Bankr. D. Del. 2004) ("[I]n approving a settlement, the court does not have to be convinced that the settlement is the best possible compromise . . . [it] must only conclude that the compromise or settlement . . . be above the lowest point in the range of reasonableness") (internal quotation and citations omitted).

22.     The weight of the Martin Factors heavily favors approval of the Settlement Agreement, which was the result of arms'-length negotiations by and among Parties through mediation.

23.     This adversary proceeding has been pending for more than four (4) years and the Parties have expended significant time, money and efforts litigating complex issues of auditing malpractice.  This adversary proceeding also raises complex issues of potential liability, causation and damages.  The resolution of the Liquidating Trustee's disputes in the adversary proceeding will allow the Liquidating Trust to provide additional recoveries to creditors in these cases and put an end to years of litigation and further incurrence of fees and expenses for all Parties involved. Rather than face the risk of further litigating a panoply of issues with the Defendant through trial, and the attendant and significant time and expense that would be incurred absent a settlement, the Liquidating Trustee has decided to enter into the Settlement Agreement which, as outlined above, is fair and reasonable under the circumstances and provides significant benefits to the Liquidating Trust, its estate, and all of its economic stakeholders to provide for payments to creditors consistent with the terms of the Plan confirmed in these cases. This is also the last significant asset in these cases and the resolution of this adversary proceeding will allow for the closure of these bankruptcy cases and final distributions to creditors herein.

24.     For these reasons, the Liquidating Trustee submits that the proposed Settlement
Agreement reflects the sound exercise of the Liquidating Trustee's business judgment, is in the
best interests of the estate and creditors and falls well above the lowest point in the range of
reasonableness.  Accordingly, the Liquidating Trustee respectfully requests that the Court approve
the Settlement Agreement and authorize the Liquidating Trust to consummate same.

## NO PRIOR REQUEST

25.     No previous motion for the relief sought herein has been made to this or to any
other court.

## NOTICE

26.     Notice of this Motion has been given to (i) the Office of the United States Trustee;
(ii) all known creditors; (iii) the Adversary Proceeding Defendant; and (v) those parties who have
filed a notice of appearance and request for service of pleadings in this Chapter 11 Case pursuant
to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Liquidating Trustee
submits that no additional notice is required.

## CONCLUSION

**WHEREFORE**, the Liquidating Trustee respectfully requests entry of an Order,
substantially in the form attached as **Exhibit A** hereto, granting the relief requested and such other
relief as is appropriate.

Dated:  October 21, 2025

**SILLS CUMMIS & GROSS P.C.**

*/s/ Andrew Sherman* _____
Andrew Sherman, Esq.
Boris Mankovetskiy, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(973) 643-6500 (Facsimile)
asherman@sillscummis.com

*Counsel to the Liquidating Trustee*

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

| | |
|---|---|
| In re:<br><br>HOLLISTER CONSTRUCTION SERVICES, LLC,<br><br>      Debtor. | Chapter 11<br><br><br>Case 19-27439 (CMG) |
| In re:<br><br>BAK ADVISORS, LLC, as Liquidating Trustee of<br>Hollister Construction Liquidating Trust,<br>      Plaintiff,<br><br>v.<br><br>SAX LLP,<br>      Defendant. | Adv. Pro. No. 21-01358 (CMG) |

### ORDER GRANTING LIQUIDATING TRUSTEE'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE TO APPROVE SETTLEMENT AGREEMENT

The relief set forth on the following pages, numbered two (2) through and including three (3), is hereby **ORDERED**.

Upon the motion (the "**Motion**")[2] of the above-captioned liquidating trustee's (the "**Liquidating Trustee**") for entry of an order (this "**Order**") granting the Liquidating Trustee's Motion for Entry of an Order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure to Approve a Settlement Agreement , as more ful1ly set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, as amended on September 18, 2012 (Simandle, C.J.); and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Liquidating Trustee's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      Pursuant to Bankruptcy Rule 9019, the Settlement Agreement attached as **Exhibit B** to the Motion is reasonable and appropriate, the Liquidating Trustee's entry into the Settlement Agreement is approved, the Settlement Agreement is approved, the provisions of the Settlement Agreement shall be effective in accordance with its terms, and the Liquidating Trustee and the Adversary Proceeding Defendants are authorized and directed to perform under the Settlement

---

[2] Capitalized terms not otherwise defined shall have the meanings ascribed to them in the Motion.

Agreement.  By this reference, the terms of the Settlement Agreement are incorporated herein as

part of this Order.  The Liquidating Trustee shall not be required to obtain further relief or any

additional orders from the Court when performing under the Settlement Agreement.

       3.      The Liquidating Trustee is authorized to take all actions necessary to effectuate the

relief granted in this Order.

       4.      Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy

Rules or the Local Rules, this Order shall be deemed immediately effective upon its entry.

       5.      The Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

**Exhibit B**

**Exhibit B**

SILLS CUMMIS & GROSS P.C.
Andrew Sherman, Esq.
Boris Mankovetskiy, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(973) 643-6500 (Facsimile)
asherman@sillscummis.com
bmankovetskiy@sillscummis.com

*Counsel to the Liquidating Trustee*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| HOLLISTER CONSTRUCTION SERVICES, LLC, | Case No. 19-27439 (CMG) |
| Debtors. | |
| | |
| BAK ADVISORS, LLC, as Liquidating Trustee of Hollister Construction Liquidating Trust, | |
| Plaintiff, | Adv. Pro. No. 21-01358 (CMG) |
| v. | **Hearing Date: October 28, 2025 at 2:00pm (ET)** |
| SAX LLP, | |
| Defendant. | |

## LIQUIDATING TRUSTEE'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING REQUEST TO FILE SETTLEMENT AGREEMENT UNDER SEAL

BAK Advisors, Inc., the Liquidating Trustee of Hollister Construction Liquidating Trust

(the "Liquidating Trustee"), submits this motion (the "Motion") for entry of an Order, substantially

in the form attached as **Exhibit A**, authorizing the Liquidating Trustee to file under seal portions

of the Settlement Agreement (the "<u>Settlement Agreement</u>") containing sensitive information.  In

support of this Motion, the Liquidating Trustee submits as follows.

### Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of New Jersey (the "<u>Court</u>")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of

Reference to the Bankruptcy Court Under Title 11, entered on July 23, 1984, and amended on June

6, 2025 (Bumb, C.J.). The Liquidating Trustee confirms his consent to the Court entering a final

Order in connection with this Motion to Seal to the extent that it is later determined that the Court,

absent consent of the parties, cannot enter final orders or judgments in connection herewith

consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a) and 107(b) of Title 11

of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 9018 of the Federal Rules of Bankruptcy

Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 9013–1 and 9018–1 of the Local Bankruptcy Rules

for the District of New Jersey (the "<u>Local Rules</u>").

### Background

4.      On September 11, 2019 (the "<u>Petition Date</u>"), the Debtor commenced the Chapter

11 case in the Court.

5.      On April 16, 2021, the Court entered an Order confirming the Plan of Liquidation

[Docket No. 1769]. Pursuant to the Plan, the assets and substantially all Causes of Action (as

defined in the Plan) of the Debtor were transferred to and vested in the Liquidating Trust, and the

Liquidating Trustee was appointed as trustee of the Liquidating Trust and Debtor Representative.

6.      Additional details regarding the Debtor's business, the facts and circumstances leading up to the filing of the Chapter 11 Case and supporting the relief requested herein are set forth in the *Declaration of Brendan Murray in Support of First Day Relief*. [Docket No. 15].

7.      On September 3, 2021, the Liquidating Trustee filed an adversary proceeding, on behalf of the Liquidating Trust, against Defendant Sax LLP (the "<u>Defendant</u>" and, together with the Liquidating Trustee, the "<u>Parties</u>").

8.      Since the Effective Date, the Liquidating Trustee has worked diligently to administer the Liquidating Trust and effectuate the Plan, including by, *inter alia*: (a) reconciling, objecting to, and resolving claims against the Debtors and their estates; and (b) investigating, prosecuting, and resolving estate causes of action to supplement funds available for distribution to general unsecured creditors.

## The Settlement Agreement

9.      On October 8, 2025, Parties agreed to terms to resolve this adversary proceeding during a mediation and thereafter entered into a settlement agreement to memorialize the terms of the settlement, subject to the approval of this Court (the "<u>Settlement Agreement</u>").  The terms of the settlement reached at mediation require that the settlement amount be held confidential.

## Relief Requested

10.      By this Motion to Seal, the Liquidating Trustee requests entry of the Order authorizing the Liquidating Trustee to file the Settlement Agreement under seal as the Parties agreed to maintain the confidentiality of the settlement amount.

## Basis for Relief

11.      Section 105(a) of the Bankruptcy Code codifies the inherent equitable powers of the bankruptcy court and empowers the bankruptcy court to "issue any order, process, or judgment

that is necessary or appropriate to carry out the provisions of this title." Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential commercial information. This section provides, in relevant part: "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may— protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1).

12.    Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code. Bankruptcy Rule 9018 provides, in relevant part, that on motion "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . ." Fed. R. Bankr. P. 9018.

13.    Commercial information is information which would result in "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *Alterra Healthcare Corp.*, 353 B.R. at 75. Commercial information need not rise to the level of a "trade secret" to be protected under section 107(b) of the Bankruptcy Code. *In re Orion Pictures*, 21 F.3d 24, 28 (2d Cir. 1994). Rather, protections under section 107(b) of the Bankruptcy Code extend to commercial information that "is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors." *Alterra Healthcare Corp.*, 353 B.R. at 76 (internal quotations and citations omitted). Once a court determines that a party in interest is seeking to protect "commercial information," the court "is *required* to protect a requesting interested party and has no discretion to deny the application." *Orion Pictures*, 21 F.3d at 27.

14.     Sections 105(a) and 107(b), Bankruptcy Rule 9018, and Local Rule 9018–1 authorize this Court to limit public access under the circumstances present in this matter. *See In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005).

15.     Here, certain portions of the Settlement Agreement must be kept confidential, under seal pursuant to terms of the Parties' agreement. The confidential information referenced in the Settlement Agreement relates to the resolution reached at mediation.

16.     Courts in this Circuit and elsewhere have granted requests to file information under seal where such information, as here, was subject to a non-disclosure agreement or protective order. *See, e.g.*, *City of Sterling Heights Gen. Emps.' Ret. Sys. v. Prudential Fin., Inc.*, No. 2:12-cv-05275 (MCA) (LDW), 2016 WL 234838, at *2-4 (D.N.J. Jan. 19, 2016) (granting motions to seal exhibits, citing the application of non-disclosure agreements to the documents as one factor); *Ramirez v. Temin & Co., Inc.*, No. 20 Civ. 6258 (ER), 2020 WL 6781222, at *4 (S.D.N.Y. Nov. 18, 2020) ("When a document is protected by a non-disclosure agreement, it will serve as an additional, although not dispositive, factor in determining whether the document contains confidential information or a trade secret and therefore should be sealed.").

## Waiver of Memorandum of Law

17.     The Liquidating Trustee respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Liquidating Trustee relies is set forth herein and the Motion to Seal does not raise any novel issues of law.

## No Prior Request

18.     No prior request for the relief sought in this Motion to Seal has been made to this Court or any other court.

**Notice**

19.    The Liquidating Trustee will provide notice of this Motion to Seal to the following parties and/or their respective counsel, as applicable: Notice of this Motion has been given to (i) the Office of the United States Trustee; (ii) all known creditors; (iii) the Adversary Proceeding Defendant; and (v) those parties who have filed a notice of appearance and request for service of pleadings in this Chapter 11 Case pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Liquidating Trustee submits that no additional notice is required.

**Conclusion**

WHEREFORE, the Liquidating Trustee respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as is just and proper.

Dated: October 21, 2025             **SILLS CUMMIS & GROSS P.C.**

/s/*Andrew Sherman*
Andrew Sherman, Esq.
Boris Mankovetskiy, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(973) 643-6500 (Facsimile)
asherman@sillscummis.com

*Counsel to the Liquidating Trustee*

**Exhibit A**

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY **Caption in Compliance with D.N.J. LBR 9004-1** | |
|---|---|
| In re: <br><br> HOLLISTER CONSTRUCTION SERVICES, LLC, <br><br> Debtor. | Chapter 11 <br><br> Case 19-27439 (CMG) |
| In re: <br><br> BAK ADVISORS, LLC, as Liquidating Trustee of Hollister Construction Liquidating Trust, <br><br> Plaintiff, <br><br> v. <br><br> SAX LLP, <br><br> Defendant. | Adv. Pro. No. 21-01358 (CMG) |

## ORDER GRANTING LIQUIDATING TRUSTEE'S MOTION TO FILE SETTLEMENT AGREEMENT UNDER SEAL

The relief set forth on the following pages, numbered two (2) through and including three (3), is

hereby **ORDERED**.

Upon the motion (the "Motion")[1] of the above-captioned liquidating trustee's (the "Liquidating Trustee") for entry of an order (this "Order") authorizing the Liquidating Trustee to file under seal portions of the Settlement Agreement containing sensitive information, as more fu11ly set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, as amended on September 18, 2012 (Simandle, C.J.); and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Liquidating Trustee's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      Pursuant to sections 105(a) and 107(c) of the Bankruptcy Code, the Liquidating Trustee is authorized to seal those portions of the Settlement Agreement that contain sensitive information.

3.      The sealed portion of the Settlement Agreement, containing sensitive information, shall not be made available to anyone, except that copies shall be provided to this Court, the U.S. Trustee, counsel to the Unsecured Creditors Committee, Adversary Proceeding Defendant, and others upon further Court order.

---

[1] Capitalized terms not otherwise defined shall have the meanings ascribed to them in the Motion.

4.      This Court will, and each other party receiving an unsealed copy of the Settlement Agreement shall, keep such information confidential.

5.      To the extent any party provided with an unsealed copy of the Settlement Agreement files any responsive pleadings, such party shall redact from its pleadings any confidential information including the settlement amount.

6.      Any party may move for the modification of this Order in accordance with Local Rule 9013-5(e).

7.      The terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

8.      The Liquidating Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order.

9.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Exhibit C**

**SILLS CUMMIS & GROSS P.C.**
Andrew Sherman, Esq.
Boris Mankovetskiy, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(973) 643-6500 (Facsimile)
asherman@sillscummis.com
bmankovetskiy@sillscummis.com

*Counsel to the Liquidating Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re:<br><br>HOLLISTER CONSTRUCTION SERVICES, LLC,<br><br>                Debtor. | Chapter 11<br><br>Case No. 19-27439 (CMG) |
| BAK ADVISORS, LLC, as Liquidating Trustee of<br>Hollister Construction Liquidating Trust,<br><br>                Plaintiff,<br><br>v.<br><br>SAX LLP,<br><br>                Defendant. | Adv. Pro. No. 21-01358 (CMG) |

**APPLICATION FOR AN ORDER SHORTENING TIME**

BAK Advisors, Inc., the Liquidating Trustee (the "Liquidating Trustee") for the Hollister

Construction Liquidating Trust, by and through its counsel, Sills Cummis & Gross P.C., and Sax

LLP (the "Defendant"), by and through its counsel, Goldberg Segalla LLP, submit this application

(the "Application") for entry of an Order shortening the time period for notice under Rule

9006(c)(1) with respect to the *Liquidating Trustee's Motion to Approve Settlement Compromise and Motion to Seal* (the "Motions"), filed at Docket Nos. 96 and 97. In support of this Application, the Liquidating Trustee respectfully states as follows:

## JURISDICTION, VENUE, AND STATUTORY PREDICATES

1.      This Court has jurisdiction over this Application and the Motions pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11, entered on July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.).

2.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.      Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

4.      The statutory predicates for the relief requested in this Application and the Motions are sections 105(a), 363, 503(b) and 507(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 9006 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and D.N.J. Local Bankruptcy Rule 9013-2.

5.      The Liquidating Trustee consents to the entry of a final Order on this Application by this Court if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

## BACKGROUND

6.      On September 11, 2019 (the "Petition Date"), the above-captioned Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby initiating the above-captioned Chapter 11 case (the "Chapter 11 Case").

7.      Additional details regarding the Debtor's business, the facts and circumstances leading up to the filing of the Chapter 11 Case and supporting the relief requested in the Motion are set forth in the *Declaration of Brendan Murray in Support of First Day Relief* [Docket No. 15].

8.      On April 16, 2021, the Court entered an Order confirming the Plan of Liquidation
[Docket No. 1769]. Pursuant to the Plan, the assets and substantially all Causes of Action (as
defined in the Plan) of the Debtor were transferred to and vested in the Liquidating Trust, and the
Liquidating Trustee was appointed as trustee of the Liquidating Trust and Debtor Representative.

## **GOOD CAUSE EXISTS TO SHORTEN TIME**

9.      The regular notice period applicable to motions in this Court is 21 days. However,
Bankruptcy Rule 9006(c) and Local Rule 9013-2(c) authorize the Court to shorten the notice
period and limit notice on motions for cause shown. The Liquidating Trustee requests the Court
schedule a hearing on the Motions for **October 28, 2025 at 2:00pm**, at which time other matters
in this case are scheduled to be heard.

10.      The Liquidating Trustee respectfully submits that good cause exists to shorten the
time of the Motions. By the Motion, the Liquidating Trustee seeks the entry of an Order approving
a compromise. Shortened notice is needed to allow for expedited payment of the settlement
proceeds, which are then to be distributed by the Liquidating Trustee.

11.      Reducing the time period in question is not prohibited under Bankruptcy Rule
9006(c)(2) or the rules listed therein.

**WHEREFORE**, the Liquidating Trustee requests entry of the Order submitted herewith
shortening the time for a hearing on the Motions, setting a hearing on the Motions for **October 28,
2025 at 2:00pm** and granting such other and further relief as the Court deems just and proper.

SILLS CUMMIS & GROSS P.C.
Andrew Sherman, Esq.
Boris Mankovetskiy, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(973) 643-6500 (Facsimile)
asherman@sillscummis.com
bmankovetskiy@sillscummis.com

*Counsel to the Liquidating Trustee*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>HOLLISTER CONSTRUCTION SERVICES, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-27439 (CMG) |
| BAK ADVISORS, LLC, as Liquidating Trustee of<br>Hollister Construction Liquidating Trust,<br><br>Plaintiff,<br><br>v.<br><br>SAX LLP,<br><br>Defendant. | Adv. Pro. No. 21-01358 (CMG) |

## <u>ORDER SHORTENING TIME PERIOD FOR SETTING HEARING</u>

The relief set forth on the following pages, number two (2) through and including three

(3) is, hereby **ORDERED**.

After review of the Application of the above-referenced Liquidating Trustee for Hollister Construction Liquidating Trust for the reduction of time for hearings on the *Liquidating Trustee's Motion to Approve Compromise and Motion to Seal* (the "Motions"), under Fed. R. Bankr. P. 9006(c)(1), it is

**ORDERED** as follows:

1.      A hearing shall be conducted on the Motion on **October 28, 2025 at 2:00pm (ET)** at the United States Bankruptcy Court for the District of New Jersey, 402 East State Street, Second Floor, Courtroom No. 8, Trenton, New Jersey 08608.

2.      The Applicant must serve a copy of this Order, the Motion and all related documents, on the following parties: (i) U.S. Trustee; (2) all interested parties by each, any of the following methods selected by the Court:

☐      fax,                    ☐      overnight mail,

☐      email,                  ☐      hand delivery

☐      regular mail,

3.      The Applicant must also serve a copy of this Order, the Motion and all related documents on the following parties: U.S. Trustee, All Adversary Defendants and Insurers, and all parties on the Rule 2002 service list by ☐ each, ☐ any of the following methods selected by the Court:

☐      fax,                    ☐      overnight mail,

☐      email,                  ☐      hand delivery

☐      regular mail,

2

4.      Service must be made:

    ☐      on the same day as the date of this Order, or

    ☐      within _____ day(s) of the date of this Order.

5.      Notice by telephone:

    ☐      is not required

    ☐      must be provided to

    ☐      on the same day as the date of this Order; or

    ☐      within _____ days(s) of the date of this Order.

6.      A *Certificate of Service* must be filed prior to the hearing date.

7.      Any objection to the Motion identified above:

    ☐      must be filed with the Court and served on all parties in interest by electronic or overnight mail by no later than _____ at _____ a.m./p.m.; or

    ☐      may be presented orally at the hearing.

    ☐      Parties may request to appear by phone by contacting Chambers prior to the return date.

    ☐      Parties may request to appear by phone by contacting Chambers prior to the return date.

3

**Exhibit D**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

Order Filed on October 22, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Adv. No.:    21-01358-CMG

Case No.:    19-27439-CMG

Chapter:    11

Judge:    Christine M. Gravelle

In Re:

BAK Advisors, LLC as the Liquidating Trustee of
Hollister Construction Liquidating Trust
v.
Sax LLP

**ORDER SHORTENING TIME PERIOD FOR NOTICE,
SETTING HEARING AND LIMITING NOTICE**

The relief set forth on the following pages, numbered two (2) and three (3), is hereby **ORDERED**.

**DATED: October 22, 2025**

Honorable Christine M. Gravelle, Chief Judge
United States Bankruptcy Judge

After review of the application of _____ Plaintiff BAK Advisors, LLC _____ for a reduction of

time for a hearing on _____ Motion to Approve Compromise or Settlement under Rule 9019 and

Motion to Seal re: Settlement Agreement _____ under Fed. R. Bankr. P. 9006(c)(1), it is

ORDERED as follows:

1. A hearing will be conducted on the matter on _____ October 28, 2025 _____ at _2:00PM____ in

the United States Bankruptcy Court,  via Zoom (see paragraph 9)

Courtroom No. _3_____ .

2. The Applicant must serve a copy of this Order, and all related documents, on the following parties:

U.S. Trustee, All Adversary Defendants and Insurers, All Parties on the Rule 2002 Service List, and All

Interested Parties _____

by ☒ each, ❑ any of the following methods selected by the Court:

❑ fax, ☒ overnight mail, ❑ regular mail, ☒ email, ❑ hand delivery.

3. The Applicant must also serve a copy of this Order, and all related documents, on the following parties:

_____

_____

by ❑ each, ❑ any of the following methods selected by the Court:

❑ fax, ❑ overnight mail, ❑ regular mail, ❑ email, ❑ hand delivery.

4. Service must be made:

☒ on the same day as the date of this order, or

❑ within _____ day(s) of the date of this Order.

5. Notice by telephone:

☒ is not required

❑ must be provided to _____

❑ on the same day as the date of this Order, or

❑ within _____ day(s) of the date of this Order.

2

6. A *Certification of Service* must be filed prior to the hearing date.

7. Any objections to said motion/application identified above:

❑ must be filed with the Court and served on all parties in interest by electronic or overnight mail

_____ day(s) prior to the scheduled hearing; or

☒ may be presented orally at the hearing.

8. ☒ Court appearances are required to prosecute said motion/application and any objections.

❑ Parties may request to appear by phone by contacting Chambers prior to the return date.

9. ☒ The hearing will be conducted via Zoom using the Judge's standard Zoom link for remote appearances, which can be found on the Judge's page on the Court's website: https://www.njb.uscourts.gov/

❑ The hearing will be conducted via a specialized Zoom link. See instructions below:

*rev.5/19/2025*