COHN LIFLAND PEARLMAN
 HERRMANN & KNOPF LLP
Mercedes Diego, Esq., 006521999
Park 80 West, Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, New Jersey 07663
201/845.9600, ext. 151
md@njlawfirm.com
Attorneys for Pereira Electrical Contracting, Inc.
File No.:  37,010-62

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
(Trenton Vicinage)

| | |
|---|---|
| IN RE: ) | CASE NO.: 19-27439 (CMG) |
| HOLLISTER CONSTRUCTION ) | CHAPTER 11 |
| SERVICES LLC, ) | JUDGE CHRISTINE M. GRAVELLE |
| ) | |
| Debtor. ) | |
| ) | HEARING DATE AND TIME: |
| PEREIRA ELECTRICAL ) | NOVEMBER 25, 2025 AT 10:00AM |
| CONTRACTING, INC., ) | |
| ) | |
| Movant. ) | |
| ) | |
| v. ) | |
| ) | |
| HOLLISTER CONSTRUCTION ) | |
| SERVICES LLC; ACCORDIA ) | |
| HARRISON URBAN RENEWAL, LLC; ) | |
| LIQUIDATING TRUSTEE; AND ) | |
| ESCROW AGENT, ) | |
| Respondents. ) | |

**<u>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF PEREIRA ELECTRICAL CONTRACTING, INC.'S TO COMPEL DEBTOR, PROJECT OWNER, LIQUIDATING TRUSTEE AND ESCROW AGENT TO MAKE PAYMENT TO PEREIRA ELECTRICAL CONTRACTING, INC. PURSUAN TO 11 USC §105</u>**

Pereira Electrical Contracting, Inc., by and through its attorneys, COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP, Mercedes Diego, Esq. appearing, files this

Memorandum of Law in support of the Motion requesting that this Court compel Debtor, Project Owner, Liquidating Trustee and Escrow Agent to make payment to Pereira Electrical Contracting, Inc. pursuant to 11 USC §105, stating the following:

## JURSDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 USC §§ 157 and 1334. This matter is a core proceeding pursuant to 28 USC § 157(b)(2)(A) and (B).

2. Venue of this proceeding and this Motion is proper pursuant to 28 USC §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein is § 105(a) of the Bankruptcy Code.

## BACKGROUND

4. On September 11, 2019 (the "Petition Date"), Hollister Construction Services, LLC ("Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), thereby initiating the above captioned Chapter 11 case (the "Chapter 11 Case").

5. The Debtor continues to operate and manage its business as a debtor in possession in accordance with §§ 1107 and 1108 of the Bankruptcy Code.

6. On September 23, 2019, the Office of the United States Trustee appointed an official committee of unsecured creditors in this Chapter 11 Case.

7. Accordia Harrison Urban Renewal, LLC ("Accordia" or "Owner") owns certain real property located at the premises described as Block 133, Lot 1.03, on the tax map of Harrison, County of Hudson and State of New Jersey located at 700 Frank E. Rogers Boulevard, Harrison, New Jersey (the "HUB Property").

8. The Debtor and Owner are parties to certain contract documents dated as of November 20, 2017, including, without limitation, certain AIA Documents, A201 and A101 and all exhibits, annexed thereto, and all subsequent riders, modifications and change order (collectively, the "Contract") relating to the construction project described as HUB at Harrison (mixed use – commercial retail and residential rental apartments) (the "HUB Project") located on the HUB Property.

9. In connection with the HUB Project, that certain Subcontract and Purchase Order (the "PECI Subcontract") was entered into by and between the Debtor, as general contractor, and Movant, as subcontractor, for Movant to perform certain construction services and work and to provide certain materials, goods and/or equipment on the HUB Project.

10. Pursuant to the Debtor's Plan of Liquidation (Docket No.: 1703)("Plan") approved by this Honorable Court's Order dated April 16, 2021 (Docket No.: 1769), SM Financial Services Corp. was appointed as escrow agent ("Escrow Agent") under and pursuant to that certain Escrow Agreement dated November 9, 2019, to administer the Escrow Account maintained at PNC Bank and ending in No. 8424, established for deposit of proceeds for payment of the Subcontractors on the so-called "Go Forward Projects," including the HUB Project.

11. Pursuant to the Debtor's Plan and that certain Liquidating Trust Agreement, BAK Advisors, LLC and Bernard Katz were appointed Liquidating Trustee, Pursuant to Schedule C to Debtor's Plan, entitled "Statement Regarding Project Completion": "[w]hile the Liquidating Trustee will have no day to day responsibility for the completion of the {HUB Project}, the Liquidating Trustee will periodically consult with {Debtor's former managers and employees] as to the status of the Go-Forward Project Settlements to ensure that the Projects are completed and the owners make timely payments pursuant to the settlement agreement for each of these Projects."

12. On December 13, 2019, the Debtor filed a Motion for Entry of One or More Orders Approving Various Settlements and Compromises by and among the Debtor, Project Owners, and Certain Subcontractors pursuant to Fed. R. Bankr. P. 9019 and Granting Related Relief (the "Settlement Motion") (Docket No.: 649).

13. On February 5, 2020, the Bankruptcy Court entered an Order granting Debtor's Motion to Approve of a Settlement Agreement by and between Hollister Construction Services, LLC, Accordia Harrison Urban Renewal, LLC and Certain Subcontractors (the "Order") (Docket No. 899), therein approving the Settlement Agreement by and between the Debtor, the Ower and Certain Subcontractors (the "Settlement Agreement")(Docket No. 897).

14. The Owner has consented to the jurisdiction of this Court.  In this regard, and per the express terms of the Settlement Agreement, the Parties (including the Owner), specifically consented to the Bankruptcy Court's jurisdiction to adjudicate any dispute or claim arising from or related to the Settlement Agreement.  In addition:  a) the Owner specifically solicited the assistance of the Debtor and the various Subcontractors, including Movant, in order to have the HUB Project completed; b) the Owner signed the Settlement Agreement which contains the terms and conditions for the resumption and completion of work on the HUB Project, including assurances and timing of payment by the Owner to the Subcontractors; and c) this Honorable Court specifically approved the Settlement Agreement as set forth in the Order.

15. Movant is owned payment for Pre-Petition Work in the amount of $215,516.17, and for Post Petition Work in the amount of $30,348.95.

16. Section 6 of the Settlement Agreement pertains to payment of Subcontractors for work performed and goods provided after the Petition Date, and provides as follows:

Post Petition Work and Post-Petition Retainage shall be paid into the Escrow Account pursuant to the Contract in the ordinary course of business without any discount or reduction due

to Debtor's bankruptcy. Notwithstanding anything to the contrary in the Contract or herein, the Debtor will continue to supervise its Subcontractors on the Project through completion of same and authorizes the Owner to pay the Subcontractors through the Escrow Account the amounts due to them for services and/or goods provided after the Petition Date as necessary to complete the Project in the ordinary course of work and upon submission by the Subcontractors of all normal, customary and contractually required documentation to the Debtor and/or Owner and, if required, to obtain either a temporary or final certificate of occupancy for the Project. All such payments to the Subcontractors shall be subject to prior approval of the Debtor, which approval shall not be unreasonably withheld or delayed, and execution of a construction lien waiver by each Subcontractor. Amounts held as Post-Petition Retainage shall be held by Owner and released through the Escrow Account pursuant to the Contract in the ordinary course of business.

17. While Movant providing electrical material and labor invoiced to Debtor and the Owner in the amount of $30,348.95 on March 7, 2024 (and on several times thereafter), Movant has yet to receive payment for its Post-Petition Work (as defined in the Settlement Agreement). A copy of the email and invoices are marked as **Exhibit "A"** attached hereto and made a part hereof.

18. Section 7 of the Settlement Agreement relates to payment for Pre-Petition Work, and provides, in pertinent part, as follows:

> No later than five (5) business days after completion of Project in accordance with the terms of the Contract as modified herein, the Owner will deposit into the Escrow Account an amount representing the sum of 50% of the remaining 75% amount due for the Pre-Petition Work. Within seven (7) business days of completion of the Project in accordance with the terms of the Contract as modified herein, and the Subcontractors providing all required closeout documentation, including construction lien waivers for wall work, the Escrow Agent shall release the remaining fifty percent (50%) balance of the Additional Payment that is attributable to the Subcontractors, for payment to the Subcontractors in the amounts set forth in Exhibit A hereto, for application to the balance, if any, due to each Subcontractor on account of its prepetition claim for Pre-Petition Work (the "Final Payment"). Said Final Payment will be paid directly to the individual Subcontractors by the Escrow Agent from the Escrow Account in the amounts set forth on Exhibit A.   See Settlement Agreement at § 7.

19. Movant has yet to receive payment in the amount of $215,516.17 for its Pre-Petition Work (as defined in the Settlement Agreement).

20. Movant has requested payment for its Post-Petition Work in the amount of $30,348.95 and its Pre-Petition Work in the agreed amount of $215,516.17, pursuant to the terms of the Settlement Agreement.

21. The Debtor and the Owner have defaulted under the terms of the Order, Settlement Agreement and Subcontract by their failure to pay the Movant in the amount of $30,348.95 for its Post-Petition Work and $215,516.17 for its Pre-Petition Work, due under the Order, Settlement Agreement and Subcontract for the work performed and goods and materials sold, delivered and provided by Movant on the HUB Project. As of the date of this Motion, neither the Debtor nor the Owner have taken any steps to cure the payment default. As such, the Debtor and the Owner have defaulted under the Order, Settlement Agreement and Subcontract.

**RELIEF REQUESTED**

22. Section 105(a) of the Bankruptcy Code provides, in pertinent part, as follows: "[t]he Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 USC § 105(b).

23. The labor, as well as the goods and materials that were sold, delivered and provided by Movant on the HUB Project were at the request of the Debtor and Owner. The labor, goods and materials provided by Movant on the HUD Project benefited the Debtor, its estate and creditors. The Debtor and Owner have defaulted under the terms of the Order, Settlement Agreement and Subcontract by their failure to pay the Movant in the amount of $30,348.95 for its Post-Petition Work and $215,516.17 for its Pre-Petition Work, due under the Order, Settlement Agreement and Subcontract for the work performed and the goods and materials sold, delivered and provided by Movant on the HUB Project. Movant is entitled to immediate payment in the amount of $30,348.95 for its Post-Petition Work and $215,516.17 for its Pre-Petition Work. In

order to enforce the terms of the Order and Settlement Agreement, Movant requests that the Court compel the Debtor, the Owner, the Liquidating Trustee and/or the Escrow Agent to immediately remit payment to Movant in the amount of $30,348.95 for its Post-Petition Work, and in the amount of $215,516.17 for its Pre-Petition Work and to pay Movant for all attorneys' fees and expenses incurred in filing this Motion and enforcing the Order and Settlement Agreement.

## NOTICE

24. Notice of this Motion has been given to (i) the Liquidating Trustee and its counsel; (ii) the Debtor and its counsel; (iii) the Owner, and its counsel; (iv) the Escrow Agent; (v) the Office of the United States Trustee; (vi) counsel for PNC Bank, N.A.; and (vii) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002. Movant submits that such notice is proper and adequate and no further notice is necessary or required.

## CONCLUSION

WHEREFORE, Movant, Pereira Electrical Contracting, Inc., respectfully requests that this Court enter an Order (i) granting the Motion; (ii) compelling the Debtor, the Owner, the Liquidating Trustee, and/or the Escrow Agent to make immediate payment to the Movant in the amount of $30,348.95 for its Post-Petition Work and $215,516.17 for its Pre-Petition Work; (iii) to awarding Movant for all attorney's fees and expenses incurred in filing this Motion and enforcing the Order and Settlement Agreement; and (iv) granting such other and further relief as the Court may deem appropriate.

                         COHN LIFLAND PEARLMAN
                         HERRRMANN & KNOPF LLP

                 By:  s/ Mercedes Diego
                     Mercedes Diego, Esq.
                     Attorneys for Movant

Dated: October 29, 2025                  Pereira Electrical Contracting, Inc.