| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>Mitchell Malzberg, Esq.<br>Law Offices of Mitchell J. Malzberg, LLC<br>PO Box 5122<br>6 E. Main Street, Suite 7<br>Clinton, New Jersey 08809<br>Telephone: (908) 323-2958<br>Facsimile: (908) 933-0808<br>E-Mail:mmalzberg@mjmalzberglaw.com<br>*Counsel to the Liquidating Trustee* | |
| In Re:<br><br>HOLLISTER CONSTRUCTION SERVICES, LLC[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 19-27439/CMG<br><br>Chief Judge: Honorable Christine M. Gravelle<br><br>Hearing Date: Nov. 25, 2025 @ 10 |

### OPPOSITION ON BEHALF LIQUIDATING TRUSTEE TO THE MOTION FILED BY PEREIRA ELECTRIC TO COMPEL PAYMENT AS IT RELATES TO THE ACCORDA HARRISON URBAN RENEWAL, LLC PROJECT (HUB PROJECT)

Bernard A. Katz, the Liquidating Trustee (the "Trustee" or "LT") on behalf of the Hollister Construction Liquidating Trust ("Liquidating Trust") by and through counsel, the Law Offices of Mitchell J. Malzberg, LLC, by way of objection to the motion filed by Pereira Electric to compel payment as and against the Debtor, Liquidating Trustee and Liquidating Trust pertaining to the Accordia Harrison Urban Renewal, LLC ("Accordia" or the "HUB Owner") and HUB Project hereby states as follows:

---

[1] The Debtor of this Chapter 11 case and the last four digits of its taxpayer identification number is: Hollister Construction Services, LLC (5404)

[2] Terms not otherwise defined herein shall have the meaning afforded to them in the HUB Settlement Agreement, as amended.

## JURISDICTION, VENUE, AND STATUTORY PREDICATES

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey entered on July 23, 1984, as amended on September 18, 2012 (Simandle, C.J.). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3. The LT consents to the entry of a final order on the Motion by this Court if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

## BACKGROUND

4. On September 11, 2019, (the "Petition Date") Hollister Construction Services, LLC ("Debtor or Hollister") filed a Chapter 11 Petition.

5. The Debtor's Plan was confirmed and an Order confirming the Debtor's First Amended Plan of Liquidation (Docket No. 1769) was entered on April 16, 2021. The effective date of the Plan occurred on April 30, 2021. A Liquidating Trust was formed pursuant to the confirmed Plan. BAK Advisors, Inc. was appointed as Liquidating Trustee of the Hollister Construction Liquidating Trust. The Plan did not provide for assumption of the contract between the owner, Accordia-HUB and the Debtor, Hollister or the Liquidating Trust for that matter.

6. The Debtor had operated a substantial construction management firm.

7. Additional details regarding the Debtor's business, the facts and circumstances

leading up to the filing of the Chapter 11 Case and supporting the relief requested herein are set forth in the Declaration of Brendan Murray in Support of First Day Relief. [Docket No. 15].

THE HUB PROJECT AND AMENDMENTS TO THE HUB SETTLEMENT
AGREEMENT BACKGROUND AND HISTORY

**A.     The Hub *PRIOR* Settlements**

8.     As this Court is aware, prior to confirmation, the Debtor previously reached a settlement (the "HUB Settlement") with Accordia and certain subcontractors to continue construction on, and completion of, the construction project described as the HUB at Harrison, located at 700 Frank E. Rogers Boulevard, Harrison, New Jersey (the "HUB Project").

9.     On December 13, 2019, the Debtor filed the *Debtor's Motion for Entry of One or More Orders Approving Various Settlements and Compromises by and Among the Debtor, Project Owners, and Certain Subcontractors Pursuant to Fed. R. Bankr. P. 9019 and Granting Related Relief* (the "HUB Settlement Motion") [Docket No. 649]. The HUB Settlement Motion has the pertinent exhibits attached including the Settlement Agreement between the Debtor and Accordia, as Project Owner, and certain subcontractors (the "HUB Settlement Agreement").

10.     Among other things, the HUB Settlement Agreement set forth procedures for the Debtor and subcontractors to return to work on the HUB Project, and a schedule for the proposed payment of certain pre-petition and post-petition amounts owed to the Debtor and certain subcontractors on the HUB Project from funds to be deposited by Accordia into an escrow account which was to be established pursuant to the HUB Settlement Agreement (the "Escrow Account").

11.     On February 5, 2020, the Court entered an Order approving the HUB Settlement

Motion and the HUB Settlement Agreement. [Docket No. 899].

12. Thereafter, the Debtor and Accordia entered into another amendment to the settlement, a First Amendment (hereinafter "First Amendment") and sought Bankruptcy Court approval via a motion filed on December 1, 2020. The court entered an order approving the First Amendment on or about December 4, 2020 [Docket No. 1522].

13. Following the Court's approval of the HUB Settlement Motion, the Debtor and Accordia worked diligently together to recommence the HUB Project and ensure that all terms of the HUB Settlement Agreement were met, including, but not limited to, confirming the release of all filed and asserted pre-petition construction liens filed by subcontractors on the HUB Project's real property and the funding of settlement payments as required under the HUB Settlement Agreement.

14. Additionally, to resolve several construction liens filed by subcontractors post-petition—including some who were parties to the HUB Settlement—without obtaining stay relief or Court authorization, the Debtor also filed a *Motion for Entry of an Order Determining That Certain Asserted Liens Filed Post-Petition on the HUB Project Are Void Ab Initio and Granting Related Relief* (the "HUB Liens Motion"). [*See* Docket No. 974].

15. On March 5, 2020, the Court entered an Order granting the HUB Liens Motion. [Docket No. 982].

16. After resumption of work on the HUB Project, there were disputes between the parties over the terms of the HUB Settlement Agreement and Accordia's performance thereunder. An Escrow Agent was involved pursuant to Hub Settlement Agreement to oversee the jobs and Projects who approved the bills to be paid and distribute the monies that would come in pursuant to the Project in accordance with the HUB Settlement Agreement.

The Escrow Agent pursuant to the HUB Settlement Agreement, received money in escrow and would pay from the monies the obligations of the Project including payments to subcontractors as per the HUB Settlement Agreement. The LT and or Liquidating Trust never received or paid monies as to this project on account of the Subcontractors.

17. After the Plan was confirmed, the LT did take over oversight as it related to the Trust, as to the monies due to be received by the Liquidating Trust relating to this project pursuant to the HUB Settlement Agreement on behalf pursuant to the Plan. Oversight is the Keyword; the contract was not assumed by the Trust. In light of Accordia's alleged defaults under the HUB Settlement Agreements, the LT had made the determination to file a construction lien in May 2022.

**B.** **Second Amendment to the HUB Settlement Agreement negotiated by the LT**

18. After the lien was filed, the LT negotiated a second amendment to the Contract and by way of Motion sought approval of same which was on notice to all subcontractors including the movant Pereira. That Motion was filed on or about April 28, 2023 (docket 1992). The court granted the motion, and second amendment and an Order was entered by the Court on May 22, 2023. (Docket 1999). A copy of the Second Amendment is annexed hereto as **Exhibit A** for the court's convenience. A copy of the Order approving the Second Amendment is annexed hereto as **Exhibit B**.

19. The intended purpose of the Second Amendment not only addressed the prior alleged defaults under the First Amendment, but also addressed the LT claims, owner's claims, subcontractors' claims and addressed facilitating the closeout of the project. The Second Amendment allowed the owner to release retainage to subcontractors whose work has been completed on the project. Lastly, and most importantly as it relates to the motion before the court, the Second Amendment **assigned the contract and any and all liabilities of the project to the**

**owner, Accordia (HUB) and provided for the owner, Accordia (HUB) to assume all obligations and liabilities and relieved Hollister, the Liquidating Trust and Liquidating Trustee of all obligations under the project as of the date of the Second Amendment.**

20. For the Courts convenience, the Second Amendment contained and/or amended the First Amendment as follows:

SECOND AMENDMENT

21. The balance of any amounts due to subcontractors under the Settlement Agreement as Pre-Petition Retainage shall be due within seven (7) business days of completion of a subcontractor's scope of work and the subcontractor providing all required closeout documentation, including construction lien waivers for all work. Nothing herein shall require completion of the entire HUB Project to release a specific subcontractor's Pre-Petition Retainage. Owner shall retain any amount of Pre-Petition Retainage not otherwise paid out to the subcontractors.

22. The amounts held as Post-Petition Retainage under the Settlement Agreement shall be due within seven (7) business days of completion of a subcontractor's scope of work and the subcontractor providing all required closeout documentation, including construction lien waivers for all work. Nothing herein shall require completion of the entire HUB Project to release a specific subcontractor's Post-Petition Retainage.

23. Pre-Petition Retainage and Post-Petition Retainage shall be paid simultaneously by Owner. Accordia and the LT have amended the duration of the HUB Project and increased the HUB Project budget by $1,100,000.00 to cover the additional expenses. Accordia and the LT have amended the HUB Settlement Agreement to reinforce and revise payment terms, approve additional acceleration costs and provide the Debtor, LT and Trust with indemnities against future administrative expense claims related to the HUB Project.

    A. <u>Assignment and Assumption</u>. The Second Amendment executed and contained an Assignment and Assumption Agreement ("Assignment and Assumption

Agreement"). As set forth in the Assignment and Assumption Agreement, the Owner has taken an assignment of all active subcontracts for the HUB Project ("Assigned subcontracts"). Pursuant to the Assignment and Assumption Agreement, the Owner shall continue completion of the HUB Project pursuant to the Contract and the Assigned Subcontracts directly <u>without any further involvement of Hollister and the Liquidating Trust.</u>

   B. <u>Payment to Subcontractors for Work To Be Performed or Goods To Be Provided.</u> Notwithstanding anything to the contrary in the Contract, the Settlement Agreement, the First Amendment and Second Amendment or herein, Owner assumed all construction supervisory responsibilities under the Contract as of the date of this Agreement. The owner was assigned and assumed all liabilities, obligations and the payments to subcontractors under the Assigned Subcontracts, or the Settlement Agreement as amended and assigned. Pursuant to said amendment and assignment, the Owner was and is liable and shall pay in the ordinary course any and all of liabilities in accordance with the terms of the Assigned Subcontracts, and/or the Settlement Agreement as amended.

24. In other words, based on the above, this Court entered an Order assuming and assigning all the remaining contract obligations to the Owner. The Owner Accordia -HUB is solely liable to Pereira and all other subcontractors and no other Party not the LT or Liquidating Trust or Escrow Agent.

25. For some reason, in its motion to compel, counsel for Pereira fails to mention or include any recitation in the movant's Background statements concerning the crucial and relevant terms of the Second Amendment and Order of this Court.

## **OBJECTION TO RELIEF SOUGHT BY MOVANT PEREIRA**

26. The Second Amendment **assigned the contract and any and all liabilities of the**

**Project to the Owner, Accordia (HUB) and provided for the Owner, Accordia (HUB) to assume all obligations and liabilities. The Second Amendment relieved Hollister, the Liquidating Trust and Liquidating Trustee of all obligations under the Project as of the date of the Second Amendment.**

27. On behalf of the Trust, the liquidating Trustee (and for that matter, to the extent the movant seeks relief against the prior Debtor or the escrow agent) opposes any relief directed at the Debtor, Liquidating Trust, and Liquidating Trustee or escrow agent. The Liquidating Trust and Trustee is not responsible or liable in any way for the payment to Pereira in light of the Second Amendment and this Court's Order of May 22, 2023. The May 22, 2023 Order was binding on all subcontractors and movant Pereira was a subcontractor. In sum, the owner, Accordia-HUB is solely responsible to Periera for the payment obligations. The Liquidating Trustee and Liquidating Trust are not responsible or liable to pay Pereira.

28. While the Liquidating Trustee understandably recognizes the frustration of Pereira, and other subcontractors, the only party that is liable for the Payment is Accordia - HUB. The Second Amendment is clear as well as this Courts Order which was on notice to Pereria.

29. Initially, this court should compel the owner, Accordia- HUB to appear before the court. If the owner, Accordia HUB does not file a responsive pleading or appear, the court should compel its appearance to answer to this Court and Pereira.

30. The Liquidating Trustee assumed and assigned all rights, liabilities and obligations under the project to the Owner Accordia-HUB. As outlined above, the motion approving the Second Amendment and the Order (Docket 1992 and 1999) assumed and assigned all rights, liabilities and obligations. Pursuant to the Second Amendment and Assignment and Assumption Agreement, the Liquidating Trustee was released from all claims

and liabilities. The Owner assumed all subcontractor liabilities. The Liquidating Trustee and Trust is to be indemnified by the owner by the Second Amendment and Assignment from any and all claims and liabilities as well. The court retained jurisdiction over the owner, Accordia-HUB. The Owner, Accordia-HUB is solely liable to Pereira. The Liquidating Trust, Liquidating Trustee, Debtor or for that matter the escrow agent have no liability to Pereira.

31.    The Liquidating Trustee supports this Court granting relief on behalf of Pereira compelling the payment to be made but again, compelling payment to Pereira solely against the owner, Accordia-HUB. The Court should enter an Order compelling HUB to make the Payment or for that matter, entering Judgment against the Owner, HUB if it fails to make the payment to Pereira. Further, the Owner pursuant to the indemnification in the Second Amendment should be liable and responsible to pay for the Liquidating Trusts costs and legal fees as it relates to responding to this motion and any future costs and fees expended as to this Project the Liquidating Trust.

WHEREFORE, the LT and Liquating Trust objects and opposes the relief sought by Periera seeking to compel payment as and against the Debtor, the Liquidating Trustee, Liquidating Trust or Escrow Agent. However, this Court should compel payment by the Owner, Accordia-HUB to Pereira and if payment is not made, enter judgment as and against the Owner, Accordia-HUB in favor of Pereira. Further, since the LT and Liquidating Trust had to expend and time and counsel fees as it relates to this Project and responding to the within motion, the Liquidating Trust seeks this Court to compel the Owner-Accordia HUB to pay and any all costs and counsel fees that were incurred by the Liquidating Trust as to this Motion.

                                              LAW OFFICES OF MITCHELL J. MALZBERG, LLC

                                                           */s/ Mitchell Malzberg*
                                                           MITCHELL MALZBERG, ESQ.
Dated: November 17, 2025          Counsel to the Liquidating Trustee