UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Mitchell Malzberg, Esq.
LAW OFFICES OF MITCHEL J. MALZBERG, LLC
P. O. Box 5122
6 East Main Street, Suite 7
Clinton, New Jersey 08809
(908) 323-2958 - Telephone
(908) 933-0808 – Facsimile
mmalzberg@mjmalzberglaw.com
*Counsel to the Liquidating Trustee*

**Order Filed on May 22, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| In Re: | Chapter 11 |
| HOLLISTER CONSTRUCTION SERVICES, LLC | Case No.:  19-27439/MBK |
| Debtor. | Judge: Honorable Michael B. Kaplan |

**ORDER APPROVING SECOND AMENDMENT TO SETTLEMENT AGREEMENT BY AND BETWEEN THE LIQUIDATING TRUSTEE AND ACCORDIA HARRISON URBAN RENEWAL, LLC PURSUANT TO FED. R. BANKR. P. 9019 AND GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through three (3) is hereby

**ORDERED**.

**DATED: May 22, 2023**

*Honorable Michael B. Kaplan*
United States Bankruptcy Judge

Debtor:  HOLLISTER CONSTRUCTION SERVICES, LLC
Case No.: 19-27439/MBK
ORDER APPROVING SECOND AMENDMENT TO SETTLEMENT AGREEMENT BY AND BETWEEN THE LIQUIDATING TRUSTEE AND ACCORDIA HARRISON URBAN RENEWAL, LLC PURSUANT TO FED. R. BANKR. P. 9019 AND GRANTING RELATED RELIEF

---

**THIS MATTER** having been opened to the Court upon the Motion of BAK Advisors, LLC, the Liquidating Trustee (the "LT" or "Trustee") seeking the entry of an order approving a Second Amendment to the Settlement Agreement ("the Amendment") by and among the Debtor, Accordia Harrison Urban Renewal, LLC, as project owner ("Accordia" or the "HUB Owner") with respect to that project known as HUB at Harrison, 700 Frank E. Rogers Boulevard, Harrison, New Jersey (the "HUB") and certain subcontractors, dated December 13, 2019 (the "HUB Settlement Agreement"), pursuant to Fed. R. Bankr. P. 9019 (the "Motion")[1]; and the Court having considered the Motion and any objections filed thereto, and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and the Motion is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that granting the relief requested in the Motion is in the best interests of the Debtor, its estate and creditors; and the Court having conducted a hearing on the Motion, at which time the Court heard and considered all oral argument of counsel; and good and sufficient notice of the Motion having been provided to all interested parties, and for good cause shown,

**IT IS HEREBY ORDERED** as follows:

1. The Motion is **GRANTED** as set forth herein.

---

[1] Capitalized terms not defined in this Order shall have the meaning ascribed to them in the Settlement Agreement as amended.

Page 3
Debtor:  HOLLISTER CONSTRUCTION SERVICES, LLC
Case No.:  19-27439/MBK
ORDER APPROVING SECOND AMENDMENT TO SETTLEMENT AGREEMENT BY AND BETWEEN THE LIQUIDATING TRUSTEE AND ACCORDIA HARRISON URBAN RENEWAL, LLC PURSUANT TO FED. R. BANKR. P. 9019 AND GRANTING RELATED RELIEF

---

2. The Second Amendment to the HUB Settlement Agreement is hereby approved.

3. Notice of the Motion as provided is hereby deemed good and sufficient notice and no further notice is required.

4. The Liquidating Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order and the Second Amendment to the HUB Settlement Agreement.

5. This Order shall be binding on all subcontractors on this Project.

6. Nothing in this Order or the Second Amendment to the HUB Settlement Agreement shall be binding upon or impact the rights, claims, or defenses of FM Construction Group, LLC.  The Trustee, Hollister Liquidating Trust, and HUB Owner, reserve all of their respective rights, claims, or defenses related to FM Construction Group, LLC.

7. This Order shall be effective immediately upon its entry and the stay imposed by Bankruptcy Rule 6004(h) and/or 6006(b) or any other Rule is hereby waived.

8. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

9. The Court shall retain exclusive jurisdiction to hear and decide any and all disputes or issues related to or arising from the implementation, interpretation or enforcement of this Order.