| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>Mitchell Malzberg, Esq.<br>Law Offices of Mitchell J. Malzberg, LLC<br>PO Box 5122<br>6 E. Main Street, Suite 7<br>Clinton, New Jersey 08809<br>Telephone: (908) 323-2958<br>Facsimile: (908) 933-0808<br>mmalzberg@mjmalzberglaw.com<br>*Counsel to the Liquidating Trustee* | |
| In Re:<br><br>HOLLISTER CONSTRUCTION SERVICES, LLC<br><br>Debtor. | Chapter 11<br><br>Case No.: 19-27439/CMG<br><br>Chief Judge: Hon. Christine M. Gravelle<br><br>Hearing Date: January 13, 2026 |

### DECLARATION OF THE LIQUIDATING TRUSTEE IN SUPPORT OF AN ORDER APPROVING AND AUTHORIZING (1) PAYMENT OF THE KEY EMPLOYEE RETENTION PAYMENTS AS IF IT WAS PART OF THE SETTLEMENT IN AND UNDER THE PLAN AND (2) ALLOWING FOR FEE ENHANCEMENT TO THE LIQUIDATING TRUST PROFESSIONALS IF AVAILABLE AND GRANTING RELATED RELIEF

I, Bernard A. Katz, President of BAK Advisors, Inc., pursuant to 28 U.S.C. Section 1746, declare as follows:

1. BAK Advisors, Inc. was appointed as Liquidating Trustee of the Hollister Construction Liquidating Trust.

2. I submit this Declaration (the "Declaration") in support of the Liquidating Trustee's Motion for entry of an Order (1) authorizing to pay the Key Employee Retention payments as an administrative claim to be paid as if it was part of the Settlement in and under the Plan and (2) allowing for fee enhancements of the Liquidating Trust professionals if available including BAK Advisors, Inc.

3. As described in the motion, under the circumstances and due to the critical assistance from the key employees, I seek authority to pay the KERP payment as a Chapter 11 Administrative Claim as if the allowance of same was part of the Settlement in and under the Plan. Before the within motion was filed, I sought and obtained the approval of the Oversight Committee as to the granting of this request. The key employee's assistance was invaluable in achieving a significant settlement on behalf of the Hollister Trust in obtaining the SAX Settlement. I believe it is fair and appropriate in my business judgment to authorize the payment that this court previously Ordered despite the benchmarks in the previous order not being met and allowing same to be paid as if was due as part of the Settlement in the Plan.

4. As the Court is also aware, when BAK Advisors, Inc. agreed to be the Liquidating Trustee of the Hollister Trust, the Trust was faced with an uphill battle with little to no monies to administer the Hollister Trust. The Plan was confirmed by way of the Settlement which was incorporated into the Plan. For over four years, I have worked along with my retained professionals tirelessly to investigate, pursue and prosecute estate causes of action.

5. In hindsight, I never imagined that I would recover in excess of $15 million on behalf of the Hollister Trust to fund the Trust and Plan and Settlement.

6. Given the efforts and recovery, I also sought approval from the Oversight Committee to pay a fee enhancement to BAK Advisors, Inc. as Liquidating Trustee and the retained professionals of the Hollister Trust, a fee enhancement in an amount not to exceed 3 percent of the $15 million for the work over the last four years if there are funds available after payment pursuant to the Settlement under the Plan. The fee enhancement request herein includes, BAK Advisors, Inc., Sills Cummis and Gross P.C., Eisner Advisory Group LLC and the Law office of Mitchell J. Malzberg LLC.

7. The results obtained in pursuing the recoveries on behalf of the Hollister Trust were

extraordinary. The total received to date from recoveries exceeds $15 Million. The results far exceeded all expectations of the parties in interest. PNC, ARCH and the Oversight Committee were ecstatic as to the results and that is why in my business judgment I believe said request is appropriate. The quality and performance of the services rendered by BAK Advisors Inc. along with its retained professionals were the direct result in obtaining these recoveries. The Fee Enhancement request for each of the professionals and BAK Advisors Inc. in an amount not to exceed 3 percent of the $15 million, if available, after funding the Settlement under the Plan for the work over the last four years' time, is reasonable and just under the circumstances, given the extraordinary results.

       8. After distributions under the Plan Settlement and payments, I estimate that the Hollister Trust will have remaining approximately $750,000. The amount of Administrative and Priority claims total in excess of approximately $11,700,000 made up of approximately 34 claims. The Priority and Administrative claims were never reconciled nor objected to inasmuch as in my business judgment, the fees and costs to do same exceeded any benefits given the limited Budget and funding in the Hollister Trust at inception. In addition, I never contemplated that recovery in the Hollister Trust that would be available for distributions would ever reach Administrative or Priority Creditors. In fact, I never expected from the onset that the Hollister Trust, would even collect enough monies to pay the Plan Settlement in full.

I declare under penalty of perjury that, to the best of my knowledge, information and belief, that the foregoing is true and correct.

Hollister Construction Liquidating Trust

*/s/ Bernard A. Katz*
Bernard A. Katz, President
BAK Advisors, Inc., Liquidating Trustee

Dated: December 19, 2025