UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Mitchell Malzberg, Esq.
LAW OFFICES OF MITCHEL J. MALZBERG, LLC
P. O. Box 5122
6 East Main Street, Suite 7
Clinton, New Jersey 08809
(908) 323-2958 - Telephone
(908) 933-0808 – Facsimile
mmalzberg@mjmalzberglaw.com
*Counsel to the Liquidating Trustee*

| | |
|---|---|
| In Re: | Chapter 11 |
| HOLLISTER CONSTRUCTION SERVICES, LLC | Case No.:  19-27439/MBK |
| Debtor. | Judge: Honorable Michael B. Kaplan |

**ORDER AUTHORIZING AND ALLOWING THE LIQUIDATING TRUSTEE TO PAY THE ADMINISTRATIVE CLAIM OF THE SIX FORMER EMPLOYEES' KEY EMPLOYEE RETENTION PAYMENTS AS IF PART OF THE SETTLEMENT IN AND UNDER THE PLAN AND ALLOW FOR FEE ENHANCEMENTS TO THE LIQUIDATING TRUSTEE AND LIQUIDATING TRUST PROFESSIONALS, IF AVAILABLE**

The relief set forth on the following pages, numbered two (2) through three (3) is hereby

   **ORDERED**.

Debtor:   HOLLISTER CONSTRUCTION SERVICES, LLC

Case No.:   19-27439/MBK

**ORDER AUTHORIZING AND ALLOWING THE LIQUIDATING TRUSTEE TO PAY THE ADMINISTRATIVE CLAIM OF THE SIX FORMER EMPLOYEES' KEY EMPLOYEE RETENTION PAYMENTS AS IF PART OF THE SETTLEMENT IN AND UNDER THE PLAN AND ALLOW FOR FEE ENHANCEMENTS TO THE LIQUIDATING TRUSTEE AND LIQUIDATING TRUST PROFESSIONALS, IF AVAILABLE**

---

**THIS MATTER** having been opened to the Court upon the Motion of BAK Advisors, Inc., the Liquidating Trustee (the "LT" or "Trustee") seeking the entry of an Order (1) Authorizing and Allowing the Liquidating Trustee authority to allow and to pay the Key Employee Retention payments as if it was part of the Settlement in and under the Plan and (2) allow for fee enhancements to the Liquidating Trust professionals including the Liquidating Trustee if the funds are available, and for such other relief as this court deems just and necessary, (the "Motion")[1]; and the Court having considered the Motion and any objections filed thereto, and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and the Motion is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and Section 105; and the Court having determined that granting the relief requested in the Motion is in the best interests of the Debtor, Liquidating Trust,  its estate and creditors; and the Court having conducted a hearing on the Motion, at which time the Court heard and considered all oral argument of counsel; and good and sufficient notice of the Motion having been provided to all interested parties, and for good cause shown,

**IT IS HEREBY ORDERED** as follows:

1.      The Motion is **GRANTED** as set forth herein.

Debtor:  HOLLISTER CONSTRUCTION SERVICES, LLC
Case No.:  19-27439/MBK

**ORDER AUTHORIZING AND ALLOWING THE LIQUIDATING TRUSTEE TO PAY THE ADMINISTRATIVE CLAIM OF THE SIX FORMER EMPLOYEES' KEY EMPLOYEE RETENTION PAYMENTS AS IF PART OF THE SETTLEMENT IN AND UNDER THE PLAN AND ALLOW FOR FEE ENHANCEMENTS TO THE LIQUIDATING TRUSTEE AND LIQUIDATING TRUST PROFESSIONALS, IF AVAILABLE**

2.	The Liquidating Trustee is authorized to pay the Key Employee Retention payments as a Chapter 11 Administrative Claim as if it was part of the Settlement in and under the Plan.

3.	The Liquidating Trustee is authorized to pay fee enhancements to the Liquidating Trustee and the Liquidating Trust professionals, in an amount not to exceed $450,000.00 or 3 Percent of the $15 Million, if the funds are available.

4.	Notice of the Motion as provided is hereby deemed good and sufficient notice and no further notice is required.

5.	The Liquidating Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6.	This Order shall be effective immediately upon its entry and the stay imposed by Bankruptcy Rule 6004(h) and/or 6006(b) or any other Rule is hereby waived.

7.	The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

8.	The Court shall retain exclusive jurisdiction to hear and decide any and all disputes or issues related to or arising from the implementation, interpretation or enforcement of this Order.